**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONIC CO., LTD AND SAMSUNG ELECTRONICS
AMERICA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF HEADWATER
RESEARCH LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.

("SEA") (collectively "Defendants" or "Samsung") respectfully submit this Answer to Headwater

Research LLC's ("Headwater") First Amended Complaint for Patent Infringement ("Complaint")

filed on November 30, 2022.  Samsung denies the allegations and characterizations in Headwater's

Complaint unless expressly admitted in the following paragraphs, which correspond to the

numbered paragraphs in the Complaint.

**BACKGROUND[1]**

1.      Samsung admits that Headwater purports to bring a patent infringement action for

alleged infringement of United States Patent Nos. 9,137,701 ("the '701 patent"), 9,271,184 ("the

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint
and this response. In doing so, Samsung makes no admissions regarding the substance of the
headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a
particular heading can be construed as an allegation, Samsung specifically denies all such
allegations.

'184 patent"), 9,521,578 ("the '578 patent"), 9,277,445 ("the '445 patent"), and 11,405,224 ("the '224 patent") (collectively, the "Asserted Patents").  Samsung denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.      To the extent Paragraph 11 recites and implicates legal conclusions, no response is required.  Samsung admits that certain mobile devices can used for communication and

entertainment and can exchange data via wireless and cellular networks.  Samsung denies any remaining allegations.

12.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore them.

14.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

## NOTICE OF THE ASSERTED PATENTS

16.     To the extent that Paragraph 16 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     To the extent that Paragraph 18 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.     Samsung admits that between 2013-2016, SEA worked with Sprint.  Samsung further admits that in instances during 2013-2016, SEA interacted with ItsOn in relation to SEA's work with Sprint. Samsung is without knowledge or information sufficient to form a belief about the allegations concerning work between Sprint and ItsOn and on that basis denies them.  To the extent that Paragraph 20 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations in Paragraph 20 of the Complaint

21.     Samsung admits that certain ItsOn software was installed on certain end user Samsung wireless devices sold by Sprint.  To the extent that Paragraph 21 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations.

22.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.     Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology. Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology. Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.      To the extent that Paragraph 26 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a

belief about the truth of any remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.   To the extent paragraph 29 is purely argumentative and/or asserts legal conclusions, no response is required.  Samsung denies any remaining allegations.

30.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.   Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38.     To the extent that Paragraph 38 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 38 of the Complaint and therefore denies them.

39.     Samsung admits that it has released various devices since 2016 having beneficial features.  Samsung denies all remaining allegations in Paragraph 39 of the Complaint.

### PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

40.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,137,701.  Samsung admits that a purported copy of the '701 patent is attached to the Complaint as Exhibit 1.  Samsung admits that Exhibit 1 bears the title "Wireless end-user device with differentiated network access for background and foreground device applications" and a "Date of Patent" of September 15, 2015.  Samsung denies any remaining allegations in Paragraph 41 of the Complaint.

42.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,271,184.  Samsung admits that a purported copy of the '184 patent is attached to the Complaint as Exhibit 2.  Samsung admits that Exhibit 2 bears the title "Wireless end-user device with per-application data limit and traffic control policy list limiting background application traffic" and a "Date of Patent" of February 23, 2016.  Samsung denies any remaining allegations in Paragraph 42 of the Complaint.

43.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,521,578.  Samsung admits that a purported copy of the '578 patent is attached to the Complaint as Exhibit 3.  Samsung admits that Exhibit 3 bears the title "Wireless end-user device with application program interface to allow applications to access application-specific aspects of a wireless network access policy" and a "Date of Patent" of December 13, 2016.  Samsung denies any remaining allegations in Paragraph 43 of the Complaint.

44.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,277,445.  Samsung admits that a purported copy of the '445 patent is attached to the Complaint as Exhibit 4.  Samsung admits that Exhibit 4 bears the title "Wireless end-user device with differential traffic control policy list and applying foreground classification to wireless data service" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations of Paragraph 44 of the Complaint.

45.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 11,405,224.  Samsung admits that a purported copy of the '224 patent is attached to the Complaint as Exhibit 5.  Samsung admits that Exhibit 5 bears the title "Device-assisted services for protecting network capacity."  Samsung denies that the '224 patent issued on of August 8, 2022.  Samsung denies any remaining allegations in Paragraph 45 of the Complaint.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

46.     Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Samsung denies any remaining allegations in Paragraph 46 of the Complaint.

47.     Samsung admits that SEA is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that SEA is a wholly owned subsidiary of SEC.  Samsung admits that SEA distributes certain Samsung consumer electronics products in the United States.  Samsung denies any remaining allegations in Paragraph 47 of the Complaint.

48.     Samsung admits that SEA has corporate offices at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that SEA has corporate offices at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung admits that SEA may be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any remaining allegations in Paragraph 48 of the Complaint.

49.     Samsung admits that Headwater, through its Complaint, accuses various Samsung mobile electronic devices of allegedly infringing the Asserted Patents.  Samsung denies any alleged infringement.  Samsung denies the remaining allegations in Paragraph 49 of the Complaint.

## JURISDICTION AND VENUE

50.     Samsung admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Samsung denies any allegations of infringement.

51.     Samsung admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that Headwater is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise.  Samsung denies any allegations of infringement.

52.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District.  SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  Samsung denies any remaining allegations in Paragraph 52 of the Complaint.

53.     SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  Samsung denies any remaining allegations in Paragraph 53 of the Complaint.

54.     Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District.  However, Samsung denies that venue in this District is convenient.  Samsung denies that it has committed acts of infringement in this District or elsewhere in the State of Texas, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint in Paragraph 54.

55.     Samsung admits that SEA has a place of business at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that it has regular and established places of business at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung denies any remaining allegations in Paragraph 55 of the Complaint.

56.     Samsung admits that SEC is a foreign corporation and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung admits that the Complaint's alleged venue as to SEC is proper

under 28 U.S.C. §1391(c).  Samsung denies any remaining allegations in Paragraph 56 of the Complaint.

57.     Samsung admits that in certain prior cases, based on the specific and unique facts of those cases, Samsung has either admitted or not contested proper venue in this District. Samsung denies any suggestion that this is a convenient forum to resolve this dispute.  Samsung denies any remaining allegations in Paragraph 57 of the Complaint.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '701 PATENT

58.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

59.     Samsung admits that Exhibit 1 bears the title "Wireless end-user device with differentiated network access for background and foreground device applications" and a "Date of Patent" of September 15, 2015.  Samsung denies any remaining allegations in Paragraph 59 of the Complaint.

60.     Samsung admits that Headwater purports to be the owner of the '701 patent. Samsung denies any remaining allegations in Paragraph 60 of the Complaint.

61.     To the extent paragraph 61 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 61 of the Complaint

62.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint and therefore denies them.

63.     Denied.

64.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 64 of the Complaint.

10

65.     Samsung admits Headwater attaches an Exhibit 6 to its Complaint that purports to show alleged infringement of the '701 patent.  Samsung denies any alleged infringement.  Samsung denies all remaining allegations in Paragraph 65 of the Complaint.

66.     Samsung admits that the '701 patent is listed as a reference cited on at least one issued patent that identifies the applicant as Samsung Electronics Co. Ltd.  Samsung denies any alleged infringement.  Samsung denies all remaining allegations in Paragraph 66 of the Complaint.

67.     Denied.

68.     Denied.

69.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 69 of the Complaint.

70.     Denied.

71.     Denied.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '184 PATENT

72.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

73.     Samsung admits that Exhibit 2 bears the title "Wireless end-user device with per-application data limit and traffic control policy list limiting background application traffic" and a "Date of Patent" of February 23, 2016.  Samsung denies any remaining allegations in Paragraph 73 of the Complaint.

74.     Samsung admits that Headwater purports to be the owner of the '184 patent.  Samsung denies any remaining allegations in Paragraph 74 of the Complaint.

75.     To the extent Paragraph 75 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 75 of the Complaint.

76.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 of the Complaint and therefore denies them.

77.     Denied.

78.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 78 of the Complaint.

79.     Samsung admits Headwater attaches an Exhibit 7 to its Complaint that purports to show alleged infringement of the '184 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 79 of the Complaint.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 83 of the Complaint.

84.     Denied.

85.     Denied.

**COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '578 PATENT**

86.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

87.     Samsung admits that Exhibit 3 bears the title "Wireless end-user device with application program interface to allow applications to access application-specific aspects of a

wireless network access policy" and a "Date of Patent" of December 13, 2016.  Samsung denies any remaining allegations in Paragraph 87 of the Complaint.

88.     Samsung admits that Headwater purports to be the owner of the '578 patent. Samsung denies any remaining allegations in Paragraph 88 of the Complaint.

89.     To the extent paragraph 89 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 89 of the Complaint.

90.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore denies them.

91.     Denied.

92.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 92 of the Complaint.

93.     Samsung admits Headwater attaches an Exhibit 8 to its Complaint that purports to show alleged infringement of the '578 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 93 of the Complaint.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 97 of the Complaint.

98.     Denied.

99.     Denied.

## COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '445 PATENT

100.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

101.    Samsung admits that Exhibit 4 bears the title "Wireless end-user device with differential traffic control policy list and applying foreground classification to wireless data service" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations in Paragraph 101 of the Complaint.

102.    Samsung admits that Headwater purports to be the owner of the '445 patent. Samsung denies any remaining allegations in Paragraph 102 of the Complaint.

103.    To the extent Paragraph 103 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 103 of the Complaint.

104.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 of the Complaint and therefore denies them.

105.    Denied.

106.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 106 of the Complaint.

107.    Samsung admits Headwater attaches an Exhibit 9 to its Complaint that purports to show alleged infringement of the '445 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 107 of the Complaint.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 111 of the Complaint.

112.    Denied.

113.    Denied.

### COUNT 5 – CLAIM FOR INFRINGEMENT OF THE '224 PATENT

114.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

115.    Samsung admits that Exhibit 5 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of August 2, 2022.  Samsung denies any remaining allegations in Paragraph 115 of the Complaint.

116.    Samsung admits that Headwater purports to be the owner of the '224 patent. Samsung denies any remaining allegations in Paragraph 116 of the Complaint.

117.    To the extent Paragraph 117 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 117 of the Complaint.

118.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore denies them.

119.    Denied.

120.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 120 of the Complaint.

121.    Samsung admits Headwater attaches an Exhibit 10 to its Complaint that purports to show alleged infringement of the '224 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 121 of the Complaint.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 125 of the Complaint.

126.    Denied.

127.    Denied.

## JURY DEMAND

128.    Samsung is not required to provide a response to Headwater's request for a trial by jury.

## RELIEF REQUESTED

Samsung denies that Headwater is entitled to any relief it seeks in its Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

****

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to

16

amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

Samsung does not and has not infringed, under any theory of infringement, (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

One or more claims of the '701 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '184 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '578 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '445 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '224 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE
### (Laches, Equitable Estoppel, Waiver, and/or Unclean Hands)

Headwater's attempted enforcement of the Asserted Patents against Samsung is barred by laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

### FOURTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

Headwater's claims are barred by the doctrine(s) of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

### FIFTH ADDITIONAL DEFENSE
### (Notice, Damages, Marking, and Costs)

Headwater's claims for damages are statutorily limited or wholly barred under 35 U.S.C. §§ 286 and 287.

### SIXTH ADDITIONAL DEFENSE
### (Covenant Not to Sue, License, and/or Estoppel)

Headwater's claims are barred because it entered an agreement providing Samsung the protection of a covenant not to sue, a license (express or implied), and/or that legally estops Headwater from bringing this lawsuit against Samsung.

## SEVENTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Headwater's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

Samsung reserves the right to assert additional defenses that may surface through discovery in this action.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays that this Court enter judgment in Samsung's favor against Headwater and requests the following relief.

A.  A complete denial of Headwater's requests for damages, costs, expenses, injunction, and any other form of relief;

B.  Dismissal with prejudice of all claims in Headwater's Complaint against Samsung;

C.  A permanent injunction restraining Headwater and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that any of the Asserted Patents have been infringed by Samsung under any subsection of 35 U.S.C. §§ 271 or 281;

D.  A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Samsung its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

E.  An award to Samsung of its costs and disbursements in defending in this action brought by Headwater; and

F.  An award to Samsung of any and all further relief as this Court may deem just and proper.

Dated: February 23, 2023                              Respectfully submitted,

By:  */s/ Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

20

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 23, 2023

*/s/ Thad C. Kodish*
Thad C. Kodish