UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Civil Action No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

## JOINT MOTION FOR ENTRY OF DISPUTED DISCOVERY ORDER

Pursuant to the Court's Order setting a deadline to file a proposed Discovery Order (D.I. 12), Plaintiff Headwater Research, LLC ("Headwater") and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"), (collectively, the "Parties") hereby submit competing forms of the Proposed Discovery Order. The parties' proposals are attached as **Exhibit A** (Headwater) and **Exhibit B** (Samsung).

The parties agree on almost all provisions of the Discovery Order, but disagree on whether Rule 30(b)(6) depositions should be limited to a duration of one day of seven hours.

**Plaintiff's Position:**

The parties dispute whether the Federal Rules of Civil Procedure imposes a one day, seven-hour limit on depositions taken under Rule 30(b)(6), and whether such a limit should apply by default in this case. Headwater contends that Fed. R. Civ. P. 30(d)(1)—which states, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours"—imposes a presumptive limit not only on depositions taken of individuals under Fed. R. Civ. P. 30(b)(1) (which Samsung does not dispute), but also on depositions of corporate

representatives testifying pursuant to Fed. R. Civ. P. 30(b)(6). Under Headwater's proposal, each Rule 30(b)(1) and Rule 30(b)(6) deposition is limited by default to 1 day of 7 hours, with a total hourly cap of 75 hours, and with each corporate deponent's deposition separately subject to the durational limit.[1]

In contrast, Samsung contends that Rule 30(d)(1)'s durational limit applies only to depositions of individuals testifying pursuant to Rule 30(b)(1), and that the Rules specify no durational limit whatsoever as to the taking of corporate deposition testimony, whether on a per-deponent basis or in the aggregate of multiple deponents providing Rule 30(b)(6) testimony for a corporate party. The only durational limit Samsung agrees should apply is the 75-hour overall cap on deposition hours. The effect of Samsung's position is that any one corporate witness may, in Samsung's view, be deposed for up to 75 hours across multiple consecutive and non-consecutive days on Rule 30(b)(6) topics. Samsung confirmed this belief during the parties' meet and confer and in writing: "We do not agree that the Rules are clear what constitutes a 'deposition' such that a Rule 30(b)(6) deposition is necessarily limited to seven hours." Ex. C (3/30/23 5:54PM email from Samsung counsel).

Samsung's proposal is both legally unsupported and contradicts the plain words of the Rule. Samsung contends, without explanation, that the durational limit specified in Rule 30(d)(1) does not, and should not, apply to deposition testimony given pursuant to Rule 30(b)(6). But nothing in Rule 30(d) or elsewhere provides Samsung the basis it needs for such a carve-out. Indeed, the Committee Notes to the 2000 Amendment to the Rules state: the current rule "imposes a presumptive durational limitation of one day of seven hours for ***any*** deposition. . . .

---

[1] Further, under Headwater's proposal, the parties may negotiate different durational limits on a per-deposition basis or, as Rule 30(d) permits, seek an order from the Court allowing for additional time.

For purposes of this durational limit, the deposition of each person designated under Rule30(b)(6) should be considered a separate deposition."[2] And, like how Headwater's proposal provides: "The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed." *Id.*

That the Rules impose a default durational limit on Rule 30(b)(6) depositions is beyond reasonable dispute. *See, e.g.*, *Infernal Tech., LLC v. Epic Games, Inc.*, 339 F.R.D. 226, 230-31 (E.D.N.C. 2021) ("Rule 30's language on these points is unambiguous. An organization may designate one or more people to testify on its behalf and each designee's deposition is presumptively limited to seven hours on one day."); *Nat. Res. Def. Council, Inc. v. Illinois Power Res. Generating, LLC*, No. 13-CV-1181, 2017 WL 11692616, at *1 (C.D. Ill. Nov. 21, 2017) (Rule 30(b)(6) deposition of designee subject to "seven-hour limit in Rule 30(d)(1)").[3]

Samsung has identified no reason, much less good cause, for why the parties here should not operate under the framework provided by the Rules (which, to be clear, permits the parties to agree to different limits on deposition as the need arises). During the meet and confer, Samsung asserted it should be allowed virtually unlimited time to question Headwater's corporate designees witness, including, specifically, named inventor and Headwater founder and Director Dr. Gregory Raleigh, because Samsung might not be able to adequately cover the ground it

---

[2] *See* 28 U.S.C. appendix, at 226 (Committee Notes on Rules—2000 Amendment) (Federal Rule 30), available at https://www.govinfo.gov/content/pkg/USCODE-2021-title28/pdf/USCODE-2021-title28-app.pdf.

[3] Treatises on this topic further confirm Samsung's fundamental error in interpreting the Rules. *See* § 41:86.65. 30(b)(6) deposition of corporation—Applicability of 7-hour duration limit, 7 Annotated Patent Digest § 41:86.65 ("Regarding the seven-hour duration limit of Rule 30(d)(2), the seven hours is measured for each individual designee."); WRIGHT & MILLER, 8A Fed. Prac. & Proc. Civ. § 2104.1 (3d ed.) (deposition of individual "produced as a corporate representative pursuant to Rule 30(b)(6)" is "subject to an independent seven–hour time limit.").

wants over seven hours. As another reason for its position on deposition limits, Samsung stated that this case was complex in that it involves nine patents. Neither of these reasons support deviating from the Rules and, in effect, abolishing in this case the "presumptive durational limitation of one day of seven hours for *any* deposition" that Congress intended and courts have confirmed.[4] Indeed, if Samsung's "no-limits" proposal is adopted, it virtually guarantees future motion practice, as Samsung has directly stated that it intends to unduly burden Headwater by deposing Dr. Raleigh not only far beyond the seven-hour limit, but also beyond the 14 total hours (split equally between Rule 30(b)(1) and Rule 30(b)(6) testimony) from Dr. Raleigh that Headwater has already agreed to provide. Fourteen hours of deposition is sufficient for an individual—whether it is Dr. Raleigh or one of Samsung's corporate designees. In *Implicit, LLC v. NetScout Systems, Inc.*, this Court issued a discovery which explicitly limited depositions of named inventors in their 30(b)(1) and 30(b)(6) capacities to 14 hours across both depositions, leaving the parties to "negotiate in good faith to determine whether additional time is warranted." *Implicit, LLC v. NetScout Systems, Inc.*, No. 2:18-cv-53-JRG, Dkt. No. 38 at 4-5 ("Defendants are collectively allowed up to 14 hours of deposition time for each named inventor of the patents-in-suit as part of its allotted deposition time as set forth in section 5(c)(1). To the extent that the inventor is also designated on any 30(b)(6) topics, the parties will negotiate in good faith

---

[4] Samsung has, before this Court in complex multi-patent cases and represented by the same counsel as in this case, agreed to the default deposition duration limits required under the Rules and, specifically, the 14-hour total that Headwater believes is appropriate. *See* Dkt. 103, at 5, *Ericsson Inc. v. Samsung Elecs. Co., Ltd.*, 2:20-cv-380-JRG (agreed Discovery Order in 8-patent FRAND case) ("Except for expert witnesses, all individual English-testimony depositions shall be limited to seven (7) hours on the record and shall occur on a single business day."); *see also* Dkt. 27, at 5, *MyPort, Inc. v. Samsung Electronics Co., Ltd*., No. 22-cv-114-JRG (agreed Discovery Order) ("Each fact deposition shall be limited to no more than 1 day of 7 hours on the record; however, to the extent the witness is designated to also testify in a 30(b)(6) capacity, the parties shall make reasonable efforts to complete the deposition within 2 days, each day consisting of no more than 7 hours on the record . . . .").

to determine whether additional time is warranted."). Here, the same 14-hour limit should apply. To the extent that either side requires additional time with a particular witness, Headwater of course agrees to negotiate with Samsung in good faith to resolve the issue without intervention by the Court.

While Samsung relies on *Quest Nettech Corp. v. Apple Inc.* as purported support for their position here, the issued discovery order in that case did not modify the default presumptive limit on deposition times. The Court simply rejected the language proposed by the defendant, while maintaining the application of Rule 30(b)(1) and 30(b)(6). *Quest Nettech Corporation v. Apple Inc.*, Case No. 2:19-cv-00118-JRG, Dkt. No. 41 (E.D. Tex., July 15, 2019) ("Each Party may take up to 35 hours of depositions of the opposing Party, including both Rule 30(b)(6) depositions and depositions of the opposing Party's employees or agents under Rule 30(b)(1)."). *Quest Nettech* is also distinguishable here, at least because in *Quest Nettech*, it was the **patentee** requesting additional time of the accused infringer's witnesses. And "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F. 3d 1338, 1345 (Fed. Cir. 2009).

Therefore, Headwater respectfully requests that its proposal for the Discovery Order be adopted. It, unlike Samsung's proposal, faithfully adopts the deposition duration limit set forth in Rule 30 but allows the parties to deviate from it as required.

**Defendants' Position:**

Defendants propose that a witness may be deposed once in his or her individual capacity under Rule 30(b)(1) and that individuals designated under Rule 30(b)(6) may be further deposed subject to the 75 hour limit to party deposition time. Defendants' proposal expressly does not contain a limitation that each deposition must be limited to seven hours because Plaintiff may

designate a single witness to testify pursuant to Rule 30(b)(6) on topics that require more than seven hours of testimony. Defendants' proposal is thus similar to the disputed language proposed by the plaintiff in *Quest Nettech Corporation v. Apple Inc.*, Case No. 2:19-cv-00118-JRG, Dkt. Nos. 31 and 41 (E.D. Tex., July 15, 2019), and adopted by the Court.

Plaintiff's proposal risks circumventing the party deposition limits by allowing Plaintiff to designate one individual, Dr. Gregory Raleigh, in response to most or all of Samsung's Rule 30(b)(6) topics. In that scenario and under Plaintiff's proposal, Samsung would receive just 14 hours of the parties' agreed 75-hour party deposition limit. Samsung's concern on this point comes directly from Plaintiff's Second Amended Complaint. Plaintiff has alleged that Dr. Raleigh—the first named inventor on all nine asserted patents—founded Plaintiff and ItsOn, Inc., a licensee to the asserted patents. (Dkt. No. 42, ¶¶ 10, 14.) Further, Plaintiff's Second Amended Complaint alleges in over twenty paragraphs that ItsOn, Inc. and Samsung had a business history during which Samsung purportedly received notice of the asserted patents. (*Id.*, ¶¶ 16-39.) Based on at least these allegations, Dr. Raleigh appears to have substantial knowledge covering a wide variety of issues in this case, including at least topics related to the asserted patents, Plaintiff, and ItsOn. Although there are two other inventors named in the asserted patents, Plaintiff's counsel could not say during the parties' meet and confers whether Plaintiff represented those individuals or if they were party or non-party witnesses. Further, Plaintiff's counsel did not represent that Plaintiff would designate individuals beyond Dr. Raleigh as Rule 30(b)(6) witnesses.

To the extent Plaintiff names Dr. Raleigh in response to most or all of Samsung's Rule 30(b)(6) topics to Headwater—Headwater has not represented that it intends to do otherwise—Samsung intends to depose Dr. Raleigh for a reasonable amount of time to adequately cover the

broad scope of expected issues unique to this case. That Samsung has negotiated different Rule 30(b)(6) limits in different circumstances is not noteworthy. Neither plaintiff in *Ericsson* or *MyPort* posed the same risk of naming a single witness knowledgeable about the purported conception and reduction to practice and technological aspects of each patent at issue; the plaintiff and its licensing history; and the plaintiff's licensee and its purported history with Samsung including alleged notice of the asserted patents.

      The plaintiff in *Quest* requested substantially the same approach as Samsung subject to the overall deposition limits ultimately ordered by the Court. *See Quest*, Case No. 2:19-cv-00118-JRG, Dkt. No. 31 at 1 (E.D. Tex., July 15, 2019) ("Plaintiff's proposal expressly does not contain a limitation that each deposition must be limited to seven hours because defendants frequently designate a single witness to testify pursuant to Rule 30(b)(6) on topics that require more than seven hours of testimony."). And, like Plaintiff, the defendant in *Quest* argued that Rule 30(d) precluded the plaintiff's request. *Id.* at 2. The Court's order adopted plaintiff's language that allowed Rule 30(b)(6) depositions to proceed beyond 7 hours without unnecessary motion practice. As discussed above, Plaintiff, like the defendant in *Quest*, stands to provide substantial information on key issues alleged in Plaintiff's Second Amended Complaint. Samsung therefore seeks the same approach adopted by the Court in *Quest*.

      Rather than have to burden the Court with a motion to permit a deposition to extend past seven hours should Plaintiff choose to designate a single witness to address a broad range of deposition topics, Defendants request that the Court allow Rule 30(b)(6) depositions to proceed subject only to the party-deposition limit as the Court did in *Quest*. Limiting party depositions only by total hours provides the flexibility needed to obtain discovery without involving the Court in needless motions practice.

Dated: April 4, 2023

*/s/ Andria Rae Crisler*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

- 9 -

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 4th day of April 2023, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                     */s/ Marc Fenster*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel met and conferred multiple times per Eastern District of Texas Local Rule CV-7(h) and were able to resolve most of their disputes, but the disputes identified above still remain.  The parties are in agreement on filing this Joint Motion.

*/s/ Jason Wietholter*
