IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO AMEND INVALIDITY CONTENTIONS**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") seek leave, per Local Patent Rule 3-6(b), to amend their Invalidity Contentions for good cause. Headwater Research LLC ("Plaintiff" or "Headwater") does not oppose this motion.

This is Defendants' first request to amend their Invalidity Contentions. These amendments do not seek to add new prior art, but rather provide further detail and support regarding certain of Google's Android prior art systems disclosed in Samsung's Preliminary Invalidity Contentions (the "Android Systems Prior Art"). This additional detail and support comes from information recently received in response to Samsung's third-party subpoena on Google, which Samsung served before its Invalidity Contentions were due, as well as information Samsung discovered in light of Google's recent productions.

Good cause exists for Defendants to amend their Invalidity Contentions because: they were diligent in discovering the additional evidence, seeking to amend, and apprising Headwater of efforts to obtain the subpoenaed information; the Android Systems Prior Art is important to

Samsung's invalidity case; and the time passed is minor and will not affect the case schedule or prejudice Headwater. *E.g., Netsocket Inc. v. Cisco Sys., Inc.,* No. 2:22-CV-172-JRG, ECF No. 68 (E.D. Tex. June 21, 2023) (granting defendant's unopposed motion for leave to amend invalidity contentions where the amended contentions added a claim chart based on two previously disclosed references); *Orckit Corp. v. Cisco Sys., Inc.*, No. 2:22-CV-276-JRG, ECF No. 61 (E.D. Tex. April 13, 2023) (granting defendant's unopposed motion for leave to amend invalidity contentions "to include prior art documents recently received from third-party subpoenas"); *Garrity Power Sevrs. LLC, v. Samsung Elecs. Co.*, No. 2:20-CV-269, 2021 WL 4894262 at *1 (E.D. Tex. Oct. 19, 2021) (granting defendants' motion for leave to amend invalidity contentions where amended contentions did not add new prior art—only newly discovered evidence).

The parties have met and conferred in good faith to minimize motion practice, and Headwater does not oppose this motion. Samsung therefore respectfully submits that good cause exists under P.R. 3-6(b) to amend the cover pleading of its Invalidity Contentions and Exhibits A-10, B-10, C-10, D-10, E-10, F-10, G-10, H-10, and I-10 attached thereto.

**I.     ARGUMENT**

A party may amend or supplement invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).  Courts in this district generally consider the following factors when determining good cause: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Garrity Power*, No. 2:20-CV-269, 2021 WL 4894262 at *1 (citations omitted).  Good cause exists here, as all factors favor amendment.

### A.     Samsung Acted Diligently and in Good Faith

Samsung diligently pursued the at-issue discovery it now seeks to incorporate into its Invalidity Contentions via amendment, all the while keeping Headwater up-to-date on its intent to supplement and its third-party subpoena efforts.

Samsung served third-party subpoenas to obtain prior art systems documentation—including as to Google's Android Prior Art Systems—before Samsung's Invalidity Contentions were due under P.R. 3-3.[1] Ex. A (Google Subpoena). While inherent delays in seeking third party discovery meant that Google did not produce the requested information until after Samsung timely served its initial Invalidity Contentions on May 9, 2023, Samsung's Initial Contentions expressly identified—and charted—the Android Prior Art Systems as § 102 and § 103 art, and specifically stated that Samsung would supplement following forthcoming third-party discovery (including from Google) based upon pending subpoenas. Ex. B (Excerpts from Samsung's Initial Invalidity Contentions).

After diligently pursuing the requested discovery from Google, Samsung received an initial production on June 15, 2023, after which Samsung: promptly produced the discovery to Headwater; and supplemented its interrogatory responses to identify the documents and notify Headwater that it planned to further supplement based on forthcoming subpoenaed documents. Ex. C at Samsung's 2nd Suppl. Response to Headwater Rog. 1. Samsung followed this interrogatory supplement with an email to Headwater's counsel again stating that Samsung was expecting to soon receive additional third-party discovery leading to Invalidity Contention supplementation. Ex. D (6/30/2023 Email fr. Hartzman to Headwater).

---

[1] In fact, Samsung subpoenaed Google just two weeks after Headwater served its First Amended Infringement Contentions.

After repeatedly reaching out to Google in search of additional discovery relating to the Android Systems Prior Art, *see e.g.,* Ex. E (Emails fr. Samsung subpoena counsel to Google outside counsel), Samsung received an additional production from Google on July 28, 2023, Ex. F (Google production email), which it produced to Headwater the next business day—July 31, 2023. Ex. G (7/31/2023 Email from Samsung to Headwater providing Google production). On August 1, 2023, the next day, Samsung again supplemented its interrogatory responses by: identifying Google's latest production; adding details to Samsung's already-disclosed invalidity theories based on the same; and stating that it would shortly be producing (and seeking leave regarding) amended contentions incorporating this information. *See* Ex. C at Samsung's 3rd Suppl. Response to Headwater Rog. 1. Further, in light of Google's productions (and certain source code trees identified therein), Samsung discovered, produced, and added additional detail to its contentions regarding the Android Systems Prior Art.[2]

On August 8, 2023, Samsung provided Headwater with its revised contentions (one chart for each asserted patent and a cover pleading) with track changes so that Headwater could readily discern any changes Samsung made, and asked whether Headwater would oppose the present motion. *See* Ex. H (8/8/2023 Email fr. Hartzman to Headwater); Ex. I (Samsung's Amended Invalidity Contentions Cover Pleading and Representative Claim Chart).[3] The parties met and conferred in good faith on August 18, 2023 (Headwater counsel's earliest availability), Ex. J

---

[2] This took place via rolling productions on July 31, 2023, August 1, 2023, and August 4, 2023. Samsung's 4th supplemental interrogatory response was provided on August 8, 2023. Ex. C at Samsung's 4th Suppl. Response to Headwater Rog. 1.

[3] Ex. A-10 (against the '701 patent) is representative of the changes made to Exhibits B-10, C-10, D-10, E-10, F-10, G-10, H-10, and I-10. Each of these exhibits was originally included in Samsung's Initial Invalidity Contentions and charts the Android Systems Prior Art against one of the nine Asserted Patents. Samsung's amended charts merely add citations to the newly discovered evidence, including representative code from Android OS versions 1.0, 1.6, and 2.2.

(8/17/2023 Email fr. Tsuei to Hartzman), and via email thereafter. On August 31, 2023, the parties reached an agreement and Headwater stated it would not oppose Samsung's motion. Samsung filed this motion shortly thereafter.

### B.      The Proposed Amendments are Important

Defendants' proposed amendments are important to Samsung's invalidity case. Defendants expect to rely on the Android Systems Prior Art for its invalidity defenses at trial. The revised cover pleading and claim charts help explain and clarify for the jury how these prior art systems—already disclosed in Samsung's preliminary Invalidity Contentions—anticipate and/or render obvious the Asserted Patents' alleged inventions. *See Garrity Power*, No. 2:20-CV-00269-JRG, 2021 WL 4894262, at *2 ("Defendants acknowledged the importance of the prior art by disclosing it in their initial contentions and expending efforts to locate the Fulton System to supplement its contentions[.]"). Further, the Android Systems Prior Art may become paramount to Samsung's invalidity defense should the USPTO institute any of Samsung's pending *inter partes* review ("IPR") petitions as to the Asserted Patents, as these IPR proceedings could impact Samsung's use of printed publication prior art in this case.[4]

### C.      Headwater will not be Prejudiced; No Continuance is Required

The proposed amendments will not prejudice Headwater, nor will they necessitate a continuance or any other schedule changes. As noted above, the amended cover pleading and claim charts provide further detail and support for the Android Systems Prior Art that Samsung disclosed in its original Invalidity Contentions. *See Garrity Power*, No. 2:20-CV-00269-JRG,

---

[4] 35 U.S.C. § 315(e). Samsung has so far filed six IPR petitions as to six of the nine Asserted Patents, and served Headwater with *Sotera* stipulation letters in each case reserving Samsung's right to rely on Android Systems Prior Art in this litigation. *E.g.*, Exs. K-P (letters).

2021 WL 4894262, at *3 ("The fact that Plaintiff would have to respond to invalidity theories" included in "Defendants' timely original invalidity contentions—which were well before *Markman*[,]" "was already baked into this situation."); *see also Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 3327927, at *3 (E.D. Tex. July 6, 2018) ("Given that the prior art will be in the case regardless, and SEVEN will have accounted for its teachings in developing its claim construction positions, the Court finds that there is minimal prejudice."). Headwater has been on notice of Samsung's reliance on Android Systems Prior Art for months, and has been kept apprised of Samsung's collection efforts and forthcoming amendments. Headwater does not oppose this motion. Further, the case is still in the early stages of fact discovery, the parties have not yet identified any claim terms for construction, and the *Markman* hearing is not until February 16, 2024. Thus, the Court's schedule will not need to be adjusted if leave to supplement is granted. *See id.*; *see also Uniloc 2017 LLC v. Google LLC*, No. 218-CV-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019).

## II.  CONCLUSION

For the reasons set forth herein and for any others that may appear to the Court, Defendants respectfully request that the Court grant their Unopposed Motion for Leave to Amend Invalidity Contentions.

Dated: September 5, 2023              Respectfully submitted,

By:  */s/ Jared Hartzman*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com

6

FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff does not oppose this motion.

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 5, 2023.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman