# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................... 1

II. HEADWATER DOES NOT SHOW UNDUE PREJUDICE. ............................................. 1

III. HEADWATER CANNOT DENY THAT THE MOST SUBSTANTIVE WORK LAYS AHEAD. ................................................................................................................... 3

IV. THE SIMPLIFICATION FACTOR FAVORS A STAY. .................................................... 4

V.  CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                                 **Page(s)**

*Chart Trading, LLC v. Tradestation Group, Inc., et al.*,
   No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. March 29, 2016) .................... 5

*CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) ......... 2

*e-Watch Inc. v. Apple, Inc.*,
   No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) ............ 4

*Garrity Power Sevrs. LLC, v. Samsung Elecs. Co.*,
   No. 2:20-CV-269, 2021 WL 4894262 at *1 (E.D. Tex. Oct. 19, 2021) ................................... 3

*Landmark Technology, LLC v. iRobot Corp.*,
   No. 6:13–CV–411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ............................................ 5

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)..................... 2

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995, 1004 (Fed. Cir. 2015) ............................................................................... 4

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) ................................. 2

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6-7 (E.D. Tex. Mar. 11, 2015).................. 5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307, 1318 (Fed. Cir. 2014) .................................................................................... 1

I. INTRODUCTION

While Headwater relies on the blanket assertion that pre-institution stays are improper, it fails to rebut facts showing that a stay is appropriate in this particular case. Principally, Headwater's routine and significant delays and refusals to engage in discovery have significantly slowed this case's progress, such that the requested stay will not disrupt any substantive activity in this case. Despite alleging that its 6-year delay in filing this suit was due to years of intense pre-suit diligence (Dkt. 68 ("Opp.") at 6), Headwater has failed to locate basic discovery, engage regarding ESI terms, respond to emails, or schedule depositions. Indeed, Headwater cannot even decide what its P.R. 3-1(e) date is, despite that, as plaintiff, Headwater should have investigated and known that date well in advance of filing suit.

Here, Headwater faces no undue prejudice from the proposed stay, especially given its leisurely approach to bringing and maintaining this action. In contrast, Samsung's efforts in filing the IPRs and requesting a stay gives the Court an opportunity to streamline this litigation. Notably, given the stage of this case in light of Headwater's delinquency, there is much to be gained and very little to be lost from staying this case now. In the unlikely event that the Patent Office does not institute, the stay will be relatively brief. And in the more likely institution scenario, the Court will not be faced with interrupting the case midcourse after substantive activities.

II. HEADWATER DOES NOT SHOW UNDUE PREJUDICE

Headwater does not articulate any specific need for an expeditious resolution of its claims, such that it would face ***undue*** prejudice from a pre-institution stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." (emphasis in original)). The temporary deferral of litigation alone does ***not*** create undue prejudice, because a "stay will not diminish the monetary damages to

1

which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.*; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).[1]  Headwater's claim that it will suffer based on the delay associated with a pre-institution stay is insufficient to show prejudice.

Moreover, Headwater cannot credibly dispute its own lack of diligence—waiting ***over six years*** to bring this suit—which shows that it did not feel a need for any particularly expeditious enforcement of its alleged rights.  No such need now arises simply because Samsung has filed its IPRs.  *See CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) ("Further undermining [plaintiff's] suggestion as to the urgency of obtaining judicial relief is the fact that [it] delayed for more than three years after the issuance of the [asserted] patents before bringing suit against Samsung.").  Indeed, in these intervening years:  ItsOn―the company also founded by Dr. Raleigh and on which Headwater's "story" against Samsung relies (Opp. at 5)―ceased to exist (Exs. A, B); ItsOn's at-issue source code and documents were lost/disappeared/not maintained (*id.*); and seemingly all evidence of what constituted the alleged ItsOn software/application/solution was lost/disappeared/not maintained.  *Id.*  These intervening years were plainly indicative of self-imposed delay and should not now be disregarded to thwart Samsung's stay motion.

---

[1] To be clear, any claim by Headwater that it is not an NPE but really somehow a competitor of Samsung (*see* Opp. at 5-6) should be disregarded.  Headwater's request for injunctive relief is perfunctory, as Samsung and Headwater are not competitors, ItsOn no longer exists (as detailed in this Reply), and Headwater has not identified any other licensees.  And, as further outlined in this Reply, Headwater has repeatedly stonewalled nearly all discovery on this issue, refusing (or unable) even to answer the basic question of ***what*** Headwater alleges constitutes the "ItsOn software/application/solution" that pervades its Complaint, and whether it actually practiced any of the asserted patents.  Exs. A, B.

2

Even after filing suit, Headwater has continued to exhibit a lack of diligence, which further belies any prejudice claim. Headwear has continuously refused to timely and meaningfully communicate with Samsung. *See* Ex. C (outlining some of these deficiencies). As just one example, Samsung has been trying to schedule Dr. Raleigh's deposition since August, and despite repeated follow-ups from Samsung, Headwater delayed until ***just yesterday evening*** to provide a time and location for the deposition, while still failing to respond to months-old requests regarding ESI terms for Dr. Raleigh. Ex. D. But perhaps most revealing (and egregious) is Headwater's ***two-month*** delay in seeking leave to amend its P.R. 3-1(e) allegations. Ex. E. Headwater changed its P.R. 3-1(e) contentions via an interrogatory response, yet failed to seek leave to do so. *Id.* On Friday, September 1, so as not to burden the Court, the parties agreed not oppose their respective motions for leave (Samsung, invalidity contentions; Headwater, P.R. 3-1(e) contention). *Id.* Samsung filed its unopposed motion the following Tuesday, September 5 (Dkt. 65, granted September 9, 2023 (Dkt. 66)). Headwater *still* has not sought leave to amend, thwarting meaningful progress on this and related issues,[2] which further shows Headwater's lack of meaningful diligence in this case.

## III. HEADWATER CANNOT DENY THAT THE MOST SUBSTANTIVE WORK LAYS AHEAD

Neither the parties nor the Court have engaged in the most costly and time consuming parts of the case such as fact witness depositions, expert reports, expert depositions, dispositive motions, and pretrial disclosures. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1004 (Fed. Cir.

---

[2] ***At this point, Samsung would oppose any such motion*** given the two-month delay and the clear prejudice to Samsung by failing to make plain the priority date on which Headwater is actually relying – *i.e.,* Headwater cannot now satisfy the diligence and non-prejudice factors necessary to show good cause. *See, e.g., Garrity Power Sevrs. LLC, v. Samsung Elecs. Co*., No. 2:20-CV-269, 2021 WL 4894262 at *1 (E.D. Tex. Oct. 19, 2021). Indeed, as this Court well knows, the asserted P.R. 3-1(e) date could be critical, because were Headwater to formerly amend its alleged priority date, Samsung would need to again amend its invalidity contentions.

2015) ("The primary cost of litigation is incurred pretrial and in a trial on the merits."). Headwater cannot dispute that all of these substantive stages remain ahead. Instead, it focuses on the modest discovery taken to date—some document production and written discovery[3]—and points to what will be a seemingly inconsequential claim construction process.[4] Opp. at 7-8. Just because some work has already been undertaken does not mean the case is at an advanced stage, especially here where the plaintiff has repeatedly refused to communicate and engage in meaningful discovery. Indeed, the current stage of the case is particularly appropriate for a stay, given that any work done to date will be applicable once the stay is lifted. In addition, as discussed below, the PTAB's institution decisions and final written decisions are likely to reduce the necessary work for the parties, experts, and the Court in the remaining stages of the case. Thus, a short stay could save the Court and the parties substantial wasted efforts.

## IV. THE SIMPLIFICATION FACTOR FAVORS A STAY

The simplification factor also favors a stay, even though institution has not yet been granted. While Headwater argues that a simplification fact analysis is premature before institution in light of this District's "'universal practice' of denying pre-institution motions" (Opp. at 1), this practice is not without exception where circumstances warrant.[5] For example, this Court has granted a pre-institution stay where, as here, "the issues before this Court will be greatly

---

[3] Unable to credibly state that it has "invested substantial resources," Opp. at 7, Headwater attempts to rely on ***Samsung's*** own "third-party" discovery to "Citrix, HMD America, Nokia, Apple, Google, and Microsoft," *id.* at 7-8. Headwater's reliance on Samsung's investments, rather than its own, further shows that Headwater would not be unduly prejudiced by a stay at this time.

[4] Aside from ***one*** dependent claim term found in 7 of the 9 asserted patents that Samsung alleges is indefinite, the parties have not identified any terms for construction. Exs. F and G.

[5] Headwater's implication—that Samsung's motion is baseless—ignores Samsung's need to preserve its ability to also seek a post-grant stays in the likely event that the PTAB grants one or more of the pending IPR petitions. *E.g., e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (according weight to the timing of defendant's pre-institution stay motion when ruling on its renewed post-institution stay motion).

streamlined" if the petitions are granted, and, if the petitions were not granted, "the Court can lift the stay with minimal delay." *Chart Trading, LLC v. Tradestation Group, Inc., et al.*, No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. March 29, 2016) (as to CBMs).

Thus, Headwater's claim that pre-institution stays should never be granted suggests that the Court need not look further into the actual circumstances of the motions before it, and how this case measures against reasonableness and precedent. In essence, Headwater hopes that this outlier case should be of no consequence, regardless of the level of negligent prosecution Headwater has demonstrated. To the contrary, the Court examines case-specific circumstances that may warrant granting a pre-institution stay, as shown by the cases that Headwater cites. For example, in *Trover Grp., Inc. v. Dedicated Micros USA* (No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6-7 (E.D. Tex. Mar. 11, 2015) (involving only two patents)), the Court explained that such circumstances include whether "[a]t the time the court ruled on the stay motion, the PTAB was due to decide whether to grant the CBM review petition within four months." *Id.* (distinguishing *Landmark Technology, LLC v. iRobot Corp.*, No. 6:13–CV–411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014)). Similarly here, all ten institution decisions are due within two to five months after the close of briefing on this motion (between January and April 2024). Ex. H.

Under this case's present circumstances, as outlined above and in Samsung's motion (Dkt. 67)—especially given Headwater's dilatory actions and continued failure to meaningfully move this litigation forward—Samsung believes that the potential to simplify the case before any truly substantive litigation activities take place favors a pre-institution stay.

## V. CONCLUSION

Because all three factors favor the requested stay, Samsung respectfully requests that the Court stay this case pending the IPR proceedings' final resolution, *i.e.,* the final written decisions by the PTAB, in the likely event that the IPRs are instituted.

Dated: October 31, 2023                      Respectfully submitted,

By:   */s/ Melissa R. Smith*
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070

Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 31, 2023. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

<em>/s/ Melissa R. Smith</em>