# EXHIBIT A

**From:** Jared Hartzman <hartzman@fr.com>
**Sent:** Tuesday, September 05, 2023 8:35 PM
**To:** James Tsuei <jtsuei@raklaw.com>; Thad Kodish <TKodish@fr.com>
**Cc:** Jason Wietholter <jwietholter@raklaw.com>; rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: correpondence

Counsel,

I write to follow up and memorialize the parties' discussion on our Friday September 1, 2023 meet and confer.

**Main Issue**:

- As an initial matter, Samsung noted that, at high level, this case could have been alleged as a normal infringement case, where Headwater simply states that Samsung infringes its patents. However, Headwater has chosen to inject the ItsOn story into its version of events and is using ItsOn to support its infringement/willfulness allegations. Samsung stated that because Headwater is injecting ItsOn into the story, Samsung believes it is entitled to test those allegations, and Interrogatory Nos. 14-17 were Samsung's latest attempt to elicit the relevant ItsOn information. Headwater has stonewalled Samsung's attempt to obtain any relevant ItsOn information for months.
- Headwater confirmed on the parties' meet and confer that it is not withholding—and does not intend to withhold—any relevant/responsive ItsOn information. This includes material generally relating to ItsOn as well as ItsOn code "to the extent it exists."

**Specific Rog. Responses**:

Rog. 14

- Samsung informed Headwater that it believes it is on Headwater to produce the code if they are saying that ItsOn practices the claims but understands that Headwater does not have the code and will not be producing it. Moreover, Samsung noted that, to the extent Headwater is holding back on identifying any other claims/patents that it believes were practiced by ItsOn software, Samsung believes that is inappropriate and needs to be disclosed pursuant to 3-1(f).
- Headwater confirmed it will not be producing ItsOn source code and stated that it understood Samsung's position on identification of claims/patents potentially practiced by ItsOn software.

Rog. 15

- Samsung noted that Headwater's Complaint discusses ItsOn software in generalities and Samsung is seeking to unearth the details. Samsung pointed out that most software is updated over time and Samsung is seeking information about the relevant versions of ItsOn software. Samsung also stated that the 33(d) documents produced in response to Rog. 15 do not answer the interrogatory as they fail to provide the requested chronological listing of all versions of any ItsOn product or service, with the dates of development, completion, release, sales, etc.
- Headwater again responded that it is not withholding any information about ItsOn software version history and when such software was updated. Headwater also confirmed it was not withholding any documents responsive to Rog. 15 and that it continued believe Samsung was in a better position to answer this interrogatory due to past dealings with ItsOn. Headwater suggested there may be Samsung documents that are relevant but did not identify any such documents on the call or in response to Rog. 15.

Rog. 16

- Headwater stated that it was not required to provide the information requested in this interrogatory, arguing that it is prematurely calling for expert opinion.
- Samsung maintains that Headwater's refusal to provide a substantive response, including the factual bases underlying its assertion that ItsOn practices the patents, is improper.

Rog. 17

- Samsung pointed out to Headwater that, despite contending that ItsOn software practices the asserted patents, Headwater never provides a basis for its contentions.
- Headwater stated that it understood Samsung to be requesting Headwater's Rule 11 basis for stating that ItsOn practices the patents. However, Headwater does not believe the local rules require that it provide that information (i.e. a Rule 11 basis for its contentions in this case). Regardless, Headwater stated that it has provided the non-privileged/non-confidential basis for patents ending up on the virtual marking page. Headwater also suggested that, because [REDACTED], Samsung should be able to reasonably infer the basis for the patents' inclusion.
- Samsung responded that there is E.D. Tex. and other authority (e.g., *Ultimate Power v. Nintendo / Superspeed v. IBM*) suggesting that Headwater could be ordered to provide more information about its basis if it in fact has that information, and that it appears that Headwater is contending that it has that information.
- Headwater responded that it will take a look at Samsung's cited cases and would consider. However, Headwater again noted that it is not withholding information and that its response to Rog. 17 was the entirety of its marking response.

**Raleigh Deposition**:

- Samsung stated that it would be following up soon on the Raleigh deposition, but noted that Headwater's refusal to put Raleigh up for a deposition in his personal capacity until 30(b)(6) depositions take place continues Headwater's pattern of delaying the provision of relevant ItsOn information.

Please advise by Friday, September 8th, whether and when Headwater will be promptly supplementing any of its responses to Rogs. 14-17. Barring such a response, we will understand that no such supplementation is forthcoming, and Samsung reserves its right to move to strike and/or exclude any attempt by Headwater's experts to identify such factual underpinnings later on.

Regards,
Jared

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Thursday, August 31, 2023 3:46 PM

**To:** Thad Kodish <TKodish@fr.com>
**Cc:** Jason Wietholter <jwietholter@raklaw.com>; rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: correpondence

Thad, in advance of our scheduled meet and confer on September 1, 2023, this email serves to provide our preliminary responses to your correspondence of July 18, 2023, which contains numerous inaccuracies and misstatements about Headwater's responses to Samsung's Interrogatories 14-17.

**Samsung's Interrogatory No. 14:**

Headwater properly responded to Samsung's Interrogatory No. 14 by stating: "Headwater believes that at least the following claims of the Asserted Patents were practiced by ItsOn software, at least as of the time such patents were included in ItsOn's virtual marking page and linked to from devices, such as Samsung's devices, that included ItsOn software: claim 1 of U.S. Patent No. 9,137,701, claim 1 of U.S. Patent No. 9,143,976; claim 1 of U.S. Patent No. 9,271,184; and U.S. Patent No. claim 1 of 9,609,544." This response obviously provides a specific identification of patent numbers and patent claims representing which claims of which patents Headwater believes were practiced by ItsOn's software, and at what time. Samsung has not shown it is entitled to a response detailing Headwater's "contentions" or even what type of contention it expects should be provided in response to Interrogatory No. 14. Neither has Samsung identified any rule or law that would place a burden on Headwater to provide its "contention" about "Samsung's marking defense." To the extent Samsung seeks an interrogatory response calling for Headwater's response to "Samsung's marking defense," that is not what Interrogatory No. 14 asks.

**Samsung's Interrogatory No. 15:**

Tellingly, your correspondence does not dispute either the facts or assertions set forth in Headwater's response to Samsung's Interrogatory No. 15. It is Samsung who is the party to this case that has unique access to the information called for by this Interrogatory, including, for example, a "chronological listing of all versions of any ItsOn product or service" installed on Samsung devices. Headwater has provided the information it possesses responsive to this Interrogatory, and further is not withholding any information responsive to this Interrogatory. Your letter also fails to note that Headwater's response directs Samsung to a list of specific Samsung products on which Headwater believes Samsung installed ItsOn software, further underscoring the undisputed fact that Samsung possesses the information it seeks with this Interrogatory.

**Samsung's Interrogatory No. 16:**

Samsung has again failed to identify any basis under which Headwater is obligated to provide a "limitation-by-limitation" legal analysis reflecting how any asserted claim was practiced by ItsOn software. The scope of this Interrogatory is plainly overbroad and not proportional to the needs of the case, in addition to it calling for premature expert discovery in advance of the relevant deadlines in the case.

**Samsung's Interrogatory No. 17:**

Your correspondence fails to identify any deficiency in Headwater's response to Interrogatory No. 17, except, impliedly, Headwater's response not explicitly identifying "conclusions reached" in privileged meetings involving Headwater's in-house counsel. Samsung is of course not entitled to privileged communications and attorney work product, as Headwater's written response to Interrogatory No. 17 stated. In any event, Headwater is not withholding and does not intend to withhold any non-privileged information responsive to this Interrogatory.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Aug 31, 2023, at 9:28 AM, Thad Kodish <TKodish@fr.com> wrote:
>
> Thank you.  Let's confer tomorrow at 9am PT (noon ET).
>
> I'll send a calendar/dial in to you for forwarding to any other attendees.
>
> Thanks,
> Thad
>
> ---
>
> **From:** Jason Wietholter <jwietholter@raklaw.com>
> **Sent:** Wednesday, August 30, 2023 5:09 PM
> **To:** Josh Carrigan <carrigan@fr.com>; rak_headwater@raklaw.com; Thad Kodish <TKodish@fr.com>
> **Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: correpondence
>
> [This email originated outside of F&R.]

Thad,

We are available to confer Friday between 9AM-12PM PT, or Monday between 9AM-12PM PT.

Please let us know a preferred time and send around an invite.

Thanks,

**Jason Wietholter**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12 h Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jwietholter@raklaw.com | www.raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for  he named addressee(s). If you are not the intended recipient, please note that any dissemina ion, distribu ion, or copying of this communication is prohibited.
On Aug 29, 2023 at 6:28 PM -0700, Thad Kodish <TKodish@fr.com>, wrote:

> Counsel,
>
> You did not respond to the attached August 18 letter regarding your deficient responses to Samsung's interrogatories.  Please provide your availability to meet and confer.  Your delays are causing prejudice to Samsung.
>
> Regards,
> Thad
>
> **Thad Kodish ::** Managing Principal **::** Fish & Richardson P.C.
> 404 724 2792 direct **::** 404 849 3536 mobile **::** tkodish@fr.com
>
> ---
>
> **From:** Josh Carrigan <carrigan@fr.com>
> **Sent:** Friday, August 18, 2023 2:42 PM
> **To:** rak_headwater@raklaw.com
> **Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** Headwater v. Samsung Case No. 2:22-cv-422: correpondence
>
> Counsel,
>
> Please see the attached correspondence from Thad Kodish.
>
> Regards,
>
> **Joshua P Carrigan ::** Associate **::** Fish & Richardson P.C.
> 202 626 7701 direct **::** 865 567 0541 mobile **::** carrigan@fr.com
> fr.com **::** Bio **::** LinkedIn **::** Twitter
>
> ```
> *************************************************************************************************************
> This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
> Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply
> email and destroy all copies of the original message.
> *************************************************************************************************************
> ```

```
*************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any
unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email
and destroy all copies of the original message.
*************************************************************************************************************
```