# EXHIBIT E

**From:** Jared Hartzman <hartzman@fr.com>
**Sent:** Friday, September 01, 2023 7:49 AM
**To:** James Tsuei <jtsuei@raklaw.com>
**Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

James,

Samsung accepts Headwater's proposal where the parties do not oppose the other's respective motions for leave to amend, with the understanding noted in your email that this compromise will not be used against the other party should that party seek further leave to amend their contentions in the future.

While Samsung believes that it would have good cause to serve an additional set of supplemental invalidity contentions for the purpose of identifying prior art that falls after Headwater's initial January 28, 2009 priority date but prior to Headwater's new May 25, 2010 priority date, we can address any such supplement if/when Judge Gilstrap grants Headwater's 3-1(e) priority date modification.

With this understanding, Samsung will move forward with filing an unopposed motion for leave to amend its invalidity contentions.

Thanks,
Jared

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Thursday, August 31, 2023 1:19 PM
**To:** Jared Hartzman <hartzman@fr.com>
**Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

Hi Jared,

We believe that a compromise by the parties to simply not oppose each other's respective motions for leave to amend makes sense. We fail to see the basis for allowing Samsung an additional 21 days from whenever Headwater's motion is granted to look for and add additional prior art into the case falling in between January 2009 and May 2010. Samsung has identified and/or charted prior art falling into the period between January 2009 and May 2010 since its initial Invalidity Contentions served on May 9, 2023 — for instance, Samsung's initial Invalidity Contentions identified Android 2.2 with an alleged May 20, 2010 effective date.

Please let us know if Samsung agrees to our proposal where the parties simply do not oppose the other's respective motions for leave to amend. We assume based on your email that the parties would agree that the fact of any compromise, if agreed upon, would not be used against the other party should that party seek further leave to amend their contentions in the future. Let us know if that's the case — if so, that is fine with Headwater, as well.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Aug 28, 2023, at 8:01 PM, Jared Hartzman <hartzman@fr.com> wrote:
>
> James,
>
> Samsung has considered Headwater's proposal and is inclined to agree.  For clarity, Samsung would agree that in exchange for allowing Samsung to file an unopposed motion for leave to serve its supplemental invalidity contentions, Samsung will not oppose Headwater's forthcoming motion for leave to amend Headwater's PR 3-1(e) disclosure to reflect its May 25, 2010 priority date pursuant to PR 3-6(b).  Note: this does not constitute an admission by Samsung that it agrees that the Asserted Patents are entitled to a May 25, 2010 priority date.
>
> However, this agreement is conditioned on:
>
> 1. Samsung having 21 days from Judge Gilstrap's granting of Headwater's 3-1(e) priority date modification to serve an additional set of supplemental invalidity contentions for the purpose of identifying prior art that falls after Headwater's initial January 28, 2009 priority date but prior to Headwater's new May 25, 2010 priority date; and
>
> 2. To the extent that Samsung moves to further supplement its invalidity contentions in the future should additional system prior art evidence be produced in response to Samsung's diligently served and pursued subpoenas (e.g., Microsoft, Apple, etc.), this compromise cannot be used by Headwater as a basis to oppose such further supplementation.
>
> Please let us know by Wednesday (8/30) if, in light of the above, Headwater agrees.
>
> Regards,
> Jared
>
> ---
>
> **From:** James Tsuei <jtsuei@raklaw.com>
> **Sent:** Friday, August 25, 2023 3:42 PM
> **To:** Jared Hartzman <hartzman@fr.com>
> **Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>

**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

Jared, that's correct.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Aug 25, 2023, at 11:30 AM, Jared Hartzman <hartzman@fr.com> wrote:
>
> James,
>
> Thank you for your email.  We are discussing Headwater's mutual non-opposition proposal with Samsung and should be able to respond by early next week.
>
> For the sake of clarity, however, can Headwater confirm what is meant by the statement, "Samsung agrees that Headwater may amend its PR 3-1(e) date."?   Specifically, is Headwater requesting as part of this proposal that Samsung agree to not oppose a forthcoming motion for leave to amend Headwater's PR 3-1(e) disclosure pursuant to PR 3-6(b)?
>
> Thanks,
> Jared
>
> ---
>
> **From:** James Tsuei <jtsuei@raklaw.com>
> **Sent:** Thursday, August 24, 2023 1:33 PM
> **To:** Jared Hartzman <hartzman@fr.com>
> **Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions
>
> Jared, we have considered your position and the points discussed during our meet and confer. Though we don't believe Samsung will be able to meet its burden under the patent rules to amend its PR 3-3 invalidity contentions, and we don't agree that Headwater is required to provide any amendment to its PR 3-1(e) contention date, we can agree to non-opposition to Samsung's amended contentions if Samsung agrees that Headwater may amend its PR 3-1(e) date. Please let us know if this proposal works for Samsung.
>
> We will respond separately regarding the requested deposition of Dr. Raleigh.
>
> Thanks,
> --
> James Tsuei
> Russ August & Kabat
> 12424 Wilshire Boulevard, 12th Floor
> Los Angeles, CA 90025
> (310) 826-7474
> jtsuei@raklaw.com
>
> * * * * * * * * * * * * * * * * * * * * * * * *
> IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
> - - - - - - - - - - - - - - - - - - - - - - - - - -
> This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.
>
>> On Aug 22, 2023, at 5:27 PM, Jared Hartzman <hartzman@fr.com> wrote:
>>
>> James,
>>
>> I write to follow up on my below email in which Samsung attempted to address both of Headwater's stated issues with respect to Samsung's proposed amended contentions.  Samsung did so by: (1) providing Headwater an excel spreadsheet mapping the source code excerpts cited in Samsung's proposed amended contentions to specific file names and providing file paths so that Headwater is able to locate the code within Samsung's production; and (2) agreeing to remove the express reference to "Android Applications" in Samsung's amended contentions.  On Friday's meet and confer, Headwater stated that it would reconsider its opposition to Samsung's motion for leave to amend its contentions in light of the parties' discussion and Samsung's provision of the requested file paths.  It has now been two full weeks since Samsung informed Headwater of its intent to file a motion for leave and provided Headwater with a redlined version of its contentions.  Can Headwater confirm whether, in light of Samsung's good-faith attempt to alleviate Headwater's concerns, Headwater still plans on opposing a motion for leave to served amended invalidity contentions that merely add supporting evidence for prior art systems already identified in Samsung's initial contentions?
>>
>> Separately, on the parties' meet and confer, Headwater stated that Mr. Raleigh would not be prepared to sit for a deposition on the noticed date and agreed to follow up with a date that works.  Can Headwater confirm when Mr. Raleigh is available to sit for a deposition in his personal capacity?

Regards,
Jared

---

**From:** Jared Hartzman <hartzman@fr.com>
**Sent:** Friday, August 18, 2023 4:36 PM
**To:** James Tsuei <jtsuei@raklaw.com>
**Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

Hi James,

Thank you for taking to the time to hop on a call with me earlier today.  I am writing to provide some of the information we discussed on the call, and to more generally memorialize the discussion.

**Samsung's Amended Contentions**

With respect to Samsung's proposed motion for leave to provide amended invalidity contentions, Headwater stated it was opposed for only two reasons:

*First*, Headwater noted that while Samsung's initial invalidity contentions cited to and charted the Android Devices and operating systems included in Samsung's proposed amended contentions, Headwater wanted to understand the bases for Samsung's inclusion of additional publicly available source code as further support for those devices/systems.  Samsung explained that Android has many versions, has been around for many years, and that locating individual source code files for Android operating system versions from the 2009-2010 timeframe is difficult.  Samsung further explained that it was not until third-party Google produced some of those source code files in its recent production that Samsung was able to use the source code trees within that production to further locate additional source code for those early Android versions.

Headwater stated that it understood Samsung's position as to why it is now including those files and stated it would consider whether it will remain opposed to Samsung's motion for leave on that first basis.  Headwater also explained that if Samsung provided a way for it to locate the cited files within Samsung's production, that would help Headwater in coming to a decision as to whether or not it will oppose.  To that end, and as a courtesy, attached is an excel spreadsheet mapping the cited source code excerpts to specific file names and providing file paths so that Headwater is able to locate the code within Samsung's production.  I'll note that upon review, we noticed that the citation in Samsung's amended charts to "SAMSUNG_PRIORART0005353, Socket" should be "SAMSUNG_PRIORART0005060, Socket."  The remaining citations are correct.

*Second*, Headwater stated that it opposed Samsung's inclusion of any and all "Android Applications" in its amended contentions.  Samsung explained that it was not Samsung's intent to rely on those Android Applications to substantively satisfy the asserted claim limitations (for example, they were not cited in the charts themselves), but rather to identify examples of applications that would be running on the Android Devices included in Samsung's initial invalidity contentions (contentions that identified as prior art "[a]ny mobile device" predating the asserted patents "running an Android version with one or more apps that also predate" the asserted patents).  To allay Headwater's concerns, however, Samsung noted that it would remove express reference to those Android Applications in its amended contentions, with the caveat that because Samsung's initial contentions identified as prior art Android devices with one or more applications predating the asserted patents, applications that were part of the Android OS and ran in the "background" before the asserted patents (e.g., Gmail, Email, Calendar, Contacts, etc.) are already part of the case.  Headwater agreed that removing the express reference to "Android Applications" in Samsung's amended contentions would address its concern on this point.

**Headwater's Alleged Priority Date**

With respect to Headwater's identification of a May 25, 2010 priority date in its most recent supplemental interrogatory response to Samsung Interrogatory No. 2, Samsung noted that Local P.R. 3-1(e) requires the identification of any claim of priority to an earlier-dated patent application, and that Headwater's new May 25, 2010 date was not included in its 3-1(e) disclosure.  Samsung then explained that if Headwater was going to move to a new priority date, it would need to amend its 3-1(e) disclosure and doing so would require that it move for leave.

Headwater first stated that it was not sure whether it was necessary to include its new priority date in its 3-1(e) disclosure because it identified it in an interrogatory response and the spirit of the Rule is to force the patentee to provide dates back to which they may swear, when the date may not be readily discernable to the accused party.  According to Headwater, because it identified dates in its interrogatory response, they are readily discernable to Samsung.

Samsung responded that, as an initial matter, Samsung does not believe the asserted patents are entitled to the original 2009 date, and that because Headwater's interrogatory responses reserve Headwater's right to rely on the date of any of the 28 provisional applications cited on the face of the asserted patents, the date upon which Headwater will be relying is not readily discernable.  Moreover, Samsung explained that the Rule is designed to give an accused party notice of the priority date upon which a plaintiff is relying and Samsung is prejudiced by the fact that Headwater has shifted, and may continue shifting, its priority date beyond what it originally identified.  Specifically, if Headwater gradually shifts its date later, it would impact the prior art upon which Samsung can rely for its invalidity case.

Headwater asked whether Samsung would oppose any motion for leave to amend the 3-1(e) disclosure should Headwater seek to amend.

Samsung said it would depend and asked for Headwater's basis for relying on a date not originally included in its 3-1(e) disclosure.

Headwater explained that priority date contentions frequently change during the course of discovery and that its basis for moving to amend would simply be that as discovery progressed, it determined that the asserted patents are entitled to a different priority date.

Samsung stated that Headwater's opposition to Samsung's motion for leave to amend its invalidity contentions appears at odds with Headwater's belief that it can amend the priority date disclosure in its infringement contentions simply because it continued to learn more about the patents in its possession since before the case began during the course of discovery.  Samsung noted that, like priority dates, parties' infringement and invalidity contentions also frequently change over the course of discovery as new information comes to light.

Headwater stated it understood the parties' positions and would consider further whether it will move to amend its 3-1(e) disclosure to identify the May 25, 2010 date disclosed in Headwater's supplemental interrogatory response.

Now that Samsung has provided the attached excel spreadsheet with paths to find the source code files cited in Samsung's amended contentions and agreed to remove express reference to the "Android Applications" from the contentions, please confirm whether or not Headwater still plans to oppose Samsung's motion for leave.

Regards,
Jared

---

**From:** Jared Hartzman <hartzman@fr.com>
**Sent:** Thursday, August 17, 2023 2:56 PM
**To:** James Tsuei <jtsuei@raklaw.com>
**Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

James, 10 a.m. Pacific works for us.  We can use the below dial-in:

1-888-706-0584,
Participant code 8517890

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Thursday, August 17, 2023 2:50 PM
**To:** Jared Hartzman <hartzman@fr.com>
**Cc:** headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

Jared, we can discuss tomorrow at 10 a.m. Pacific time. If that works, please send around a dial-in.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Aug 17, 2023, at 11:33 AM, Jared Hartzman <hartzman@fr.com> wrote:
>
> James,
>
> Samsung disagrees that its proposed amended contentions add any new invalidity theories.  Rather, Samsung's supplement seeks only to cite additional evidence relating to devices and operating systems *already included* in Samsung's initial contentions—evidence that Samsung became aware of after reviewing a recent production from third-party Google.  Moreover, Samsung disagrees that it was not diligent in quickly identifying and supplementing its contentions with said evidence.
>
> With that said, please provide Headwater's availability to meet and confer tomorrow.  Additionally, on the meet and confer, please be ready to discuss whether Headwater will be similarly moving for leave to amend its 3-1(e) disclosure to include the recently-identified May 25, 2010 priority date listed in Headwater's third supplemental response to Samsung Interrogatory No. 2.  Headwater has had the Asserted Patents and the provisional applications relied upon in Headwater's third supplemental response since before this litigation began and, to the extent Headwater now seeks to rely on the May 25, 2010 date (even as a backup), Headwater needed to identify it in its 3-1(e) disclosures back in May.  Headwater's obfuscation of its position concerning priority date(s) has prejudiced Samsung's invalidity defense preparation.
>
> Regards,
> Jared

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Thursday, August 17, 2023 1:23 PM
**To:** Jared Hartzman <hartzman@fr.com>; headwater@raklaw.com
**Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

[This email originated outside of F&R.]

Jared, we do not consent to Samsung's proposed amended invalidity contentions because of, among other reasons, Samsung's failure to show diligence in adding invalidity theories based on publicly-available materials available to

Samsung since the beginning of this case, and because Samsung's proposed amended contentions purport to expand the scope of its invalidity theories to include any and all "Android Applications" without limit or cause to do so.

If you'd like to discuss, we are available to meet and confer at a time convenient for both parties.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Aug 11, 2023, at 1:07 PM, James S. Tsuei <jtsuei@raklaw.com> wrote:
>
> Jared, we are in the process of reviewing Samsung's proposed amended contention documents and will have a response regarding whether we oppose a motion for leave by early next week.
>
> Thanks,
> James
>
> ---
>
> **From:** Jared Hartzman <hartzman@fr.com>
> **Date:** Friday, August 11, 2023 at 12:55 PM
> **To:** "headwater@raklaw.com" <headwater@raklaw.com>
> **Cc:** "[SERVICE FR] Samsung-Headwater" <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions
>
> Counsel,
>
> I write to follow up on my below email regarding Samsung's intent to file a motion for leave to supplement its invalidity contentions to include certain evidence relating to already-charted systems that has recently come to light.  Please state whether Headwater would oppose Samsung's intended motion.
>
> Regards,
> Jared
>
> ---
>
> **From:** Jared Hartzman <hartzman@fr.com>
> **Sent:** Tuesday, August 8, 2023 4:33 PM
> **To:** headwater@raklaw.com
> **Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions
>
> Counsel,
>
> Following up on my below email, Samsung hereby notifies Headwater that it plans to move for leave to amend its Invalidity Contentions (previously served on May 9, 2023) to incorporate the material specified in Samsung's supplemental responses to Headwater Interrogatory No. 1 dated June 30, 2023, August 1, 2023, and August 8, 2023.  Samsung has been diligently pursuing third party discovery and, as Headwater is aware, third-party Google produced material on July 31, 2023 relating to Android Devices and Android Operating System ("OS") versions that pre-date the Asserted Patents' alleged inventions.  Such Android Devices and OS versions do not constitute new prior art as they were explicitly listed as 35 U.S.C. 102/103 art and charted in Samsung's initial Invalidity Contentions (*see, e.g.*, Exs. A-10, B-10, C-10, D-10, E-10, F-10, G-10, H-10, and I-10 to Samsung's Invalidity Contentions).  In light of Google's recent production, Samsung was able to identify additional information relevant to the various Android Devices and OS versions already included in Samsung's Invalidity Contentions.  Samsung immediately produced that information to Headwater as Samsung became aware of it via rolling productions on July 31, 2023, August 1, 2023, and August 4, 2023 and explained the relevance of such information in Samsung's supplemental interrogatory responses.
>
> As a courtesy, a redlined version of Samsung's amended invalidity contentions can be downloaded at this link: https://send.fr.com/link/vUEQbF9XcVm3kXBazducY1
>
> Please provide Headwater's position on Samsung's forthcoming motion for leave to amend its Invalidity Contentions.
>
> Regards,
> Jared
>
> ---
>
> **From:** Jared Hartzman <hartzman@fr.com>
> **Sent:** Friday, June 30, 2023 3:40 PM
> **To:** headwater@raklaw.com
> **Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>
> **Subject:** Headwater v. Samsung Case No. 2:22-cv-422: Intent to Supplement Contentions

Counsel:

In relation to the today-supplemental response to Plaintiff's interrogatory No. 1, Samsung has diligently pursued third party discovery and we notify you that Defendant Samsung intends to supplement its Invalidity Contentions with third party content specified in that supplemental response.

For purposes of notice and status as to third party discovery, Samsung expects to receive additional third party discovery responses in the coming weeks and may well further supplement its interrogatory No. 1 as well as its Invalidity Contentions with additional documents and things obtained as a result of that discovery.

Regards,

Jared

***********************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***********************************************************************************************************************

***********************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please
contact the sender by reply email and destroy all copies of the original message.
***********************************************************************************************************************

***********************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.
***********************************************************************************************************************

***************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any
unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.
***************************************************************************************************

******************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized
use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the
original message.
******************************************************************************************