# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>  Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Samsung's arguments on reply are unavailing and do not support that a stay is warranted here, where none of its pending IPR petitions have been instituted.

***Simplification of the Issues.*** Samsung's pending IPR petitions still have not been instituted, and this alone supports denial of its motion under this District's "established practice" of denying pre-institution motions to stay as "inherently premature." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022). Tellingly, Samsung again relegates this "most important factor" to the end of its brief, vaguely arguing that "circumstances" warrant an exception to this Court's practice. Reply at 4–5. But Samsung has failed to identify any specific "circumstances" to support that a stay will result in simplification of the issues. Instead, Samsung merely offers conclusory assertions that the PTAB is "likely" to institute one or more of its petitions. *See* Reply at 1 ("in the more likely institution scenario"), 4 n.5 ("in the likely event that the PTAB grants one or more of the pending IPR petitions"). Samsung does not even attempt to explain why the PTAB is likely to institute its petitions. The mere fact of filing petitions does not automatically support simplification.

Samsung's reliance on the fact that the PTAB will issue institution decisions within the next "two to five months" (Reply at 5) also fails. As explained in *Trover*, an example of "circumstances that *might* justify granting a stay prior to PTAB action" is where the stay motion was filed "only five months into the litigation" and "the claim construction hearing was not scheduled to occur until four months after the PTAB's decision whether to grant the CBM review petition." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (emphasis added). But here, Samsung's motion was filed *one year* into the litigation, and the PTAB will not issue institution decisions until *months after* Markman hearing. These circumstances do not support an exception to this Court's practice.

Samsung's attempts to distract the Court with repeated, baseless accusations of "negligent prosecution" (Reply at 5) should be rejected. These accusations are false and misleading for the reasons discussed below. They are also irrelevant to the determination of whether a stay will simplify the issues in this case.

***The Prejudice to Headwater.*** Samsung does not dispute that a stay will prejudice Headwater's right to the timely enforcement of its patent rights, and instead argues that this does not constitute "***undue*** prejudice." Reply at 5 (emphasis in original). Samsung is wrong. Indeed, this Court recently rejected a similar argument brought by Samsung, holding that a stay would "unduly prejudice" plaintiff even though it did not practice the asserted patents. *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3–4 (E.D. Tex. Jan. 20, 2023). The Court further explained that "despite Samsung's assertions, both parties have already expended significant time and resources," and that "[a]ny further delay would require the parties to sink additional resources into the case, all the while postponing [plaintiff's] vindication of its patent rights." *Id.* at 4. Thus, this factor weighed against a stay. *Id.* at 5. And even in the *NFC* case cited by Samsung, the court held that the prejudice caused by delay weighed against granting a stay—as this Court has similarly held in numerous other cases where the parties were not direct competitors. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015)[1]; *see also Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("Staying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could

---

[1] The Court in *NFC* ultimately granted a stay because, unlike here, the PTAB had instituted review of both patents-in-suit and thus "the 'simplification' factor cut[] strongly in favor of granting a stay." *NFC*, 2015 WL 1069111, at *7.

take years to reach an absolute resolution. Factor one favors denying the motion to stay."); *Sable Networks, Inc. v. Splunk Inc.*, No. 5:21-CV-00040-RWS, Dkt. 77 at 3 (E.D. Tex. Nov. 1, 2021) (finding this factor weighed against a stay even though plaintiff was "not currently practicing the patents," as "the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]").

Samsung attempts to undermine the significant prejudice to Headwater that would result in the event of a yearslong stay with assertions of Headwater's purported "lack of diligence." Reply at 2. But Samsung again fails to acknowledge that some of the asserted patents issued as late as 2022, and that some of the accused products were released in the last couple years. Of course, Headwater could not have filed suit regarding patents and products that did not yet exist.

Samsung's reliance on the fact that ItsOn Inc. no longer exists as purported evidence of a "self-imposed delay" (Reply at 2) is nonsensical. Headwater and ItsOn are separate companies. The dissolution of ItsOn had nothing to do with Headwater or the timing of this lawsuit. Samsung fails to show otherwise. The self-serving emails from Samsung's counsel attached as Exhibits A and B to the reply are not evidence of anything but routine discovery disputes between the parties. Samsung is accusing Headwater of "stonewalling" discovery. This is false. Since discovery opened in this case, Headwater's counsel has collected, reviewed, and produced documents in eleven separate productions, which in total comprises more than **10,000** relevant documents—including emails, PowerPoint presentations, spreadsheets, and other data—which are directly responsive to Samsung's requests for discovery. Headwater's inability to produce discovery that either does not exist or is not in Headwater's possession does not somehow demonstrate a lack of diligence in filing this lawsuit.

Samsung's assertion that Headwater has purportedly refused to "timely and meaningfully

3

communicate with Samsung" (Reply at 3) is also unavailing. Indeed, Samsung's own exhibits clearly show that Headwater has been in constant communication with Samsung regarding discovery and other matters, including the scheduling of Dr. Raleigh's deposition. *See, e.g.*, Samsung's Ex. D. Samsung's complaint that "Headwater delayed until just yesterday evening to provide a time and location for the deposition" of Dr. Raleigh fails. Reply at 3. The cited emails show that Dr. Raleigh's deposition date and general location had been confirmed for several weeks, and that Headwater provided the specific *starting time* and address more than two weeks in advance of the November 15 deposition. *See* Samsung's Ex. D. Samsung's demands for final logistical details nearly two months before the scheduled deposition was simply unreasonable.

Finally, Samsung's assertions regarding Headwater's "egregious" delay in seeking leave to amend its P.R. 3-1(e) allegations (Reply at 3) are without merit. Samsung admits that it has been on notice of Headwater's claimed priority date through Headwater's discovery responses. *See id.* That Headwater has not filed a formal motion for leave is inconsequential. And regardless, this, like the parties' other discovery disputes, is irrelevant to the issue of whether delaying this case potentially for years will result in undue prejudice to Headwater. At the end of the day, Samsung does not and cannot dispute that there is a lot of life left in the asserted patents, that Headwater is seeking both monetary and injunctive relief, and that final written decisions will not issue until after the scheduled trial. These facts weigh against a stay.

***The Stage of the Case.*** Samsung does not dispute that the parties and the Court have already invested substantial resources since this case was filed in October 2022. Indeed, the parties have already commenced claim construction and recently exchanged proposed constructions and extrinsic evidence.[2] Trial has been set for August 2024. These facts weigh against a stay. *See Cal.*

---

[2] Samsung attempts to downplay claim construction as "seemingly inconsequential" because it has identified only one term (found in seven of the nine asserted patents) for construction. Reply at 4

*Tech.*, slip op. at 5 (finding this factor weighed against a stay where the parties had engaged in discovery, exchanged contentions, and had begun the claim construction process and were "nearing competition of document production"); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013) (explaining that the "Court's expenditure of resources is an important factor in evaluating the stage of the proceedings" and finding this factor weighed against a stay despite the fact that "not much discovery has occurred").

While it may be true that a lot of substantive work remains, this could be said at virtually every stage of litigation and *at best* makes this factor neutral—it does not support a stay. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay."); *NFC*, 2015 WL 1069111, at *3 (finding this factor was either neutral or cut "slightly against" a stay where the case was "far enough along that a stay would interfere with ongoing proceedings" but was also "likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"); *EON Corp.IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *4 (E.D. Tex. Dec. 18, 2009) ("Although this case is in its early stages, it is not early as to weigh in favor of a stay" where the complaint was filed six months ago, the "parties in this case have begun the discovery process," and plaintiff "has completed its P.R. 3–1 and 3–2 disclosures").

In sum, all three factors weigh against a stay. Samsung's motion should be denied.

---

& n.4. This does not change the fact that both parties have invested and will continue to invest substantial time and resources litigating these issues. Nor does Samsung dispute that claim construction will likely be completed before the PTAB is done issuing *institution* decisions for most of Samsung's pending petitions.

5

Dated:  November 7, 2023  Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 7, 2023, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                 /s/ *Marc Fenster*
                 Marc Fenster