**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>*Defendants.* | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONIC CO., LTD AND SAMSUNG
ELECTRONICS AMERICA, INC.'S AMENDED ANSWER AND DEFENSES TO
PLAINTIFF HEADWATER RESEARCH LLC'S SECOND AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.

("SEA") (collectively "Defendants" or "Samsung") respectfully submit this Amended Answer to

Headwater Research LLC's ("Headwater") Second Amended Complaint for Patent Infringement

("Complaint") filed on March 13, 2023.  Samsung denies the allegations and characterizations in

Headwater's Complaint unless expressly admitted in the following paragraphs, which correspond

to the numbered paragraphs in the Complaint.

**BACKGROUND[1]**

1.      Samsung admits that Headwater purports to bring a patent infringement action for

alleged infringement of United States Patent Nos. 9,137,701 ("the '701 patent"), 9,143,976 ("the

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint
and this response. In doing so, Samsung makes no admissions regarding the substance of the
headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a
particular heading can be construed as an allegation, Samsung specifically denies all such
allegations.

'976 patent"), 9,271,184 ("the '184 patent"), 9,277,433 ("the '433 patent"), 9,277,445 ("the '445 patent"), 9,521,578 ("the '578 patent"), 9,609,544 ("the '544 patent"), 10,237,773 ("the '733 patent") and 11,405,224 ("the '224 patent") (collectively, the "Asserted Patents").   Samsung denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.     To the extent Paragraph 11 recites and implicates legal conclusions, no response is required.   Samsung admits that certain mobile devices can used for communication and entertainment and can exchange data via wireless and cellular networks.   Samsung denies any remaining allegations.

12.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore them.

14.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

## NOTICE OF THE ASSERTED PATENTS

16.     To the extent that Paragraph 16 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     To the extent that Paragraph 18 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.      Samsung admits that between 2013-2016, SEA worked with Sprint.  Samsung further admits that in instances during 2013-2016, SEA interacted with ItsOn in relation to SEA's work with Sprint. Samsung is without knowledge or information sufficient to form a belief about the allegations concerning work between Sprint and ItsOn and on that basis denies them.  To the extent that Paragraph 20 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations in Paragraph 20 of the Complaint

21.      Samsung admits that certain ItsOn software was installed on certain end user Samsung wireless devices sold by Sprint.  To the extent that Paragraph 21 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations.

22.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.      Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology. Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.      Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology. Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.    To the extent that Paragraph 26 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.    To the extent paragraph 29 is purely argumentative and/or asserts legal conclusions, no response is required.  Samsung denies any remaining allegations.

30.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38.     To the extent that Paragraph 38 alleges the Asserted Patents are valid, Samsung denies any such allegation. Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 38 of the Complaint and therefore denies them.

39.     Samsung admits that it has released various devices since 2016 having beneficial features.  Samsung denies all remaining allegations in Paragraph 39 of the Complaint.

## PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

40.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,137,701.  Samsung admits that a purported copy of the '701 patent is attached to the Complaint as Exhibit 1.  Samsung admits that Exhibit 1 bears the title "Wireless end-user device with differentiated network access for background and foreground device applications" and a "Date of Patent" of September 15, 2015.  Samsung denies any remaining allegations in Paragraph 41 of the Complaint.

42.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,271,184.  Samsung admits that a purported copy of the '184 patent is attached to the Complaint as Exhibit 2.  Samsung admits that Exhibit 2 bears the title "Wireless end-user device with per-application data limit and traffic control policy list limiting background application traffic" and a

"Date of Patent" of February 23, 2016.  Samsung denies any remaining allegations in Paragraph 42 of the Complaint.

43.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,521,578.  Samsung admits that a purported copy of the '578 patent is attached to the Complaint as Exhibit 3.  Samsung admits that Exhibit 3 bears the title "Wireless end-user device with application program interface to allow applications to access application-specific aspects of a wireless network access policy" and a "Date of Patent" of December 13, 2016.  Samsung denies any remaining allegations in Paragraph 43 of the Complaint.

44.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,277,445.  Samsung admits that a purported copy of the '445 patent is attached to the Complaint as Exhibit 4.  Samsung admits that Exhibit 4 bears the title "Wireless end-user device with differential traffic control policy list and applying foreground classification to wireless data service" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations of Paragraph 44 of the Complaint.

45.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 11,405,224.  Samsung admits that a purported copy of the '224 patent is attached to the Complaint as Exhibit 5.  Samsung admits that Exhibit 5 bears the title "Device-assisted services for protecting network capacity."  Samsung denies that the '224 patent issued on of August 8, 2022.  Samsung denies any remaining allegations in Paragraph 45 of the Complaint.

46.      Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,143,976.  Samsung admits that a purported copy of the '976 patent is attached to the Complaint as Exhibit 6.  Samsung admits that Exhibit 6 bears the title "Wireless end-user device with differentiated network access and access status for background and foreground device

applications" and a "Date of Patent" of September 22, 2015.  Samsung denies any remaining allegations of Paragraph 46 of the Complaint.

47.      Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,277,433.  Samsung admits that a purported copy of the '433 patent is attached to the Complaint as Exhibit 7.  Samsung admits that Exhibit 7 bears the title "Wireless end-user device with policy-based aggregation of network activity requested by applications" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations of Paragraph 47 of the Complaint.

48.      Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,609,544.  Samsung admits that a purported copy of the '544 patent is attached to the Complaint as Exhibit 8.  Samsung admits that Exhibit 8 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of March 28, 2017.  Samsung denies any remaining allegations of Paragraph 48 of the Complaint.

49.      Samsung admits that Headwater purports to be the owner of U.S. Patent No. 10,237,773.  Samsung admits that a purported copy of the '773 patent is attached to the Complaint as Exhibit 9.  Samsung admits that Exhibit 9 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of March 19, 2019.  Samsung denies any remaining allegations of Paragraph 49 of the Complaint.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

50.      Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Samsung denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Samsung admits that SEA is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that SEA is a wholly owned subsidiary of SEC.  Samsung admits that SEA distributes certain Samsung consumer electronics products in the United States.  Samsung denies any remaining allegations in Paragraph 51 of the Complaint.

52.     Samsung admits that SEA has corporate offices at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that SEA has corporate offices at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung admits that SEA may be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any remaining allegations in Paragraph 52 of the Complaint.

53.     Samsung admits that Headwater, through its Complaint, accuses various Samsung mobile electronic devices of allegedly infringing the Asserted Patents.  Samsung denies any alleged infringement.  Samsung denies the remaining allegations in Paragraph 53 of the Complaint.

## JURISDICTION AND VENUE

54.     Samsung admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Samsung denies any allegations of infringement.

55.     Samsung admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that Headwater is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise.  Samsung denies any allegations of infringement.

56.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District.  SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  Samsung denies any remaining allegations in Paragraph 56 of the Complaint.

57.     SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.   Samsung denies any remaining allegations in Paragraph 57 of the Complaint.

58.     Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District.  However, Samsung denies that venue in this District is convenient.  Samsung denies that it has committed acts of infringement in this District or elsewhere in the State of Texas, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint in Paragraph 58.

59.     Samsung admits that SEA has a place of business at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that it has regular and established places of business at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung denies any remaining allegations in Paragraph 59 of the Complaint.

60.     Samsung admits that SEC is a foreign corporation and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung admits that the Complaint's alleged venue as to SEC is proper

under 28 U.S.C. §1391(c).  Samsung denies any remaining allegations in Paragraph 60 of the Complaint.

61.     Samsung admits that in certain prior cases, based on the specific and unique facts of those cases, Samsung has either admitted or not contested proper venue in this District. Samsung denies any suggestion that this is a convenient forum to resolve this dispute.  Samsung denies any remaining allegations in Paragraph 61 of the Complaint.

### COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '701 PATENT

62.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

63.     Samsung admits that Exhibit 1 bears the title "Wireless end-user device with differentiated network access for background and foreground device applications" and a "Date of Patent" of September 15, 2015.  Samsung denies any remaining allegations in Paragraph 63 of the Complaint.

64.     Samsung admits that Headwater purports to be the owner of the '701 patent. Samsung denies any remaining allegations in Paragraph 64 of the Complaint.

65.     To the extent paragraph 65 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 65 of the Complaint

66.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66 of the Complaint and therefore denies them.

67.     Denied.

68.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 68 of the Complaint.

69.     Samsung admits Headwater attaches an Exhibit 10 to its Complaint that purports to show alleged infringement of the '701 patent.   Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 69 of the Complaint.

70.     Samsung admits that the '701 patent is listed as a reference cited on at least one issued patent that identifies the applicant as Samsung Electronics Co. Ltd.   Samsung denies any alleged infringement.   Samsung denies all remaining allegations in Paragraph 70 of the Complaint.

71.     Denied.

72.     Denied.

73.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.   Samsung denies all remaining allegations in Paragraph 73 of the Complaint.

74.     Denied.

75.     Denied.

### COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '184 PATENT

76.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

77.     Samsung admits that Exhibit 2 bears the title "Wireless end-user device with per-application data limit and traffic control policy list limiting background application traffic" and a "Date of Patent" of February 23, 2016.   Samsung denies any remaining allegations in Paragraph 77 of the Complaint.

78.     Samsung admits that Headwater purports to be the owner of the '184 patent. Samsung denies any remaining allegations in Paragraph 78 of the Complaint.

79.     To the extent Paragraph 79 recites and implicates legal conclusions, no response is required.   Samsung denies all remaining allegations in Paragraph 79 of the Complaint.

80.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80 of the Complaint and therefore denies them.

81.     Denied.

82.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 82 of the Complaint.

83.     Samsung admits Headwater attaches an Exhibit 11 to its Complaint that purports to show alleged infringement of the '184 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 83 of the Complaint.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 87 of the Complaint.

88.     Denied.

89.     Denied.

### COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '578 PATENT

90.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

91.     Samsung admits that Exhibit 3 bears the title "Wireless end-user device with application program interface to allow applications to access application-specific aspects of a

wireless network access policy" and a "Date of Patent" of December 13, 2016.  Samsung denies any remaining allegations in Paragraph 91 of the Complaint.

92.     Samsung admits that Headwater purports to be the owner of the '578 patent. Samsung denies any remaining allegations in Paragraph 92 of the Complaint.

93.     To the extent paragraph 93 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 93 of the Complaint.

94.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 94 of the Complaint and therefore denies them.

95.     Denied.

96.     Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 96 of the Complaint.

97.     Samsung admits Headwater attaches an Exhibit 12 to its Complaint that purports to show alleged infringement of the '578 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 73 of the Complaint.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 101 of the Complaint.

102.    Denied.

103.    Denied.

## **COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '445 PATENT**

104.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

105.    Samsung admits that Exhibit 4 bears the title "Wireless end-user device with differential traffic control policy list and applying foreground classification to wireless data service" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations in Paragraph 105 of the Complaint.

106.    Samsung admits that Headwater purports to be the owner of the '445 patent. Samsung denies any remaining allegations in Paragraph 106 of the Complaint.

107.    To the extent Paragraph 107 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 107 of the Complaint.

108.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 108 of the Complaint and therefore denies them.

109.    Denied.

110.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 110 of the Complaint.

111.    Samsung admits Headwater attaches an Exhibit 13 to its Complaint that purports to show alleged infringement of the '445 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 111 of the Complaint.

112.    Denied.

113.    Denied.

114.   Denied.

115.   Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 115 of the Complaint.

116.   Denied.

117.   Denied.

## **COUNT 5 – CLAIM FOR INFRINGEMENT OF THE '224 PATENT**

118.   Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

119.   Samsung admits that Exhibit 5 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of August 2, 2022.  Samsung denies any remaining allegations in Paragraph 119 of the Complaint.

120.   Samsung admits that Headwater purports to be the owner of the '224 patent. Samsung denies any remaining allegations in Paragraph 120 of the Complaint.

121.   To the extent Paragraph 121 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 121 of the Complaint.

122.   Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 122 of the Complaint and therefore denies them.

123.   Denied.

124.   Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 124 of the Complaint.

125.     Samsung admits Headwater attaches an Exhibit 14 to its Complaint that purports to show alleged infringement of the '224 patent.   Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 125 of the Complaint.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.   Samsung denies all remaining allegations in Paragraph 129 of the Complaint.

130.     Denied.

131.     Denied.

### COUNT 6 – CLAIM FOR INFRINGEMENT OF THE '976 PATENT

132.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

133.     Samsung admits that Exhibit 6 bears the title "Wireless end-user device with differentiated network access and access status for background and foreground device applications" and a "Date of Patent" of September 22, 2015.   Samsung denies any remaining allegations in Paragraph 133 of the Complaint.

134.     Samsung admits that Headwater purports to be the owner of the '976 patent. Samsung denies any remaining allegations in Paragraph 134 of the Complaint.

135.     To the extent Paragraph 135 recites and implicates legal conclusions, no response is required.   Samsung denies all remaining allegations in Paragraph 135 of the Complaint.

136.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 136 of the Complaint and therefore denies them.

137.    Denied.

138.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 138 of the Complaint.

139.    Samsung admits Headwater attaches an Exhibit 15 to its Complaint that purports to show alleged infringement of the '976 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 139 of the Complaint.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 143 of the Complaint.

144.    Denied.

145.    Denied.

### **COUNT 7 – CLAIM FOR INFRINGEMENT OF THE '433 PATENT**

146.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

147.    Samsung admits that Exhibit 7 bears the title "Wireless end-user device with policy-based aggregation of network activity requested by applications" and a "Date of Patent" of March 1, 2016.  Samsung denies any remaining allegations in Paragraph 147 of the Complaint.

148.    Samsung admits that Headwater purports to be the owner of the '433 patent. Samsung denies any remaining allegations in Paragraph 148 of the Complaint.

149.    To the extent Paragraph 149 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 149 of the Complaint.

150.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 150 of the Complaint and therefore denies them.

151.    Denied.

152.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 152 of the Complaint.

153.    Samsung admits Headwater attaches an Exhibit 16 to its Complaint that purports to show alleged infringement of the '433 patent.   Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 153 of the Complaint.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 157 of the Complaint.

158.    Denied.

159.    Denied.

## COUNT 8 – CLAIM FOR INFRINGEMENT OF THE '544 PATENT

160.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

161.    Samsung admits that Exhibit 8 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of March 28, 2017.  Samsung denies any remaining allegations in Paragraph 161 of the Complaint.

162.    Samsung admits that Headwater purports to be the owner of the '544 patent.  Samsung denies any remaining allegations in Paragraph 162 of the Complaint.

163.    To the extent Paragraph 163 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 163 of the Complaint.

164.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 164 of the Complaint and therefore denies them.

165.    Denied.

166.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 166 of the Complaint.

167.    Samsung admits Headwater attaches an Exhibit 17 to its Complaint that purports to show alleged infringement of the '544 patent.  Samsung denies any alleged infringement.  Samsung denies all remaining allegations in Paragraph 167 of the Complaint.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 171 of the Complaint.

172.    Denied.

173.    Denied.

### COUNT 9 – CLAIM FOR INFRINGEMENT OF THE '773 PATENT

174.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

175.    Samsung admits that Headwater purports to be the owner of U.S. Patent No. 10,237,773.  Samsung admits that a purported copy of the '773 patent is attached to the Complaint as Exhibit 9.  Samsung admits that Exhibit 9 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of March 19, 2019.  Samsung denies any remaining allegations of Paragraph 175 of the Complaint.

176.    Samsung admits that Exhibit 9 bears the title "Device-assisted services for protecting network capacity" and a "Date of Patent" of March 19, 2019.  Samsung denies any remaining allegations in Paragraph 176 of the Complaint.

177.    Samsung admits that Headwater purports to be the owner of the '773 patent. Samsung denies any remaining allegations in Paragraph 177 of the Complaint.

178.    To the extent Paragraph 178 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 178 of the Complaint.

179.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 179 of the Complaint and therefore denies them.

180.    Denied.

181.    Samsung admits that certain of its mobile phones and tablets are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 181 of the Complaint.

182.    Samsung admits Headwater attaches an Exhibit 18 to its Complaint that purports to show alleged infringement of the '773 patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 182 of the Complaint.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Samsung admits that certain Galaxy tablets and phones are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 186 of the Complaint.

187.    Denied.

188.    Denied.

189.    Headwater makes no allegations in paragraph 189, and therefore no response is required.

## **JURY DEMAND**

190.    Samsung is not required to provide a response to Headwater's request for a trial by jury.

## RELIEF REQUESTED

Samsung denies that Headwater is entitled to any relief it seeks in its Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

****

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

Samsung does not and has not infringed, under any theory of infringement, (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
### (Invalidity and/or Ineligibility)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

One or more claims of the '701 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '184 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '578 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '445 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '224 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '976 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '433 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '544 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '773 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE
### (Laches, Equitable Estoppel, Waiver, and/or Unclean Hands)

Headwater's attempted enforcement of the Asserted Patents against Samsung is barred by laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

### FOURTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

Headwater's claims are barred by the doctrine(s) of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

### FIFTH ADDITIONAL DEFENSE
### (Notice, Damages, Marking, and Costs)

Headwater's claims for damages are statutorily limited or wholly barred under 35 U.S.C. §§ 286 and 287.  For example:

<u>Marking</u>.  Headwater alleges that the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" practiced the Asserted Patents.  Headwater represents that products, purportedly including Samsung devices operating on the Sprint network, implementing the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" were sold and/or offered for sale at least between 2013 and 2017.  Those products allegedly included at least the Samsung Grand Prime, the Samsung GS5 Sport, the Samsung GS5, the Samsung Note 4, Samsung Galaxy S3, Samsung Galaxy S4,

Samsung Galaxy S5 Sport, Samsung Galaxy S3 T, Samsung Galaxy Tab 4, Samsung Galaxy Tab S, and Samsung Note Edge, among others.  According to Dr. Gregory Raleigh, ███████ phones implementing the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" on the Sprint network were sold in that same time period.  Ex. A (Raleigh Tr.) at 237:14-238:2.

Headwater has failed to satisfy the marking requirement per 35 U.S.C. §287(a) with respect to at least Samsung devices (or any devices operating on the Sprint network) allegedly containing "ItsOn software," "ItsOn solution/s," and/or "ItsOn application," including those specifically identified above.  Headwater alleges that it satisfied its marking requirement because the ItsOn application allegedly included a link to http://www.itsoninc.com/patent-notices, which Headwater claims would have provided notice of Headwater's patents.  Headwater alleges that this virtual patent marking page fulfilled ItsOn's contractual requirement to mark ItsOn articles with the patent numbers of Headwater's issued patents. This position is incorrect for several reasons.

First, the following Asserted Patents never appeared on the "virtual patent marking page": U.S. Patent No. 9,277,433, U.S. Patent No. 9,277,445, U.S. Patent No. 9,521,578, U.S. Patent No. 10,237,773, and U.S. Patent No. 11,405,224.

Second, between 2013 and 2017 (during which Headwater represents that products implementing the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" were sold), the following Asserted Patents did not appear on the "virtual patent marking page" until well after they issued, creating (at a minimum) gaps in required marking: U.S. Patent No. 9,137,701, U.S. Patent No. 9,143,976, U.S. Patent No. 9,271,184, and U.S. Patent No. 9,609,544.

Third, even if all the Asserted Patents had been timely posted on the "virtual patent marking page," the alleged notice provided on the "virtual patent marking page" was insufficient.  Notice must "associate[ ] the patented article with the number of the patent." 35 U.S.C. § 287(a).  "Thus,

26

a mere direction to an Internet website that simply lists patents—without mentioning [or] associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021) (citing *Mfg. Resources Int'l Inc. v. Civiq Smartscapes LLC*, 397 F. Supp. 3d 560, 578 (D. Del. 2019)).  ItsOn's virtual patent marking page was a website that simply listed patents "without mentioning [or] associating any patent with a specific patented article." *Id.*

Fourth, even if the Asserted Patents had been timely posted on the "virtual patent marking page," and even if the "virtual patent marking page" was sufficient, on information and belief, mobile phones operating on the Sprint network implementing the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" and that were sold to the public (including those Samsung phones specifically identified above) did not include a link to ItsOn's "virtual patent marking page" that was accessible by the public.

Notice.  Headwater did not provide actual or constructive notice of (1) the specifically Asserted Patent numbers (in writing or orally) or (2) any purported infringement of the Asserted Patents (in writing or orally) to Samsung prior to the filing of the Complaints in this litigation. *See* Ex. B (Headwater Resp. to RFA 2); Ex. A (Raleigh Tr.) at 157:15-19, 187:10-190:5; Ex. C (Harris Tr.) at 134:13-135:10.

## SIXTH ADDITIONAL DEFENSE
### (Covenant Not to Sue, License, and/or Estoppel)

Headwater's claims are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized.  Moreover, Headwater's claims are barred because it entered an agreement providing Samsung the protection of a covenant not to sue, a license (express or implied), and/or agreement (contractual or otherwise) that legally estops Headwater from bringing this lawsuit against Samsung.

## SEVENTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Headwater's Complaint fails to state a claim upon which relief can be granted.

## EIGHTH ADDITIONAL DEFENSE
### (Inequitable Conduct / Infectious Unenforceability)

The Asserted Patents are unenforceable due to the doctrines of inequitable conduct and infectious unenforceability because the patent applicant(s) knowingly and intentionally failed to disclose known bases for invalidity under pre-AIA 35 U.S.C. § 102 and/or 103. *See Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2011 WL 13134896, at *6 (E.D. Tex. Dec. 13, 2011) ("inequitable conduct in the prosecution of a parent application may render the parent and its progeny unenforceable" (i.e., "infectious unenforceability")), report and recommendation adopted, No. 6:10-CV-379-LED-JDL, 2012 WL 12893881 (E.D. Tex. Jan. 18, 2012); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011) ("[T]he taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family."). Headwater's deliberate omissions were material to patentability, made with the intent to deceive the patent examiner, and were justifiably relied upon by the examiner in ultimately issuing the Asserted Patents.

Prior to both the January 28, 2009 filing date of U.S. Patent Application No. 61/206,354 ("the '354 Application") and the May 25, 2010 filing date of U.S. Patent Application No. 61/348,022, ("the '022 Application") from which all of the Asserted Patents allegedly claim priority, a version of the Android mobile device operating system ("Android OS") was released on September 23, 2008. Subsequently Android OS Version 1.1 was released on February 9, 2009, Android OS Version 1.5, also known as Cupcake, was released on April 27, 2009, Android OS Version 1.6, also known as "Donut," was released on September 15, 2009, Android OS Versions

2.0, 2.0.1, and 2.1, collectively known as "Éclair," were released on October 27, 2009, December 3, 2009, and January 11, 2010 (respectively), and Android OS Version 2.2, also known as "Froyo," was released on May 20, 2010. Each of these versions of the Android OS were publicly distributed and widely disseminated before the filing of the '354 and/or '022 Applications. This material system art, and its corresponding devices/documentation (including both patent and non-patent publications), is prior art under at least pre-AIA 35 U.S.C. § 102 (a) and (b).

As explained in more detail below, the Android OS, and material pertaining to the Android OS, was material to the later prosecution and examination of all Asserted Patents because it would have anticipated and/or rendered obvious all of the asserted claims. In addition, Headwater, the inventors of the Asserted Patents, and the Asserted Patents' prosecuting agent(s) knew about Android OS, and its related documentation, but failed to disclose this material prior art to the USPTO.  Based on these facts, the most reasonable inference is that Headwater's failure to disclose such material prior art during prosecution was an intentional fraud on the USPTO.

Each person involved in the prosecution of the '354 Application, the '022 Application, and the Asserted Patents, including at least inventors Gregory Raleigh, Alireza Raissinia, and James Lavine, as well as their patent prosecution counsel, including at least James Harris, owed a duty of candor to the Examiner during the prosecutions of the '354 Application, the '022 Application, and the applications that ultimately issued as the Asserted Patents. On information and belief, each person involved in the prosecution of the '354 Application, the '022 Application, and the Asserted Patents knew of the Android OS, and related patent and non-patent literature, at the times of filing of the '354 Application, the '022 Application, and each of the Asserted Patents.  For example:

Gregory Raleigh.  Gregory Raleigh is the first named inventor on all 9 Asserted Patents, as well as the founder and Lead Director of the Board of Directors for Plaintiff Headwater Research

LLC.  On information and belief, Gregory Raleigh was acutely familiar with the Android OS both before and during prosecution of the '354 Application, the '022 Application, and the applications that led to the issuance of the Asserted Patents, and recognized the material nature of the Android OS (and any related literature) as prior art.  Indeed, Gregory Raleigh admitted to "███████████ ███████████████████████████████"  *See, e.g.*, Ex. A (Raleigh Tr.) at 26:12-27:4. Such research included "████████████████████████████████████████" *Id.*  According to Gregory Raleigh, he was "████████████████████ ██████████████████████████████████████████" *Id.* at 115:18-22.

Gregory Raleigh admitted under oath that before and during prosecution of the applications that led to the Asserted Patents, he: (1) knew about the Android OS; (2) researched how it controlled applications (i.e., the subject matter of the Asserted Patents) along with co-inventor Alireza Raissinia; and (3) hired a team of Android OS software engineers in his role as CEO of ItsOn, Inc. to develop the ItsOn product and to explain to him how the Android OS did and did not function.  Ex. A (Raleigh Tr.) at 257:10-13 ("I had a pretty good understanding of what Android did and didn't do in general ████████████████████████████ ███████████), 119:18-24 ("████████████████████████ ████████████████████████████████████████ ███"), 120:6-13 ("██████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████"), 257:20-258:2 ("████████████████████████████████████████



Gregory Raleigh was fluent in a number of programming languages and developed his knowledge of the Android OS, whose source code was open to the public (e.g., the Android Open Source Project), via his own personal research into how the Android OS functions and via his team of Android OS software engineers, both before and during the prosecutions of the '354 Application, the '022 Application, and the applications that led to the Asserted Patents.  Ex. A (Raleigh Tr.) at 29:8-30:3 ("Q. What program languages were you fluent in? A. Okay. Fortran, CPlusPlus, Basic, Visual Basic, assembly language, a little bit of work with Python here and there … Q. When was the last time you coded? A. I still code a little bit in MATLAB[.]"), 117:9-17 ("Q. I'll rephrase. By 2010 were you familiar with the Android operating system? . . . THE WITNESS: You know, okay, generally familiar. I'm not sure what familiar means. I was certainly aware of Android. I knew of some of the features. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌



.”), 118:23-119:3 (“███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████”).

Gregory Raleigh also testified that he was aware that Android non-patent literature constituted "██████████" that would "████████████████████████," and thus was material to validity. *E.g.*, Ex. A (Raleigh Tr.) at 250:15-258:4 (testifying that exemplary piece of Android non-patent literature was "████████████████████████████████████").

Gregory Raleigh further understood that he had a duty to disclose to the Patent Office all information which is relevant in assessing patentability of the invention which is the subject of the patent applications he was filing. *See id.* at 25:22-26:7.

Despite Gregory Raleigh's extensive prior knowledge of the Android OS before the alleged priority dates of the Asserted Patents and belief that art related to the Android OS was relevant to the patentability of the applications that eventually led to the Asserted Patents—because such art was related to the claimed technology—he chose not to disclose *any* Android literature to the Patent Office when filing the '354 Application, the '022 Application, or the applications that led to the following Asserted Patents: U.S. Patent Nos. 9,137,701, 9,143,976, 9,271,184, 9,277,433, 9,277,445, 9,512,578, 9,609,544.   The remaining two Asserted Patents, U.S. Patent Nos. 10,237,773 and 11,405,224, relate to and claim priority through U.S. Patent Nos. 9,137,701, 9,143,976, 9,271,184, 9,277,433, 9,277,445, 9,512,578, and 9,609,544, and are thus similarly infected by such inequitable conduct.

Finally, after being extensively questioned during his deposition about his knowledge of the Android OS, Gregory Raleigh admitted to improperly speaking to counsel during a break in

his deposition about the Android OS, and further improperly refused to answer questions concerning his mid-deposition discussions with counsel about the Android OS:



Ex. A (Raleigh Tr.) at 122:10-124:22 (admitting to discussing Android with counsel during a break after being questioned about Android immediately prior to the break).   Gregory Raleigh's conference with counsel about a main topic of his testimony during a break in his deposition was improper. *See ReedHycalog UK, Ltd. V. Diamond Innovations Inc.*, No. 6:08-CV-325, 2010 WL 3238312, at *7 (E.D. Tex. Aug. 12, 2010) (finding counsel's conference with a witness "during a break in his deposition" and counsel's refusal to allow that witness to "answer questions about the discussion with counsel" to be both improper and an example of "litigation misconduct").

Based on all the foregoing, the single most reasonable inference able to be drawn is that Gregory Raleigh acted with the specific intent to deceive the Patent Office and that his failure to disclose such material prior art during prosecution was an intentional fraud on the USPTO. *Eon Corp.*, 2011 WL 13134896, at *3 ("[T]he specific intent to deceive must be 'the single most reasonable inference able to be drawn.'" (quoting *Therasense*, 649 F.3d at 1290)).  Any conclusory assertions that Gregory Raleigh never intended to withhold such material prior art are entitled to no weight.  *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1317 (Fed. Cir. 2008) (finding conclusory statements that prosecuting attorney never "intentionally misled the United States Patent Office" and "did not knowingly withhold any information from the Patent and Trademark Office" to be "entitled to no weight").

<u>James Harris:</u> James Harris, who previously served as Headwater's General Counsel, Acting CEO, and patent prosecution counsel of record for eight of the nine Asserted Patents, was

also very familiar with Android OS both before and during the prosecution of the applications that led to the issuance of the Asserted Patents, recognized that the Android OS (and related literature) was both material and non-cumulative prior art, and was familiar with the duty to disclose such material prior art to the Patent Office but failed to do so.

During his November 27, 2023 deposition, James Harris testified that: (1) he was aware that parts of Android's source code are open source; (2) he had knowledge of multiple programming languages (and thus would have understood Android's open source code); and (3) during his time at Headwater (in which time he prosecuted the first 8 of 9 Asserted Patents), he was "█████████████████████████████████████████████████." Ex. C (Harris Tr.) at 146:19-21; *see also id.* at 150:7-11 ("Q. Were you aware that Android's source code was open to the public?... A. I am aware that parts of Android's source code are open source."), 19:5-17 ("Q. Do you have any knowledge of programming languages?  A. Yes.  Q. Which ones are you fluent in? A. I don't know that I'm fluent in any of them anymore. I'm certainly most fluent in C, and C++, but there are a number of languages that I understand well, but not well enough that I code in them every day, but I can read them.  Q. Can you list those languages?  A. Well, back in the day, Fortran, Ada. Also you know, more recent Java, similar – similar languages to that, but probably mostly Java.").  Indeed, according to Mr. Harris, the aspects that he was most familiar with included "████████████████████████████████████████," *id.* at 147:7-8, which indisputably relate to the subject matter of all 9 Asserted Patents (e.g., differentiated network access, policy-based aggregation of network activity, protecting network capacity, wireless network access policies, etc.).

When prosecuting U.S. Patent No. 10,237,773 ("the '773 Patent"), the last Asserted Patent Mr. Harris worked on and which was first filed for on May 11, 2018, Mr. Harris included a citation

to "Android Cupcake excerpts, The Android Open Source Project, Feb. 10, 2009." Ex. D ('773

Patent) at p. 13.  Though he failed to disclose this Android OS reference with respect to the first 7

Asserted Patents he prosecuted on behalf of Headwater, Mr. Harris testified that he disclosed this

reference—predating all 9 Asserted Patents and the '022 Application to which they allegedly claim

priority—for the '773 Patent because it was potentially **material** and **noncumulative**:

> Q.  For the record, this is US patent number 10,237,773.  If we turn to page 13, and we look about two-thirds of the way down the right column, there's a reference to Android cupcake excerpts.  Let me know when you see that.
>
> A. Yes.
>
> Q.  It states, "Android Cupcake Excerpts, the Android Open Source Project, February 10, 2009."  Do you see that?
>
> A.  Yes.

Ex. C (Harris Tr.) at 167:2-168:16.

Despite Mr. Harris admitting to being " ███████████████████████████

████████████████████ " *id.* at 146:19-21, and conceding the materiality and non-

cumulative nature of Android OS-related literature as prior art to the Asserted Patents, he admitted

that the word "Android" was never included in the "references cited" section of any of the 7

previously-filed Asserted Patents, on which Mr. Harris was the prosecuting attorney of record for

Headwater:

> Q. Okay. I want to flip back to Harris Exhibit 5 [U.S. Patent No. 9,137,701]. If you
> take a look at the references cited in this patent, do any of the references cited refer
> to "Android"?
>
> . . .
>
> Q. Is the word "Android" mentioned in the references cited?
>
> …
>
> A. I mean, unless one of the inventors is named "Android," no.
>
> …
>
> Q. I'm going to introduce Harris Exhibit 7. For the record this is US Patent Number
> 9,143,976. Above the abstract do you see, again, that you are listed as the attorney
> of record?
>
> A. Yes.
>
> …
>
> Q. If you turn to the references cited for the '976 Patent, is the word "Android" ever
> mentioned in the references cited section?
>
> …
>
> A. Unless I overlooked it, I don't see it.
>
> Q. Okay. I'm going to introduce Harris Exhibit 8.  For the record, this is US Patent
> Number 9,271,184.
>
> …

Q.  In the references cited section for this patent, is the word Android ever mentioned in the References Cited?

…

A.  I don't see the word Android…

Q.  I'm going to introduce Harris Exhibit 9.  For the record, this is US Patent Number 9,277,433. Do you see on this page you are listed as the attorney of record again?

A.  Yes.

…

Q.  All right.  I'm going to ask the same question about the references cited, and whether there's any mention of the word "Android"?

…

A.  I don't see any.

Q.  All right.  I will introduce as Harris Exhibit 10 US Patent Number 9,277,445.

Q.  Do you see on the first page above the Abstract that you are listed as the attorney of record?

A.  Yes.

…

Q. If you turn to the References Cited section for the '445 patent, do you see any mention of the word "Android"?

…

A.  No.  I don't see it.

Q.  I'm going to introduce as Exhibit Harris 11 US Patent Number 9,521,578.

Q.  On the cover page of this patent, the '578 patent, do you see that you are listed as the attorney of record.

A.  Yes.

…

Q.  If you take a look at the References Cited section of the '578 patent, is the word "Android" ever mentioned?

…

A.  I don't see it.

Q.  I will introduce to the record Harris Exhibit 12.

Q.  Do you see on the cover page of the '544 patent that you are listed as the attorney of record?

A.  Yes.

…

Q.  If you take a look at the References Cited section, do you see any mention of the word "Android"?

…

A.  I don't see it.

*Id.* at 168:17-174:11.

Mr. Harris failed to disclose any Android OS literature to the Examiner when prosecuting U.S. Patent Nos. 9,137,701, 9,143,976, 9,271,184, 9,277,433, 9,277,445, 9,512,578, 9,609,544, despite: (1) being familiar with aspects of Android that were related to Headwater's inventions; (2) believing that Android OS literature was material and noncumulative of the art cited in the aforementioned Asserted Patents; and (3) admitting that he "███████████████████ ████████████████████████████" *Id.* at 159:2-3.  Based on all the foregoing, the single most reasonable inference able to be drawn is that James Harris similarly acted with the specific intent to deceive the Patent Office and that his failure to disclose such material prior art during prosecution was an intentional fraud on the USPTO.  *See Eon Corp.*, 2011 WL 13134896, at *3. Any conclusory assertions that James Harris never intended to withhold such material prior art are

39

entitled to no weight.  *See Praxair*, 543 F.3d at 1317 (finding conclusory statements that prosecuting attorney never "intentionally misled the United States Patent Office" and "did not knowingly withhold any information from the Patent and Trademark Office" to be "entitled to no weight").

Samsung has identified the specific claim limitations to which such withheld Android OS prior art is relevant, and wherein the Android OS material information can be found in its September 6, 2023 Amended Invalidity Contentions, attached hereto as Exhibits E-N. As indicated therein, the following Android OS Versions (and publications relating to them) were publicly available, and widely known across the industry,[2] before the filing of the '354 and/or '022 Applications to which all 9 Asserted Patents attempt to claim priority:

- Android 1.0 (released September 2008)

- Android 1.1 (released February 2009)

- Android Cupcake (1.5) (released April 2009)

- Android Donut (1.6) (released September 2009)

- Android Éclair (2.0, 2.0.2, 2.1) (released October 2009 – January 2010)

- Android Froyo (2.2) (released May 20, 2010)

As also indicated in Exhibits E-N, the Examiner would have recognized that Android OS versions predating the Asserted Patents' alleged priority dates included files such as ConnectivityManager, NetworkInfo, NetworkStateTracker, ThrottleManager, TrafficStats, ConnectivityManagerMobileTest, Socket, SocketTest, Power, PowerManager, PowerManagerTest, BatteryManager, and BatteryStats, which each disclose one or more claim

---

[2] Indeed, Mr. Harris expressly testified that "throughout the smartphone era there has been Blackberry, Android, and iOS."  Ex. C (Harris Tr.) at 193:3-5.

limitations of the Asserted Patents.[3] Taken as a whole, the Android OS, and patent and non-patent literature describing the functionality of the Android OS, constitutes material prior art to the Asserted Patents because but for Headwater withholding it from the Patent Office, the Asserted Patents would not have issued.

Because of this fraud on the Patent Office, which is only exemplified by the above citations, Samsung respectfully requests that the Court render all Asserted Patents unenforceable due to inequitable conduct and/or infectious unenforceability.

**NINTH ADDITIONAL DEFENSE**
**(No Standing)**

Headwater's claims are barred because Headwater lacks standing to bring this suit. Specifically, Headwater cannot prove that it is the rightful owner of the Asserted Patents.

**TENTH ADDITIONAL DEFENSE**
**(Prosecution Laches)**

Headwater's Asserted Patents issued after an unreasonable, inexcusable, and prejudicial delay amounting to an egregious misuse of the statutory patent system under the totality of the circumstances. Thus, the Asserted Patents are unenforceable under the doctrine of prosecution laches.

The Federal Circuit has explained that "the doctrine of prosecution laches places an additional, equitable restriction on patent prosecution conduct beyond those imposed by statute or PTO regulation," and that "[a]n applicant must therefore not only comply with the statutory requirements and PTO regulations but must also prosecute its applications in an equitable way that

---

[3] Remarkably, Headwater continues to accuse certain of these features in Android's open source code, which have been around since before the alleged priority dates of the Asserted Patents and thus throughout these prosecutions, of infringing the asserted claims.

avoids unreasonable, unexplained delay that prejudices others." *Hyatt v. Hirshfield*, 998 F.3d 1347, 1366 (Fed. Cir. 2021).

Headwater chose to pursue a shoot first, aim later strategy in prosecuting each of the Asserted Patents as well as dozens of related patents. Headwater filed the provisional application from which the Asserted Patents allegedly claim priority, U.S. Patent Application No. 61/206,354 ("the '354 Application"), on January 28, 2009, but it did not file applications for the Asserted Patents until many years later. The specific delays for each Asserted Patent are listed below

- U.S. Patent No. 9,137,701: 1/28/2009 – 3/31/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,143,976: 1/28/2009 – 4/01/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,271,184: 1/28/2009 – 4/16/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,277,433: 1/28/2009 – 4/16/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,277,445: 1/28/2009 – 4/10/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,521,578: 1/28/2009 – 4/17/2015 = Over 6 years, 2 months

- U.S. Patent No. 9,609,544: 1/28/2009 – 11/15/2013 = Over 4 years, 9 months

- U.S. Patent No. 10,237,773: 1/28/2009 – 5/11/2018 = Over 9 years, 3 months

- U.S. Patent No. 11,405,224: 1/28/2009 – 8/13/2020[4] = Over 11 years, 6 months

In fact, Headwater filed the '773 and '224 Patents well after it had allegedly brought the claimed inventions (via ItsOn) to market. *See* Headwater Second Amended Complaint at ¶¶ 19-27.

Headwater's unreasonable delays are inexcusable. Headwater's former General Counsel and the prosecuting attorney of record for eight of the nine Asserted Patents alluded to such a shoot first, aim later strategy, in his November 27, 2023 deposition, explaining that Headwater would

---

[4] Note that the asserted claims of the '224 Patent were not added until February 28, 2022, amounting to a delay of 13 years and 1 month from the claimed priority date.

disclose many inventions and then wait to draw claims to them. " 

" Ex. C (Harris Tr.) at 157:10-17. The Federal Circuit has recognized

that such unreasonable, inexcusable delay to claim inventions "is not what is contemplated by the

patent statute when it provides for continuation and continuation-in-part applications." *Hyatt*, 998

F.3d 1347 at 1361. "That an invention may have been lurking between the lines of an earlier

application does not excuse a delay in presenting claims on it." *Sonos, Inc. v. Google LLC*, No. C

20-06754 WHA, No. C 21-07559 WHA, 2023 WL 6542320 at *17 (N.D. Cal. Oct. 6, 2023).

Samsung has been prejudiced insofar as it has invested in, worked with, and used the

technology that is now being accused of infringing the Asserted Patents during the time in which

Headwater delayed its prosecution. All features accused of infringing the Asserted Patents are part

of the Android operating system ("Android OS") employed by Samsung's accused products.

While Samsung was investing significant time and expense integrating the Android OS into its

mobile devices, Headwater was serially prosecuting the claims it now asserts.

## RESERVATION OF ADDITIONAL DEFENSES

Samsung reserves the right to assert additional defenses that may surface through discovery

in this action.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues that may be so tried.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung respectfully prays that this Court enter judgment in Samsung's favor against Headwater and requests the following relief.

A. A complete denial of Headwater's requests for damages, costs, expenses, injunction, and any other form of relief;

B. Dismissal with prejudice of all claims in Headwater's Complaint against Samsung;

C. A permanent injunction restraining Headwater and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that any of the Asserted Patents have been infringed by Samsung under any subsection of 35 U.S.C. §§ 271 or 281;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Samsung its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

E. An award to Samsung of its costs and disbursements in defending in this action brought by Headwater; and

F. An award to Samsung of any and all further relief as this Court may deem just and proper.

Dated: December 1, 2023                       Respectfully submitted,

By:   _/s/ Thad C. Kodish_
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255

hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (p*ro hac vice*)
CA Bar No. 317591
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 1, 2023

*/s/ Thad C. Kodish*
Thad C. Kodish

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish
