# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>   *Plaintiff*,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   *Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**PLAINTIFF HEADWATER RESEARCH LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-2)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Headwater Research LLC ("Headwater") responds to Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Samsung") Requests for Admission (the "Requests") as follows:

Headwater's search for information is ongoing. Headwater reserves the right to rely on facts, documents, or other evidence that may develop or come to Headwater's attention at a later time. Headwater's responses are based on information presently known to Headwater and are set forth without prejudice to Headwater's right to assert additional objections and/or supplementary responses should Headwater discover additional documents, information or grounds for objections. Headwater reserves the right to supplement or amend its responses to the Requests at any time prior to the trial in this action.

1

Specific objections to each Request are made on an individual basis in Headwater's responses below. In addition to the specific objections, Headwater makes certain general objections (the "General Objections") to the Requests. These General Objections are hereby incorporated by reference into the specific response made to each separate Request. For particular emphasis, Headwater has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below. Headwater's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion in any response below of any specific objection to a specific Request is neither intended as, nor shall in any way be deemed, waiver of any General Objection or of any other specific objection made.

## PRELIMINARY STATEMENT

The following responses, while based on diligent investigation by Headwater, are necessarily supported only by those facts and writings presently and specifically known and readily available. Headwater has not completed their investigation of all facts related to the subject matter of this action or discovery. Headwater expressly reserves their right (a) to object on any ground to the Requests; (b) to revise, correct, supplement or clarify any responses and answers at any later date; or (c) to produce at any stage of the proceedings, including at the hearing, evidence of facts or information that Headwater may later recall or discover; and nothing herein should be construed as a waiver thereof. By providing responsive information, Headwater does not concede that any such information is admissible. Further, Headwater does not waive any objection, whether or not asserted here, to the use or admissibility of such information and

documents during these proceedings, including objections as to competence, authenticity, relevance, materiality, and admissibility.

Moreover, no incidental or implied admissions are intended by the answers below. The fact that Headwater has answered or objected to all or part of a Request should not be construed as an admission that Headwater accepts or admits the existence of any purported facts set forth or assumed by such Request or that Headwater has waived any part of any objection to the Request.

**GENERAL OBJECTIONS**

The following objections apply to and are incorporated into each and every one of the following answers and objections, and failure to repeat an objection in an answer to a specific Request shall not be deemed a waiver of these general objections:

1. Headwater objects to these Requests to the extent that they Request the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. Headwater hereby asserts all such applicable privileges and protections, and will not produce privileged and protected information in response to these Requests. Unless explicitly stated, any production of privileged or protected information is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

2. Headwater objects to the Requests, including Samsung's Definitions and Instructions, to the extent they attempt to impose any obligations on Headwater beyond and/or inconsistent with those set forth in the District's local rules, the Court's rules and orders, and the schedule issued in this case.

3. Headwater objects to the Requests to the extent that they seek information that is

3

not within the present possession, custody or control of Headwater. Headwater will use reasonable diligence to locate information that are within its possession, custody and control.

4. Headwater objects to these Requests to the extent that they seek information or documents already in the possession of or more readily available to Samsung, in the public domain, or equally available to Samsung as they are to Headwater.

5. Headwater objects to the Requests to the extent that they call for the premature disclosure of expert discovery, such as undisclosed expert opinions or work product.

6. Headwater objects to these Requests to the extent that they assume facts not in evidence.

7. Headwater objects to the Definitions and Instructions as unduly burdensome. Headwater will comply with its obligations pursuant to the Federal Rules of Civil Procedure and applicable local rules, if any.

8. Headwater objects to the Requests to the extent that they call for a legal conclusion.

9. Headwater objects to the Requests to the extent that they are not limited in temporal scope.

10. Headwater objects to these Requests to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to Headwater.

11. To the extent these Requests seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), Headwater objects to these Requests as premature and improper discovery of expert opinion.

12. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Headwater states that it

4

will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Requests. However, Headwater reserves the right to supplement its responses as additional information about other potentially responsive information from other sources that are not reasonably accessible becomes known.

13. Headwater objects to the Requests to the extent they seek "all" information in relation to a topic; such Requests are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

14. Headwater further objects to the Requests to the extent they are compound and contain multiple subparts.

15. By responding to Samsung's Requests, Headwater does not waive any objection that may be applicable to: (a) the use, for any purpose, by Samsung of any information provided; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

16. Headwater objects to the definitions of "you," "Headwater," and "your" as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not proportional to the needs of the case because of its inclusion of... In responding to these Requests, Headwater understands these terms refer to the plaintiff in this action, Headwater Research LLC.

17. Headwater objects to Samsung's Instructions as overbroad, unduly burdensome and calling for a legal conclusion. Headwater will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

## OBJECTION AND RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Headwater is not aware of whether any of the Asserted Patents' claims were practiced by what is referred to as the "ItsOn Software."

**RESPONSE TO REQUEST NO. 1**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Headwater is not aware of Samsung having been given notice verbally, by any person, of any Asserted Patent number prior to the filing of this lawsuit.

**RESPONSE TO REQUEST NO. 2**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it

requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows: Admit. Discovery is ongoing, and Headwater reserves the right to amend this response as discovery proceeds.

Dated:   August 10, 2023                                Respectfully submitted,

*/s/ James S. Tsuei*
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 10, 2023 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

/s/ James Tsuei
James Tsuei