# EXHIBIT B

Dr. Douglas Chrissan - December 18, 2023

Page 1

```
 1              THE UNITED STATES DISTRICT COURT
 2             FOR THE EASTERN DISTRICT OF TEXAS
 3                      MARSHALL DIVISION
 4    _____
                                       )
 5    HEADWATER RESEARCH, LLC,         )
                                       )
 6                    Plaintiff,       )
                                       )
 7         vs.                         )  Case No.
                                       )  2:22-CV-00422-RG-RSP
 8                                     )
      SAMSUNG ELECTRONIC CO., LTD      )
 9    AND SAMSUNG ELECTRONICS          )
      AMERICA, INC.,                   )
10                                     )
                      Defendants.      )
11    _____)
12
13
14
15
16
17    VIDEO RECORDED DEPOSITION UNDER ORAL EXAMINATION OF
18                    DR. DOUGLAS CHRISSAN
19                 DATE: December 18, 2023
20
21
22
23
24
25          REPORTED BY:  MICHAEL FRIEDMAN, CCR
```

1    to go off and do a full analysis within the
2    scope of all the other claim language.
3         Q    So it's your opinion that operation
4    is broader than benefit.
5             Correct?
6         A    Yes, that's what I stated.
7    Generally speaking, the word "operation" is
8    broader than the word "benefit" in the
9    context of computing devices.
10        Q    If I replace the word "benefit" in
11   a claim with "noticeable operation," does
12   that change the scope of the disputed term?
13            MR. DAVIS:   I will object to form.
14        A    I believe in my declaration that I
15   say -- this is paragraph 27 -- "This
16   determination considers whether a user is or
17   is not perceiving a benefit from the
18   application which a POSITA would understand
19   to be indicated by whether the device is or
20   is not performing operations that are
21   noticeable to the user."
22            So I'd say you're pretty close.  I
23   would -- again, I can't give you a yes or no
24   without going back and evaluating every word
25   just to be sure that I don't make a mistake,

1     but noticeable operation is -- seems to be
2     pretty close to the opinion I state in 27,
3     which is the opinion of a person of skill.
4         Q    If I were to replace "benefit"
5     within the disputed terms with "noticeable
6     operation," sitting here today, you can't
7     think of any differences that would change
8     the claim scope according to your
9     interpretation.
10              Is that fair?
11              MR. DAVIS:  Same objection.
12        A    Could you ask your question again?
13        Q    If I were to replace "benefit"
14    within the disputed terms with "noticeable
15    operation," sitting here today, can you think
16    of any differences -- let me phrase it a
17    little bit differently.
18              If I were to replace the word
19    "benefit" within the disputed terms with the
20    words "noticeable operation," would that
21    change the scope of the claims, the disputed
22    claim terms according to your interpretation?
23              MR. DAVIS:  Object to form.
24        A    I would want to qualify it.  I
25    would not use that language exactly.  I would

```
 1      and the user flies across the country from
 2      the United States to China, is the user still
 3      perceiving the benefit from that application?
 4           A    That is far outside the scope of
 5      the claim.  At that point they're so far
 6      disconnected that the user may not be
 7      perceiving in terms of -- to the extent
 8      perceiving means see, hear, feel, be aware
 9      of, at that point the user may not be
10      perceiving the phone because there's --
11      because at that point they're so far
12      disconnected and it's so far outside the
13      claim, but the processor is still doing
14      something noticeable to any user that happens
15      to be interacting with it, or, you know,
16      operating with it as you and I would normally
17      use and work with and operate our device.
18           Q    So if the person left their phone
19      on the table and traveled to China where they
20      can no longer see or hear their phone, would
21      they satisfy the requirement of perceiving a
22      benefit from the application?
23           A    At that point they're not even a
24      user of the device.  It's just -- that's --
25      yeah, at that point they're not even a user
```

```
 1    of the device.  It's so far fetched that the
 2    claim interpretation has been completely
 3    distorted.
 4         Q    What if the user put the phone
 5    down, just took the dog for a walk in the
 6    front yard and they can't see or hear the
 7    device anymore?  Are they still perceiving a
 8    benefit from the application?
 9         A    My answer is the same.  The back
10    yard or the next door neighbor or China, at
11    some point they don't even qualify as a user
12    of the device, even if they happen to be the
13    owner of it.
14              You know, the -- as I mention in
15    claim 27, a person of skill interprets this
16    as meaning that the user of the device is, in
17    fact, able to see, feel, hear the device.
18         Q    How is a -- let's take a deaf
19    person.  A deaf user of the phone can't hear
20    the music application.
21              Correct?
22         A    Okay.  Under your hypothetical, we
23    can -- we can take that as a given in your
24    hypothetical.
25         Q    Would a deaf person be perceiving
```

1    device.
2            Again, in order to do that, if you
3    wanted me to, it would take -- it would take
4    longer than you want to give me right now.
5            But at a high level, the user of
6    the device does have plain and ordinary
7    meaning as the person that uses the device,
8    not a person who happens to own the device
9    but doesn't take it with him or her to China.
10        Q    Does a user cease to be -- does a
11   person -- strike that.  I will start again.
12           Does a person cease to be a user of
13   the device as that term is used in the
14   disputed claims if the person walks outside
15   their house?
16        A    As I stated before, I'm not
17   prepared to get into exact, you know,
18   thorough analysis of when a user -- what does
19   or does not qualify as a user of the device.
20           But generally, yes, a person far
21   enough from the device that they have no
22   connection to it, a person of skill would
23   understand that that is not a user of the
24   device.
25        Q    How far does a person have to go to

Dr. Douglas Chrissan - December 18, 2023

Page 78

1    have no connection to their device and no
2    longer be a user of the device under the
3    terms of the claims?
4        A    I already answered that question.
5    If you can, just take my last answer.  I'm
6    not prepared to give an exact definition.
7             But, you know, plain and ordinary
8    meaning to a person of skill or even to a
9    commoner or a general layperson, it generally
10   understands that if you're too far from your
11   phone to have any connection to it of any --
12   I don't want to get into specific words --
13   but anyone would recognize, including a
14   person of skill, that there is at some point,
15   you know, a lack of association or connection
16   or distance you can have with your phone such
17   that you would not be considered a user of it
18   under the -- under the scope of this claim.
19       Q    Let's talk for a second about a
20   hypothetical alarm application, Smartphone
21   alarm application.
22            Are you familiar with such
23   applications?
24       A    I am somewhat familiar with those.
25       Q    Okay.  Let's say there's an alarm

Dr. Douglas Chrissan - December 18, 2023

Page 137

```
1                    DEPOSITION ERRATA SHEET
2
3
4
5
6
7         DECLARATION UNDER PENALTY OF PERJURY
8              I declare under penalty of perjury
9         that I have read the entire transcript of
10        my Deposition taken in the captioned matter
11        or the same has been read to me, and
12        the same is true and accurate, save and
13        except for changes and/or corrections, if
14        any, as indicated by me on the DEPOSITION
15        ERRATA SHEET hereof, with the understanding
16        that I offer these changes as if still under
17        oath.
18
19
20
21              Signed on the _____ day of
22              _____, 20____
23
24        _____
25                   DR. DOUGLAS CHRISSAN
```