# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

## SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING HEADWATER'S PATENT PORTFOLIO SALE NEGOTIATIONS WITH THIRD PARTIES

**I.      INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to produce documents regarding patent portfolio sale negotiations between Headwater, or any Headwater predecessors-in-interest (e.g., Headwater Partners I), and third parties. The present dispute results purely from Headwater's refusal to timely fulfill its discovery obligations. The parties do not dispute the at-issue discovery's relevance or Headwater's possession of the same; the only issue is Headwater's failure to produce the documents. While Headwater continues to claim it is "working towards" producing the requested documents, it is still—after months of unfulfilled promises—unable to say when it will produce them and why it has not yet done so. Headwater's continued and repeated delay cannot substantiate withholding the discovery and, thereby, continuing to prejudice Samsung. It is beyond time for Headwater to produce the long-requested documents.

**II.     FACTUAL BACKGROUND**

Headwater's Complaint alleges that certain of Samsung's "mobile electronic devices, including mobile phones and tablets" infringe nine asserted patents. Dkt. 42. Eight of the nine asserted patents issued between 2015 and 2019; one of the nine asserted patents issued in 2022. Headwater has claimed that its 6-year delay in filing this suit was due to years of intense pre-suit diligence. *See* Dkt. 68 at 6 (pending). Headwater is run by its founder Gregory Raleigh, Ph.D., a named inventor on all asserted patents and one of only two remaining Headwater employees.

On April 7, 2023, discovery opened. On the same day, to facilitate Headwater's collection and production consistent with the Discovery Order (Dkt. 56 ("DO"), ¶ 3(b)), Samsung sent a letter to Headwater asking for, *inter alia*, documents relating to any effort to buy, sell, license, or

1

generate revenue or obtain value via the Asserted Patents.[1]  Also that same day, Samsung served its First Set of Interrogatories (Nos. 1-12), including Interrogatory No. 5, which seeks, *inter alia*, detailed information regarding each valuation, offer or inquiry regarding the value, offer to sell or license, or actual sale or licensing of the Asserted Patents, including the names of the entities involved, the dates, and the proposed terms (e.g., royalties) and any other consideration, and identification of documents reflecting the negotiations and/or communications between the parties.

On May 8, 2023, Headwater responded to Samsung's Interrogatory No. 5 by identifying two license agreements between ItsOn and Headwater (HW_9620-9640; HW_9973-9988) under Fed. R. Civ. P 33(d).  Headwater has **never** supplemented this response to Interrogatory No. 5.

On November 27, 2023, Mr. Harris (former Acting CEO and General Counsel at Headwater) expressly testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A (Harris Depo. Tr.) at 99:3-101:21, 105:9-15, 107:11-22, 108:10-12.  Mr. Harris also testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, all of which are in Headwater's possession.  *Id.* at 108:1-9.

On December 6, 2023, Samsung sent a letter to Headwater requesting all information (e.g., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).[2]  Samsung also requested that Headwater "provide a supplemental response to Samsung Interrogatory No. 5 that includes the

---

[1] April 7, 2023 Letter fr. Samsung to Headwater, No. 121.
[2] December 6, 2023 Letter fr. Samsung to Headwater.

2

complete factual circumstances surrounding the attempted sale of the Headwater Partners I patent portfolio, including the identities of all persons and entities involved and a complete accounting of the patents in the proposed sale portfolio." *Id.* Samsung then provided several dates to meet and confer about these deficiencies in Headwater's discovery responses and document productions. **Headwater did not respond.**

On December 14, 2023, Samsung sent a follow-up letter, noting Headwater's general pattern of failing to timely respond to or even acknowledge Samsung's correspondence throughout the course of this litigation, and again requesting a meet and confer regarding Headwater's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3]

On December 18, 2023, the parties finally met and conferred, during which Headwater: (i) stated that it would search for documents related to Headwater's potential sale of the Headwater Partners I portfolio circa 2019-2020 (along with any other attempted sales), and (ii) acknowledged that, despite the weeks that had gone by since Samsung's December 6 letter, Headwater had yet to consult Dr. Raleigh for the requested information. In response, Samsung expressed that Dr. Raleigh would undoubtedly have knowledge to aid in the search (as he controlled Headwater at the time and would have been involved in any potential sale of its patent portfolio), and that those documents would also be responsive to Samsung's Interrogatories (e.*g.,* No. 5). Headwater stated that it expected to produce responsive materials potentially as early as the next week (i.e., December 26-29). The next day, December 19, 2023, Samsung sent Headwater an email memorializing the parties' discussion regarding attempted sales of the Headwater Partners I patent

---

[3] December 12, 2023 Letter from Samsung to Headwater.

portfolio on the meet and confer.  Ex. B (12/19/23 Email fr. Samsung to Headwater).  **Headwater did not respond.**  Id.

On January 4, 2024, Samsung sent another email following up on Headwater's commitments during the December 18 meet and confer.  Ex. B (1/4/24 Email fr. Samsung to Headwater).  Samsung noted that despite Headwater's prior representation that Headwater "expected to produce responsive materials during the last week of December," "Samsung has not received any such production."  Id.  Samsung again asked Headwater to confirm when it "will provide a production related to any potential sale of Headwater's patents, particularly in light of the impending deadline for substantial completion of document production."  Id.  **Headwater did not respond**.  Id.

On January 5, 2024, Headwater produced its privilege log (as required by the Discovery Order) and produced additional documents.  The production did not appear to contain the requested documents; however, it did contain emails from 2020 in which Mr. Harris discusses Headwear "▇▇▇▇▇▇▇▇▇▇," and that Headwater is in talks with ▇▇▇▇▇▇▇▇▇▇ [4]

On January 12, 2024, Samsung emailed Headwater for a third time, noting that Samsung has "yet to receive a response" despite nearly a month passing since the parties' December 18 meet and confer regarding Headwater's discovery deficiencies.  Ex. B (1/12/24 Email fr. Samsung to Headwater).  Samsung also notified Headwater that while it was "in receipt of Headwater['s] 1/5 production," that production did not appear "responsive to our discussion on 12/18."  Id.

On Monday, January 22, 2024, Headwater finally responded.  Ex. B (1/22/24 Email fr. Headwater to Samsung).  But after months of back and forth, Headwater said only the following:

---

[4] *E.g.,* HW_00066473.

4

███████████████████████████████████

*Id.* Headwater failed to: (i) specify whether that "████████" related to the one discussed during Mr. Harris' deposition; (ii) identify the third-party to the ████████████ ████████████████ (iii) provide a date certain by which the third party must respond; or (iv) provide a date certain by which Headwater would produce the requested documentation barring the third-party filing for a Protective Order. Less than an hour later, Samsung responded: (i) outlining the history on this issue to date, including "Headwater's continuing pattern of failing to timely respond to or even acknowledge Samsung's correspondence throughout the course of this litigation;" and (ii) requesting a lead/local meet and confer this week so that the parties could finally move this issue to resolution.

Yesterday, January 25, 2024, the parties met and conferred. While insisting that the parties were not at an impasse, Headwater nevertheless stated that it:

- would produce a ***single document*** for which it had received third party permission to produce, but: (i) would not say when it would make such a production; and (ii) would not say why it had not already produced this single document, despite having third party permission to do so, other than "logistics" and "workflow"; and

- had more documents related to this single document, but: (i) could not say how many; (ii) could not say whether such documents (with third parties) were (allegedly) "privileged;" and (iii) could not say whether any of these documents were on Headwater's January 5, 2024 privilege log.

This motion follows.

## III.  ARGUMENT

The parties may obtain non-privileged discovery regarding any matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1); DO, ¶3(b).  There is no dispute that the requested documents are relevant.  Nor has Headwater argued that that there would be any undue burden in producing the requested discovery.  Indeed, the only issue is that Headwater simply has not searched for and produced the documents.  During the meet and confer, Headwater did not provide any basis for: (i) withholding the single document for which it has already received third party consent to produce; or (ii) why it has effectively made no other progress on this discovery issue.  In other words, while Headwater offers no explanation for its continued failure to satisfy its discovery obligations, it claims the parties cannot be at an impasse so long as it continues to promise that it will "work on" producing the documents.

Headwater is wrong.  Headwater is required to produce relevant documents within its possession, custody and control.  Headwater could have, and should have, taken reasonable steps to timely comply with its discovery obligations, including seeking any appropriate relief with respect to the at-issue third party confidentiality obligations.  Headwater should have located these documents and timely sought permission to produce: (1) during its alleged intense 6-year pre-suit diligence; (2) in response to Samsung's April 7 document request letter; (3) in response to Samsung' April 7 interrogatories; (4) after Ms. Harris's November 27 deposition; (5) after Samsung's December 6 letter; or (6) during the nearly two months since.[5]  Samsung has been more than patient, but it can no longer afford to wait for Headwater.  Discovery closes March 11, 2024;

---

[5] Headwater's pattern of failing to timely engage on discovery has been an issue throughout this litigation.  *See, e.g*, Dkt. 69-4 (pending).

6

further, Headwater depositions are approaching, and Samsung is entitled to these long-requested documents in advance of the same.

To the extent third-party confidential information is at issue, the Protective Order in this case provides sufficient confidentiality protections. If the third parties believe additional protections are warranted, they may seek any such protections after receiving notice of this motion. *See*, *e.g.*, *Charles E. Hill & Associates, Inc. v. ABT Elecs., Inc.*, *et al.*, No 2:09-cv-313-TJW-CE, Dkt. 116 (E.D. Tex. Nov. 19, 2010) (ordering production of documents with third-party confidential information after the third parties were given opportunity to object).

In short, Samsung can no longer wait for the at-issue discovery based on Headwater's unsubstantiated claims that it is "working on" the same. Should Headwater ultimately produce the requested documents before the Court rules on this motion, Samsung will of course consider moving to withdraw. Until then, in light of Headwater's dilatory conduct on this issue, Samsung regrettably must seek the Court's assistance.

**IV.   CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion and compel production of the requested materials.

Dated: January 26, 2024                          Respectfully submitted,

By:  /s/ Melissa R. Smith
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com

**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351

8

>Melissa@gillamsmithlaw.com
>Harry L. Gillam, Jr.
>State Bar No. 07921800
>gil@gillamsmithlaw.com
>**GILLAM & SMITH, LLP**
>303 South Washington Avenue
>Marshall, Texas 75670
>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>
>Andrew Thompson ("Tom") Gorham
>State Bar No. 24012715
>tom@gillamsmithlaw.com
>**GILLAM & SMITH, LLP**
>102 N. College, Ste. 800
>Tyler, Texas 75702
>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>
>Grant Schmidt
>Texas Bar No. 24084579
>gschmidt@hilgersgraben.com
>Jon Hyland
>jhyland@hilgersgraben.com
>Texas Bar No. 24046131
>Theodore Kwong
>tkwong@hilgersgraben.com
>Texas Bar No. 4087871
>**HILGERS GRABEN PLLC**
>7859 Walnut Hill Lane, Suite 335
>Dallas, Texas 75230
>Telephone: 469-751-2819
>
>**ATTORNEYS FOR DEFENDANTS**
>**SAMSUNG ELECTRONICS CO., LTD. AND**
>**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 26, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Melissa R. Smith*
Melissa R. Smith

[redacted]

*/s/ Melissa R. Smith*
Melissa R. Smith