**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S MOTION TO COMPEL HEADWATER
TO PROVIDE SIGNED AUTHORIZATION FOR QUALCOMM
<u>TO RELEASE DR. GREGORY RALEIGH'S EMPLOYMENT RECORDS</u>**

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to provide Dr. Raleigh's signed authorization for non-party Qualcomm, Inc. to produce Dr. Raleigh's employment records responsive to Samsung's subpoena. Per the Local and Federal Rules, it is Headwater's obligation to produce relevant, non-privileged discovery that is proportional to the needs of the case. *E.g.*, Fed. R. Civ. P. 26(b)(1). Headwater is refusing to do so.

## II. FACTUAL BACKGROUND

### A. Samsung's Standing Defense

In its Amended Answer to Headwater's Second Amended Complaint, filed on December 1, 2023, Samsung pleaded the additional defense that Headwater lacks standing because "Headwater cannot prove that it is the rightful owner of the Asserted Patents." Dkt. 78 at 41. Three weeks later, on December 22, 2023, Samsung served its Seventh Supplemental Response to Headwater's 1st Set of Interrogatories, which provided, among other things, a detailed explanation of Samsung's defenses in response to Headwater's Interrogatory No. 1, which requests that Samsung "[s]et forth all factual bases for . . . the Affirmative Defenses asserted in [Samsung's] Answer."

In the December 22, 2023 Supplemental Response, Samsung explained its allegation that two of the named inventors of the Asserted Patents—Gregory Raleigh and Alireza Raissinia—had contractual obligations to assign the Asserted Patents' alleged priority applications to Qualcomm. Dr. Raleigh worked at Qualcomm until September 2008, the same month he founded Headwater and just a few months before the January 2009 filing date of the provisional application to which the Asserted Patents allegedly claim priority. Samsung explained that Dr. Raleigh was subject to

1

Qualcomm's standard "Invention Disclosure, Confidentiality & Proprietary Rights Agreement" which provides, among other things, that inventions described in patent applications filed within one year of termination are presumptively assigned to Qualcomm.  Furthermore, Samsung explained its belief that Dr. Raleigh conceived of the technology described in the Asserted Patents while he worked at Qualcomm.  Samsung's allegations were—and remain—based upon the facts available to it.

### B. Samsung's Subpoena to Qualcomm and Qualcomm's Response

To support its allegations, Samsung issued a subpoena to Qualcomm on December 20, 2023.  Among the documents sought were records relating to Dr. Raleigh's employment at Qualcomm, including dates of employment and executed agreements related to his employment.  For example, Samsung requested "documents, communications, and things reflecting the employment of Gregory Raleigh by [Qualcomm,] including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between [Qualcomm] and Gregory Raleigh."  (Samsung Request No. 2).  Qualcomm responded on January 23, 2024 that it would "produce documents sufficient to show signed employment agreements, termination agreements, confidentiality agreements, and/or proprietary rights agreements between Qualcomm Incorporated and Gregory Raleigh" once the appropriate consents were obtained.

Qualcomm provided Samsung with a consent form—required under California employment law prior to releasing employment records—for Dr. Raleigh's signature.  *See* Ex. 1.  Samsung provided that form to Headwater's counsel on February 1, 2024, requesting Dr. Raleigh sign and return it.  Ex. 2 at 4.  With respect to this request, **Headwater did not respond.**  *Id.* at 3-4.  Samsung followed up on February 6, 2024, and again on February 9, 2024.  ***No response.***  And again on February 12, 2024.  ***No response.***  *Id*. at 2-3.  On February 14, 2024, Samsung provided

Headwater a final request for the signed authorization form, noting that Samsung would be available for to meet and confer with lead and local counsel at 3pm ET on February 16, 2024. *Id.* at 2. A half hour before the scheduled meet and confer, and after 15 days of ignoring Samsung's repeated requests for the signed authorization form, Headwater finally responded stating: "Our lead counsel is not available today at the proposed time. We are in the process of obtaining the authorization and will revert." Ex. 2 at 1. Samsung immediately informed Headwater that it viewed Headwater's non-committal statement that it is "in the processing of obtaining the authorization," *id.*, in view of the extent of non-responsiveness Samsung has endured from Headwater in this case, as a transparent attempt to run out the clock. *Id.*

### III.   LEGAL STANDARDS

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of whether such discovery is admissible. Fed. R. Civ. P. 26(b)(1); *see also* Dkt. 56 ¶3(b) (requiring production of documents "that are relevant to the pleaded claims or defenses involved in this action"). Relevance has an "'extremely low' bar . . . at the discovery stage—lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022). The proportionality of discovery must "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### IV.   ARGUMENT

Samsung seeks nothing more than Gregory Raleigh's consent under California law for Qualcomm to produce his employment records. As detailed above, these records are relevant to

3

Samsung's standing defense—and Headwater has never disputed their relevance. Instead, Headwater has refused to provide any basis for withholding Dr. Raleigh's consent. Indeed, Headwater has been completely silent on this issue.

There is no burden to Headwater or Dr. Raleigh. He need only fill out a simple form. *See* Ex. 1. And any privacy concerns Dr. Raleigh might have—though he has noted none—are easily assuaged by the protective order in this matter. *See* Dkt. 55. Qualcomm confirmed that it has relevant information responsive to Samsung's request. *See supra*, Section II.B. The only remaining hurdle is to comply with California employment law by obtaining consent from the employee in question—Dr. Raleigh. Moreover, Samsung's standing defense, if proved, is dispositive of the entire action—according to Headwater, all nine Asserted Patents allegedly claim priority to the same January 2009 provisional application. If Samsung proves its allegations, Headwater lacks standing to assert any of the nine Asserted Patents. Because the information sought is relevant, there is no burden to Headwater, and it is important to the issues in this action, Headwater has no basis for withholding Dr. Raleigh's consent for Qualcomm to produce his employment records. Fed. R. Civ. P. 26(b)(1).

As discussed above, Headwater failed to justify its refusal to provide Dr. Raleigh's signed release form. Indeed, Headwater failed to even respond to any of Samsung's repeated requests or attempt to meet and confer. Thus, Samsung met its obligations under the Local Rules and the Discovery Order (Dkt. 56) in this action.[1]

Headwater's conduct necessitates this motion to compel. Without explanation or the curtesy of a response, Headwater has withheld a single authorization form that is necessary for

---

[1] Should Headwater ultimately produce the requested signed authorization form before the Court rules on this motion, Samsung will of course consider moving to withdraw.

4

Samsung to obtain third-party discovery that is relevant to its standing defense. Moreover, Headwater's actions—or lack thereof—with less than a month remaining in fact discovery, is prejudicial to Samsung's ability to defend itself against Headwaters patent infringement allegations.

## V. CONCLUSION

Samsung respectfully requests that the Court enter an order requiring Headwater to provide a signed consent form (Ex. 1) releasing Dr. Raleigh's Qualcomm employment records for production, within 5 days of this Court's Order.

Dated: February 16, 2024

Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670

Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has refused to meet and confer with counsel for Defendants as required by Local Rule CV-7(h).  Plaintiff opposes this motion.

/s/ Jared Hartzman
Jared Hartzman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 16, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/     Melissa R. Smith