**PUBLIC VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

HEADWATER RESEARCH LLC

       *Plaintiff*,

v.

SAMSUNG ELECTRONIC CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

       *Defendants*.

Case No. 2:22-CV-00422-JRG-RSP

## DEFENDANT SAMSUNG'S MOTION (1) TO COMPEL RE-PRODUCTION OF CLAWED BACK DOCUMENT AND (2) TO ORDER THAT HEADWATER WAIVED PRIVILEGE AS TO ITS PRE-SUIT COMMUNICATIONS WITH COUNSEL <u>REGARDING SUING SAMSUNG</u>

**PUBLIC VERSION**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTUAL BACKGROUND ...................................................................................... 2

III.   LEGAL STANDARDS .............................................................................................. 5

     A.    Attorney Client Privilege ..................................................................................... 5

     B.    Attorney Work Product ........................................................................................ 6

IV.   ARGUMENT .............................................................................................................. 6

     A.    Neither Privilege nor Work Product Applies to the Clawed Back Document ........ 6

     B.    Headwater has Waived Privilege as to Pre-Suit Communications About Suing

          Samsung ................................................................................................................ 7

V.    CONCLUSION ........................................................................................................... 8

## I.     INTRODUCTION

Per Paragraphs 6 and 12(f) of the Discovery Order (Dkt. 56), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order (i) compelling Plaintiff Headwater Research LLC ("Headwater") to re-produce one document that was improperly "clawed back" by Headwater after the document was introduced during the deposition of Mr. David Johnson; and (ii) finding that Headwater has waived privilege as to pre-suit discussions with counsel regarding suing Samsung for patent infringement.

*First*, Headwater has not, and cannot, show that either attorney-client privilege or work product apply to the clawed back document, as it neither reveals confidential attorney-client advice nor attorney work or impressions to aid in future litigation.

*Second,* Headwater has expressly waived privilege as to pre-suit discussions with counsel regarding suing Samsung.  When questioned about Headwater's decision to sue Samsung and when (rather, if) Headwater had informed Samsung about the asserted patents (which is directly relevant to the issue of pre-suit willfulness), Dr. Greg Raleigh testified about the advice Headwater received from counsel.  Specifically, he identified Headwater's ████████████████████ ████████████████ and revealed that Headwater and its counsel discussed as far back as 2016/2017: ██████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████. Dr. Raleigh's testimony waives any protection as to this topic, directly relevant to Headwater's pre-suit willfulness allegations, and Samsung respectfully requests that Court hold as much, including as to any documents Headwater is currently withholding on this topic.

PUBLIC VERSION

## II.     FACTUAL BACKGROUND

In its Complaint, Headwater alleges, *inter alia*, that Samsung willfully infringed one or more of the asserted patents, which claims Headwater has maintained in response to Samsung's discovery requests.

On November 15, 2023, during his 30(b)(1) deposition (which Headwater has since agreed to designate as 30(b)(6) testimony), Dr. Raleigh testified, *inter alia*, about Headwater's decision ***not*** to inform Samsung about its alleged patent infringement, as well as general discussions with counsel between 2016 and 2018 about pursing litigation against Samsung:



**PUBLIC VERSION**



Ex. A at 187:10-189:9, 197:16-25 (emphasis added).

On December 15, 2023, Headwater produced, *inter alia*, a six-page document titled

"███████████████████████████████████████████" dated March 27, 2017.  HW_55489-494 (clawed back).  It says, in relevant part, that Greg

Raleigh provided ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████. Ex. B at 61:15-21 (hereinafter, the "at-issue sentence").

On February 21, Samsung deposed Mr. Johnson, former Chief Financial Officer (CFO) of

both Headwater and ItsOn, and former Acting CEO of ItsOn.[1]  Samsung sought to question Mr.

---

[1] In response to Samsung's subpoena first served in August 2023.

**PUBLIC VERSION**

Johnson about the document and further investigate Headwater's pre-suit willfulness allegations. Headwater objected, said it planned to claw back the document, review for privilege, and re-produce as appropriate. Ex. B at 58-67.  Samsung disagreed with Headwater's mid-deposition privilege assertion, given Dr. Raleigh's prior testimony on this issue. *Id.* at 59:17-60:1, 64:22-65:7.

On February 22, Headwater sought to claw back HW_55489-494, stating: "The document contains attorney-client privileged communications ***and/or*** attorney work product privileged material." Ex. C (emphasis added).

The next day, February 23, Samsung asked Headwater why it believed the document was privileged given Dr. Raleigh's earlier testimony that Headwater: ███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████. Samsung also asked how Headwater's Board Meeting Minutes, produced in the ordinary course of business and not in anticipation of litigation, constitute work product.  *Id.*

As of the date of this Motion, Headwater ***has not***: reproduced a redacted version of the clawed-back document; served an amended privilege log as required under the local rules; or responded to Samsung's February 23, 2024 email asking Headwater for the bases for its claims of privilege and/or work product in light of Dr. Raleigh's prior testimony on these exact issues. Concerned that Headwater is withholding not only the clawed-back document, but other pre-suit communications regarding ███████████████████████, despite expressly waiving privilege on this issue, this motion follows.

**PUBLIC VERSION**

## III.   LEGAL STANDARDS

### A.   Attorney Client Privilege

Attorney-client privilege is strictly construed to protect only confidential communications between a client and the client's attorney (or that attorney's subordinate) for the primary purpose of obtaining legal advice.  *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017).  "[B]ecause the assertion of privilege is subject to abuse, 'it applies only where necessary to achieve its purpose.'" *SmartPhone Techs. LLC v. Apple, Inc.*, No. 6:10-cv-74, 2013 WL 789285, at *2 (E.D. Tex. Mar. 1, 2013) (quoting *U.S. v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).

"[A]ttorney-client privilege is waived if a confidential communication has been disclosed to a third party." *Luckenbach Texas, Inc. v. Engel,* 2022 WL 9530041, at *2 (W.D. Tex. Oct. 14, 2022); *see also Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("[V]oluntary disclosure of information which is inconsistent with the confidential nature of the attorney[–]client relationship waives the privilege.").  To that end, a client "expressly waives" attorney-client privilege by testifying about confidential communications with counsel.  *E.g., Barry v. Medtronic, Inc.*, No. 1:14-CV-104, 2016 WL 3583620, at *6, 10-11 (E.D. Tex. May 9, 2016); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 206–08 (5th Cir. 1999) ("[A] client implicitly waives the attorney-client privilege by testifying about portions of the attorney-client communication.").

Such waiver extends to additional undisclosed communications or information if: (1) the waiver was intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.  Fed. R. Evid. 502(a); *see also Nguyen*, 197 F.3d at 206-208 ("[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole.").

"[The] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

5

Likewise, the party opposing production of clawed back documents "has the burden of establishing that it did not waive the privilege by originally producing the documents." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-55, 2017 WL 7052467, at *1 (E.D. Tex. Oct. 19, 2017). "Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *EEOC v. BDO,* 876 F.3d at 695.

### B.    Attorney Work Product

The work product doctrine only protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  "Anticipation of litigation" means that the party must have "had reason to anticipate litigation" and that "the primary motivating purpose behind the creation of the document was to *aid* in possible future litigation."  *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003) (citations/quotations omitted, emphasis added).   "[T]he party who asserts work-product protection must show that the materials at issue deserve work-product protection."  *Id.*

## IV.   ARGUMENT

A party withholding discovery as privileged or protected must sufficiently establish each element of the claimed privilege or immunity.  Headwater fails to satisfy its burden.

### A.    Neither Privilege nor Work Product Applies to the Clawed Back Document

Headwater has not shown that the at-issue document is protected by privilege or work product.  The one at-issue sentence simply states that ███████████████████████ ███████████████████████████████████.  It gives no details about ███████████████ ███████████████████.  It discloses no confidential advice between Headwater/Dr. Raleigh and counsel on these or any other issues.  It does not disclose any attorney work product created to aid in future litigation.  This sentence is simply not entitled protection from discovery.

6

### B.    Headwater has Waived Privilege as to Pre-Suit Communications About Suing Samsung

While the at-issue document does not disclose any Headwater privileged information, Dr. Raleigh has.  Dr. Raleigh's disclosures about Headwater's strategic decisions ███████ ████████████████████████████████████████████████████████████████████████ prior to the filing of the Complaint in this action expressly waive any privilege on these issues.

"Once a party discloses the advice of counsel, any privilege over that advice is waived." *SB IP Holdings LLC v. Vivint, Inc.*, No. 4:20-CV-00886, 2022 WL 16925961, at *6 (E.D. Tex. Nov. 14, 2022), *clarified on denial of reconsideration*, No. 4:20-CV-00886, 2023 WL 1971263 (E.D. Tex. Feb. 13, 2023).  Such is the case here.  Dr. Raleigh disclosed ██████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████.  *See* Ex. A.  Having "revealed the substance of attorney client conversations" during his deposition, Dr. Raleigh[2] has expressly waived privilege as to that substance.  *See, e.g., Barry* (2016 WL 3583620, at *10) (finding plaintiff had expressly waived privilege as to several topics about which he testified at his deposition).  This information is directly relevant to Headwater's pre-suit willfulness allegations,[3] and Headwater should not now be permitted to shield itself from discovery on this topic.  Samsung is entitled to this sought-after discovery.

---

[2] As the holder of Headwater's asserted privilege. *See In re SUBPOENA to Jacobsen*, No. 5:24-mc-0003, Dkt. 8-7 (N.D. Cal).

[3] This information is also relevant to Samsung's marking defense, as it provides evidence of Headwater's intentional decision not to give Samsung pre-suit notice of the Asserted Patents.

**PUBLIC VERSION**

## V.   CONCLUSION

Samsung respectfully requests that the Court (1) find Headwater has waived privilege as to pre-suit communications about suing Samsung; and (2) within 5 days of this Court's Order, order Headwater to: (i) re-produce the clawed back document without redactions; (ii) produce any other documents currently withheld on this basis; and (iii) produce an updated privilege log.

Dated: February 27, 2024                    Respectfully submitted,

                                                    By:   */s/ Jared Hartzman*
                                                         Ruffin B. Cordell
       TX Bar No. 04820550
       Michael J. McKeon
       DC Bar No. 459780
       mckeon@fr.com
       Jared Hartzman (*pro hac vice*)
       DC Bar No. 1034255
       hartzman@fr.com
       Joshua Carrigan (*pro hac vice*)
       VA Bar No. 96911
       carrigan@fr.com
       **FISH & RICHARDSON P.C.**
       1000 Maine Avenue, SW, Ste 1000
       Washington, D.C. 20024
       Telephone: (202) 783-5070
       Facsimile: (202) 783-2331

       Thad C. Kodish
       GA Bar No. 427603
       tkodish@fr.com
       Benjamin K. Thompson
       GA Bar No. 633211
       bthompson@fr.com
       Nicholas A. Gallo (*pro hac vice*)
       GA Bar No. 546590
       gallo@fr.com
       Steffen Lake (*pro hac vice*)
       GA Bar No. 512272
       lake@fr.com
       **FISH & RICHARDSON P.C.**

**PUBLIC VERSION**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com

9

**PUBLIC VERSION**

Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

**PUBLIC VERSION**

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Plaintiff and counsel for Defendants met and conferred in compliance with Local Rule CV-7(h) during the deposition of Mr. David Johnson.  *See* Ex. B at 164:4-165:17.  Plaintiff opposes this motion.

<u>*/s/ Jared Hartzman*</u>
Jared Hartzman

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk  of the Court of the Eastern District of Texas using the ECF System under seal on February 27, 2024 and served plaintiff with a copy via electronic mail.

<u>*/s/ Jared Hartzman*</u>
Jared Hartzman