# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OPPOSITION TO MOTION TO COMPEL
ANALYSES OF BATTERY SAVINGS BENEFITS (DKT. 99)**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| | A. Headwater Delayed Addressing Any Perceived Deficiencies Until the End of Discovery and Then Rushed to File This Motion Without Sufficient Meet and Confer | 1 |
| | B. Samsung Has Conducted a Reasonable Search and Withheld No Responsive Documents | 2 |
| | C. Samsung Has Worked Hard to Address Issues Newly Raised in This Motion | 3 |
| III. | ARGUMENT | 4 |
| | A. The Court Should Deny Headwater's Motion Because Headwater Failed to Meet and Confer Meaningfully | 4 |
| | B. The Court Should Also Deny Headwater's Motion Because It Is Moot | 5 |
| IV. | CONCLUSION | 5 |

## I.     INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully oppose the motion to compel filed by Plaintiff Headwater Research LLC ("Headwater") seeking so-called "analyses of battery savings benefits." Dkt. 99. Headwater's motion is premature and unnecessary. Samsung has produced all responsive documents located through reasonable search, has withheld nothing, and is working to address issues newly identified in this motion. The Court should deny Headwater's motion and direct the parties to work together to resolve any remaining issues.

## II.    FACTUAL BACKGROUND

### A.    Headwater Delayed Addressing Any Perceived Deficiencies Until the End of Discovery and Then Rushed to File This Motion Without Sufficient Meet and Confer

Samsung was surprised by the present motion, especially given that Samsung had produced many documents containing detailed descriptions of conjoint surveys and other studies/analyses in accordance with its discovery obligations under the Discovery Order and pursuant to Headwater's Requests. A comparison of Headwater's brief to its cited correspondence explains the confusion. For example, Headwater's July 12, 2023 letter (cited in Headwater's brief at 2) requests "studies, reports, market surveys, consumer surveys, focus groups, market analyses, and forecasts" (Requests 41 and 43) and documents relating to "the origination, conception, creation, formation, or development of functionalities in the Accused Products" (Request 19). Ex. 1 at 3-4. There is no mention of conjoint analysis and no mention of specific missing documents. Batteries are also mentioned only in passing, as part of the phrase "such as, but not limited to Data Saver, App Standby, Doze, Adaptive Battery, Power Saving, Adaptive Power Saving, Background Usage Limits, and Mobile Data Only Apps." *Id.* In addition, Headwater's October 24, 2023 letter, on which Headwater relies in its motion as purportedly "reiterating its requests" for studies and

1

analyses of battery savings benefits, does not describe the issues in the present Motion with any specificity whatsoever.

It was not until January 17, 2024 that Headwater specifically mentioned conjoint surveys, and even then it did not raise all the issues identified in its brief or tie conjoint analysis to batteries. *See* Ex. 2 at 6. Moreover, Headwater's request relating to conjoint surveys in this correspondence specifically related to Interrogatories 16-17, not at issue in this motion. *Id.*

Headwater's short email dated *January 25, 2024 was the first time Headwater raised the issue* of missing attachments, but it set an unreasonable deadline of four days later (over a weekend) for Samsung to find and produce these documents, all without fully explaining the issues raised in this motion. Ex. 3.

On February 1, 2024, the parties met and conferred, but with a focus on interrogatories rather than document requests. The present issue was discussed for at most two minutes, with Headwater saying *it would follow up via email* with additional documents it wanted produced and Samsung assuring Headwater that it was not withholding any documents and that it would supplement its interrogatory response.

On February 2, 2024, Samsung provided the promised supplement to its interrogatory responses, identifying many documents responsive to Headwater's requests, and on February 7, 2024, Samsung again assured Headwater it was not withholding any relevant documents and was continuing its searching for additional responsive documents. *See* Ex. 4. Nonetheless, Headwater proceeded to file this motion on February 12, 2024.

### B. Samsung Has Conducted a Reasonable Search and Withheld No Responsive Documents

As Samsung repeatedly told Headwater, it has conducted a reasonable search and has withheld no responsive documents. Headwater's brief does not argue the contrary; that is, it does

not argue that Samsung has refused any searches or withheld any located documents. All Headwater argues is that certain produced documents reference unproduced documents. This is normal in any litigation, and as discussed in the next section, Samsung is working with Headwater to fill identified gaps.

      **C.**     **Samsung Has Worked Hard to Address Issues Newly Raised in This Motion**

On February 15, 2024, Samsung wrote to Headwater expressing its surprise about the present motion, offering to continue working with Headwater to address any issues, and asking Headwater to withdraw the present motion:

> We were surprised by Headwater's filing of the below motion to compel, especially in light of the Samsung's February 2nd Supplemental Response to Interrogatory No. 16 (which Headwater curiously fails to discuss in its motion). At any rate, we write to reiterate that the many presentations relating to analyses of battery savings benefits, including those identified in Headwater's motion as well as Samsung's supplemental response to Interrogatory No. 16, represent the end product of the conjoint analyses (or related studies) and summarize the raw data into usable information. As stated on the parties' February 1 meet and confer, Samsung is not presently withholding any such presentations. These presentations are what Samsung uses for its business purposes, and are what Samsung maintains in its databases as its ordinary course of business. In an effort to resolve the present dispute and avoid unnecessary expenditures for the Court as well as all parties, Samsung is currently conducting additional targeted searching for the raw data associated with the types of conjoint studies and simulators cited in Samsung's current production (*e.g.*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ etc.), and will produce the results of those searches or otherwise confirm that the complete raw data is not accessible. Will Headwater agree to withdraw its motion upon the completion of this additional targeted searching?

Ex. 5. Unfortunately, Headwater has not done so,[1] though it did respond on February 19, 2024 stating it is "open to working with Samsung to resolve the present dispute." Ex. 5. Samsung is currently conducting further searches in response to that email. Headwater's email identifying

---

[1] By contrast, Samsung withdrew a pending motion to compel upon Headwater belatedly complying with its obligations after Samsung was forced to file a motion. *See* Dkt. 110.

3

more supposedly missing documents is also confirmation that Headwater filed the present motion before finishing its meet and confer.

### III. ARGUMENT

#### A. The Court Should Deny Headwater's Motion Because Headwater Failed to Meet and Confer Meaningfully

This Court's Local Rules impose a requirement not just for a perfunctory meet and confer but for a *meaningful* one. Participants must "compare views and have a discussion in an attempt to resolve their differing views"; they must compare costs and benefits of discovery; and "a request for court intervention is not appropriate until . . . the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." L.R. 7(h).

Here, as apparent from Headwater's certificate of conference, there was no such "impasse." Instead, the sole justification given for Headwater's motion is Samsung's failure to respond with an update on February 9, 2024, even though Samsung had updated its interrogatory response on February 2, provided an update on February 7, 2024, and was working on a further response.

Samsung submits that Headwater's insistence on an arbitrary deadline is not sufficient grounds for Court intervention and that the Court should deny Headwater's motion as premature.[2] *See*, *e.g.*, *Indorama Ventures Oxides LLC v. M/V NATCHEZ EXPRESS*, No. 1:20-CV-00054, 2021

---

[2] Further, Headwater's conduct regarding the present motion presents a stark contrast to the well-documented efforts Samsung has expended in resolving numerous discovery issues with Headwater before being forced to file motions to compel to achieve any resolution. Unfortunately—considering this motion's timing, Headwater's unreasonable timeline, and Headwater's failure to communicate or meet and confer as required—it appears that Headwater's present Motion is designed to distract from its own discovery deficiencies. *See, e.g.*, Samsung's Motion to Compel Headwater to Provide Signed Authorization for Qualcomm to Release Dr. Gregory Raleigh's Employment Records (Dkt. 105); Samsung's Motion to Compel Production of Documents Withheld Under Improper Assertions of Privilege, Work Product (Dkt. 100).

WL 2935299, at *1-2 (E.D. Tex. Mar. 2, 2021) (denying motion to compel for failure conduct *adequate* meet and confer).

### B.   The Court Should Also Deny Headwater's Motion Because It Is Moot

Headwater has failed to identify any specific impasse between the parties, such as a particular search that Samsung has refused to run or a particular document that Samsung has refused to produce. To the contrary, Samsung has repeatedly offered to resolve Headwater's concerns, which were raised with specificity only shortly before Headwater filed its motion, as detailed above. Samsung is making progress and has already produced additional documents. Headwater has also stated it is "open to working with Samsung to resolve the present dispute." Ex. 5. That should end the matter.

### IV.   CONCLUSION

Samsung respectfully requests that the Court deny Headwater's motion to compel.

Dated: February 27, 2024          Respectfully submitted,

By:   */s/ Steffen Lake*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on February 27, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Steffen Lake*