# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**FILED UNDER SEAL** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER IMPROPER ASSERTIONS OF PRIVILEGE, WORK PRODUCT, AND COMMON INTEREST AND FOR HEADWATER TO <u>CURE ITS DEFICIENT PRIVILEGE LOG (DKT. 100)</u>**

**PUBLIC VERSION**

Headwater's response underscores why Samsung's motion was necessary, as Headwater has now withdrawn certain privilege/work product assertions and clarified its position on what should have been straightforward issues (after three logs and multiple meet and confers). These previously withheld documents include amendments to Dr. Raleigh's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Headwater's documented pattern of behavior speaks for itself. *E.g.,* Dkts. 88, 95, 111.

Yet substantial issues remain as to common interest and asserting privilege as to a defunct entity, none of which Headwater can substantiate. Instead, Headwater relies on *ex post facto* **attorney assertions**— expressly contrary to sworn testimony in this case—to try to carry its burden. Exs. Z, AA. It cannot do so. Samsung respectfully asks the Court for the relief sought herein.

## I.   CANNOT EXTEND LIMITED CONTRACTUAL ▬ COMMON INTEREST

Headwater tries to retroactively expand the limited contractual common interest between it and ▬ to justify withholding the at-issue discovery.

*First,* a brief factual recap highlights Samsung's concerns. Headwater did not disclose the patent portfolio negotiations' existence, despite (i) its discovery order obligations; and (ii) Samsung seeking such discovery via interrogatory and document requests the day discovery opened. *See* Dkt. 88 at 1-5. Samsung only learned of these negotiations **eight months** later when it deposed third party James Harris, former Headwater counsel ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, *see* Dkt. 96 at 5-6). For the next **two months**, Samsung tried (unsuccessfully) to get the requested discovery. Dkt. 88 at 1-5. Yet within **four days** of Samsung moving to compel, Headwater: (i) produced more than 115 responsive documents;[1] and (ii) logged more

---

[1] Even within this production, Headwater over-asserts privilege. For example, Headwater redacts information provided by accountants, not attorneys. *E.g.,* Ex. BB (redacting tax bases).

than 70 ▮▮▮ communications, all previously withheld as not responsive. This timeline is telling.

*Second,* while Headwater generally reflects that a common interest can exist between a company and potential acquirer (Opp. at 11-13), here, Headwater and ▮▮▮ agreed to limit any common interest between them to the contractually defined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Yet Headwater continues to withhold such discovery as privileged. Headwater logs (i) 51 emails ▮▮▮▮▮ (ii) 56 emails ▮▮▮▮▮.[3] At most, the contractual common interest applies to the former (51 emails), but even as to these entries, Samsung is still unsure which fall within/outside of the limited contractual common interest.[4]

Per the above, Samsung respectfully requests that the Court: (1) order Headwater to produce the 58 logged emails from ▮▮▮▮▮, and (2) review *in camera* both (i) the 50 logged communications from ▮▮▮▮▮ and (ii) the redacted ▮▮▮▮▮ communications to ensure the withheld content is within the limited contractual common interest.

## II.    NO SUBSTANTIATED COMMON INTEREST WITH ITSON

Headwater has neither (i) identified a specific, substantially identical legal interest between

---

[2] Ex. Q-1 (35 emails from Headwater/counsel to ▮▮▮/counsel); Ex. U-1 (16 emails).
[3] Ex. Q-1 (39 emails from ▮▮▮/counsel to Headwater/counsel); Ex. U-1 (17 emails from McKool to Headwater). *See* Opp. at 7 (disclosing that Ex. U entries are communications between counsel for Headwater and counsel for ▮▮▮.
[4] Headwater generically describes many, in relevant part, as "related to patents" (*E.g.,* "Email including common interest communication ***related to patents*** and in anticipation of litigation."). But Headwater fails to identify which of those communications relate to patent valuations, something not covered by the contractual common interest, as opposed to patent analyses.

it and ItsOn, nor (ii) substantiated that this interest remained unchanged/shared for nearly a decade. In short, Headwater has not satisfied its burden in withholding this discovery.

**What is the specific, substantially identical legal interest?** *First*, Headwater claims common interest applies because ▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 13. Not so; both Dr. Raleigh and Mr. Harris testified that ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. Z. *Second*, Headwater claims ItsOn shared a common legal interest as to ▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* at 14. Again, not so. ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8 at § 2.1. *Third*, Headwater claims a common interest existed with ItsOn because they were ▮▮▮▮▮▮" as in *MPT, Inc. v. Marathon Labels, Inc.*, 2006 WL 314435, at *7 (N.D. Ohio Feb. 9, 2006). *Id.* Again, not so. The *MPT* court found that the at-issue entities—patentee and *assignee*—had (i) "an identical legal interest in successfully prosecuting the patents" at "the time of the patent assignment" and (ii) "[i]n litigation" they had "an identical legal interest in the enforcement and validity of the patents." *MPT*, 2006 WL 314435, at *7-8. ▮▮▮▮▮▮▮▮▮▮▮▮ *Fourth*, Headwater says ItsOn ▮▮▮▮▮▮▮▮▮▮▮▮ as in *In re Regents,* 101 F.3d 1386, 1390 (Fed. Cir. 1996). Opp. at 14-15. Again, not so. As explained in Samsung's Motion (Mot., n.18), the Court in *In re Regents* "conclude[d] that the legal interest between Lilly and UC was substantially identical because of the *potentially and ultimately exclusive* nature of the Lilly–UC license agreement." *In re Regents*, 101 F.3d at 390 (emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮ while ▮▮▮▮▮▮▮▮▮▮▮▮ it did not share *a substantially identical legal* interest sufficient to invoke the narrow common interest exception.

**When did ItsOn and Headwater share this interest?** Headwater claims the common

3

legal interest between Headwater and ItsOn ███████████████████████. Opp. at 13; Wietholter Decl. ¶25. Not so. Dr. Raleigh testified that █████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████ Ex. Z. There are at ██████████ license agreements between ItsOn and Headwater ████████████ Headwater pointing to the initial agreement as evidence of ████████████████████████ is insufficient to satisfy ***its burden*** to show ***when*** this specific legal interest existed.

Per the above, Headwater has failed to satisfy its burden to show that ItsOn and Headwater, at all relevant times, shared a specific, substantially identical legal interest and that this legal interest was furthered/at-issue in each of the more than 600 logged communications between ItsOn and Headwater from 2010 to 2017. Ex. V. Samsung respectfully requests that the Court order Headwater to produce these communications and re-produce any such redacted documents.

### III.    CANNOT ASSERT PRIVILEGE ON BEHALF OF DEFUNCT ITSON

Headwater does not dispute that it cannot assert privilege behalf of ItsOn (*see* Opp. at 15), but nevertheless tries to improperly expand privilege to withhold that at-issue discovery.

*First*, Headwater argues that even █████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Opp. at 8. Not so; Dr. Raleigh testified that ████████████████ Ex. AA ("Q. ████████████████

████████████████████████████").

*Second*, Headwater argues that it is not asserting privilege on behalf of ItsOn, but rather on behalf of itself—Headwater—by extension of its common interest exception (which, per the above, it has not established). Opp. at 15. Headwater provides no authority for this novel position. The common interest exception to waiver protects communications (i) between parties (*e.g.*, Party

4

A and Party B) that share a specific, substantially identical legal interest, and (ii) are in furtherance of that specific interest (*i.e.*, so the parties can *share* information about a common interest without waiving privilege). The exception does not automatically extend to all Party A's communications sans Party B, even if the subject matter relates to the issue over which the parties share common interest. Such an extension belies the bounds of both common interest exception and privilege itself (which exists between, and is asserted by, a client and the client's attorneys, not others).

Per the above, Headwater has failed to satisfy its burden to show that it can assert privilege as to communications to which it is not a party. Samsung respectfully requests that the Court order Headwater to produce: (1) the 150 emails that do not include anyone from Headwater (Ex. W); and (2) as to the 250 entries implicating either ItsOn *or* Headwater (because, *e.g.*, the sender/recipient worked for both and used a personal email address), those for which Headwater cannot show that the privilege is Headwater's and not ItsOn's (which Headwater has not done). Ex. X.

## IV. NOT SUBSTANTIATED WITHHOLDING VERIZON COMMUNICATIONS

Headwater continues to withhold 17 emails with Verizon, claiming Verizon ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Opp. at 5, 10; Wietholter Decl., ¶12. Samsung is not aware of any evidence supporting this claim. Samsung asked Headwater for any such evidence; Headwater never responded. Ex. CC. Again, attorney statements, contrary to facts, cannot support withholding discovery. The evidence shows that Verizon was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and for the same reasons articulated above as to why Headwater cannot assert privilege on a defunct entity's behalf, Samsung respectfully asks that the Court order Headwater to produce these documents. Ex. 4.

## V. NO WORK PRODUCT BEFORE 2016

Headwater still asserts work product for more than 2,800 entries despite claiming that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung respectfully requests that the Court order no work product protection applies before 2016.

Dated: March 6, 2024        Respectfully submitted,

                By:   */s/ Jared Hartzman*
                   Ruffin B. Cordell
                   TX Bar No. 04820550
                   Michael J. McKeon
                   DC Bar No. 459780
                   mckeon@fr.com
                   Jared Hartzman (*pro hac vice*)
                   DC Bar No. 1034255
                   hartzman@fr.com
                   Joshua Carrigan (*pro hac vice*)
                   VA Bar No. 96911
                   carrigan@fr.com
                   **FISH & RICHARDSON P.C.**
                   1000 Maine Avenue, SW, Ste 1000
                   Washington, D.C. 20024
                   Telephone: (202) 783-5070

                   Thad C. Kodish
                   GA Bar No. 427603
                   tkodish@fr.com
                   Benjamin K. Thompson
                   GA Bar No. 633211
                   bthompson@fr.com
                   Nicholas A. Gallo (*pro hac vice*)
                   GA Bar No. 546590
                   gallo@fr.com
                   Steffen Lake (*pro hac vice*)
                   GA Bar No. 512272
                   lake@fr.com
                   **FISH & RICHARDSON P.C.**
                   1180 Peachtree St. NE, Fl. 21
                   Atlanta, GA 30309
                   Telephone: (404) 892-5005

                   Leonard E. Davis
                   TX Bar No. 05521600
                   ldavid@fr.com
                   Andria Rae Crisler
                   TX Bar No. 24093792
                   crisler@fr.com
                   **FISH & RICHARDSON P.C.**
                   1717 Main Street, Suite 5000
                   Dallas, TX 75201
                   Telephone: (214)747-5070

**PUBLIC VERSION**

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**PUBLIC VERSION**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 6, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman