**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>              Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DOCUMENTS REGARDING HEADWATER'S PATENT PORTFOLIO SALE NEGOTIATIONS WITH THIRD PARTIES (DKT. 88)**

# TABLE OF CONTENTS

I. ARGUMENT ................................................................................................................... 1
    A. Samsung's Motion is Moot Because Headwater Has Produced the Documents Requested by Samsung ........................................................... 1
    B. Headwater Has Diligently Complied with its Discovery Obligations and Samsung's Requests ................................................... 2
II. CONCLUSION ................................................................................................................ 3

i

I.   ARGUMENT

   A.   **Samsung's Motion is Moot Because Headwater Has Produced the Documents Requested by Samsung**

Samsung seeks the production of documents relating to Headwater's discussions with third-party ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮") which occurred between November 2019 and April 2020, in which the parties, subject to both written NDA and common interest protections, held discussions about the potential acquisition of Headwater's patents by ▮▮▮▮▮▮ In the course of those confidential discussions, Headwater and its attorneys provided ▮▮▮▮▮ with Headwater's infringement claim charts, patent priority analysis, financial information relating to Headwater, and other information ordinarily provided during a diligence phase. The parties held meetings to discuss, among other things, the validity of various Headwater patent families and on-going infringement of Headwater's IP by players in the mobile device market, including, specifically, infringement by Samsung. Headwater and ▮▮▮▮▮ ultimately agreed to not go forward with the deal in April 2020.

As of the filing of this response, Headwater has produced to Samsung all non-privileged agreements, drafts of agreements, emails, communications, and other exchanged materials in its possession, custody, and control relating to the potential sale of Headwater' patent portfolio to ▮▮▮▮ Headwater also has provided to Samsung a privilege log reflecting all other documents relating to the potential sale but which have been withheld on privilege grounds. As Headwater has provided the discovery sought by Samsung, Samsung's Motion should be denied as moot.

On February 12, Samsung counsel represented to Headwater that if Headwater "represents to the Court in its response that it has produced all information responsive to Samsung's motion to compel, Samsung will consider [Headwater's request that Samsung withdraw its motion as

1

moot]." Wietholter Decl., Ex. A. Headwater hereby states it has produced all non-privileged information sought by Samsung located after a reasonable research, as noted above.

      **B.    Headwater Has Diligently Complied with its Discovery Obligations and Samsung's Requests**

Samsung includes contains numerous mischaracterizations of the record in this case in its Motion in order to suggest Headwater has not diligently or fulsomely complied with its discovery obligations. For example, Samsung alleges that Headwater has engaged in "continued and repeated delay" with respect to the ▮▮▮▮-related documents. That is incorrect.

Samsung took the deposition of James Harris, former counsel for Headwater, on November 27, 2023. During the deposition, Mr. Harris testified that he recalled that Headwater ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Samsung requested on December 6, 2023 that Headwater search for and produce documents relating to that potential sale. In response, Headwater began its investigation into Samsung's request. In the process of doing so, Headwater identified the need for it to comply with third-party confidentiality obligations. Headwater sent a letter to ▮▮▮▮ on January 12, 2024 which notifying it of Headwater's intent to produce to Samsung documents relating to the potential patent sale by January 22. Wietholter Decl., Ex. B. On January 22, 2024, Headwater notified Samsung that it was in the process of complying with third-party confidentiality concerns and that it expected it would produce the requested documents promptly, which it began doing so on a rolling basis on January 26. *Id.* ¶ 6. Notwithstanding Samsung's Motion (also filed on January 26), Headwater's counsel continued its search for and review of the requested patent-sale-related documents, which it completed on February 7. *Id.* ¶ 7-8. That same day, Headwater completed its production of all non-privileged documents relating to the potential sale of Headwater's patents to ▮▮▮▮ and served a privilege log on Samsung which contained log entries for the privileged

2

material that Headwater had identified in its review. *Id.* ¶7-9, Ex. C (Excerpt of Headwater's February 7, 2024 Privilege Log).

## II. CONCLUSION

Headwater has produced all non-privileged documents in its possession, custody, and control relating to the potential (but ultimately unconsummated) sale of Headwater's patents. Samsung's Motion should be denied.

Dated: February 12, 2024

Respectfully submitted,

/s/ *Marc Fenster*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff*
*Headwater Research LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

*/s/ Marc Fenster*
Marc Fenster

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Marc Fenster*
Marc Fenster