**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RESPONSIVE ESI (DKT. 88)**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 2 |
| | A. | The Parties' Negotiations Leading to the ESI Order | 2 |
| | B. | Headwater's Document Productions under the ESI Order | 2 |
| | C. | Samsung's Extraneous and Inflammatory Arguments Regarding Headwater's Conduct in Discovery | 4 |
| III. | ARGUMENT | | 5 |
| | A. | Headwater Has Not Withheld Relevant, Non-Privileged Emails and ESI | 5 |
| | B. | The ESI Order's Framework for Search Term-Based Email Discovery Does Not Require Headwater to Produce Irrelevant Discovery | 7 |

**PUBLIC VERSION**

## TABLE OF AUTHORITIES

**Cases**

*Innovation Scis., LLC. v. Amazon.com, Inc., et. al*,
  No. 4:18-CV-474, Dkt. 466 (E.D. Tex. Mar. 2, 2020) ................................................................ 7

I.  **INTRODUCTION**

Samsung saturates its Motion with inflammatory but meritless and unsupported innuendo about Headwater's efforts in this case to comply with its discovery obligations. Most of Samsung's characterizations about the discovery record rely on speculative assumptions, such as those about what ESI that Headwater does or does not have or whether Headwater "selectively" retained information relating to ItsOn, Inc. (a company that licensed Headwater's patents and which ultimately wound up in 2018). *See* Mot. at 4-6. Samsung goes so far as to mischaracterize deposition testimony to imply that Headwater's Chief Innovation Officer, Dr. Gregory Raleigh, ████████████████████████████ *Id.* at 6. Samsung's spurious arguments do not even relate to its requested relief, which underscores its base attempt to confuse the Court with incendiary rhetoric and accusations.

In reality, the issue before Court is narrow: whether, under the ESI Order (Dkt. 63) in this case, a party may perform a review for relevance on results generated by search terms applied to that party's collected ESI. Here, Samsung specifically requested (and obtained) in April 2023 a modification to the Court's Model Order that permits a secondary review on ESI for both privilege and relevance. Samsung inserted language into the ESI Order, ultimately adopted by the Court, which provided: "***Nothing in this protocol shall be interpreted to require disclosure of irrelevant information***" and "***[t]he parties do not waive objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.***" Dkt. 63 ¶ 12.

For its part, Samsung clumsily inverts the language to argue that it simply means the parties do not "waive" any "future" and "subsequent relevance objections" after a document production has been made. This explanation is nonsensical. It contravenes the parties' shared intent behind the ESI Order and the plain meaning of the words that *Samsung*, much earlier in this case, inserted into the ESI Order. For most of this litigation, both parties have proceeded with the understanding

1

that the purpose of search terms was to aid in the *search* for relevant information, not to serve as the basis for whether information needed to be produced. Samsung's Motion rewrites that history and attempts to create an obligation for Headwater to produce all "ESI hits" found using the broad search terms Headwater agreed to run, even if it would mean that Headwater would be producing "irrelevant information." Because no such obligation is required by the Court's orders, the Federal Rules of Civil Procedure, or any other applicable authority, the Motion should be denied.

## II.     FACTUAL BACKGROUND

### A.     The Parties' Negotiations Leading to the ESI Order

Headwater provided a draft ESI order to Samsung's counsel on April 12, 2023. Declaration of James S. Tsuei ("Tsuei Decl.") ¶ 3. Headwater's April 12, 2023, draft was modeled on the Court's Model Order Regarding E-Discovery in Patent Cases. *Id.* On April 14, 2023, Samsung's counsel provided redlined revisions to Headwater's draft, which added new language to paragraph 12:

> 12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Nothing in this protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

*Id.* The parties met and conferred about the parties' ESI-related proposals on April 17, 2023, exchanged further round of edits, and jointly agreed to the version that was filed with the Court on April 19, 2023. *See id.* ¶ 4; Dkt. 62. The Court issued the agreed ESI Order on April 21, 2023, with Samsung's added language intact. Dkt. 63.

### B.     Headwater's Document Productions under the ESI Order

Headwater emailed Samsung on May 17, 2023, to kick-start the process outlined in the ESI Order for identifying ESI and email custodians as well as search terms the parties would run. *See* Tsuei Decl. ¶ 5. The parties promptly agreed to a June 2, 2023, deadline for the parties to exchange lists of likely e-mail custodians. *Id*. On June 1, 2023, Samsung requested, and Headwater agreed, to move the June 2 deadline to June 6. *Id.*

On June 6, 2023, Headwater identified seven Samsung custodians it believed were likely to have relevant email. *See id.* ¶ 6. Samsung responded that same day and refused to proceed with its own required disclosure, on the basis that Headwater was supposedly required to identify custodians "within the custody and control of Headwater." *Id.* The parties exchanged several more emails that same day that, among other things, set a time on June 7, 2023, to meet and confer and confirmed that Samsung would "hold off disclosing custodians" despite its prior agreement. *Id.*

During the scheduled June 7, 2023, meet-and-confer, Samsung proposed an alternative framework deviating from the ESI Order whereby the parties only disclosed custodians in its own custody and control. *See id.* ¶ 7. Despite Samsung's failure to fulfill its commitments and to move discovery forward, Headwater agreed to Samsung's alternative framework in an email later that same day. *See id.* Samsung, with no explanation, reversed course in an email the next day—*see id.* ¶ 8—and in the same email, said Headwater's proposal from the day before sought to "rewrite" the ESI Order (despite it being simply a recitation and transcription of what Samsung's attorneys proposed on June 7). *Id.* Notwithstanding its backtracking, Samsung finally provided a list of likely custodians it says it was "compelled" to disclose "pursuant to the ESI Order." *Id.* ¶ 8.

On July 25, 2023, Headwater proposed to Samsung that the parties exchange search terms on July 28, 2023. *See id.* ¶ 9. The parties did so, and both sides identified broad terms such as the names of entities which would otherwise result in overbroad productions of irrelevant information

3

without a relevance review. *See, e.g.*, *id.* ¶¶ 10-11. Headwater largely agreed to Samsung's terms, accepting all but one—which was subject to later meet-and-confer and a compromise. *Id.*

Headwater began collecting and reviewing emails after September 8, 2023. *Id.* ¶ 13. On September 26, 2023, Headwater produced the first of many ESI productions, which contained 2,068 documents (of which 1,835 were emails). *Id.* Nine additional ESI productions followed through the January 5, 2024, deadline for the substantial competition of discovery, which totaled to 13,058 documents (of which 9,490 were emails). *Id.* Headwater has continued to review and produce relevant emails through the present day, including in six more document productions since the substantial completion deadline. *Id.*[1]

Though the parties have communicated throughout this litigation about many things that typically arise in patent cases, Headwater has always been open with Samsung about its approach to reviewing ESI and producing relevant information and not producing irrelevant information. As just one example, Headwater noted to Samsung in an October 19, 2023, email that it was continuing to "produce relevant, non-privileged ESI pursuant to Samsung's search terms identified in connection with that ESI Order at the appropriate time." *Id.* ¶ 15. And Samsung has couched its search term-based requests for email as ones for "***relevant***" information. *Id.* This approach, after all, was Samsung's idea all along and memorialized in the ESI Order.

### C. Samsung's Extraneous and Inflammatory Arguments Regarding Headwater's Conduct in Discovery

---

[1] Samsung's allegations of discovery failures are vexing, because it is **Samsung** who has obstructed email discovery in this case. Though Samsung's conduct is not, strictly speaking, at issue in this Motion, Headwater notes that as of the date of this Response, Samsung has produced just 74 emails, where the true population of relevant, non-privileged emails is likely to number in the thousands. Headwater expects it may request the Court's help to resolve disputes with Samsung's failure to fulfill its discovery obligations in the future. *See* Tsuei Decl. ¶ 14.

4

In Section B of its Motion, Samsung lists several "issues" it says "heighten" its concerns about "relevancy withholdings." None have merit. First, Samsung says Headwater's productions are "missing" "ItsOn ESI" (insinuating that Headwater is withholding such "missing" ESI) and that Headwater has "selective[ly]" retained "ItsOn ESI." Mot. at 5. This is false and unsupported by any evidence—Headwater has neither selectively retained nor concealed any "ItsOn ESI."

Second, Samsung alleges (among other things), that James Harris, Headwater's former in-house counsel, testified that Headwater's current Chief Innovation Officer, "Dr. Raleigh... ", and insinuates that Dr. Raleigh also ▮▮▮. See Mot. at 5-6. Not only is this allegation unrelated to the Motion, it is a blatant misrepresentation of Harris's testimony about Dr. Raleigh:

[2]

Third, Samsung asserts that counsel for Headwater has improperly withheld privileged information sought by Samsung's subpoenas. Mot. at 6. Samsung is wrong, as Jacobsen has explained in a pending and fully briefed motion to compel, which was today transferred to this Court from the Northern District of California. See Dkt. 11, 5:24-mc-80012-VKD (N.D. Cal.).

## III.  ARGUMENT

### A.  Headwater Has Not Withheld Relevant, Non-Privileged Emails and ESI

Headwater has not withheld relevant and non-privileged emails or ESI. Headwater has

---

[2] Headwater is not attaching the deposition transcript given the Court's page limits for discovery-related motions, but will provide it and any other materials to the Court upon request.

stated this fact to Samsung's lawyers repeatedly, in writing and over the phone, since at least Fall 2023. Indeed, in the normal course of discovery in this case, when Samsung has identified to Headwater what it believes are specific gaps in the productions, Headwater has prioritized its review and production in response to such identifications, even if the material sought by Samsung was unlikely to lead to the discovery of relevant information. For example, Headwater has already specifically searched for the "attachments" Samsung identifies in Exhibit B to its Motion and has produced the non-privileged documents it found, even though Samsung did not identify any of these attachments prior to filing their Motion, and even though, as their filenames suggest, they are unlikely to be relevant to any claim or defense. *See* Tsuei Decl. ¶ 16.

Thus, it is unsurprising that Samsung fails to identify any meaningful group of documents it believes are relevant but have not been produced by Headwater. This is because Headwater has, throughout this entire case, made a good-faith effort to produce all relevant documents in its possession, custody, and control under both the Discovery Order ¶ 3(b) and the ESI Order. Headwater has even located relevant, non-privileged emails and documents not identified by Samsung's search terms, and Headwater has nonetheless produced those documents.

The closest Samsung comes to identifying a topical deficiency is with a speculative assumption that Headwater is withholding non-privileged emails about (1) "ItsOn and Headwater patents" or (2) "problems with ItsOn software." Mot. at 5. Samsung says that it wants Headwater to "certify" that it is not withholding any such documents. That request is improper, not required under the Federal Rules or this Court's orders, and unsupported by any precedent or other case law. In any event, as of the date of this Response, Headwater believes it is not withholding any non-privileged emails or ESI relating to "ItsOn and Headwater patents" or "problems with ItsOn

6

software" based on a reasonable search.[3] Tsuei Decl. ¶ 17.

### B. The ESI Order's Framework for Search Term-Based Email Discovery Does Not Require Headwater to Produce Irrelevant Discovery

Finally, Samsung suggests that the ESI Order requires Headwater to produce all non-privileged "hits" that were located by Headwater through the application of Samsung's search terms. Samsung is wrong for the reasons already explained *supra*. When this case was in its early stages, Samsung requested, and Headwater agreed, to add language in the ESI Order that allowed parties to not produce irrelevant information—i.e., the parties withhold irrelevant material that hit for search terms. Headwater has operated under this framework for most of this case and accepted search terms in reliance on Samsung's language.

Through its Motion, Samsung reneges on its prior commitments and rewrites the ESI Order to exclude a provision it itself included. But the ESI Order is clear: "Nothing in this protocol shall be interpreted to require disclosure of irrelevant information." Headwater's review for relevance of ESI located through search terms is thus proper. Samsung's sole authority, *Innovation Scis., LLC. v. Amazon.com, Inc., et. al*, No. 4:18-CV-474, Dkt. 466 (E.D. Tex. Mar. 2, 2020), does not say otherwise. That case dealt with a different ESI order (not having the language Samsung added in this case), and, contrary to Samsung's suggestion, the court there ordered the production of only **relevant** information. *See id.* at 2 ("Innovation must produce the **relevant**, non-privileged emails from Dr. Wong's email accounts") (emphasis added). Likewise, Samsung provides no authority supporting its request for a "relevancy log," which on its face is overly burdensome and not proportional to the needs of the case.

Samsung's Motion should be denied.

---

[3] Samsung counsel should be able to independently arrive at this conclusion by simply looking at the ***literally thousands of emails and other materials*** that Headwater has produced which discuss or relate to Headwater's patents, pending patents, or bugs and other "problems" with ItsOn's software. Tsuei Decl. ¶ 19.

| | |
|---|---|
| Dated: February 20, 2024 | Respectfully submitted,<br><br>*/s/ James S. Tsuei*<br>Marc Fenster<br>CA State Bar No. 181067<br>Email: mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Email: rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>Email: bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>Email: bwang@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>Email: dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>Email: pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Email: nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>Email: kdavis@raklaw.com<br>James S. Tsuei<br>CA State Bar No. 285530<br>Email: jtsuei@raklaw.com<br>Philip Wang<br>CA State Bar No. 262239<br>Email: pwang@raklaw.com<br>Amy Hayden<br>CA State Bar No. 287026<br>Email: ahayden@raklaw.com<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>Email: jwietholter@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br><br>*Attorneys for Plaintiff*<br>*Headwater Research LLC* |

8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ James S. Tsuei
James S. Tsuei

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ James S. Tsuei
James S. Tsuei