**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>                Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER'S OPPOSITION TO DEFENDANTS' MOTION (1) TO COMPEL DOCUMENT CLAWED BACK BY HEADWATER ON THE BASIS OF PRIVILEGE AND (2) FOR AN ORDER FINDING SUBJECT MATTER WAIVER AS TO PRE-SUIT COMMUNICATIONS ABOUT LITIGATION AGAINST SAMSUNG**

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   ARGUMENT ..................................................................................................................... 2

      A.   Samsung Fails to Show It Is Entitled to Privileged Information in
           the Draft of Headwater's Board Meeting Minutes Dated March 27,
           2017 ........................................................................................................................ 2

      B.   Samsung Fails to Establish Either an "Express" Waiver or Subject
           Matter Waiver Over Headwater's "Pre-Suit Communications
           Regarding Suing Samsung" Based on Dr. Gregory Raleigh's
           November 15, 2023 Deposition .............................................................................. 4

      C.   Samsung's Failure to Meet and Confer with Headwater Pursuant to
           Local Rule CV-7(h) ................................................................................................ 8

III.  CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Cf. United States v. Hernandez*,
  No. 4:09-CR-34 (3), 2010 WL 11541631 (E.D. Tex. Mar. 3, 2010) .......................................... 4

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  No. 2:22-CV-00125-JRG, 2023 WL 5612443 (E.D. Tex. Aug. 29, 2023) ................................ 8

*Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*,
  2017 WL 7052463 (E.D. Tex. Sept. 20, 2017) ........................................................................ 7

*Russell v. Curtin Matheson Sci., Inc.*,
  No. 76-H-881, 1980 WL 374 (S.D. Tex. Apr. 15, 1980) ........................................................... 6

*United States v. Motorola, Inc.*,
  1999 WL 552553 (D.D.C. May 28, 1999) ............................................................................... 4

*Varel v. Banc One Cap. Partners, Inc.*,
  1997 WL 86457 (N.D. Tex. Feb. 25, 1997) ............................................................................. 8

*WebXchange Inc. v. Dell Inc.*,
  264 F.R.D. 123 (D. Del. 2010) ................................................................................................ 3

**Rules**

Fed. R. Civ. P. 26(b)(5) ................................................................................................................. 7

Fed. R. Civ. P. 30(b)(1) ............................................................................................................. 1, 4

Fed. R. Evid. 502(a) .................................................................................................................. 2, 7

PUBLIC VERSION

## I. INTRODUCTION

This is another of Samsung's serial motions seeking the production of Headwater's attorney-client privileged materials on dubious and legally unsupported grounds. Like its other motions, Samsung fails to establish entitlement to discover the privileged material that it seeks. And, like before, the instant Motion comes without Samsung attempting to meet and confer with Headwater about the issues raised therein pursuant to Local Rule CV-7(h).

First, Samsung asks for Headwater to re-produce, in unredacted form, a draft of Headwater's meeting minutes for a board meeting dated March 27, 2017. The draft is authored Headwater's outside counsel and was produced in this case in unredacted form on December 15, 2023. Headwater clawed the document back pursuant to the Protective Order (Dkt. 55) during a February 21, 2024 deposition of David Johnson, a third party witness. Like Headwater's counsel stated on the record during the February 21 deposition, a section of the document, under the heading "Litigation Update," reflects an attorney-client privileged communication. That section memorializes a confidential communication made by a company officer (Dr. Gregory Raleigh) to an audience comprising the company's oversight board, in-house counsel, and outside counsel, and which reflects specific facts of the company's ongoing efforts to prepare for litigation. This is material within the protection of the attorney-client communications privilege. Samsung's only argument—that the information needs to reflect more (but otherwise unspecified) detail to qualify for protection—goes unsupported by any law or rationale.

Second, Samsung argues that Headwater has committed subject matter waiver as to all privileged "pre-suit communications about suing Samsung." This argument is frivolous on its face, and relies entirely on a contorted description of what Dr. Raleigh testified during his November 15, 2023 deposition conducted under Fed. R. Civ. P. 30(b)(1). None of the excerpts from that November 15 deposition presented in the Motion even arguably qualify as disclosures of the

substance of communications between Headwater and its attorneys, much less the sort of intentional and tactical disclosure giving rise to subject matter waiver under Fed. R. Evid. 502(a). Dr. Raleigh—clear from just the Motion itself—simply talked about general considerations of which Dr. Raleigh was aware in 2016 in connection with Headwater's contemplated patent enforcement options.

The Motion should be denied.

## II. ARGUMENT

### A. Samsung Fails to Show It Is Entitled to Privileged Information in the Draft of Headwater's Board Meeting Minutes Dated March 27, 2017

As noted above, the "at-issue" document is a draft of Headwater's board meeting minutes dated March 27, 2017 (the "at-issue" document). A redacted version of the at-issue document with is submitted herewith. *See* Declaration of Jason Wietholter ("Wietholter Decl."), Ex. A. This version redacts certain information under "Litigation Update" subheading at the top of the page stamped with HW_00055491. *See* Ex. A, at 3. The at-issue document was produced initially in this case by Headwater to Samsung on December 15, 2023 in unredacted form, bearing the bates number HW_000055489. An unredacted version of the at-issue document is available to the Court for *in camera* review, upon request.

On February 21, 2024, Samsung took the deposition of David Johnson, a third-party witness in this case and who was one of Headwater's early employees and, later, the CEO of the related ItsOn company. *See* Wietholter Decl. ¶ 4 Mr. Johnson was represented by separate counsel. *Id.* During the deposition, Samsung introduced the at-issue document (in unredacted form) as an

exhibit. *Id.*[1] Headwater immediately objected to the use of the document and clawed it back on the basis of privilege, while also permitting Samsung to ask general questions about the board meeting minutes provided the questions did not relate to the privileged material. Dkt. 116-3, at 59:6-16, 60:2-14. Samsung's attorney then began reading into the record that privileged material, which prompted Headwater to object again. *Id.* at 61:15-62:5.

The information redacted by Headwater in the at-issue document under the "Litigation Update" subheading reflects a confidential communication made by Dr. Raleigh to the company's board during a board meeting, whose participants are indicated by the document to include both Headwater's in-house counsel (James Harris) and outside counsel (Ben Hance of the Wilson Sonsini firm). Ex. A, at 1. The contents of the communication, and not simply the fact of a communication, is memorialized therein: they include detail about how Headwater was considering conducting its anticipated litigation. *Id.*

Samsung argues that the redacted information is not privileged because it "simply states" that Dr. Raleigh "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" or otherwise discloses "confidential advice" or "attorney work product" from an attorney. But the redacted information reveals ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ memorializes a confidential communication from Headwater to in-house and outside counsel disclosing those facts. *See, e.g., WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 127 (D. Del. 2010) ("notes memorializing confidential communications with counsel" protected by attorney-client privilege).

---

[1] In doing so, Samsung potentially violated the Protective Order by disclosing Headwater's designated material to a third party without obtaining permission or consent or otherwise verifying Mr. Johnson had received or was an author of the draft minutes. *See* Dkt. 55 ¶¶ 5, 9, 13, 15.

3

*Cf. United States v. Hernandez*, No. 4:09-CR-34 (3), 2010 WL 11541631, at *3 (E.D. Tex. Mar. 3, 2010). Asking Headwater to disclose the privileged information in the at-issue board meeting minutes would is akin to "asking [the client] to directly state what he told the attorney in confidence." *United States v. Motorola, Inc.*, 1999 WL 552553, at *5 (D.D.C. May 28, 1999).

Samsung neither disputes this law nor offers a reason why it should not control the outcome as to the at-issue document. Its argument appears to be that the meeting minutes either do not memorialize *enough* detail about what Headwater communicated in confidence to its in-house and outside counsel. Samsung cites no law to support this position. Neither does Samsung explain why the fact that Headwater was ███████████████████████████████████████, itself a material aspect of Headwater's litigation strategy, is not privileged information.[2] The privileged nature of a memorialization of a confidential communication from client to its attorneys cannot be vitiated by asserting, as Samsung does, that it is so. Mot. at 6.

> **B.     Samsung Fails to Establish Either an "Express" Waiver or Subject Matter Waiver Over Headwater's "Pre-Suit Communications Regarding Suing Samsung" Based on Dr. Gregory Raleigh's November 15, 2023 Deposition**

As the Motion notes, Dr. Raleigh gave testimony in a Fed. R. Civ. P. 30(b)(1) capacity in this case on November 15, 2023. The Motion, at pp. 2-3, excerpts two different sections of the deposition separated by an ellipse—they are respectively, pages 187-189 and page 197 of the corresponding deposition transcript. *See* Dkt. 116-2 (excerpts of pages 186-197).

The first excerpt presented in the Motion, drawn from 187:10-189:9 of Dkt. 116-2, concerns Samsung's questions to Dr. Raleigh about whether Headwater raised the issue of potential infringement with Samsung. Samsung apparently bolds certain parts of this testimony on

---

[2] Regrettably, Samsung's Motion attempts a *fait accompli* by describing that very litigation strategy in its Motion, but that is improper and does not operate as a waiver by Headwater.

4

page 2 of its Motion, to support its argument that Headwater "expressly" the waived all privilege about Headwater's "█████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████" (Mot. at 7).

Dr. Raleigh testified, among other things, "███████████████████████████████

██████████████"—and as reasons for why that would be the case, testified to the █████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████." *Id.* at 187:21-188:2. This testimony is not an express disclosure of an attorney-client privileged communication—there is no attorney identified, expressly or otherwise, as one providing legal advice or to whom a privileged communication was directed. It is an explanation, from a fact witness with first-hand knowledge of the subject matter, the why Headwater ██████████████████████████████████████

████████████████████████

In fact, from the Motion's excerpts alone, it is clear Dr. Raleigh was careful to not reveal any communications with attorneys, and noting at several points that he did not intend to testify about the substance of privileged conversations. *See* Dkt. 116-2, at 188:18-19 ("█████████

███████████████████████"), 196:6-7 ███████████████████████████████████ Dr. Raleigh's and Headwater's attorney also objected during Samsung's questions and instructed Dr. Raleigh to exclude privileged communications from his testimony—an instruction that was followed. *See, e.g., id.* at 195:11-13 (directing witness to █████████████████████

█████████████████████████").

As to the latter part of the excerpt from 187:10-189:9 of Dkt. 116-2 presented at the top of page 3 of the Motion, Samsung bolds certain parts of that testimony to apparently suggest that

5

Headwater has "expressly waived" privilege as to Headwater's plans to ███████ (Mot. at 7). Here, too, Samsung conspicuously fails to show how Dr. Raleigh's testimony is an "express" disclosure of an attorney-client privileged communication. Dr. Raleigh plainly did not intend to reveal any privileged information ("███████ and he of course did not—he did not say, for example, that some attorney counseled Headwater to secure litigation funding and that he was disclosing that communication. Rather, as the testimony shows, it is a factual explanation by Dr. Raleigh as to why Headwater ███████ ███████ ███████. *See* Dkt. 116-2, at 188:18-189:9.

As an initial matter, nothing Dr. Raleigh said qualifies as an "express" waiver (no matter how many times that adjective appears in the Motion). An "express waiver must be clear and intentional." *Russell v. Curtin Matheson Sci., Inc.*, No. 76-H-881, 1980 WL 374, at *2 (S.D. Tex. Apr. 15, 1980). For example, "the deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications relating to the advice." *Id.* Nothing Dr. Raleigh testified approaches a "clear" or "intentional" disclosure of privileged communications. As already noted above, Dr. Raleigh couched his testimony as ███████," and indeed did not disclose the substance of any communications with any attorneys, explicitly or otherwise. *See* Dkt. 116-2, at 187:10-189:9.

At most, Dr. Raleigh's testimony discussed particular motivations Headwater had to explain why ███████ ███████. The logical incoherency of Samsung's argument is exposed by simply considering the converse question that could have been posed to Dr. Raleigh: "Why *did* Headwater sue Samsung?" Dr. Raleigh's answer could have

6

been: "We believed Samsung infringed the patents and thought the time was right." Such an answer would of course have been the subject of privileged communications between Headwater and counsel—but not a waiver of those communications.

Finally, Samsung bolds an excerpt from 197:16-25 from Dkt. 116-2 on page 3 of its Motion, apparently to highlight a non-privileged fact Dr. Raleigh testified about: that Headwater had discussions with the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Though this testimony comes eight pages after the portion from 187:10-189:9 of the deposition transcript, Samsung's Motion presents it immediately following its excerpt of the earlier testimony, falsely suggesting that Dr. Raleigh had specific discussions with outside law firms about the general considerations discussed in 187:10-189:9 and that the earlier testimony disclosed the substance of those discussions. *See* Mot. at 2-3, 7.

The fact that Headwater communicated with outside counsel about potential litigation is not privileged. The identity of those law firms is not privileged. The timing of those communications is not privileged. The high-level subject of those communications is not privileged. Each of these items of information would need to be included on a privilege log. *See* Fed. R. Civ. P. 26(b)(5); *Huawei Techs. Co. Ltd v. T-Mobile US, Inc.*, 2017 WL 7052463, at *1 (E.D. Tex. Sept. 20, 2017). They ***are*** included on Headwater's privilege log. *See, e.g.*, Dkt. 100-11 (Headwater's 2/7/24 privilege log) (control numbers 634852 (logged communication with Caldwell firm regarding anticipated patent litigation), 635334 (Tensegrity), 636104 (Irell).

Finally, Samsung does not even attempt to establish a critical element of subject matter waiver: fairness. Fed. R. Evid. 502(a)(3). It identifies no alleged unfairness resulting from Dr. Raleigh's testimony. It fails to establish that, for example, Headwater had Dr. Raleigh "deliberately disclose[] work-product in order to gain a tactical advantage" or "made testimonial use of work-

PUBLIC VERSION

product materials and then attempted to invoke the work-product doctrine to avoid cross-examination." *Varel v. Banc One Cap. Partners, Inc.*, 1997 WL 86457, at *3 (N.D. Tex. Feb. 25, 1997). Neither does Samsung show that Headwater placed any privileged communications "at issue." At most, Samsung identifies "marking" and "pre-suit willfulness" as reasons why Headwater's "pre-suit communications regarding suing Samsung" are "relevant" (Mot. at 7), but ultimately fails to explain why those reasons support its demand for all of Headwater's pre-filing communications (including those with its current, undersigned litigation counsel).

      **C.    Samsung's Failure to Meet and Confer with Headwater Pursuant to Local Rule CV-7(h)**

Finally, Headwater notes that this Motion comes without Samsung having satisfied the meet-and-confer requirement of Local Rule CV-7(h). *See* Wietholter Decl. ¶¶ 4-5. Samsung does not explain how it sought or satisfied the required lead and local meet-and-confer required by CV-7(h), or why its certificate of conference, which alleges that the required CV-7(h) conference occurred "during the deposition of David Johnson" (Mot. at 11, citing Dkt. 116-2, at 164:4-165:17), is true and accurate. The rule requires "a personal conference, by telephone or in person, between the lead attorney and any local counsel" from both the moving and non-moving parties. Samsung did not satisfy that requirement during Mr. Johnson's deposition, which was not attended by Headwater's local counsel. *See id.*

For purposes of the issues presented in this Motion, Headwater agrees that the parties would have arrived at an impasse had the parties actually met and conferred—Headwater would not have agreed to waive privilege over all pre-suit communications, including with its current trial counsel, about suing Samsung. Nonetheless, "[t]he meet and confer requirements of Local Rule CV-7(h) are meant to be taken seriously." *Entropic Commc'ns, LLC v. Charter Commc'ns*, Inc., No. 2:22-CV-00125-JRG, 2023 WL 5612443, at *3 (E.D. Tex. Aug. 29, 2023). This is not

8

the first time Samsung has failed to satisfy the requirement and claimed otherwise in its moving papers. To the extent the Court deems it appropriate, it may find Samsung's "repeated failure to comply be viewed as intentional and sanctionable." *Id.*

### III. CONCLUSION

Samsung's Motion should be denied.

| | |
|---|---|
| Dated: March 12, 2024 | Respectfully submitted, |
| | /s/ James S. Tsuei |
| | Marc Fenster |
| | CA State Bar No. 181067 |
| | Reza Mirzaie |
| | CA State Bar No. 246953 |
| | Brian Ledahl |
| | CA State Bar No. 186579 |
| | Ben Wang |
| | CA State Bar No. 228712 |
| | Paul Kroeger |
| | CA State Bar No. 229074 |
| | Neil A. Rubin |
| | CA State Bar No. 250761 |
| | Kristopher Davis |
| | CA State Bar No. 329627 |
| | James S. Tsuei |
| | CA State Bar No. 285530 |
| | Philip Wang |
| | CA State Bar No. 262239 |
| | Amy Hayden |
| | CA State Bar No. 287026 |
| | James Milkey |
| | CA State Bar No. 281283 |
| | Jason M. Wietholter |
| | CA State Bar No. 337139 |
| | James N. Pickens |
| | CA State Bar No. 307474 |
| | RUSS AUGUST & KABAT |
| | 12424 Wilshire Blvd. |
| | 12th Floor Los Angeles, CA 90025 |
| | Telephone: 310-826-7474 |
| | headwater@raklaw.com |
| | |
| | Robert Christopher Bunt |
| | Parker, Bunt & Ainsworth, P.C. |
| | Texas State Bar No. 00787165 |
| | 100 E. Ferguson Suite 418 |
| | Tyler, Texas 75702 |
| | Tel.: (903) 531-3535 |
| | rcbunt@pbatyler.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF,** |
| | **Headwater Research LLC** |

10

### CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ James S. Tsuei
James S. Tsuei

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ James S. Tsuei
James S. Tsuei