# PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**FILED UNDER SEAL** |

**SAMSUNG'S RESPONSE TO PLAINTIFF HEADWATER RESEARCH LLC'S
OPPOSED MOTION TO COMPEL BATTERY TESTING EVIDENCE (DKT. 113)**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................................ 1 | |
| II. | FACTUAL BACKGROUND ............................................................................................... 1 | |
| | A. | Headwater Delayed Addressing Any Perceived Deficiencies Until the End of Discovery and Then Rushed to File This Motion Without Sufficient Meet and Confer ..................................................................................................................... 1 |
| | B. | Samsung Has Conducted a Reasonable Search and Withheld No Responsive Documents .............................................................................................................. 4 |
| III. | ARGUMENT ........................................................................................................................ 4 | |
| | A. | The Court Should Deny Headwater's Motion Because Headwater Failed to Meet and Confer Meaningfully ......................................................................................... 4 |
| | B. | The Court Should Also Deny Headwater's Motion Because It Is Moot ................. 5 |
| IV. | CONCLUSION ..................................................................................................................... 5 | |

PUBLIC VERSION

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Indorama Ventures Oxides LLC v. M/V NATCHEZ EXPRESS*,
 No. 1:20-CV-00054, 2021 WL 2935299 (E.D. Tex. Mar. 2, 2021) ..........................................4

PUBLIC VERSION

**I.      INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully oppose the motion to compel filed by Plaintiff Headwater Research LLC ("Headwater") seeking so-called "battery testing evidence." Dkt. 113.  Like Headwater's other recent motion to compel (Dkt. 99), the present motion is another instance of Headwater citing to impossibly broad requests, narrowing its requests at the last minute, iteratively narrowing the request with more specificity (based on the results of the previous complaints), and then surprising Samsung with an eleventh-hour motion to compel.  In short, Headwater's motion is premature and unnecessary.  Samsung has produced all responsive documents located through reasonable search, has withheld nothing, and is working to address issues newly identified in this motion.  The Court should deny Headwater's motion and direct the parties to work together to resolve any remaining issues.

**II.     FACTUAL BACKGROUND**

   **A.     Headwater Delayed Addressing Any Perceived Deficiencies Until the End of Discovery and Then Rushed to File This Motion Without Sufficient Meet and Confer**

Like Headwater's previous motion, Samsung was surprised by the present motion, especially given that Samsung had produced many documents containing detailed descriptions of battery testing in accordance with its discovery obligations under the Discovery Order and pursuant to Headwater's Requests.  A comparison of Headwater's brief to its cited correspondence again explains the confusion.  For example, Headwater's July 12, 2023 letter (cited in Headwater's brief at 2) mentions testing in only very general terms: "all documents and things relating to the research, design, development, testing, manufacture, quality control, operation, or function of the Accused Products, including, but not limited to, product brochures; memoranda; checklists; pamphlets; reports; analyses; materials or test results; engineering or product specifications;

1

process specifications; product requirements documents; laboratory or engineering notebooks; schematics; drawings; technical, service, or operational manuals; product manuals; internet publications; and/or all correspondence relating thereto." Ex. 1 at 3. There is no mention of █████████████████████████████████████████████████████████████████████████████, or specific missing documents. In addition, Headwater's October 24, 2023 letter, on which Headwater relies in its motion as purportedly "reiterating its requests," mentions testing *only* with respect to software made by plaintiff's licensee ItsOn, *not the accused products or features*. Ex. 2 at 4.

Even in Headwater's January 17, 2024 letter, battery testing documents are only mentioned once in passing as "yet another example" of documents "relevant to Headwater's document requests." Ex. 3 at 4. Headwater wrote "Please confirm that you have produced all documents and things in connection with these requests or confirm the date by which you will have completed your production and confirm that Samsung is not withholding any of this material." Samsung did so, including during a February 1, 2024, meet and confer, on which Headwater again asked if Samsung was withholding any battery drain test documents. Samsung counsel explained that Samsung had conducted reasonable searches and was withholding nothing that it had located. Even so, Samsung counsel also agreed to conduct additional targeted searches based on Headwater's specific requests.

February 12, 2024, was the first time Headwater specifically mentioned ████████ ███████████████████████████. Headwater also demanded a two-day turnaround to produce more documents and "confirm that its search was appropriately comprehensive." Despite the quick turnaround, Samsung accommodated, responding on February 14 that it had located ████████████████████████████████████████████████.

2

PUBLIC VERSION

Even so, Headwater complained again on February 16 that Samsung had not produced enough because one of the documents refers to other tests. Headwater complained again on February 21, this time providing cites to documents of interest. Not waiting for a response, Headwater then filed the present motion (Dkt. 113) on February 23.

Samsung's counsel responded by expressing surprise at the motion and reiterating that Samsung is not withholding anything, has not refused any requested search, and will produce any additional documents it is able to locate:

> Samsung is surprised by Headwater's Friday night filing of this Motion, despite not having met and conferred on the issues, let alone having reached an impasse. Headwater's assertion that Samsung "performs only "targeted searching" based on "narrow specifics"" is patently false. In reality, ***Headwater has established a pattern of propounding requests that are so broad as to be virtually limitless in scope, to which Samsung has expended great effort in performing searches to locate responsive, non-privileged documents followed by promptly producing those documents.*** Indeed, Samsung had, prior to Headwater's correspondence, ***produced many documents relating to battery testing and has confirmed that it is not withholding any responsive, non-privileged documents***. It is not the fault of Samsung that Headwater has chosen to wait until the eve of the close of discovery – with over a dozen depositions upon us – to provide further specificity as to the types of documents it actually seeks with its overbroad and unduly burdensome requests. Despite the impropriety of Headwater's discovery tactics in this case, ***Samsung has promptly responded to each of Headwater's complaints by conducting further searching, and producing additional documents, in attempt to reach efficient resolutions for the parties and to avoid court intervention.***
>
> In addition, Samsung notes that Headwater's refusal to meaningfully engage in the ESI discovery process (which has been detailed in separate correspondence by my colleague Ben Thompson) has further stymied Samsung's ability to substantially complete its production in this case. Headwater now attempts to use its own unreasonableness (e.g. outright refusals to provide a compliant number of terms, and refusals to revise overbroad terms resulting in over 500,000 hits, etc.) as a sword in attempt to falsely claim that Samsung has "delay[ed] in searching for and producing relevant documents."
>
> Nonetheless, Samsung has repeatedly conducted, and is continuing to conduct additional reasonable searches for further documents responsive to Headwater's requests, given the now compressed timeline, and ***will produce any responsive, non-privileged documents that can be located***.

Ex. 4 (2/26 email) (emphasis added).

3

PUBLIC VERSION

### B. Samsung Has Conducted a Reasonable Search and Withheld No Responsive Documents

As Samsung repeatedly told Headwater, it has conducted a reasonable search and has withheld no responsive documents. Headwater's brief does not argue the contrary; that is, it does not argue that Samsung has refused any searches or withheld any located documents. All Headwater argues is that certain produced documents reference unproduced documents. This is normal in any litigation, and Samsung has worked hard to fill all gaps identified by Headwater.

## III. ARGUMENT

### A. The Court Should Deny Headwater's Motion Because Headwater Failed to Meet and Confer Meaningfully

This Court's Local Rules impose a requirement not just for a perfunctory meet and confer but for a ***meaningful*** one. Participants must "compare views and have a discussion in an attempt to resolve their differing views"; they must compare costs and benefits of discovery; and "a request for court intervention is not appropriate until . . . the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." L.R. 7(h).

Here, as apparent from Headwater's certificate of conference, there was no such "impasse." Instead, the sole justification given for Headwater's motion is Samsung's production of additional documents in response to focused requests Headwater made at the eleventh hour. The fact Samsung was able to locate more documents does not mean its earlier, broadly defined searches were insufficient, and it certainly does not mean Samsung "falsely represented" that it was not withholding responsive documents, as Headwater alleges. *E.g.,* Brf. at 1.

Such heated rhetoric is not helpful. The fact that Headwater waited until the end of discovery to tell Samsung what documents it wanted and then demanded compliance within two days is also not reasonable. Headwater's tactic should not be rewarded, and the Court should deny Headwater's motion for failure to meet and confer in the required manner. *See, e.g., Indorama*

4

PUBLIC VERSION

*Ventures Oxides LLC v. M/V NATCHEZ EXPRESS*, No. 1:20-CV-00054, 2021 WL 2935299, at *1-2 (E.D. Tex. Mar. 2, 2021) (denying motion to compel for failure conduct *adequate* meet and confer).[1]

### B. The Court Should Also Deny Headwater's Motion Because It Is Moot

Headwater has failed to identify any specific impasse between the parties, such as a particular search that Samsung has refused to run or a particular document that Samsung has refused to produce. To the contrary, Samsung has repeatedly offered to resolve Headwater's concerns, which were raised with specificity only shortly before Headwater filed its motion, as detailed above. The Court should deny Headwater's motion and direct the parties to work together to resolve any remaining issues.

## IV. CONCLUSION

Samsung respectfully requests that the Court deny Headwater's motion to compel.

---

[1] Headwater's conduct regarding the present motion also presents a stark contrast to the well-documented efforts Samsung has expended in resolving numerous discovery issues with Headwater before being forced to file motions to compel to achieve any resolution. Unfortunately—considering this motion's timing, Headwater's unreasonable timeline, and Headwater's failure to communicate or meet and confer as required—it appears that Headwater's present Motion is again designed to distract from its own discovery deficiencies. *See, e.g.*, Samsung's Motion to Compel Headwater to Provide Signed Authorization for Qualcomm to Release Dr. Gregory Raleigh's Employment Records (Dkt. 105); Samsung's Motion to Compel Production of Documents Withheld Under Improper Assertions of Privilege, Work Product (Dkt. 100).

**PUBLIC VERSION**

Dated: March 11, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　By:　*/s/ Steffen Lake*
　　　　　　　　　　　　　Ruffin B. Cordell
　　　　　　　　　　　　　TX Bar No. 04820550
　　　　　　　　　　　　　Michael J. McKeon
　　　　　　　　　　　　　DC Bar No. 459780
　　　　　　　　　　　　　mckeon@fr.com
　　　　　　　　　　　　　Jared Hartzman (*pro hac vice*)
　　　　　　　　　　　　　DC Bar No. 1034255
　　　　　　　　　　　　　hartzman@fr.com
　　　　　　　　　　　　　Joshua Carrigan (*pro hac vice*)
　　　　　　　　　　　　　VA Bar No. 96911
　　　　　　　　　　　　　carrigan@fr.com
　　　　　　　　　　　　　**FISH & RICHARDSON P.C.**
　　　　　　　　　　　　　1000 Maine Avenue, SW, Ste 1000
　　　　　　　　　　　　　Washington, D.C. 20024
　　　　　　　　　　　　　Telephone: (202) 783-5070
　　　　　　　　　　　　　Facsimile: (202) 783-2331

　　　　　　　　　　　　　Thad C. Kodish
　　　　　　　　　　　　　GA Bar No. 427603
　　　　　　　　　　　　　tkodish@fr.com
　　　　　　　　　　　　　Benjamin K. Thompson
　　　　　　　　　　　　　GA Bar No. 633211
　　　　　　　　　　　　　bthompson@fr.com
　　　　　　　　　　　　　Nicholas A. Gallo (*pro hac vice*)
　　　　　　　　　　　　　GA Bar No. 546590
　　　　　　　　　　　　　gallo@fr.com
　　　　　　　　　　　　　Steffen Lake (*pro hac vice*)
　　　　　　　　　　　　　GA Bar No. 512272
　　　　　　　　　　　　　lake@fr.com
　　　　　　　　　　　　　**FISH & RICHARDSON P.C.**
　　　　　　　　　　　　　1180 Peachtree St. NE, Fl. 21
　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　Telephone: (404) 892-5005
　　　　　　　　　　　　　Facsimile: (404) 892-5002

　　　　　　　　　　　　　Leonard E. Davis
　　　　　　　　　　　　　TX Bar No. 05521600
　　　　　　　　　　　　　ldavid@fr.com
　　　　　　　　　　　　　Andria Rae Crisler
　　　　　　　　　　　　　TX Bar No. 24093792
　　　　　　　　　　　　　crisler@fr.com
　　　　　　　　　　　　　**FISH & RICHARDSON P.C.**
　　　　　　　　　　　　　1717 Main Street, Suite 5000

**PUBLIC VERSION**

Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

7

PUBLIC VERSION

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

**PUBLIC VERSION**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Steffen Lake*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on March 11, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Steffen Lake*