# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO COMPEL DOCUMENTS, DISCOVERY RESPONSES**

I. **INTRODUCTION**

Per Paragraph 9 of the Discovery Order (Dkt. 56), Defendants Samsung Electronics Co., Ltd. And Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to: (i) supplement its responses to Samsung's 4th Set of Interrogatories ("ROGs"); (ii) supplement its response to Samsung's 2nd Set of Requests for Admission ("RFAs"); and (iii) produce documents relating to valuations of Headwater/its assets and Headwater's board meeting minutes. While, as to certain at-issue discovery, Headwater says it is still "looking into" the issue/s, discovery closes ***today***. Should Headwater ultimately provide the requested discovery before the Court rules on this motion, Samsung will of course consider moving to withdraw. Until then, Samsung regrettably seeks the Court's assistance.

II. **LEGAL STANDARDS**

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of whether such discovery is admissible. Fed. R. Civ. P. 26(b)(1). Relevance has an "'extremely low' bar . . . at the discovery stage—lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022). The proportionality of discovery must "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive… ." *Yater v. Powderhorn Ski Co.*, 2018 WL 776361, at *7 (D. Colo.

1

Feb. 8, 2018). "These complimentary methods are important to the country's adversarial system, in that they allow parties to develop the facts surrounding a matter in a 'quest for truth.'" *Id.* (citations omitted). Fed. R. Civ. P. 33(b)(3) requires that interrogatories be "be answered separately and fully in writing." Similarly, Fed. R. Civ. P. 36(a)(4) requires the answering party either (1) admit, (2) specifically deny, or (3) state in detail why the answering party cannot truthfully admit or deny it. In particular, a denial "must fairly respond to the substance of the matter." A party cannot shirk its obligations under Rules 33 and 36 by mere incorporation by reference or generally reference to depositions/other material. *See, e.g., Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013) (even if deposition testimony provided answers to interrogatories' questions, "it would not obviate the need for [the responding party] to provide interrogatory answers in accordance with the Federal Rules of Civil Procedure"); *Ayers v. Contl. Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007) ("An interrogatory answer merely referencing documents is . . . inappropriate where the interrogatory calls for the exercise of particular knowledge and judgment on the part of the responding party." (internal quotation omitted)).

**III.   ARGUMENT**

    **A.   Headwater's Responses to Samsung's 4th Set of ROGs are Deficient.**

Headwater's responses to Samsung's 4th Set of ROGs improperly rely on incorporations by reference to other ROG responses and deposition testimony that have no logical connection to the information sought in the at-issue interrogatories. Such incorporations by reference are akin to failing to answer at all, as they provide Samsung with no meaningful information to use in preparing its defenses, causing significant prejudice.

2

1. **ROG Nos. 18, 19, 20, 21, 28, 30, 31, 32, 38, 39, and 40**

These ROGs call for a narrative response. Headwater provides none. Instead, Headwater incorporates by reference various deposition testimony and/or other ROG responses that fail to address the subject matter of the interrogatories at issue well beyond what is permitted by Rule 33(d).[1] *See* Ex. A (ROG Response Excerpts) at 1.[2] This is improper. *See, e.g., Beijing Choice Electronic Tech. Co., Ltd. v. Contec Medical Syst.*, 2020 WL 1701861, *6–*7 (N.D. Ill. 2020) (ordering party to provide "narrative response[s] to at-issue interrogatories" and to not "incorporate by reference other interrogatory responses, deposition testimony, or documents except to the extent permitted by Rule 33(d)"); *Estech Systems, Inc. v. Target Corp.*, No. 2:20cv123-JRG-RSP, Dkt. 115 at 1-2 (E.D. Tex. Dec. 16, 2020) (ordering parties to "provide a narrative response" in supplemental answers where "Rule 33(d) [was] not an appropriate device for the responses that the Court examined.").

2. **ROG No. 27**

ROG No. 27 seeks information about how Headwater classifies, groups, segregates, organizes, and/or maintains all patents and patent applications within Headwater's global patent portfolio, along with valuations and portfolio weighing analyses, which is relevant to at least invalidity and damages. Headwater's response provides none of the requested information, instead incorporating by reference its responses to ROG Nos. 1 and 5, which have to do with conception

---

[1] To satisfy Rule 33(d), "[t]he responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *Sky Techs., L.L.C. v. IBM Corp.*, 2005 WL 8161371, at *2 (E.D. Tex. Apr. 1, 2005) (citations omitted).

[2] Given page limits for exhibits, Samsung provides the Court with excerpts of Headwater's ROG responses. Non-excerpted copies of Headwater's ROG responses are available upon request.

and license offers respectively. ROGs 1 do not 5 ask for—nor do Headwater's responses thereto provide—the information that Samsung seeks in response to ROG 27.

### 3. ROG No. 29

ROG No. 29 requests identification of prior art specifically identified, disclosed, provided, or discussed by ▮▮▮▮▮ in its dealings with Headwater. The requested discovery is relevant to, *inter alia,* invalidity and/or inequitable conduct. Headwater's response provides none of this information, instead incorporating by reference: (i) its response to ROG No. 1; (ii) the deposition testimony of James Harris, former CEO and general counsel of Headwater, and (iii) deposition testimony of Dr. Gregory Raleigh, named inventor and founder of Headwater. These cross references do not make sense such that they are not responsive. *First,* ROG No. 1 is directed at conception, not prior art. *Second,* Mr. Harris did not testify about identification of prior art from/by ▮▮▮▮▮ Indeed, Mr. Harris could not recall ▮▮▮▮▮. *See* Ex. B (Harris Dep. Tr.) at 102:7–10. *Third,* Dr. Raleigh did not provide any information on this topic during his deposition, instead relying on improper assertions of privilege to avoid answering. Ex. C (Raleigh Dep. Tr. (Mar. 8, 2024)) at 24:2-22; Dkt. XX (pending MTC, challenging privilege assertions).

### 4. ROG No. 33

ROG No. 33 asks Headwater to identify the specific source code modules on which it intends to rely for its infringement contentions. In response, Headwater cites to **all source code** produced by Samsung in this litigation, which is facially improper. Headwater's response provides no specificity, and leaves Samsung as much in the dark as if Headwater had outright refused to answer. Samsung is entitled to this information and should not be forced to defend itself from litigation by surprise. *See, e.g.*, *Audatex N. Am. Inc. v. Mitchell Int'l, Inc.*, No. 13CV1523-BEN BLM, 2014 WL 4961437, at *4 (S.D. Cal. Oct. 3, 2014) (requiring party to identify "appropriate sections of the code" it intended to rely on for its arguments in response to interrogatory).

4

### 5.    ROG No. 34

ROG No. 34 asks Headwater to provide the plain and ordinary meaning of certain claim terms. This information is relevant at least to non-infringement and invalidity, and Samsung is entitled to know what Headwater contends to be the plain and ordinary meaning of terms it asserts against Samsung's products. Headwater's response merely incorporates by reference its response to ROG No. 1, which, as discussed *supra*, deals with conception, not claim interpretation. Headwater has effectively failed to respond to this ROG.

### B.    Headwater's Responses to Samsung's 2nd Set of RFAs are Deficient.

Headwater's responses to Samsung's 2nd Set of RFAs are similarly deficient because they fail to properly respond and/or do not provide the information actually requested.

### 1.    RFA Nos. 30, 31, 33, 34, 35, 36, 37, 38

Headwater fails to appropriately answer these RFAs, each of which relates to the substance and/or content of a particular document (e.g., prior art, source code, or patent applications). In response to each, Headwater simply states that the referenced document "speaks for itself." For example, RFA Nos. 30 and 31 seek admissions regarding certain prior art Android functionality, yet instead of appropriately answering, Headwater merely "admits that the document speaks for itself." Ex. D (Excerpts of RFA Responses).[3] Similarly RFA No. 33 asks Headwater to admit that a document does not include the word "foreground." It calls for a yes or no, admit or deny response. *Id.* The other at-issue RFAs suffer from the same type of deficient responses. Thus, instead of answering as required, Headwater resorts to effectively telling Samsung that Samsung should read the document rather than ask an RFA. This is improper. *See, e.g., VeroBlue Farms*

---

[3] Given page constraints, Samsung has opted to provide the Court with excerpts of Headwater's RFA responses. Samsung is happy to provide the Court a non-excerpted copy of Headwater's RFA responses upon request.

*USA Inc. v. Wulf*, 2021 WL 5176839, at *13 (N.D. Tex. Nov. 8, 2021) ("Stating that a document speaks for itself avoids the purpose of requests for admission, i.e., narrowing the issues for trial, and if a request seeks an admission about a quotation or paraphrase of text, the responding party must answer, object (on grounds other than speaks for itself), or properly allege and support a lack of knowledge.") (quotations/citations omitted). Headwater must either admit or deny what is disclosed in the referenced documents for each at-issue RFA.

    **2.**    **RFA No. 39**

Headwater's response to Samsung RFA No. 39 appears to be a copy and paste of Headwater's response to other unrelated RFAs and fails to address the substance of RFA 39. Samsung's RFA No. 39 requests an admission (or denial) that



In response, Headwater states that it "admits that the '354 application speaks for itself; otherwise denied." The '354 application offers no information about any arrangement between . Further, per above, even if Headwater meant to refer to the stating that a document speaks for itself in an improper response to an RFA. Headwater must provide an actual response to this RFA.

    **C.**    **Valuation Documents and Board Meeting Minutes**

Per the Court's Discovery Order, parties must produce all documents "that are relevant to the pleaded claims or defenses" in an action. Dkt.56, ¶ 3(b). Here, Headwater has failed to produce either (1) accounting records relating to the valuation of Headwater, including valuation of Headwater's assets, or (2) complete Headwater board meeting minutes. Both of these document types are relevant. *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *5 (S.D. Cal. Jan. 14, 2013) ("[R]equests for information regarding damages, such

6

as information about . . . the valuation of patent portfolios, are relevant to patent infringement cases, and therefore are entirely appropriate."); *see also Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:12-CV-122, 2015 WL 12910722, at *1 (E.D. Tex. June 19, 2015) (denying motion to exclude testimony relating to a patent purchase agreement and internal valuations of a patent portfolio); *Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01CV1974 NAM/DEP, 2006 WL 5097357, at *26 (N.D.N.Y. Nov. 13, 2006) (ordering production of board meeting minutes related to the asserted patent);[4] *Blueradios, Inc. v. Kopin Corp., Inc.*, No. 1:16-CV-02052-JLK, 2022 WL 4549674, at *18 (D. Colo. Aug. 3, 2022) (ordering production of board meeting minutes related to at-issue technology). Headwater must produce both its accounting records related to the valuation of Headwater/its assets as well as its board meeting minutes.

## IV.   CONCLUSION

Samsung respectfully asks the Court to compel Headwater to provide the discovery identified herein.

---

[4] *Order clarified*, No. 5:01CV1974(NAM/DEP), 2007 WL 4324094 (N.D.N.Y. May 16, 2007), *aff'd sub nom. Cornell U. v. Hewlett-Packard Co.*, No. 01-CV-1974, 2007 WL 4302778 (N.D.N.Y. July 23, 2007).

Dated: March 15, 2024                    Respectfully submitted,

By: /s/ *Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**Fish & Richardson P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
**Fish & Richardson P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

8

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**Fish & Richardson P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**Fish & Richardson P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**Gillam & Smith, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland

9

jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**Hilgers Graben PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

*Attorneys for Defendants
Samsung Electronics Co., LTD and
Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h). Plaintiff opposes this motion.

/s/ Jared Hartzman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on March 15, 2024 and served plaintiff with a copy via electronic mail.

/s/ Jared Hartzman