**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

HEADWATER RESEARCH LLC

*Plaintiff*,

v.

SAMSUNG ELECTRONIC CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Case No. 2:22-CV-00422-JRG-RSP

**JURY TRIAL DEMANDED**

**SAMSUNG'S MOTION TO COMPEL PRODUCTION OF IMPROPERLY REDACTED AND WITHHELD DOCUMENTS**

## I. INTRODUCTION

Per Paragraphs 6 and 12(f) of the Discovery Order (Dkt. 56), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to produce documents improperly withheld as privileged, including: (1) unredacted versions of [REDACTED] and (2) information about the internal value Headwater ascribed to the [REDACTED]

*First,* produced on the eve of Gregory Raleigh's 30(b)(6) deposition, these documents contain heavy, improper redactions for alleged privilege and work product. During the parties' meet and confer, Headwater said the redacted information is protected by the common interest exception to waiver. Not so. Headwater has not articulated why [REDACTED] let alone identified the common legal interest shared between these [REDACTED]. Even if the information were protected, Headwater waived the same by: (1) selectively revealing the at-issue information for certain third parties and not others; and (2) allowing Dr. Raleigh to testify about the redacted information's substance—without objection—which Headwater's counsel later tried to undo by claiming it could simply ***claw back a client's testimony***.

*Second,* during his 30(b)(6) deposition, Dr. Raleigh testified about the [REDACTED]. In light of this express waiver, Headwater cannot continue to withhold as protected documents regarding how Headwater arrived at this internal value, including any internal analyses, documents, calculations, and/or communications relating to Headwater's [REDACTED].

Samsung respectfully asks the court to compel the production of the at-issue documents, or, alternatively, review these documents *in camera*.[1]

## II. FACTUAL BACKGROUND

### A. Withholding Potential Purchase Documents and Information

The day discovery opened, Samsung (i) sent a letter to Headwater asking for, *inter alia*, documents relating to any effort to buy, sell, license, or generate revenue or obtain value via the Asserted Patents; and (ii) served its First Set of Interrogatories, seeking, *inter alia*, detailed information regarding each valuation, offer or inquiry regarding the value, offer to sell or license, or actual sale or licensing of the Asserted Patents. Headwater's respective interrogatory responses identified [REDACTED] Headwater; nothing else.

Despite Headwater's interrogatory responses, Mr. James Harris (former Acting CEO and General Counsel at Headwater) testified in [REDACTED]

For the next ***two months***, Samsung tried to get discovery about the proposed sale, but Headwater stonewalled until Samsung filed a motion to compel, within four days of which Headwater provided responsive documents (a number of which were redacted) and logged more than 70 related communications (*see* Dkt. 88 at 1-5, Dkt. 123 at 1-2, pending). But this newly produced/logged discovery related to only [REDACTED]

---

[1] To the extent Headwater is withholding as protected (privilege/work product/common interest) communications with the respective third parties related to these [REDACTED] Samsung requests that the Court order production of these documents as well, for the same reason articulated herein.





Ex. E at 1:22-4:22 (emphasis added, form objections omitted).

***

Samsung then confirmed that Dr. Raleigh had revealed—***without objection from counsel***—what Headwater was withholding as privileged in unproduced documentation concerning Headwater's [REDACTED], reiterating that Dr. Raleigh had testified about the allegedly privileged information:





[redacted]

*Id.* at 38:11-23 (emphasis added).

**2.** [redacted]

During his March 7-8 deposition, Dr. Raleigh also testified about the [redacted] [redacted]:

Q. [redacted]

[redacted]



[redacted]

Ex. E at 80:13-82:5 (emphasis added).

Samsung then confirmed that Dr. Raleigh had testified about and thus revealed—***without objection from counsel***—what Headwater had redacted from the [redacted] (Ex. 49):

Q. [redacted]

At this objection, Samsung reminded counsel that Dr. Raleigh had already testified about the "allegedly privileged information," which led to the following exchange:

[redacted]

*Id.* at 82:7-83:1, 86:2-11, 87:11-22 (emphasis added).

Finally, as to the redacted [REDACTED], Samsung counsel said the following on the record:



*Id.* at 83:2-13.

### D. Meet and Confer

As to information about the internal value Headwater ascribed to the [REDACTED], the parties met and conferred on March 15, during which Headwater stated it would "look into" the documents. As to the other third party [REDACTED], the parties met and conferred on March 11, during which Headwater asserted that (1) Dr. Raleigh did not waive privilege because Headwater could (and would) claw back this testimony; and (2) the common interest exception to privilege waiver applied to the other redacted documents), and Headwater said it had and would provide caselaw supporting this position. Headwater then sent an email saying it wanted claw back some of Dr. Raleigh's testimony, but did not identify what part of the testimony it wished to claw back, saying it would do so after receiving the final transcripts. Ex. F. Samsung followed up, asking for (1) Headwater' basis for believing it could claw back a client's deposition testimony (*id.*); and (2) "the case law mentioned during the meet and confer that Headwater contends supports its common interest arguments related to the recently-produced Headwater [REDACTED]." ***Headwater never responded*** and, to date, has not identified what Dr. Raleigh testimony it seeks to "claw back."

## III. APPLICABLE LAW

### A. Attorney Client Privilege

Attorney-client privilege is strictly construed to protect only confidential communications between a client and the client's attorney (or that attorney's subordinate) for the primary purpose of obtaining legal advice. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). "[B]ecause the assertion of privilege is subject to abuse, 'it applies only where necessary to achieve its purpose.'" *SmartPhone Techs. LLC v. Apple, Inc.*, No. 6:10-cv-74, 2013 WL 789285, at *2 (E.D. Tex. Mar. 1, 2013) (quoting *U.S. v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).

"[A]ttorney-client privilege is waived if a confidential communication has been disclosed to a third party." *Luckenbach Texas, Inc. v. Engel,* 2022 WL 9530041, at *2 (W.D. Tex. Oct. 14, 2022); *see also Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("[V]oluntary disclosure of information which is inconsistent with the confidential nature of the attorney[–]client relationship waives the privilege."). To that end, a client "expressly waives" attorney-client privilege by testifying about confidential communications with counsel. *E.g., Barry v. Medtronic, Inc.*, No. 1:14-CV-104, 2016 WL 3583620, at *6, 10-11 (E.D. Tex. May 9, 2016); *see also Nguyen v. Excel Corp.*, 197 F.3d 200, 206–08 (5th Cir. 1999) ("[A] client implicitly waives the attorney-client privilege by testifying about portions of the attorney-client communication.").

Such waiver extends to additional undisclosed communications or information if: (1) the waiver was intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together. Fed. R. Evid. 502(a); *see also Nguyen*, 197 F.3d at 206-208 ("[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole.").

"[The] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Likewise, the party opposing production of clawed back documents "has the burden of establishing

that it did not waive the privilege by originally producing the documents." *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-55, 2017 WL 7052467, at *1 (E.D. Tex. Oct. 19, 2017). "Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *EEOC v. BDO,* 876 F.3d at 695.

**B. Common Interest Exception to Attorney Client Privilege Waiver**

The common interest privilege is an exception to the general rule that disclosing privileged communications to a third party destroys the privilege. *FTC v. Think All Publishing, L.L.C.*, 2008 WL 687456, at *1 (E.D. Tex. Mar. 11, 2008) (citing *Ferko v. NASCAR*, 219 F.R.D. 396, 401 (E.D. Tex. 2003)). The common interest privilege is "not a separate privilege, in and of itself, but is instead a rule of non-waiver." *U.S. v. Ocwen Loan Servicing, LLC*, 2016 WL 1031157, at *5 (E.D. Tex. Mar. 15, 2016) (citations/quotations omitted). Of course, "if the withheld communication does not first satisfy the elements of [privilege], then the common-legal-interest privilege will not apply." *Luckenbach*, 2022 WL 9530041, at *3; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("[S]ince it is an anti-waiver exception, it comes into play only if the communication at issue is privileged in the first instance.").

***First,*** parties asserting a common interest exception share "an identical, not similar, ***legal*** interest, and not merely a ***commercial*** interest." *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, 2022 WL 19977100, at *4 (E.D. Tex. Aug. 18, 2022) (emphasis added, citations/quotations omitted); *Ferko,* 219 F.R.D. at 403, n.1 ("A commercial interest…does not trigger the common interest doctrine."). ***Second***, the legal interest must be shared (*i.e.*, common) between the parties; adverse parties—such as those negotiating license or sales agreements—do not share a common legal interest. *SB IP Holdings,* 22 WL 19977100, at *4 ("[W]hen [the parties] negotiated the licensing agreement…they did not have a common legal interest; rather, their interests were directly adverse.")(quotations/citations omitted); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2011 WL

1714304, at *4 (E.D. Tex. May 4, 2011) ("[The parties] did not have a common legal interest when they were negotiating the value of the patents in the sale…"). ***Third,*** "the extent of privilege is limited to the period when the common legal interest existed." *Hall Pat. Grp., LLC v. Indus. Noise Control Corp*., 2006 WL 8437278, at *3 (N.D. Tex. Sept. 19, 2006). ***Fourth***, the only communications protected from waiver are those that actually ***pertain*** to the issues in which the parties share the common legal interest, and are ***in furtherance*** of that specific common legal interest. *BCR Safeguard Holding v. Morgan Stanley*, 614 F. App'x 690, 704 (citing *In re Santa Fe*, 272 F.3d at 711-12); *see also Nidec,* 249 F.R.D. at 578.

To that end, the Fifth Circuit has "narrowly" defined the "common legal interest privilege" as applying to: "(1) communications between co-defendants in actual litigation and their counsel; and (2) communications between ***potential*** co-defendants and their counsel." *BCR,* 614 F. App'x at 703 (quoting *In re Santa Fe,* 272 F.3d at 710). In addition to actual and potential co-defendants, the common interest exception "***can*** apply in other scenarios, provided the parties have 'a common legal interest with respect to the subject matter of the communication' and that the parties face 'a palpable threat of litigation at the time of the communication.'" *Luckenbach*, 2022 WL 9530041, at *4 (emphasis original) (quoting *In re Santa Fe,* 272 F.3d at 711).

**C. Attorney Work Product**

The work product doctrine only protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "Anticipation of litigation" means that the party must have "had reason to anticipate litigation" and that "the primary motivating purpose behind the creation of the document was to ***aid*** in possible future litigation." *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003) (citations/quotations omitted, emphasis added). "[T]he party who

asserts work-product protection must show that the materials at issue deserve work-product protection." *Id.*

## IV. ARGUMENT

### A. Neither Privilege, Work Product, nor the Common Interest Exception Apply



Headwater has not shown that the withheld or redacted information in the [REDACTED] is either (1) protected by privilege or work product, or (ii) subject to the common interest exception to waiver of the same.

*First*, Headwater has not identified that work product or privilege applies to the redacted information in the at-issue [REDACTED]. The [REDACTED] are not attorney work product (attorneys' mental impressions created in anticipation of litigation) or privileged (attorney-client communications in furtherance of legal advice). These are [REDACTED] These are not patent portfolio evaluations, litigation strategies, or the like.

*Second*, even if privilege or work product did protect some of the [REDACTED] content, Headwater has not identified the specific common legal interest, as opposed to commercial interest, that it allegedly shared with these third parties such that the common interest exception to waiver applies. The at-issue documents are [REDACTED] by third parties, with details regarding [REDACTED]. These documents are, in this sense, no different from other license or sale agreements routinely produced in patent litigation relevant to, *inter alia*, patent valuation. In other words, the interest between Headwater and these third parties, in ***these specific, at-issue documents***, is purely commercial [REDACTED] not legal.

Headwater's selective assertion of protections as to the [REDACTED] further reveals the information is not protected. For example:



Thus, even were these commercial terms between adverse parties somehow protected, fairness and logic dictate that Headwater cannot selectively assert that [REDACTED] is protected by work product/privilege, but [REDACTED] is not. *C.f., Fort James Corp. v. Solo Cup Co.* 412 F.3d 1340 (Fed Cir. 2005) ("[F]airness dictates that a privilege holder 'cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.'"); *see also Chrimar Sys., Inc.*

*v. Alcatel-Lucent USA, Inc.*, 2016 WL 11673959, at *1 (E.D. Tex. Jun. 22, 2016) ("[T]he disclosing party cannot waive privilege as to documents that support its position, but maintain privilege over documents that do not.").

**B. Headwater has Waived any Alleged Privilege**



Dr. Raleigh's disclosures about the substance of the (i) expressly waive any privilege on these issues. "Once a party discloses the advice of counsel, any privilege over that advice is waived." *SB IP Holdings LLC v. Vivint, Inc.*, No. 4:20-CV-00886, 2022 WL 16925961, at *6 (E.D. Tex. Nov. 14, 2022), *clarified on denial of reconsideration*, No. 4:20-CV-00886, 2023 WL 1971263 (E.D. Tex. Feb. 13, 2023). Such is the case here.

As to the Dr. Raleigh testified about the which was, according to Dr. Raleigh, . Dr. Raleigh testified that this " which were based on attorney analysis "

Having "revealed the substance" of allegedly privileged information, Dr. Raleigh has expressly waived privilege as to that substance. *See, e.g., Barry*, 2016 WL 3583620, at *10 (finding plaintiff had expressly waived privilege as to several topics about which he testified at his deposition). But when Samsung sought further information and emails/documents on this , Headwater claimed this information was protected. This is classic sword/shield tactics. Having revealed—without a privilege/work product objection—the and the general basis therefore ( Samsung is

entitled to discovery (including documents) concerning Headwater's [REDACTED]

As to the other third-party [REDACTED], Dr. Raleigh disclosed the [REDACTED]. Again, having "revealed the substance" of allegedly privileged information, Dr. Raleigh has expressly waived privilege as to that substance. *Id.* This information is directly relevant to damages, including the alleged value of Headwater's patents. Headwater should not now be permitted to shield itself from discovery on this topic after revealing the same in deposition. Samsung is entitled to this sought-after discovery.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion and compel production of the requested materials.

Dated: March 15, 2024

Respectfully submitted,

By: */s/ Jared Hartzman*

Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603

tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h). Plaintiff opposes this motion.

*/s/ Jared Hartzman*
Jared Hartzman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 15, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*

