IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANT SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION (1) TO COMPEL
RE-PRODUCTION OF CLAWED BACK DOCUMENT AND (2) TO ORDER THAT
HEADWATER WAIVED PRIVILEGE AS TO ITS PRE-SUIT COMMUNICATIONS
WITH COUNSEL REGARDING ▮▮▮▮▮▮▮**

Privilege applicability rises and falls on substance—*i.e.,* the confidential transmission/receipt of legal advice between counsel and client. In its Opposition ("Opp."), Headwater flips this principle on its head, claiming that privilege: (1) applies to 2017 meeting minutes ▇▇▇▇▇ but (2) does not apply to statements about communications with counsel regarding ▇▇▇▇▇. Headwater is wrong.

## I. THE MARCH 27, 2017 MEETING MINUTES ARE NOT PRIVILEGED

### A. The Meeting Minutes Do Not Disclose Substance, only Non-Privileged Facts

The redacted information is not privileged because it does not disclose the **substance** of any attorney/client communication for the purpose of giving/receiving legal advice. Headwater's attempts to recast the non-privileged material as privileged to withhold it do not withstand scrutiny.

Privilege does not apply to every document or conversation involving an attorney or litigation; rather, it "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Medallion Transp. & Logistics, LLC v. AIG Claims, Inc.*, No. 216CV01016JRGRSP, 2018 WL 3608568, at *1 (E.D. Tex. June 23, 2018) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). To that end, "[c]ourts generally construe the privilege narrowly because assertion of privileges inhibits the search for truth." *Id.* at *1 (citations/quotations omitted). If "the substance of [the document/information] is unrelated to the purpose of the privilege—facilitating the free flow of information between the attorney and the client"—then that document/information is not privileged. *Id.* at *2.

Such is the case here. In the at-issue redactions, ▇▇▇▇▇

1

At most, as Headwater states, "the redacted information reveals ████████████ ████████████████████████████████████████████████████████████████ ████████" Opp. at 3; Dkt. 116-3 (Ex. B) at 61:15-21.  Such factual statements are not privileged, as Dr. Raleigh is not describing legal advice or even confidential information from attorneys, but rather relaying information already in Headwater's documents, privilege log, and admitted in its discovery responses (RFA No. 14: ████████████████████████████████ ████████████████████████████████████████████████).

Headwater's sole basis for asserting privilege is that the redacted statements "*memorialize*[] a confidential communication from Headwater to in-house and outside counsel disclosing those facts." Opp. at 3 (emphasis added).  Headwater is wrong.  While the meeting notes are a "memorialization" in that they record certain factual statements, the act of recording/memorializing in-and-of itself is not what bestows privilege; rather, it is the **substance**.  The cases on which Headwater relies confirm as much.  *First,* Headwater cites *WebXchange Inc. v. Dell Inc.*[1] and *U.S. v. Hernandez*[2] for the unremarkable position that "notes memorializing confidential communications with counsel" can be protected by attorney-client privilege.  Opp. at 3-4.  Of course this is true, to the extent the notes **satisfy privilege requirements**—*i.e.*, reveal the confidential transmission/receipt of legal advice between client and counsel—which is not the case here.  *Second,* Headwater likens the present case to *United States v. Motorola, Inc.* (1999 WL 552553, at *5 (D.D.C. May 28, 1999)), claiming that "[a]sking Headwater to disclose the privileged information in the at-issue board meeting minutes would [*sic*] is akin to 'asking [the client] to directly state what he told the attorney in confidence.'" Opp. at 4.  Not so.  In fact, this

---

[1] 264 F.R.D. 123, 127 (D. Del. 2010).
[2] 2010 WL 11541631, at *3 (E.D. Tex. Mar. 3, 2010).

2

statement further confirms the redacted information is not privileged, as it does not reveal/contain *any* confidential statements from Dr. Raleigh to his attorneys (or vice versa).

To the extent there is any doubt as to the redacted information's lack of privilege, Headwater's own statements in its Opposition confirm this lack of protection:



Opp. at 7 (emphasis original). Samsung agrees. The redacted information contains: (i)  which is, *inter alia*, "included on Headwater's privilege log," and is not privileged. There is ***no support*** for Headwater's privilege claim here.

### B. Claims that Samsung Violated the Protective Order are False

Headwater wrongly claims that Samsung "violated the Protective Order by disclosing Headwater's designated material to a third party [David Johnson] without obtaining permission or consent or otherwise verifying Mr. Johnson had received or was an author of the draft minutes." Opp. at 3, n.1. The at-issue document's very first paragraph says Mr. Johnson was employed by Headwater at the time of the meeting and attended the meeting:

3

D130-2 (highlighting added).  Samsung also confirmed this understanding with Mr. Johnson:



Johnson Dep. 63:8-12, Feb. 21, 2024.

## II.     DR. RALEIGH'S TESTIMONY EXPRESSLY WAIVED PRIVILEGE

While the March 27, 2017 Meeting Minutes did not reveal any attorney/client communications' substance, Dr. Raleigh's November testimony did.  Far from revealing the "high-level subject of those communications," like one might see on a privilege log (e.g.,

Headwater's contrary arguments are unpersuasive.  *First*, Headwater argues Dr. Raleigh's testimony did not waive privilege because it was "in a [Rule] 30(b)(1) capacity" and thus "an explanation, from a fact witness with first-hand knowledge of the subject matter, the [*sic*] why Headwater believed                                                                                      Opp. at 4-5.  To the extent Headwater argues that Dr. Raleigh could not waive privilege as a 30(b)(1) witness, it cites no authority for this position.  Regardless, Headwater retroactively designated testimony from Dr. Raleigh's prior 30(b)(1) deposition as 30(b)(6) testimony for Headwater, so this point is irrelevant.  What *is* relevant is Headwater's admission that Dr. Raleigh revealed                                                                                                                       In other words, Dr. Raleigh revealed: (1)

4



*Second,* Headwater argues Dr. Raleigh could not have waived privilege because he ▮▮▮▮▮▮▮▮▮▮ Opp. at 5-6. While Dr. Raleigh may not have wanted to reveal privileged information, he did just that—with his counsel by his side. Dr. Raleigh's self-serving, contrary statements do not determine his testimony's substance.

*Third,* Headwater claims that Samsung cannot show why it would be "fair" to find that Headwater waived privilege. Opp. at 7-8. To the extent not otherwise plain, and as articulated in its motion, privilege is expressly waived when a party representative testifies about privileged communications. A party cannot choose to use privilege as a sword and shield—*i.e.*, reveal what it wants about a topic ▮▮▮▮▮▮▮▮▮▮ and shield other information on the same topic as privileged.

### III. THE PARTIES MET AND CONFERRED PER CV-7(H)

Headwater wrongly claims that Samsung did not satisfy its meet and confer obligations. Opp. at 8-9. This is not a discovery motion under DO ¶9; this is a privilege motion under DO ¶¶ 6, 12(f). *See* Mot. at 1. As such, Rule CV-7(h) requires "a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." The parties' attorneys conferred on the record during Mr. Johnson's deposition. Headwater admits there was nothing left to say (Opp. at 8-9); the parties were at an impasse.

5

Dated: March 20, 2024          Respectfully submitted,

By:    */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

6

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland

jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 20, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Jared Hartzman

