**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>       *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       *Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OPPOSITION TO PLAINTIFF HEADWATER'S**
**<u>MOTION TO AMEND INFRINGEMENT CONTENTIONS</u>**

██████████████

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND ................................................................................ 3

    A.    Samsung: (1) Identified Mr. Son and (2) Produced Documents and Source Code Relating to Samsung's ██████████ Feature in April 2023 ................................ 3

    B.    Headwater Did Not Even Mention Samsung's ██████████ Until January 17, 2024, Despite Substantial Discovery Revealing Its Existence ................................ 3

    C.    Headwater Did Not Agree to ESI Terms Until February 16, 2024 ....................... 7

III.    LEGAL STANDARD ........................................................................................... 7

IV.    ARGUMENT ........................................................................................................ 8

    A.    Headwater Was Not Diligent in Seeking Discovery or In Moving to Amend ....... 8

        1.    Headwater Has Possessed Technical Documents and Source Code For Samsung's ██████████ Feature Since April 25, 2023 ........................... 8

        2.    The Court Should Reject Headwater's Excuses For Failing To Diligently Review Samsung's Technical Production Or Source Code..................... 10

            a.    Headwater Did Not Request Information About Samsung's ██████████ Until January 17, 2024 .................................... 10

            b.    Headwater Chose Not To Depose Samsung's Engineers Until February-March 2024 ................................................................. 12

            c.    Headwater's Lack of Diligence With ESI Discovery Is What Led To Samsung's Recent ESI Productions ......................... 12

    B.    Denying Headwater's Motion To Amend Still Leaves a Broad, Complex Case with Accusations Against Five Other Features..................................................... 13

    C.    Samsung Would Be Severely Prejudiced By A Last-Minute Shift In Headwater's Infringement Case ............................................................................................... 14

    D.    Given The Timing Of Headwater's Motion, A Continuance Would Be Required, But Would Still Not Alleviate The Severe Prejudice to Samsung....................... 15

V.    CONCLUSION................................................................................................... 15

███████████████

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                              **Page(s)**

*Davis–Lynch, Inc. v. Weatherford Int'l, Inc.*,
    No. 6:07–cv–559, 2009 WL 81874 (E.D. Tex. 2009) ............................................................12

*EMG Tech., LLC v. Chrysler Grp., LLC*,
    2013 WL 12147662 (E.D. Tex. July 3, 2013) ..................................................................14, 15

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
    No. 6:10-CV-379-LED-JDL, 2012 WL 12911055 (E.D. Tex. Aug. 10, 2012)..................9, 13

*Finesse Wireless LLC v. AT&T Mobility LLC*,
    2022 WL 16636930 (E.D. Tex. Nov. 2, 2022) ............................................................8, 10, 14

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
    No. 2:07-CV565-TJW-CE, 2011 WL 2149925 (E.D. Tex. May 5, 2011) .............................10

*Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*,
    No. 2:17-CV-00715-JRG, 2019 WL 11585349 (E.D. Tex. Apr. 24, 2019) ............................8

*Realtime Data, LLC v. Packeteer, Inc.*,
    2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ............................................................. *passim*

*Reliance Ins. Co. v. La. Land & Expl. Co.*,
    110 F.3d 253 (5th Cir. 1997) ................................................................................................15

*Scanner Techs. Corp. v. NVIDIA Corp.*,
    2007 WL 9725067 (E.D. Tex. May 15, 2007).......................................................................14

## **Other Authorities**

Fed. R. Civ. P. 30(b)(6).................................................................................................................5, 6

L.R. CV-5(a)(3)(C) ...........................................................................................................................14

████████████

## I.      INTRODUCTION

Headwater sought leave to amend its infringement contentions ***three days*** before the close of an already-extended fact discovery period to accuse a new feature detailed in source code and technical documentation Samsung produced ***11 months ago***.  The pretrial conference is in ***three months*** and trial is scheduled to occur in less than ***five months***.  Headwater has not shown: good cause for this last-minute amendment; that it acted diligently in discovery or bringing this motion; that the amendment is important to the case and would not prejudice Samsung; or that no continuance is necessary.  The Court should thus deny Headwater's motion to amend.

Despite already asserting nine patents and accusing at least five features of infringement, Headwater wants to further expand the case to target a feature—"████████ that it has known about since April 2023.  Indeed, the Samsung ████████ feature was plainly present in Samsung source code made available for Headwater's inspection on April 25, 2023.  The feature was also repeatedly referenced in Samsung's document production on April 25, 2023.  Yet, Headwater waited nearly a year to attempt to add the feature to this case.

Headwater's purported justifications for waiting until March 7, 2024 (days before the end of fact discovery) to notify Samsung of its intent to amend its infringement contentions only demonstrate Headwater's lack of diligence.  ***First***, Headwater delayed until the end of discovery to depose Samsung's engineers, rather than taking earlier depositions to explore additional features.  For instance, Headwater waited until late February to depose HongJung Son, who developed ████████ and whose face, name, and email appear on ████████ documents Samsung produced on April 25, 2023.  *E.g.*, Ex. 1.  ***Second***, Headwater delayed the ESI process and refused to negotiate or provide compliant ESI search terms earlier in the case.  This led to Samsung's February ESI productions about which Headwater complains.  Indeed, it took the parties until February 16, 2024 to agree on certain Headwater ESI search terms, despite Samsung

███████████████████

providing its initial objections to Headwater's terms on September 8, 2023.  **Third**, Headwater's code review over the last month is irrelevant; Headwater had access to Samsung's source code beginning April 25, 2023 and did not question Samsung's witnesses about code at their depositions.  Headwater also cites **no** code in its amended contentions.  *See generally* D.I. 127-1.

Headwater further attempts to justify its tardy motion by wrongly suggesting that it requested information relating to Samsung's ██████ earlier than it did.  Despite Samsung noting the existence of "potential third-party" ██████ in a December 22, 2023 interrogatory response, the existence of which Headwater admits in its motion, Headwater waited until January 17, 2024 (i.e. 9 months into fact discovery) to first complain that it wanted more information about the Samsung ██████ feature it now seeks to add to its infringement contentions.  Ex. 2.

After Headwater requested information about Samsung's ██████ feature on January 17, 2024, Samsung promptly supplemented its interrogatory responses on February 2, 2024.  There, Samsung provided additional description of its ██████ feature and identified it as a non-infringing alternative ("NIA") since Headwater had not accused it of infringement, despite having had access to Samsung technical documents and source code relating to ██████ for nearly a year.  Headwater then still took over a month to move to amend.

Permitting Headwater to amend its contentions and accuse a new feature **_that is entirely unrelated to the previously accused Android features_** at this late stage of the case would severely prejudice Samsung, which developed, among other things, invalidity, claim construction, noninfringement, and damages positions based on Headwater's prior contentions.  Moreover, such an amendment would necessitate a continuance to allow for amended noninfringement and invalidity contentions, supplemental expert reports to account for any amended contentions, and a reassessment of claim construction issues.  But even a substantial continuance would not cure the

███████████████

severe prejudice Samsung would suffer if Headwater's motion to amend was granted at this late date, which is reason alone to deny the motion.

## II.     FACTUAL BACKGROUND

### A.     Samsung: (1) Identified Mr. Son and (2) Produced Documents and Source Code Relating to Samsung's ███████ Feature in April 2023

**On April 4, 2023**, Samsung served its Initial Disclosures on Headwater, specifically identifying HongJung Son as an employee with knowledge of the "[d]esign and operation of accused power saving features and related functionalities." Ex. 3 at 4.

**On April 25, 2023**, Samsung produced two documents, one of which was SAM-HW00155714, Ex. 4, that had Mr. Son's face, name, and email on the cover. Ex. 1 at 1. That document described Samsung's ███████ feature in detail and included, among other things, a timeline describing the development of that feature. *Id.* at 22; *id.* at 21, 26, 29.

**On April 25, 2023**, Samsung produced "two source code laptops," which included source code for nearly a dozen accused Samsung Galaxy devices. Ex. 4. That source code was text searchable and included files related to Samsung's ███████ feature.

**On July 10, 2023**, Headwater reviewed portions of the code for the first time. Ex. 5

**By December 18, 2023**, as noted in Headwater's motion, Samsung had produced dozens of documents mentioning ███████ features. *See* D.I. 127 at 5.

**On February 19, 2024**, counsel for Headwater requested limited source code print outs for the first and only time before filing Headwater's motion to amend. Ex. 6.

### B.     Headwater Did Not Even Mention Samsung's ███████ Until January 17, 2024, Despite Substantial Discovery Revealing Its Existence

**On November 24, 2023**, Headwater informed Samsung that it would pursue a motion to compel if Samsung did not remedy unspecified discovery deficiencies. *See* D.I. 127-5 at 13-14.

**On November 28, 2023**, Samsung responded to Headwater, informing it that Samsung did

███████████████

not know "what information you believe is missing," and explaining that Samsung had been providing documents in response to certain Headwater "priority" requests and responding to Headwater's prior emails, to which Headwater failed to acknowledge or respond. *Id.* at 11-13.

**On December 6, 2023**, Headwater confirmed that it sought "narrative responses to Headwater's Interrogatories 4-5, and 7-8." *Id.* at 4-5. Samsung agreed to meet and confer that same day, during which Samsung stated (as memorialized on **December 12, 2023**):

> With respect to Headwater's Interrogatory Nos. 4, 5, 7, and 8, Samsung informed Headwater that whether the features are present or not would be apparent from the source code … Samsung [also] agreed to (a) provide narrative responses for the ***named accused features***, and (b) await Headwater's sending of a list of additional features that appear in Samsung's document productions that Headwater believes require additional narrative responses.

*Id.* at 1 (emphasis in original).

**On December 8, 2023**, Headwater sent its own memorialization of the parties' discussion, which acknowledged that "Samsung committed to continue to search for and produce documents related to the technical operation of the ***accused functionalities***." *Id.* at 3. Samsung's ████ ████ was not an "accused functionalit[y]." Nor was it mentioned in Headwater's December 8, 2023 email, despite the email mentioning a third-party ██████████ *Id.*

**On December 18, 2023**, Headwater provided a list of various accused and unaccused features for which it sought information in response to Interrogatory Nos. 4-5 and 7-8, many of which were not named in those interrogatories. *Id.* at 1. The only reference to something called ██████████ in that email was with respect to ████████████████████ ████████ *Id.*; D.I. 127 at 2. ████████████████ ██████████ and is distinct from the Samsung ████████ Headwater seeks to add to its contentions. Ex. 7 at 93-96.

**On December 22, 2023**, Samsung supplemented its responses to Interrogatory Nos. 4, 5,

████████████████

and 8.  Ex. 7 at 76-78, 80-83, 104-05.  Samsung provided narrative responses for the features named in those interrogatories, *id.*, as Samsung committed to doing on the parties' December 6, 2023 meet and confer and in Samsung's December 12, 2023 email, D.I. 127-5 at 1.  The responses also included an objection to the extent that Headwater sought information relating to "***potential*** third-party" ████████████████████████████████████████

████████████████████████████ *See* D.I. 127-5 at 3 ████████████████

D.I. 127 at 13 ████████████████████████ D.I. 128-1; Ex. 7 at 80.

On **January 17, 2024**, Headwater sent a letter to Samsung requesting information about ████████████████████████ <u>for the first time</u>, and identifying as relevant a document bearing Bates number SAM-HW00688403 (now SAM-HW00703803).  D.I. 127-6 at 3. That document—produced on **January 5, 2024**—includes the same timeline included in the document produced on **April 25, 2023** (Section II.A).  *Compare* Ex. 8 at 2, *with* Ex. 1 at 22.

On **February 2, 2024**, Samsung again supplemented its responses to Headwater Interrogatory Nos. 5 and 8, providing a narrative response about Samsung's ████████ feature based on the document produced by Samsung to Headwater nearly a year earlier on **April 25, 2023**.  Section II.A.  Headwater did not follow up.

On **February 28-29, 2024**, Headwater deposed HongJung Son, Samsung's Rule 30(b)(6) designee on power saving features, whom Samsung identified to Headwater on **April 4, 2023**.[1] Headwater's counsel barely asked Mr. Son about Samsung's ████████ *See generally* Ex. 9 ████████████████████ And while Mr. Son confirmed that Samsung has its own ████████████ as was ***already confirmed*** in Samsung's document productions and source

---

[1] Despite Samsung identifying him on April 4, 2023, Headwater did not notice Mr. Son's deposition until January 31, 2024.  *See* Ex. 10 (Headwater's 30(b)(1) NOD to HongJung Son).



code produced in April 2023 and reiterated nearly a month earlier in Samsung's **February 2, 2024** interrogatory response, Mr. Son also confirmed the existence of t███████████████████ ████████████   *See id.* at 82:2-17.  Mr. Son was asked no questions about source code pertaining to Samsung's ███████████████, nor was he allowed to explain how Samsung' ██████████████ ██████████████.  *E.g.*, *id.* at 81:3-12 (████████████████████████████████ ████████████████████████████████████████), 262:20-265:1.

On **March 6, 2024,** Headwater filed an unopposed motion to amend the docket control order to extend the deadline for the close of fact discovery from March 11, 2024 to March 15, 2024.  D.I. 124 at 1.  Notably, when Headwater asked Samsung for its position on Headwater's requested extension, Headwater hid from Samsung its plans to move to amend its infringement contentions after what would have been the close of fact discovery.  Samsung would not have agreed to Headwater's requested extension had it known that Headwater sought the extension to belatedly accuse additional features of infringement.

On **March 6-7, 2024,** Headwater deposed Hongshik Kim, another Samsung Rule 30(b)(6) designee,[2] who was only designated to testify about the accused "Data Saver" feature.  *See* Ex. 11 at 16:2-9.  Unsurprisingly, Mr. Kim repeatedly testified to having no familiarity with a ███████ ██████████████████  *Id.* at 20:7-16; *see also id.* at 223:2-225:2.

On **March 7, 2024**, Headwater notified Samsung that it intended to move for leave to amend its infringement contentions to accuse Samsung's ██████████  a feature that Headwater asked about just ***once*** during the fact discovery period on January 17, 2024, despite having source code and technical documents explaining it for nearly a year since April 25, 2023.

---

[2] Despite Samsung identifying him on April 4, 2023, Headwater did not notice Mr. Kim's deposition until January 31, 2024.  *See* Ex. 12 (Headwater's 30(b)(1) NOD to Hongshik Kim).

**On March 8, 2024**, Samsung stated it opposed for the reasons discussed herein.  Ex. 13.

### C.    Headwater Did Not Agree to ESI Terms Until February 16, 2024

The parties' negotiations over Headwater's proposed ESI terms dragged out for many months due to Headwater's delays in the process and its persistent demand that Samsung agree to overbroad search terms that violated the ESI Order.  The parties first agreed to provide written objections to proposed ESI search terms on Sept. 8, 2023.  Samsung did so, objecting to most of Headwater's proposed terms as, among other things, overbroad, as they would have resulted in 500,000-3,000,000 hits.  Ex. 14 at 1-4.  Many of Headwater's purported individual terms were actually a dozen or more terms stitched together.[3]  Then, ***Headwater sat on Samsung's objections for six weeks*** until, on October 19, Headwater suggested a meet and confer to discuss the objections.  Ex. 15 at 6.  Over the next few months, Samsung continued to object to Headwater's terms because Headwater refused to narrow them; instead, Headwater continued to propose purported singular terms that comprised dozens of terms and resulted in hundreds of thousands, and even millions, of ESI hits.  Ex. 16 at 5-7.

Concerned by Headwater's delay, Samsung cautioned it on **February 8, 2024** that:

> Headwater's lack of diligence in serving compliant ESI terms may also frustrate Samsung's ability to complete a privilege (and third party confidentiality) review in the time remaining in discovery—even if this process is finalized now—given the unreasonably large volume of hits that still result from Headwater's terms….

Ex. 17 at 4-6.  On **February 16, 2024**, the parties agreed on Headwater's still-overbroad ESI terms, after which point Samsung, with the help of at least 11 document reviewers, reviewed the ESI for potential third-party confidentiality and privilege issues and produced ~67,368 ESI hits.

### III.    LEGAL STANDARD

---

[3] *Id.* at Term #4 for Son and Kim: "traffic or foreground or background or roaming) /s (contro! or optimiz! or activit! or servic! or polic! or restric!," which resulted in ~3,000,000 ESI hits.

"While district courts have discretion in ruling on untimely motions to amend infringement contentions, there are four factors that are pertinent to such rulings: 1) the explanation for the failure to meet the deadline; 2) the importance of the amendments; 3) potential prejudice in allowing the amendments; and 4) the availability of a continuance to cure such prejudices." *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *2 (E.D. Tex. Aug. 18, 2009).

## IV.   ARGUMENT

### A.   Headwater Was Not Diligent in Seeking Discovery or In Moving to Amend

Headwater chose to sue Samsung on ***nine*** patents, assert ***198*** claims, and accuse ***five*** distinct features of infringement.   Moreover, Headwater's initial discovery requests were incredibly broad, seeking "all documents and things relating to" all operations and functions "of the Accused Products."  Ex. 18, Req. 12.  Headwater "cannot use the complexity of this case as an excuse for its lack of diligence or initial preparation."  *Realtime Data*, 2009 WL 2590101, at *6.

### 1.   Headwater Has Possessed Technical Documents and Source Code For Samsung's █████████ Feature Since April 25, 2023

Samsung provided Headwater access to its source code and produced technical documents relating to Samsung's ████████ feature by April 25, 2023.[4]  *See* Section II.A.  Headwater does not dispute this.  Headwater's failure to move to amend until ***11 months*** after receiving documents and code relating to Samsung's ████████ demonstrates Headwater's lack of diligence. *See Finesse Wireless LLC v. AT&T Mobility LLC*, 2022 WL 16636930, *2-3 (E.D. Tex. Nov. 2, 2022) (finding plaintiff lacked diligence where it "had access to technical documents . . .

---

[4] This case is distinguishable from *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG, 2019 WL 11585349 (E.D. Tex. Apr. 24, 2019).  D.I. 127 at 12-13.  In *Polaris*, the defendants did not update discovery responses with information which did not exist at the beginning of fact discovery.  2019 WL 11585349, at *1-2.  Here, Samsung produced documentation and code relating to Samsung's ████████ by April 25, 2023.  Section II.A.

and product source code . . . for more than eight months before indicating its intent to amend"); *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2012 WL 12911055, at *4 (E.D. Tex. Aug. 10, 2012) ("[I]f the parties were not required to amend their contentions promptly . . . the contentions requirement would be virtually meaningless. . . .").

In any event, Headwater's only justifications for its failure to seek further discovery on Samsung's ████████ before January 17, 2024 are that: (1) Samsung had not affirmatively described it in response to interrogatories that failed to name it, D.I. 127 at 12; (2) Samsung's document production at that time was "over 155,000 pages," *id.* at 2; and (3) "Samsung's source code production is extremely voluminous, spanning *over ten million files*," *id.* at 11 (emphasis in original). Indeed, according to Headwater, it "did its best to wade through Samsung's pre-December 18, 2023 production of over 78,000 documents to identify potential network access control features." *Id.* at 9. These proffered justifications are unavailing for the reasons below.

*First*, Samsung's production on April 25, 2023 included just two documents. Section II.A. Had Headwater reviewed the two-document production, Headwater would have immediately discovered a document describing Samsung's ████████ feature in detail. *E.g.*, Ex. 1. If that were not enough, Headwater could have—again—immediately identified that same document by searching for documents mentioning "HongJung Son," whose name is listed on the cover of the document. *Id.* at 1. Samsung's April 4, 2023 Initial Disclosures identified Mr. Son as having knowledge of the "[d]esign and operation of accused power saving features and related functionalities." Ex. 3 at 4. Headwater's failure to review Samsung's productions as they were being made, or search for documents by the engineer specifically identified to Headwater as having knowledge of the accused features on April 4, 2023, demonstrates a lack of diligence.

*Second*, regarding Samsung's source code, the number of files or lines of code is no

impediment, given that the produced source code was text searchable.  Headwater could have keyword searched for Samsung's ██████████ functionality within the code to locate it.  In any event, Headwater did <u>not</u> begin reviewing Samsung's code until July 10, 2023 (three months into discovery), Ex. 5, or request any source code print outs until February 19, 2024 (ten months into discovery), Ex. 6.  This again demonstrates Headwater's lack of diligence.  *See Realtime Data*, 2009 WL 2590101, at *3-6 (denying motion to amend where Defendants produced "over five million pages of document discovery and millions of pages of source code"); *Finesse*, 2022 WL 16636930, at *3 (finding no diligence where plaintiff had source code for over eight months).

### 2. The Court Should Reject Headwater's Excuses For Failing To Diligently Review Samsung's Technical Production Or Source Code

Headwater next attempts to justify its failure to timely seek discovery on Samsung's ████ ██████  *See* D.I. 127 at 6-14.  Headwater's reliance on: (1) a boilerplate objection in Samsung's December 22, 2023 interrogatory responses, *id.* at 9-14; (2) the timing of the depositions of Messrs. Son and Kim, *id.* at 6-8, and (3) Samsung's ESI production, *id.* at 6-9, should be rejected.[5]

#### a. Headwater Did Not Request Information About Samsung's ████████████ Until January 17, 2024

Headwater's motion incorrectly claims that, "on December 18, [2023,] Headwater specifically asked Samsung to provide discovery on ████████ .]"  D.I. 127 at 9.  While Headwater's failure to email Samsung about unaccused features until December 18—eight months into discovery—itself demonstrates Headwater's lack of diligence, that email is also irrelevant.

---

[5] The facts of this case are also distinguishable from *Mondis*.  *Contra* D.I. 127 at 6 (citing *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2011 WL 2149925 (E.D. Tex. May 5, 2011)).  There, "the Court allowed plaintiff to amend infringement contentions because defendants produced a service manual that should have been disclosed earlier nearly a year after initial disclosures… Unlike in *Mondis*," Headwater "has had access to the source code and technical documentation … for more than eight months."  *Finesse*, 2009 WL 2590101, at *3.

█████████████

As already discussed in Section II.B, the only mention of ████████ in Headwater's December 18, 2023 email related to ████████ D.I. 127-5 at 1, which is distinct from Samsung's ████████ which Headwater now seeks to accuse.[6] *See* Ex. 7 at 93-96.

Thus, when Samsung served interrogatory responses on December 22, 2023, including an objection to the extent Headwater sought information relating to "***potential*** third-party" ████████ applications, Ex. 7 at 80, Headwater had yet to ask about the Samsung ████████ it now seeks to accuse of infringement. It was not until January 17, 2024 that Headwater finally asked about the Samsung ████████ feature discussed in, for example, SAM-HW00688403.[7] Section II.B. Regardless, Headwater's motion largely focuses on Samsung's objection. D.I. 127 at 9-14. This is a red herring because ***there are*** numerous third-party ████████, that render Samsung's objection valid. Ex. 7 at 143-44. Besides Samsung's ████████ there is a Google ████████ and no less than 4 third-party ████████ applications. Ex. 7 at 94, 143-44.

Once Headwater finally—on January 17, 2024—identified a document relating to the Samsung ████████ it now seeks to accuse of infringement, Ex. 2, Samsung promptly supplemented its interrogatory responses two weeks later—on February 2, 2024—with a narrative description of that feature and citation to documents produced earlier in the case.[8] Ex. 7 at 90-91.

---

[6] Headwater's motion also states that Headwater's December 18, 2023 email "pointed Samsung to examples of its document production referencing ████████ D.I. 127 at 10. Yet, the only document cited in Headwater's December 18 email that uses the term ████████ Ex. 19 (SAM-HW00678131), does so with respect to ***third-party*** Google's ████████ *id.* at 4.

[7] If Headwater sought information on Samsung's ████████ earlier, and believed that Samsung was withholding such information, Headwater could have moved to compel. *See Realtime Data*, 2009 WL 2590101, at *6. It did not.

[8] Contrary to Headwater's assertion, D.I. 127 at 13, Samsung's December 22, 2023 interrogatory response objecting to discussions of "***potential***" third-party ████████ (when the document Headwater identified on December 18, 2023 referenced third-party Google's ████████ does not conflict with Samsung's February 2, 2024 response describing Samsung's own ████████ feature, which Headwater only identified as relevant on January 17, 2024.

11

██████████████████

**b.     Headwater Chose Not To Depose Samsung's Engineers Until February-March 2024**

The Court should also reject Headwater's argument that it moved to amend shortly after deposing Samsung's engineers.  *See* D.I. 127 at 6.  Samsung identified Messrs. Son and Kim to Headwater as having knowledge of the various accused features on **April 4, 2023**.  Ex. 3 at 4.  Yet, unlike Samsung, which began deposing individuals last year, Headwater chose not to notice either engineer until **January 31, 2024** for depositions occurring the last weeks of fact discovery.  Exs. 10 and 12.  Headwater's failure to depose them earlier on demonstrates a lack of diligence.

Moreover, Headwater need not have waited to amend its contentions until after the depositions were complete on March 7, 2024.  Headwater admits it was aware of Samsung's ████ ████ at least by January 17, 2024 (based on a document produced on January 5, 2024), and received a response from Samsung about it on February 2, 2024.  Headwater claims that it needed to ████████████████████████ D.I. 127 at 4, but "'[c]onfirming' theories of infringement is a task left to discovery, while the preparation and supplementation of infringement contentions is a matter of pleading[.]"  *Realtime Data*, 2009 WL 2590101, at *5; *Davis–Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07–cv–559, 2009 WL 81874, *3 (E.D. Tex. 2009).

Headwater's argument that it needed to question Samsung's witnesses about ████████ is contradicted by the depositions Headwater took.  Headwater barely questioned the actual person with knowledge (Mr.  Son), and instead elicited testimony from Mr. Kim that Mr. Kim was not familiar with ████████ at all.  Section II.B.

**c.     Headwater's Lack of Diligence With ESI Discovery Is What Led To Samsung's Recent ESI Productions**

First, as noted in Section II.C, after Samsung cautioned Headwater that its refusal to narrow its ESI search terms would result in ESI productions at the end of fact discovery, Headwater agreed to slightly narrowed, yet still overbroad, terms on February 16.  Though Headwater now complains

about the size and timing of Samsung's ESI production, D.I. 127 at 8, Headwater can only blame itself for failing to timely negotiate compliant ESI terms. *Realtime Data*, 2009 WL 2590101, at *6 ("Plaintiff never requested an extended schedule, nor sought assistance from the Court in resolving discovery disputes that were prolonging disclosures.").

Second, the Court should reject Headwater's argument that recently produced ESI necessitated its amendment. *E.g.*, D.I. 127 at 7-8. Headwater's amended contentions rely on just five documents,[9] which include information that is largely duplicative of information found in documents Samsung produced last year. Documents produced in April 2023 already made clear that ███████████████████████████████████. Ex. 1 at 22. Headwater's purported reliance on ESI to confirm that same operation is not an excuse for failing to timely amend. *Realtime Data*, 2009 WL 2590101, at *5.

## B. Denying Headwater's Motion To Amend Still Leaves a Broad, Complex Case with Accusations Against Five Other Features

Headwater's requested amendment is of low importance. *Eon Corp.*, 2012 WL 12911055, at *6 (lack of diligence in bringing motion "weakens … arguments regarding the importance of the amendments"). Headwater's only argument to the contrary is that it "would be unable to recover damages for ███████ infringement." D.I. 127 at 14. Yet, Headwater's amendment, though belatedly injecting a new infringement theory into the case, is not adding new products to the case. Headwater is already alleging that the Accused Products infringe ***nine*** patents for their purported inclusion of ***five*** other features (e.g., Data Saver, Doze, App Standby, Power Saving mode, and sleeping applications). *Id.* at 1, 5, 6, 11. If Headwater can prevail on the theories included in its initial contentions, Headwater can collect damages for the same products.

---

[9] SAM-HW00694213, -703107, -690069, -701805, and -878673.

### C.      Samsung Would Be Severely Prejudiced By A Last-Minute Shift In Headwater's Infringement Case

Headwater served its amended contentions on Samsung on March 13, 2024, just ***two days*** before the close of fact discovery.  *See* L.R. CV-5(a)(3)(C).  The delayed timing of Headwater's amendment alone would be "highly prejudicial" to Samsung.  *Finesse*, 2022 WL 16636930, at *3 ("amendment would be ***highly prejudicial*** to Defendants" because "the contentions … were not served until ***two days*** before the close of fact discovery").  However, Samsung would also be severely prejudiced if Headwater's motion were granted because Samsung justifiably relied on Headwater's earlier infringement contentions in formulating its litigation strategy, claim construction positions (the *Markman* hearing occurred in February and Headwater took claim construction positions in IPRs that could impact ▆▆▆▆▆▆▆▆ invalidity strategy,[10] noninfringement positions, and damages positions (Samsung uses ▆▆▆▆▆▆▆ as an NIA).  *See Realtime Data*, 2009 WL 2590101, at *8-9 (finding Defendant "would suffer ***severe prejudice*** if Plaintiff were allowed to amend" where Defendant "justifiably relied on Plaintiff's Original Infringement Contentions as a framework for proceeding through discovery").

Moreover, "allowing the amendments would require" Samsung "to expend additional resources to reassess its invalidity case in view of the amendments."  *EMG Tech., LLC v. Chrysler Grp., LLC*, 2013 WL 12147662, *4 (E.D. Tex. July 3, 2013).  Samsung would "also need to expend resources" reassessing invalidity contentions, *id.*, and amending noninfringement contentions, *Scanner Techs. Corp. v. NVIDIA Corp.*, 2007 WL 9725067, *5 (E.D. Tex. May 15, 2007).

Finally, Samsung could not explore, via requests for admission, interrogatories, or

---

[10] For example, Headwater's motion alleges for the first time that something infringes (and thus invalidates) merely if it "restrict[s] background applications from accessing the network."  D.I. 127 at 14.  Such a broad read of the claims would have impacted Samsung's invalidity strategy.

depositions how Headwater would be mapping the claims to Samsung's ████████ during fact discovery.  The Court should not allow Headwater to restart its infringement case, now that Samsung's case is set.  *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.").

> **D.    Given The Timing Of Headwater's Motion, A Continuance Would Be Required, But Would Still Not Alleviate The Severe Prejudice to Samsung**

Headwater served its initial infringement contentions over a year ago, on February 28, 2023.  Since then, both the Court and the parties have expended substantial time, effort, and resources on this case.  This includes significant time spent by Samsung forming its invalidity, claim construction, noninfringement, and damages positions based on Headwater's earlier contentions.  At a minimum, if the Court grants Headwater's motion, a continuance would be required to allow for amended invalidity and noninfringement contentions.  Additionally, the briefing on Headwater's motion will not be complete until after expert reports are served, making supplemental expert reports to account for any amended contentions likely.  Such reports could impact the existing deadlines for expert discovery, and *Daubert* and dispositive motions.

Regardless, "even a substantial continuance would not cure enough prejudice to justify the changes Plaintiff proposes."  *Realtime Data*, 2009 WL 2590101, at *9.  Indeed, a continuance at this point (less than five months from trial) would not cure the prejudice Samsung would suffer if Headwater were allowed to restart its infringement case after fact discovery and claim construction, nor the additional resources Samsung would expend having to reassess its invalidity, noninfringement, and damages defenses.  *See EMG Tech.*, 2013 WL 12147662, at *5.

## V.    CONCLUSION

Samsung respectfully requests that the Court deny Headwater's motion to amend.

Dated: March 21, 2024                    Respectfully submitted,

By:   */s/ Jared Hartzman*
      Ruffin B. Cordell
      TX Bar No. 04820550
      Michael J. McKeon
      DC Bar No. 459780
      mckeon@fr.com
      Jared Hartzman (*pro hac vice*)
      DC Bar No. 1034255
      hartzman@fr.com
      Joshua Carrigan (*pro hac vice*)
      VA Bar No. 96911
      carrigan@fr.com
      **Fish & Richardson P.C.**
      1000 Maine Avenue, SW, Ste 1000
      Washington, D.C. 20024
      Telephone: (202) 783-5070
      Facsimile: (202) 783-2331

      Thad C. Kodish
      GA Bar No. 427603
      tkodish@fr.com
      Benjamin K. Thompson
      GA Bar No. 633211
      bthompson@fr.com
      Nicholas A. Gallo (*pro hac vice*)
      GA Bar No. 546590
      gallo@fr.com
      Steffen Lake (*pro hac vice*)
      GA Bar No. 512272
      lake@fr.com
      Sara C. Fish
      GA Bar No. 873853
      sfish@fr.com
      Noah C. Graubart
      GA Bar No. 141862
      graubart@fr.com
      **Fish & Richardson P.C.**
      1180 Peachtree St. NE, Fl. 21
      Atlanta, GA 30309
      Telephone: (404) 892-5005
      Facsimile: (404) 892-5002

      Leonard E. Davis
      TX Bar No. 05521600

16

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**Fish & Richardson P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**Gillam & Smith, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland

17

jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**Hilgers Graben PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be ▮▮▮▮▮ pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on March 21, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Jared Hartzman*

19