PUBLIC VERSION

████████████

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>     Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>████████████ |

## PLAINTIFF HEADWATER RESEARCH LLC'S
## OPPOSED MOTION TO AMEND INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................ 1

II.     BACKGROUND ................................................................................................................ 1

III.    LEGAL STANDARD ........................................................................................................ 5

IV.     ARGUMENT...................................................................................................................... 5

      A.   Headwater Diligently Investigated Whether ████████ Infringes ████████
       ████████████████████████ ............................................................................ 6

          1.   Headwater brought this motion only a few weeks after obtaining newly
            produced technical documents and 30(b)(6) testimony in late February and
            early March indicating that ████████ infringes................................................ 6

          2.   Samsung's belated discovery responses after months of diligent investigation
            by Headwater also provides good cause.................................................................. 9

          3.   Headwater reasonably relied on Samsung's discovery responses on
            ████████████ and diligently followed up ████████████████████
            ████████████████████████████████. ......................................................... 11

      B.   Headwater's Amendment Is Important................................................................... 14

      C.   Samsung Is Not Prejudiced, Nor Would Headwater Be at Fault If It Were .............. 15

      D.   No Continuance Is Necessary ................................................................................ 15

V.      CONCLUSION.................................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Cases**

*Arigna Tech. Ltd. v. Volkswagen AG*,
No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288 (E.D. Tex. Jan. 19, 2022)........................ 15

*Conceptus, Inc. v. Hologic, Inc.*,
No. C 09-02280 WHA, 2010 WL 3324395 (N.D. Cal. Aug. 23, 2010) .................................. 13

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-00140-RWS-RSP, 2018 WL 574871 (E.D. Tex. Jan. 26, 2018) ........................ 14

*Georgetown Rail Equip. Co. v. Holland L.P.*,
No. 6:13-CV-366-JDL, 2014 WL 12703781 (E.D. Tex. Oct. 7, 2014)...................................... 9

*Harris Corp. v. Huawei Device USA, Inc.*,
No. 2:18-CV-00439-JRG, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ............................... 11

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 ................................................................. 5

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
No. 2:22-cv-00322-JRG-RSP, Dkt. No. 240 (E.D. Tex. Feb. 2, 2024) ................................... 14

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
No. 2:07-CV-565-TJW-CE, 2011 WL 2149925 (E.D. Tex. May 5, 2011) ............................... 6

*Performance Pricing, Inc. v. Google, Inc.*,
No. 2:07-cv-432, 2009 U.S. Dist. LEXIS 84211 (E.D. Tex. Sept. 15, 2009)............................ 6

*Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*,
No. 2:17-CV-00715-JRG, 2019 WL 11585349 (E.D. Tex. Apr. 24, 2019) ....................... 12, 13

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-CV-463 RWS-JDL, 2016 WL 9340797 (E.D. Tex. Aug. 11, 2016) ........................ 11

**Rules**

Fed. R. Civ. P. 26............................................................................................................................. 11

## I.      INTRODUCTION

Plaintiff Headwater Research LLC ("Headwater") respectfully moves to amend its infringement contentions to encompass " ███████   Ex. A (nine charts). Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") oppose.

This Motion does not seek to add new accused devices. It applies to Samsung's non-public software feature called  ███████   that Samsung very recently identified as an alleged non-infringing alternative ("NIA"). Long before it was identified as an NIA, Headwater requested that Samsung provide documents and interrogatory responses about  ███████   but Samsung objected on the basis that  ███████  is a "third-party application … downloadable from the Google Play Store." Last month, Samsung supplemented its discovery responses to (1) ***delete*** its objection to providing discovery on  ███████  on the basis that it is a third-party application, and (2)  ████████████████████████████████████████████████████████
 ███  . Since then, Samsung produced thousands of new confidential documents about
 ███████   Headwater diligently analyzed those new documents and Samsung's source code, and deposed Samsung's Rule 30(b)(6) designees about it. Through this investigation, Headwater has confirmed that the existing accused products also infringe through their inclusion of  ███████

Critically, Headwater's amendment does not unfairly prejudice Samsung or change the scope of this case. The parties' experts will already address if  ███████   infringes because Samsung has identified it as an alleged NIA and Headwater maintains it infringes. And while this amendment will not prejudice Samsung or necessitate any continuance, it is important because Headwater should not be prevented from seeking damages on an infringing feature.

## II.      BACKGROUND

On April 7, 2023, Headwater propounded Interrogatory No. 5 seeking identification of

Samsung product features (including software) that, in accordance with the asserted claims, control network access for foreground, background, or sleeping applications. Ex. B (HW ROGs) at 14. Samsung responded with a Rule 33(d) citation to its entire document production (then over 155,000 pages) and entire source code production. Ex. C (Samsung ROG Resps.) at 62.

On April 7, 2023, Headwater also served Interrogatory No. 17, seeking information about any alleged NIAs. Ex. B at 17 ("Describe and identify any planned, potential, alleged, or implemented design-around or non-infringing alternative of any claim of the Asserted Patents …."). Samsung responded by stating it was "currently unaware of responsive information under this Interrogatory as worded and objected to," with a further statement that it would produce responsive materials pursuant to Rule 33(d) to the extent such materials exist. Ex. C at 110.

On October 24, 2023, Headwater wrote Samsung regarding discovery deficiencies, including Samsung's ongoing failure to respond to Interrogatory No. 5. Ex. D (10/24/23 HW Ltr.) at 5. On November 24, 2023, Headwater informed Samsung that it would pursue a motion to compel if Samsung did not remedy its discovery deficiencies. Ex. E (Email Chain) at 13-14. The parties conferred and corresponded about these issues over the next two weeks. *Id.* at 1-13.

On December 18, 2023, Headwater wrote to confirm Samsung would supplement its response to Interrogatory No. 5 to address features mentioned in a small number of documents Samsung had produced, including "███████████." *Id.* at 1. By then, Samsung had produced 78,035 documents (excluding prior art productions), only 23 of which mentioned "████████" or "████████." Davis Decl. ¶ 2.

On December 22, 2023, Samsung finally supplemented its response to Interrogatory No. 5 by objecting to Headwater's request for information on ████████, telling Headwater it is a third-party app, such that Samsung need not describe or provide discovery about it. Ex. C at 62-63

2

(" ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████ ").[1]

On January 17, 2024, Headwater wrote Samsung again regarding numerous discovery

deficiencies, including to ███████████████████████████████████████

███████████████████████████████████████████████████

████████████████ . Ex. F (1/14/24 Headwater Ltr.) at 3.

On February 2, 2024, Samsung supplemented its response to Interrogatory No. 5 by

*deleting* its parenthetical describing ████████ as a third-party application, thus *removing*

*Samsung's objection* to producing information about ████████ Ex. C at 66. Samsung ████

███████████████████████████████████████████████████

████████████ . *Id.* at 73. Below is a table illustrating these changes:



---
[1] All emphasis in quoted material has been added unless otherwise noted.

3



Ex. C at 66, 73.

In the same February 2, 2024 supplement, Samsung also finally supplemented for the first time its response to Interrogatory No. 17, regarding alleged NIAs. Ex. C at 111-113. Having never previously identified *any* alleged NIAs, Samsung now asserted that ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ ." *Id.* at 112.

On February 12-16, 2024, Headwater conducted in-person review of the Samsung source code, ██████████████████████████. Davis Decl. ¶ 5.

On February 14, 2024 (less than four weeks before the close of fact discovery), Samsung began rolling out additional document productions that, to date, have included 67,824 additional documents. Davis Decl. ¶ 3. Of those, 4,948 documents reference ██████████ *Id.*

On February 28-29, 2024, Headwater deposed Hongjung Son, Samsung's Rule 30(b)(6) designee on power saving features. Ex. G (Son Rough Tr.). Mr. Son confirmed ████████

██████████████████████████████. *Id.* (Vol. I) at 77.

He also confirmed ██████████████████████████. *Id.* at 75-77

██████████████████████ "); *id.* (Vol. II) at 143-144 (" ██████████████

On March 6-7, 2024, Headwater took the deposition of Hongshik Kim, another Samsung Rule 30(b)(6) designee on technical operation of the accused products. Ex. H (Kim Rough Tr.).

While Mr. Kim initially testified ██████████████████████████████

4

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████. *Id.* at 106-107.

On March 6-8 and 11-12, 2024, Headwater conducted in-person review of Samsung's

source code ███████████████████████████████████████████████████████████

███████████████████████████████████████████████. Davis Decl. ¶ 5.

On March 7, 2024, Headwater notified Samsung of this motion and met and conferred with

Samsung at Samsung's earliest availability, on March 11, 2024.

## III.  LEGAL STANDARD

This Court considers four factors when determining whether good cause exists to amend

infringement contentions under Local Patent Rule 3-6(b): "(1) the reason for the delay and whether

the party has been diligent; (2) the importance of what the court is excluding and the availability

of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of

a continuance to cure such prejudice." *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-

CV-01314-JRG-RSP, 2018 WL 1806765, at *2.

## IV.  ARGUMENT

Good cause exists for the proposed amendment. It adds no new accused devices. Rather, it

applies ███████████████████████████████████████████████████████

████████████. Since then, Samsung has produced thousands of new test reports, log files, and

source code commitment logs, and other documents about the feature. The proposed amendment

is based on such material and new 30(b)(6) testimony, first obtained on or after February 23, 2024.

As of December 18, 2023, Samsung had produced 23 documents mentioning ████████

among over 78,000 documents it had produced by then. Headwater nonetheless saw this feature

mentioned and asked Samsung for discovery on ██████████ Ex. E at 1. Samsung responded by



refusing to provide such discovery on the basis that ███████████████████████

████████ Ex. C at 62-63. ██████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████.

*Id.* at 66, 73, 112. Since then, Samsung produced nearly 5,000 documents referencing the feature.

Davis Decl. ¶3. Following those developments, Headwater diligently investigated ████████

███████████████████████████████████████████████████████████

██████████. Headwater has confirmed that the existing accused products ███████████████

████████████, and Headwater seeks leave to amend its infringement contentions accordingly.

This new discovery supplies good cause for this amendment. And because the question of whether

████████ infringes is already part of the case (since Samsung is relying on it as an NIA),

allowing the amendment results in no prejudice or delay.

    **A.    Headwater Diligently Investigated Whether ███████ Infringes Once Samsung Identified It as a Samsung Feature and Alleged NIA**

        **1.    Headwater brought this motion only a few weeks after obtaining newly produced technical documents and 30(b)(6) testimony in late February and early March indicating that ████████ infringes.**

Headwater brings this motion very shortly after receiving thousands of newly produced

technical documents and 30(b)(6) testimony ███████████████████████

████████████████████████████████████. Such new discovery provides

good cause for Headwater's amendment. *E.g., Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-

565-TJW-CE, 2011 WL 2149925, at \*2 (E.D. Tex. May 5, 2011) ("[W]ithin two weeks of the

deposition …, Mondis filed this motion to amend its infringement contentions."); *Performance*

*Pricing, Inc. v. Google, Inc.*, No. 2:07-cv-432, 2009 U.S. Dist. LEXIS 84211, at \*10 (E.D. Tex.

Sept. 15, 2009) ("The role of landing page in the accused systems was not clarified until the []

30(b)(6) deposition, and the Infringement Contentions were amended shortly thereafter.").

In its attached proposed amended infringement contentions (Ex. A), Headwater relies upon

While Samsung may argue it produced a handful of documents mentioning

7

months ago, those ████████████████████████████████████████████████████

████████████████████████████████████████████████████████. Also,

Samsung's 30(b)(6) witnesses provided very recent testimony ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

Since February 14 (only a few weeks before the original March 11 close of fact discovery),

Samsung has produced nearly 68,000 additional documents, nearly 5,000 of which reference

██████████████ and over 50,000 of which were produced in the past week.[2] Davis Decl. ¶ 3. Headwater

reviewed these late productions efficiently while also taking and defending depositions. Headwater

---

[2] Samsung may try to excuse its late productions based on negotiations about ESI search terms. That is a red herring. Just since February 23 (17 days before the original close of fact discovery), Samsung has produced **nearly 1,300** loose documents referencing ████████████ that are not emails or email attachments. Davis Decl. ¶ 4. Samsung has produced 67,824 documents spanning 291,171 pages (including 21,738 non-email, non-attachment documents) since February 14. *Id.* ¶ 3.

█████████████████████████████████████████████████████████

██████████████████████████ Headwater seeks leave only days after obtaining this new discovery.

**2.      Samsung's belated discovery responses after months of diligent investigation by Headwater also provides good cause.**

While the new evidence provided by Samsung in the past few weeks alone provides good cause, Headwater was also diligent in pursuing discovery on ██████████ since the case began.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

*See* Ex. B (Interrogatory Nos. 4-5, 17). Headwater also did its best to wade through Samsung's pre-December 18, 2023 production of over 78,000 documents to identify ████████████████ ██████████, and on December 18, Headwater specifically asked Samsung to provide discovery on ██████████ because it was mentioned in a handful of documents. Davis Decl. ¶ 2; Ex. E at 1 (requesting supplement to Interrogatory No. 5 ████████████████████████████████ ██████████████████). Samsung responded on December 22 with a written objection contending that ██████████ is a "third-party application" outside the scope of discovery. Ex. C at 62-63. ████

█████████████████████████████████████████████████████████

██████████. Ex. F at 3. ████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████ Samsung then produced thousands of critical documents describing ██████████. This shows Headwater was diligent and any delay was Samsung's fault. *E.g.,* *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366-JDL, 2014 WL 12703781, at *3 (E.D. Tex. Oct. 7, 2014) ("Georgetown has shown itself to be diligent in filing this motion and that the delay was primarily a result of Holland's conduct during discovery.").

Samsung waited until February 2, 2024 to identify ███████████████████ even though:

- Headwater served Interrogatory Nos. 5 and 17 in April 2023, seeking descriptions of ███████████████████████████████████████████████ (Ex. B);

- Samsung has unfettered access to ███████████████████████████████ ;

- Headwater explicitly asked Samsung on December 18, 2023 for information about ████████████████████████████████████████████████ ████████ (Ex. E at 1).

Instead of providing timely, accurate interrogatory responses, Samsung delayed giving any substantive responses, then provided wrong information, and then delayed some more before finally providing information about ████████████ on February 2—*ten months* after Headwater's interrogatories. In that response, Samsung finally identified ████████████ ████████████████████████████████ . Ex. C at 73, 112. Samsung also *deleted* its prior objection asserting ████████ it is a third-party app:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Ex. C at 62-63, 66 (emphasis added).



After receiving Samsung's February 2 response, Headwater diligently investigated ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮. For example, Headwater conducted source code review on February 12-16 and March 6-12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Davis Decl. ¶ 5. Headwater also questioned Samsung's 30(b)(6) witnesses ▮▮▮▮▮▮▮▮▮▮ during their February 28-29 and March 7-8 depositions. And Headwater analyzed the nearly 5,000 documents referencing ▮▮▮▮▮ that Samsung has produced since February 14, 2024. *Id.* ¶ 3. Through this investigation, Headwater determined the accused products also infringe through ▮▮▮▮▮▮▮

To the extent Samsung argues that Headwater should have determined whether ▮▮▮▮▮ infringes simply by reviewing Samsung's source code, Headwater is entitled to other discovery under Fed. R. Civ. P. 26 and the Court's Discovery Order—not just a source code dump. Samsung's source code production is extremely voluminous, spanning *over ten million files*, many of which include hundreds or thousands of lines of code. Headwater would have identified the relevant files far sooner if Samsung had timely identified ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ sooner than a few weeks before the close of discovery.

3.      **Headwater reasonably relied on Samsung's discovery responses on** ▮▮▮▮▮▮ **and diligently followed up** ▮▮▮▮▮▮▮▮

Leave to amend infringement contentions is appropriate where, as here, a patentee diligently seeks amendment based on new information learned in discovery. *See, e.g., Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019) ("It is expected that during the course of discovery, infringement contentions may be clarified or refined."); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2016 WL 9340797, at *3 (E.D. Tex. Aug. 11, 2016) ("[O]nce Defendants supplemented their answers to the interrogatories, Plaintiff moved for relief quickly thereafter by filing this motion to amend

its infringement contentions."). Because Headwater reasonably relied upon Samsung's discovery responses and promptly investigated infringement once it was provided correct information, Headwater's diligence supports leave to amend.

Given Samsung's superior knowledge about its products, it was reasonable for Headwater to request ███████████████████████████████████████████████████████ ████████████████████████████████████. Samsung's responses identified ████████████ as a *third-party* feature. Ex. C at 62-63. ████████████████████████████████████████████ ████████████████████. Ex. C at 73. This Court's decision in *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.* is instructive. There, plaintiff Polaris reasonably relied on the accuracy and completeness of defendant Samsung's interrogatory response, which was supposed to identify newly released products so they could be evaluated for potential inclusion in Polaris's infringement contentions. No. 2:17-CV-00715-JRG, 2019 WL 11585349, at *1-2 (E.D. Tex. Apr. 24, 2019). Samsung failed to provide such information, but Polaris independently discovered that Samsung had released new products during discovery, which Polaris investigated and sought leave to add to its contentions. *Id.* at *3-4. In opposing leave, Samsung argued that the new product launches were publicized. *Id.* at *3. This Court rejected that argument and granted Polaris leave to amend:

> "Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354 (5th Cir. 2018). While Polaris possibly could have identified the Note9 and Kant M2/M3 TVs from public sources, Polaris did not simply sit on its hands. It pursued discovery in this case with reasonable diligence and **was entitled to rely on the accuracy and completeness of Samsung's responses**. Samsung's failure to comply with its obligations under Federal Rule of Civil Procedure 26(e)(1)(A) might by itself be sufficient grounds to grant Polaris's motion. *See* Fed. R. Civ. P. 37(c)(1)(C). It is certainly a sufficient explanation for Polaris's failure to accuse these products.

*Id.* at *4. The facts here are significantly more compelling.

Here, Samsung provided no information about ████████████ in its responses to Headwater's

12

April 2023 interrogatories until December 22, 2023, when it supplemented ███████████

████████████████████████████████████████████. Ex. C at 62-63. And

even at that late stage, Samsung still identified no NIAs to Headwater. *Id.* at 109-110. The late

timing of Samsung's NIA disclosure alone (i.e., 38 days before the close of fact discovery) shows

good cause for this amendment under *Polaris* and numerous other cases of this Court.

Also, while the new product launches in *Polaris* were public knowledge and that did not

excuse defendant's discovery obligations, █████████████████████████████████,

making it reasonable for Headwater to "rely on the accuracy and completeness of Samsung's

responses." *Id.* at \*4; *see also, e.g.*, *Conceptus, Inc. v. Hologic, Inc.*, No. C 09-02280 WHA, 2010

WL 3324395, at \*1 (N.D. Cal. Aug. 23, 2010) (granting leave to amend invalidity contentions

where interrogatory response on reduction to practice dates changed 40 days before the close of

fact discovery (Samsung's change here was made 38 days before), because even though defendant

"had access to the inventor notebooks that formed the basis of [plaintiff's] changed position, it was

**reasonable for [defendant] to rely on [plaintiff's] initial interrogatory response**"). In its

December 22 response, Samsung ***refused*** to provide the requested information about ████████

on the basis that it is a third-party app in the Google Play Store. Ex. C at 62-63. ██████████

██████████████████████████████████████ ██████████████████

████████████████████████████████. Ex. I.

Samsung may argue that its conflicting responses on Dec. 22 and Feb. 2 are the product of

confusion, in that █████████████████████████████████████████████████

████████████████████████████████████████████. But confusion about

---

[3] In fact, Samsung's objection about ███████████ being a third-party app was repeated multiple
times in Samsung's December 22 supplement, ████████████████████████████████
███████████████████. *E.g.*, Ex. C at 59, 62-63, 81-82 (Interrogatory Nos. 4, 5, and 8).

██████████████████████████████████████████████████████ ) supports good cause

as well. *See, e.g.*, *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-00322-JRG-RSP, Dkt. No. 240,

at 4 (granting leave to amend infringement contentions, explaining: "The parties' apparent

confusion in distinguishing the two products, Firepower Management and Firepower firewall,

throughout discovery and Lionra's correction of that confusion upon its discovery shows sufficient

diligence. While the Court expects plaintiffs to thoroughly investigate accused products and clearly

identify the products they allege infringe, here the apparent confusion of both parties explains the

failure."). Here, Headwater was diligent ██████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ .

## B.   Headwater's Amendment Is Important

Headwater's amendment is important. Without the amendment, Headwater could rebut

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ t. That would be an

absurd and unfair result, considering Samsung's delayed and inconsistent discovery.

Also, ████████████████████████████████████████████████ .

Headwater's existing contentions explain that what makes the accused features infringing is that

they restrict background applications from accessing the network—which Headwater's diligent

investigation has shown is something ██████████ does as well. *See CyWee Grp. Ltd. v. Samsung*

*Elecs. Co.*, No. 2:17-CV-00140-RWS-RSP, 2018 WL 574871, at *3 (E.D. Tex. Jan. 26, 2018)

("judicial efficiency weighs in favor of leave so all accused products alleged to infringe under the

same infringement theory can be considered in the same proceeding."). Headwater's presentation

of how Samsung infringes ████████████████████████████████████ .

**C.      Samsung Is Not Prejudiced, Nor Would Headwater Be at Fault If It Were**

Importantly, Headwater's amendment does not prejudice Samsung because ███████

███████████████████████████. Ex. C at 112. This means ███████

████████████████████████████████████. To

the extent Samsung suggests the amendment would introduce new damages questions, Mr. Son's

redirect ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████████████

Moreover, there is no additional discovery that Samsung needs. Samsung has had full and

accurate information on ██████ in its possession since before this case began. ███████

████████████████████████████████████

████████████████. *See supra* Sections II, III.A.

To the extent Samsung argues that Headwater delayed in bringing this motion, the timing

is Samsung's fault, not Headwater's, for the reasons described above. *See supra* Sections II, III.A.

**D.      No Continuance Is Necessary**

No continuance is needed. Because the parties' experts will already ████████

████████████████████████, there would be no reason for any continuance.

And because Samsung would suffer no prejudice from the amended contentions, there is nothing

to cure with a continuance. Where no continuance is sought, this factor weighs in favor of leave to

amend. *E.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL

2761288, at *3 (E.D. Tex. Jan. 19, 2022).

**V.      CONCLUSION**

Thus, Headwater respectfully requests leave to amend its contentions ███████████.

15

Dated:  March 12, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Marc Fenster*
Marc Fenster

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on March 11, 2024. For Headwater, Marc Fenster, Kristopher Davis, James Tsuei, and Jason Wietholter of Russ August & Kabat LLP, and Chris Bunt of Parker, Bunt & Ainsworth P.C., attended the conference. For Samsung, Ruffin Cordell and Ben Thompson from Fish & Richardson P.C. and Melissa Smith from Gillam & Smith LLP attended the conference. Plaintiff explained the basis for its proposed amendment, and Defendants explained why they believe the amendment lacks good cause. The parties could not reach an agreement, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Defendants oppose this motion.

/s/ *Marc Fenster*
Marc Fenster

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Marc Fenster*
Marc Fenster