# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:22-cv-00422-JRG-RSP |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

## PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSED MOTION TO COMPEL

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 1

    A. Headwater's Early Requests for ███████████████████████████ ...... 1

    B. Samsung Refuses to Produce Responsive Documents, ██████████, ████
    █████████████████ .............................................................................. 3

III. LEGAL STANDARD ..................................................................................................... 5

IV. ARGUMENT.................................................................................................................... 5

V. CONCLUSION................................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Cases**

*Earl v. Boeing Co.*,
 No. 4:19-CV-507-ALM, 2021 WL 3140545 (E.D. Tex. July 26, 2021) ................................... 5

*Guido v. L'Oreal, USA, Inc.*,
 No. 2:11- CV-01067-CAS, 2014 WL 6603730 (C.D. Cal. July 24, 2014) ............................... 5

*Providence Title Co. v. Truly Title, Inc.*,
 No. 4:21-CV-147-SDJ, 2022 WL 19976454 (E.D. Tex. May 13, 2022) .................................. 5

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................... 5

I.  INTRODUCTION

Plaintiff Headwater Research LLC ("Headwater") respectfully moves the Court to compel Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to produce highly relevant ███████████████████, one of the primary benefits of the accused features in this case.

Documents produced by Samsung refer to ███████████ Samsung has conducted or commissioned that directly measure █████████████████████████████████ ████  Yet Samsung has failed to produce the referenced ██████████, the ████████ and other materials regarding benefits of █████████, such as documents regarding ████████████████████████████████████, ██████████████████████ ██████ and documents summarizing and investigating these results. Headwater pursued this discovery through written requests and through meeting and conferring with counsel for Samsung before bringing the instant motion to compel, but Samsung has still failed to produce the requested material. Headwater therefore respectfully requests an order compelling Samsung to produce this information together with any further relief the Court deems proper.

II.  BACKGROUND

A.  Headwater's Early Requests for ████████████████████████ ██████

As has been clear from the start of this case, battery savings and the resulting extension of battery life is one of the key benefits Samsung derives from its infringement of the patents in suit. *See, e.g.*, First Amended Complaint, Dkt. 9, ¶ 15 ("The Headwater technologies disclosed in the Asserted Patents laid the groundwork for many of the infringing features and functionalities that help device manufacturers, wireless carriers, and customers reduce data usage and network congestion, **extend battery life by decreasing power consumption**…").

1

Samsung ███████████████████████████████████████, and these benefits are directly implicated by the accused features, which prolong battery life in the accused products. Early on, Headwater specifically requested that Samsung produce its "████████████ ████████████████████████████████████████" The Discovery Order in this case requires that the Parties "[w]ithout awaiting a discovery request… produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 56, ¶ 3. Nevertheless, to facilitate Samsung's collection of responsive materials, Headwater sent a letter on April 12, 2023 specifically requesting documents and things regarding 1) "studies, reports, market surveys, consumer surveys, focus groups, market analyses, and forecasts of consumer demand" (**Request No. 41**); 2) "benefits and/or advantages of the accused products," including the "benefits and/or advantages of any of the following functionalities in the Accused Products: Data Saver, App Standby, Doze, Adaptive Battery, Power Saving, Adaptive Power Saving, Background Usage Limits, and Mobile Data Only Apps" (**Request No. 43**); and 3) documents on development of accused features, including the "reasons why any such functionalities were or are included in the Accused Products" (**Request No. 19**).

On July 12, 2023, Headwater sent another letter requesting that Samsung produce documents responsive to Request Nos. 41 and 43, as well as documents responsive to Request No. 19. The parties thereafter met and conferred regarding Headwater's requests. On October 24, 2023, Headwater sent a letter reiterating its requests for such materials, explaining that despite the parties' meet and confer, Samsung "has not produced material responsive to these requests," referring again to e.g. Request No. 19 and stating "[p]lease promptly produce documents and

2



Samsung also produced a number of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Unfortunately, these documents are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and are essentially useless as-is. There is no way to know which ▮▮▮▮▮▮ ▮▮▮▮▮▮ and no way to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Exhibit B, SAM-HW00251666, is typical of these documents. It appears to report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. And none of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" addressed in Exhibit A.

On January 17, 2024 Headwater requested that Samsung produce "all documents similar to SAM-HW00251549 and any underlying material (such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)." On January 25, 2024, Headwater further identified the additional references to ▮▮▮▮▮▮ discussed above, and pointed out ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The parties met and conferred on February 1, 2024, after which Headwater stated in its written summary of the meet and confer: "With respect to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (such as those identified in Headwater's January 17, 2024 email), Headwater reiterated its request to Samsung to produce materials relevant to the issues in this case. **Samsung committed to searching for further documents and producing those documents by Friday, February 9, 2024.**" Samsung confirmed that it would "provide an update of the results of such further searching by Friday, February 9." However, on February 9

4

Samsung produced none of the requested documents and provided no update on the status of its search for these documents.

### III.   LEGAL STANDARD

A party is entitled to the production of all non-privileged documents in the opposing party's possession, custody, or control that are "relevant to the pleaded claims or defenses involved in this action." Dkt. 56, ¶3(b); Fed. R. Civ. P. 26 (parties may obtain non-privileged discovery that is relevant to any claim or defense and proportional to the needs of the case). The "bar for relevance at the discovery stage" is "extremely low"—"lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022).

### IV.   ARGUMENT

Samsung has never disputed the relevance of the requested documents detailed in Section II (Background) above. Nor could it. As recognized by this Court, " ▮▮▮▮▮▮▮▮ 'has been used for decades as a way of estimating the market's willing[n]ess to pay for various product features.'" *Earl v. Boeing Co.*, No. 4:19-CV-507-ALM, 2021 WL 3140545, at *4 (E.D. Tex. July 26, 2021) (quoting *Guido v. L'Oreal, USA, Inc.*, No. 2:11- CV-01067-CAS, 2014 WL 6603730, at *5 (C.D. Cal. July 24, 2014)). And, as detailed above in Section II, ▮▮▮▮▮▮▮▮▮▮▮▮, Samsung has not produced the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮. *See* Section II, *supra*.

Headwater satisfied the requirements of the Local Rules and the Discovery Order (Docket Number 56) in bringing this motion. Pursuant to Discovery Order § 9.a, Headwater provided Samsung with a written statement, in letter form, identifying the requested items through its letters dated January 17, 2024 and January 25, 2024. The parties promptly met and conferred on February

1, 2024. Headwater explained why the requested material is relevant to show the benefits from the infringing features and provided proof that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Samsung did not refute any of these points and committed to serve its responsive written statement under the Discovery Order on or before February 9, 2024. Headwater stated in its written summary of the meet and confer: "With respect to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ (such as those identified in Headwater's January 17, 2024 email), Headwater reiterated its request to Samsung to produce materials relevant to the issues in this case. **Samsung committed to searching for further documents and producing those documents by Friday, February 9, 2024**." Samsung then confirmed in writing that it would "provide an update of the results of such further searching by Friday, February 9."

However, Samsung failed to provide the required written statement by February 9, 2024, violating Discovery Order, § 9.a. Samsung's refusal to provide a responsive written statement entitles Headwater to move to compel. Dkt. No. 56 ("The Requesting Party may thereafter file a motion to compel."). Moreover, as of February 12, 2024, Samsung has provided no written statement, produced none of the requested documents, and provided no update on the status of its search for documents. Samsung's conduct has necessitated this motion to compel.

In sum, Samsung should be compelled to locate and produce all such ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓, including ▓▓▓▓▓▓▓▓. Samsung has no basis to withhold such materials, and it had no basis to renege on its agreement to produce the materials or otherwise respond on February 9, 2024. Samsung's refusal to provide a responsive written statement in accordance with its earlier commitment entitles Headwater to relief pursuant to the Discovery Order, § 9.a. This includes an order that Samsung produce documentation and ▓▓▓▓▓▓▓▓▓▓: (1) Samsung's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and (2) all documentation and ▓▓▓▓▓

6

██████ ████████████████████████████████████████████████████████████

████████████████████████████. Samsung should also be compelled to produce information sufficient to connect ████████████████████ typified by the document attached as Exhibit B to the corresponding ████████████████████████████ to which they relate.

To the extent Samsung ultimately takes a position is that it has nothing further to produce, it is not credible for Samsung to claim that no documentation or data exists for the █████ ███████████ referenced in Headwater's discovery correspondence. *See* Section II.B, *supra*. ████████████████████████████ ████████████. *Id.* ████████ ███████████ ████████████. Documents related to ████████████████████. Coherent reporting of ████████████████████████████. Analysis and detailed summaries of the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. *See* Section II.B, *supra*. And if Samsung takes the position that it is unable to *locate* such materials explicitly referenced in documents Samsung has produced, Samsung should be compelled to explain its search methodology and how it is able to verify no responsive documentation or data exists.

## V.     CONCLUSION

For the foregoing reasons, Headwater respectfully requests an order compelling Samsung to produce the ████████████████████████ involving the accused products or features, including but not limited to ████████████████████████████████████████.

Dated:  February 12, 2024                                  Respectfully submitted,

                                                           */s/ Marc Fenster*
                                                           Marc Fenster
                                                           CA State Bar No. 181067

Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.

Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Marc Fenster*
Marc Fenster

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on February 1, 2024. For Headwater, Marc Fenster, Adam Hoffman, James Tsuei, and Jason Wietholter of Russ August & Kabat LLP, and Chris Bunt of Parker, Bunt & Ainsworth P.C., attended the conference. For Samsung, Ruffin Cordell, Thad Kodish, Steffen Lake, Jared Hartzman, and Ben Thompson from Fish & Richardson P.C. and Melissa Smith from Gillam & Smith LLP attended the conference. Headwater identified the requested conjoint survey items from its letters dated January 17, 2024 and January 25, 2024, and Samsung committed to provide a responsive written statement by Friday February 9, 2024. Headwater stated in its written summary of the meet and confer: "With respect to conjoint surveys, focus groups, and underlying documentation (such as those identified in Headwater's January 17, 2024 email), Headwater reiterated its request to Samsung to produce materials relevant to the issues in this case. **Samsung committed to searching for further documents and producing those documents by Friday, February 9, 2024**." Samsung then confirmed in writing that it would "provide an update of the results of such further searching by Friday, February 9." However, on February 9 Samsung did not provide in responsive written statement, produced none of the requested documents, and has

9

ceased providing any update on the status of its search for these documents, in violation of the deadline under the Discovery Order, § 9.a. Samsung's refusal to provide a responsive written statement entitles Headwater to move to compel pursuant to the Discovery Order, § 9.a.

/s/ *Marc Fenster*
Marc Fenster

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Marc Fenster*
Marc Fenster