# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00422-JRG-RSP |

### PLAINTIFF HEADWATER RESEARCH LLC'S
### OPPOSED MOTION TO COMPEL

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND .................................................................................................................. 1

    A.   Headwater's Early Requests for ███████████████████ ................................. 1

    B.   Samsung Claims on February 9, 2024 That No Responsive Documents Exist. ........... 2

    C.   Samsung Now Refuses to Produce the Responsive Documents, ███████████ , Despite New Evidence That Such Materials Exist. ..................................................... 3

III. LEGAL STANDARD .......................................................................................................... 4

IV.  ARGUMENT ........................................................................................................................ 5

V.   CONCLUSION ..................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Providence Title Co. v. Truly Title, Inc.*,
  No. 4:21-CV-147-SDJ, 2022 WL 19976454 (E.D. Tex. May 13, 2022) .................................... 5

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................. 5

I.   **INTRODUCTION**

Plaintiff Headwater Research LLC ("Headwater") respectfully moves the Court to compel Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to produce documentation of testing of the accused features and their impact on battery life, including with respect to the ███████████████████████████████ ███████████████████████████████ (attached hereto as **Exhibit 1**).

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████. Headwater pursued this discovery through written requests and through meeting and conferring with counsel for Samsung before bringing the instant motion to compel. On February 9, 2024, Samsung falsely represented that it was not withholding any responsive documents and could not locate requested tests. But then, on February 14, 2024, Samsung changed its story, stating that it had "conducted additional targeted searching and was able to locate additional documents." The additional documents Samsung located and produced confirm that ██████████████████████████████████████. Samsung's refusal to produce such documents or, incredibly, deny their existence has severely prejudiced Headwater, prompting this motion. Headwater therefore respectfully requests an order compelling Samsung to produce this information, with further relief the Court deems proper.

II.  **BACKGROUND**

   A.   **Headwater's Early Requests for ███████████████████████.**

Early on, Headwater specifically requested that Samsung produce documents on the benefits from the infringing features, such as evidence of "█████ The Discovery Order in this case requires that the Parties "[w]ithout awaiting a discovery request … produce or permit the inspection of all documents, electronically stored information, and tangible things in the

possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 56, ¶ 3. Nevertheless, to facilitate Samsung's collection of responsive materials, Headwater sent a letter on April 12, 2023 specifically requesting documents and things regarding 1) "benefits and/or advantages of the accused products," including the "benefits and/or advantages of any of the following functionalities in the Accused Products: Data Saver, App Standby, Doze, Adaptive Battery, Power Saving, Adaptive Power Saving, Background Usage Limits, and Mobile Data Only Apps" (**Request No. 43**); 2) "testing" of the Accused Products including "materials or test results" (**Request No. 24**); and 3) documents on development of accused features, including the "reasons why any such functionalities were or are included in the Accused Products" (**Request No. 19**).

On July 12, 2023, Headwater sent another letter requesting that Samsung produce responsive documents—and that Samsung produce documents related to the Samsung employees identified in its initial disclosures, including Hongjung Son. The parties thereafter met and conferred regarding Headwater's requests. On October 24, 2023, Headwater sent a letter reiterating its requests for such materials, explaining that despite the parties' meet and confer, Samsung "has not produced material responsive to these requests. *See, e.g.*, Document Request Nos. 18-19, 21, 24, and 58. Please promptly produce documents and things in connection with these requests and please confirm that Samsung is not withholding any of this material."

**B.   Samsung Claims on February 9, 2024 That No Responsive Documents Exist.**

Headwater's letter dated January 17, 2024 reiterated its request for testing materials, including by identifying ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" On January 25, 2024, Headwater sent another letter demanding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" documentation. Regarding the

2

███, Samsung responded on January 26, 2024 that it is not "withholding any relevant, non-privileged documents" but failed to address Headwater's demand that Samsung produce ███ ███. Samsung subsequently contended that it has performed a search and could not locate ███ ███. The parties met and conferred on February 1, 2024, during which Samsung committed to continuing to search for and produce documents related to ███, which Headwater understood would be produced by February 9, 2024. However, Samsung produced none of the requested documents on February 9 and instead claimed that "[a]fter conducting a reasonable search for documents related to ███ Samsung could not locate any additional relevant, non-privileged, non-email documents."

    **C.**    **Samsung Now Refuses to Produce the Responsive Documents, ███ ███.**

After Samsung represented on February 9, 2024 that it "could not locate any additional relevant, non-privileged, non-email documents," Samsung subsequently (on February 14, 2024) produced documents such as ███, which confirms that Samsung has ███ ███. In an email the same day, Samsung purportedly "reconfirm[ed]" that after that production it was not withholding any additional documents. In other words, Samsung falsely represented on February 9 that no such documents exist and, only a few days later, effectively admitted that its February 9 representation was false. And as explained in Headwater's February 16, 2024 correspondence to Samsung, addressing Samsung's February 14, 2024 production of ███ ███, it is clear that documents therein, such as ███, identify ███ ███ ███.

3

███████████████████. But Samsung has yet to actually produce ████ ████████████████████. The following are non-exhaustive examples of ████ ████████████████████, that Samsung has not produced:



Notably, the ████████ document also makes clear that ████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

Samsung has failed to produce responsive ████████ despite Headwater's discovery requests and despite ████████████. And despite Headwater's February 16, 2024 correspondence and subsequent correspondence asking Samsung for an explanation, Samsung has provided no explanation and produced none of the requested materials.

### III.  LEGAL STANDARD

A party is entitled to the production of all non-privileged documents in the opposing party's possession, custody, or control that are "relevant to the pleaded claims or defenses involved in this

4

action." Dkt. 56, ¶3(b); Fed. R. Civ. P. 26 (parties may obtain non-privileged discovery that is relevant to any claim or defense and proportional to the needs of the case). The "bar for relevance at the discovery stage" is "extremely low"—"lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022).

### IV.   ARGUMENT

Samsung has never disputed relevance of the requested documents detailed in Section II (Background) above. Nor could it. ▓▓▓ involving accused features, including ▓▓▓ involving background application power consumption and tests explicitly referencing accused features (e.g., "Doze" or "background application" tests), are clearly relevant to this action.

On February 9, 2024, Samsung represented that it had conducted a reasonable search for "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," but that "Samsung could not locate any additional relevant, non-privileged, non-email documents." That was untrue. On February 14, 2024, Samsung changed its story, stating that it "conducted additional targeted searching and was able to locate additional documents." Those additional documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓. The new material ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Samsung's continued denial of the existence of such documents is not credible. *See* Section II, *supra*.

Samsung should be compelled to locate and produce all documentation of Samsung ▓▓ involving the accused features, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This should



include ███████████████████████████████████████████████████

███████████████████████████████████████████████████████. And

this should include ████████████████████████████, including ████

████████████████████████████████████. Documents such as ████

████████ confirm that ████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████. This document indicates that ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████. The document confirms that ████

███████████████████████████████████████████████████████

████████████████████████████. Samsung has no basis to withhold such materials.

To the extent Samsung suggests that Headwater has only recently requested ████

████████████ that is wrong. Samsung was obligated to produce documents relating to the ████

████████████████████████ even without any specific requests from Headwater. But

Headwater also provided specific requests for such materials both early on in discovery and as

recently as its letters in January 2024. *See* Section II, *supra*. Headwater's identification of ████

███████████████████████████████████████████████████████

████—they were identified to Samsung as evidence that Samsung's production was incomplete

because they referenced numerous ████ for which no documentation has been produced. Samsung

was obligated to produce such documents long ago, and its failure to do so cannot be excused by

Headwater later proving with specific examples that Samsung's production has been incomplete.

6

To the extent Samsung ultimately takes a position that it has nothing further to produce, it is not credible for Samsung to claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Section II.B, *supra*. Samsung-produced documents (e.g., ▮▮▮▮▮▮▮▮▮▮▮▮) show conclusively that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Documents related to the ▮▮▮▮▮▮▮▮▮▮ must exist. Documents setting forth ▮▮▮▮▮▮▮▮▮▮ must exist. Documents ▮▮▮▮▮▮▮▮▮▮ must exist. And if Samsung takes the position that it is unable to *locate* such materials ▮▮▮▮▮▮▮▮▮▮, Samsung should be compelled to explain its search methodology and how it is able to verify that, ▮▮▮▮▮▮▮▮▮▮, there is somehow no responsive documentation or data in Samsung's possession, custody, or control.

## V. CONCLUSION

For the foregoing reasons, Headwater respectfully requests an order compelling Samsung to produce documents related to the accused features and their battery life benefits, including with respect to the ▮▮▮▮▮▮▮▮▮▮, and including but not limited to ▮▮▮▮▮▮▮▮▮▮.

Dated: February 23, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Marc Fenster
　　　　　　　　　　　　　　　　　　　　　Marc Fenster
　　　　　　　　　　　　　　　　　　　　　CA State Bar No. 181067
　　　　　　　　　　　　　　　　　　　　　Reza Mirzaie
　　　　　　　　　　　　　　　　　　　　　CA State Bar No. 246953

7

Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Marc Fenster*
Marc Fenster

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on February 1, 2024. For Headwater, Marc Fenster, Adam Hoffman, James Tsuei, and Jason Wietholter of Russ August & Kabat LLP, and Chris Bunt of Parker, Bunt & Ainsworth P.C., attended the conference. For Samsung, Ruffin Cordell, Thad Kodish, Steffen Lake, Jared Hartzman, and Ben Thompson from Fish & Richardson P.C. and Melissa Smith from Gillam & Smith LLP attended the conference. In addition to its long-standing discovery requests served in April 2023, Headwater identified specific examples in letters dated January 17, 2024 and January 25, 2024 demonstrating that Samsung's production was deficient. Headwater stated in its written summary of the meet and confer: "Samsung committed to continuing to search for and produce documents related to battery testing." Samsung then confirmed in writing that it would "provide an update of the results of such further searching by Friday, February 9." But rather than produce the requested materials on February 9, Samsung instead responded by stating that it had conducted a reasonable search for "documents related to battery tests," but that "Samsung could not locate any additional relevant, non-privileged, non-email documents." On February 14, 2024, this assertion ███████████████████████████████████████████████████

███████████████████████████ responsive to Headwater's long-standing requests and highly relevant to this case. Since that production, Samsung has failed to respond to multiple emails from Headwater regarding the requested testing documents. Samsung's refusal to respond entitles Headwater to move to compel pursuant to the Discovery Order.

/s/ *Marc Fenster*
Marc Fenster

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Marc Fenster*
Marc Fenster