**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>     *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     *Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OPPOSITION TO MOTION TO AMEND THE
PROTECTIVE ORDER OR, ALTERNATIVELY,
<u>FOR DISCOVERY UNDER 28 U.S.C. § 1782 (DKT. 151)</u>**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ......................................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................................... 1

III.  ARGUMENT ................................................................................................................ 2

      A.    Headwater Has Failed to Demonstrate Good Cause to Modify the
           Protective Order ................................................................................................ 2

      B.    Headwater Has Not Properly Invoked 28 U.S.C. § 1782 ..................................... 5

IV.   CONCLUSION ............................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                        **Page(s)**

*Allergan, Inc. v. Teva Pharms. USA*,
    No. 2:15-CV-1455-WCB, 2017 WL 772486 (E.D. Tex. Feb. 28, 2017) ..................................4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)..................................................................................................................5, 6

*Netlist, Inc. v. Samsung Electronics Co., Ltd. et al.*,
    No. 2:22-cv-00293-JRG, Dkt. 679 (February 28, 2024)..........................................................3

*Raytheon Co. v. Indigo Sys. Corp.*,
    No. 4:07-CV-109, 2008 WL 4371679 (E.D. Tex. Sept. 18, 2008)............................................4

*Stack v. Gamill*,
    796 F.2d 65 (5th Cir. 1986) ......................................................................................................3

*Team Worldwide Corp. v. Walmart Inc.*,
    No. 2:17-CV-00235-JRG, 2019 WL 13078780 (E.D. Tex. Jan. 24, 2019) ...........................3, 5

*Via Vadis Controlling GmbH v. Skype, Inc.*,
    No. Civ.A. 12-MC-193-RGA, 2013 WL 646236 (D. Del. Feb. 21, 2013)...........................3, 6

**Statutes**

28 U.S.C. § 1782.................................................................................................................1, 5, 7

## I.      INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully oppose the motion to compel filed by Plaintiff Headwater Research LLC ("Headwater") seeking to modify the protective order at the eleventh hour to permit use of "attorneys' eyes only" discovery in German litigation, where at best it would be afforded "confidential" treatment.  It is true the U.S. allows broader discovery than Germany, but this comes with greater protection of confidential information.  Headwater should not be permitted to enjoy the benefits of U.S. discovery without the corresponding obligations.  In addition, Headwater was fully aware of its pending German action when it negotiated the protective order in this case, and it should not be permitted to renege on its agreement to limit use of discovery to this case.  The Court should therefore deny Headwater's motion to amend the protective order.

In addition, despite how Headwater captions its motion, it has not actually filed an action under 28 U.S.C. § 1782 and argues § 1782 only by analogy.  The Court should therefore deny any attempt by Headwater to obtain belated discovery under that statute.  The Court should thus deny Headwater's motion in full.

## II.     FACTUAL BACKGROUND

The Protective Order in this case, as negotiated and agreed to by the parties, states that "Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose."  Dkt. 55 ¶ 7.  Further, the protective order states that a party can file a motion with the Court to "modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities *if reasonably necessary to prepare and present this Action*," not for purposes of Headwater pursuing claim in a foreign country.  *Id.* ¶ 32 (emphasis added).  Protective Order ¶ 33 also expressly precludes

transportation or viewing of DESIGNATED MATERIALS outside the United States (with limited exceptions, *e.g.* for depositions in this case).

The parties submitted their agreed Protective Order to the Court on April 4, 2023.  Dkt. 50. At that time, Headwater's parallel action against Samsung Electronics GmbH ("SEG") in Germany was already underway, as Headwater admits.  *See* Dkt. 151-7 at ¶ 4 (German action commenced March 3, 2023).

The deposition testimony and exhibits that Headwater seeks to export to Germany are all designated "Attorneys' Eyes Only" or "Outside Counsel's Eyes Only."  *See* Dkts. 151-2, -3, -4, and -5.

Fact discovery in this case has closed.

## III.   ARGUMENT

### A.   Headwater Has Failed to Demonstrate Good Cause to Modify the Protective Order

Protective orders play a critical role in federal litigation.  Indeed, they are a central component of what makes the broad discovery authorized by U.S. law possible.  Other countries, such as Germany, allow much less discovery—but they also have fewer safeguards on confidentiality.

Headwater seeks to have its cake and eat it too, by obtaining broad U.S. discovery and then attempting to use it in German litigation where it will be less protected.  Headwater *says* it will "treat that transcript (as well as the exhibits thereto) as highly confidential and subject to an 'attorneys' eyes only'-type protection should it be filed in the German Action" (Brf. at 14-15), but the declaration from its German law expert, Thomas Adam, says nothing about "attorneys' eyes only" protection being available in Germany.  *See* Dkt. 151-7.  At best, Mr. Adam suggests that German courts might restrict the ability of the public to obtain judicial records.  *Id.* ¶ 24.  In fact,

the relevant section of German law provides "[a]ccess must be granted to at least *one natural person from each party* and their legal representatives or other representatives." GeschGehG (Act on the Protection of Business Secrets) § 19(1) (emphasis added); Köhler Decl. ¶ 2. Pursuant to this, the German court has explicitly held that Headwater inventor and founder *Dr. Raleigh* has access to confidential information in the German case. Köhler Decl. ¶ 2. That raises a tremendous concern because the Protective Order in this case includes an express prosecution bar, Dkt. 55 ¶ 11, which would be obliterated by Headwater's requested modification.

This alone should be enough to cause the Court to find no good cause to modify the protective order in this case. *See* Brf. at 6 (admitting good cause is the "most significant" factor, citing *Team Worldwide Corp. v. Walmart Inc.*, No. 2:17-CV-00235-JRG, 2019 WL 13078780, at *1 (E.D. Tex. Jan. 24, 2019)). Other courts have so held. *See Via Vadis Controlling GmbH v. Skype, Inc.*, No. Civ.A. 12-MC-193-RGA, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) (denying request for highly confidential technical information for use in German litigation).[1]

It should also be understood that Samsung's designation of its technical information as "attorneys' eyes only" not only protects Samsung's trade secrets from competitors, but it protects the public from hacking and fraud. Phones have become a key that unlock most people's personal information and financial data. It is therefore critical that Samsung keep the details of its operating systems secret to make it harder for hackers to intrude.

---

[1] *Team Worldwide* itself is not on point, because it does not involve use of U.S. discovery in foreign proceedings, but rather at the U.S. Patent Trial and Appeal Board (PTAB) and at a U.S. arbitration. 2019 WL 13078780 at *1. *Netlist, Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-cv-00293-JRG, Dkt. 679 (February 28, 2024), also cited by Headwater, likewise did not involve foreign proceedings—instead, the moving party sought to use discovery in the Central District of California. *Stack v. Gamill*, 796 F.2d 65 (5th Cir. 1986) is the same (and it also dismissed an appeal following a district court's refusal to modify a protective order).

3

In addition to confidentiality, Headwater also cannot show good cause because it negotiated and agreed to the Protective Order in this case after it had already filed its case in Germany.  That is, Headwater filed its German case on March 3, 2023, and the parties submitted the agreed Protective Order in this case on April 4, 2023.  Moreover, in that Protective Order, the parties specifically agreed discovery in this case could not be used abroad, with limited exceptions not applicable here.  Dkt. 55 ¶ 33.  And they agreed discovery in this case could not be used in other actions.  *Id.* ¶ 7.  Finally, they agreed to an "attorneys' eyes only" designation.  *Id.* ¶ 1.

Under such circumstances, courts have found no good cause to modify a protective order, including in the cases that Headwater itself cites.  *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) ("the parties stipulated to the protective order, and that factor weighs against modification"; denying modification of protective order); *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 772486, at * (E.D. Tex. Feb. 28, 2017) ("Good cause 'requires changed circumstances or new situations warranting modification of a protective order' . . . FCL presents no evidence of changed circumstances or new situations, as it knew of LPI's supervisory obligations at the time of consolidation"; denying modification of protective order).

Headwater attempts to manufacture good cause by asserting that it recently deposed Samsung's witness Mr. Kim in this case, that Samsung recently identified Mr. Kim as a potential witness in the German case, and that Mr. Kim has somehow contradicted Samsung's defenses in both this case and Germany.  Even if true,[2] none of this is sufficient to demonstrate good cause.

---

[2] In fact, Samsung identified Mr. Kim as a witness in its very first Initial Disclosures dated April 4, 2023, and the Discovery Order gave Headwater the ability to depose him first in his Rule 30(b)(1) capacity and later under Rule 30(b)(6).  Samsung deposed Headwater's inventor Dr. Raleigh early in this manner.  By contrast, Headwater waited until the very end to depose Mr. Kim.

Headwater knew from the beginning that its two cases involved highly related subject matter and witnesses, and it could reasonably foresee that it might want to use testimony from one case in the other.  However, as part of the parties' negotiations, Headwater gave up that right, expressly agreeing that discovery in this case could not be used in other cases and could not be used abroad. Now it seeks to renege.  The Court should decline to find good cause.

Headwater is also wrong that there is any contradiction in Mr. Kim's testimony. Headwater's conclusory assertion of a contradiction ignores the surrounding context of the deposition testimony as well as the German filing.

Finally, the same circumstances also support denying Headwater's request to modify the protective order based on the other relevant factors besides good cause: "the nature of the protective order" (here, agreed); "the foreseeability, at the time of issuance of the order, of the modification requested" (here, foreseeable); and "the parties' reliance on the order" (here, relied upon).  *See Team Worldwide*, 2019 WL 13078780, at *1.

The Court should therefore deny Headwater's request to modify the protective order.

**B.      Headwater Has Not Properly Invoked 28 U.S.C. § 1782**

Headwater admits "[t]he 'procedural mechanism of Section 1782' is, practically speaking, "not necessary" because the discovery at issue here has already been produced by Samsung."  Brf. at 6.  Headwater has also not filed an action or issued a subpoena under § 1782, and fact discovery in this case is closed.  Nonetheless, Headwater styles its motion as "for discovery under 28 U.S.C. § 1782" and argues that § 1782 sheds light on whether the protective order should be modified.

The Court should reject these arguments.  Fact discovery is closed, and Headwater has not shown good cause to reopen it under § 1782 or otherwise.  In addition, the *Intel* factors that govern § 1782 confirm that the Court should not modify the protective order.  *See* Brf. at 7 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)).

5

The most important *Intel* factor in this case is Factor 4 because modifying the protective order as Headwater requests would be "unduly intrusive or burdensome" for the reasons explained in the previous section.  Doing so would eliminate Samsung's carefully negotiated "attorneys' eyes only" designation for highly sensitive information about the operating systems of its phones and expose the public to greater risk of hacking.  It would also allow Headwater to renege on provisions that it agreed to and reap the benefits of U.S. discovery while avoiding the corresponding obligations.

That alone is enough for the Court to deny Headwater's request, but the other *Intel* factors also raise significant doubts.  Regarding Factor 1, Headwater asserts SEC is not a party in Germany, but admits SEG is a wholly owned subsidiary of SEC with the ability to request the same documents and offer the same witness in Germany.  Regarding Factor 2, Headwater asserts the German court will be receptive to the requested evidence, but in fact the German court is ***unlikely to hear testimony at the upcoming hearing***.  SEG merely identified Mr. Kim as a potential fact witness in the case, *not a witness for the April hearing*.  Köhler Decl. ¶ 3.  And regarding Factor 3, other courts have found that an approach like Headwater's *is* a circumvention of German law.  *See Via Vadis*, 2013 WL 646236, at *2 ("Despite their jurisdiction over SkypeS, the foreign courts have not forced SkypeS to produce the requested materials. Discovery under § 1782 would be, in essence, a circumvention of the foreign courts' rules and enforcement procedures.").  Headwater's expert even admits "[a] German court can order a party to provide documents in its possession under section 142 of the German Civil Code of Procedure."  Dkt. 151-7 ¶ 15.  However, the conditions for this very narrowly applied provision are not met here. Köhler Decl. ¶ 4.  In essence, Headwater is using attempting to use this Court to obtain materials it otherwise would not be able to get in Germany.

In short, Headwater has manifestly failed to offer sufficient cause for upsetting the parties' agreed Protective Order, which specifically precludes use of discovery in other actions or outside the U.S.

## IV.   CONCLUSION

Samsung respectfully requests that the Court deny Headwater's motion to modify the protective order or obtain discovery under § 1782.

Dated: April 2, 2024                              Respectfully submitted,

                              By:   */s/Benjamin K. Thompson*                   
                                    Ruffin B. Cordell
                                    TX Bar No. 04820550
                                    Michael J. McKeon
                                    DC Bar No. 459780
                                    mckeon@fr.com
                                    Jared Hartzman (*pro hac vice*)
                                    DC Bar No. 1034255
                                    hartzman@fr.com
                                    Joshua Carrigan (*pro hac vice*)
                                    VA Bar No. 96911
                                    carrigan@fr.com
                                    **FISH & RICHARDSON P.C.**
                                    1000 Maine Avenue, SW, Ste 1000
                                    Washington, D.C. 20024
                                    Telephone: (202) 783-5070

                                    Thad C. Kodish
                                    GA Bar No. 427603
                                    tkodish@fr.com
                                    Benjamin K. Thompson
                                    GA Bar No. 633211
                                    bthompson@fr.com
                                    Nicholas A. Gallo (*pro hac vice*)
                                    GA Bar No. 546590
                                    gallo@fr.com
                                    Steffen Lake (*pro hac vice*)
                                    GA Bar No. 512272
                                    lake@fr.com
                                    **FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131

8

Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed

electronically with the Clerk  of the Court of the Eastern District of Texas using the ECF System

under seal on April 2, 2024 and served plaintiff with a copy via electronic mail.

*/s/Benjamin K. Thompson*