IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. and SAMSUNG ELECTRONICS | § | |
| CO., LTD., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Headwater Research LLC's Motion to Amend the Protective Order or, Alternatively, for Discovery Under 28 U.S.C. §1782. (**Dkt. No. 151**.) In effect, Headwater requests that the Court permit the use of confidential discovery material, granted certain protections under this Court's Protective Order, in a German action set for a significant hearing later this month. (*Id*. at 2-5.) The Court finds Headwater has not shown good cause that the protective order should be modified, or that the Court should grant such a request under §1782, and thus the Court **DENIES** the motion as provided below.

**I.    BACKGROUND**

In addition to the instant case, Headwater has brought suit against various Samsung entities in Germany. (Mot. at 2-4.) In both this litigation and the German action, Headwater asserts related patents covering similar technology. (*Id*.)

As part of discovery in this case, Headwater deposed a Samsung witness designated by Samsung as knowledgeable about a "data saver" functionality and as Samsung's 30(b)(6) witness on the topic. (*Id*. at 2.) As part of the German action, Samsung, through written briefs in advance of an oral hearing,

1

identified the same witness in support of certain statements regarding the "data saver" functionality. (*Id*. at 4.)

Headwater contends that certain testimony it elicited during the deposition of the Samsung witness contradicts the statement Samsung offered from the witness in the German Action. (*Id*. at 5-6.)

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 26 allows a court to enter a protective order to protect a party's confidential information. Fed. R. Civ. P. 26(c)(1). "The court enjoys broad discretion in entering and modifying any such order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (internal citations omitted). In deciding whether to modify a protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Raytheon*, 2008 WL 4371679, at *2 (internal citations and quotation marks omitted).

28 U.S.C. §1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.* 542 U.S. 241, 247 (2004). The statute requires "(1) the person from whom discovery is sought is found or resides within the district; (2) the discovery is for use in a foreign tribunal; and (3) the application [if not made by a foreign or international tribunal] is made by an interested person." *Maxell*, 2021 WL 3012355, at *2. However, the statute also permits the Court discretion. *Intel* provides the Court should consider (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4)

whether the discovery request is otherwise "unduly intrusive or burdensome." 542 U.S. at 264–65.

### III. PROTECTIVE ORDER MODIFICATION

Headwater argues that the nature of the protective order is neutral. (Mot. at 7-8.) Headwater contends that while the nature of the order "may weigh in favor of denying modification" because it "arose through stipulation with no expectation it would be modified," Headwater's requested modification is narrow and thus this factor is neutral.[1] (*Id*.)

Next, Headwater argues its requested cross use was not foreseeable at the time of the protective order. (Mot. at 8.) Headwater contends this changed in February when it learned of Samsung's intention to rely on Mr. Kim in Germany for non-infringement. (*Id*.) Headwater argues that Mr. Kim's March 6 deposition testimony directly contradicts Samsung's non-infringement position in Germany. (*Id*. 8-9.) Headwater contends that because the need for cross-use was not apparent until late in the case, this factor supports modification. (*Id*. at 9.)

Headwater contends neither party relied on an expectation that the Protective Order would not be modified. (Mot. at 9.) For this notion, Headwater points to the fact that the parties agreed to enter modifications for handling third-party source code. (*Id*.) Headwater argues that since Samsung has made Mr. Kim available as a party witness to testify about exactly the same issues in both this case and in the German action this factor is neutral. (*Id*.)

Headwater argues good cause is shown by comparison to prior cases. (Mot. at 9-10.) Headwater first points to *Netlist, Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-cv-00293-JRG Dkt. 679. (*Id*.) There the Court permitted the use of the deposition testimony of a corporate representative obtained in a Central District of California action. (*Id*.) Headwater argues that this request is as narrow as that presented in *Netlist* in that it only requests to present already obtained deposition testimony in Germany.

---

[1] While Plaintiff refers to its request as narrow, it extends beyond the deposition transcript to "relevant exhibits shown to" the deponent. Dkt. No. 151 at 2. The Court can foresee that further confidential documents would be deemed necessary by one side or the other to provide context for the testimony.

(*Id.*)

In response, Samsung contends Headwater cannot show good cause. (Opp. at 2-5.) First, Samsung raises concerns regarding the confidentiality of the deposition transcript. (*Id.* at 2-3.) Samsung contends that, while more discovery is generally permitted in U.S. litigation, this is somewhat balanced by greater confidentiality protections that are not available in other venues, in particular Germany. (*Id.*) Samsung complains Headwater's motion would allow Headwater to circumvent both Germany's limited discovery and this Court's heightened protections, specifically the "attorney's eyes only" designation. (*Id.*) Second, Samsung faults Headwater for having agreed to the Protective Order in this case while fully aware of the German action. (*Id.* at 4.) Samsung argues that for Headwater to agree to the protective order, in particular the "attorneys' eyes only" designation, while aware of the German action, but now request an alteration, does not show good cause. (*Id.*)

The Court agrees with Samsung. The parties were fully aware of both litigations and the similarities in their subject matter when the protective order was negotiated and ultimately requested but the parties included no provision for cross-use. The Court sees no reason why Headwater could not have ascertained, based on the alleged similarity, that some cross use between these cases might be called for. Likewise, Samsung's point regarding confidentiality and the differences between U.S. and German litigation is well taken. Samsung relied on this Court's heightened confidentiality protections provided by the protective order not apparently available in German litigation in providing fulsome discovery. This makes this case notably different from the *Netlist* case cited by Headwater where the requested cross-use was between two U.S. Courts.

As such the Court finds there is insufficient grounds to modify the protective order.

IV. **DISCOVERY UNDER 28 U.S.C. §1782**

First, Headwater contends all statutory requirements are met. Headwater contends Samsung "resides or is found" in this District by pointing to venue over Samsung Electronics America, Inc. (Mot.

4

at 11.) Likewise, Headwater contends its request to use deposition testimony in the German action satisfies "for use in a foreign tribunal." (*Id*.) Finally, Headwater argues it is the plaintiff in both this case and the German action and thus satisfied the "interested person" requirement. (*Id*.) Samsung does not dispute the statutory requirements are met. (*See* Opp.)

Headwater next turns to the *Intel* factors and contends they strongly support granting its request. (Mot. at 11.)

First, Headwater argues that while Samsung and Mr. Kim are, to some degree, involved in the German action, the requested discovery is still not available under restrictive German discovery practices. (Mot. at 11-13.) Headwater argues that German law does not permit the discovery it seeks to introduce from this case. (*Id*.) Headwater cites a number of mostly out of district cases that such unavailability supports its motion on this factor. (*Id*.)

Second, Headwater argues factors 2 and 3 support its motion. (*Id*. at 13-14.) Headwater argues that courts in other districts have found that German courts are receptive to U.S. discovery and that such discovery does not circumvent any proof-gathering restrictions. (*Id*.)

Last, Headwater argues that its requested relief is not burdensome. (*Id*. at 14-15.) Headwater contends simply submitting the transcript of a deposition puts no burden on Samsung. (*Id*.) Indeed, Headwater provides that if its request is granted, it agrees to treat the transcript as "attorneys' eyes only" and this Court should expect the German court to be agreeable to such. (*Id*.)

In response, Samsung argues that none of the discretionary factors support Headwater's motion. First, Samsung argues this request is highly burdensome as it disrupts the parties agreed protective order and the careful balance the parties negotiated. (Opp. at 5-6.) Second, Samsung notes that Samsung is in both actions and thus subject to the German court for discovery issues. (*Id*.) Thus, Samsung argues this disfavors Headwater's request. (*Id*.) Third, Samsung argues that Mr. Kim is not likely to testify at the

upcoming hearing and he was only listed as a potential fact witness in the case overall, not the hearing. (*Id.*) Samsung argues this means the German court is not likely receptive to the requested evidence. (*Id.*) Last, Samsung argues that granting this request would circumvent German discovery law. (*Id.*) Samsung contends it is within the power of the German court to require the production of the requested discovery but it has not because such would be improper under German law. (*Id.*)

The Court uses its discretion under *Intel* to **DENY** Headwater's request. It is not clear to the Court that, with Samsung a party to both cases, the requested discovery is unavailable to the German court such that factor 1 favors Headwater. In particular, the parties appear to agree that a "German court can order a party to provide documents in its possession under 142 of the German Civil Code of Procedure." (*See* Opp. at 6.) As such, the Court cannot find either that Headwater's requested relief is properly unavailable in Germany or that its request would not circumvent German law. Likewise, Headwater has made no direct showing that the German court would be receptive to this discovery. If Headwater produces evidence that the German court seeks production of the deposition transcript, that would change this Court's analysis.

As to the level of burden, the Court finds this factor is neutral. While the requested discovery is already produced, it will require a significant departure from the Protective Order for its use in Germany. With all discretionary factors being neutral or disfavoring Headwater's motion, the Court **DENIES** the motion.

V. **CONCLUSION**

Plaintiff's Motion to Amend the Protective Order or, Alternatively, for Discovery Under 28 U.S.C. §1782. (**Dkt. No. 151**) is **DENIED**.

**SIGNED this 4th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE