**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

### SAMSUNG'S SURREPLY TO PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSED MOTION TO AMEND INFRINGEMENT CONTENTIONS (DKT. 127)

I. **HEADWATER RECEIVED TECHNICAL DOCUMENTS AND SOURCE CODE RELATED TO SAMSUNG'S ▮▮▮ BY APRIL 25, 2023**

A. **Samsung Produced ▮▮▮ Documents on April 25, 2023**

Headwater concedes that it received technical documents relating to Samsung's ▮▮▮ on April 25, 2023—***11 months ago***. *See* D.I. 150 at 1. Such documents clearly describe when Samsung's ▮▮▮ was developed ▮▮▮, how it operates ▮▮▮ and differences between ▮▮▮

▮▮▮

D.I. 147-2 (Ex. 1, SAM-HW00155714) at -155735. Headwater does not dispute that Ex. 1 above: (1) was one of only two documents produced on April 25, 2023 (and thus would have been noticed had Headwater diligently reviewed Samsung's productions); or (2) was included in the Bates range cited in Samsung's response to ROG 5 on May 8, 2023. D.I. 150. Nor does Headwater dispute that it failed to review Ex. 1 when it was produced, when it was cited in Samsung's May 8, 2023 response, or anytime thereafter until Samsung's February 2, 2024 supplemental ROG response.

Headwater only contends that Ex. 1 "does not distinguish between ▮▮▮ ▮▮▮." D.I. 150 at 1-2. However, Headwater could have easily used Ex. 1 to distinguish ▮▮▮. As shown above, Ex. 1 explains that ▮▮▮ ▮▮▮ *See also* D.I. 147-10 at 82:2-8. Yet, Headwater knew, by April

1

12, 2023, ▮▮▮ and thus was a different feature. *See* D.I. 150-3 (Headwater document request letter) at 10 (citing SAM-HW00155612, ▮▮▮). Headwater's inexplicable failure to distinguish between ▮▮▮ does not justify Headwater's attempt to amend its contentions two days before the close of fact discovery.

### B. Samsung Produced Source Code on April 25, 2023

Headwater also fails to dispute that Samsung made its source code available for review beginning on April 25, 2023, or that Headwater failed to review or print code until July 2023 and February 2024, respectively. D.I. 150; Ex. 4; Ex. 6. Headwater merely attempts to excuse its tardiness by claiming that it could not find any "files named ▮▮▮ D.I. 150 at 2. That argument is a red herring. Headwater was well aware that certain versions of the ▮▮▮ feature were also referred to as ▮▮▮ Ex. 20 at 1. That awareness was based on SAM-HW00155714 (Ex. 1) which—again—Samsung produced on **April 25, 2023**. *Id.* Tellingly, despite notifying Samsung that it would move to amend its infringement contentions to add the ▮▮▮ *id.* at 2, and mentioning ▮▮▮ in its amended claim charts *84 times*, *see* D.I. 127-1, Headwater never mentions ▮▮▮ in its briefing. *See* D.I. 127; D.I. 150. This is likely because it takes less than a minute to run a simple keyword search for ▮▮▮ within code produced by Samsung last year to immediately identify relevant files:



Source code files for the accused Galaxy S23.

Headwater's failure to timely, or adequately, review source code that Samsung made available to it **11 months ago** is reason enough for the Court to deny this motion. *See Finesse Wireless LLC v. AT&T Mobility LLC*, 2022 WL 16636930, *3 (E.D. Tex. Nov. 2, 2022) (finding no diligence where plaintiff had source code for over eight months)[1]; *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-80-JRG, 2017 WL 11630761, at *2 (E.D. Tex. July 21, 2017) (denying motion where plaintiff failed to move until 11 months after the "source code" became "available to Plaintiff"); *Sybase, Inc. v. Vertica Sys., Inc.*, 2009 WL 4574690, at *2 (E.D. Tex. Nov. 30, 2009) (denying motion based on fact that plaintiff had four months "to inspect . . . source code"); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, *3-10 (E.D. Tex. Aug. 18, 2009) (denying motion where plaintiff filed its motion 8 months after source code became available).[2]

## II.  HEADWATER'S LACK OF DILIGENCE DURING DISCOVERY

Headwater chose to sue Samsung on ***nine*** patents,[3] assert ***198*** claims, and accuse more than ***300*** devices and ***five*** distinct features of infringement. If that were not enough, Headwater then demanded, via ROG 5 (which it points to throughout its reply), D.I. 150 at 1, 2, 3, 4, that Samsung identify and describe every operation and every component in the 300+ accused ***smartphones*** and ***tablets*** that relates in any way to ***applications*** (e.g., foreground applications, background applications, sleeping applications) or ***networking***. D.I. 147-8 at 78. That is akin to asking for

---

[1] Headwater mischaracterizes *Finesse*. D.I. 150 at 5. In *Finesse*, the Court did not deny plaintiff's motion because plaintiff waited until a year after Defendants identified certain products in interrogatory responses. Rather, the Court denied plaintiff's motion because the plaintiff, as here, "had access to technical documents . . . and product source code . . . for more than eight months before indicating its intent to amend infringement contentions." *Finesse*, 2022 WL 16636930, *3.
[2] Headwater's attempt to distinguish *Realtime* should be rejected. *See* D.I. 150 at 5. Headwater incorrectly claims that "[i]n *Realtime*, the plaintiff relied upon public information and zero newly produced evidence for its amendment." *Id.* In actuality, the plaintiff in *Realtime* alleged, as Headwater does here, that "it learned" of additional infringement "only after a review of . . . confidential documents and source code." 2009 WL 2590101, at *4.
[3] On March 28, 2024, Headwater stated it would no longer assert U.S. Patent No. 10,237,773.

information about every aspect of every accused product and is not precise enough for Samsung to comprehend, and thus be on notice regarding, on what **unnamed** features Headwater sought information. That is why, in Samsung's **May 8, 2023** initial ROG response, Samsung included the following objection:

> Samsung objects to this request as it is overly broad and unduly burdensome insofar as it asks Samsung to "identify and describe" the "operation of" *each component* in more than 300 Accused Products that **"in any way" "relates to"** to a vast array of vague and overbroad functionality (foreground applications; background applications; sleeping applications; monitoring, blocking, allowing, deferring, or controlling network access or network data communications).

D.I. 147-8 at 78-79. Nevertheless, Samsung's response pointed to its technical document production and source code, both of which included information about ▆▆▆▆▆▆ *Id.* at 79.

Despite receiving Samsung's objection to ROG 5 on May 8, 2023, Headwater admittedly failed to follow up for additional information until October 24, 2023—over *five months* later.[4] *See* D.I. 150 at 2. And even then, Headwater's October 24, 2023 letter failed to ask for any information about the ▆▆▆▆▆▆ it now seeks to accuse of infringement. D.I. 127-4. Headwater tacitly admits (by failing to dispute) that it did not seek such information until January 17, 2024—nine months into discovery—after which Samsung provided the information on February 2, 2024.[5]

### III. HEADWATER'S LACK OF DILIGENCE IN BRINGING ITS MOTION

Headwater again fails to explain its failure in moving to amend until over a month after Samsung's February 2, 2024 supplemental ROG response. Moreover, Headwater's purported reliance on recently produced "test reports, device operational log files, [and] source code

---

[4] Headwater states that it also sent a "deficiency letter[]" on July 12, but that letter related *only* to document requests, not Samsung's responses to Headwater's interrogatories. *See* D.I. 150-4.

[5] Beyond failing to request such information in response to ROG 5 until January 2024, Headwater also failed to request information about ▆▆▆▆▆▆ in its 2nd, 3rd, or 4th sets of ROGs, or via a motion to compel (to the extent it believed Samsung was not providing relevant information).

commitment logs," D.I. 150 at 1, is irrelevant given the undisputed fact that Samsung provided the *actual source code* to Headwater nearly a year ago. As Headwater's counsel acknowledges, "the source code . . . in the accused products will have all the details about its operations." D.I. 147-10 at 263:25-264:8. Yet, Headwater points to anything other than the code and technical documents produced earlier in the case to create *post hoc* justifications for its failure to timely amend.

## IV. HEADWATER'S CITED CASES ARE INAPPOSITE

In *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, the defendants did not update discovery responses with information relating to products that were newly released during fact discovery. No. 2:17-CV-00715-JRG, 2019 WL 11585349, *1-2 (E.D. Tex. Apr. 24, 2019). Here, Samsung produced technical documentation and source code relating to Samsung's ███ ███ by April 25, 2023.[6] Section I.A. In *Lionra Techs. Ltd. v. Fortinet, Inc.*, the Court granted plaintiff's motion to amend due to both "parties' apparent confusion in distinguishing" the products, as evidenced by ROG responses "comingling the two products." No. 2:22-cv-00322-JRG-RSP, Dkt. No. 240, at 4 (E.D. Tex. Feb. 2, 2024). Here, there was no "confusion" or "comingling." After Headwater's December 18, 2023 email cited a document mentioning ***third-party*** Google's ███ D.I. 147 at n.6, Samsung's December 22, 2023 ROG response objected to discussions of "***potential third-party***" ███ D.I. 147-8 at 80. After Headwater's January 17, 2024 letter asked about Samsung's ███ D.I. 147-3, Samsung's February 2, 2024 ROG response described that feature in detail. Samsung should not be prejudiced because it promptly responded to distinct requests for information pertaining to distinct features.

---

[6] Also, while the interrogatory in *Polaris* sought the identification of products with a specific accused functionality, Headwater's ROGs (e.g.*,* ROG 5) sought information about every operation and component in every accused product relating to applications and networking, even if such information related to ***unaccused*** features or functionalities. *See* D.I. 147-8 at 78.

5

Dated: March 29, 2024   Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland

7

jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 29, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                  */s/ Jared Hartzman*
                                  Jared Hartzman