**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

HEADWATER RESEARCH LLC

    *Plaintiff*,

v.

SAMSUNG ELECTRONIC CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

    *Defendants*.

Case No. 2:22-CV-00422-JRG-RSP

**SAMSUNG'S MOTION TO STRIKE CERTAIN
<u>OPINIONS OFFERED BY DR. RICHARD D. WESEL</u>**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................2

    A.    Headwater's Second Amended Complaint ................................................ 2

    B.    Headwater's April 12, 2023 Infringement Contentions............................ 2

    C.    Headwater's Recent Motion to Amend Its Infringement Contentions to
        Accuse Samsung's ███████ Feature ........................................... 3

    D.    Dr. Wesel's March 29, 2024 Opening Report on Infringement ............... 4

III.  LEGAL STANDARD.............................................................................................7

IV.   ARGUMENT .........................................................................................................7

    A.    The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing
        ████████████ Feature of Infringement ................................... 8

    B.    The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing
        Certain Features of Satisfying Patents and Claim Limitations Where
        Headwater's Infringement Contentions Did Not Accuse Those Features ............. 9

        1.    U.S. Patent No. 11,405, 224....................................................10

        2.    U.S. Patent No. 9,277,445.......................................................11

        3.    U.S. Patent No. 9,271,184.......................................................11

        4.    U.S. Patent No. 9,521,578.......................................................12

        5.    U.S. Patent No. 9,137,701.......................................................12

        6.    U.S. Patent No. 9,277,433.......................................................13

        7.    U.S. Patent No. 9,143,976.......................................................13

        8.    U.S. Patent No. 9,609,544.......................................................14

    C.    The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing
        "Samsung's Network Policy Mechanism" of Infringement ................................. 14

V.    CONCLUSION.....................................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                              **Page(s)**

*Anascape, Ltd. v. Microsoft Corp.*,
   No. 9:06-cv-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) ................................................7

*Biscotti Inc. v. Microsoft Corp.*,
   2017 WL 2267283 (E.D. Tex. 2017) .......................................................................................9

*Fujitsu Ltd. v. Tellabs, Inc.*,
   No. 09-C-4530, 2013 WL 2300782 (N.D. Ill. May 24, 2013) ..................................................9

*Mobility Workx, LLC v. Cellco P'ship*,
   No. 4:17-CV-00872-ALM, 2019 WL 5721814 (E.D. Tex. Nov. 5, 2019) ..............................7

*Opal Run LLC v. C & A Mktg., Inc.*,
   No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344 (E.D. Tex. May 15, 2017)...........................15

*Realtime Data, LLC v. Packeteer, Inc.*,
   2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ........................................................................8

*Reliance Ins. Co. v. La. Land & Expl. Co.*,
   110 F.3d 253 (5th Cir. 1997) ..................................................................................................8

*Sol IP, LLC v. AT&T Mobility LLC*,
   No. 218-CV-00526-RWS-RSP, 2020 WL 10045985 (E.D. Tex. Apr. 23, 2020) ...................7

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   No. CIV.A. 9:06-CV-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) ...........................10

███████████████████████████

## I.      INTRODUCTION

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") respectfully move the Court to strike certain opinions offered in the report of Plaintiff Headwater Research, LLC's infringement expert, Dr. Richard D. Wesel.  Headwater continues to engage in trial by ambush.  Two days before the close of fact discovery, Headwater filed a motion to amend its infringement contentions to accuse Samsung's ███████████ a feature Headwater knew, or should have known, about since April 2023.  D.I. 147; D.I. 159.  Now, two weeks *after* the close of fact discovery, Headwater's technical expert, Dr. Wesel, attempts to inject new infringement theories and products into the case.  Despite knowing about ████████████ ██████████ feature since last year, and knowing about "Samsung's Network Policy mechanism," which utilizes publicly available Network Policy Manager files,[1] since before the filing of the Complaint, Headwater did not accuse those features in its infringement contentions.  Nor did Headwater attempt to add them to this case when it filed its motion to amend the infringement contentions on March 12, 2024.  Rather, Headwater laid in wait, accusing these features of infringement for the first time in Dr. Wesel's March 29, 2024 report on infringement.  If that were not enough, Dr. Wesel's report also accuses certain features of infringing patents and limitations where Headwater's infringement contentions never accused those features—Dr. Wesel's opinions on the '224 patent, for example, only accuse "App Standby" and "Doze" of infringing, despite Headwater's contentions only accusing "Data Saver" and "Power Saving Mode."

There is no dispute that Headwater failed to set forth the above infringement theories and accusations in its initial or amended infringement contentions.  Headwater cannot claim that it was diligent, given that it has known about the newly accused features for a year or more.  There is no

---

[1] Indeed, Dr. Wesel cites publicly available websites in support of his opinions on "Samsung's Network Policy mechanism" *456 times* throughout his report.

███████████████████████████

dispute that permitting Headwater to add new infringement theories for the first time during expert discovery would severely prejudice Samsung, who justifiably relied on Headwater's earlier contentions in forming its strategies.  And no continuance could possibly cure that prejudice. Accordingly, Samsung respectfully requests that the Court grant Samsung's motion to strike.

## II.    FACTUAL BACKGROUND

### A.    Headwater's Second Amended Complaint

On March 13, 2023, Headwater filed its Second Amended Complaint, accusing Samsung of infringing the following patents: U.S. Patent Nos. 9,137,701 ("the '701 patent"), 9,271,184 ("the '184 patent"), 9,521,578 ("the '578 patent"), 9,277,445 ("the '445 patent"), 11,495,224 ("the '224 patent"), 9,143,976 ("the '976 patent"), 9,277,433 ("the '433 patent"), and 9,609,544 ("the '544 patent") (collectively, the "Asserted Patents").  *See* D.I. 42.  With it, Headwater included claim charts "setting forth . . . exemplary description[s]" of Samsung's alleged infringement.  *See, e.g.*, D.I. 42-10 ('701 chart), 42-11 ('184 chart), 42-12 ('578 chart), 42-13 ('445 chart), 42-14 ('224 chart), 42-15 ('976 chart), 42-16 ('433 chart), 42-17 ('544 chart).  The '701, '184, '578, '445, and '976 charts only accused the "Data Saver" feature.  *See* D.I. 42-10, 42-11, 42-12, 42-13, 42-15. The '224 and '544 charts accused the "Data Saver" and "Power Saving Mode" features.  *See* D.I. 42-14, 42-17.  The '433 chart accused the "Data Saver" and "Doze" features.  *See* D.I. 42-16. None of the claim charts attached to Headwater's Second Amended Complaint accused, or referenced, Samsung's ███████████████ feature, or its "Network Policy mechanism."

### B.    Headwater's April 12, 2023 Infringement Contentions

On April 12, 2023, Headwater served a set of Amended Infringement Contentions ("Infringement Contentions").  *See* Exs. A ('701 chart), B ('976 chart), C ('184 chart), D ('433 chart), E ('445 chart), F ('544 chart), G ('578 chart), H ('224 chart).

The claim charts for the '445, '578, '224, '184, and '701 patents expressly defined the

██████████████████████

"Accused Instrumentalities" for those patents as "Samsung phones and tablets which implement **Data Saver** and/or **Power saving mode**." *See* Ex. A at 1; Ex. C at 1; Ex. E at 1; Ex. G at 1; Ex. H at 1.  Unsurprisingly, the infringement allegations for those five patents focused on "Data Saver" and "Power Saving Mode," with Headwater citing to "Data Saver" and/or "Power Saving Mode" for various limitations.[2]  There were no infringement allegations against "App Standby," "Doze," ████████████████████ or "Samsung's Network Policy mechanism." *See generally id.*

The claim charts for the '976, '433, and '544 patents did not limit their "Accused Instrumentalities" to just phones and tablet employing "Data Saver and/or Power saving mode." *See* Ex. B at 1; Ex. D at 1; Ex. F at 1.  For claim 1 of the '976 and '433 patents, Headwater's Infringement Contentions accused the "Data Saver," "Doze," and "App Standby" features.  Ex. B at 1-64; Ex. D at 1-25.  However, for both the '976 and '433 patents, there were no infringement allegations against "Power Saving Mode," ████████████████████ or "Samsung's Network Policy mechanism." *See generally id.*  For claim 1 of the '544 patent, Headwater's Infringement Contentions accused the "Data Saver," "Power Saving Mode," "Doze," and "App Standby" features.  Ex. F at 1-34.  However, there were no infringement allegations against ████████████████████ or "Samsung's Network Policy mechanism." *See generally id.*

**C.    Headwater's Recent Motion to Amend Its Infringement Contentions to Accuse Samsung's ████████████ Feature**

On March 12, 2024, just two days before the close of fact discovery, Headwater filed a motion to amend its infringement contentions to add Samsung's ████████████ feature.  *See* D.I. 127; D.I. 150.  Samsung opposed.  *See* D.I. 147; D.I. 159.  The Court has yet to issue an Order

---

[2] Headwater did not cite to, or rely on, "Data Saver" and "Power Saving Mode" for every limitation.  For example, while Headwater cited "Data Saver" for limitations 1[d] through 1[g] of the '445 patent, Headwater only cited to "Power Saving Mode" for limitation 1[f].  *See* Ex. E at 4-23.  Headwater similarly mixed and matched accused features for the seven other asserted patents.

██████████████████████████████████████

granting or denying Headwater's motion to amend its contentions.

Attached to Headwater's March 12, 2024 motion to amend its infringement contentions, were amended claim charts.  *See* D.I. 127-1.  Aside from new references to Samsung's ██████ ██████ feature, the claim charts remained unchanged from Headwater's April 12, 2023 Infringement Contentions.  *See generally id.*  In other words, the amended claim charts still:

- Failed to accuse "App Standby," "Doze," ██████████████████████ or "Samsung's Network Policy mechanism" of infringing the '445, '578, '224, '184, and '701 patents;

- Failed to accuse "Power Saving Mode," █████████████████████ or "Samsung's Network Policy mechanism" of infringing the '976 and '433 patents; and

- Failed to accuse ████████████████ or "Samsung's Network Policy mechanism" of infringing the '544 patent.

*See generally* D.I. 127-1.

### D.     Dr. Wesel's March 29, 2024 Opening Report on Infringement

On March 29, 2024, Headwater served Dr. Wesel's Opening Report on Infringement ("the Wesel Report").  *See* Ex. I.  The Wesel Report was nearly 2,000 pages long, not including attachments, and included 2,479 paragraphs.  Surprisingly, over 1,000 paragraphs were directed to: (1) **new** infringement allegations against ████████████████ feature, *see* Ex. J; (2) allegations that certain other features infringed patents, claims, and/or limitations where Headwater's Infringement Contentions **did not** previously accuse those features, *see* Ex. K; and (3) **new** infringement allegations against "Samsung's Network Policy mechanism," *see* Ex. L.[3]

First, the Wesel Report includes a section devoted to listing various accused features.

---

[3] The Wesel Report also included infringement allegations against Samsung's ██████████ feature, *see* Ex. M, despite the Court not yet ruling as to whether Headwater was permitted to amend its contentions to accuse that feature.  If the Court denies Headwater's motion to amend, D.I. 127, it should thus also strike the paragraphs accusing ████████████ identified in Ex. M.

██████████████████████████████

II.  Overview of the Accused Products and Features ............................................. 20
  A.  Samsung's Data Saver .......................................................................... 32
  B.  ██████████████████ ............................................................................ 45

Ex. I at i.  There, Dr. Wesel dedicates an entire section to ███████████████████ *id.* at

Section II.B, and states that "████████████████ functionality infringes[.]"  *Id.* at ¶89.

Dr. Wesel then goes on to mention █████████████ 181 times and accuses it of

infringing the Asserted Patents in at least 112 paragraphs spread throughout the Wesel Report.  Ex.

J.  ███████████████████ was not accused of infringement in Headwater's Second

Amended Complaint, in its April 12, 2023 Infringement Contentions, or in its March 12, 2024

motion to amend its infringement contentions.  *See* Sections II.A-C, *supra*.  Nor has Headwater

ever suggested that it would be accusing █████████████ of infringement.

Second, as mentioned above, Headwater's Infringement Contentions did not accuse every

feature of infringing every Asserted Patent, nor did they cite to, or rely on, every accused feature

for each claim or limitation in Headwater's claim charts.  Section II.B, *supra*.  The Wesel Report,

however, now accuses features of infringing certain patents, claims, and/or limitations where

Headwater's Infringement Contentions did not accuse those features.  *See* Ex. K.  As just one, non-

limiting, example, Headwater's Infringement Contentions only accuse "***Data Saver***" and "***Power***

***Saving Mode***" of infringing claim 1 of the '224 patent.  *See* Ex. H.  However, the Wesel Report

only accuses "***App Standby***" and "***Doze***" of infringing claim 1 of the '224 patent.  *See* Ex. I at

Section XI.A.  Thus, for the '224 patent, Dr. Wesel's infringement theory is completely new; there

is zero overlap with Headwater's Infringement Contentions.  Ex. K at 1.  As discussed in more

detail in Section IV.B, *infra*, similar issues exist for each Asserted Patent.  *Id.* at 1-6.

Third, the Wesel Report newly accuses "Samsung's Network Policy mechanism," which

relies on publicly available "NetworkPolicy.java," "NetworkPolicyManager.java," and "NetworkPolicyManagerService.java" files, of infringing the patents.  *See, e.g.*, Ex. I at ¶¶361 ("Samsung's Network Policy mechanism applies policies and disallows an applications' Internet access."), 363, 742 ("Samsung's Network Policy mechanism considers whether a running application is interacting with the user in the device user interface foreground[.]"), 802, 856.

Indeed, Dr. Wesel expressly opines that the files within "Samsung's Network Policy mechanism," "such as NetworkPolicy.java, NetworkPolicyManager.java, and NetworkPolicyManagerService.java . . . infringe the claims of the Asserted Patents." *Id.* at ¶40; *see also id.* at ¶2351 (same).  The files and websites that Dr. Wesel relies on when accusing "Samsung's Network Policy mechanism" of infringement, over the span of 832 paragraphs, *see* Ex. L, can be found at the URL links listed below:

- https://android.googlesource.com/platform/frameworks/base/+/refs/heads/main/services/core/java/com/android/server/net/NetworkPolicyManagerService.java;

- https://android.googlesource.com/platform/frameworks/base/+/refs/heads/main/core/java/android/net/NetworkPolicyManager.java;

- https://android.googlesource.com/platform/frameworks/base/+/55afce9107ea882fe236acc5653aef9d6fb2185b/core/java/android/net/network-policy-restrictions.md.

The Wesel Report cites the first website at least 257 times, the second website at least 154 times, and the third website at least 46 times.  *See generally* Ex. I.  As addressed above, "Samsung's Network Policy mechanism" was not accused of infringement in Headwater's Second Amended Complaint, in its April 12, 2023 Infringement Contentions, or in its March 12, 2024 motion to amend its infringement contentions.  *See* Sections II.A-C, *supra*.  Nor did the Infringement Contentions accuse, or cite to, any of the above websites or files allegedly used by "Samsung's Network Policy mechanism," despite them being publicly available since before the filing of the Complaint in this litigation.

## III.   LEGAL STANDARD

Under the Eastern District's Local Patent Rules, a party must file a "Disclosure of Asserted Claims and Infringement Contentions."  Patent L.R. 3-1.  This Rule provides that a party asserting infringement must, in its disclosure: (a) identify each patent claim that is infringed; (b) identify each accused product for each claim; (c) provide a chart identifying specifically where each limitation of each asserted claim is found in each accused product for each claim; and (d) specify whether infringement is literal or based on the doctrine of equivalents.  *See id.*  "Expert infringement reports may not introduce theories not previously set forth in infringement contentions."  *Sol IP, LLC v. AT&T Mobility LLC*, No. 218-CV-00526-RWS-RSP, 2020 WL 10045985, *1 (E.D. Tex. Apr. 23, 2020).  The court has inherent power to enforce its orders and to impose sanctions if its rules are violated.  *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 WL 7180756, *2 (E.D. Tex. May 1, 2008) (granting a motion to strike because of a failure to disclose infringement contentions).

## IV.   ARGUMENT

There is no excuse for Headwater's belated attempt, via the Wesel Report, to inject entirely new features into the case and, for the first time, accuse features of infringing patents or satisfying limitations where those features were never previously accused.[4]  Indeed, it is well established that "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions."  *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-CV-00872-ALM, 2019 WL 5721814, *5 (E.D. Tex. Nov. 5, 2019).  Permitting Dr. Wesel to offer brand new infringement

---

[4] The Wesel Report also relies on various "APIs" that were not identified in Headwater's Infringement Contentions to satisfy certain claim limitations, despite all of the information about the relevant APIs being publicly available since long before the filing of the Complaint.  With the rebuttal report deadline fast approaching, Samsung does not address that issue here, though Samsung reserves the right to separately move to strike reference to APIs not in the contentions.

████████████████████████████

opinions, weeks after the close of fact discovery, accusing ██████████████████ of infringement, accusing features of infringing patents or satisfying limitations where Headwater's Infringement Contentions never accused those features, and accusing "Samsung's Network Policy mechanism" of infringement would severely prejudice Samsung. *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, *2 (E.D. Tex. Aug. 18, 2009) (finding Defendant "would suffer ***severe prejudice*** if Plaintiff were allowed to amend" where Defendant "justifiably relied on Plaintiff's Original Infringement Contentions as a framework for proceeding through discovery"). Indeed, Samsung would likely be forced to expend hundreds of thousands of dollars, and hundreds of hours, responding to infringement theories and arguments that Headwater simply failed to include in its Infringement Contentions.  Rebuttal expert reports are due in just over two weeks. The Court should not allow Headwater to restart its infringement case, now that Samsung's case is set.  *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.").[5]

### A.   The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing ███████████████ Feature of Infringement



Headwater's Second Amended Complaint did not accuse ███████   ████████ ████████ of infringing the Asserted Patents.  *See* D.I. 42; D.I. 42-10 through D.I. 42-17. Headwater's April 12, 2023 Infringement Contentions did not accuse ██████████████ ████████ of infringing the Asserted Patents.  *See* Exs. A-H.  And Headwater's claim charts attached to its March 12, 2024 motion to amend its infringement contentions did not accuse ████████████████████████ of infringing the Asserted Patents.  *See* D.I. 127-1.  This, despite

---

[5] This is Headwater's second attempt to inject new infringement theories into the case at, or even after, the close of fact discovery—the first attempt relating to Samsung's ████████████ D.I. 147.

███████████████████████████████

Headwater having access to Samsung's source code since April 25, 2023—**11 months ago**—and possessing documents describing ████████████████████ feature since at least August 2023—**eight months ago**.   Indeed, Headwater expressly asked Samsung about ██████████ ████████████ feature via ROG. 20 served on November 22, 2023.  *See* Ex. N at 15.  In response, Samsung identified 55 documents relating to that feature on December 22, 2023.  *See* Ex. O at 12-13.  All 55 documents were produced on August 18, 2023.  *See* Ex. P.

Now, for the first time, the Wesel Report accuses ██████████████████ of infringing all Asserted Patents.  *See* Ex. I.  Such trial by ambush tactics should not be rewarded. *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2267283, *3-4 (E.D. Tex. 2017) (striking portion of patentee's technical expert's opinion on infringement that introduced a new theory of infringement that was not disclosed in the patentee's infringement contentions).  In fact, despite being entirely absent from Headwater's Infringement Contentions, the Wesel Report mentions ██████████████████ 181 times and discusses it in 112 paragraphs.  *See* Ex. J.  To the extent that Headwater argues that Samsung should have simply known, absent any prior notification or contention, that the ██████████████ feature would be accused, that is plainly insufficient.  *See Fujitsu Ltd. v. Tellabs, Inc.*, No. 09-C-4530, 2013 WL 2300782, at *7 (N.D. Ill. May 24, 2013) (applying E.D. Texas local patent rules and granting motion to strike).[6]

Thus, Samsung respectfully requests that the Court strike the paragraphs from the Wesel Report listed in Ex. J, improperly accusing ██████████████████ of infringement.

**B.     The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing Certain Features of Satisfying Patents and Claim Limitations Where Headwater's Infringement Contentions Did Not Accuse Those Features**

---

[6] The Court held: "If Fujitsu Limited intended to assert that the LIAM–E and LRAM–E optical amplifier modules infringed the '163 Patent in the same way as the LOAM–E optical amplifier module, *it should have explicitly said so*. Tellabs was *not required to guess* that Fujitsu Limited's theory of infringement *also included these additional, unnamed,* [features]."  *Id.*

███████████████████████████

Headwater's Infringement Contentions only accused certain features of infringing certain patents.  They also only relied on certain features for satisfying specific claim elements.  The Wesel Report flips that on its head, accusing completely different features of infringing certain patents or satisfying certain limitations.   In other words, it presents new infringement theories and accuses new features of satisfying certain limitations.  "Claims are not interchangeable," and the fact that Headwater accused certain features for "claim 1 of one patent in its [Infringement] Contentions" and then accuses the same features with respect to other claims of other patents for the first time "in its expert reports" significantly prejudices Samsung.  *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842062, *3 (E.D. Tex. Mar. 30, 2009).

### 1.   U.S. Patent No. 11,405, 224

Headwater's Infringement Contentions for the '224 patent only accused the "Data Saver" and "Power Saving Mode" features of infringement:

> **Amended Exhibit E - U.S. Patent No. 11,405,224 ("'224 Patent")**
>
> Accused Instrumentalities: Samsung phones and tablets which implement Data Saver and/or Power saving mode, and all versions and variations thereof since the issuance of the asserted patent.

Ex. H at 1; *see also id.* at 1-24 (claim 1 only accusing Data Saver and Power Saving Mode).  Yet, the Wesel Report does not even mention "Data Saver" or "Power Saving Mode" in its infringement analysis for the '224 patent.  *See* Ex. I at Section XI (failing to mention "Data Saver," "power save," "Power Saving Mode," "power saving," or "Battery Saver"[7]).  Rather, for the '224 patent, the Wesel Report accuses the "App Standby" and "Doze" features of infringement.  *Id.*  But, neither of those features were accused—or even mentioned—in Headwater's Infringement Contentions for the '224 patent.  *See generally* Ex. H.  Thus, Dr. Wesel's infringement analysis for the '224 patent introduces new infringement theories *and* newly accused products.  Those

---

[7] "Power Saving Mode" is also occasionally referred to as "Battery Saver."

███████████████████████

paragraphs, identified in Ex. K, should be stricken.  Ex. K at 1.

### 2.   U.S. Patent No. 9,277,445

Headwater's Infringement Contentions for the '445 patent only accused the "Data Saver" and "Power Saving Mode" features of infringement:

| Amended Exhibit C - U.S. Patent No. 9,277,445 ("'445 Patent") |
|---|
| Accused Instrumentalities: Samsung phones and tablets which implement Data Saver and/or Power saving mode, and all versions and variations thereof since the issuance of the asserted patent. |

Ex. E at 1; *see also id.* at 1-23 (claim 1 only accusing Data Saver and Power Saving Mode).  More specifically, Headwater's Infringement Contentions for the '445 patent only accuse "Data Saver" for claim limitations 1[d], 1[e], and 1[g], and accuse "Data Saver" and "Power Saving Mode" only for limitation 1[f].  *See id.*  Yet again, the Wesel Report exceeds the bounds of Headwater's Infringement Contentions, accusing "Data Saver," "Power Saving Mode," "App Standby," and "Doze" of satisfying each of limitations 1[d]-1[h].[8]  *See* Ex. K at 1-2.  In the Infringement Contentions, "Power Saving Mode" was not cited for limitations 1[d], 1[e], 1[g],[9] or 1[h], and "App Standby" and "Doze" were not accused at all.  *See* Ex. E.  The paragraphs accusing those features for the first time, identified in Ex. K, should be stricken.  Ex. K at 1-2.

### 3.   U.S. Patent No. 9,271,184

Headwater's Infringement Contentions for the '184 patent only accused the "Data Saver" and "Power Saving Mode" features of infringement:

| Amended Exhibit B - U.S. Patent No. 9,271,184 ("'184 Patent") |
|---|
| Accused Instrumentalities: Samsung phones and tablets which implement Data Saver and/or Power saving mode, and all versions and variations thereof since the issuance of the asserted patent. |

---

[8] Limitations 1[g] and 1[h] were combined in limitation 1[g] in the Infringement Contentions.
[9] As just one example of the attempted expansion of Headwater's infringement case, Headwater's claim chart for limitation 1[g] includes just ***three*** screenshots relating to "Data Saver."  Ex. E at 20-23.  Yet, the Wesel Report's analysis for the same limitation spans 139 pages, 177 paragraphs, and accuses "Doze," "App Standby," and "Power Saving Mode."  Ex. I at Sections VIII.A.8-9.

███████████████

Ex. C at 1; *see also id.* at 1-23 (claim 1), 33 (claim 13 incorporating claim 1). Yet, the Wesel Report also accuses "App Standby" and "Doze" of satisfying limitation 1[d], despite those features being found nowhere in Headwater's Infringement Contentions for the '184 patent. *See* Ex. K at 3. Moreover, the Wesel Report accuses "NET_CAPABILITY_NOT_CONGESTED," "CarrierConfigs," and "PCO Value" for claim 13, despite none of those being mentioned in the '184 claim chart. *Compare* Ex. I at ¶¶908-915, *with* Ex. C at 1-23, 33. The paragraphs accusing new features for the first time, identified in Ex. K, should be stricken. Ex. K at 3.

### 4.    U.S. Patent No. 9,521,578

Headwater's Infringement Contentions for the '578 patent only accused the "Data Saver" and "Power Saving Mode" features of infringement:

| **Amended Exhibit D - U.S. Patent No. 9,521,578 ("'578 Patent")** |
|---|
| Accused Instrumentalities: Samsung phones and tablets which implement Data Saver and/or Power saving mode, and all versions and variations thereof since the issuance of the asserted patent. |

Ex. G at 1; *see also id.* at 1-26 (claim 1). Again, the Wesel Report lumps in accusations against "Doze" and "App Standby," neither of which were identified, whatsoever, in Headwater's Infringement Contentions for the '578 patent. *See* Ex. K at 4. And again, the specific paragraphs newly accusing those features, identified in Ex. K, should be stricken. Ex. K at 4.

### 5.    U.S. Patent No. 9,137,701

Headwater's Infringement Contentions for the '701 patent only accused the "Data Saver" and "Power Saving Mode" features of infringement:

| **Amended Exhibit A - U.S. Patent No. 9,137,701 ("'701 Patent")** |
|---|
| Accused Instrumentalities: Samsung phones and tablets which implement Data Saver and/or Power saving mode, and all versions and variations thereof since the issuance of the asserted patent. |

Ex. A at 1; *see also id.* at 1-25 (claim 1), 25 (claim 2), 28-31 (claim 4), 31-34 (claim 5). However, the Wesel Report incorporates his analysis of limitations 1[e], 1[f], 1[g], 1[h], and 1[i] and claim

9 of the '976 patent into limitations 1[d] and 1[e] of the '701 patent. *See* Ex. I at ¶¶651, 661. As discussed below, and in Ex. K, those limitations for the '976 patent in the Wesel Report accuse "Data Saver," "Power Saving Mode," "App Standby," and "Doze." Ex. K at 6 n.9-10. Accusations against "App Standby" and "Doze" for the '701 patent should thus be stricken. Ex. K at 6.

### 6.    U.S. Patent No. 9,277,433

Headwater's Infringement Contentions for the '433 patent accused various combinations of "Data Saver," "App Standby," and "Doze" for claim 1. Ex. K at 3-4; Ex. D at 2-14 (limitation 1[b] accusing "Data Saver" and "App Standby"), 15-25 (limitation 1[c] accusing "Doze" and "App Standby").[10] The Wesel Report again exceeds the scope of Headwater's Infringement Contentions for the '433 patent, accusing "Data Saver," "Power Saving Mode," "App Standby," and "Doze" for each of limitations 1[b], 1[d], 1[e], and 1[f]. Ex. K at 3-4. Not only was "Power Saving Mode" not accused in the Infringement Contentions for the '433 patent, but "Data Saver" was not accused for limitations 1[d]-1[f] and "Doze" was not accused for limitation 1[b]. The paragraphs improperly accusing new features of infringing the '433 patent and relying on features that were previously not identified as satisfying certain limitations should be stricken. Ex. K at 3-4.

### 7.    U.S. Patent No. 9,143,976

Headwater's Infringement Contentions for the '976 patent accused "Data Saver," "Doze," and "App Standby" for claim limitations 1[d] through 1[h], which now correspond to limitations 1[e] through 1[i] in the Wesel Report. Ex. B at 4-64; Ex. K at 4-5. However, the Wesel Report includes accusations against "Power Saving Mode" for each of those limitations, despite "Power Saving Mode" being absent in the Infringement Contentions for the '976 patent. Ex. K at 4-5 (citing paragraphs). Similarly, the Infringement Contentions accused "Data Saver," "Doze," and

---

[10] Limitation 1[c] from Headwater's Infringement Contentions was split into limitations 1[d], 1[e], and 1[f] in the Wesel Report.

"App Standby" for claims 5, 8, and 12. Ex. B at 65-67 (claim 5), 68 (claim 8), 70-71 (claim 12). But the Wesel Report again goes beyond the contentions by accusing "Power Saving Mode" for those claims. *See* Ex. I at ¶¶538, 545, 546, 559, 560. Finally, the Infringement Contentions accused "Data Saver," "Doze," "App Standby," and UICC Carrier Privileges/CarrierService for claim 18. Ex. B at 78-79. But the Wesel Report accuses "NET_CAPABILITY_NOT_CONGESTED," "CarrierConfigs," and "PCO Value" for claim 18, despite none being mentioned in the '976 claim chart. *See* Ex. I at ¶¶599-603. The paragraphs improperly accusing new features of infringing the '976 patent and relying on features that were previously not identified as satisfying certain limitations should be stricken. Ex. K at 4-5.

### 8.   U.S. Patent No. 9,609,544

Headwater's Infringement Contentions for the '544 patent accused "Data Saver" and "App Standby" for claim limitation 1[b] and "Data Saver," "App Standby," "Doze," and "Power Saving Mode" for claim 11. *See* Ex. F at 3-14 (limitation 1[b]), 38-41 (claim 11 incorporating 1[b]-1[d]). However, the Wesel Report accuses "Doze" and "Power Saving Mode" for limitation 1[b], despite Headwater never previously relying on, or identifying, those features with respect to 1[b]. Ex. K at 6. Moreover, the Wesel Report accuses "NET_CAPABILITY_NOT_CONGESTED," "CarrierConfigs," and "PCO Value" for claim 11, despite none being mentioned in the '544 claim chart for claim 11. *Compare* Ex. F at 38-41, *with* Ex. I at ¶¶2189-2195. The paragraphs improperly accusing new features of infringing the '544 patent and relying on features that were previously not identified as satisfying certain limitations or claims should be stricken. Ex. K at 6.

### C.   The Court Should Strike Portions of Dr. Wesel's Report Newly Accusing "Samsung's Network Policy Mechanism" of Infringement

According to Dr. Wesel, "NetworkPolicyManager.java defines policies, rules, reasons, and firewall chains/rules for application by Samsung's Network Policy mechanism," Ex. I at ¶1511,

█████████████████████████████

and "NetworkPolicyManagerService.java explains . . . that Samsung's Network Policy mechanism applies policies and blocks an application's Internet access," *id.* at ¶1553.  Thus, according to both Headwater[11] and Dr. Wesel, the files within "Samsung's Network Policy mechanism," "such as NetworkPolicy.java, NetworkPolicyManager.java, and NetworkPolicyManagerService.java . . . infringe the claims of the Asserted Patents."  *Id.* at ¶40; *see also id.* at ¶2351 (same).

But Headwater never accused "Samsung's Network Policy mechanism," NetworkPolicy.java, NetworkPolicyManager.java, and/or NetworkPolicyManagerService.java of infringing any of the Asserted Patents.  *See* Section II.  Headwater's failure to do so earlier cannot be explained away, as each of those files has been publicly available since before the filing of the complaint—and certainly before Headwater served its Infringement Contentions—as evidenced by Dr. Wesel's citation to those public websites 456 times in his report.  Thus, Dr. Wesel's opinions relating to "Samsung's Network Policy mechanism," NetworkPolicy.java, NetworkPolicyManager.java, and NetworkPolicyManagerService.java, identified by paragraph in Ex. L, should be stricken for exceeding the scope of Headwater's Infringement Contentions.  *See Opal Run LLC v. C & A Mktg., Inc.*, No. 2:16-CV-24-JRG-RSP, 2017 WL 3381344, *2 (E.D. Tex. May 15, 2017) (striking portions of patentee's expert's report because it asserted new infringement theories that were not presented in the contentions, and these new theories were based on publicly available information).

## V.     CONCLUSION

For the foregoing reasons, Samsung respectfully asks that the Court grant its motion and strike the paragraphs of Dr. Wesel's opening expert report on infringement listed in Exhibits J through M, for improperly exceeding the scope of Headwater's infringement contentions.

---

[11] Headwater wrongly asserts that "what makes the accused features infringing is that they restrict background applications from accessing the network."  D.I. 127 at 14.

Dated: April 2, 2024                    Respectfully submitted,

                                  By:   */s/ Jared Hartzman*
                                        Ruffin B. Cordell
                                        TX Bar No. 04820550
                                        Michael J. McKeon
                                        DC Bar No. 459780
                                        mckeon@fr.com
                                        Jared Hartzman (*pro hac vice*)
                                        DC Bar No. 1034255
                                        hartzman@fr.com
                                        Joshua Carrigan (*pro hac vice*)
                                        VA Bar No. 96911
                                        carrigan@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        1000 Maine Avenue, SW, Ste 1000
                                        Washington, D.C. 20024
                                        Telephone: (202) 783-5070
                                        Facsimile: (202) 783-2331

                                        Thad C. Kodish
                                        GA Bar No. 427603
                                        tkodish@fr.com
                                        Benjamin K. Thompson
                                        GA Bar No. 633211
                                        bthompson@fr.com
                                        Nicholas A. Gallo (*pro hac vice*)
                                        GA Bar No. 546590
                                        gallo@fr.com
                                        Steffen Lake (*pro hac vice*)
                                        GA Bar No. 512272
                                        lake@fr.com
                                        Sara Fish
                                        sfish@fr.com
                                        GA Bar No. 873853
                                        Noah C. Graubart
                                        GA Bar No. 141862
                                        graubart@fr.com
                                        **FISH & RICHARDSON P.C.**
                                        1180 Peachtree St. NE, Fl. 21
                                        Atlanta, GA 30309
                                        Telephone: (404) 892-5005
                                        Facsimile: (404) 892-5002

████████████████████

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579

gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

███████████████████████████

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on April 2, 2024.

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on April 1, 2024 and April 2, 2024. The parties were unable to reach agreement as to Samsung's requested relief.

*/s/ Jared Hartzman*
Jared Hartzman

███████████████████████████████████████████