IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

### SAMSUNG DEFENDANTS' MOTION TO EXPEDITE BRIEFING ON SAMSUNG'S MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY DR. RICHARD D. WESEL OR TO ALTERNATIVELY EXTEND DEADLINES

Defendants Samsung Electronics Co., LTD ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") respectfully file this opposed motion to expedite briefing on Samsung's Motion to Strike Certain Opinions offered by Dr. Richard D. Wesel or, alternatively, to extend the deadline for rebuttal expert reports until two weeks after the Court issues its Orders on Headwater's previously filed motion to amend its infringement contentions, D.I. 127, and Samsung's concurrently-filed Motion to Strike.

Headwater continues to engage in trial by ambush. Two days before the close of fact discovery, Headwater filed a motion to amend its infringement contentions to accuse Samsung's ▓▓▓▓▓▓▓▓ a feature Headwater knew, or should have known, about since April 2023. D.I. 147; D.I. 159. While the Court has not granted or denied Headwater's motion to amend its infringement contentions, Dr. Wesel nevertheless accused ▓▓▓▓▓▓▓▓ of infringing the Asserted Patents in his opening report.

1

Now, two weeks *after* the close of fact discovery, Headwater's technical expert, Dr. Wesel, attempts to inject even more new infringement theories and products into the case. Despite knowing about ▬▬▬▬▬▬▬▬▬▬▬ feature since last year, and knowing about "Samsung's Network Policy mechanism," which utilizes publicly available Network Policy Manager files, since before the filing of the Complaint, Headwater did not accuse those features in its infringement contentions. Nor did Headwater attempt to add them to this case when it filed its motion to amend the infringement contentions on March 12, 2024. Rather, Headwater laid in wait, accusing these features of infringement for the first time in Dr. Wesel's March 29, 2024 report on infringement. If that were not enough, Dr. Wesel's report also newly accuses certain features of satisfying patents and limitations where Headwater's infringement contentions never accused those features. Indeed, Dr. Wesel's opinions relating to the '224 patent, for example, only accuse "App Standby" and "Doze" of infringing, despite Headwater's contentions only accusing "Data Saver" and "Power Saving Mode." In other words, there is zero overlap between what Headwater previously accused for the '224 patent, and what Dr. Wesel now accuses for the same patent. These same issues exist for nearly every claim of every patent.

There is no dispute that Headwater failed to set forth the above infringement theories and accusations in its initial infringement contentions. Headwater cannot claim that it was diligent, given that it has known about the newly accused features for a year or more. There is no dispute that permitting Headwater to add new infringement theories for the first time during expert discovery would severely prejudice Samsung, who justifiably relied on Headwater's earlier contentions. And no continuance could possibly cure that prejudice. Thus, Samsung is filing, concurrently herewith, a motion to strike portions of Dr. Wesel's report relating to these new infringement theories.

Samsung submits that expedited briefing is appropriate in view of the close proximity of the approaching April 19, 2024 deadline for rebuttal expert reports, the straightforward nature of the issues presented in Samsung's motion, and the tailored relief sought by Samsung. Moreover, absent the Court's guidance on what infringement theories are properly, or improperly, included in Dr. Wesel's report, Samsung will have no choice but to likely expend hundreds of thousands of dollars and hundreds of hours (both by its experts and its attorneys) responding to infringement opinions that may be stricken.

Counsel for Samsung and Headwater have conferred, and Headwater opposes the expedited briefing requested by Samsung.

Samsung thus respectfully requests that the Court grant this Motion and enter an order shortening the briefing schedule as follows: (1) Headwater's response in opposition to Samsung's Motion to Strike Certain Opinions Offered by Dr. Richard D. Wesel is due on or before April 8, 2024, and (2) no further briefing is allowed.

Alternatively, Samsung respectfully requests that the Court extend the deadline for serving rebuttal expert reports until two weeks after the Court issues its Orders with respect to Headwater's previously filed motion to amend its contentions, D.I. 127, and Samsung's Motion to Strike Certain Opinions Offered by Dr. Richard D. Wesel, and order the parties to work together to adjust additional deadlines as necessary. Doing so would allow the parties to address only unstricken opinions and avoid the need to spend substantial time and resources rebutting opinions that may be stricken.

Dated: April 2, 2024 Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

4

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland

jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on April 2, 2024.

> */s/ Jared Hartzman*
> Jared Hartzman

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on April 1, 2024 and April 2, 2024.  The parties were unable to reach agreement as to Samsung's requested relief.

> */s/ Jared Hartzman*
> Hared Hartzman

