**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF IMPROPERLY REDACTED AND WITHHELD DOCUMENTS**

Headwater's Opposition (Dkt. 167, "Opp.") once again underscores why Samsung's motion was necessary, as Headwater has now: (i) agreed to produce unredacted copies of ███████████████████████████████████████████████████████████████████ ████; and (ii) withdrawn protection assertions (privilege/work product/common interest) as to communications with third party ████████.

Yet substantial issues remain as to Headwater's waiver as to ████████████████ ████████████████████. Dr. Raleigh repeatedly testified that ████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████. Dr. Raleigh repeatedly testified about ████████████████████████████████████ ████████ without objection from counsel, and with express recognition that the disclosed information came from attorney analysis. Yet Headwater now refuses to provide discovery into this ██████████████████. It cannot do so. Samsung respectfully asks the Court for the relief sought herein.

I. **HEADWATER AGREES TO PRODUCE UNREDACTED COPIES OF THE AT-ISSUE ██████████████████**

Headwater says it will produce the ███████████████████████████████████ ████████████ with the "information requested by Samsung left unredacted" if "Samsung [agrees] that such production is not a waiver nor evidence of waiver of any privilege." Opp. at 8. Samsung agrees. Once Headwater produces these unredacted copies, the issues as to these three documents will be moot, and Samsung therefore does not address Headwater's (incorrect) arguments that these ████████████ are irrelevant and protected. *Id.* at 2-3. Should Headwater not produce wholly unredacted versions of these documents, Samsung reserves the right to rebut Headwater's incorrect relevance and protection arguments in supplemental briefing and/or at the

1

hearing. Further, Samsung requests the opportunity to supplement its expert reports to address these late produced documents.

II. **HEADWATER WITHDRAWS ITS COMMON INTEREST ASSERTION AS TO ███████; SHOULD PRODUCE PREVIOUSLY WITHHELD DOCUMENTS**

Headwater incorrectly claims that it has not asserted common interest as to ███████. Headwater currently asserts common interest as to three logged communications with ███████ (Ex. A), the history of which is informative (as laid out in pending briefing (Dkt. 100 at 4-6)):

(i) In January 2024, after Headwater produced its initial privilege log, Samsung identified four logged communications with ███████ that Headwater withheld as privileged and work product but for which it did not assert common interest. *Id.*

(ii) In response, Headwater: (a) produced one of the four logged ███████ documents, previously improperly withheld; (b) asserted common interest as to three remaining logged ███████ documents; and (c) produced a common interest agreement with ███████. *Id.*

(iii) In fact, Headwater said that its communications with ███████, another third party, were "privileged, for at least similar reasons" that Headwater allegedly shared a common interest with "███████ and ItsOn." *Id.*

However, Headwater now states: "Headwater ***does not contend, and has not contended***, that Headwater and ███████ shared a common legal interest through the anticipated future enforcement of Headwater's patents." Opp. at 5 (emphasis added). It appears Headwater is withdrawing its prior common interest assertion as to the three ███████ communications it previously withheld on this basis. Given this recission, Samsung requests that the Court order Headwater to produce these three communications (*see* Ex. A) and further requests the opportunity to supplement its expert reports to address these late produced documents.

2

### III. HEADWATER HAS WAIVED ANY PROTECTION AS TO ███████ ███████ WHICH IS RELEVANT

#### A. Dr. Raleigh Disclosed Protected Communications about the ███████ ███████

The issue is simple: Dr. Raleigh testified—repeatedly, without objection from counsel—about material it claims is protected from disclosure, waiving any protection over the same. Headwater's attempts to overcomplicate this simple issue are unavailing.

*First,* Headwater claims that Dr. Raleigh's disclosures were too narrow or general to waive protection. Headwater is wrong. As laid out in Samsung's motion, Headwater testified about the ███████. Mot. at 3-5. Naturally, Samsung requested "the production of any of the ███████ ███████." Mot. at 4. Headwater's claim that Dr. Raleigh must have disclosed "who" the attorneys were and exactly "when" the communications happened to waive protection (Opp. at 7) is without merit.

*Second,* Headwater's claim that Dr. Raleigh's disclosures were not intentional likewise fails. As laid out in Samsung's brief, Dr. Raleigh testified about the ███████ ███████. He did so repeatedly. He did so without objection. And he confirmed his awareness by testifying that this information (███████ ███████) was "based on attorneys' analysis of ███████. ███████ ███████ ███████." Mot. at 5. This is not a case where a witness inadvertently testified about an accidentally produced document introduced at a deposition. Rather, Dr. Raleigh elected to testify about knowingly protected information. This is intentional waiver.

3

*Third*, Headwater claims Dr. Raleigh's selective disclosure is not "unfair." Opp. at 7. Again, not so. It is the epitome of unfairness to: (i) allow plaintiff to testify that, per attorney discussion and analysis, a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ii) allow plaintiff's damages expert to rely on this testimony (as here[1]); (iii) potentially allow plaintiff to testify about this significantly ▇▇▇▇▇▇▇▇▇▇ at trial to influence the jury (as may happen here); and yet (iv) refuse to produce the documents underlying/substantiating this ▇▇▇▇ so one may understand how this ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and/or validate plaintiff's testimony (as here).

*Fourth*, Headwater states that even if Dr. Raleigh waived protection, it "has searched for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ documents and represents that it is not aware of and has not located any." Opp. at 9. Respectfully, Samsung is concerned. Is Headwater stating that ***not one*** single email or document exists where Headwater/its counsel ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Even if these discussions were "often not in writing," as Dr. Raleigh states, the dearth of any such written thoughts between client and counsel belies common sense. Indeed, Headwater logs more than 70 communications with ▇▇▇▇ in 2020, the year the ▇▇▇▇▇▇▇ was executed (February 10, 2020). *See* Dkt. 100-18. That same year, Headwater also logs more than 100 emails with its counsel sans an ▇▇▇▇ sender/recipient. *See* Dkt. 100-11. Is Headwater asserting that none of these communications dealt with the ▇▇▇▇▇▇▇▇▇▇▇▇?

---

[1] Kennedy Report at 65-66, ¶¶200-202, citing Raleigh Dep. (3/8/2024) at 313:9-315:25; 351:10-352:5 (stating that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇)

4

B. The ▮▮▮▮▮▮▮▮▮▮ is Relevant

Headwater next says that the ▮▮▮▮▮▮ was not relevant ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Opp. at 8. Headwater is wrong, as the case on which it relies—*Smart Path Connections, LLC v. Nokia Corp.*, No. 222CV296JRGRSP, 2024 WL 1075456 (E.D. Tex. Mar. 12, 2024)—is factually distinguishable. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In other words, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

*See* Exs. B, C. Under the minimal relevance standard, Headwater's irrelevance arguments as to ▮▮▮▮▮▮▮▮ (a mere on sentence in its opposition) should be rejected.

Should the Court order production of these documents, Samsung requests the opportunity to supplement its expert reports to address the same.

IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion and compel production of the requested materials.

Dated: April 10, 2024                     Respectfully submitted,

By: /s/ *Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice*)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000

6

Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 10, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish