# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONIC CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

## JOINT REPORT OF RESULTS OF MEET AND CONFER REGARDING MOTION SET FOR HEARING

Pursuant to the Paragraph 9(d) of the Court's Discovery Order (Dkt. No. 56), the parties respectfully submit this joint report regarding the results of their subsequent meeting among the parties' lead and local counsel.

On April 19, 2024, the parties' lead and local counsel, Marc Fenster, Chris Bunt, Ruffin Cordell, and Melissa Smith, met via Zoom to discuss the motions set for hearing before the Court on April 24, 2024. *See* Dkt. Nos. 88, 96, 99, 100, 113, 116, 136, 137. As detailed below, the parties agreed that certain of the disputes at issue in those motions have been resolved, narrowing the scope of disputes that remain for the Court's adjudication.

**I.     [Dkt. No. 114] Samsung's Motion to Compel Regarding Krista Jacobsen (filed in N.D. Cal., transferred to this Court as No. 2:24-mc-0003):**

   A.   Per the Court's direction at the March 14, 2024 hearing, the parties have each selected for *in camera* review five entries from each of the four categories of entries on Jacobsen's privilege log that remain in dispute.

   B.   The parties will deliver to the Court paper copies of the forty selected entries for the Court's reference in conducting its review. Jacobsen's counsel will also bring to the hearing electronic copies of all documents in the four categories in dispute.

**II.    [Dkt 88] Samsung's Motion to Compel Production of Documents Regarding Headwater's Patent Portfolio Sale Negotiations with Third Parties**

   A.   Headwater represents that it has produced all responsive non-privileged documents concerning the subject matter of this motion.

   B.   The parties continue to dispute Headwater's withholding of many responsive documents under the assertion of privilege pursuant to the common interest doctrine.

**III.   [Dkt 96] Samsung's Motion to Compel Withheld Responsive ESI**

   A.   The parties have not yet been able to resolve the disputes at issue in this motion, but the parties will continue to communicate in advance of the scheduled hearing in an effort to narrow or resolve the issues.

**IV.    [Dkt 99] Headwater's Motion to Compel Analyses of Battery Savings Benefits**

   A.   In addition to Samsung's representations made in briefing and correspondence, Samsung represented on April 22, 2024, that it is not withholding any relevant and responsive documents at issue in this motion, but that the third-party

        vendors/agencies Samsung hired to perform its surveys and studies may have the underlying data Headwater seeks.

    B.    The parties continue to dispute Samsung's failure to produce the underlying data.

V.    **[Dkt. No. 100] Samsung's Motion to Compel Production of Documents Withheld under Improper Assertions of Privilege, Work Product, and Common Interest and for Headwater to Cure Its Deficient Privilege Log**

    A.    The following aspects of Samsung's motion remain in dispute for the Court's adjudication:

        1.    Communications with InterDigital withheld as privileged pursuant to the common interest doctrine (*see* Dkt. No. 100. at § IV.C.1);

        2.    Communications with ItsOn withheld as privileged (i) pursuant to the common interest doctrine and (ii) on behalf of a defunct entity (*see id.* § IV.C.2 and D); and

        3.    Communications with Verizon withheld as privileged pursuant to the common interest doctrine (*see id.* § IV.B).

    B.    The parties have resolved all other issues in Samsung's motion.

VI.    **[Dkt 113] Headwater's Motion to Compel Battery Testing Evidence**

    A.    In addition to Samsung's representations made in briefing and the record, Samsung represented on April 23, 2024, that it is not withholding any relevant and responsive documents at issue in this motion, and that Samsung does not conduct internal testing for any of the accused features for any of the Accused Products.

    B.    The parties continue to dispute Samsung's failure to produce testing performed for any of the accused features, irrespective of whether they are tested specifically for the U.S. Accused Products because testing of the accused features is relevant regardless of what specific Samsung device is under test.

VII.    **[Dkt 116] Samsung's Motion 1) to Compel Re-Production of Clawed Back Document and 2) to Order that Headwater Waived Privilege as to its Pre-Suit Communications with Counsel re Suing Samsung**

    A.    Based on Headwater's subsequent production of the clawed-back document, the parties have resolved that aspect of this motion (*see* Dkt. No. 116 at § IV.A), which the parties agree is now moot.

    B.    The parties have not been able to resolve the second aspect of this motion, concerning the alleged waiver of privilege regarding any decision not to sue Samsung in 2016-2018 (*see id.* at § IV.B), and that dispute remains for the Court's adjudication.

VIII.   **[Dkt 136] Samsung's Motion to Compel Documents, Discovery Responses**

   A.   Based on Headwater's subsequent supplementation of its discovery responses, the parties have resolved the aspects of Samsung's motion concerning Interrogatory Nos. 27, 29, 33-34, and 40 and Requests for Admission 30-31 and 33-38, which the parties agree are now moot.

   B.   The parties have not been able to resolve the aspects of this motion concerning Interrogatories 18-21, 28, 30-32, and 38-39, which remain for the Court's adjudication.

IX.   **[Dkt 137] Samsung's Motion to Compel re Late Produced Redacted Document**

   A.   Based on Headwater's subsequent production of unredacted and less-redacted copies of various documents, the parties have resolved the aspects of this motion concerning Headwater's interactions with Fortress, Centerbridge, and Validity (*see* Dkt. No. 137 at § IV.A.), which the parties agree are now moot.

   B.   The parties have been unable to resolve the aspect of this motion concerning InterDigital (*see id.* at § IV.B.), which remains for the Court's adjudication.

Respectfully submitted,

By:   */s/ Jason Wietholter*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter

CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

By: */s/Noah C. Graubart*
  Ruffin B. Cordell
  TX Bar No. 04820550
  cordell@fr.com
  Michael J. McKeon
  D.C. Bar No. 459780
  mckeon@fr.com
  Indranil Mukerji
  MA Bar 644059
  mukerji@fr.com
  Stephen A. Marshall
  D.C. Bar No. 1012870
  smarshall@fr.com
  FISH & RICHARDSON P.C.
  1000 Maine Ave SW
  Suite 1000
  Washington DC, 20024
  Telephone: (202) 783-5070
  Facsimile: (202) 783-2331

  Leonard E. Davis
  TX Bar No. 05521600
  ldavis@fr.com
  FISH & RICHARDSON P.C.
  1717 Main Street, Suite 5000

- 6 -

Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Noah C. Graubart
Georgia Bar No. 141862
graubart@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

**COUNSEL FOR SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 23, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jason Wietholter*
Jason Wietholter
