IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Headwater Research LLC's Motion to Amend Infringement Contentions. (**Dkt. No. 127**.) Headwater seeks to add infringement accusations against an "AppFreezer" feature on previously accused Samsung devices. (*Id*.) The Court **DENIES** the Motion as provided below.

**I. BACKGROUND**

In April 2023, Headwater served Samsung with interrogatories requesting identification of product features that "control network access for foreground, background, or sleeping applications" and identification of any alleged Non-Infringing Alternatives. (Mot. at 1-2.) Later that month, Samsung produced two documents, including one discussing "AppFreezer," and two source code laptops that included code for "AppFreezer." (Opp. at 3.) Samsung alleges Headwater did not review the source code until July 2023. (*Id*.)

In October of 2023, Headwater wrote Samsung regarding alleged discovery deficiencies regarding Samsung's identification of product features. (Mot. at 1-2.)

In December 2023, Headwater notified Samsung that its production relating to "GCM AppFreezer" was deficient. (*Id*.) Samsung objected to Headwater's request at this time, identifying "AppFreezer" and others as "potential third-party applications." (*Id*. at 3.) By this time, Samsung had

produced many more documents relating to AppFreezer. (Opp. at 3.)

In January 2024, Headwater again notified Samsung of alleged deficiencies and contested Samsung's characterization of AppFreezer. (Mot. at 1-2.)

On February 2, 2024, Samsung again supplemented its interrogatory response removing reference to AppFreezer as a third-party application and identified it as a Samsung feature and asserting it as a non-infringing alternative. (*Id*. at 3-4.) On February 14, 2024, Samsung began producing additional documents, including those related to AppFreezer. (*Id*. at 4.) At the same time Headwater conducted in-person source code review. (*Id*.)

On February 28-29 and March 6-7, 2024, Headwater took the deposition of two Samsung 30(b)(6) witnesses, both of whom provided additional information regarding AppFreezer. (*Id*. at 4-5.)

Headwater brought this Motion shortly thereafter on March 12, 2024. The deadline to complete fact discovery had just been extended to March 15, and the opening expert reports were due March 29, 2024.

## II. APPLICABLE LAW

"A party claiming patent infringement must serve on all parties" infringement contentions. P.R. 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the

untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

### III. ANALYSIS
#### A. DILIGENCE

Headwater contends it was only recently that it obtained discovery needed for it to prepare its infringement contentions against AppFreezer. (Mot. at 6-14.) First, Headwater contends its proposed amendment relies on documents, source code, and Rule 30(b)(6) deposition testimony not available until late February and March of this year. (*Id*. at 7.) Headwater points to test reports, log files, and documents providing illustrations of examples as relied upon by the proposed amendment. (*Id*.) Headwater further points to deposition testimony about the use, operation, and triggering of AppFreezer and discussion of a "firewall chain" showing selectively blocking or allowing access. (*Id*.) Headwater argues that while Samsung produced a small number of AppFreezer documents early in this case, they did not contain the same detail as the documents Headwater now has. (*Id*.)

Headwater further contends its delay in providing this amendment is the fault of Samsung. (*Id*. at 9.) Headwater contends it has diligently pursued discovery on AppFreezer since the beginning of this case and that because AppFreezer is non-public its only avenue for discovery was Samsung. (*Id*.) Headwater complains that Samsung waited until February 2, 2024 before identifying the AppFreezer feature despite being served interrogatories for which it was responsive in April 2023. (*Id*. at 10.) Headwater contends this ten-month delay is thus squarely the fault of Samsung and should not be imputed to it for concerns regarding this factor. (*Id*.)

Samsung disagrees. (Opp. at 8-13.) First, Samsung argues Headwater possessed both technical documents and source code for Samsung's "AppFreezer" as early as April 2023. (*Id*. at 8.) Samsung contends that it was Headwater's failure to seek further discovery until January of 2024 that is to blame. (*Id*. at 9.) Samsung argues that had Headwater reviewed the documents or source code produced in April

3

2023 it would have discovered the AppFreezer functionality and could have timely sought additional discovery and amendment. (*Id*. at 9-10.)

Samsung further faults Headwater for choosing to depose Samsung engineers only in February and March of 2024. (*Id*. at 12.) Samsung contends Headwater knew of these deponents and their relevance as early as April 2023 but did not notice either for deposition until January 31, 2024. (*Id*.) Samsung alleges that this, as well as Headwater's admission that it knew of the AppFreezer features as of January 17, 2024, demonstrate Headwater did not need to delay its amendment until after the depositions. (*Id*.)

The Court finds this factor weighs against Headwater. It is apparent that neither party fully appreciated the importance of AppFreezer until late in discovery. While Samsung produced information on the functionality as early as April 2023, neither Headwater nor Samsung noticed its importance for either of their cases until at least December 2023. Samsung's failure to ascertain the importance of AppFreezer until Headwater pushed for additional discovery does not, in this case, shift the fault to Samsung. Headwater's own late discovery requests demonstrate a lack of diligence by Headwater.

### B. IMPORTANCE

Headwater contends its amendment is important since it goes to infringement. (Mot. at 14.) In particular, Headwater contends that it will rebut Samsung's assertion that AppFreezer is a Non-Infringing Alternative by showing infringement, but that without this amendment it will be unable to seek damages. (*Id*.)

Samsung argues Headwater's amendment is of low importance. (Opp. at 13.) Samsung argues Headwater's new theory adds no new products to the case and in light of five other accused features, it adds little overall. (*Id*.)

The Court agrees, broadly, that an infringement assertion is important. However, the Court is not persuaded by Headwater's further argument. That it might have to show infringement to rebut a non-infringing alternative but be unable to request damages for such a showing, does not demonstrate greater

4

importance than any other infringement assertion. This factor weighs moderately in favor of the motion.

### C. PREJUDICE

Headwater next argues that Samsung is not prejudiced, but if it is, the fault is Samsung's. (Mot. at 15.) Headwater notes Samsung will already be preparing a non-infringement position for AppFreezer since Samsung contends it is a non-infringing alternative. (*Id.*) Headwater argues this likewise covers damages as Samsung appears prepared to discuss the financials of AppFreezer. (*Id.*) Last, Headwater argues no additional discovery is needed and as provided above, any delay is the fault of Samsung, so its prejudice on this point should be discounted. (*Id.*)

Samsung contends it would be severely prejudiced by this late addition. (Opp. at 14-15.) Samsung contends it relied on Headwater's earlier contentions to prepare its case strategy and claim construction positions. (*Id.*) Samsung contends that it would need to prepare additional invalidity contentions in light of the amendment and was prevented from the discovery necessary to explore Headwater's infringement theory, and ability to seek depositions, interrogatories, or admissions that it might have otherwise. (*Id.*)

Amendments to infringement contentions at the close of discovery are inherently prejudicial. While Headwater raises a somewhat novel argument as to why Samsung is not prejudiced, it ultimately underlines the prejudice caused. Samsung prepared its case with the understanding that AppFreezer was not an accused instrumentality, with that understanding Samsung prepared a non-infringing alternative argument using AppFreezer. To allow this change would fundamentally alter Samsung's position. Headwater's late amendment is disruptive to Samsung's case and this factor weighs against granting Headwater's motion.

## IV. CONCLUSION

As Headwater has shown little diligence and Samsung is materially prejudiced, the Court finds a lack of good cause and **DENIES** Headwater's Motion.

**SIGNED this 25th day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE