# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:22-cv-00422-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSED MOTION TO EXCEED PAGE LIMITS ON A MOTION TO STRIKE OPINIONS BY SAMSUNG'S INFRINGEMENT AND INVALIDITY EXPERT, DAN SCHONFELD, PH.D.**

i

Plaintiff Headwater Research LLC ("Headwater") respectfully submits this motion to exceed page limits on a motion to strike opinions by Samsung's infringement and invalidity expert, Dan Schonfeld, Ph.D. Headwater has conferred with the above-captioned Samsung Defendants' (collectively "Samsung") and they oppose this request.

Samsung's technical expert, Dr. Schonfeld, submitted two expert reports in this case: (i) a 630-page Opening Report on invalidity issues and on non-infringing alternatives dated March 29, 2024, and (ii) a 316-page Rebuttal Report on non-infringement and claim construction dated April 19, 2024. Dr. Schonfeld's reports address more issues than is typical for one expert and merit additional pages, especially the new claim construction arguments. Headwater is currently limited to filing one Motion to Strike totaling fifteen (15) pages. Headwater seeks to exceed this limit by filing a twenty-five (25) page Motion to Strike pertaining to Dr. Schonfeld's reports.

***First***, Headwater intends to move to strike Dr. Schonfeld's **new claim construction opinions** in his rebuttal report on non-infringement. Headwater respectfully requests fifteen (15) pages to address Dr. Schonfeld's improper claim construction opinions, and his non-infringement positions premised on these new constructions. Dr. Schonfeld's new claim construction opinions are based on misquoting statements from *Inter Partes* Review proceedings on the patents-in-suit. Headwater seeks additional pages to respond to each new claim construction argument.

For example, Dr. Schonfeld's report advances at least three new claim constructions *just for the '976 patent* premised on statements he misquotes and misrepresents from Headwater's '976 POPR. Dr. Schonfeld argues for **two** new claim constructions of '976 patent, limitation 1[f] (*e.g.,* one proposed construction requiring that the phrase "exclusively in WWAN mode" be added to the claims to further limit the claimed "differential traffic control policy", and another proposed construction requiring that the term "disallow" be construed) and also argues for new claim

1

constructions of '976 patent, limitation 1[h]-1[i] (also using Headwater's '976 POPR). *See* Ex. 1 to the Attorney Declaration Filed Concurrently Herewith (4/19/24 Rebuttal Expert Report of Dan Schonfeld, Ph.D.), ¶¶ 332-338, 342-343, 376-377, 384; *id.* ¶¶ 387-389 ("disallow" in 1[f]), 397-398 ("WWAN" in 1[h]-[i]). Dr. Schonfeld also argues non-infringement for many limitations that Samsung had indicated it was not disputing, further exacerbating the prejudice to Headwater.

Headwater seeks fifteen (15) pages to show that the new opinions in Dr. Schonfeld's rebuttal report are claim construction arguments and to illustrate that they are untimely, highly prejudicial, improper jury arguments, and wrong on the merits. Dr. Schonfeld selectively misquotes and excerpts statements from the IPRs to support his proposed constructions, which necessitates that Headwater use additional pages to respond to his theories of disclaimer of claim scope. In fact, Dr. Schonfeld's proposed constructions contradict Samsung's positions on claim scope. And nothing Headwater said in the IPRs meets the standard for a narrowing construction.

***Second***, Headwater intends to move to strike Dr. Schonfeld's invalidity opinions and non-infringing alternative opinions under F.R.E. § 702 and under F.R.C.P. 26 and 37. Headwater respectfully requests that it be granted ten (10) pages to address these issues from Dr. Schonfeld's 630-page opening report. Dr. Schonfeld makes claims about the technical operation of confidential, closed source software applications. However, Dr. Schonfeld has never seen this confidential, closed source software. And no party has produced this confidential source code for review in this case. Dr. Schonfeld's opening report also improperly speculates that Headwater had an intent to deceive the USPTO without a factual basis. It also addresses several non-infringing alternatives that Samsung failed to disclose in a timely manner during fact discovery. Headwater respectfully requests that it be granted ten (10) pages to address these myriad issues with Dr. Schonfeld's Opening Report, which it will address in the Motion to Strike totaling 25 pages.

2

Dated: April 26, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on April 26, 2024, counsel for Headwater met and conferred with counsel for Samsung regarding the requested relief in compliance with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference was conducted on April 26, 2024 and the Parties were unable to reach agreement to Headwater's requested relief.

/s/ *Marc Fenster*
Marc Fenster