IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS
TO STRIKE**

Pursuant to this Court's Standing Order on the Number of Motions to Strike Expert Testimony (Including Daubert Motions) Filed in Civil Cases Assigned to Judge Rodney Gilstrap in the Marshall and Texarkana Divisions, dated August 25, 2023 ("the Standing Order"), Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") respectfully move for leave to exceed the limit on the number of motions to strike. Specifically, Samsung seeks leave to file one additional motion to strike relating to Headwater's expert Dr. Andreas Groehn and one additional motion to strike relating to Headwater's expert Mr. David Kennedy. Headwater opposes this motion.

On April 22, 2024, Headwater served—improperly, without leave, and contrary to the Court's DCO—two amended reports from Headwater's experts Dr. Groehn and Mr. Kennedy, purporting to merely correct errors, but which actually respond directly to Samsung's experts' criticisms and treble Headwater's damages demand. To address Headwater's untimely, improper amended reports, Samsung was required to file a motion to strike Dr. Groehn and Mr. Kennedy's late disclosures. *See* Dkt. No. 196 (filed April 24, 2024). Samsung was required to file promptly because the parties' damages-related experts were scheduled to be deposed throughout the week immediately following Headwater's untimely disclosures. Proceeding with the expert depositions would have prejudiced Samsung's experts' abilities to fully respond to the new opinions, as well as Samsung's ability to fully depose Dr. Groehn and Mr. Kennedy on the new opinions. Samsung's already-filed motion seeks only to exclude the improper, substantial revisions Dr. Groehn and Mr. Kennedy offer as untimely and in violation of the Court's DCOs. Samsung has not yet had the opportunity to challenge the reliability and admissibility of the substance of Dr. Groehn's and Mr. Kennedy's opinions offered in each expert's original opening reports served on March 29, 2024. Under the current DCO, motions to strike are due May 10, 2024. The deadline is two weeks

from filing of the present request, making Samsung's request timely.  *See* Standing Order at 2.

In the past, the Court has permitted parties to file one motion to strike per expert absent leave to file additional motions based on a showing of good cause. *See, e.g., Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842064, at *4 (E.D. Tex. Mar. 17, 2009) (the Court "would only permit one motion to strike expert testimony absent leave"); *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447, 2014 WL 12775670, at *2 (E.D. Tex. Oct. 20, 2014) (parties "may file no more than one motion to exclude each expert absent a showing of good cause").  In more recent proceedings, the Court has granted parties leave to file one motion to strike per expert report.  *See, e.g., Netlist, Inc., v. Samsung Electronics Co., Ltd et al.,* No. 2:21-CV-463, Dkt. No. 384 (Mar. 16, 2023) (grant motion for leave to file one motion to strike per expert report); *G+ Communications, LLC v. Samsung Electronics Co. Ltd. et al.,* No. 2:22-CV-78, Dkt. No. 257 (Aug. 24, 2023) (granting motion for leave to file one Daubert per expert report).

Here, Samsung respectfully submits good cause exists to permit Samsung to file one additional motion to strike regarding Dr. Groehn's opinions and one additional motion to strike regarding Mr. Kennedy's opinions.

First, Samsung's additional motions to strike Dr. Groehn and Mr. Kennedy will not be duplicative or overlapping of its prior motion.  Samsung's prior motion to strike raised a discrete argument of untimeliness (and resulting prejudice) relating to Headwater's experts' revised, corrected reports served on April 22, 2024.  Samsung now seeks leave to file one additional motion per expert addressing the substance of Dr. Groehn's and Mr. Kennedy's opening reports that were served on March 29, 2024.  As explained in Dkt. No. 196, Dr. Groehn's and Mr. Kennedy's corrected reports are effectively improper sur-rebuttal expert reports because the corrected reports

3

were solely prompted by and respond directly to issues raised in Samsung's experts' rebuttal reports. Sur-rebuttal expert reports are not permitted or contemplated by the Court's DCO. Thus, Samsung's request here is analogous to prior requests to file one motion per expert ***report*** viewing Dr. Groehn and Mr. Kennedy's corrected reports effectively as separate sur-rebuttal reports. *See, e.g., Netlist, Inc.,* Dkt. No. 384; *G+ Comm's.,* Dkt. No. 257.

Second, Samsung should not be precluded from raising substantive concerns that two of Headwater's experts' opinions fail to satisfy the requirements of Fed. Rule Evid. § 702 because Headwater improperly served untimely amendments, which necessitated Samsung's early motion to strike the untimely amendments. Samsung has not yet had the opportunity to raise any of its numerous concerns regarding issues of sufficiency of facts or data, reliability of principles and methods, or application of same to the specific facts of the present case presented by Dr. Groehn and Mr. Kennedy's opinions offered in the March 29, 2024 opening reports. Headwater cannot be permitted to deprive Samsung of the ability to raise such evidentiary objections to the admissibility of experts' opinions through improper actions that violate the Court's DCO.

Third, Samsung's motions will not unduly burden the court or party resources. Samsung will comply with all page-limit requirements. Samsung will endeavor to streamline its presentation of the issues in any additional motions, and will not retread any factual or background information already presented in its earlier motion. The Court has also granted expedited briefing on Samsung's prior motion, which will further assist in quickly resolving and minimizing Court and party resources required by the prior motion.

For the foregoing reasons, Samsung respectfully requests leave to file one additional motion to strike regarding Dr. Groehn's opinions and one additional motion to strike regarding Mr. Kennedy's opinions as offered by Headwater in this matter.

Dated: April 26, 2024    Respectfully submitted,

By: /s/ Sara C. Fish
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

5

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on April 26, 2024 by telephone conference. The parties were unable to reach agreement as to Samsung's requested relief.

*/s/ Sara C. Fish*
Sara C. Fish

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 26, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Sara C. Fish*
Sara C. Fish