IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN
OPINIONS OFFERED BY DR. RICHARD D. WESEL**

## **TABLE OF CONTENTS**

I. HEADWATER CONCEDES THAT IT IS ACCUSING SAMSUNG'S ▮▮▮▮▮ ▮▮▮▮▮▮ FEATURE FOR THE FIRST TIME IN THE WESEL REPORT ............ 1

II. THE WESEL REPORT IS INCONSISTENT WITH THE CONTENTIONS .................... 2

    A. The '976 Patent ................................................................................................ 2

    B. The Remaining Asserted Patents ..................................................................... 3

    C. Paragraphs Touching on Both Accused and Unaccused Features .......................... 4

    D. The Parties Met and Conferred ....................................................................... 4

III. "SAMSUNG'S NETWORK POLICY MECHANISM" ...................................................... 5

IV. CONCLUSION .................................................................................................................. 5

**\*All emphasis and annotations added unless otherwise noted**

## I. HEADWATER CONCEDES THAT IT IS ACCUSING SAMSUNG'S ███ ███ FEATURE FOR THE FIRST TIME IN THE WESEL REPORT

Headwater makes no attempt to show that its infringement contentions accused Samsung's ███ feature.[1] *See* D.I. 178, 2-3. Rather, Headwater argues that it can accuse the ***Samsung-developed*** ███ ***feature*** for the first time via the Wesel Report—without leave of Court—simply because its infringement contentions previously accused the ***Google-developed Data Saver feature***, which could be used while roaming. *See id.*, 2 (arguing that the contentions stated, "***Data Saver*** . . . is especially useful when roaming." (quoting D.I. 165-3, 23, 41)). Headwater's argument defeats the purpose of P.R. 3-1 (i.e., notice), and should be rejected.

Even accepting Headwater's vague assertions that the "███ ███" *id.*, they are indisputably different features, developed by different companies, at different times. Ex. B, ¶¶ 104, 128. This was confirmed by Samsung's 30(b)(6) witness, Mr. Kim, and Headwater's expert:

- "**Data Saver** is required by **Google**." D.I. 165-10, ¶ 81.
- "**Samsung** created ███[.]" D.I. 165-10, ¶ 82.
- "[███] was ... developed by **Samsung**." Ex. C, 121:14-122:2.
- "[**Data Saver**] was developed by **Google**." Ex. C, 225:17-20.

Headwater's opposition even includes separate power point slides for Google's "Data Saver" and Samsung's ███ features. *See* D.I. 178, 14-15.

Contrary to Headwater's attorney-argument, Dr. Wesel does not use ███ as "additional proof that the charted 'Data Saver' feature infringes." *Contra* D.I. 178, 2. Rather,

---

[1] Nor could it. During the deposition of Headwater's 30(b)(6) witness, Samsung represented—without objection from Headwater's counsel—that, based on Headwater's contentions, Samsung's ███ was not accused. Ex. A, 145:24-146:8. Then, after a break in the deposition during which Dr. Raleigh admittedly spoke about the substance of his testimony with counsel, Dr. Raleigh explained ███ ███. *Id.*, 273:14-275:23.

1

he separately accuses Samsung's ▮▮▮▮▮ and Google's Data Saver of infringement. *Compare* D.I. 165-10, §II.A (identifying Google's Data Saver as accused feature), *with* §II.B (identifying Samsung's ▮▮▮▮▮ as accused feature). Headwater's validity expert agrees. Ex. D, ¶ 1377 (stating that Dr. Wesel *does* accuse ▮▮▮▮▮). Because Headwater does not dispute that its contentions failed to accuse ▮▮▮▮▮ of infringement, Samsung respectfully requests that the Court strike the paragraphs from the Wesel Report listed in Ex. J, D.I. 165-11, accusing "Samsung's ▮▮▮▮▮ of infringement.[2]

## II. THE WESEL REPORT IS INCONSISTENT WITH THE CONTENTIONS

### A. The '976 Patent

For the Asserted Patents in which Headwater sought to accuse "Power Saving Mode" of infringement, Headwater's infringement contentions clearly, and unambiguously, stated as much:



*See* D.I. 165-02 at 1; D.I. 165-04 at 1; D.I. 165-06 at 1; D.I. 165-08 at 1; D.I. 165-09 at 1.

---

[2] At a minimum, any discussion of Samsung's ▮▮▮▮▮ should be stricken from ¶¶ 194, 710, 947, 1228, 1961, 2247, which—according to Headwater—only "mentioned ▮▮▮▮▮ in passing." D.I. 178, 2-3. With respect to ¶ 45, which Headwater alleges relates to its "copying allegations," *id.*, 3, and is being used to compare Samsung's products to non-accused ItsOn products, D.I. 165-10, ¶¶ 43-45, such paragraph should also be stricken for violating this Court's Standard *Limine* Order Nos. 9 (copying) and 18 (comparisons to non-accused products).



Yet, the text of Headwater's *87-page* chart for the '976 patent fails to mention "Power Saving Mode" *even once*. D.I. 165-03. Thus, to persuade the Court that it preserved its allegations against Power Saving Mode, Headwater points to a single picture relating to an entirely separate accused feature (i.e., background usage limits) and which—by happenstance—shows a setting for the unaccused "Power Saving Mode." *Id.*, 34 (above). It is clear from the explanatory text Headwater provided above this image that it relates to the accused "Background Usage Limits" feature, not "Power Saving Mode." *Id.*, 29 (right).[3] Headwater's contentions never accused Power Saving Mode of infringing the '976 patent.

### B. The Remaining Asserted Patents

Despite Headwater's contentions expressly identifying the Accused Products for the '701, '184, '445, '578, and '224 patents as "phones and tablets which implement *Data Saver* and/or *Power Saving Mode*," Section II.A., *supra*, Headwater now claims that it actually accused *App Standby* and *Doze*.[4] There is no dispute that none of those charts mention App Standby or Doze. At best, Headwater argues that Samsung was somehow put on notice about App Standby and Doze

---

[3] Headwater also alleges that its contentions referenced a "power allow list," a "Power Manager API," and a "isIgnoringBatteryOptimizations" function. D.I. 178, 5. Just because Headwater's chart references items that relate to power saving features such as Doze or App Standby, that does not mean Headwater preserved its ability to accuse *unnamed* features, like Power Saving Mode.
[4] Headwater does not address App Standby/Doze for **1[d]**, **[e]**, **[g]**, or **[h]** of the '445 patent, nor any of the individual limitations challenged by Samsung for the '184, '701, '578, or '224 patents.

3

because a webpage mentioning "Battery Saver" (i.e., Power Saving Mode), which *is* accused, D.I. 179-1, along with a second webpage that it links to, D.I. 179-2, happen to also mention App Standby and Doze. D.I. 178, 10. This accusation-by-incorporation argument should be rejected.

With respect to the '433 patent, Headwater concedes that its contentions failed to rely on "Doze" for **1[b]**, but claims this failing is "irrelevant." D.I. 178, 12. Headwater does not dispute that it failed to rely on "Data Saver" for **1[d]-[f]** at all. *Id.* Headwater also implicitly concedes that it failed to accuse "Power Saving Mode" by again relying on the same picture it did for the '976 patent discussed in Section II.A. With respect to the '544 patent, Headwater does not dispute that it failed to chart Doze or Power Saving Mode for **1[b]-[c]**, but nevertheless argues that Dr. Wesel can because Headwater charted those features for **1[d]**. *Id.* These failures are both relevant and informative, as this Court's rules make clear that Headwater's contentions needed to "identify[] specifically where *each element* of each asserted claim is found." P.R. 3-1(c).

## C. Paragraphs Touching on Both Accused and Unaccused Features

As Headwater notes, Dr. Wesel often addresses various features together, D.I. 178, 8, regardless of whether its contentions failed to accuse one or more of them for a given patent, claim, or limitation. Dr. Wesel compounds the problem by repeatedly copy and pasting those co-mingled paragraphs. For the avoidance of doubt, Samsung does not seek to strike discussions of features actually accused in the contentions. Thus, to the extent certain paragraphs identified in Samsung's motion include discussions of multiple features, Samsung requests the Court to—at a minimum—strike the portions of those paragraphs that identify or accuse features Headwater failed to accuse of infringement in its contentions for those patents, claims, or limitations.

## D. The Parties Met and Conferred

Headwater baselessly accuses Samsung of failing to meaningfully meet and confer. D.I. 178 at 3-4. In doing so, Headwater cherry-picks a quote from an email without attaching that email

4

to provide the Court with necessary context. As is evident from the email exchange, Samsung met and conferred with counsel for Headwater twice on this issue—on April 1st and April 2nd. *See* Ex. E at 1, 4-5. Both times, Samsung explained that "for nearly every claim of every patent," "Headwater's contention[s] identified a feature, or set of features, for a specific claim, and Dr. Wesel either expanded, or outright changed which features Headwater was accusing for those claims and patents." *Id.* at 3, 5, 6. Samsung also provided examples for both independent claims and dependent claims where Dr. Wesel's opinions exceeded the bounds of Headwater's contentions in this manner. *Id.* at 3, 5. Headwater's contention that Samsung acted in "bad faith" because it did not expressly identify every single paragraph, limitation, and feature where this issue arose—when Dr. Wesel's report includes **2,479 paragraphs** spanning **1,982 pages** and analyzes **~80 limitations**—should be rejected. The parties met and conferred twice, Headwater refused to withdraw any of Dr. Wesel's opinions (even as to the multiple exemplary opinions that Samsung identified before and during the meet and confers), and an impasse was declared.

## III.   "SAMSUNG'S NETWORK POLICY MECHANISM"

Finally, the Court should reject Headwater's argument that Dr. Wesel's "Network Policy" opinions relate only to code for the accused features. D.I. 178, 13-15. They do not. Instead, as shown to the right, Dr. Wesel is opining that the Network Policy files themselves, lacking any of the accused features (which ***did not even exist*** in Android 4.0), infringe. D.I. 165-10, ¶ 40. This theory, relying on publicly available Network Policy files, without any regard for the accused features, did not exist in Headwater's infringement contentions and should be stricken.

> 40. **Android Version 4.0** of was the first version of Android to include controls for applying differential traffic control policies, including **files such as NetworkPolicy.java, NetworkPolicyManager.java, and NetworkPolicyManagerService.java, which ultimately infringe the claims of the Asserted Patents.** *See, e.g.*, 1/23/2024 Sharkey Tr.;

## IV.   CONCLUSION

Samsung respectfully requests that the Court grant this motion.

5

PUBLIC VERSION

Dated: April 22, 2024                    Respectfully submitted,

                                        By:  */s/ Jared Hartzman*
                                                Ruffin B. Cordell
                                                TX Bar No. 04820550
                                                Michael J. McKeon
                                                DC Bar No. 459780
                                                mckeon@fr.com
                                                Jared Hartzman (*pro hac vice*)
                                                DC Bar No. 1034255
                                                hartzman@fr.com
                                                Joshua Carrigan (*pro hac vice*)
                                                VA Bar No. 96911
                                                carrigan@fr.com
                                                **FISH & RICHARDSON P.C.**
                                                1000 Maine Avenue, SW, Ste 1000
                                                Washington, D.C. 20024
                                                Telephone: (202) 783-5070
                                                Facsimile: (202) 783-2331

                                                Thad C. Kodish
                                                GA Bar No. 427603
                                                tkodish@fr.com
                                                Benjamin K. Thompson
                                                GA Bar No. 633211
                                                bthompson@fr.com
                                                Nicholas A. Gallo (*pro hac vice*)
                                                GA Bar No. 546590
                                                gallo@fr.com
                                                Steffen Lake (*pro hac vice*)
                                                GA Bar No. 512272
                                                lake@fr.com
                                                Sara Fish
                                                sfish@fr.com
                                                GA Bar No. 873853
                                                Noah C. Graubart
                                                GA Bar No. 141862
                                                graubart@fr.com
                                                **FISH & RICHARDSON P.C.**
                                                1180 Peachtree St. NE, Fl. 21
                                                Atlanta, GA 30309
                                                Telephone: (404) 892-5005
                                                Facsimile: (404) 892-5002

                                                Leonard E. Davis
                                                TX Bar No. 05521600

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt

7

        Texas Bar No. 24084579  
        gschmidt@hilgersgraben.com  
        Jon Hyland  
        jhyland@hilgersgraben.com  
        Texas Bar No. 24046131  
        Theodore Kwong  
        tkwong@hilgersgraben.com  
        Texas Bar No. 4087871  
        **HILGERS GRABEN PLLC**  
        7859 Walnut Hill Lane, Suite 335  
        Dallas, Texas 75230  
        Telephone: 469-751-2819

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 22, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman
