**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO
EXCEED PAGE LIMITS ON A MOTION TO STRIKE OPINIONS BY SAMSUNG'S
<u>INFRINGEMENT AND INVALIDITY EXPERT, DAN SCHONFELD, PH.D.</u>**

## I.  GOVERNING RULE LIMITS MOTIONS TO STRIKE TO 15 PAGES

The pertinent local rule, Judge Gilstrap's August 25, 2023, Standing Order on the Number of Motions to Strike Expert Testimony (Including *Daubert* Motions) Filed in Civil Cases Assigned to Judge Rodney Gilstrap In the Marshall and Texarkana Divisions, states that "a party may only file one (1) Motion to Strike per expert witness, ***notwithstanding the number of reports the expert witness may generate and serve***." ("Standing Order on No. of Motions to Strike") (emphasis added). Despite this instruction, Headwater seeks to nearly double the page limit for precisely this reason, pointing to the number of pages Dr. Schonfeld filed in his two reports on invalidity and non-infringement, and incorrectly arguing Dr. Schonfeld has offered claim construction opinions. Headwater's arguments do not form a sufficient basis to exceed this limit for several reasons.

First, Headwater makes note of the page count of Dr. Schonfeld's reports, and states that "Dr. Schonfeld's reports address more issues than is typical for one expert." Headwater Opposed Motion to Exceed Page Limits on a Motion to Strike Opinions by Dr. Schonfeld at 1 ("Mot. to Exceed"). However, Headwater fails to mention that its own expert Dr. Wesel, to whom Dr. Schonfeld's second report rebuts, submitted an opening report totaling over two thousand (2,000) pages, not including appendices, as well as two additional reports. Exhibit A (Expert Report of Dr. Richard D. Wesel Regarding Infringement by Samsung). Despite the fact that Dr. Wesel's report was more than double the length of Dr. Schonfeld's reports combined, Samsung filed its own Motion to Strike within the clear 15-page limit set by this Court. *See* Exhibit B (Samsung's Motion to Strike Certain Opinions Offered By Dr. Richard D. Wesel).

Second, Headwater claims that "Dr. Schonfeld's reports address more issues than is typical for one expert." Mot. to Exceed at 1. Even if this unsupported assertion were true, Headwater fails to establish why the number of issues warrants such a significant departure from this Court's local rules. The Court's limit on motions to strike does not depend on the number of reports an

1

expert witness serves, nor does it depend on the number of issues on which an expert opines in their report(s).  *See* Standing Order on No. of Motions to Strike.

## II. DR. SCHONFELD OFFERS NO CLAIM CONSTRUCTION OPINIONS

Headwater claims that it requires fifteen pages just to address allegedly "new claim construction opinions in [Dr. Schonfeld's] rebuttal report on non-infringement." Mot. To Exceed at 1. However, as explained to Headwater before it filed this Motion, no such opinions exist. Exhibit C (April 26, 2024, Email from S. Fish to Counsel for Headwater).  Dr. Schonfeld simply quotes Headwater's own assertions made in various *Inter Partes* Review ("IPR") proceedings regarding the patents-in-suit and points out clear inconsistencies between Headwater's assertions and the opinions now offered in Dr. Wesel's Opening Report. In the IPR proceedings that Dr. Schonfeld cites, Headwater made clear that claim construction is not necessary. *See, e.g.*, Exhibit D (IPR2023-01253 ('976 Patent) Patent Owner's Preliminary Response ("POPR") at 8 ("The petition states that "Petitioner submits that no formal claim constructions are necessary." Pet. At 2. For purposes of this preliminary response only, Patent Owner agrees that no formal claim construction is necessary.")). As Headwater's assertions in the IPR proceedings discuss only the plain and ordinary meaning of the claim terms, Dr. Schonfeld's citations to and discussion of such assertions are not claim construction. Thus, it is unsurprising that Headwater's Motion provides no actual support for the assertion that Dr. Schonfeld's citations to the POPR constitute claim construction opinions. *See generally* Mot. to Exceed.   Similarly, Headwater provides no support for its apparent position that Dr. Schonfeld is not permitted to identify inconsistencies between Headwater's and Dr. Wesel's applications of the same claim language.

Headwater also accuses Dr. Schonfeld of "misquoting statements from *Inter Partes* Review proceedings, yet Headwater's Motion fails to identify any instance of "misquoting." *See generally* Mot. to Exceed. Nor could it, given that Dr. Schonfeld's quotes are direct excerpts, including

2

accurate pincites, of Headwater's POPRs.  To the extent Headwater contends that Dr. Schonfeld has misinterpreted or misrepresented any Headwater statements from the POPRs, this is an issue relating to credibility of opinions, which is properly addressed through cross-examination at trial and not through a *Daubert* motion.  *See, e.g.*, *Stetson Petroleum Corp. v. Trident Steel Corp.*, 2015 WL 6745958, at *6 (E.D. Tex. Nov. 4, 2015) (denying motion to strike expert opinion because "[i]t is the province of the trier of fact to make determinations of witness credibility") (citing *Daubert* v. *Merrell Dow Pharm., Inc.*,  U.S. 579, 596 (1993)).  Thus, Headwater should not require any additional pages for an issue relating to expert credibility.

For the foregoing reasons, Samsung respectfully requests that the Court denies Headwater's Motion To Exceed Page Limits On A Motion to Strike Opinions By Samsung's Infringement And Invalidity Expert, Dan Schonfeld, Ph.D.

Dated: May 3, 2024                              Respectfully submitted,

By:  */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson  
GA Bar No. 633211  
bthompson@fr.com  
Nicholas A. Gallo (*pro hac vice*)  
GA Bar No. 546590  
gallo@fr.com  
Steffen Lake (*pro hac vice*)  
GA Bar No. 512272  
lake@fr.com  
Sara Fish  
sfish@fr.com  
GA Bar No. 873853  
Noah C. Graubart  
GA Bar No. 141862  
graubart@fr.com  
Katherine H. Reardon  
NY Bar No. 5196910  
reardon@fr.com  
**FISH & RICHARDSON P.C.**  
1180 Peachtree St. NE, Fl. 21  
Atlanta, GA 30309  
Telephone: (404) 892-5005  
Facsimile: (404) 892-5002  

Leonard E. Davis  
TX Bar No. 05521600  
ldavid@fr.com  
Andria Rae Crisler  
TX Bar No. 24093792  
crisler@fr.com  
Thomas H. Reger II  
Texas Bar No. 24032992  
reger@fr.com  
**FISH & RICHARDSON P.C.**  
1717 Main Street, Suite 5000  
Dallas, TX 75201  
Telephone: (214)747-5070  
Facsimile: (214) 747-2091  

John-Paul R. Fryckman (*pro hac vice*)  
CA Bar No. 317591  
**FISH & RICHARDSON P.C.**  
12860 El Camino Real, Ste. 400  
San Diego, CA 92130  
Telephone: (858) 678-5070  
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 3, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                              */s/ Jared Hartzman*
                                Jared Hartzman