## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>              Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS TO STRIKE

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

    A.    Samsung was not "required" to file its motions early................................ 1

    B.    Samsung identifies no specific ground that it intends to raise in the requested new motions, only vague assurances that suggest Samsung will try to address the data entry error again if its request is granted ................................................................... 2

## I.      INTRODUCTION

Samsung's request to file two additional motions to strike should be denied. The Court's Standing Order requires that parties file one motion to strike per expert to avoid the piecemeal approach Samsung has taken here. Samsung should have addressed issues concerning the same expert in one motion, rather than in drips and drabs. There is no reason Samsung could not have done so here. Samsung's motion is based on false premises and should be denied.

### A.      Samsung was not "required" to file its motions early

Samsung begins by arguing that it was "required" to file its motion to strike (Dkt. 196) early because the depositions of Dr. Groehn and Mr. Kennedy were scheduled to occur before the existing motions deadline. Dkt. 204 at 2. To the contrary, Samsung had no good reason, much less a compelling one, for filing its motion early. Dr. Groehn and Mr. Kennedy did not change any theory or methodology set forth in their original reports. Instead, they merely corrected a data entry error that Samsung itself spotted, which impacted downstream calculations. Samsung could have easily moved forward with the scheduled depositions of Dr. Groehn and Mr. Kennedy and still file its motions to strike the corrections thereafter.

Samsung is tellingly vague about why it was supposedly necessary to file its motion early. The only conceivable basis for doing so is that Samsung believes it would need to question Dr. Groehn and Mr. Kennedy differently at their depositions depending on whether their corrected reports are permitted. This is a false premise because (a) Samsung was going to ask Dr. Groehn and Mr. Kennedy about the data entry error and its effect regardless, and (b) the corrections did not change either expert's methodology. At most, Samsung would simply need to spend a few extra minutes questioning each witness about their straightforward correction of the data entry error, and how it impacted the calculations in their reports. That would not be burdensome, and Samsung notably did not ask for any extra deposition time to address this—because it would have

taken almost no time to do so.

Nor would it be difficult or burdensome for Samsung's rebuttal experts to address this in their own testimony or corrected reports. Not only did Samsung's experts spot the data entry error first (such that they had more notice of the error than Headwater's experts), but also Samsung's experts already identified the error in their rebuttal expert reports. And again, because correcting the data entry error did not change any underlying theory or methodology, Samsung's experts would not require additional preparation to address any response they have to Headwater fixing the data entry error.

Moreover, Headwater served its corrections one business day after Samsung served its rebuttal reports and volunteered to reschedule depositions so that Samsung's experts had time to consider the errata and issue their own corrections if needed, without interrupting their deposition preparation. *See* Dkt. 207 at 2, 4. In fact, the parties agreed to push back these depositions for a week or more. And if Samsung had flagged the error when its experts first discovered it instead of waiting to raise the issue in rebuttal reports, Headwater could have corrected the error even earlier.

**B.**   **Samsung identifies no specific ground that it intends to raise in the requested new motions, only vague assurances that suggest Samsung will try to address the data entry error again if its request is granted**

Samsung asserts that any additional motions it is granted "will not be duplicative or overlapping of its prior motion" and "will not retread any factual or background information already presented in its earlier motion." Dkt. 204 at 3, 4. These vaguely worded promises should be read with skepticism. Samsung does not represent, for example, that any permitted new motion will raise no criticism of Dr. Groehn or Mr. Kennedy that relates to the data entry error (e.g., that their calculations are inaccurate). Tellingly, Samsung does not identify ***any*** new ground it intends to raise in the requested additional motions. Instead, Samsung only states that it wishes to raise "numerous concerns regarding issues of sufficiency of facts or data, reliability of principles and

methods, or application of same to the specific facts of the present case." Dkt. 204 at 4. That description is so intentionally vague that this Court cannot even meaningfully evaluate the degree to which Samsung's requested new motions would overlap with its existing motion to strike. In stark contrast, Headwater's request for 25 pages to address its motion to strike issues for Samsung's technical expert, Dr. Schonfeld—who submitted lengthy reports on both infringement *and* validity—provided detail about specific issues that Headwater intends to address in its motion. *See* Dkt. 202. Samsung's failure to meaningfully describe what it intends to address in the requested new motions should be met with skepticism, and this contrast with the detail in Headwater's request only further reinforces this point.

It is also not credible that additional Samsung motions would not be duplicative or overlap with Samsung's existing motion to strike. In that motion, Samsung claims that "Dr. Groehn's 'amended' results change Dr. Kennedy's ultimate opinions so significantly that it calls into question the soundness of Headwater's entire damages theory." Dkt. 196 at 1. But Samsung did not move to strike on this basis. It is difficult to believe that Samsung will not return to this argument in any additional *Daubert* motion.

Moreover, this statement highlights that the data entry error and the opinions it relates to are intertwined with many of Samsung's criticisms of Dr. Groehn and Mr. Kennedy's report. The Court's order limiting parties to one motion per expert is designed to ensure the many issues related to an expert opinion are addressed efficiently. There was no reason for Samsung to rush to file a motion to strike. Had it waited to file one motion for each expert reflecting all of its grounds, the parties would have the experts' depositions in hand and thus the Court would have a full record on which to decide all issues related to these opinions at one time.

Samsung's request should be denied.

Dated:  May 3, 2024                    Respectfully submitted,

                                       */s/ Marc Fenster*
                                       Marc Fenster
                                       CA State Bar No. 181067
                                       Reza Mirzaie
                                       CA State Bar No. 246953
                                       Brian Ledahl
                                       CA State Bar No. 186579
                                       Ben Wang
                                       CA State Bar No. 228712
                                       Paul Kroeger
                                       CA State Bar No. 229074
                                       Neil A. Rubin
                                       CA State Bar No. 250761
                                       Kristopher Davis
                                       CA State Bar No. 329627
                                       James S. Tsuei
                                       CA State Bar No. 285530
                                       Philip Wang
                                       CA State Bar No. 262239
                                       Amy Hayden
                                       CA State Bar No. 287026
                                       James Milkey
                                       CA State Bar No. 281283
                                       Jason M. Wietholter
                                       CA State Bar No. 337139
                                       James N. Pickens
                                       CA State Bar No. 307474
                                       RUSS AUGUST & KABAT
                                       12424 Wilshire Blvd. 12th Floor
                                       Los Angeles, CA 90025
                                       Telephone: 310-826-7474
                                       headwater@raklaw.com

                                       Robert Christopher Bunt
                                       Parker, Bunt & Ainsworth, P.C.
                                       Texas State Bar No. 00787165
                                       100 E. Ferguson Suite 418
                                       Tyler, Texas 75702
                                       Tel.: (903) 531-3535
                                       rcbunt@pbatyler.com

                                       **ATTORNEYS FOR PLAINTIFF,**
                                       **Headwater Research LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster