IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Samsung's Motion to Strike Amended Expert Reports of Dr. Andreas Groehn

and Mr. David Kennedy. (**Dkt. No. 196**) The Court **DENIES** the Motion as provided below.

### I.      BACKGROUND

The parties exchanged opening expert reports including for Dr. Groehn and Mr. Kennedy on

March 29, 2024. (Mot. at 2.) Dr. Groehn provided a report on a survey he performed to "measure the

economic value of increased battery life in mobile phones." (*Id*.) Mr. Kennedy then applied this

information to prepare a reasonable royalty calculation. (*Id*.)

The parties exchanged rebuttal reports on April 19, 2024. (*Id*.) Samsung's experts criticized Dr.

Groehn's methodology and conclusions, in particular providing calculations with different prices than

were provided in his survey. (*Id*. at 2-3.)

On April 22, 2024, the next business day, Headwater served amended reports with an Errata

Statement acknowledging this error. (*Id*. at 3-4.) Dr. Groehn's amended report contained new calculations

with the corrected numbers and Mr. Kennedy similarly provided an amended report now based on Dr.

Groehn's corrected calculations. (*Id*. at 5-6.) The impact of these corrections was to increase Headwater's

damages calculation by three times or by about 2 billion dollars. (*Id*. at 2.)

## II.   APPLICABLE LAW

As with most amendments, leave to amend expert reports and other evidence under Rule 26 is granted upon a showing of good cause. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III.   ANALYSIS

### A.  DILIGENCE

Samsung argues there is no explanation for Headwater and its experts' delay in providing nominally corrected reports. (Mot. at 7-8.) Samsung contends it is unbelievable that two supposed experts failed to identify the error resulting in a massive swing in damages and mere error cannot now justify such a delay. (*Id*.)

Headwater points to its obligations under Rule 26 to correct incomplete or incorrect disclosures in a timely manner and alleges that is exactly what it has done here. (Opp. at 4.) Headwater contends it provided such a correction as soon as it learned of its error. (*Id*. at 5.) Headwater contends courts in other districts routinely allow corrections of such errors. (*Id*. at 5-8.) Oddly, Headwater also seems to attempt to downplay its mistake amounting to a difference of 2 billion dollars by directing the Court to NASA's 1999 mistake in applying Imperial and metric measurements resulting in the loss of the Mars Climate

Orbiter. (*Id*. at 7-8.)

The Court finds Headwater failed to provide initially correct reports as it is expected to and delayed in providing such by about a month. However, as Headwater seemed to correct this apparent error as soon as it became aware, which the Court notes it was not diligent in determining, the impact of this lack of diligence is small.

## B.  IMPORTANCE

Samsung also contends importance of the proposed amendment is belied by the supposed error mandating them. (Mot. at 9.) Samsung reasons that if the error were already allowed through Headwater's vetting process, its results cannot seriously be believed to be important now. (*Id*.)

Headwater contends the importance of its amendment is independent of the error and instead is based on the subject of the reports, i.e. damages. (Opp. at 8-10.) Headwater further contends the case law simply does not support the notion that an error minimizes importance. (*Id*.)

The Court finds that a shift in a damages calculation of this magnitude is important. While the error is embarrassing to both Headwater and to Dr. Groehn and Mr. Kennedy for permitting such an error, this does not minimize its importance.

## C.  PREJUDICE

Lastly, Samsung contends its prejudice is substantial and incurable. (*Id*. at 10-11.) Samsung points to how significantly Headwater's damages demand has now shifted, and that in effect, Samsung would be punished for having effective criticism of Headwater's experts. (*Id*.) Further, Samsung notes that we are now merely 3 months from trial and such a late amendment is significantly prejudicial. (*Id*.)

Headwater argues that based on the timing of its amendment, there is no prejudice to Samsung and to the extent there is prejudice it can easily be cured. (*Id*. at 10-15.) Headwater contends to the extent there is a financial cost on Samsung here, cost shifting is available. (*Id*. at 10.) Centrally however, Headwater argues that because these amendments were served prior to the scheduled depositions of both Headwater

experts, Samsung will not be prejudiced in understanding Headwater's position. (*Id*. at 11-12.) Further, Headwater contends that as the error it seeks to correct has only a minimal systematic impact on its reports, most of Samsung's rebuttal report criticisms still stand. (*Id*. at 12-15.)

The Court finds that Samsung's prejudice is outweighed by the importance of the amendment. While the damages demand has increased dramatically, this is not the correct measure of prejudice since Samsung is obligated to defend itself from Headwater's corrected allegations. Further, the Court finds that Samsung knew of these errors well in advance. Samsung's desire to be able to criticize erroneous opinions but have them stand, is not a cognizable prejudice. Samsung's prejudice here is only in responding to a small, but impactful, portion of an expert report provided late.

## IV.    CONCLUSION

As the proposed amendments are important, Samsung's prejudice is small, and Headwater's delay is based on a clerical error, Headwater's amended reports will be allowed. Samsung's Motion to Strike is thus **DENIED**.

In light of this and for the reasons argued in Samsung's Motion for Leave to File Additional Motions to Strike (**Dkt. No. 204**), Samsung is **GRANTED** additional *Daubert* motions against Dr. Groehn and Mr. Kennedy.

**SIGNED this 3rd day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE