**PUBLIC VERSION**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>            Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO SAMSUNG DEFENDANTS' MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY DR. RICHARD D. WESEL**

## **TABLE OF CONTENTS**

I. ███████████████ WAS PRESERVED ................................................................................... 1

II. THE WESEL REPORT IS CONSISTENT WITH THE CONTENTIONS ......................... 1

    A. Samsung's L.R. 7(h) Violation ................................................................................ 1

    B. '976 Patent .............................................................................................................. 2

    C. The Remaining Asserted Patents ............................................................................ 4

III. NETWORK POLICY IS THE CODE PROVING THAT DATA SAVER, POWER SAVING, DOZE, AND APP STANDBY INFRINGE THE CLAIMS ................................ 4

I.      ███████████████████ WAS PRESERVED

Samsung had notice that ███████ was accused and relates to Data Saver. *E.g.*, Dkt. 165-3 at 23, 41 ("███████████████████.").[1] Dr. Wesel relies on the same evidence. *E.g.*, Dkt. 165-10 ¶ 245. Samsung does not dispute that ███████ was an add-on to the functionality that was later called Data Saver. *Id.* ¶¶ 82-92 (Samsung added ███████ to "███████████████" to roaming networks), ¶¶ 252-258 ███████ infringes for same reason as Data Saver), ¶¶ 439-442 ("███████████████████████████████████████████████████████████████"), ¶¶ 475-478 (same), ¶¶ 509-511 (same). That is why Samsung's documents cover Data Saver and ███████ together. Dkt. 178-6 at 11-15.

Samsung pivots to a MIL to exclude ███████ because Samsung copied it from Headwater licensee ItsOn. But evidence of actual copying and willfulness are exceptions to MILs 9 and 18. These theories were preserved in Headwater's discovery responses in May 2023. Dkt. 178-1 at 83-87. At the very least, Samsung's motion should be denied where the Wesel Report merely addresses these facts (e.g. ¶¶ 45, 82-92). It should also be denied as to disclosures unrelated to roaming, such as ¶¶ 538 and 545-546 about Data Saver, Power Saving, Doze, and App Standby.

II.     THE WESEL REPORT IS CONSISTENT WITH THE CONTENTIONS

   A.     Samsung's L.R. 7(h) Violation

Before filing, Samsung never disclosed which features it was moving to exclude as to the '976, '445, '578, '701, '433, and '544 patents. Headwater accurately quoted Samsung's statements verbatim. *See* Dkt. 188-6 at 3. The only patents and features the parties conferred about are in

---

[1] All emphasis in quoted material has been added unless otherwise noted.

1

Samsung's email correspondence (Dkt. 188-6 at 3), where Samsung disclosed only features relating to the '224 patent and claim 13 of the '184 patent. Samsung's Motion was the first that Samsung disclosed any of its challenges for other patents, further supporting denial of the Motion.

**B.       '976 Patent**

Samsung's Reply does not dispute that Power Saving was identified in the '976 Chart, consistent with Samsung providing non-infringement contentions *for the '976 patent* arguing that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮" does not infringe the '976 patent. Dkt. 178-2 (NI Contentions) at 52 (Samsung arguing non-infringement of '976 patent because "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").[2]



The '976 Chart expressly accuses "power saving mode" as a "first differential traffic control policy." The Chart states the accused products "apply a first differential traffic control policy…such that Internet service activity on behalf of the first end-user application is disallowed when the one or more processors classify the first end-user application as not interacting in the device display foreground with the user, *as shown in the exemplary citations below*" (p. 17), followed by images showing each mode: "Data Saver" (p. 18), Doze and App Standby (p. 21), and "Power saving" (p. 26). *See* Dkt. 165-3.[3] The Chart depicts how to enable

---

[2] Samsung points to prefatory language in five charts that mention "Power saving mode" in describing the Accused Instrumentalities. Dkt. 188 at 2. This case began as two separate actions (No. 2:22-cv-00422 and No. 2:22-cv-00467), and Headwater used this format in the former action but not the latter. In that latter set of charts, Headwater did not call out specific features in the prefatory language, stating only "Accused Instrumentalities: Samsung Galaxy phones and tablets, and all versions and variations thereof since the issuance of the asserted patent." Dkt. 165-3 at 1; Dkt. 165-5 at 1; Dkt. 165-7 at 1. Samsung obviously concedes that numerous features are accused of infringing the '976 patent, so its screenshots on page 2 of its Reply are a meaningless distraction.
[3] On page 3 of its Reply, Samsung includes a highlighted screenshot to suggest that the image from the '976 Chart explicitly identifying "Power saving"—as well as Background Usage Limits—as

Power Saving. *E.g.*, *id.* at 14, 26, 34, 42. Samsung knew this was intentional; after all, ***Samsung served '976 patent non-infringement contentions as to*** ▮▮▮ Dkt. 178-2 at 52.

Headwater also accused "power saving" for 1[g]-1[i] by charting the Power Manager API and explaining this API enables "power saving" for certain apps whereas other apps are whitelisted on the "power allowlist." Dkt. 165-3 at 45-46, 54-55, 63-64. Samsung falsely alleges the "power allowlist," "Power Manager API," and "isIgnoringBatteryOptimizations" functions from the '976 Chart are unrelated to the "power saving feature." Dkt. 188 at 3, n. 3. In truth, they implement Power Saving. The Power Manager API decides if an app is subject to "power saving," or if an app is whitelisted on the "power allowlist," which means "the system will not apply most power saving features to the app." Dkt. 165-3 at 45-46, 54-55, 63-64. Samsung's first confidential production in April 2023 included Dkt. 178-6, page 4 of which confirms that the "▮▮▮" is for "▮▮▮" (a.k.a. "▮▮▮"):

▮▮▮

Samsung also identifies zero prejudice. Samsung provided non-infringement contentions for the '976 patent on power saving mode months ago. Dkt. 178-2 at 52. And Samsung will inevitably be addressing Power Saving code anyway, since it is also Doze code. Dkt. 178 at 6-8.

Moreover, Samsung fails to explain why it seeks to strike paragraphs that ***do not mention Power Saving at all***. Dkt. 178 at 8, discussing, *e.g.*, Dkt. 165-10 ¶¶ 368, 371, 383, 389. And at least paragraphs 231, 261, 285, 343, 351, 354, 362, 366, 367, 368, 369, 370, 371, 372, 382, 383, 384, 387, 388, 389, 391, 397, 445, 446, 447, 481, 482, 514, 515, 538, 545, 546, 559 are not limited

---

accused immediately follows a sentence regarding only Background Usage Limits. Those are not the facts. As the '976 Chart shows, the numerous images following the highlighted sentence relate to various accused features, not just Background Usage Limits. *E.g.*, Dkt. 165-3 at 29-39.

3

to Power Saving. *Finally*, Samsung has no response on claim 18, where Headwater's Chart (Dkt. 165-3 at 78-79) cited the messages accused by Dr. Wesel. Dkt. 178 at 8-9.

### C. The Remaining Asserted Patents

Samsung has no response to Headwater showing that the '445 Chart accuses the "power saving mode" of using the classifications in 1[d] and 1[e] to satisfy 1[f], and showing that 1[g] / 1[h] accuse the "**power saving mode** through which the device monitors and sets application states of applications indicating whether that application is in the background or foreground of user interaction." Dkt. 165-6 at 7, 16, 19-20. On the other patents, Samsung argues there is "no dispute that none of those charts mention App Standby and Doze." But they accuse *all* "power management restrictions," including Doze and App Standby, stating that "the system puts apps in **app standby mode** more aggressively" and as a result "background apps do not have network access." *E.g.*, Dkt. 165-6 ('445) at 16, 19; Dkt. 165-9 ('224) at 6, 10, 18, 23; Dkt. 165-4 ('184) at 11, 15; Dkt. 165-8 ('578) at 11, 21; Dkt. 165-2 ('701) at 11, 19. This provided notice.

### III. NETWORK POLICY IS THE CODE PROVING THAT DATA SAVER, POWER SAVING, DOZE, AND APP STANDBY INFRINGE THE CLAIMS

Samsung always knew Network Policy is the source code implementing the accused features. Just look at Samsung's non-infringement contentions. Dkt. 178-2 at 117 ("[REDACTED]"). Samsung's contentions cite the same Data Saver page as Headwater's contentions to make this point about Network Policy. *Id.* at 41, 44, 48, 50, 52, 54, 55, 63, 68, 69, 80, 85, 87, 91, 93, 97, 103, 104, 118, 121; *see* Dkt. 165-3 at 23, 41, 47.

Samsung expert Dr. Schonfeld confirms Network Policy is the source code for the accused features. Ex. 7 (Schonfeld Rebuttal Rpt.) ¶ 84 ("[REDACTED]

4



"), ¶ 86 ("

"), ¶ 113 ("

"), ¶ 122 ("

"), ¶ 126 ("

").

This evidence disproves Samsung's spurious claim that Network Policy source code files are newly accused and unrelated to Data Saver, Power Saving, Doze, or App Standby. The truth is that the 832 paragraphs Samsung moved to strike (*see* Ex. L) are about Data Saver, Power Saving, Doze, or App Standby and their reliance on Network Policy code. Samsung does not dispute there was no legal requirement to cite source code files in the contentions. Samsung has no response to its testimony, documents (Dkt. 178-6 at 1-12), NI contentions (*e.g.,* Dkt. 178-2 at 117), and rebuttal report proving Samsung always knew Network Policy code is implicated by Headwater's contentions. Samsung's Reply pivots to Dkt. 165-10, ¶ 40 addressing the history of the Network Policy code. This section (Dkt. 165-10 ¶¶ 36-42) should not be stricken, because it describes the development history of Data Saver, Power Saving, Doze, and App Standby. *Id.* ¶ 36 (citing Google deposition testimony explaining "                                                                                                                                                                                                                                                                                                                                ").

| | |
|---|---|
| Dated:  April 29, 2024 | Respectfully submitted,<br><br>/s/ Marc Fenster<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Amy Hayden<br>CA State Bar No. 287026<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com<br><br>Robert Christopher Bunt<br>Parker, Bunt & Ainsworth, P.C.<br>Texas State Bar No. 00787165<br>100 E. Ferguson Suite 418<br>Tyler, Texas 75702<br>Tel.: (903) 531-3535<br>rcbunt@pbatyler.com<br><br>**ATTORNEYS FOR PLAINTIFF,**<br>**Headwater Research LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Marc Fenster*
Marc Fenster