**PUBLIC VERSION**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG DEFENDANTS' MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY DR. RICHARD D. WESEL**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 1

    A. Headwater's Contentions Accused ▮▮▮▮▮▮▮▮ As To Data Saver ................. 2

    B. The Wesel Report Accuses The Same Features As The Contentions, And Samsung Violated Local Rule 7(h) On These Myriad Issues. ....................................................... 3

        1. Samsung's Local Rule 7(h) Violation ................................................................ 3

        2. The Wesel Report's Theories Are Consistent With The Contentions. ............... 4

            a. '976 Patent ............................................................................................ 4

            b. '445 Patent ............................................................................................ 9

            c. '224 Patent, '184 Patent, '578 Patent, and '701 Patent ...................... 11

            d. '433 Patent and '544 Patent ............................................................... 12

    C. "Network Policy" Is Evidentiary Proof That Data Saver, Power Saving, Doze, and App Standby Infringe, As Samsung Has Always Known. ............................................ 13

## **TABLE OF AUTHORITIES**

**Cases**

*IP v. AT&T Mobility LLC,*
  Case No. 2:18-cv-00526-RWS-RSP, 2020 WL 10045985 (E.D. Tex. Apr. 23, 2020) ........ 1, 15

*Morrison v. Walker*,
  No. 1:13-cv-327-ZH, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) ......................................... 4

*TQP Dev., LLC v. Ticketmaster Entm't, Inc.*,
  No. 2:09-cv-279-DF, Dkt. 244 (E.D. Tex. Feb. 9, 2012) ........................................................... 4

**Rules**

E.D. Tex. L.R. CV-7(h) ............................................................................................................ passim

Plaintiff Headwater Research LLC ("Headwater") respectfully opposes Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung")'s Motion to Strike Certain Opinions offered by Dr. Richard D. Wesel.

## I.   INTRODUCTION

Headwater's expert, Dr. Wesel, offers no new theories in his opening report ("Wesel Report"). Samsung does not argue the Wesel Report accuses new *products*. Rather, Samsung claims the Report discusses *features* not preserved in Headwater's contentions. These arguments are meritless, and Samsung improperly seeks to strike paragraphs not limited to the allegedly undisclosed features. Samsung also violated L.R. 7(h) as to this Motion. It should be denied.

## II.   ARGUMENT

The Wesel Report advances the theories disclosed in Headwater's contentions, identifying evidentiary proof (such as source code) that the accused features infringe under those theories. This is no basis for a Motion to Strike. The scope of infringement contentions and expert reports are "not coextensive," and contentions need not disclose "specific evidence nor do they require a plaintiff to prove its infringement case." *IP v. AT&T Mobility LLC,* Case No. 2:18-cv-00526-RWS-RSP, 2020 WL 10045985 at *1-2 (E.D. Tex. Apr. 23, 2020).

Samsung mischaracterizes source code evidence in the Wesel Report as "newly accused features," such as by arguing that "Network Policy" code is a newly accused feature. But Network Policy is not a newly accused feature. It is the name of the source code that implements the accused features that Samsung admits are preserved in the contentions. Although the Wesel Report analyzes source code not cited in the non-confidential contentions, this is "not a new theory of infringement but instead is evidence to support the specific functionalities of the accused products, which were already identified in the claim charts"—and "while [Headwater] needed to disclose the source code it relies on to prove its theories in its expert reports, no such requirement existed

1

for its infringement contentions." *Id.* Samsung's other arguments also lack merit. And Samsung wrongly seeks to strike hundreds of paragraphs not limited to the allegedly late-disclosed theories.

      **A.**    **Headwater's Contentions Accused ▮▮▮▮▮ As To Data Saver**

"▮▮▮▮▮" is additional proof that the charted "Data Saver" feature infringes. The '976 Chart explains "users can enable Data Saver on a device-wide basis in order to optimize their device's data usage, and use less data. This ability is especially useful **when roaming**." Dkt. 165-3 at 23, 41.[1] The Wesel Report relies on the same evidence. *E.g.*, Dkt. 165-10 ¶ 245. It explains ▮▮▮▮▮ uses the same code as Data Saver and infringes for the same reasons, applying Data Saver functionality to roaming networks. Dkt. 165-10 ¶¶ 252-258 ("▮▮▮▮▮"); *id.* ¶ 248 ("▮▮▮▮▮"). There is no prejudice, as ▮▮▮▮▮ is simply Data Saver for roaming networks.

    Moreover, Samsung's request is not tailored to paragraphs alleging that ▮▮▮▮▮ infringes and thus could not be granted even if Samsung's sandbagging allegations were true (and they are not). For example, among the many whole paragraphs Samsung seeks to strike (*see* Dkt. 165-11), Samsung targets multiple paragraphs that ***do not mention*** ▮▮▮▮▮ at all. *E.g.*, Dkt. 165-10 ¶¶ 545, 682. As another example, Samsung seeks to strike multiple paragraphs that ***do not allege*** ▮▮▮▮▮ ***infringes*** but instead merely cite generally

---

[1] All emphasis in quoted material has been added unless otherwise noted.

2

relevant deposition testimony in which the witness mentioned ▅▅▅▅▅▅▅▅ in passing. *E.g.*, *id.* ¶¶ 194, 710, 947, 1228, 1961, 2247. As another example, Samsung targets multiple paragraphs that briefly identify ▅▅▅▅▅▅▅▅ as **one of numerous accused features**. *E.g.*, *id.* ¶¶ 538, 546. As yet another example, Samsung targets a general discussion about the history between the parties and how Samsung devices previously used ItsOn software (which implemented Headwater technology) and then replaced it with the ▅▅▅▅▅▅▅▅ feature—even though this relates to ***timely disclosed willfulness and copying allegations*** in Headwater's interrogatory responses, beginning in May 2023. *E.g.*, *id.* ¶ 45; Ex. 1 at 49, 83-87.[2] Examples such as these show that Samsung's request regarding ▅▅▅▅▅▅▅▅ is absurdly overbroad even if it had any merit.

### B. The Wesel Report Accuses The Same Features As The Contentions, And Samsung Violated Local Rule 7(h) On These Myriad Issues.

Samsung next moves to strike hundreds of paragraphs from the Wesel Report *en masse*—all of which advance the same theories as the contentions and many of which discuss other accused features that Samsung concedes were properly disclosed. Headwater would have explained this to Samsung before it filed the Motion to Strike but could not because Samsung refused to meaningfully confer about this set of arguments in advance of filing. *See* L-R 7(h).

#### 1. Samsung's Local Rule 7(h) Violation

During the parties' meet-and-confer on April 2, 2024 (within 24 hours of Samsung noticing its Motion), Samsung refused to list the issues or paragraphs it wanted to strike, stating: "**I didn't want to provide just a laundry list of every issue for each claim**." Headwater asked for this list before and during the meet-and-confer. But Samsung refused, even though it had already written the Motion, filing it just a few hours later. This made it impossible to "compare views and have a discussion in an attempt to resolve their differing views before coming to court." *See* L-R 7(h).

---

[2] Numbered exhibits are exhibits to Headwater's Opposition, concurrently filed herewith.

3

Samsung's correspondence was equally flawed, writing Headwater "**I am not going to provide a mapping of every single patent or claim where the issue arose by email**." Ultimately, Samsung gave two "nonlimiting" examples and asserted that "[s]imilar issues exist for nearly every claim of every patent," without giving specifics. Samsung now seeks to strike hundreds of paragraphs in Exs. J, K, and L that indisputably relate to features that Samsung agrees were preserved in the contentions, rushing to file this Motion in an effort to throw the baby out with the bathwater. This was not sufficient under LR 7(h) and alone warrants denial.³

### 2. The Wesel Report's Theories Are Consistent With The Contentions.

In any event, as shown below, the Wesel Report advances the same theories in Headwater's contentions and merely provides additional evidentiary proof under those theories.

#### a. '976 Patent

On the '976 Patent, Samsung concedes that Data Saver, Doze, and App Standby were charted but contends Power Saving was not. That is false, because the '976 Chart also charted Power Saving as an infringing mode of operation. *E.g.*, Dkt. 165-3 at 14, 26, 34, 42 (annotated image at left); Dkt. 165-10 ¶ 260 (image from Wesel  Report at right). The contentions explain that the accused products infringe by using the Android Operating System to (1) classify whether an application is interacting in the display foreground

---

³ Even if Samsung's emails *had* identified the issues—which Samsung explicitly refused to provide—that alone would not satisfy the substantive component of Local Rule 7(h). However, Samsung's emails "may be used to show bad faith" under LR 7(h). This Rule is not a "perfunctory obligation." *Morrison v. Walker*, No. 1:13-cv-327-ZH, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014). "Rather, it ensures that the court does not waste its resources deciding motions where, if the parties had thoroughly discussed the matter, a resolution could have been reached." *Id.*; *see also TQP Dev., LLC v. Ticketmaster Entm't, Inc.*, No. 2:09-cv-279-DF, Dkt. 244, at *5 (E.D. Tex. Feb. 9, 2012) (denying motion to compel where movant failed to meet and confer under LR 7(h)).

with the user, (2) apply network control policies to control WWAN network access by background applications while allowing network access by applications in the foreground of user interaction, and (3) use an application program interface (API) to indicate network access conditions based on the applied control policy. The '976 Chart provides non-limiting examples of Android doing this, including for various modes (e.g., "Data Saver," "Power Saving," "Doze," "App Standby") and APIs (e.g., "Connectivity Manager API," "Power Manager API"). *E.g.*, Dkt. 165-3 at 17-46.

For example, for claim 1[e], the Chart maps to "processors configured to…apply a first differential traffic control policy…such that Internet service activity on behalf of the first end-user application is disallowed when the one or more processors classify the first end-user application as not interacting in the device display foreground with the user, ***as shown in the exemplary citations below***," followed by images showing each mode: "Data Saver" (p. 18) "power-saving features" Doze and App Standby (p. 21), and "Power saving" (p. 26). *Id.* at 17, 18, 21, 26.

As clear evidence that Samsung knew Power Saving was preserved in the '976 Chart, Samsung's non-infringement contentions ***for the '976 patent*** address this "▬▬▬▬▬▬" and argue that this specific "▬▬▬▬▬▬" does not infringe. *E.g.*, Ex. 2 (NI Contentions) at 52 (arguing non-infringement of '976 patent because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

The '976 Chart also describes the "**power saving feature**" in relation to the "power allow list," the "Power Manager API," and the "isIgnoringBatteryOptimizations" functions. Dkt. 165-3 at 45-46, 54-55, 63-64. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 165-10 ¶¶ 98-100 (citing SAM-HW00155680 as evidence of this). The '976 Chart for 1[f], 1[g], 1[h] explains that "applications running on the Galaxy S22 use **PowerManager API,** which

indicates to a first end-user application a network access condition based on an applied differential traffic control policy. As a further example, classes within the Android API responsible for practicing these claims are, including but not limited to: **isIgnoringBatteryOptimizations**." *Id.* at 45-46, 54-55, 63-64. This refers to Power Saving, which uses "Power Manager API" and "Battery Optimizations." The '976 Chart expressly recites "power saving" to describe the  isIgnoringBatteryOptimizations function, which indicates whether an app is restricted by Power Saving or on the device's "power allowlist," because "[b]eing on the power allowlist means that the system will not apply most **power saving** features to the app." *Id.* (red box for emphasis).

The Wesel Report advances the same theories. It shows Android classifies whether apps are in the foreground of user interaction and applies the network policies disclosed in the '976 Chart (e.g., Data Saver, Doze, Power Saving, App Standby) that use this classification to allow foreground apps but restrict background apps from accessing the WWAN—and adds citations to code that implements these policies in the firewall. *See, e.g.*, Dkt. 165-10 ¶¶ 231-243 (applying



). Each feature uses ▅▅▅▅. *Id.* ¶ 321, discussing ▅▅▅▅; *id.* ¶ 327-333, discussing ▅

■■■■■■.

And there can be no possible prejudice to Samsung because the Wesel Report asserts that Power Saving infringes for the same reasons as the other features, ■■■■ ■■. For instance, the same function in SAM-HW-SC108 (■■■■) called ■■■■ ■■■■. *Id.* ¶ 240, 327. This code relies on the same foreground/background classification for all modes. *Id.* And in this code, the ■■■■ share the function called ■■■■. *Id.* ¶¶ 231-232. Because these features ■■■■, there is no prejudice to Samsung from addressing it—in fact, Samsung already provided non-infringement contentions as to Power Saving. *E.g.*, Ex. 2 at 52.

Because these modes all infringe in the same way and ■■■■, providing source code citations or additional examples for Power Saving does not change Headwater's theories and, in any event, does not affect Samsung's non-infringement arguments, which apply to all accused Android features. For example, Samsung argues that all these features "■■■■" because Android's documentation purportedly indicates that "■■■■" Ex. 2 at 4. The Motion identifies no deviation in the Wesel Report from Headwater's theory that Android "■■■■" Adding source code or further examples of features that rely on the same classification is not a new theory.

Beyond the facts that Power Saving was in the '976 Chart and that Samsung provided '976

7

non-infringement contentions on Power Saving, there is another reason the Court must deny the Motion: it seeks to strike numerous entire paragraphs that are not even limited to Power Saving. It would be impossible to address every example here, so Headwater will focus on just a few for only '976 claim element 1[f]. *See* Dkt. 165-12 at 4 (Samsung's Ex. K listing the paragraphs it seeks to strike). For example, Samsung targets ¶ 285, which includes Dr. Wesel's **introductory statement** that the claim limitation is met by the accused products, as well as deposition quotations about Data Saver, Doze, and App Standby—which Samsung concedes **were properly accused**. Dkt. 165-10 ¶ 285; *see also, e.g., id.* ¶ 391 (deposition quotations about Doze and App Standby). As another example, Samsung targets numerous paragraphs whose introductory clauses make clear that they address **other accused features**. *E.g., id.* ¶¶ 343, 351 ("███████████████████████████████████████████████████████████████"). As another example, Samsung targets numerous paragraphs that include detailed descriptions of **other accused features**. *E.g., id.* ¶¶ 362, 366, 369, 370, 372, 387, 388. As still another example, Samsung targets numerous paragraphs that **do not mention Power Saving at all**. *E.g., id.* ¶¶ 368, 371, 383, 389. Headwater would have pointed out such examples to Samsung if it had identified the targeted paragraphs before filing. Samsung refused and instead made overbroad requests this Court cannot grant even if Samsung's erroneous assertions about Power Saving were accepted as true, since striking the identified paragraphs would throw out huge swaths of Dr. Wesel's opinions on other issues.

*Finally*, as to claim 18, the '976 Chart explains that Samsung receives information from a "network element" by receiving messages from the cellular carrier, such as "Carrier Configuration" messages using the "CarrierConfigManager." Dkt. 165-3 at 78-79. The Wesel Report provides evidentiary support of messages received from the cellular carrier, such as "████████," using the exact verbiage charted in the contentions. Dkt. 165-10 ¶¶ 599-603.

8

The Wesel Report also refers to "███████████████████████████████" and "█████████" configuration messages received from the cellular carrier. *Id.* This is consistent with the Chart's theory that Samsung phones infringe by receiving configuration messages from the cellular carrier.

### b.    '445 Patent

For the '445 patent, Samsung moves to strike theories about "Power Saving" for limitations 1[d], 1[e], 1[g], and 1[h], and any theories about "Doze" and "App Standby."

Samsung concedes that "Power Saving mode" is in the '445 Chart for 1[f] but moves to strike it for other elements. Dkt. 165-12 at 2. But the Chart explains how Power Saving meets 1[d], 1[e], 1[f], and 1[g]/[h]. For 1[d], the '445 Chart accuses "Android" of classifying WWAN or WLAN and does not limit the infringement theory to any one mode. Dkt. 165-6 at 7. For 1[e], the Chart accuses "Android" of classifying whether applications are "operating in the device's foreground or background" and does not limit the infringement theory to any one mode, stating that "the Accused Devices are capable of operating in **modes**, **including without limitation** the 'Data Saver' mode." *Id.* at 10. Then, for 1[f], the '445 Chart alleges that the "power saving mode" *and* the "data saver" mode are examples of the modes that use the classifications recited in elements 1[d] and 1[e]. *Id.* at 16, 19. Finally, for 1[g] / 1[h], Samsung falsely claims that "Power Saving mode" is not charted, even though the Chart explicitly accuses the "**power saving mode** through which the device monitors and sets application states of applications indicating whether that application is in the background or foreground of user interaction." *Id.* at 20.

In any event, as with the '976 patent (and all others), Samsung's strike request is way too broad even if Samsung's erroneous argument about Power Saving were accepted. For example, Samsung's Ex. K (Dkt. 165-12 at 1-2) lists dozens of paragraphs under 1[d] and 1[e] which are ***not limited to Power Saving***. Samsung also asks the Court to strike dozens of paragraphs under 1[f], 1[g] and 1[h] without specifying which features they relate to. As an example, for element

9

1[f] where Samsung *admits* Power Saving (also known as Battery Saver) was charted, Samsung *still* moves to strike numerous paragraphs that discuss Power Saving / Battery Saver—some of which also discuss the Data Saver feature Samsung concedes was also charted. *See, e.g.*, Dkt. 165-10 ¶¶ 1404, 1420. Such problems persist throughout Samsung's Motion, including with respect to ▮▮▮▮▮▮▮▮▮▮. *E.g.*, Dkt. 165-14; Dkt. 165-10 ¶¶ 55-57, 2360 (accusing other features).

As to App Standby, Headwater's '445 Chart alleges for 1[f] that "the Accused Products are capable of operating in **multiple, nonexclusive modes**, each of which may operate to apply network access restrictions to applications making network access requests," and includes the explanation that Samsung's "power saver" and "battery saving" policies include those in which "the system puts apps in **app standby mode** more aggressively, instead of waiting for the app to be idle" and in which "background apps do not have network access." Dkt. 165-6 at 16, 19. Samsung's contention that "app standby mode" was not accused is dead wrong.

As to Doze, the '445 Chart provides notice that "Doze" and "App Standby" are both "Battery saver improvements" known as "power management restrictions," which each infringe for the same reasons. The '445 Chart accused "multiple, nonexclusive modes," including modes known as "power management restrictions." *Id.* at 19-20. The same part of the Chart links to https://developer.android.com/about/versions/pie/power#battery-saver, which explains that "Doze" and "App Standby" are additional "power management restrictions." *Id.*; Ex. 3. This page also links Samsung to https://developer.android.com/topic/performance/power/power-details, which clarifies the "Doze" and "App Standby" power management restrictions. Ex. 4. Thus, the '445 Chart accused "power management restrictions" and alleged that the same theory of infringement applies for the same reasons to each power management restriction, which include Power Saving, App Standby, and Doze. The Wesel Report opines that the same theory of

10

infringement which applies to Power Saving and App Standby applies to Doze, for the same reasons. Dkt. 165-10 §§ VIII.A.8-9. Further, Dr. Wesel proves that ███████████████████████████████████████████████████, as explained above as to the '976 patent. *Id.* ¶ 1316. Because all three Power Restrictions ████████████, there is no prejudice to Samsung from addressing this code, since Samsung will be addressing it anyway. And it would be wrong to strike Doze or entire paragraphs merely because they mention Doze code, as it was impossible not to address Doze code because ███████████████████████████. *Id.*

###### c. '224 Patent, '184 Patent, '578 Patent, and '701 Patent

For the '224, '184, '578, and '701 patents, Samsung seeks to strike theories on "Doze" and "App Standby."[4] But Headwater's Contentions allege the accused products infringe by "applying a **plurality of policies** relating to network access," including battery saving policies in which "the system puts apps in **app standby mode** more aggressively, instead of waiting for the app to be idle" and in which "background apps do not have network access." *E.g.*, Dkt. 165-9 ('224) at 6, 10, 18, 23; Dkt. 165-4 ('184) at 11, 15; Dkt. 165-8 ('578) at 11, 21; Dkt. 165-2 ('701) at 11, 19. Samsung's contention that "app standby mode" was not accused is dead wrong.

As to "Doze," the Charts provided notice that "Doze" and "App Standby" are both "Battery saver improvements" / "power management restrictions" which each infringe for the same reasons. The Charts link to https://developer.android.com/about/versions/pie/power#battery-saver, which explains that "Doze" and "App Standby" are both power restrictions features. *Id.*; Ex. 3. This page also links to https://developer.android.com/topic/performance/power/power-details, which

---

[4] As to '184 claim 13 and '544 claim 11, the Charts accuse the Connectivity Manager, which "allows applications to query the coarse-grained or fine-grained state of the available networks." Dkt. 165-4 at 18; 165-7 at 39. Dr. Wesel advances the same theory, accusing the ███████ ███████ which monitors the capabilities of the current network, such as the "███████████████████████████████████████████████████" metrics. Dkt. 165-10 ¶¶ 908-915 ('184), 2189-2195 ('544).

11

clarifies the "Doze" and "App Standby" power management restrictions. Ex. 4. The Wesel Report applies same theory of infringement to all the power management restrictions. Further, the Wesel Report proves that the ███████████████████████████████████████████ ████████████████ For example, SAM-HW-SC108 (████████████████████████) provides function ████████████████████████, ████████████████████████ ████████ (████████████████████), ████████████████████████), ██████ ██████ (████████████████). Dkt. 165-10, ¶ 825. And in this code, ████████ ████████ ████████████████████████████████████. *Id.* ¶ 840. ████████ ████████████████████████████, there is no prejudice to Samsung from addressing it. Further, it is wrong to strike paragraphs that mention Doze code, since Doze code is Power Saving code. *Id*.

        **d.**      **'433 Patent and '544 Patent**

Samsung first moves to strike "Doze" as to the '433 Patent even though Samsung concedes that "Doze" was charted in '433 1[c] as part of the "network service activity control policy set" which "aggregate[s] network activity." Dkt. 165-5 ('433 Chart) at 15-18. The mere fact that "Doze" was not also explicitly recited as another example in 1[b] (the "memory" limitation) is irrelevant. Samsung also moves to strike "Power Saving" and "Data Saver." Dkt. 165-12 at 3-4. Power Saving was accused for the same reasons described above with respect to the '976 patent. *See id.* at 24-25; *supra* § II.B.2.a. And both Power Saving and Data Saver were addressed in Samsung's non-infringement contentions, showing that Samsung had notice and would suffer no prejudice even if it had not. *See, e.g.*, Ex. 2 (NI Contentions) at 74, 76.

On the '544 Patent, Samsung agrees Doze and Power Saving are charted for 1[d] but wants to strike them for 1[b]. The Chart for 1[b] and 1[c] explains that Android meets the "foreground of user interaction" elements and alleges that many non-limiting modes use that classification. Dkt. 165-7 at 5 ("the Accused Devices are capable of operating in modes, including without limitation

12

App Standby, wherein application network access is associated with network access policies"). The Chart for 1[d] explains how modes such as "Android Doze" and "Power Saving mode," which also track the device's "power control state," use the foreground/background classification in applying control policies to an application. Doze and Power Saving were preserved.

### C. "Network Policy" Is Evidentiary Proof That Data Saver, Power Saving, Doze, and App Standby Infringe, As Samsung Has Always Known.

Finally, Samsung seeks to strike "Network Policy," but that is not an additional feature, as Samsung suggests. Instead, it is the source code that implements the accused features that Samsung concedes were disclosed in contentions, including Data Saver, Power Saving, Doze, and App Standby. Because these features (and ▉▉▉▉▉▉▉▉) are all implemented by source code called "Network Policy," Samsung's motion wrongly asks the Court to preclude Headwater from relying on source code to prove infringement by admittedly disclosed accused features.

The Wesel Report explains that Data Saver, ▉▉▉▉▉▉▉, Power Saving, Doze, and App Standby each "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉." Dkt. 165-10 ¶¶ 248, 257, 262, 266, 276; *see id.* ¶¶ 72, 81, 98, 112, 115, 127, 145. It also explains "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" (¶ 337) and "▉▉▉▉▉" (¶ 335) use ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. ▉▉▉▉▉▉▉ recites the names of these features as the reason an app is blocked (¶ 321) and as the name for the applied firewall rule (¶¶ 328-338). ▉▉▉▉▉▉ is proof these features infringe—not a newly accused feature.

This was clear from the outset of the case. Headwater's contentions link to the "Data Saver" developer page (https://developer.android.com/develop/connectivity/network-ops/data-saver) (Ex. 5). *See, e.g.*, Dkt. 165-3 at 23, 41, 47, 56. Samsung's non-infringement contentions rely on the same webpage. Ex. 2 (NI Contentions) at 41, 44, 48, 50, 52, 54, 55, 63, 68, 69, 80, 85, 87, 91,

13

93, 97, 103, 104, 118, 121. This developer page explains how Data Saver relies on "**Network Policy Manager**." Ex. 5. It states that Network Policy Manager is the code that "enables or disables Data Saver mode" and that adds or removes an application ID (UID) to the "allowlist (whitelist) to block background metered data usage while Data Saver is enabled." *Id.*

Samsung always knew that ▮▮▮▮ is the underlying code implementing Data Saver, Power Saving, Doze, App Standby, and ▮▮▮▮ Samsung's first confidential production in April 2023 included SAM-HW00155680 (Ex. 6), ▮▮▮▮ (blue highlighting for emphasis). It includes slides for each showing "▮▮▮▮" code implementing these features (▮▮▮▮):



14

Headwater printed this ▮▮▮▮ code as SAM-HW-SC090-126, 265-308, 367-396. ▮▮▮▮ provides ▮▮▮▮ for Battery Saver (▮▮▮▮), Doze (▮▮▮▮), and App Standby (▮▮▮▮). It also implements  Data Saver. Dkt. 165-10 ¶¶ 231-243, 327-333. Dr. Wesel relies on this evidence, 30(b)(6) testimony, and Google testimony all confirming these features are implemented in ▮▮▮▮ code. *Id.* ¶¶ 72-81, 89-90, 98-104, 112-117, 127-132, 145. As such, Headwater's contentions did not need to cite it because unlike its expert report, "**no such requirement existed for [Headwater's] infringement contentions**." *IP v. AT&T Mobility LLC,* 2020 WL 10045985 at *2.

Samsung's request also must be rejected because it is absurdly overbroad. Samsung seeks to strike **831 entire paragraphs** even if only a single line mentions network policy. Dkt. 165-13. But the vast majority discuss features that Samsung concedes have always been accused (e.g., Dkt. 165-10 ¶¶ 72, 81, 98, 112, 115, 127, 145) and, in many instances, discuss Samsung 30(b)(6) testimony confirming that ▮▮▮▮ (e.g., *id.* ¶¶ 81, 145). Such testimony also shows there is no prejudice, as Samsung always knew these features use ▮▮▮▮. *Id.* ¶ 81 ("Kim Tr. at 104:3-17 ▮▮▮▮"), ¶ 145 ("Son Tr. 219:5-222:1 (referring to slides 3 and 4 of SAM-HW00155680, confirming that ▮▮▮▮ ▮▮▮▮).

Accordingly, Samsung's Motion should be denied.

Dated: April 17, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

16

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Marc Fenster*
Marc Fenster