**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(E)(1), (B)(1), and/or (C)(1)**

## EXHIBIT INDEX & NOTES

| Exhibit | Description | Date |
|---|---|---|
| CC | Letter from Samsung Counsel to Headwater Counsel | December 6, 2023 |
| DD | Rough Transcript of Dr. Richard Wesel Deposition | April 30, 2024 |

\*      Emphasis added unless otherwise noted.

\*\*     Quotations including "Headwater" are replaced with "HW" unless otherwise noted.

\*\*\*    In this brief, "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

\*\*\*\*   "Russ, August, & Kabat" is abbreviated herein as "RAK."

\*\*\*\*\*  "Sherwood Partners" is abbreviated herein as "Sherwood"

Samsung's motion seeks sanctions for spoliation of code relevant to HW's pleaded (and maintained) claims that Samsung "copied" the ItsOn Solution. Samsung pursued the ItsOn Solution code (the "Code") for months, expressly asking HW if the Code existed and, if so, where. HW said it did not know and led Samsung to believe it no longer existed, stating, for example: "Headwater has searched specifically for . . . any source code related to the ItsOn software and ***has not located any such code***." Dkt. 189-3 at 3. Faced with Samsung's motion, HW has done a complete about-face. In its Opposition ("Opp."), HW reveals that it actually confirmed—***before discovery opened***—that the Code exists and is maintained by Brian Murphy at Sherwood. Even accepting this new assertion, HW did not tell Samsung this. Worse, HW omitted this information from its initial disclosures and stands by this omission, contrary to the requirements of this Court's Discovery Order. In the end, whether the Code was lost or, per HW's new explanation, the Code still exists, Rule 37 sanctions are warranted: either under (1) Fed. R. Civ. P. 37(b) and (c) for failing to disclose critical facts surrounding the Code, or (2) as requested in Samsung's opening brief, under Rule 37(e)(1) for failing to come forward with the Code in this case.

I. **HW'S ADMISSIONS JUSTIFY SANCTIONS UNDER RULES 37(B) AND (C)**

HW says it told Samsung that the Code existed and where. Not so. HW's behavior—not telling Samsung that it had confirmed the Code existed in any (1) meet/confer, (2) discovery response, (3) email exchange; (4) subpoena discussion; or (5) HW initial disclosures—shows the opposite: HW wanted Samsung to think the Code was gone. It worked. A factual recap is telling:

1. October 26, 2022: HW files present lawsuit (later amended), focusing on ItsOn.

2. January 26, 2023: RAK emails Murphy of Sherwood, saying it represents Raleigh and HW "regarding patent matters" and asking for a call. Dkt. 190-1.

3. February 13: After a phone call and more emails, Murphy tells RAK "[w]e still have the assets backed up on our servers…Let me know if there is interest here." *Id.* RAK confirmed that these "assets" include the Code. Dkt. 190 (Mirzaie) ¶ 8.

4. April 4: HW serves its initial disclosures, omitting Murphy, Sherwood, and ItsOn ABC.

5. April 5: On a meet and confer, HW expressly reserved *its* right to collect and produce P.R. 3-2(b) documents *from ItsOn*. Mot. at 8.

6. June 21: HW's first amended initial disclosures; no Murphy, Sherwood, or ItsOn ABC.

7. June 29: Samsung asks if RAK will accept service for ItsOn. Ex. S.

8. July 5: RAK agrees, even though it "understand[s]" ItsOn "no longer exist[s]." *Id.*

9. July 11: Seeking information on ItsOn documents or code, Samsung emails HW: "HW has still yet to confirm **whether there exists a repository of ItsOn documentation** including . . . communications [], meeting agendas/notes, notebooks, memoranda, technical specifications, manuals, **source code**." Ex. R. **No response.**

10. July 20: HW's last amended initial disclosures; no Murphy, Sherwood, or ItsOn ABC.

11. August 1: Samsung subpoenas ItsOn, Inc.; RAK accepts service.

12. August 16: ItsOn, Inc. responds, represented by RAK; produces two documents showing assignment to the benefit of creditors in 2018; and states: "*ItsOn* has produced all" responsive documents "in *its*" possession/custody/control. Mot. 8-9.

13. August 2023: RAK tells Murphy that Samsung subpoenaed ItsOn., Inc., and that "Samsung might also serve a subpoena on Sherwood Partners or ItsOn ABC." Mirzaie ¶10.

14. September 1: During a meet and confer on the ItsOn subpoenas and ItsOn-related ROGs (Nos. 14-17), Samsung makes plain that it is seeking ItsOn discovery to vet HW's copying and willfulness allegations. HW says it is not withholding any relevant ItsOn discovery, including any ItsOn code "**to the extent it exists**." Ex. P.

15. September 5: Samsung tries to schedule a deposition of ItsOn via RAK.

16. September 7: RAK responds: "As we have informed you several times, ItsOn, Inc. no longer exists… However, *[HW] has identified multiple individuals in its initial disclosures as having personal knowledge about ItsOn, Inc.,* including Greg Raleigh, James Lavine, James Fitzgerald, and Jeff Green, whose depositions Samsung may elect to take in this case." Ex. U.

17. September 19: RAK says: "***RAK** agreed to accept service of the subpoena because **it is, and continues to be, our understanding** that the **only documents of ItsOn, Inc. which remain** from its wrap-up **are those [two] which our firm produced** on August 16[]. As those documents show, a general assignment of all ItsOn, Inc. assets occurred in the wrap-up. I'll reiterate that **if Samsung desires to take the deposition of some person with knowledge about ItsOn, Inc., such as those individuals with knowledge about ItsOn, Inc. that Headwater has disclosed in this case**, it may do so." *Id.*

18. November 2023: Raleigh and Harris are deposed, generally confirming their understanding that the Code went with a sale to creditors, and giving testimony implying some ItsOn documents or code relics might remain with HW.  *See* Ex. CC.

19. December 6: Samsung seeks the ItsOn documents and code relics mentioned at Harris and/or Raleigh's depositions.  Ex. CC at 1-3.

20. December 15: HW writes that it searched for "**any source code related to the ItsOn software** and **has not located any such code**," and that ItsOn's assets were "moved to an ABC administrator, assignment for benefit of creditors in the course of the winddown of ItsOn," pointing Samsung to a California SOS website.  Dkt. 189-3.

At no point during these events (or other point during discovery), did HW tell Samsung that it ***knew*** the Code ***still existed***, where it was, and who to contact.  On the contrary, HW concealed this information by saying that this discovery no longer existed.  RAK's message was clear: we do not have Code or documents; we do not know where it is; we "understand" that it no longer exists.  Given RAK's consistent messaging—including in response to direct questions on calls with counsel about the Code's whereabouts—HW later pointing Samsung to a defunct entity creditor was meaningless.  RAK's messaging amounted to telling Samsung: "We've told you time and again, the code doesn't exist, but if you don't believe us, here's the SOS website, feel free to waste your time."  Samsung's counsel believed RAK, and thus did not expend resources subpoenaing a third-party creditor that Samsung was led to believe did not have the at-issue discovery.

Indeed, if this were not the case, why would RAK not simply tell Samsung that the Code existed and where?  What other reason was there for these games other than to make Samsung think the Code was gone?  Why did HW not produce RAK's emails with Murphy, disclosed for the first time in its Opposition, in which RAK confirms the ItsOn discovery's existence?

Of course, to avoid this mess, HW should have included this information in its initial disclosures.  HW dismisses this obligation, saying it did not have to disclose ItsOn ABC, Sherwood, or Murphy because Rule 26(a)(1) only "requires the disclosure of the identities of parties and people who have information 'that the disclosing party may use to support its claims or defenses,'"

3

and "[HW] did not intend to rely on any information in Sherwood or ItsOn ABC's possession." Opp. at 9, n.1. Headwater is wrong. The Court's Discovery Order, **which supersedes Rule 26(a)(1)**, requires HW to disclose those with relevant information, regardless of HW's intentions:

> Initial Disclosures. **In lieu of** the disclosures required by **[FRCP] 26(a)(1)**, each party shall disclose to every other party the following information: … (d) the name, address, and telephone number of **persons having knowledge of relevant facts**, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person…

Dkt. 56, ¶1. HW's omission was not harmless. Indeed, when Samsung sought ItsOn discovery, RAK—after responding to subpoenas on ItsOn, Inc.'s behalf—*directed Samsung to HW's initial disclosures*, which did not include ItsOn ABC, Sherwood, or Murphy. Sect.I.¶¶ 16-17, *supra*.

There is no justification for HW's failure to disclose here, and "the court has broad discretion in fashioning its sanction" for this failure. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Under Rules 37(b) & (c), the Court may prohibit a party from supporting or opposing claims or defenses, or from introducing matters in evidence, for failure to (i) obey a discovery order (Rule 37(b)(2)(A)) or (ii) provide information as required by Rule 26(a) or (e). Rule 37(c)(1). The sanctions laid out in Samsung's Motion remain appropriate. Mot. at 1, 15.

## II.     ITSON APK IS NOT THE ITSON SOLUTION SOURCE CODE

Headwater says that the ItsOn APK is the only "code" needed to show that Samsung allegedly copied the ItsOn Solution. Again, HW is wrong. The ItsOn APK is not source code, it is just the application installation file that would have been used to install the ItsOn Solution on an Android device. One can open an APK file but will only see a folder structure with application resources, including compiled code that cannot be read. The ItsOn APK cannot be used to determine if the ItsOn Solution practiced any asserted claim. This is axiomatic and Headwater knows that.

HW's tactical decision—to "rely" on the ItsOn APK, and not the actual Code, for its copying allegations—is determinative. As discussed in its Opp., Headwater asserts that Samsung

4

copied the ItsOn Solution. For this copying allegation to matter, the ItsOn Solution must have practiced one or more asserted claim. Mot. at 15. In July 2023, Samsung served ROGs seeking information on which of the asserted patents the ItsOn Solution allegedly practiced and HW's basis. Exs. X, P. In its August 2023 responses (which HW never supplemented) HW: (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.*

Despite its burden, neither HW nor its experts have provided any basis for asserting that the ItsOn Solution practiced any of the ▇▇▇▇▇ asserted claims. *E.g.,* Ex. DD. Without showing that the ItsOn Solution practiced an asserted claim (which could have been shown/refuted by the Code), whether Samsung allegedly "copied" the ItsOn Solution is irrelevant. Mot. at 15.

### III. HEADWATER'S EXPLANATIONS ARE INADEQUATE

*First*, HW says sanctions under Rule 37(e)(1) do not apply because Samsung cannot show HW acted in "bad faith" or with "intent." Opp. at 11-13. HW is wrong. Rule 37(e)(1) explicitly does not require bad faith or intent (as opposed to Rule 37(e)(2)). *See* Mot. at 10.

*Second*, "practical ability" is not a term Samsung coined; it is from analogous case law holding—contrary to HW's assertion—that express control is not required to trigger preservation obligations. Mot. at 12-13. This Court found, as recently as last week, that ItsOn and HW were the ***opposite*** of arms-length entities. Dkt. 198 at 4. Raleigh says as much in the lengthy declaration he submitted to establish common interest. Dkt. 134 (Ex. A). HW now tries to walk away from these findings/claims to excuse its preservation failures. It should not be permitted to do so.

*Third*, HW hangs its hat on the fact that in 2023—***after*** it filed this lawsuit—it confirmed the Code still existed (despite concealing this from Samsung). Opp. at §III.B. That HW waited until ***after*** it filed the suit ***to even see*** if the Code (or other ItsOn "assets") still existed says it all.

5

Dated: April 30, 2024          Respectfully submitted,

By:    */s/ Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis

6

TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

7

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 30, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Thad C. Kodish
Thad C. Kodish

# CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ Thad C. Kodish
Thad C. Kodish