# Exhibit 30

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Headwater Research LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-00422-JRG-RSP |
| | § | |
| Samsung Electronics Co., Ltd., Samsung | § | |
| Electronics America, Inc., | § | |
| | § | |
| *Defendants*. | § | |

## NON-PARTY QUALCOMM INCORPORATED'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SUBPOENA *DUCES TECUM*

Non-Party Qualcomm Incorporate ("Qualcomm") hereby serves these Objections and Responses ("Responses"), pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure to the document requests propounded by Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") to the subpoena *Duces Tecum* Defendants served on non-party Qualcomm on December 21, 2023 ("Requests").

## PRELIMINARY STATEMENT

The following responses, while based on diligent investigation by Qualcomm and its counsel, are necessarily supported only by those facts and writings presently and specifically known and readily available. Qualcomm has not completed its investigation of all facts related to the subject matter of Defendants' subpoena. Qualcomm therefore makes these responses without prejudice to its right to produce additional evidence of any facts or information that Qualcomm may later recall or discover. Qualcomm further reserves the right to amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence.

These responses are made solely for the purposes of the above-captioned action (the "Litigation") and are subject to all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility.  All such objections and grounds are expressly reserved.

Qualcomm's response to each individual Request is submitted without prejudice to and without waiving the general objections listed below but not expressly set forth in that response. The assertion of any objection to a Request in any response is neither intended as, nor shall in any way be deemed, a waiver of Qualcomm's right to assert that or any other objection at a later date. Moreover, no incidental or implied admissions are intended by the responses below. The fact that Qualcomm has answered or objected to all or part of a Request should not be construed as an admission that Qualcomm accepts or admits the existence of any purported facts set forth or assumed by such Request or that Qualcomm has waived any part of any objection to the Request.

## **GENERAL OBJECTIONS**

Non-Party Qualcomm makes the following General Objections, whether or not separately set forth in each response to each instruction, definition, Request, or Topic:

1.	Qualcomm objects to each and every definition, instruction, and Request to the extent that it seeks to impose a burden on third-party Qualcomm that the private parties to the Litigation have agreed not to apply to themselves.

2.	Qualcomm objects to each and every definition, instruction, and Request to the extent that it purports to impose any requirement or discovery obligation upon Qualcomm other than as set forth in the Federal Rules of Civil Procedure or the Court's Local Rules.  Qualcomm's responses and obligations are governed by the foregoing rules and not any inconsistent or expanded definition or instruction provided by Defendants.

3.	Qualcomm objects to each and every definition, instruction, and Request to the extent that it seeks information protected by the attorney-client privilege, the work product

doctrine, or any other applicable privilege, rule, or duty of confidentiality that precludes or limits the disclosures of such information (hereinafter referred to as "Privileges"). Qualcomm will not disclose such information in response to these requests. Inadvertent disclosure of privileged information shall not waive any of the Privileges, and Qualcomm expressly reserves the right to seek return of any privilege information that is inadvertently produced.

4.        Qualcomm objects to each and every definition, instruction, and Request to the extent it seeks information for time periods beyond those relevant to the issues in this Litigation as overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

5.        Qualcomm objects to each and every definition, instruction, and Request to the extent it seeks to impose an improper and undue burden or a burden that exceeds that contemplated by the Federal Rules of Civil Procedure.

6.        Qualcomm objects to the instructions, definitions, and Requests to the extent that they use terms that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought. When attempting to respond to a vague and ambiguous Request, Qualcomm will respond to the extent that it understands the Request.

7.        Qualcomm objects to the Requests to the extent that they are duplicative and cumulative to other discovery propounded in this action by Defendants, including discovery propounded by Defendants to the Plaintiff. Service of duplicative requests squanders third-party Qualcomm's time and resources and creates an undue burden on Qualcomm in preparing responses.

8.      Qualcomm objects to the Requests to the extent that they seek to impose an obligation to identify or search for documents or information at any location other than that at which they would be expected to be stored in the ordinary course of business.

9.      Qualcomm objects to each Request to the extent it seeks confidential or proprietary information pertaining to Qualcomm's business, trade secrets, and/or economic relationships.  Qualcomm will only provide such information subject to the terms of a mutually acceptable supplemental protective order specific to Qualcomm's sensitive confidential business information or trade secrets to be entered in this Litigation.

10.     Qualcomm objects to each Request to the extent it purports to require Qualcomm to provide information relating to third parties that may potentially violate the privacy rights of those third parties, including but not limited to Qualcomm's employees and former employees, based on statutory, California and/or federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees and/or other third parties.

11.     Qualcomm objects generally to each Request to the extent it seeks confidential, proprietary or trade secret information of third parties. Qualcomm further objects to each Request to the extent it seeks disclosure by Qualcomm of any information received from a third party under a non-disclosure agreement or subject to the common interest privilege, or the content of any part of any agreement between Qualcomm and a third party that, by its terms, may not be disclosed by Qualcomm. Qualcomm will seek consent of the third party for disclosure pursuant to the Protective Order and/or a mutually acceptable supplemental protective order and provide responsive information once consent has been secured. Qualcomm will advise Defendants should the third party refuse to permit disclosure.

12.  Qualcomm objects to the Requests to the extent they seek documents or information that are in the public domain or equally available to Defendants on the basis that it is equally convenient for Defendants to compile and/or obtain such material. Qualcomm further objects to the Requests to the extent that they seek information or documents that are already known to or in the possession of Defendants or are discoverable from the Plaintiff.

13.  Qualcomm objects generally to each Request to the extent it seeks identification of "all" information or documents that refer or relate to a particular subject as overly broad and unduly burdensome. Qualcomm will make reasonable efforts to search for information relevant to the issues raised in the Litigation, including searches directed to documents of the types that are the subject of the Requests. If any additional non-privileged, non-immune, relevant information is discovered in the course of any further or continuing searches, it will be provided in accordance with the Federal Rules of Civil Procedure.

14.  Qualcomm objects to each definition, instruction, and Request to the extent that it seeks information unknown to Qualcomm or not within Qualcomm's possession, custody or control.

15.  Qualcomm objects generally to each Request to the extent it calls for a legal opinion or conclusion. Any response or production of information by Qualcomm shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the Requests.

16.  Qualcomm further objects to the Requests to the extent they seek the identification or production of e-mails or other forms of electronic communications absent: (1) a showing of good cause for the production of such communications, (2) a showing that the burden and expense of such production is proportional to the needs of the case, and (3) an agreement as

to a limited number of custodians, time period, and search terms.

17.     Qualcomm objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the instructions, definitions, or Requests.  Qualcomm's responses herein are not intended to mean that Qualcomm agrees with any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the instructions, definitions, or Requests.

18.     Qualcomm's responses to the Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; (b) the right to object on any ground to the documents or information produced in response to the Requests at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

## OBJECTIONS TO DEFINITIONS

Qualcomm incorporates its Preliminary Statement and General Objections to each definition and further asserts the following Objections in particular to the Definitions.

19.     Qualcomm objects to the definition "Qualcomm," "You," and "Your" to the extent it includes any corporation, business, entity or individual other than Qualcomm Incorporated or its current employees or to the extent the definition includes legal counsel and thereby calls for information subject to the attorney-client privilege, work product doctrine, or any other privilege, protection or immunity.  Qualcomm's responses are solely on behalf of Qualcomm Incorporated.

20.     Qualcomm objects to the definition of "Headwater" as vague, ambiguous, and lacking reasonable particularity to the extent it includes any entity other than Headwater Research,

- 6 -

LLC and includes "its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all Headwater affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with Headwater and all predecessors and successors in interest to such entities."  Qualcomm further objects to the definition of "Headwater" as overbroad because of the numerous categories of unidentified persons and/or entities the definition purports to capture.

21.     Qualcomm objects to the definition of "Document," "documents," and "document(s)" as overly broad, unduly burdensome, vague, ambiguous, and unclear to the extent it is seeking information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the inclusion of documents that are not within Qualcomm's possession, custody, or control, or require information protected by the attorney-client privilege, work product doctrine, or other applicable protection.  Qualcomm will respond in accordance with its obligations under the Federal Rules of Civil Procedure.

22.     Qualcomm objects to the definition of "person" or "Entity" to the extent it is overly broad, unduly burdensome, vague, ambiguous, unclear, and seeking information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the inclusion of documents that are not within Qualcomm's possession, custody, or control, or require information protected by the attorney-client privilege, work product doctrine, or other applicable protection. Qualcomm will respond in accordance with its obligations under the Federal Rules of Civil

Procedure.

## **OBJECTIONS TO INSTRUCTIONS**

Qualcomm incorporates its Preliminary Statement and General Objections to each instruction and further asserts the following Objections in particular to the Instructions.

23.      Qualcomm objects to Instruction No. 1 as overly broad and unduly burdensome for exceeding the obligations imposed by the Federal Rules of Civil Procedure regarding the production of documents and for not being proportional to the needs of the case.

24.      Qualcomm objects to Instruction No. 2 as overly broad and unduly burdensome to the extent it includes any corporation, business, entity or individual other than Qualcomm Incorporated or its current employees.

25.      Qualcomm objects to Instruction No. 3 as overly broad and unduly burdensome for exceeding the obligations imposed by the Federal Rules of Civil Procedure Qualcomm to the extent that it seeks to impose an obligation to identify or search for documents or information at any location other than that at which they would be expected to be stored in the ordinary course of business. Qualcomm further objects to Instruction No. 3 as not being proportional to the needs of the case.

26.      Qualcomm objects to Instruction No. 4 as overly broad and unduly burdensome for exceeding the obligations imposed by the Federal Rules of Civil Procedure. Qualcomm will only produce non-privileged, relevant documents in its possession, custody, or control.

27.      Qualcomm objects to Instruction No. 6 as overly broad and unduly burdensome for exceeding the obligations imposed by the Federal Rules of Civil Procedure and for not being proportional to the needs of the case.  Qualcomm will only produce non-privileged

documents in its possession, custody, or control.

28.      Qualcomm objects to Instruction No. 7 as overly broad and unduly burdensome for exceeding the obligations imposed by the Federal Rules of Civil Procedure with regards to privileged or protected information and for not being proportional to the needs of the case.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Documents sufficient to determine the dates of employment of Gregory Raleigh at Qualcomm, including but not limited to information identifying the start and termination dates of Gregory Raleigh.

### RESPONSE TO REQUEST NO. 1:

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request to the extent that "Documents sufficient to determine the dates of employment of Gregory Raleigh at Qualcomm" is interpreted to require more than documents sufficient to determine "the start and terminations dates of Gregory Raleigh."  Such information would be irrelevant, unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former

employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Subject to and without waiving the foregoing, and subject to Samsung obtaining any necessary consents required by appliable law, Qualcomm will produce documents sufficient to show the employment start and termination dates of Gregory Raleigh at Qualcomm.

**REQUEST NO. 2:**   All documents, communications, and things reflecting the employment of Gregory Raleigh by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between You and Gregory Raleigh.

**RESPONSE TO REQUEST NO. 2:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things reflecting the employment of Gregory Raleigh by You" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation. Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "reflecting the employment of Gregory Raleigh by You."   Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportional to, the likely

benefit of most, if not all, of the requested documents. Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks disclosure of information that is in the public domain, exclusively in the possession of third parties, or in the possession of any party in this action.  The effort that would be required by Qualcomm to reasonably identify and produce documents on this Request imposes an improper and undue burden on Qualcomm, a nonparty to this action, particularly so where the materials sought may be obtained from other sources, including the Plaintiff and Plaintiff's founder, Gregory Raleigh.  Qualcomm further objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Subject to and without waiving the foregoing, and subject to obtaining any necessary consents required by appliable law,

Qualcomm objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, and subject to Samsung obtaining any necessary consents required by appliable law, Qualcomm will produce documents sufficient to show signed  employment agreements, termination agreements, confidentiality agreements, and/or proprietary rights agreements between Qualcomm Incorporated and Gregory Raleigh that are within Qualcomm Incorporated's possession, custody, or control.

**REQUEST NO. 3:**   Documents sufficient to identify which of Your employees or former employees were Gregory Raleigh's supervisors while employed by You, including but not limited to information identifying each of Gregory Raleigh's supervisors during his employment to whom Gregory Raleigh directed requests to implement his ideas, creations, inventions, projects, and expenditures to, and whether said supervisors are still employed by You.

**RESPONSE TO REQUEST NO. 3:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[d]ocuments sufficient to identify which of Your employees or former employees were Gregory Raleigh's supervisors while employed by You" and "information identifying each of Gregory Raleigh's supervisors during his employment to whom Gregory Raleigh directed requests to implement his ideas, creations, inventions, projects, and expenditures to, and whether said supervisors are still employed by You" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible

evidence.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case.  The effort that would be required by Qualcomm to reasonably identify and produce documents responsive to this Request imposes an improper and undue burden on Qualcomm, a nonparty to this action.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Qualcomm objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 4:**   All documents reflecting any requests by Gregory Raleigh while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated

network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**RESPONSE TO REQUEST NO. 4:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents reflecting any requests by Gregory Raleigh while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "related to the subject matter of the Asserted Patents" and "managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc." Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportion to, the likely benefit of most, if not all, of the requested documents. This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation. Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm further objects to this Request to the extent it calls for lay opinions, expert opinions, legal opinions or conclusions, or other non-factual responses or interpretations regarding "the subject matter of the Asserted Patents" or the scope of the asserted claims.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it assumes facts that have not been established.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 5:**   All documents, communications, and things reflecting any investigation, determination, inquiry, belief, opinion, or position as to whether the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.) was related to Your business, products, intellectual property, or services in the 2008 to 2010 timeframe.

**RESPONSE TO REQUEST NO. 5:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things reflecting any investigation, determination, inquiry, belief, opinion, or position as to whether the subject matter of the Asserted Patents … was related to Your business, products, intellectual

property, or services in the 2008 to 2010 timeframe" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "subject matter of the Asserted Patents," "managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.," and "related to Your business, products, intellectual property, or services." Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportion to, the likely benefit of most, if not all, of the requested documents.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation. Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm further objects to this Request to the extent it calls for lay opinions, expert opinions, legal opinions or conclusions, or other non-factual responses or interpretations regarding "the subject matter of the Asserted Patents" or the scope of the asserted claims.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it assumes facts that have not been established.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm will not search for or produce documents responsive to this Request.

**REQUEST NO. 6:**   All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Gregory Raleigh to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**RESPONSE TO REQUEST NO. 6:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Gregory Raleigh to develop technology related to the subject matter of the Asserted Patents" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "technology related to the subject matter of the Asserted Patents" and "managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation

of network activity; protecting network capacity; wireless network access policies, etc."
Qualcomm objects to this Request because the broad and unfocused nature of the Request makes
the burden or expense of searching for and producing the requested documents greatly outweigh,
and not be proportion to, the likely benefit of most, if not all, of the requested documents.  This
Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation.
Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and
unduly burdensome.

Qualcomm further objects to this Request to the extent it calls for lay opinions, expert
opinions, legal opinions or conclusions, or other non-factual responses or interpretations regarding
"the subject matter of the Asserted Patents" or the scope of the asserted claims.

Qualcomm objects to this Request to the extent it seeks information involving the
confidential information of third parties that Qualcomm may not disclose due to confidentiality
obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs
of the case to the extent it assumes facts that have not been established.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks
information that is protected by the attorney-client privilege, the work product doctrine, and/or
another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer
regarding the scope of this Request.

**REQUEST NO. 7:**   Documents sufficient to determine the various dates of employment
of Alireza Raissinia at Qualcomm, including but not limited to information identifying any start

and termination dates of Alireza Raissinia relating to at least his two separate time periods as a Qualcomm employee.

**RESPONSE TO REQUEST NO. 7:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request to the extent that "Documents sufficient to determine the various dates of employment of Alireza Raissinia at Qualcomm" is interpreted to require more than documents sufficient to show "any start and termination dates of Alireza Raissinia relating to at least his two separate time periods as a Qualcomm employee."  Such information would be irrelevant, unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Subject to and without waiving the foregoing, and subject to Samsung obtaining any necessary consents required by appliable law, Qualcomm will produce documents sufficient to show the employment start and termination date(s) of Alireza Raissinia at Qualcomm.

**REQUEST NO. 8:**   All documents, communications, and things reflecting the employment of Alireza Raissinia by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between You and Alireza Raissinia, including relating to his time as a Qualcomm employee ending in 2009.

**RESPONSE TO REQUEST NO. 8:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things reflecting the employment of Alireza Raissinia by You" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "reflecting the employment of Alireza Raissinia by You."  Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportional to, the likely benefit of most, if not all, of the requested documents.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation. Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks disclosure of information that is in the public domain, exclusively in the possession of third parties, or in the possession of any party in this action.  The effort that would be required by Qualcomm to reasonably identify and produce documents on this Request imposes an improper and undue burden on Qualcomm, a nonparty to this action, particularly so where the materials sought may be obtained from other sources, including the Plaintiff.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Qualcomm objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, and subject to Samsung obtaining any necessary consents required by appliable law, Qualcomm will produce documents sufficient to show signed  employment agreements, termination agreements, confidentiality agreements, and/or proprietary rights agreements between Qualcomm Incorporated and Alireza Raissinia that are within Qualcomm Incorporated's possession, custody, or control.

**REQUEST NO. 9:**   Documents sufficient to identify which of Your employees or former employees were Alireza Raissinia's supervisors while employed by You before Alireza Raissinia left Qualcomm in 2009, including but not limited to information identifying each of Alireza Raissinia's supervisors during his employment to whom Alireza Raissinia directed requests to and/or suggestions for implementing his ideas, creations, inventions, projects, and expenditures, and whether said supervisors are still employed by You.

**RESPONSE TO REQUEST NO. 9:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[d]ocuments sufficient to identify which of Your employees or former employees were Alireza Raissinia's supervisors while employed by You" and "information identifying each of Alireza Raissinia's supervisors during his employment to whom Alireza Raissinia directed requests to and/or suggestions for implementing his ideas, creations, inventions, projects, and expenditures, and whether said supervisors are still employed by You" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.  Qualcomm further objects to this Request to the extent it purports to require Qualcomm to provide information relating to third parties, including but not limited to Qualcomm's employees and former

employees, that may potentially violate the privacy rights of those employees, former employees, and/or third parties based on statutory, California and federal constitutional, and/or public policy rights, and/or confidentiality agreements, arrangements or understandings between or among Qualcomm and its employees, former employees, and/or other third parties.

Qualcomm objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 10:**  All documents reflecting any requests by Alireza Raissinia while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**RESPONSE TO REQUEST NO. 10:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents reflecting any requests by Alireza Raissinia while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to

"related to the subject matter of the Asserted Patents" and "managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc." Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportion to, the likely benefit of most, if not all, of the requested documents. This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation. Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm further objects to this Request to the extent it calls for lay opinions, expert opinions, legal opinions or conclusions, or other non-factual responses or interpretations regarding "the subject matter of the Asserted Patents" or the scope of the asserted claims.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it assumes facts that have not been established.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 11:**  All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Alireza Raissinia to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**RESPONSE TO REQUEST NO. 11:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Gregory Raleigh to develop technology related to the subject matter of the Asserted Patents" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "technology related to the subject matter of the Asserted Patents" and "managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc." Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportion to, the likely benefit of most, if not all, of the requested documents.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation.

- 25 -

Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm further objects to this Request to the extent it calls for lay opinions, expert opinions, legal opinions or conclusions, or other non-factual responses or interpretations regarding "the subject matter of the Asserted Patents" or the scope of the asserted claims.

Qualcomm objects to this Request to the extent it seeks information involving the confidential information of third parties that Qualcomm may not disclose due to confidentiality obligations without first obtaining third-party consent for their disclosure.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it assumes facts that have not been established.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 12:** All documents, communications, and things relating to or corresponding with the conception, reduction to practice, and filing of US Patent No. 8,856,798 and European Patent No. 2215873B1, to which Qualcomm is the assignee.

**RESPONSE TO REQUEST NO. 12:**

Qualcomm incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions to the extent applicable to this Request.

Qualcomm objects to this Request seeking "[a]ll documents, communications, and things relating to or corresponding with the conception, reduction to practice, and filing of US Patent No.

8,856,798 and European Patent No. 2215873B1, to which Qualcomm is the assignee" as irrelevant information that is unrelated to any claim or defense of any party to this Litigation, not proportional to the needs of the Litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Qualcomm further objects to this Request as overly broad, vague, and ambiguous with respect to "relating to or corresponding with the conception, reduction to practice, and filing of US Patent No. 8,856,798 and European Patent No. 2215873B1."  Qualcomm objects to this Request because the broad and unfocused nature of the Request makes the burden or expense of searching for and producing the requested documents greatly outweigh, and not be proportion to, the likely benefit of most, if not all, of the requested documents.  This Request has not been narrowly tailored to seek discovery regarding the issues in this Litigation.  Qualcomm further objects to this Request, which seeks "*[a]ll* documents …" as overly broad and unduly burdensome.

Qualcomm objects to this Request as unduly burdensome and not proportional to the needs of the case as it is unlimited in time and not narrowly tailored to the facts of the case.

Qualcomm objects to this Request to the extent it calls for legal conclusions or seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or another applicable privilege.

Subject to and without waiving the foregoing, Qualcomm is willing to meet and confer regarding the scope of this Request.

Dated: January 23, 2024

Respectfully submitted,

/s/ Daniel A. Prati

Richard S. Zembek
State Bar No. 00797726
richard.zembek@nortonrosefulbright.com
Daniel A. Prati
State Bar No. 24070446
daniel.prati@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**COUNSEL FOR NON-PARTY
QUALCOMM INCORPORATED**