# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>JURY DEMANDED<br><br>FILED UNDER SEAL |

# PLAINTIFF HEADWATER'S MOTION FOR
# SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES AND FACTS ........................................................................... 1

II. LEGAL STANDARD ......................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 3

    A. Samsung's Inequitable Conduct Assertion ................................................................ 3

    B. No Materiality ............................................................................................................ 4

        1. Android OS is repeatedly discussed in the specification and thus Android OS 1.0 and 1.6 were disclosed to the Examiner. ....................................................... 4

        2. Samsung provides no evidence or opinions that Android OS 1.0 and 1.6 are non-cumulative to other prior art references. ........................................................ 6

    C. No Intent to Deceive .................................................................................................. 8

        1. Overwhelming objective evidence negates a finding of deceptive intent here. .. 9

        2. Samsung adduced no sufficient evidence of deceptive intent and cannot meet the *Therasense* standard ................................................................................... 11

IV. CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page

**Cases**

*Andrew v. Gabriel Elecs.*,
    847 F.2d 819 (Fed. Cir. 1988) ................................................................................................ 9

*Berry Plastics Corp. v. Intertape Polymer Corp.*,
    205 F. Supp. 3d 979 (S.D. Ind. 2016) .................................................................................. 10

*Dimension One Spas v. Coverplay*,
    No. 03-cv1099-L, 2007 WL 2815042 (S.D. Cal Sept. 25, 2007) ............................................ 7

*Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*,
    540 F. Supp. 2d 724 (E.D. Tex. 2008) .......................................................................... 3, 6, 10

*Halliburton Co. v. Schlumberger Tech. Corp.*,
    925 F.2d 1435 (Fed. Cir. 1991) .............................................................................................. 7

*In re Katz Interactive Call Processing Pat. Litig.*,
    821 F. Supp. 2d 1135 (C.D. Cal. 2011) ............................................................................... 6, 8

*In re Katz Interactive Call Processing Pat. Litig.*,
    No. 07–ML–01816–RGK, 2009 WL 8667265 (C.D. Cal. Aug. 14, 2009) ........................... 6, 8

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ....................................................................................... 2, 8, 11

*Vandenberg v. Dairy Equip. Co.*,
    740 F.2d 1560 (Fed. Cir. 1984) ............................................................................................ 10

**Rules**

37 C.F.R. § 1.56(b) ....................................................................................................................... 6

Fed. R. Civ. P. 9(b) ...................................................................................................................... 3

# TABLE OF EXHIBITS & ABBREVIATIONS

All exhibits referenced herein are attached to the concurrently filed Declaration of Marc Fenster in Support of Headwater's Motions for Summary Judgment and Motion to Strike Portions of the Expert Opinions of Dr. Dan Schonfeld.

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 1 | Opening report of Samsung's technical expert, Dr. Dan Schonfeld | Schonfeld Op. Rpt. |
| 3 | Transcript from deposition of Dr. Dan Schonfeld, dated May 7, 2024 | 5/7/24 Schonfeld Tr. |
| 27 | Samsung's objections and responses to Headwater's First Set of Interrogatories, dated March 15, 2024 | Resp. to Rog 1 |
| 28 | Transcript from deposition of Dr. Gregory Raleigh, dated November 15, 2023 | 11/15/23 Raleigh Tr. |
| 29 | Transcript from deposition of Dr. Alireza Raissinia, dated December 15, 2023 | Raissinia Tr. |
| 32 | Transcript from deposition of James Harris, dated November 27, 2023 | Harris Tr. |
| 33 | Validity report of Headwater's validity expert, Mr. Erik de la Iglesia | DLI Rpt. |
|  | Samsung's Amended Answer and Defenses to Headwater's Second Amended Complaint for Patent Infringement (Dkt. 78) | Am. Answer |
|  | U.S. Patent No. 9,137,701 | '701 patent |

The Court should grant Plaintiff Headwater Research LLC's motion for partial summary judgment on Defendant Samsung's affirmative defense of inequitable conduct. For the reasons below, Samsung's inequitable conduct defense fails as a matter of law, and it cannot prove, by clear and convincing evidence either materiality or intent to deceive.

**I.     STATEMENT OF ISSUES AND FACTS**

To resolve this motion, the Court should decide the following issues:

1. Whether Samsung can meet its burden to prove, by clear and convincing evidence, that Headwater failed to disclose Android OS to the Examiner, where specification of the Asserted Patents refers to Android OS at least nine times.

2. Whether Samsung can meet its burden to prove, by clear and convincing evidence, that Android OS 1.0 and 1.6 were non-cumulative to the specification and other prior art references considered during prosecution of the Asserted Patents, where Samsung offers no evidence or opinions regarding cumulativeness, and Samsung's expert did not review "the vast majority of" the most pertinent prior art references called out by the Examiner.

3. Whether Samsung can meet its burden to prove, by clear and convincing evidence, that the inventors or prosecutor knew or believed that: (a) the Examiner was unaware of Android OS, including versions 1.0 and 1.6; and (b) the Examiner *would not have allowed* the claims of the Asserted Patents had it been made aware of Android OS 1.0 and 1.6.

4. Whether Samsung can meet its burden to prove, by clear and convincing evidence, that the inventors or prosecutor knew or believed that Android OS 1.0 and 1.6 were non-cumulative to the specification and other prior art of record and but-for material, and then made a *deliberate decision* to withhold with *the specific intent to deceive* the PTO.

For the reasons below, no genuine disputes of material fact preclude summary judgment of no inequitable conduct. This is because Samsung cannot meet its burden to prove inequitable

1

conduct by clear and convincing evidence. As set forth below, the facts that support summary judgment include the common specification of the Asserted Patents; the prosecution records of the Asserted Patents; all experts' agreement that Android OS 1.0 and 1.6 were publicly available and widely disseminated as of the May 2010 priority date of the Asserted Patents; and the deposition admissions of Samsung's invalidity expert Dr. Schonfeld.

## II.   LEGAL STANDARD

Inequitable conduct requires a showing that both (1) information material to patentability was withheld from the PTO, and (2) the information was withheld with the specific intent to deceive the PTO into granting the patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290–92 (Fed. Cir. 2011) (*en banc*). Both elements—materiality and intent to deceive— must be proven by clear and convincing evidence. *Id.* Materiality and intent are separate requirements. *Id.* 1290. There is no "sliding scale" whereby a strong showing of either materiality or intent can make up for a weaker showing on the other element. *Id.*

The materiality required to establish inequitable conduct is but-for materiality. *Id.* at 1291. The accused infringer must prove by clear and convincing evidence that the PTO would not have allowed a claim had it been aware of the undisclosed prior art. *Id.*

To satisfy the intent element, the accused infringer must prove by clear and convincing evidence that "the applicant *made a deliberate decision* to withhold a *known* material reference." *Id.* at 1290 (emphasis in original). In other words, there must be clear and convincing evidence that "the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290. To meet this evidentiary standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* at 1290. Indeed, the evidence "must be sufficient to *require* a finding of deceitful intent in light of all the

2

circumstances." *Id.* (emphasis in original). Hence, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290–91.

## III.   ARGUMENT

### A.   Samsung's Inequitable Conduct Assertion

Samsung's assertion of inequitable conduct is based on Headwater's alleged failure to disclose versions 1.0 and 1.6 of the Android operating system ("Android OS") during prosecution of the Asserted Patents. Am. Answer at 28-29; Resp. to Rog 1 at 25-26; Schonfeld Op. Rpt. ¶¶ 1218-19. Samsung invalidity expert, Dr. Schonfeld, provides materiality opinions that are limited to Android OS 1.0 and 1.6. *See* Schonfeld Op. Rpt. ¶¶ 1219 (asserting that "at least [versions 1.0 and 1.6] of Android and corresponding devices/documentation constitute material information" that "would have been material to the patentability of each of the Asserted Patents"). Dr. Schonfeld does not contend that any other versions of Android OS (or any other prior art) would have been material to patentability for purposes of inequitable conduct.

Even as to Android OS 1.0 or 1.6, Samsung fails to adequately identify what "information" it contends was material and required to be disclosed. Samsung's (and Dr. Schonfeld's) vague reference to Android OS's "corresponding devices/documentation" violates the requirement to plead inequitable conduct with particularity. *See Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, 540 F. Supp. 2d 724, 730 & n. 4 (E.D. Tex. 2008) ("Fed. R. Civ. P. 9(b) requires a party to plead, at a minimum, allegations of the particulars of 'who, what, when, where, and how of the alleged fraud.'"). Samsung never specifies *what* devices, *what* documentation, or *what* portions of such documentation give rise to inequitable conduct.

Indeed, the only "information" Samsung identified with any particularity are the overall systems of Android OS 1.0 and 1.6 themselves. Samsung's inequitable conduct theory is that Headwater was required to submit an Information Disclosure Statement (IDS) listing "Android

3

OS 1.0" and "Android OS 1.6" during prosecution of the Asserted Patents. No other specific action or information is articulated in (or reasonably preserved by) the inequitable conduct allegations in Samsung's pleadings and rog responses. Am. Answer at 28-29; Resp. to Rog 1 at 25-26.[1]

### B. No Materiality

Samsung cannot prove materiality by clear and convincing evidence for two dispositive reasons. *First*, Android OS is repeatedly discussed in the specifications of the Asserted Patents and a POSITA would understand that these disclosures refer to versions of Android OS that were available as of the priority date. Thus, there was "no failure to disclose" Android OS 1.0 and 1.6 to the PTO. *Second*, despite bearing the burden, Samsung provides no evidence or opinions that Android OS is non-cumulative to other prior art references considered during prosecution.

### 1. Android OS is repeatedly discussed in the specification and thus Android OS 1.0 and 1.6 were disclosed to the Examiner.

The common specification of the Asserted Patents mentions Android OS at least nine times. *See* '701 patent at 66:4–12, 66:37–46, 69:26–52, 70:30–42, 70:42–55, 70:55–59, at 88:23–31. For example, the specification states:

- In some embodiments, the various design techniques described herein that allow for intercepting a service activity intention to launch, and applying a background service policy set or a network protection service policy set can be designed into the OS itself. *For example, the intercept and policy implementation functions can be designed into the activity manager, broadcast intent manger, media service manager, service manager, or other application or service activity management function in **the Android OS**.*" '701 patent at 66:4–12.[2]
- "In some embodiments, a proxy network service manager refers to an intermediary data flow function *in a device operating system that sits on a data path between a*

---

[1] To the extent Samsung attempts to rely on any specific Android functionality, documentation, or source code as the material "information" to allege inequitable conduct, that reliance is new and waived. It also fails for the same reasons. There is no evidence, much less clear and convincing evidence, that any individual *knew* of the specific information, *knew* it was but-for material to patentability, and made a *deliberate decision* to withhold it to deceive the PTO.

[2] All emphasis added unless otherwise noted.

4

- *device application and a device networking stack interface. . . .* Example Proxy Service Managers include the following: media service manager (***e.g., android media service library function***), email service manager, DNS function, software download service manager, media download manager (e.g., audio player, streaming media player, movie downloader, media service OS function, etc.), data download service manager, ***Android 'media" library function, Android.net library function*** *. . . . In such embodiments an app can sometimes simply request a network access service activity from an OS component such as a proxy service component* rather than directly accessing the network." *Id.* at 69:26–52.

- "Furthermore, *if the OS is retrofitted with the intercept and policy implementation functions can be designed into the activity manager, broadcast intent manger, media service manager, service manager, or other application or service activity management function in the* ***Android OS***." *Id.* at 70:55–59.

As Headwater's validity expert Mr. DLI explains, a POSITA would understand these disclosures to refer to the versions of Android OS that existed as of the May 2010 priority date of the Asserted Patents. DLI Rpt. ¶¶ 1387-89. This includes Android OS 1.0 (released in February 2009) and Android OS 1.6 (released in September 2009). *Id.* Indeed, Samsung's expert Dr. Schonfeld agreed that Android OS 1.0 and 1.6 were each "publicly distributed and widely disseminated before" the May 2010 priority date. Schonfeld Op. Rpt. ¶ 1218.

Based on the specification itself, Android OS 1.0 and 1.6 *were disclosed as prior art* to the Examiner in prosecution. DLI Rpt. ¶¶ 1391-92. Further, specific aspects of Android OS relevant to the Asserted Patents—e.g., Android OS's activity manager, service manager, proxy network service manager, and Android.net library functions—were likewise disclosed. *Id.*; '701 patent at 66:4–12, 69:26–52, 70:55–59. These disclosures would have enabled the Examiner to obtain public documents and source code for Android OS 1.6, as Dr. Schonfeld admitted. *See* 5/7/24 Schonfeld Tr. at 205-06 ("**Q:** So the examiner could see the eight or nine references to Android and review open source Android 1.6 code; correct? **A:** could the examiner have looked at the word 'Android' and chosen to look it up, the open source code? *Presumably, yes, if they wanted to*.").

Accordingly, no allegedly material prior art was "not disclosed" or "failed to be disclosed" to the PTO. Because the prior art system at issue is mentioned in the specification, Samsung's inequitable conduct theory is illogical and should be rejected. *See Grantley*, 540 F. Supp. 2d 724, 730 (E.D. Tex. 2008) ("Clear Channel's claim that Fox failed to disclose the Maxagrid inventory management system to the PTO is **unsupportable** *because the system was actually disclosed no fewer than three times in the specifications of the patents-in-suit*.").

Further, any argument that Headwater was nonetheless required to submit an IDS listing Android OS 1.0 and 1.6 is unsupported. Such an IDS would have been cumulative to the Android disclosures in the specification. Under 37 C.F.R. § 1.56(b), "information is material to patentability when it is not cumulative to information *already of record or being made of record* in the application." Here, because of the specification, Android OS 1.0 and 1.6 was "already of record or being made of record" in the applications that led to the Asserted Patents. That information is cumulative and not material, and not required to be disclosed.

### 2. Samsung provides no evidence or opinions that Android OS 1.0 and 1.6 are non-cumulative to other prior art references.

Samsung's inequitable conduct theory also fails because it utterly fails to meet its burden to prove that Android OS 1.0 and 1.6 are not cumulative to other prior art references considered in prosecution. *See In re Katz Interactive Call Processing Pat. Litig.*, No. 07–ML–01816–RGK, 2009 WL 8667265, at *2–5 (C.D. Cal. Aug. 14, 2009) ("*Katz I*") (granting summary judgment of no inequitable conduct because defendants failed to show undisclosed references were not cumulative of disclosed references—"Since part of the definition of materiality specifically states that a reference is material if it is not cumulative, this Court finds that defendants have failed to offer sufficient evidence to show materiality."); *In re Katz Interactive Call Processing Pat. Litig.*, 821 F. Supp. 2d 1135, 1160–61 (C.D. Cal. 2011) ("*Katz II*") (same); *Dimension One Spas v. Coverplay*,

6

No. 03-cv1099-L, 2007 WL 2815042, at *5 (S.D. Cal Sept. 25, 2007) ("Lack of cumulativeness is an element of materiality as defined by the amended Rule 56 as well as under case law preceding it. Coverplay has the burden to prove materiality by clear and convincing evidence.").

Despite bearing the burden, Samsung offers no evidence or opinions that Android OS 1.0 and 1.6 are non-cumulative. Samsung's expert Dr. Schonfeld fails to address cumulativeness in his invalidity report. *See* Schonfeld Rpt. ¶¶ 1218-19. And in deposition, he flatly admitted he didn't review "the vast majority of" of the most pertinent prior art references called out by the Examiner, much less compare their teachings to Android OS 1.6:

> Q: You didn't review any of [references cited by the Examiner with an asterisk]; correct? For purposes of your opinions in your opening report.
>
> A: I may have. I don't remember offhand, to the extent that any of them appeared in some kind of a discussion in the prosecution history. . . .
>
> Q: *It's fair to say you didn't review the vast majority of these*; correct?
>
> A: ***Absolutely. That's correct***.
>
> Q: And so, therefore, *it's safe to assume that you didn't compare the teachings* of each of these -- or *the vast majority of these on the one hand to Android 1.6 functionality on the other hand*; correct? If you didn't review them, then there's no way to make a comparison that I just described; fair?
>
> A: I think I'm having trouble answering that question because, even if I did review them, I'm not sure I would be able to do that kind of comparison. So it's not -- let's put it this way. **To the extent that I review any**, I'm not sure that -- **I know that I did not compare them to the Android operating system,** and I'm not sure if I could have done such a task if I was asked to.

5/7/24 Schonfeld Tr. at 207-09.

Thus, in Dr. Schonfeld's own words, he may not have reviewed *any* of the most pertinent references cited by the Examiner—and certainly didn't compare them to Android OS. This is insufficient to show non-cumulativeness as a matter of law. *See Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435, 1441 (Fed. Cir. 1991) ("When weighing whether uncited prior art is

7

more material than that before the examiner, a trial court considers similarities and differences between prior art and the claims of the patent"—finding no inequitable conduct because nondisclosed reference was cumulative to cited references).

And even though it was not required to, Headwater provided unrebutted evidence that Android OS 1.0 and 1.6 *were cumulative*. For each Asserted Patent, Headwater's expert Mr. DLI identified the most pertinent prior art references considered by the Examiner (two to five references per patent). DLI Rpt. ¶¶ 1409-10. Based on his review and analysis, Mr. DLI opined that the differences between Android OS 1.0 and 1.6 and the asserted claims are "at least as significant as" the differences between the cited prior art and the claims. *Id.* He thus concluded that Android OS was cumulative to and "less relevant than" the prior art already before the Examiner. *Id.*

In these circumstances, and given Samsung's failure of proof, summary judgment of no inequitable conduct is appropriate. *Katz I*, 2009 WL 8667265, at *2-5 (granting summary judgment where defendants failed to show that "the undisclosed references were not cumulative of the cited references" and "defendants' expert admits that he has not compared the undisclosed references to the cited references"); *Katz II*, 821 F. Supp. 2d at 1160-61 (granting summary judgment where defendant "failed to show that the five non-disclosed references are not cumulative of the many references Katz did disclose to the PTO" and defendant's expert "never explains what limitations found in the five undisclosed references are not found in the cited references").

### C. No Intent to Deceive

Samsung's inequitable conduct claim fails to show deceptive intent as a matter of law. To establish inequitable conduct, the accused infringer must prove by clear and convincing evidence that the patentee (1) knew of an undisclosed prior art reference; (2) knew that it was material, and (3) made a deliberate decision to withhold with the intent to deceive the PTO. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (*en banc*). Here, Samsung's

8

"evidence" is that the inventors and prosecutor had some general knowledge or understanding about Android OS. But there is no evidence, much less clear or convincing evidence, that:

- Android OS was an "undisclosed" prior art reference since the specification mentions it nine times, and versions 1.0 and 1.6 were "publicly distributed and widely disseminated" at the time of the specification.

- The inventors and prosecutor *knew* that Android OS 1.0 and 1.6 were non-cumulative to the specification and other prior art of record and but-for material to the patentability of the asserted claims.

- The inventors and prosecutor then made a *deliberate decision* to withhold Android OS 1.0 and 1.6 with the *specific intent to deceive* the PTO.

To the contrary, overwhelming objective evidence shows that the inventors and prosecutor lacked any such deceptive intent here. And Samsung's purported "evidence" does not come close to creating a genuine dispute of material fact under the *Therasense* standard.

### 1. Overwhelming objective evidence negates a finding of deceptive intent here.

The objective facts and circumstances of this case undermine any notion that the inventors and prosecutors knew or believed that: (a) the Examiner was unaware of Android OS, including versions 1.0 and 1.6; and (b) the Examiner *would not have allowed* the claims of the Asserted Patents had it been made aware of Android OS 1.0 and 1.6. Yet that is what is required to find deceptive intent here. Headwater highlights three facts of particular significance.

*First*, as discussed above, the specification mentions Android OS nine times, including Android OS's activity manager, service manager, proxy network service manager, and Android.net library functions. This alone shows that any alleged omission of Android OS lacked deceptive intent. Courts have consistently found no intent to deceive in these circumstances. *See, e.g. Andrew v. Gabriel Elecs.*, 847 F.2d 819, 823–24 (Fed. Cir. 1988) (no intent to deceive when prior art in applicant's possession was "disclosed generically in the patent application"); *Vandenberg v. Dairy*

9

*Equip. Co.*, 740 F.2d 1560, 1568 (Fed. Cir. 1984) (description of prior art device in application is "inconsistent with intent to perpetrate fraud on the PTO); *Grantley*, 540 F. Supp. 2d 724, 730 (E.D. Tex. 2008) ("there is no evidence that Fox made a deliberate decision to withhold [the Maxagrid system] when he explicitly incorporated the reference into the specifications of the patents-in-suit"); *Berry Plastics Corp. v. Intertape Polymer Corp.*, 205 F. Supp. 3d 979, 995–96 (S.D. Ind. 2016) ("the Federal Circuit has consistently held that disclosure of a reference to the PTO within the specification of a patent application is indicative of lack of intent to deceive").

*Second*, when Headwater became aware of four Android OS references during prosecution of the later '224 and '773 patents, it promptly submitted them in an IDS (in an excess of caution and without agreeing they were non-cumulative and material). DLI Rpt. ¶¶ 1401, 1425-26. This undermines any notion that Headwater sought to withhold Android prior art from the PTO. Further, the Examiner allowed all claims of the'224 and '773 patents without issuing any prior art rejections based on the Android OS references. *Id.* This undermines any allegation that Headwater knew that Android OS was but-for material to the patentability the Asserted Patents.

*Third*, the prosecution records of the Asserted Patents further shows that Headwater did not—and had no reason to—withhold Android OS prior art from the PTO. *Id.* ¶¶ 1404-05. The prosecution record of each Asserted Patent contained more than thousand prior art references and very few, if any, prior art rejections. *Id.* For example, at least the '701, '976, '184, '433, and '578 patents were allowed without receiving any prior art rejections. *Id.* Further, the '544 and '224 patents received only one prior art rejection (based on one reference), and the rejections was overcome in one response/amendment. *Id.* The Asserted Patents also generally involved different Examiners (with little overlap). *Id.* Yet the dozen-plus Examiners treated the Asserted Patents

10

consistently and issued very few rejections. *Id.* Thus, there was no reason for Headwater to believe that disclosing Android OS would have prevented issuance of the claims.

### 2. Samsung adduced no sufficient evidence of deceptive intent and cannot meet the *Therasense* standard.

At bottom, Samsung failed to adduce evidence that any inventor (Dr. Raleigh, Mr. Lavine, Dr. Raissinia) or prosecutor (Mr. Harris) withheld material information during prosecution of the Asserted Patents with the specific intent to deceive the PTO. Indeed, there is *no* evidence—much less clear and convincing evidence—that any of them (1) *knew* that Android OS 1.0 and 1.6 was non-cumulative and but-for material, and (2) then made a *deliberate decision* to withhold them to deceive the PTO. The purported "evidence" cited in Samsung's answer and rog responses is insufficient. *See* Am. Answer at 30-39; Resp. to Rog 1 at 27-38. The witnesses testified extensively about their good faith approach to prosecution, as well as their desire and practice to disclose known prior art to the PTO to obtain strong patents. *See, e.g.,* 3/8/23 Raleigh Tr. at 26-27, 115-20, 123-24, 250-58; Harris Tr. at 158-168; Raissinia Tr. at 117, 134-35, 146-48, 176-81.

None of the testimony remotely or plausibly suggests a specific intent to deceive the PTO. Samsung's allegations attempt to piece together an inequitable conduct allegation based on conclusory and unsupported attorney argument must be rejected. Indeed, Samsung's approach is contrary to the Federal Circuit's mandate in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (*en banc*). Under *Therasense*, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* at 1290. And the evidence "must be sufficient to *require* a finding of deceitful intent in light of all the circumstances." *Id.* (emphasis in original). Samsung does not and cannot come forward with sufficient evidence to meet that standard.

11

Indeed, allowing Samsung to maintain an inequitable conduct claim under the facts and record of this case may well support an inequitable conduct claim in countless other cases (where any accused infringer with an invalidity case could assert the prior art being relied on gives rise to inequitable conduct). But that is exactly what *Therasense* was intended to prevent. It expressly "tighten[ed] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Id.* at 1290.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant partial summary judgment of no inequitable conduct. Therefore, the Court should grant summary judgment as to Samsung's eighth affirmative defense of inequitable conduct in its amended answer (Dkt. 78 at 28).

Dated: May 10, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283

        Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster