**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:22-cv-00422-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**PLAINTIFF HEADWATER'S SUR-REPLY TO SAMSUNG'S MOTION**
**FOR SANCTIONS UNDER FED. R. CIV. P. 37(e)(1) (DKT. 172)**

Samsung's motion for sanctions (Dkt. 172) rested on two fundamental premises: (1) that Headwater had ItsOn's source code in its possession, custody, and control; and (2) the code is "gone and cannot be replaced." *Id.* at 1, 12, 14. Both are incorrect, and Samsung abandons them in Reply. As a result, this is no longer a spoliation motion. Rather, the entire motion is now a gripe about the sufficiency of Headwater's *initial disclosures*. Samsung asserts that Headwater's failure to name ItsOn ABC and Sherwood Partners in its initial disclosures allegedly justifies sanctions under Fed. R. Civ. P. 37(b)(1) and 37(c)(1). And, according to Samsung, Headwater's initial disclosures and discovery communications supposedly show that Headwater "wanted Samsung to think the Code was gone." Reply, at 1. This fails for multiple reasons.

Samsung's new argument that Headwater somehow "tricked" Samsung (one of the most sophisticated companies in the world and represented by an army of counsel at Fish & Richardson) is difficult to take seriously. And it requires ignoring a mass of undisputed evidence, including:

1. Headwater's initial disclosures that list "ItsOn employees" as knowledgeable about the "history, design, and development of Defendants' products, including ItsOn's interactions with Samsung," as well as "notice of Headwater's patents";

2. the written words Headwater conveyed to Samsung throughout this case that ItsOn's source code and technical data had been transferred to ItsOn ABC;

3. the written words in the ItsOn documents produced to Samsung showing that ItsOn's source code and other technical data had been transferred to ItsOn ABC;

4. the testimony of Dr. Raleigh, Mr. Harris, and Mr. Lavine in depositions taken by Samsung confirming that ItsOn's code had been transferred to ItsOn ABC; and

5. Headwater's express statements to Samsung in meet-and-confers that the source code was held by ItsOn ABC and that Samsung had failed to subpoena ItsOn ABC.

Samsung's Reply cannot be reconciled with the facts and record above—which undermine any notion that Headwater *intentionally misled* Samsung by not including ItsOn ABC in its initial disclosures. Even assuming Headwater should have listed ItsOn ABC in the disclosures, the failure was harmless and does not come close to supporting Samsung's requested relief.

The record shows that Samsung knew ItsOn ABC controlled the ItsOn source code by August 2023, and that knowledge was reinforced by testimony from witnesses and representations from Headwater in November and December 2023. Based on this information, Samsung could and should have pursued it, including investigating the various on-the-record representations that code and technical data were in the control of ItsOn ABC, or serving a subpoena on ItsOn ABC. It apparently did none of that. Headwater was not required to conduct third-party discovery on Samsung's behalf. If Samsung wanted to rely on source code discovery from ItsOn ABC at trial, it had every opportunity to obtain that discovery (or at least try to). Samsung now admits it failed to and tries blames Headwater for its own lack of diligence. This should be rejected.

In the first enumerated section in the Reply (Dkt. 208, at 1-4), Samsung seeks sanctions under Fed. R. Civ. P. 37(b)(1) and 37(c)(1). These arguments are distinct from the Fed. R. Civ. P. 37(e)-based arguments presented in the Motion, involving different elements of proof and types of potential relief, and thus are waived.[1] "The Fifth Circuit deems arguments raised for the first time in a reply brief to be waived." *Cajeli v. United States*, 2020 WL 1650823, at *6 (E.D. Tex. Mar. 26, 2020). Nor does the Reply articulate any reason why it could not have included Rule 37(b)(1) and 37(c)(1) in opening or why this failure should be excused. Because it could not. Samsung knew of ItsOn ABC and Sherwood Partners by August 2023 (seven months before the close of discovery) and knew from November 2023 depositions and Headwater's December 2023 letter that ItsOn's source code had been transferred to ItsOn ABC. *See* Dkt. 189, at 8-9. And even in the April 2, 2024 meet-and-confer for this Motion, Headwater *again* told Samsung that ItsOn ABC had the code. Dkt. 189-1, ¶ 14.

---

[1] Samsung tries to rewrite the stated basis for its Motion by adding "(B)(1)" [sic] and "(C)(1)" [sic] to the title of its reply brief. In contrast, Samsung's opening brief is entitled a motion brought under "Fed. R. Civ. P. 37(E)(1)" [sic]. *Compare* Dkt. 172, at 1, *with* Dkt. 208, at 1.

Despite this record, Samsung decided to file an opening brief limited to spoliation of ItsOn source code under Fed. R. Civ. P. 37(e)(1), which is expressly about "failure to preserve electronically stored information" that "cannot be restored or replaced through additional discovery." The opening brief was ***not*** about an alleged deficiency in Headwater's initial disclosures, much less demonstrated relief under Rules 37(b)(1) and 37(c)(1) for such deficiency. When the factual premises of Samsung's motion collapsed, it is not allowed to pivot to new arguments and subsection mid-stream. Samsung's motion should be denied for this reason alone.

Even if Samsung had not waived its new Fed. R. Civ. P. 37(b)(1) and 37(c)(1) arguments, they are not a basis to apply sanctions here. First, Rule 37(b)(1) is directed to deposition testimony and is inapplicable. Samsung may have meant Rule 37(b)(***2***)—which provides sanctions where "a party or a party's officer, director, or managing agent" "fails to obey an order to provide or permit discovery." In any event, Samsung failed to establish that any deficiency with Headwater's initial disclosures warrants the exclusionary sanctions it requests, where it never identified any problem with those disclosures until its Reply. And more importantly, both Headwater and third-party witnesses ***repeatedly told Samsung*** that ItsOn's source code was in the control of ItsOn ABC. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6257472, at *4 (E.D. Tex. Nov. 15, 2018) (denying motion to strike based on allegedly incomplete initial disclosures and declining to find discovery violation, stating: "As Defendants obtained, or at a minimum has access to, the information [sought by Defendants] . . . any violation alleged by Defendants would be harmless and cause Defendants minimal, if any, prejudice.").

As to Rule 37(c)(1), that section concerns a failure by a party to "provide information or identify a witness as required by Rule 26(a) or (e)," in which case "the party is *not allowed to use that information or witness* to supply evidence on a motion, at a hearing, or at a trial, *unless the*

*failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). Thus,

Rule 37(c)(1) remedies are tied to Rule 26(a), which requires disclosure of information that the

disclosing party "may use to support its claims or defenses" (Fed. R. Civ. P. 26(a)(1)(A)(i)). This

is why a violation of Rule 26(a) may support the exclusionary sanctions provided in Rule 37(c)(1).

For example, if Headwater intended to rely on discovery from ItsOn ABC but failed to disclose

ItsOn ABC under Rule 26(a), that *might* support precluding reliance on such discovery. But

Headwater *is not relying on* any discovery from ItsOn ABC here.

 Further, Rule 37(c)(1) sanctions are inappropriate because the supposed discovery

violation (i.e., not listing ItsOn ABC or Sherwood) is harmless and substantially justified.

Tellingly, Samsung's 20-point, single-spaced "factual recap" omits that Headwater **told Samsung**

**that ItsOn ABC had the ItsOn code** long before discovery closed in March 2024. It also omits

that Samsung learned the facts in depositions it took in November 2023. *See* Dkt. 189, at 8. Even

earlier, in August 2023, RAK (on behalf of the defunct ItsOn entity) produced to Samsung the

executed general assignment of all ItsOn assets, ***including source code***, to ItsOn ABC:



Dkt. 172-12, at 1. This was not buried in some voluminous production but rather clearly stated in

one of two documents that were produced to Samsung on August 11, 2023.

 Samsung's only argument on this point is to imply that Headwater (and the relevant

witnesses whose depositions Samsung took) misled Samsung into believing that ItsOn code either "didn't exist" or was in Headwater's possession. Reply at 2-3. Samsung, through its editorial bolding in its recap also suggests that it thought RAK was speaking on behalf of ItsOn ABC instead of the defunct ItsOn entity. None of this is supported by the evidence. And it simply shows Samsung's own misunderstanding or mischaracterization of the facts. Even the specific statements from Headwater called out by Samsung (i.e., the bolded sentences on pages 2 and 3 of the Reply) could not reasonably be interpreted as "messaging" that "the code doesn't exist." If Samsung interpreted Headwater's plain-English statements that it had searched its data for ItsOn source code but had not found any source code, to mean instead that "the code doesn't exist," that is an unreasonable failure of Samsung's own making.

Indeed, Samsung does not —because it cannot—explain away Headwater's December 15, 2023 letter putting Samsung on notice it needed to seek ItsOn's source code from ItsOn ABC. Neither Headwater nor any witnesses whose depositions Samsung took ever stated, or even implied, that ItsOn's source code "didn't exist" or was otherwise "lost." *See* Dkt. 189-3, at 3 (telling Samsung the ItsOn's technical data had been purchased and transferred to ItsOn ABC).

Headwater complied with its discovery obligations and didn't make any misrepresentations about the existence of ItsOn source code. Samsung's narrative is not really about what Headwater actually said, but mostly about its own subjective interpretations. Otherwise, Samsung's arguments appear to rest on the notion that Headwater's lawyers needed to do Samsung's job or had some sort of obligation to obtain third-party discovery that (a) Headwater did not intend to rely on, but (b) Samsung might want to rely on. This is unsupported. Headwater and its witnesses repeatedly told Samsung in this case where it would find the ItsOn code and technical data. If Samsung believes it was prejudiced, it has no one to blame but itself.

Dated: May 8, 2024

Respectfully submitted,

*/s/ James S. Tsuei*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

headwater@raklaw.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

*/s/ James S. Tsuei*
James S. Tsuei

