# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ADDITIONAL MOTION TO STRIKE CERTAIN OPINIONS FROM THE OPENING REPORT OF DR. RICHARD WESEL**

Samsung filed its first 15-page motion to strike over 1,300 paragraphs from Dr. Wesel's opening report long before the deadline. D.I. 165-11 (112 paras.); D.I. 165-12 (405 paras.), D.I. 165-13 (830 paras.). But Samsung did not move to strike Dr. Wesel's testing opinions and admits his report provides *no* basis for doing so. D.I. 231. Instead, Samsung argues his ***deposition*** merits 15 more pages of briefing, but the deposition did not reveal any compelling new information meriting this. Samsung alleges it was surprised by testimony that Dr. Wesel had not previously tested Android devices and that, after personally performing multiple test runs, he directed a Ph.D. consultant to repeat his test to collect more data, as such data is automatically gathered and reported by a Batterystats tool that is always logging battery data on every accused smartphone. This allowed Dr. Wesel to confirm what happened during later tests without being present. These auto-generated Battery Stats files were all produced to Samsung and form a valid basis for his opinions.

**A.     The proposed motion relates to information Samsung has had for 6 weeks.**

§ IV.B in Samsung's proposed motion (D.I. 234) alleges Dr. Wesel did not consider battery health, cellular signal strength, and temperature impacts. D.I. 234 at 10-12. But his opinions are based on Battery Stats files that include this information and were produced to Samsung. Below is an exemplary excerpt from one of his Battery Stats files for the Galaxy S5:

```
Battery History (1% used, 3032 used of 256KB, 17 strings using 2112):
            0 (9) RESET:TIME: 2024-03-23-20-56-09
            0 (1) 100 status=charging health=good plug=usb temp=283 volt=4377 +running
 +wake_lock +mobile_radio +screen +plugged data_conn=lte phone_signal_strength=moderate
 brightness=dim +wifi_running +wifi +charging wifi_suppl=scanning
```

And because Dr. Wesel compared the same S5 device with and without an accused feature turned on, he considered and controlled for these impacts. He also tested the S21 and saw comparable battery savings even though it runs a newer version of Android and has a different battery capacity.

§ IV.C of Samsung's proposed motion criticizes Dr. Wesel's report for testing older and newer smartphones running Android OS 6 or 13 and generating a range of benefits for the

1

remaining products by adjusting for their differing battery capacities. D.I. 234 at 13-15. Besides being meritless, these criticisms relate to Dr. Wesel's report—not new deposition testimony.

Likewise, § IV.D has nothing to do with supposed new information from the deposition. D.I. 234 at 15. Samsung could have raised IV.B - IV.D earlier. Its request should be denied.

### B.  Samsung's remaining arguments provide no basis for a new motion to strike.

D.I. 234 § IV.A attacks Dr. Wesel's qualifications and that, after conducting two rounds of the test, Dr. Wesel instructed a Ph.D. consultant present at this testing to repeat the test to collect more data. These criticisms prove nothing. Dr. Wesel only relied on the Battery Stats files resulting from the tests, which contain a log of the battery history and were produced to Samsung. *E.g.*, D.I. 231-3 at 52:20-25 ("All I really needed to rely on were the results of the tests.").

Dr. Wesel directed every aspect of his testing. He selected the devices to be tested, he designed the test plan, he identified which apps to download to the devices (using Samsung's own battery testing as a guide), he ran the first two rounds of testing himself with the consultant by his side, he instructed the consultant to run additional rounds of the same test with the same devices, and he analyzed the Battery Stats files resulting from all rounds of testing—which form the basis for his opinions. Samsung has identified zero errors in his test results or methodology.

Instead, Samsung makes irrelevant assertions that do not bear on reliability. For example, it is irrelevant to Dr. Wesel's testing that Dr. Wesel "had never looked at Android code" before this case. D.I. 231 at 2. Samsung also asserts it learned Dr. Wesel did not previously test smartphone batteries. *Id.* That does not make him unqualified, as these tests simply require installing apps on a phone, opening a calculator app on the phone, maintaining the calculator in the foreground for an hour, and downloading the auto-generated Battery Stats file that contains the data used to form his opinions. As an engineering professor, Dr. Wesel was certainly competent to do this, as was the consultant he directed to perform additional rounds of testing.

2

Samsung also complains because Dr. Wesel directed a consultant to perform additional test runs. But Dr. Wesel testified that he did not need to be physically present for every test run since the Battery Stats files record exactly what happened and form the basis of his opinions. D.I. 234-2 at 52:20-25. It is also immaterial Dr. Wesel could not recall offhand what the consultant's name was but remembered that he had a Ph.D. in physics or math (*id.* at 90:2-11), graduated from Cal Tech (*id.*), and worked and lived nearby (*id.* at 50:21-51:5)—and remembered their in-person conversations, including about how to repeat the test for additional rounds (*e.g.*, *id.* at 48:1-51:20). The law is clear than an expert can direct someone to collect data that the expert analyzes to form their opinions, which are the facts here. *Gibson Brands, Inc. v. Armadillo Distrib. Enters., Inc.*, No. 4:19-CV-00358-ALM, 2021 WL 229463, at *2 (E.D. Tex. Jan. 22, 2021) ("[Expert] Gruhn asked a third-party to collect sales data at his direction, which he then reviewed and approved before using in his report. … Gruhn exercised discretion and control over the report and takes ownership and responsibility for its content. This makes Gruhn's testimony reliable."); *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94-95 (2d Cir. 2000) ("[A]n expert may rely on data that she did not personally collect." (citing Fed. R. Evid. 703)). All test data Dr. Wesel relied on is in the Battery Stats files produced to Samsung. It does not matter that he had help collecting it.

Samsung's proposed motion is also futile. Samsung's expert, Dr. Schonfeld, performed no rebuttal battery testing and claims "I don't think it's even possible to do such a test" that would satisfy Samsung's criticisms. D.I. 239-3 at 68:14-69:14. But he agreed Dr. Wesel's testing apportioned to the claimed features by "restricting background applications' access to a cellular network" which "would save some amount of battery versus not restricting background applications' access to a cellular network on the same exact accused device." D.I. 239-3 at 71:5-18. This clearly meets the *Daubert* standard. Any criticisms can be made in cross-examination.

| | |
|---|---|
| Dated:  May 15, 2024 | Respectfully submitted,<br><br>*/s/ Marc Fenster*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Amy Hayden<br>CA State Bar No. 287026<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com<br><br>Robert Christopher Bunt<br>Parker, Bunt & Ainsworth, P.C.<br>Texas State Bar No. 00787165<br>100 E. Ferguson Suite 418<br>Tyler, Texas 75702<br>Tel.: (903) 531-3535<br>rcbunt@pbatyler.com<br><br>**ATTORNEYS FOR PLAINTIFF,**<br>**Headwater Research LLC** |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster