**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DEFENDANT SAMSUNG'S STANDING DEFENSE**

███████████████████

## TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF ISSUES TO BE DECIDED ............................................... 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ............................. 1

IV.  LEGAL STANDARD ......................................................................................... 2

   A. Because the Claimed Inventions Were Conceived and Reduced to Practice After Drs. Raleigh and Raissinia Left Qualcomm, the Asserted Patents ██████████████ ██████████████████████████████ .................................................. 4

      1. Even if the ██████████████████████ applied here, the presumption is rebutted. ........................................................................... 4

      2. The ██████████████████████ applies in any event. ........................ 6

      3. Qualcomm is not asserting that it owns the asserted patents. ............................ 7

   B. The ██████████████████████ Relied Upon by Samsung Is Unenforceable and Legally Void ................................................................ 8

V.   CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**Cases**

*Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*,
630 F. Supp. 2d 1084 (N.D. Cal. 2009) .................................................................. 9, 10

*Armorlite Lens Co. v. Campbell*,
340 F. Supp. 273 (S.D. Cal. 1972) ............................................................................... 9

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
996 F.3d 1302 (Fed. Cir. 2021) .................................................................................... 4

*Conversion Logic, Inc. v. Measured, Inc.*,
No. 2:19-cv-05546, 2019 WL 6828283 (C.D. Cal. 2019) ...................................... 9, 10

*Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
No. 22-CV-07148-AMO, 2024 WL 1199018 (N.D. Cal. Mar. 20, 2024) ................. 10

*Gellhaus v. Wal-Mart Stores, Inc.*,
769 F. Supp. 2d 1071 (E.D. Tex. March 10, 2011) ..................................................... 3

*MHL Tek, LLC v. Nissan Motor Co.*,
655 F.3d 1266 (Fed. Cir. 2011) .................................................................................... 3

*Vita-Mix Corp. v. Basic Holding, Inc.*,
581 F.3d 1317 (Fed. Cir. 2009) ................................................................................ 3, 6

*Whitewater W. Indus., Ltd. v. Alleshouse*,
981 F.3d 1045 (Fed. Cir. 2020) ..................................................................... 3, 4, 8, 10

**Statutes**

35 U.S.C. § 281 ................................................................................................................. 3

California Business and Professions Code § 16600 ....................................... 3, 4, 9, 10

California Labor Code § 2870(a) .................................................................................... 3

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................ 3

## TABLE OF EXHIBITS & ABBREVIATIONS

All exhibits referenced herein are attached to the concurrently filed Declaration of Marc Fenster in Support of Headwater's Motions for Summary Judgment and Motion to Strike Portions of the Expert Opinions of Dr. Dan Schonfeld.

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 1 | Opening report of Samsung's technical expert, Dr. Dan Schonfeld | Schonfeld Op. Rpt. (or Opening Rpt.) |
| 2 | Rebuttal report of Samsung's technical expert, Dr. Dan Schonfeld | Schonfeld Reb. Rpt. (or Reb. Rpt.) |
| 3 | Transcript from deposition of Dr. Dan Schonfeld, dated May 7, 2024 | 5/7/24 Schonfeld Tr. |
| 4 | Transcript from deposition of Dr. Dan Schonfeld, dated May 8, 2024 | 5/8/24 Schonfeld Tr. |
| 5 | Transcript from deposition of Dr. Dan Schonfeld, dated May 9, 2024 | 5/9/24 Schonfeld Tr. |
| 6 | Samsung's IPR Petition filed against '976 patent, dated August 11, 2023 (IPR2023-01253) | '976 IPR Petition |
| 7 | Headwater's Patent Owner's Preliminary Response regarding '976 patent, dated December 22, 2023 (IPR2023-01253) | '976 POPR |
| 8 | Samsung's Declaration of Dr. Kevin Butler in support of its IPR Petition filed against '976 patent, dated August 11, 2023 (IPR2023-01253) | '976 Butler Decl. |
| 9 | Transcript from deposition of Dr. Doug Chrissan, dated December 18, 2023 | Chrissan Decl. |
| 10 | *Puff Corp. v. SHO Products, LLC*, No. CV-22-2008, Dkt. No. 186 (C.D. Cal. Apr. 19, 2024) | - |
| 11 | Excerpts from corrected opening report of Headwater's damages expert, David Kennedy, dated April 22, 2024 | Kennedy Rpt. |

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 12 | Excerpts from rebuttal report of Samsung's damages expert, Dr. Keith Ugone, dated April 19, 2024 | Ugone Rpt. |
| 13 | Excerpts from opening report of Headwater's infringement expert, Dr. Richard Wesel, dated March 29, 2024 | Wesel Opening Rpt. |
| 14 | Supplemental report of Headwater's infringement expert, Dr. Richard Wesel, dated April 25, 2024 | Wesel Supp. Rpt. |
| 15 | Excerpts from rebuttal report of Headwater's infringement expert, Dr. Richard Wesel, dated April 19, 2024 | Wesel Reb. Rpt. |
| 16 | Excerpts from deposition transcript of Samsung technical 30(b)(6) Hongjung Son, dated February 28, 2024 | 2/28/24 Son Tr. |
| 17 | Excerpts from deposition transcript of Samsung technical 30(b)(6) Hongjung Son, dated February 29, 2024 | 2/29/24 Son Tr. |
| 18 | Excerpts from deposition transcript of Samsung technical 30(b)(6) Hongshik Kim, dated March 6, 2024 | 3/6/24 Kim Tr. |
| 19 | Transcript from deposition of Jeff Sharkey, dated January 23, 2024 | Sharkey Tr. |
| 20 | Assignment record for '701, '976, '184, '578, '445, and '433 patents, dated December 29, 2016 | - |
| 21 | Assignment record for '544 patent, dated December 29, 2016 | - |
| 22 | Assignment record for '224 patent, dated December 29, 2016 | - |
| 23 | [REDACTED] | [REDACTED] |
| 24 | [REDACTED] | [REDACTED] |
| 25 | [REDACTED] | [REDACTED] |
| 26 | [REDACTED] | [REDACTED] |

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 27 | Samsung's objections and responses to Headwater's First Set of Interrogatories, dated March 15, 2024 | ROG Resp. |
| 28 | Transcript from deposition of Dr. Gregory Raleigh, dated November 15, 2023 | 11/15/23 Raleigh Tr. |
| 29 | Transcript from deposition of Dr. Alireza Raissinia, dated December 15, 2023 | Raissinia Tr. |
| 30 | Qualcomm's objections and responses to Samsung's subpoena, dated January 23, 2024 | Qualcomm Subpoena Resp. |
| 31 | Transcript from deposition of Dr. Gregory Raleigh, dated March 8, 2024 | 3/8/24 Raleigh Tr. |
| 32 | Transcript from deposition of James Harris, dated November 27, 2023 | Harris Tr. |

## I. INTRODUCTION

This Court should grant partial summary judgment in favor of Plaintiff Headwater Research LLC ("Headwater") as to the meritless standing defense raised by the Samsung Defendants. Despite the asserted patents indisputably being assigned to Headwater, Samsung asserts there is no standing because two of the named inventors, Dr. Greg Raleigh and Dr. Alireza Raissinia, were contractually obligated to assign their patent rights to Qualcomm, Inc. even after they left Qualcomm. Samsung is wrong for multiple reasons. First, the claimed inventions were conceived and reduced to practice after these inventors left Qualcomm (Samsung has zero proof to the contrary), such that they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Second, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the inventions of the asserted patents are subject to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2. Whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is void under California law.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

SUMF No. 1: Each asserted patent is assigned to Plaintiff Headwater Research LLC. Ex. 20 ('701, '976, '184, '578, '445, '433 patents); Ex. 21 ('544 patent); Ex. 22 ('224 patent).

SUMF No. 2: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

SUMF No. 3: Named inventors Dr. Raleigh and Dr. Raissinia previously worked at Qualcomm and, as part of their employment, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 23 (▮▮▮▮▮▮▮▮▮▮.); Ex. 24 (▮▮▮▮▮▮▮▮▮.).

1

SUMF No. 4: The ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████
█ ████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████

SUMF No. 5: Dr. Raleigh left Qualcomm on September 19, 2008—██████████

████████████████████████████ of the asserted patents. Ex. 25 (█████████

██████). Dr. Raissinia left Qualcomm on November 30, 2009—███████████

████████████ of the asserted patents. Ex. 26 (████████████████ █████).

SUMF No. 6: Qualcomm is not a party to this action, has not intervened, and has never initiated any legal proceedings relating to ownership of the asserted patents. Samsung subpoenaed Qualcomm for documents in this action. In response, Qualcomm produced copies of the ███████████████████████████████████████████████████████ showing ██████████████████████████████. *See* Exs. 23-26.

IV. **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Dr. Raissinia later returned to Qualcomm in January 2012, where he still works today. Ex. 26.

2

Civ. P. 56(a). "To defeat summary judgment, the evidence as properly construed must be sufficient for a reasonable jury to find for the nonmoving party; a mere scintilla of evidence will not suffice." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1323 (Fed. Cir. 2009). "Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case on which [it] bears the burden of proof at trial." *Gellhaus v. Wal-Mart Stores, Inc*., 769 F. Supp. 2d 1071, 1076 (E.D. Tex. March 10, 2011).

The owner of a patent has standing to sue for patent infringement. 35 U.S.C. § 281; *see also MHL Tek, LLC v. Nissan Motor Co*., 655 F.3d 1266, 1273-74 (Fed. Cir. 2011) ("whether a party has standing to sue is a question of law"). Where an employment agreement containing a patent assignment provision specifies which state's laws govern the agreement, a court interpreting the agreement will apply that governing state law. *See, e.g.*, *Whitewater W. Indus., Ltd. v. Alleshouse*, 981 F.3d 1045, 1047 (Fed. Cir. 2020).

California Business and Professions Code § 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." California Labor Code § 2870(a) provides:

> Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:
>
> (1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or
>
> (2) Result from any work performed by the employee for the employer.

"In particular, California law recognizes significant policy constraints on employer agreements that restrain former employees in the practice of their profession, including agreements that require assignment of rights in post-employment inventions." *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,

3

996 F.3d 1302, 1319 (Fed. Cir. 2021) (citing *Whitewater*, 981 F.3d at 1051-57). "[I]nvention-assignment provisions that go beyond protection of proprietary information and ensnare post-employment inventions are to be judged under the strict § 16600 standards that protect former employees." *Whitewater*, 981 F.3d at 1055 (finding post-employment provision void).

### A. Because the Claimed Inventions Were Conceived and Reduced to Practice After Drs. Raleigh and Raissinia Left Qualcomm, the Asserted Patents Cannot Fall Within the Scope of the ▓▓▓▓▓▓▓▓

Dr. Raleigh and Dr. Raissinia left Qualcomm well before the priority date of the asserted patents and did not conceive or reduce to practice the claimed inventions while at Qualcomm. Despite several days of deposition questioning and a subpoena to Qualcomm, Samsung adduced no evidence to support its assertion that Qualcomm is the rightful owner of the asserted patents. Indeed, even Qualcomm itself does not assert this. Given these facts and the total lack of evidentiary support for Samsung's standing defense, summary judgment is appropriate.

#### 1. Even if the ▓▓▓▓▓▓▓▓ applied here, the presumption is rebutted.

Samsung bases its argument on ▓▓▓▓▓▓▓▓, which purports to ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓.

These provides are excerpted above. *See* SUMF No. 4.

Samsung has zero evidence that Drs. Raleigh and Raissinia conceived of the claimed inventions while employed at Qualcomm. Samsung's interrogatory response on this issue identifies no such evidence because none exists. *See* Ex. 27 (ROG Resp.) at 40-43, 65. To the contrary, the deposition testimony of Drs. Raleigh and Raissinia demonstrate that the claimed inventions were conceived after they left Qualcomm. For example, Dr. Raleigh left Qualcomm on

███████████████████████████████ ██ █████████████, and Dr. Raleigh confirmed at deposition that he had not conceived of the claimed inventions while at Qualcomm. *See, e.g.*, Ex. 28 (11/15/23 Raleigh Tr.) at 32:15-32:1 █████████████ █████████████), 42:12-43:12 (█████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████ █████████████████"); *id.* at 46:5-13 ("████

████████████████████████████████████████████████████

█████████████").

The same is true for Dr. Raissinia, who left Qualcomm in November 2009 and likewise provided deposition testimony demonstrating that he did not conceive of the claimed inventions while at Qualcomm. *See, e.g.*, Ex. 29 (Raissinia Tr.) at 138:4-23 ("██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[2] At his deposition, Dr. Raleigh testified that he co-founded "████████████████████
████████████." Ex. 28 (11/15/23 Raleigh Tr.) at 31:15-32:1. Headwater Research LLC is the current assignee of all asserted patents but was not formed until years after that time. Headwater Partners I LLC was the Headwater entity formed in late 2008 and was the original assignee of the asserted patents before they were assigned to Plaintiff Headwater Research LLC. Exs. 23-26.
[3] Headwater's first provisional patent application, App. No. 61/206,354, was filed on January 28, 2009 and is one of several provisional applications to which the asserted patents claim priority. But the parties agree the priority date here is ████████████████████████████████████████.

5

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████").

Because the only available evidence shows that the inventors conceived of the inventions after leaving Qualcomm, Samsung's standing defense cannot survive summary judgment even with the ████████████████████████████████ *See Vita-Mix*, 581 F.3d at 1323.

2.   The ██████████████████████████ **applies in any event.**

In addition, even if the claimed inventions otherwise would fall within the scope of ████████████████████████████ ████████████████ confirms they would not be subject to any assignment obligation. The testimony of Drs. Raleigh and Raissinia, as well as the timeline of their Qualcomm departures and Headwater's patent filings, demonstrate they did not use any "███████████████████████████████" and did not develop the claimed inventions ████████████████████. *E.g.*, Ex. 23 ¶ 1.5. Nor did the claimed inventions ███████████████████████████████████████████████ █████████████" (*id.*), as reflected in the deposition testimony referenced above.

In its ROG response, Samsung wrongly asserts that the ████████████ of ████████ █████does not apply. First, Samsung baldly alleges—with zero proof—that it "████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████" Ex. 27 (ROG Resp.) at 42. This baseless and conclusory allegation does not create a triable fact issue. *Vita-Mix*, 581 F.3d at 1323. Samsung then goes on to assert that █████████████████ is met because █████████████████

6

███████████████████████████████████████████████████████████████████████████

███████████████████████████" Ex. 27 (Resp. to ROG 1) at 42. Samsung is wrong because it assumes that Qualcomm's ██████████████████████████████ to avoid ███████ when that ████████ cannot fairly be construed so broadly. But even more critically, Samsung ignores that ████████████████████████████████████████████████████████████████

██. *E.g.*, Ex. 23 ¶ 1.5 ("████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████"). Samsung does not even allege—nor could it based on the facts here—that the claimed inventions "████████████████████

████████████████████████████]." *Id.* As discussed above, the timeline of events and the deposition testimony show otherwise, and Samsung again has zero contrary evidence.

### 3. Qualcomm is not asserting that it owns the asserted patents.

Notably, Qualcomm is not asserting that it owns any of the asserted patents. Qualcomm does not allege, for example, that Dr. Raissinia wrongfully cut Qualcomm out of benefiting from his inventions at issue here. In fact, Dr. Raissinia was welcomed back to Qualcomm after he left Headwater and still works at Qualcomm today. *See* Ex. 26. Qualcomm has not sought to intervene here and has never initiated any legal proceedings relating to ownership of the asserted patents.

Samsung fished for standing evidence in its subpoena to Qualcomm, requesting:

- Request Nos. 4, 10: "All documents reflecting any requests by [Gregory Raleigh, Alireza Raissinia] while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.)."

- Request No. 5: "All documents, communications, and things reflecting any investigation, determination, inquiry, belief, opinion, or position as to whether the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones;

resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.) was related to Your business, products, intellectual property, or services in the 2008 to 2010 timeframe."

- Request Nos. 6, 11: "All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by [Gregory Raleigh, Alireza Raissinia] to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.)."

*See, e.g.*, Ex. 30 (Qualcomm Subpoena Resp.) at 13-18, 23-26. Qualcomm produced *no documents* in response to Samsung's fishing. Instead, it only produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exs. 23-26.

Through the course of discovery, Samsung investigated all possible sources of evidence to support its standing defense, spending days deposing Drs. Raleigh and Raissinia and issuing a broad subpoena to Qualcomm—all of which yielded no support for its claim. The only evidence adduced by Samsung undermines its standing argument. As another example of this, Samsung learned that Qualcomm attempted to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 31 (3/8/24 Raleigh Tr.) at 394:19-395:20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—according to Samsung's standing defense—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**B.   The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Relied Upon by Samsung Is Unenforceable and Legally Void**

Even if Samsung were correct that the claimed inventions fall within the scope the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and fall outside the ▮▮▮▮▮▮▮▮▮▮ Samsung's standing defense still fails as a matter of law. This is because the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not enforceable under California law.

8

The Federal Circuit recently addressed this issue in *Whitewater* and aptly summarized the strong precedent finding such provisions void and unenforceable under California Business and Professions Code § 16600, discussing three supporting district court opinions on this issue:

> In *Armorlite Lens Co. v. Campbell*, the district court applied § 16600 to a contractual provision requiring assignment of "all new ideas and concepts" that an employee developed "during the period of [his] employment, or ***within one (1) year*** after the termination thereof." 340 F. Supp. 273, 274 (S.D. Cal. 1972). The court explained that an agreement "which requires a former employee to turn over to his former employer all new ideas and concepts concerning the field of work or the products of the employer" within one year after termination "is unnecessarily broad." *Id*. at 275. Noting that the provision covered "ideas and concepts not based on ... confidential information," the court held the provision ***"void and unenforceable" under § 16600***. *Id*.
>
> Similarly, in *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co*., the district court considered, and held ***invalid under § 16600***, an assignment provision that required assignment of "any invention ... described in a patent application or ... disclosed ... ***within one (1) year*** after terminating my employment" based on a ***presumption*** "that the invention was conceived or made during the period of [the] employment." 630 F. Supp. 2d 1084, 1086 (N.D. Cal. 2009). The court explained that "***[a]ssignment clauses function as unlawful non-compete provisions where they require an employee to assign an invention conceived after departing from an employer's service***." *Id*. at 1090. Applied to the specific assignment provision at issue, the district court observed that it "broadly target[ed] any inventions 'relate[d] to' former employees' 'work'" with the former employer and was "in no way limited" to subject matter based on confidential material. *Id*. (second alteration in original). The court also noted that the provision covered "any invention disclosed by former employees, regardless of when or where they were conceived," so the provision was "overly broad with respect to both subject matter and temporal scope." *Id*. at 1090-91.
>
> Most recently, in *Conversion Logic, Inc. v. Measured, Inc*., the district court addressed, and ***invalidated under § 16600***, three consulting agreements that, reflecting the language of the agreements, the court treated as employment agreements for purposes of § 16600. No. 2:19-cv-05546, 2019 WL 6828283, at *6 (C.D. Cal. 2019). The agreements required assignment of "all Inventions ... conceived or developed by Employee while employed with the Company or ***within one (1) year*** following termination of such employment." *Id*. The agreements extended "beyond the length of the employment" and "include[d] broad language sweeping up inventions and discoveries unrelated to" the companies' proprietary information. *Id*. at *6-7.
>
> Those decisions, all from federal district courts in California, confirm that ***invention-assignment provisions that go beyond protection of proprietary***

9

> *information and ensnare post-employment inventions are to be judged under the strict § 16600 standards that protect former employees*. As far as we have been shown, there is **no contrary decision of a California federal court** except for the district court's decision in this case. As explained, the agreement in this case is invalid under § 16600's strict standards governing restraints on former employees.

*Whitewater*, 981 F.3d at 1055 (emphasis added); *see also Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 22-CV-07148-AMO, 2024 WL 1199018, at *6-8 (N.D. Cal. Mar. 20, 2024) (finding one-year post-employment assignment provision void under § 16600 and discussing *Whitewater*, *Applied Materials*, and *Conversion Logic* as supporting case law).



███████████████████████████ closely mirrors the ███████████ ███████████ that courts have consistently held void and unenforceable under California law. This ███████████████████ is void and unenforceable for the same reasons. And because this is the only ███████████████████ that could even conceivably provide a basis for Samsung's standing argument (if Samsung had facts or evidence to support it), ███████████ being void means that Samsung's standing defense fails as a matter of law.

## V.  CONCLUSION

Accordingly, Headwater respectfully requests that summary judgment be granted in its favor on this issue, terminating Samsung's Ninth Affirmative Defense (Standing) from this case.

Dated: May 10, 2024                               Respectfully submitted,

                                                  /s/ Marc Fenster
                                                  Marc Fenster
                                                  CA State Bar No. 181067
                                                  Reza Mirzaie
                                                  CA State Bar No. 246953
                                                  Brian Ledahl
                                                  CA State Bar No. 186579
                                                  Ben Wang
                                                  CA State Bar No. 228712
                                                  Paul Kroeger
                                                  CA State Bar No. 229074

10

Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster

