**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT OF NO INVALIDITY BASED ON WRITTEN DESCRIPTION**

## TABLE OF EXHIBITS & ABBREVIATIONS

All exhibits referenced herein are attached to the concurrently-filed Declaration of Marc A. Fenster.

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 1 | Opening report of Samsung's technical expert, Dr. Dan Schonfeld | Schonfeld Opening Rpt. |
|  | U.S. Patent No. 9,143,976 (filed at Dk.42-6) | '976 patent |
|  | U.S. Patent No. 9,271,184 (filed at Dk.42-2) | '184 patent |
|  | U.S. Patent No. 9,277,445 (filed at Dk.42-4) | '445 patent |
|  | U.S. Patent No. 9,521,578 (filed at Dk.42-3) | '578 patent |
|  | U.S. Patent No. 9,609,544 (filed at Dk.42-8) | '544 patent |
|  | U.S. Patent No. 11,405,224 (filed at Dk.42-5) | '224 patent |

## I. Introduction

Headwater moves for partial summary judgment for no invalidity based on Samsung's arguments that the Asserted Patents lack adequate written description where Samsung contends that the claims are arguably met with either the classification of an application based on ████████████████████" or, alternatively, the classification of an application based on whether "an application is determined to be in the foreground."

## II. Summary of Argument

Broadly speaking, the asserted claims of four of these Asserted Patents (the '976, '184, '445, and '578 patents) require classifying whether an application is interacting with the user of the claimed device in the foreground. Samsung has identified the relevant language from each of these patents as the subject of the written description argument:

| Asserted Patent | Limitation Allegedly Lacking Adequate Written Description |
|---|---|
| '976 patent | "classify, for a first end-user application … whether or not the first end-user application, when running, is interacting in the device display foreground with the user" / "first end user application is classified as interacting in the device display foreground with the user" (claim 1) |
| '184 patent | "classify whether a particular application … is interacting with the user in the device user interface foreground" (claim 1) |
| '445 patent | "classify, as a second classification, whether a particular application … is interacting with the user in the device user interface foreground" (claim 1) |
| '578 patent | "classified as interacting with a user in the device user interface foreground" (claim 1) |

The asserted claims of the '544 and '224 patents contain similar language requiring some determination that an application is in "the foreground of user interaction." For these two patents, Samsung has also identified the relevant language it seeks to attack on written description grounds:

1

| Asserted Patent | Limitation Allegedly Lacking Adequate Written Description |
|---|---|
| '544 patent | "application state indicating whether the first device application, associated with a particular network service usage activity, is in the foreground of user interaction" (claim 1) |
| '224 patent | "whether the application associated with that network service usage activity is currently in the foreground of user interaction" (claim 3) |

Samsung contends that the claim language from all six of these Asserted Patents lack written description for identical reasons, using the same copy-and-pasted sentences and citations to the specification which all Asserted Patents substantially share. *See* Schonfeld Opening Rpt.[1] ¶¶ 555-557 (written description opinion directed to limitation in claim 1 of the '976 patent), ¶¶ 667-669 (same argument directed to limitation in claim 1 of the '184 patent), ¶¶ 866-868 (same argument directed to limitation in claim 1 of the '445 patent), ¶¶ 974-976 (same argument directed to limitation in claim 1 of the '578 patent), ¶¶ 1102-1104 (same argument directed to limitation in claim 1 of the '544 patent), ¶¶ 1194-1196 (same argument directed to limitation in claim 3 of the '224 patent).

According to Samsung, the claim language would lack sufficient written description support if it is interpreted as being "███████████████████████████████████████████████████████████████████████." *See* Schonfeld Opening Rpt. ¶¶ 555-557 (exemplary opinion directed to claim 1 of the '976 patent). According to Samsung, these claim limitations cannot be met without "██████████████████████████████." *Id.* However, Samsung has failed to explain why the plain language of these limitations, which require, for example, performing a classification based on whether "the first end-user application" is "interacting in the

---

[1] A copy of the March 29, 2024-dated Opening Report of Dr. Dan Schonfeld ("Schonfeld Opening Rpt."), who is Samsung's invalidity and non-infringement expert, is filed concurrently herewith as an Exhibit 1 to the Declaration of Kristopher Davis.

device display foreground *with the user*" ('976 patent, cl. 1), should be turned on its head instead to require something different: "" *with the application*. No evidence supports this apparent interpretation applied by Samsung, which forms a part of the premise of its written description argument.

With that context, Samsung summarizes its written description as follows: "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." *Id.* ¶ 557.

However, as shown below, the specifications of the patents provide adequate written description under both potential interpretations of the claim limitations that Samsung has identified—including from the very same passages cited by Samsung's invalidity expert. As such, Samsung cannot show that there is a genuine issue of material fact raising a question about written description as to these limitations.

**III.   Statement of Issues to be Decided**

Whether or not the specifications of the '976, '184, '445,'578, 544, and '224 patents contain sufficient written disclosure supporting either possible interpretation proposed by Samsung for the identified claim limitations, those interpretations being: (1) "determining or classifying a user [as] interacting with a foreground application," and (2) "determine[ing] [an application] to be in the foreground." Schonfeld Opening Rpt. ¶¶ 555-557.

**IV.   Statement of Undisputed Material Facts**

SUMF No. 1. Samsung presents substantially similar expert opinions on this written description across the '976, '184, '445,'578, 544, and '224 patents at the following sections of its opening invalidity report: Schonfeld Opening Rpt. ¶¶ 555-557 ('976 patent), ¶¶ 667-669 ('184

patent), ¶¶ 866-868 ('445 patent), ¶¶ 974-976 ('578 patent), ¶¶ 1102-1104 ('544 patent), ¶¶ 1194-1196 ('224 patent).

SUMF No. 2. Samsung does not contend that limitations of the '976, '184, '445,'578, 544, or '224 patents lack written description to the extent that they require "determining or classifying a user [as] interacting with a foreground application." *See* Schonfeld Opening Rpt. ¶¶ 555-557 ('976 patent), ¶¶ 667-669 ('184 patent), ¶¶ 866-868 ('445 patent), ¶¶ 974-976 (s'578 patent), ¶¶ 1102-1104 ('544 patent), ¶¶ 1194-1196 ('224 patent).

## V. Legal Standard

"The test for the sufficiency of the written description 'is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Vasudevan Software v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (quoting *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." *Vasudevan*, 782 F.3d at 682 (citing *Ariad*, 598 F.3d at 1351). Whether the written description adequately supports a patent claim is a question of fact. *Id*. (citing *Ariad*, 598 F.3d at 1355). "A party must prove invalidity for lack of written description by clear and convincing evidence." *Id*.

## VI. Argument

### A. There is no material dispute that the specifications provide written description for "determining or classifying a user [as] interacting with a foreground application"

No material dispute of fact exists as to whether the specifications provide adequate written description for the limitations if, as Samsung's expert says, they should be interpreted to require "determining or classifying a user [as] interacting with a foreground application." Samsung neither disputes this nor contends otherwise. SUMF No. 2. The specification also plainly contains *in haec*

4

*verba* written description – even though such clear description is not required. For example, the Abstract of the '976 patent states it is an invention for "selectively block[ing] and allow[ing] network access for an application based on whether the application is classified as interacting in the device foreground with a user." '976 patent at Abstract. Likewise, the specifications of the Asserted Patents explicitly and clearly contain teaching that shows the inventors were possession of this limitation in the manner which Samsung (wrongly) contends it should be interpreted. *See* '976 patent at 84:35-85:8 ("In some embodiments, the network service usage control policy is dynamic based on one or more of the following: … ***monitoring of user interaction with the service activity, monitoring of user interaction with the device***."), 101:19-27 (teaching "network service usage classification engine" that makes classifications based on "whether the particular service usage activity is in ***foreground of user interaction*** or in the ***background of user interaction***").

      **B.**    **There is no material dispute that the specifications provide written description for "determin[ing] [an application] to be in the foreground"**

Further, no material dispute of fact exists also where the claim language is interpreted to require classification of applications based on "determin[ing] [an application] to be in the foreground." The specifications of the patents teach several embodiment where applications are classified based on determining whether an application is in the foreground. As only one example, the specification teaches an embodiment in Figure 27, which is discussed at column 101 of the '976 patent specification. Figure 27 shows a "network service usage classification engine" that makes classifications based on classification rules, one of which is whether the "***service usage activity UI content is in the foreground of the device UI***." '976 patent, 101:27-36 (emphasis added). Using those rules, the "network service usage classification engine" can classify service usage activities. *Id.* at 101:40-46 ("the network service usage analysis engine **2704** can examine a

5

particular service usage activity and the network service usage classification engine **2708** can determine if the particular service usage activity fits a set of one or more classification rules").

Because the "service usage activity" expressly includes the "applications" of the claims (see *id.* at 12:54-57 ("Examples of a network service usage activity include the following: … ***a device application*** ..." (emphasis added)), a POSITA reviewing the patents' Figure 27 and corresponding discussion (e.g., at column 101 of the '976 patent specification) would understand the inventors possessed an invention where classification of applications would be based on "determin[ing] [an application] to be in the foreground"—it is taught expressly as a part of the patent's discussion for Figure 27.

### VII. Conclusion

Samsung cannot show that there is a genuine issue of material fact raising a question about written description as to these limitations, for which their respective patent specifications contain ample written description for both interpretations proffered by Samsung. Summary judgment for no invalidity based on written description should thus be granted as to these limitations of the '976, '184, '445,'578, 544, and '224 patents.

Dated: May 10, 2024

Respectfully submitted,

/s/ James S. Tsuei
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712

        Email: bwang@raklaw.com
        Paul Kroeger
        CA State Bar No. 229074
        Email: pkroeger@raklaw.com
        Neil A. Rubin
        CA State Bar No. 250761
        Email: nrubin@raklaw.com
        Kristopher Davis
        CA State Bar No. 329627
        Email: kdavis@raklaw.com
        James S. Tsuei
        CA State Bar No. 285530
        Email: jtsuei@raklaw.com
        Philip Wang
        CA State Bar No. 262239
        Email: pwang@raklaw.com
        Amy Hayden
        CA State Bar No. 287026
        Email: ahayden@raklaw.com
        James Milkey
        CA State Bar No. 281283
        Email: jmilkey@raklaw.com
        Jason M. Wietholter
        CA State Bar No. 337139
        Email: jwietholter@raklaw.com
        James Pickens
        CA State Bar No. 307474
        Email: jpickens@raklaw.com
        RUSS AUGUST & KABAT
        12424 Wilshire Blvd. 12th Floor
        Los Angeles, CA 90025
        Telephone: 310-826-7474
        headwater@raklaw.com

        *Attorneys for Plaintiff,*
        *Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

*/s/ James S. Tsuei*
James S. Tsuei