**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL MOTION TO STRIKE CERTAIN OPINIONS FROM THE OPENING EXPERT <u>REPORT OF DR. RICHARD WESEL</u>**

Pursuant to this Court's Standing Order on the Number of Motions to Strike Expert Testimony (Including Daubert Motions) Filed in Civil Cases Assigned to Judge Rodney Gilstrap in the Marshall and Texarkana Divisions, dated August 25, 2023 ("the Standing Order"), Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") respectfully move for leave to exceed the limit on the number of motions to strike. Specifically, given the unique circumstances present in this case, Samsung seeks leave to file one additional motion to strike relating to Headwater's expert Dr. Richard Wesel. Headwater opposes.

While the deadline to move for leave to file additional motions to strike passed on April 26, two weeks before the motion to strike deadline of May 10, 2024, (*see* Standing Order at 2; Dkt. No. 186), Samsung's delay was unavoidable and justified, and good cause exists for granting leave.

*First*, Samsung promptly filed a first motion to strike regarding Dr. Wesel's Opening Expert Report immediately after noticing the large volume of new infringement theories and accused features introduced in that report—none of which were identified in Headwater's infringement contentions. Samsung's first motion sought to strike from Dr. Wesel's report these previously-undisclosed theories and features. Dkt. No. 165 (filed April 2, 2024). The motion to strike that Samsung now seeks leave to file will not be duplicative of its prior motion.

*Second*, Samsung would not have been able to raise the issues it now seeks leave to move to strike at the time Samsung filed its first motion to strike regarding Dr. Wesel. Nor could Samsung have known of the need for the presently-sought motion to strike until after the April 26th deadline to file a motion for leave to file additional motions to strike. On April 30th and May 1st, 2024, Samsung took the deposition of Headwater's expert witness Dr. Richard D. Wesel, during which the unreliability, as well as the prejudicial effect, of his opinions regarding battery testing became clear to Samsung. Dr. Wesel's report lacked many of the details required for

1

Samsung to fully digest the degree of unreliability of Dr. Wesel's testing. *See generally* Ex. A (Expert Report of Dr. Richard D. Wesel Regarding Infringement by Samsung).

As an initial matter, Samsung learned during Dr. Wesel's deposition that, before this case, Dr. Wesel had never looked at Android code, Ex. B (April 30, 2024, Wesel Dep. Tr.) at 17:11-19, had never "performed battery testing on mobile phones," had never "done any testing on Android devices," and had never "done any testing on any smartphones," *id.* at 38:1-14. In short, Dr. Wesel's deposition made clear he was unqualified to offer the "testing" opinions in his report.

Moreover, Dr. Wesel's deposition made evident that his report outright misstated significant testing details, including that Dr. Wesel set up and conducted the testing himself. He did not. Rather, the test set up, majority of test runs, and compiling of the test results was done by a "consultant" (likely just one of Headwater's counsel at Russ August & Kabat), whose name, employer, degree, and experience Dr. Wesel knew absolutely nothing about. *E.g.* Ex. B at 41:9-17 ("Q. Can you give me some more information about who this consultant is? A. I don't remember their name."). Indeed, during his deposition, he testified to being uninvolved in setting up the testing environment. *Id.* at 40:19-41:2, 41:5-17, 48:1-25, 49:1-9, 52:1-13, 55:1-3, 88:8-13. And, during his deposition, it became clear (contrary to his report) that Dr. Wesel was largely absent from the "battery tests" themselves. For example, Dr. Wesel's report stated that, "***I also performed*** a third and fourth run of the same test . . . and a fifth and sixth run of the same test . . . to confirm the initial test results." Ex. A at ¶ 2369 (emphasis added). However, in his deposition, Dr. Wesel testified that: the majority of test runs (including the above-cited Runs 3 through 6) were actually conducted by the "consultant" who Dr. Wesel could not identify; Dr. Wesel did not oversee the consultant's testing; and Dr. Wesel did not know where the tests were conducted. Ex. B at 41:9-17, 51:6-14 ("Q. Is it the case that the consultant did all of the testing runs described in your report

2

except for runs 1 and 2? A. Yeah, that's right. . . . Q. Did you inspect the precise setup the consultant used to perform the runs other than runs 1 and 2? A. I wasn't there when the consultant did it."), 50:21-51:3 ("I guess they could have run them at their home or in an office but, you know, they just ran it somewhere else in Los Angeles . . . ."). Thus, prior to his deposition, Samsung had no way to know that Dr. Wesel failed to conduct the tests described in his report. As will be described in more detail in Samsung's concurrently filed motion to strike, the details regarding the setup and operation of the tests that Dr. Wesel stated he performed (but did not actually perform) bear significantly on the veracity of the results.

Finally, Dr. Wesel's report at no point suggested that anyone other than himself compiled the data resulting from the testing. However, in his deposition, Dr. Wesel admitted that not only did the unnamed "consultant" compile the results, but also that Dr. Wesel only "checked a few cases" to ensure their accuracy, though he could not recall which ones he checked. Ex. C (May 1, 2024 Wesel Dep. Tr.) at 286-87. Once again, prior to Dr. Wesel's deposition, Samsung had no way to know Dr. Wesel was not the individual that actually observed and compiled the results.

Samsung should not be precluded the opportunity to move to strike these highly prejudicial and unreliable opinions simply because (a) Samsung acted expediently in filing its first motion to strike, and (b) the need for the presently sought motion to strike did not arise until after the April 26th deadline for the present Motion for Leave. Samsung's additional motion to strike will not unduly burden Court or party resources. Samsung will comply with all page-limit requirements. Samsung will not retread any factual or background information presented in its earlier motion.

For the foregoing reasons, Samsung respectfully requests leave to file one additional motion to strike regarding Dr. Wesel's opinions as offered by Headwater in this matter.

Dated: May 10, 2024                Respectfully submitted,

By:  */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt

Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on May 9, 2024, by telephone conference. The parties were unable to reach agreement as to Samsung's requested relief.

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 10, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman