**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT RELATING TO SAMSUNG'S
<u>SLEEPING AND DEEP SLEEPING FEATURES</u>**

## TABLE OF CONTENTS

I. STATEMENT OF ISSUE ................................................................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

III. GOVERNING LAW ......................................................................................................... 4

IV. ARGUMENT .................................................................................................................... 4

    A. Dr. Wesel's Report Fails to Allege that Samsung's Sleeping and Deep Sleeping Features Satisfy *Any* Limitation of *Any* Asserted Independent Claim .................... 4

    B. Dr. Wesel's Report Fails to Demonstrate that Samsung's Sleeping and Deep Sleeping Features Satisfy Any Asserted Dependent Claims .................................. 6

    C. Dr. Schonfeld's Rebuttal Report Offers Undisputed Opinions Detailing Various Reasons Why Samsung's Sleeping and Deep Sleeping Features Do Not Infringe Any Asserted Claim ............................................................................................... 8

V. CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*,
　289 F.3d 801 (Fed. Cir. 2002) .................................................................................................4, 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
　363 F.3d 1263 (Fed. Cir. 2004) ....................................................................................................6

*Schwing GmbH v. Putzmeister Aktiengesellschaft*,
　305 F.3d 1318 (Fed. Cir. 2002) ....................................................................................................6

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
　247 F.3d 1316 (Fed. Cir. 2001) ....................................................................................................4

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---|---|
| A | Email from Headwater to Samsung, dated May 6, 2024 |
| B | Expert Report of Dr. Richard D. Wesel, dated March 29, 2024 |
| C | Rebuttal Report of Dr. Dan Schonfeld, dated April 19, 2024 |
| D | Excerpts from the Deposition of Dr. Richard D. Wesel, taken May 1, 2024 |

\*       Emphasis added unless otherwise noted.

\*\*      Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*     In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

\*\*\*\*    In this brief, "UMF" refers to Undisputed Material Fact.

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully move for partial summary judgment that Plaintiff Headwater Research LLC ("Headwater") failed to prove infringement of any asserted claim by Samsung's currently-accused Sleeping and Deep Sleeping features.

## I.   STATEMENT OF ISSUE

Whether Dr. Schonfeld's undisputed opinion that "Samsung's Sleeping and Deep Sleeping features" do not infringe any asserted claim of any asserted patent precludes a finding of infringement based on "Samsung's Sleeping and Deep Sleeping features"?

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Headwater alleges only literal infringement. Ex. A (5/6/2024 Headwater Email).

2. Headwater served an Opening Report on Infringement on behalf of its expert, Dr. Richard D. Wesel, on March 29, 2024 ("Wesel Opening Report"). Ex. B (Wesel Opening Report).

3. Dr. Wesel's Opening Report includes "Samsung's Sleeping and Deep Sleeping features" in its list of "Accused Products and Features." *See* Ex. B (Wesel Opening Report) ¶¶ 134-135; Ex. C (Schonfeld Rebuttal Report) ¶¶ 195-96.

4. Dr. Wesel's Opening Report occasionally refers to "Samsung's Sleeping and Deep Sleeping features" as "Samsung's Background Usage Limits." *See* Ex. B (Wesel Opening Report) ¶¶ 2354, 2358, 2368, 2373, 2376; Ex. C (Schonfeld Rebuttal Report) ¶ 195.

5. Dr. Wesel's Opening Report includes a section titled "The Infringing Features," which alleges that "Samsung's Sleeping and Deep Sleeping features" / "Samsung's Background Usage Limits" infringe claims 1, 2, 5, 8, 9, 12, 17, and 18 of U.S. Patent No. 9,143,976 ("the '976 patent"). Ex. B (Wesel Opening Report) ¶¶ 2354-60; Ex. D (Wesel Dep. Tr.) at 131:1-11; Ex. C (Schonfeld Rebuttal Report) ¶ 158.

6. Dr. Wesel's Opening Report's section on "The Infringing Features" does not allege

1

that "Samsung's Sleeping and Deep Sleeping features" / "Samsung's Background Usage Limits" infringe any asserted claims of the following asserted patents: U.S. Patent No. 9,137,701 ("the '701 patent); U.S. Patent No. 9,271,184 ("the '184 patent); U.S. Patent No. 9,521,578 ("the '578 patent); U.S. Patent No. 9,277,445 ("the '445 patent"); U.S. Patent No. 9,277,433 ("the '433 patent"); U.S. Patent No. 9,609,544 ("the '544 patent"); U.S. Patent No. 11,405,224 ("the '224 patent"). Ex. B (Wesel Opening Report) ¶¶ 2353-88; Ex. D (Wesel Dep. Tr.) at 131:1-11.

7. Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '976 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '976 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 146-607; Ex. D (Wesel Dep. Tr.) at 176:2-7.

8. Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '701 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '701 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 608-78.

9. Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '184 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '184 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 679-916.

10. Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '433 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '433 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 917-1108.

11.    Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '445 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '445 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 1109-1709.

12.    Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '578 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '578 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 1710-1929.

13.    Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '224 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of any asserted claim for the '224 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 2203-2341.

14.    Dr. Wesel's Opening Report does not include any patent infringement analysis with respect to "Samsung's Sleeping and Deep Sleeping features" for the '544 patent, and does not allege that "Samsung's Sleeping and Deep Sleeping features" satisfy any limitation of claims 1, 6, 11, and 18 of the '544 patent. *See generally* Ex. B (Wesel Opening Report) ¶¶ 1930-2199.

15.    Dr. Wesel's Opening Report mentions "Samsung's Sleeping and Deep Sleeping features" for dependent claim 21 of the '544 patent. Ex. B (Wesel Opening Report) ¶ 2201.

16.    Dr. Schonfeld's Rebuttal Report on Noninfringement (the "Schonfeld Rebuttal Report") pointed out that Dr. Wesel's Opening Report "does not map any claim or limitation of any Asserted Patent to 'Samsung's Sleeping and Deep Sleeping Features.'" Ex. C (Schonfeld Rebuttal Report) ¶¶ 158-61, 195-202.

17.    Dr. Schonfeld's Rebuttal Report also offered undisputed opinions detailing various

reasons why "Samsung's Sleeping and Deep Sleeping Features" do not infringe any asserted claim. *See, e.g.*, Ex. C (Schonfeld Rebuttal Report) ¶¶ 313-17, 367-70, 382-83, 421, 428, 431, 437, 439-40, 476, 477-78, 507, 509-10, 516-22, 525, 528, 530-31, 549-50, 582-88, 664-67, 691.

### III. GOVERNING LAW

"To prove infringement, the patentee must show that the accused device meets each claim limitation either literally or under the doctrine of equivalents." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002) (citing *Seal Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999)). "Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim." *Id.* (citing *Mas–Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998)). "Summary judgment of no literal infringement is proper when, construing the facts in a manner most favorable to the nonmovant, no reasonable jury could find that the accused system [or feature] meets every limitation recited in the properly construed claims." *Id.* Moreover, "[s]ummary judgment of noninfringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001).

### IV. ARGUMENT

#### A. Dr. Wesel's Report Fails to Allege that Samsung's Sleeping and Deep Sleeping Features Satisfy *Any* Limitation of *Any* Asserted Independent Claim

Despite including several conclusory assertions that "Samsung's Sleeping and Deep Sleeping Features" constitute "accused" or "infringing" features, Dr. Wesel's Opening Report fails to demonstrate that those features satisfy **any limitation of any asserted independent claim**. Ex. C (Schonfeld Rebuttal Report) ¶¶ 158-61, 195-202; UMF 1-17.

As an initial matter, Dr. Wesel's Opening Report alleges that "Samsung's Sleeping and

4

Deep Sleeping Features" infringe the asserted claims of just the '976 patent:

| Patent | Enabled Accused Feature |
|---|---|
| '976 Patent | • Data Saver • Power Saving<br>• Doze • App Standby<br>• **Sleep** • **Deep Sleep**<br>• Adaptive Battery<br>• Adaptive Power Savings |
| '701 Patent | • Data Saver • Power Saving |
| '544 Patent | • Doze • Power Saving<br>• App Standby • Adaptive Battery<br>• Adaptive Power Saving |
| '433 Patent | • Doze<br>• App Standby<br>• Adaptive Battery |
| '578 Patent | • Data Saver |
| '224 Patent | • Power Saving<br>• App Standby<br>• Adaptive Battery |
| '184 Patent | • Data Saver |
| '445 Patent | • Data Saver<br>• Power Saving<br>• App Standby<br>• Adaptive Battery |

Ex. B (Wesel Opening Report) ¶ 2360 (listing the sleeping and deep sleeping features for just the '976 patent); Ex. D (Wesel Dep. Tr.) at 131:1-11 ("Q. Q Let's turn to paragraph 2360 of your opening report.  A.  Okay, I'm there at 2360.  Q.  Okay.  The second column in the table below paragraph 2360 says, 'Enable the accused feature.'  Do you see that?  A.  Yes, I see that.  ***Q. Are those the features on which you intended to offer an opinion for the corresponding patent in the left-hand column?  A.  Yes.***"); see also Ex. B (Wesel Opening Report) at ¶¶ 2354-59; UMF 5.

However, Dr. Wesel never attempted to map any limitation of any '976 patent claim to "Samsung's Sleeping and Deep Sleeping Features" in his infringement analysis.  *See generally* Ex. B (Wesel Opening Report) ¶¶ 146-607.  He expressly conceded as much during his deposition:

5

> **Q.** Okay. Well, do you ever mention sleeping or deep sleeping in the context of the '976 patent analysis?
>
> **A.** Sitting here today, *I don't see where I've mentioned sleeping and deep sleeping in the '976 analysis*.

Ex. D (Wesel Dep. Tr.) at 176:2-7. There is no dispute that Dr. Wesel also failed to allege that the Sleeping and Deep Sleeping features satisfy any limitation of any independent claim of the other asserted patents. Ex. C (Schonfeld Rebuttal Report) ¶¶ 158-61, 195-202; UMF 6, 8-16.

As a result of Dr. Wesel's failure to allege that "Samsung's Sleeping and Deep Sleeping Features" satisfy any limitation of any independent claim for any asserted patent, no reasonable jury could find that these accused features infringe. *Catalina*, 289 F.3d at 812. Dr. Wesel's conclusory assertions that Sleeping and Deep Sleeping are "accused" and "infringe" fail to raise a genuine dispute of material fact. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004) (affirming summary judgment of non-infringement where patentee's experts only offered "conclusory" opinions that accused features infringe); *see also Schwing GmbH v. Putzmeister Aktiengesellschaft*, 305 F.3d 1318, 1326 (Fed. Cir. 2002) (finding patentee's expert's "conclusory statement" that "each and every feature of the claims are literally found in the modified valve design" to be insufficient to raise a genuine issue of material fact).

### B. Dr. Wesel's Report Fails to Demonstrate that Samsung's Sleeping and Deep Sleeping Features Satisfy Any Asserted Dependent Claims

Dr. Wesel's Opening Report also failed to mention (except for claim 21 of the '544 patent) "Samsung's Sleeping and Deep Sleeping Features" for any asserted dependent claims of the eight Asserted Patents. Ex. C (Schonfeld Rebuttal Report) ¶¶ 158-61, 195-202; UMF 7-15. Indeed, when confronted with his failure to provide a limitation-by-limitation analysis of Sleeping and Deep Sleeping for the asserted claims, Dr. Wesel could only point to claim 21 of the '544 patent:

> **Q.** In your report, you did not provide a limitation-by-limitation analysis of sleeping or deep sleeping against any of the asserted claims, is that correct?

6

> **A.** I'm going to – I'm going to check my report for that.
>
> **Q.** Sure, please do.
>
> **A.** I think I do discuss the sleeping and deep sleeping features in my infringement analysis.
>
> **Q.** Can you point me to a paragraph?
>
> **A.** Well, for example, paragraph 2201 where this is *within the '544 patent, claim 21* where it talks about the Samsung sleeping and deep sleeping features store a network capacity controlled service list.

Ex. D (Wesel Dep. Tr.) at 172:4-18. Thus, there is no dispute that Dr. Wesel, and therefore Headwater, failed to offer ***any evidence*** that "Samsung's Sleeping and Deep Sleeping Features" satisfy at least the following dependent claims:

- '976 patent: 2, 5, 8, 9, 12, 17, 18;
- '701 patent: 2, 4, 5;
- '184 patent: 13;
- '433 patent: 13, 14;
- '445 patent: 4;
- '544 patent: 6, 11, 18; and
- '224 patent: 3.

With respect to claim 21 of the '544 patent, the only claim in Dr. Wesel's Opening Report even mentioning "Samsung's Sleeping and Deep Sleeping Features," Dr. Wesel failed to perform an infringement analysis. Ex. B (Wesel Opening Report) ¶ 2201. Rather, for claim 21 of the '544 patent, Dr. Wesel merely parrots the claim language, stating that "Samsung's Sleep and Deep Sleeping features store a network capacity controlled service list, periodically updated based on monitored network service usage activities." *Id.* (citing no support whatsoever for this statement). His conclusory opinion with respect to claim 21 of the '544 patent fails to give rise to any genuine dispute of material fact and is insufficient to show infringement of any asserted claim as a matter of law.

### C. Dr. Schonfeld's Rebuttal Report Offers Undisputed Opinions Detailing Various Reasons Why Samsung's Sleeping and Deep Sleeping Features Do Not Infringe Any Asserted Claim

Finally, despite the fact that Dr. Wesel failed to address or analyze whether "Samsung's Sleep and Deep Sleeping Features" satisfy any limitation of any asserted claim, Dr. Schonfeld nonetheless explained why these features could not possibly satisfy the claims. *See, e.g.*, Ex. C (Schonfeld Rebuttal Report) ¶¶ 313-17, 367-70, 382-83, 421, 428, 431, 437, 439-40, 476, 477-78, 507, 509-10, 516-22, 525, 528, 530-31, 549-50, 582-88, 664-67, 691; UMF 17.  As just one reason, among many, Dr. Schonfeld explained:



Ex. C (Schonfeld Rebuttal Report) ¶ 138 (internal citations omitted).  However, as noted by Dr. Schonfeld, "███." *Id.* at ¶ 202 (citing Ex. B at ¶¶ 398 ███ ¶ 658 (same)). "[R]ather than demonstrate infringement by Samsung's Sleeping and Deep Sleeping features, Dr. Wesel affirmatively states that ███ does not satisfy the Asserted Claims." *Id.* (citing Ex. B at ¶ 2397 (███)).

Absent any infringement analysis from Dr. Wesel, Dr. Schonfeld's non-infringement opinions with respect to the Sleeping and Deep Sleeping features stand unrebutted and undisputed.

8

## V.     CONCLUSION

Samsung requests that the Court grant summary judgment of no infringement with respect to Samsung's Sleeping and Deep Sleeping features.

Dated: May 10, 2024

Respectfully submitted,

By:   */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**

9

[REDACTED]

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com

10

[REDACTED]

**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 10, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman