IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | § |
|     *Plaintiff*, | § § § |
| v. | §   CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP § |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § |
|     *Defendants*. | § § |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review. (**Dkt. No. 67**.) Samsung seeks to stay this action pending a series of IPRs it filed against the asserted patents. (*Id.*) The Court **DENIES** the Motion as provided below.

**I.    BACKGROUND**

Between July and September of 2023, Samsung filed ten IPR petitions against all asserted patents and claims. (Mot. at 2.) Samsung summarizes its filings with the below chart:

| | Asserted Patent | IPR No. | Date Filed |
|---|---|---|---|
| 1. | 11,405,224 | IPR2023-01157 | July 20, 2023 |
| 2. | 10,237,773 | IPR2023-01226 | July 21, 2023 |
| 3. | 9,143,976 | IPR2023-01253 | August 11, 2023 |
| 4. | 9,277,433 | IPR2023-01250 | August 14, 2023 |
| 5. | 9,137,701 | IPR2023-01336 | August 25, 2023 |
| 6. | 9,521,578 | IPR2023-01337 | August 25, 2023 |
| 7. | 9,271,184 | IPR2023-01361, -01362 | September 8, 2023 |
| 8. | 9,609,544 | IPR2023-01360 | September 11, 2023 |
| 9. | 9,277,445 | IPR2023-01462 | September 28, 2023 |

On April 10, 2024, Samsung notified the Court that the PTAB instituted proceedings as to several patents but not as to the '976, '184, or '455 patents. (Dkt. No. at 2.) Samsung noted that it would seek additional review as to these denials. (*Id.*)

## II.     APPLICABLE LAW

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases). "The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at

254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III.  ANALYSIS
#### A.  PREJUDICE

Samsung argues that Headwater will not be unduly prejudiced because Samsung and Headwater are not competitors, Headwater has already delayed many years in filing the present lawsuit, and monetary damages would adequately compensate Headwater for any delay. (Mot. at 3-5.)[1]

Headwater contests Samsung's assertion that it is not a competitor. (Opp. at 5-6.) Headwater notes that it had a sister organization that developed tools that implemented its patented technology and contends Samsung's infringement now thus is harmful to Headwater's business. (*Id*.) Headwater further argues it did not wait to file the current action as several asserted patents were not granted until recently. (*Id*. at 6.)

The Court finds this factor is neutral. Headwater has made no argument that it has anything more at stake here than monetary damages. While Headwater contends it previously had some business interest in the practice of its patents, it has made no argument here that it has any practice of its patents now that might support it as a competitor or a claim for injunctive relief. As such, Headwater's claim that a sister organization might have been considered a competitor has little bearing here. Likewise, the Court does not find that Headwater's prejudice is diminished by its delay in filing suit. Indeed, Headwater did not

---

[1] Samsung further argues that it would be prejudiced if a stay is not granted as Samsung would incur significant litigation expense in defending itself. (Mot. at 4-5.) The Court rejects this argument. This factor focuses on the non-moving party, and having to defend oneself is not unduly prejudicial, nor are the normal expenses of litigation.

3

have all the claims it currently asserts at the time Samsung contends it should have filed suit.

### B. STAGE OF LITIGATION

"Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317). The Motion was filed on October 11, 2023. At that point, a trial date had been set, Dkt. No. 57, a Discovery Order had been entered, Dkt. No. 56. Little discovery had occurred and a significant amount of the case had yet to occur. Accordingly, this factor is neutral.

### C. SIMPLIFICATION

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Here, the PTAB decided to deny institution on three of the asserted patents. (*See* Dkt. No. 175.) As such, even an ultimate finding in favor of Samsung invalidating all claims of the other patents would leave material disputes for the Court to decide. This factor weighs against a stay.

### IV. CONCLUSION

As two factors are neutral and one weighs against a stay, the Court **DENIES** Samsung's motion as provided above.

**SIGNED this 27th day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE