**PUBLIC VERSION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

## <u>DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING</u>

**PUBLIC VERSION**

## <u>TABLE OF CONTENTS</u>

I. BACKGROUND .................................................................................................... 1

 A. Inventors Gregory Raleigh and Alireza Raissinia Signed Broad Patent
Assignments with Their Employer Qualcomm ........................................................ 1

 B. The Patents-in-Suit Fall Within the Scope of Gregory Raleigh's
Assignment to Qualcomm ....................................................................................... 3

  1. Dr. Raleigh Admits He Made the Headwater Invention at Qualcomm ...... 3

  2. The Headwater Invention Relates to Qualcomm's Business ..................... 4

  3. The Asserted Patents Also Fall Within the ████████ Presumption
of Qualcomm Ownership .......................................................................... 6

 C. The Patents-in-Suit Fall Within the Scope of Alireza Raissinia's
Assignment to Qualcomm ....................................................................................... 8

 D. Timeline .................................................................................................................. 9

II. LEGAL STANDARD .......................................................................................... 10

III. ARGUMENT ....................................................................................................... 11

 A. Qualcomm Is a Co-Owner of the Asserted Patents ............................................. 11

  1. Dr. Raleigh conceived the claimed ideas while employed by
Qualcomm, and they are related to Qualcomm's business ...................... 11

  2. Dr. Raleigh filed the '354 provisional within ██████ of leaving
Qualcomm, triggering the presumption that Qualcomm owns the
patents-in-suit ......................................................................................... 16

  3. Dr. Raissinia filed the '022 provisional within ██████ of his leaving
Qualcomm, again triggering the presumption that Qualcomm owns the
patents-in-suit ......................................................................................... 17

 B. The Court Should Dismiss for Lack of Standing .................................................. 19

IV. CONCLUSION .................................................................................................... 19

PUBLIC VERSION

## <u>TABLE OF AUTHORITIES</u>

**Cases** **Page(s)**

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
  583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) ....................................................10

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
  517 F.3d 1284 (Fed. Cir. 2008)........................................................................................10, 11

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
  475 F.3d 1256 (Fed. Cir. 2007)....................................................................................10, 17, 19

*MHL Tek, LLC v. Nissan Motor Co.*,
  655 F.3d 1266 (Fed. Cir. 2011)....................................................................................................10

*Morales v. Dep't of the Army*,
  947 F.2d 766 (5th Cir. 1991) ....................................................................................................15

*Pannu v. Iolab Corp.*,
  155 F.3d 1344 (Fed. Cir. 1998)....................................................................................................17

*Preston v. Marathon Oil Co.*,
  684 F.3d 1276 (Fed. Cir. 2012)....................................................................................................10

*Smith v. BH Management Services, LLC*,
  2017 WL 5127238 ......................................................................................................................15

**Statutes**

35 U.S.C.A. § 116....................................................................................................................17

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---------|-------------|
| 1 | https://vimeo.com/539945302, dated April 21, 2021 (native video file provided via a thumb drive) |
| 2 | Excerpts from U.S. Patent No. 9,137,701 |
| 3 | Excerpts from U.S. Patent No. 9,143,976 |
| 4 | Excerpts from U.S. Patent No. 9,271,184 |
| 5 | Excerpts from U.S. Patent No. 9,277,433 |
| 6 | Excerpts from U.S. Patent No. 9,277,445 |
| 7 | Excerpts from U.S. Patent No. 9,521,578 |
| 8 | Excerpts from U.S. Patent No. 9,609,544 |
| 9 | Excerpts from U.S. Patent No. 11,405,224 |
| 10 | Excerpts from the Deposition of Gregory Raleigh, taken November 15, 2023 |
| 11 | Excerpts from the Deposition of Alireza Raissinia, taken December 5, 2023 |
| 12 | Excerpts from the Deposition of James Lavine, taken January 31, 2024 |
| 13 | QC3P_HWvSS422_0000005 |
| 14 | QC3P_HWvSS422_0000001 |
| 15 | Declaration of Third Party Qualcomm Incorporated Regarding Authenticity of Documents |
| 16 | HW-SAM_Verizon_0000001 |
| 17 | QC3P_HWvSS422_0000011 |
| 18 | Exhibit 5 from the Deposition of Gregory Raleigh |
| 19 | Machine transcript of the video found at https://vimeo.com/539945302 (Exhibit 1) |
| 20 | Excerpts from the Deposition of Gregory Raleigh, taken March 7, 2024 |
| 21 | SAM-HW00683080-3415 |
| 22 | Excerpts from the Opening Report of Dr. Dan Schonfeld, dated March 29, 2024 |
| 23 | HW_00056015-24 |
| 24 | HW_00057519-22 |
| 25 | HW_00013712-29 |
| 26 | United States provisional application no. 61/206354 |
| 27 | Excerpts from Disclosure of Asserted Claims and Infringement Contentions, dated February 28, 2023 |
| 28 | Excerpts from Headwater's Seventh Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-12), dated March 15, 2024 |
| 29 | United States provisional application no. 61/348022 |
| 30 | QC3P_HWvSS422_0000009 |
| 31 | Exhibit 2 from the Deposition of Alireza Raissinia |
| 32 | Excerpts from the Deposition of Gregory Raleigh, taken March 8, 2024 |
| 33 | SAM-HW00683117-3415 |

PUBLIC VERSION

\*   Emphasis added unless otherwise noted.

\*\*   Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*   In this brief, "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully move to dismiss this case for lack of standing because Plaintiff Headwater Research LLC ("Headwater" or "HW") has failed to join the co-owner of the patents-in-suit, Qualcomm Inc. ("Qualcomm").  Qualcomm is a co-owner of all patents-in-suit because of its employment agreements with inventors Gregory Raleigh and/or Alireza Raissinia.  Dr. Raleigh admitted he made the Headwater invention at Qualcomm, and Qualcomm has asserted ownership.

Since standing is an issue for the Court, it can be decided on a motion to dismiss.  The Court should dismiss this case for lack of standing.

## I.    BACKGROUND

All patents asserted in this case name three inventors: Gregory Raleigh, James Lavine, and Alireza Raissinia.  *See* Exs. 2-9 (asserted patents).  The inventors were unable to say which inventor contributed which ideas to the asserted patents.  Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 46:23-49:21, 51:5-52:4; Ex. 11 (Raissinia Dep. Tr.) at 111:18-114:5; Ex. 12 (Lavine Dep. Tr.) at 125:24-126:18.

### A.    Inventors Gregory Raleigh and Alireza Raissinia Signed Broad Patent Assignments with Their Employer Qualcomm

Headwater inventor and founder Dr. Gregory Raleigh became a Qualcomm employee in 2006 after Qualcomm acquired another company he had founded.  Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 30:13-19.  Headwater co-inventor Dr. Alireza Raissinia was working with Dr. Raleigh at his previous company and joined him at Qualcomm after the acquisition. Ex. 11 (Raissinia Dep. Tr.) at 18:19-19:14.

As a condition of employment, Qualcomm required Drs. Raleigh and Raissinia to enter a patent assignment agreement with Qualcomm (the "Agreement").    Ex.    13 (QC3P_HWvSS422_0000005) (Raleigh, dated 12/18/2006); Ex. 14 QC3P_HWvSS422_0000001

1

**PUBLIC VERSION**

(Raissinia, dated 12/8/2006); Ex. 15 (Gosnell Decl. from Qualcomm).  In particular, Drs. Raleigh

and Raissinia agreed to a ███████████████████████, stating ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██ ████████████████████████████████████████ Ex. 13 ▐ 1.2 (Raleigh);

Ex. 14 ▐ 1.2 (Raissinia).[1]  Neither Dr. Raleigh nor Dr. Raissinia ██████████████████

██████████ Ex. 13 at Attachment 1; Ex. 14 at Attachment 1.

The Agreement broadly defines "Inventions" ███████████████████:

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████

Ex. 13 ▐ 1.1; Ex. 14 ▐ 1.1.

In  addition,  the  Agreement  includes  a  presumption  that  Qualcomm  owns  patent

applications filed within █████████ after employment ends: █████████████████████

───────────────────

[1] The  terms  of  the  Agreement  are  consistent  with  a  form  Qualcomm  employment
agreement  produced  by  Headwater's  customer  Verizon  in  this  case.  *See* Ex. 16 (HW-
SAM_Verizon_0000001).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Ex. 13 ⁋ 1.4; Ex. 14 ⁋ 1.4.

**B.** **The Patents-in-Suit Fall Within the Scope of Gregory Raleigh's Assignment to Qualcomm**

Dr. Raleigh left Qualcomm on **September 9, 2008** and formed Headwater shortly thereafter, by November 2008.  *See* Ex. 17 (QC3P_HWvSS422_0000011); Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 129:25-131:21; Ex. 18 (Raleigh Dep. Ex. 5 (LinkedIn)).

**1.** **Dr. Raleigh Admits He Made the Headwater Invention at Qualcomm**

Dr. Raleigh recently admitted in a public video that he conceived of the Headwater invention while at Qualcomm:

> **At Qualcomm**, you know, one of the most innovative companies in the world, **I had this idea** that hey, um, the MIMO revolution will take place now, and it's in full swing, so the next step is operating systems technology to manage the way applications connect on these new smartphones, because without that there's going to be a disaster on the network.  **I took it to the then CEO of Qualcomm**, again too far afield, Qualcomm is a chipset company, too risky, too disruptive, here's another idea for you, go run this new group that we're going to create for you over here that is closer to the technology that we do now.  **So I left Qualcomm to start Headwater**, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and it's now in every smartphone on the planet.

Ex. 1 (https://vimeo.com/539945302, dated April 21, 2021) at 46:00-46:51; *see also id.* at 30:00, 41:00 (introduction of panel and Dr. Raleigh); Ex. 19 (machine transcript of video).  Dr. Raleigh made this admission while speaking on a panel, arguing that established companies often reject disruptive technologies.  Ex. 1 at 47:19-29 ("It's not in their economic interest to disrupt their own markets or it's to distract from the core products that they're already making lots of money on.").

3

### 2.   The Headwater Invention Relates to Qualcomm's Business

The asserted Headwater patents are  as required by Dr. Raleigh's Agreement with Qualcomm.  *See* Ex. 13 at ¶ 1.1.  In addition to the video quote above, Dr. Raleigh described himself as _____ at Qualcomm.  Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 30:20-23.  When asked how he came up with the Headwater concepts, he admitted _____ *Id.* at 42:19-23.  He also testified _____ *id.* at 44:4-20, and he described Qualcomm as having _____ to Headwater.  Ex. 20 (3-7-24 Raleigh Dep. Tr.) at 88:12-20.

Samsung has also produced a number of Qualcomm patents and applications related to Headwater's asserted patents, *e.g.*, Ex. 21 (SAM-HW00683080-3415), and Samsung's expert, Dr. Schonfeld has opined that Qualcomm's work was related:

- "Thus, in my opinion, Qualcomm—as evidenced by Mr. Raissinia's own patent—was working on power save methods in wireless communication systems, whereby a mobile device could enter a power save mode—i.e., a 'doze mode,' Raissinia at [0009]—and then wake up during a deferred time slot to transfer data over a network at the time of the alleged invention."  Ex. 22 (Schonfeld Opening Report) ¶ 138.

- "Thus, in my opinion, Qualcomm appears to have been working on mobile devices (i.e., terminals) that could employ differential traffic control policies for resource intensive applications at the time of the alleged invention." *Id.* ¶ 141.

4

- "Each of the Asserted Patents include in their list of references cited, well over 1,000 pieces of prior art, including issued patents, pending patent applications, and/or other prior art publications. . . . This includes at least 40 Qualcomm patents . . . ." *Id.* ¶ 156 and n.27.

Consistent with Dr. Schonfeld's opinions, Headwater admits the asserted patents "relate to wireless communications technology," including "roaming controls, background controls, data offloading, family device management, as well as on-demand data purchasing functionalities." Dkt. 42 (amended complaint) at ¶¶ 1, 19. Headwater has made the same point to the Court:

> The claimed inventions enable more efficient use of limited resources by selectively blocking certain device applications from accessing certain network resources (e.g., a cellular data connection). In particular, the claimed inventions block an end-user application based on a determination that it is operating in a background state. . . . The claimed inventions thus block applications that are not providing any perceptible benefit to the user (e.g., background software updates), while still allowing network access for applications that are providing perceptible benefits (e.g., a music application playing audio).

Dkt. 82 (Headwater opening claim construction brief) at 1. Tellingly, Headwater's summary is similar to the cited Qualcomm patents and applications, which also attempt to save resources in wireless communications based on device activity.

Finally, Qualcomm  —even before Dr. Raleigh admitted he conceived of the Headwater invention at Qualcomm in the 2021 video quoted above. In 2009, Headwater

██████  Ex. 23 (HW_00056015-24) (Headwater Partners I LLC, Initial Due Diligence

Review Checklist, dated May 19, 2009) at HW_00056020); *see also* Ex. 24 (HW_00057519-22)

(Final Version, Headwater Partners I LLC, Schedule of Exceptions) at HW_00057522 (stating

same).   By 2010, Headwater's product development partner ItsOn ████████████████

██████████████  Headwater produced slides █████████████████████

█████████████████████████████.  *See* Ex. 25

(HW_00013712-29).  On the agenda for a group ██████████████████████

██████████████████  *Id.* at HW_00013713.   A further slide discusses

██████████████████████████  *Id.* at

HW_00013720.  Among the options stated are the following:

███████████████████████████████████████████████████

*Id.* at HW_00013720.  The fact ItsOn ██████████████████  is further proof

that Qualcomm's business overlapped with the Headwater patents.   Though it makes no difference

to this motion, it appears Headwater █████████████.

### 3.   The Asserted Patents Also Fall Within the ████████ Presumption of Qualcomm Ownership

Dr. Raleigh filed his **'354 provisional** patent application on **January 28, 2009** (naming

only himself as inventor), within ████████ of his departure from Qualcomm.   Ex. 26 ('354

application).   Headwater initially asserted that █████████████████████████

██████████  *See* Ex. 27 (2023-02-28 Disclosure of Asserted Claims and Infringement

Contentions) at 12; Ex. 28 at 11 (First Supplemental Response to Interrogatory No. 2 (6/8/2023))

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████; Ex. 28 at 11 (Second Supplemental Response To

Interrogatory No. 2 (7/5/2023)) ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████, as set forth below.") (charting

limitations).   For example, Headwater provided a chart ██████████████████████████████

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████ *See* Ex. 28 at 11-24.

Headwater subsequently supplemented its position to say ██████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████. *See* Ex. 29 ('022 application); Ex. 28 at 36-

37 (Fourth [and final] Supplemental Response to Interrogatory No. 2 (3/15/2024)) ████████

█████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████; Ex. 28 at 24-25 (Third

Supplemental Response to Interrogatory No. 2 (8/9/2023)) ███████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████

F

When asked about conception and reduction to practice, as opposed to priority, Headwater also took the position that ████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████  ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████████

████████████████████████████ Ex. 28 at 8-9 (First Supplemental Response to Interrogatory No. 1 (6/8/2023)).   Critically, Headwater never backtracked on this response regarding conception and reduction.

### C. The Patents-in-Suit Fall Within the Scope of Alireza Raissinia's Assignment to Qualcomm

Dr. Raissinia left Qualcomm on **November 30, 2009**. Ex. 11 (Raissinia Dep. Tr.) at 19:18-21, 54:20-22, 60:4-61:12; Ex. 30 (QC3P_HWvSS422_0000009).   The '022 application upon which Headwater ████████████████████████ was filed on May 25, 2010.   Ex. 29 ('022 application).[2]  Because this filing was within ██████ of Dr. Raissinia's departure from Qualcomm, it establishes the presumption that Qualcomm co-owns the patents-in-suit.

The asserted patents are related to Qualcomm's business for all the reasons discussed in the previous section.   While Dr. Raissinia initially denied ████████████████████████

---

[2] For purposes of qualifying prior art, Samsung has also relied upon May 25, 2010 rather than January 28, 2009 as the priority date, at least for the asserted claims.   Samsung's technical expert, Dr. Schonfeld, has opined the earlier '354 Application lacks written description support for those claims.   Ex. 22 (Schonfeld Opening Report) ¶ 169.   He therefore relies upon the May 25, 2010 date for prior art purposes.   *Id.* ¶ 158.

PUBLIC VERSION

███████████████████████████████████████████████████████

█████████████████████████████████████. *See* Ex. 11 (Raissinia Dep. Tr.) at

28:9-31:7, 51:16-53:11; Ex. 31 (Raissinia Dep. Ex. 2) (Qualcomm patent application filed in 2008

in Dr. Raissinia's name).  Dr. Raissinia admitted ███████████████████████████

████████████████████████████████████████ Ex. 11 (Raissinia Dep.

Tr.) at 34:10-14.  He agreed ██████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████. *Id.* at 35:20-23, 35:24-38:5.

### D.      Qualcomm's Ownership Is Apparent From the Relevant Timeline of Events

The key events leading up to this litigation support the conclusion that Qualcomm

maintains an ownership interest in the patents.  The following timeline summarizes the key events

outlined herein:

**December, 2006:**  Dr. Raleigh and Dr. Raissinia enter patent assignment agreement with

Qualcomm

**September 9, 2008:**  Dr. Raleigh leaves Qualcomm

**January 28, 2009:**  Dr. Raleigh files the '354 provisional patent application

**May 19, 2009:**  Headwater ███████████████████████████████

**November 30, 2009:**  Dr. Raissinia leaves Qualcomm

**March 22, 2010:**  Dr. Raleigh ████████████████████████████████

████████████████████████████

**May 25, 2010:**  Dr. Raissinia files the '022 patent application along with other co-inventors

**April 21, 2021:**  Dr. Raleigh admits in a public video he conceived the Headwater

invention at Qualcomm

## II.    LEGAL STANDARD

"When, as here, multiple inventors are listed on the face of the patent, each co-owner 'presumptively owns a pro rata undivided interest in the entire patent, no matter what their respective contributions.'"  *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007).  Each inventor can separately assign their interest in the whole patent.  Moreover, "[w]here one co-owner possesses an undivided part of the entire patent, that joint owner ***must join all the other co-owners to establish standing***."  *Id.* at 1264 (emphasis added).  Headwater, as "[t]he party bringing the action," bears "the burden of establishing that it has standing to sue for infringement."  *MHL Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011).

The Federal Circuit has distinguished between agreements that amount to "an immediate transfer of expectant interests" and those that operated as "a mere promise to assign rights in the future."  *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009) ("*Roche I*"), *aff'd*, 563 U.S. 776 (2011) ("*Roche II*").  Whether "a patent assignment clause creates an automatic assignment or merely an obligation to assign," the operative question is whether "no further act is required once [the] invention comes into being." *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008).  When a contract "expressly grants rights in future inventions" and "no further act is required once an invention comes into being, and the transfer of title occurs by operation of law."  *Preston v. Marathon Oil Co.*, 684 F.3d 1276, 1288 (Fed. Cir. 2012).  Thus, the Federal Circuit will find a present assignment of expectant interests when "the contract expressly grants rights in future inventions."  *DDB Techs.*, 517 F.3d at 1290 ("agrees to and does hereby grant and assign").

Standing is an issue for the Court to decide and is not tried to a jury.  *DDB Technologies, L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291-92 (Fed. Cir. 2008).  However, if standing is sufficiently intertwined with jury issues, resolution "must await summary judgment

**PUBLIC VERSION**

proceedings or trial on the merits." *Id.* (finding contract interpretation issues necessary for standing *not* intertwined with patent infringement issues).

## III.   ARGUMENT

Qualcomm is a co-owner of the asserted patents, for three independent reasons: (1) Dr. Raleigh conceived the claimed ideas while employed by Qualcomm, and they are related to Qualcomm's business; (2) Dr. Raleigh filed the '354 provisional within ████ of leaving Qual-comm, triggering the presumption that Qualcomm owns the patents-in-suit; and (3) Dr. Raissinia filed the '022 provisional within ████ of his leaving Qualcomm, again triggering the presumption that Qualcomm co-owns the patents-in-suit.  Thus, since Headwater has not joined Qualcomm, it has failed to establish standing, and the Court should dismiss the case.

### A.   Qualcomm Is a Co-Owner of the Asserted Patents

The question presented is whether Qualcomm co-owns the patents-in-suit through either Dr. Raleigh or Dr. Raissinia.[3]  The Agreement is clearly a present assignment of future interests— ███████████████"—so that threshold requirement, so often litigated, is satisfied.  *See* Ex. 13 ¶ 1.2 (Raleigh); Ex. 14 ¶ 1.2 (Raissinia).  That leaves only the question of whether the patents-in-suit fall within the scope of the Agreement.  As shown below, the answer is yes.

#### 1.   Dr. Raleigh conceived the claimed ideas while employed by Qualcomm, and they are related to Qualcomm's business

Dr. Raleigh publicly admitted he conceived of the Headwater invention while at Qualcomm, in a video submitted to the Court.  *See* Ex. 1 (https://vimeo.com/539945302, dated April 21, 2021) at 46:00-46:51; *see also* Ex. 19 (machine transcript of video).  Dr. Raleigh boasted "At Qualcomm . . . I had this idea that . . . the next step is operating systems technology to manage

---

[3] In this case, Headwater is also a co-owner of the patents-in-suit through the third inventor, James Lavine.

the way applications connect on these new smartphones . . . I took it to the then CEO of Qualcomm, again too far afield, Qualcomm is a chipset company, too risky, too disruptive . . . So I left Qualcomm to start Headwater, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and it's now in every smartphone on the planet." *Id.*

Notably, Dr. Raleigh admitted that the technology he described in the video ████████████

 For example, like what he said in the video about "operating systems technology to manage the way applications connect on these new smartphones," he testified

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Ex. 32 (3-8-24 Raleigh Dep. Tr.) at 385:16-23, 386:18-25. Dr. Raleigh's video remarks also track what Headwater says in its Complaint about the Headwater patents-in-suit. Dr. Raleigh says "we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and it's now in every smartphone on the planet." *Id.* Likewise, Headwater says in the Complaint that it distributed the patented technology to carriers (*e.g.*, Sprint), pitched it to OEMs (*e.g.*, Samsung), and put it into millions of phones. *E.g.*, Dkt. 42 ¶ 27 ("By the end of 2015, millions of Sprint devices (including Samsung devices) were running the ItsOn application, which included Headwater's intellectual property."); *see also id.* ¶¶ 16-39, Ex. 28 at 82 (Third Supplemental Response To Interrogatory No. 11 (2/8/2024)).

While Dr. Raleigh ████████████████████████████████████████ the Court should believe Raleigh's candid, pre-litigation video over his self-serving deposition testimony, especially since in the video Dr. Raleigh is making the point that established corporations often reject disruptive technology. He said he was 0 for 3 in convincing his employers to accept his ideas; this was just one example. Ex. 1 (https://vimeo.com/539945302, dated April

21, 2021) at 45:57-47:29. That is far more believable than ███████. Headwater has also admitted that ████████████████████████████████████████████████████ ████████████████ Ex. 28 at 8-9 (First Supplemental Response to Interrogatory No. 1 (6/8/2023)). It is undisputed Dr. Raleigh left Qualcomm in September 2008. Ex. 17 (QC3P_HWvSS422_0000011); Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 129:25-131:21; Ex. 18 (Raleigh Dep. Ex. 5 (LinkedIn)).

Headwater makes the irrelevant argument that Dr. Raleigh ████████████████ ████████████████████████████████ The Qualcomm Agreement covers ██████ ████████████████████████████████████████████ ████████████████ Ex. 13 ¶ 1.1. Qualcomm owns any ██████████████████ ████████████████████████████. Dr. Raleigh conceived at least the essential idea of the Headwater invention while at Qualcomm, as he admits in the video when he says Headwater "distributed it to carriers, pitched it to OEMs, and it's now in every smartphone on the planet." Ex. 1 (https://vimeo.com/539945302, dated April 21, 2021) at 46:00-46:51.

Finally, Dr. Raleigh's Headwater invention relates to the business of Qualcomm, ██ ████████████████. Again, it does not matter whether Qualcomm's CEO declined to commercialize Dr. Raleigh's idea (as Dr. Raleigh asserts in the video). The Agreement's test is whether the idea ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████ Ex. 13 ¶ 1.1. That broad test is easily met.

Indeed, the fact that Dr. Raleigh admittedly took his idea to the Qualcomm CEO is an admission it related to Qualcomm's business. The same is true of Dr. Raleigh's deposition testimony in this case. Dr. Raleigh described himself as ████████████████████ at

**PUBLIC VERSION**

Qualcomm.  Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 30:20-23.  When asked how he came up with the Headwater concepts, he admitted ███████████████████████████████

███████████████████████████████████████████████████████████████████████

*Id.* at 42:19-23.  He also testified ████████████████████████ *id.* at 44:4-20, and he described Qualcomm as having ██████████████ to Headwater.  Ex. 20 (3-7-24 Raleigh Dep. Tr.) at 88:12-20.  This testimony satisfies the Agreement's requirement that ████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

Ex. 13 ¶ 1.1.  In addition, Dr. Raleigh's testimony satisfies an *alternate* basis to establish Qualcomm ownership under the Agreement, ██████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████ *Id.*

Dr. Raleigh's admissions are buttressed by contemporaneous Qualcomm patent applications relating to what Headwater has told this Court its patents cover, namely saving power during wireless communications by selectively disabling functionality.  Qualcomm filed a related patent application naming Dr. Raissinia as the inventor in 2008.  *See* Ex. 31 (Raissinia Dep. Ex. 2).  In response to this exhibit, Dr. Raissinia admitted ███████████████████████

██████████████████████████████████████████████████ Ex. 11 (Raissinia Dep. Tr.) at 34:10-14.  He also agreed ██████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████ .  *Id.* at 35:20-23, 35:24-38:5. Samsung's technical expert, Dr. Schonfeld, has opined this proves Qualcomm's business was related: "Thus, in my opinion, Qualcomm—as evidenced by Mr. Raissinia's own patent—was

14

working on power save methods in wireless communication systems, whereby a mobile device could enter a power save mode—i.e., a 'doze mode,' Raissinia at [0009]—and then wake up during a deferred time slot to transfer data over a network at the time of the alleged invention." Ex. 22 (Schonfeld Opening Report) ¶ 138. No Headwater expert has rebutted this opinion. *See also id.* at ¶¶ 141, 156 and n.27; Ex. 33 (SAM-HW00683117-3415) (additional Qualcomm patents and applications); *compare* Dkt. 42 (amended complaint) at ¶¶ 1, 19 (Headwater stating the asserted patents "relate to wireless communications technology," including "roaming controls, background controls, data offloading, family device management, as well as on-demand data purchasing functionalities"); Dkt. 82 (Headwater opening claim construction brief) at 1 (Headwater stating "[t]he claimed inventions enable more efficient use of limited resources by selectively blocking certain device applications from accessing certain network resources (e.g., a cellular data connection)"). Headwater is bound by admissions in its pleadings. *Smith v. BH Management Services, LLC*, 2017 WL 5127238, at fn. 7 (E.D. Tex. Sep. 26, 2017) ("This statement in Plaintiff's Original Complaint, which Plaintiff has not amended, serves as a judicial admission."); *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them.")

Finally, the fact Qualcomm ███████████████████████████████████████ ██████████████████████████████ (even before Dr. Raleigh's video admission) also strongly suggests Qualcomm ████████████████████████████████████████████. Ex. 23 at HW_00056020 ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

**PUBLIC VERSION**

███████████████████████████████████████   Headwater was  ███████████████████

███████████████████████████████████████████████████   ██████████████████

████████████████████████████████████████████████████████████████████████████

*see id.*, leaving the standing problem for resolution now.

      **2.   Dr. Raleigh filed the '354 provisional within ████████ of leaving Qualcomm, triggering the presumption that Qualcomm owns the patents-in-suit**

Dr. Raleigh left Qualcomm on September 9, 2008.   See Ex. 17 (QC3P_HWvSS422_0000011); Ex. 10 (11-15-23 Raleigh Dep. Tr.) at 129:25-131:21; Ex. 18 (Raleigh Dep. Ex. 5 (LinkedIn)).  He then filed his '354 provisional patent application on January 28, 2009, within ██████ of his departure from Qualcomm.  *See* Ex. 26 ('354 application).

This timing triggers the provision of the Agreement that provides ████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████   Ex. 13 ¶ 1.4.  Headwater has not produced any evidence or expert opinion sufficient to satisfy its burden of rebutting this presumption.

Moreover, given that Qualcomm owns the '354 application, it also owns the patents-in-suit.  Headwater admitted ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████   ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

PUBLIC VERSION



Ex. 28 at 8-9 (First Supplemental Response to Interrogatory No. 1 (6/8/2023)).  Headwater never withdrew these responses to Interrogatory 1, even when it supplemented its answer to Interrogatory 2 regarding priority.

Finally, it does not matter if Headwater later added details to the asserted claims or even whether those claims can claim priority to the '354 application.  The Qualcomm Agreement covers

Ex. 13 ¶ 1.1.  This means Qualcomm owns any Headwater ideas Raleigh conceived while at Qualcomm, even if they are less than an entire claim.  And because Headwater admits

Ex. 28 at 9 (First Supplemental Response to Interrogatory No. 1 (6/8/2023)), Qualcomm is a co-owner of the asserted patents.[4]

### 3. Dr. Raissinia filed the '022 provisional within ▮▮▮▮ of his leaving Qualcomm, again triggering the presumption that Qualcomm owns the patents-in-suit

Dr. Raissinia left Qualcomm on November 30, 2009.  Ex. 11 (Raissinia Dep. Tr.) at 19:18-21, 54:20-22, 60:4-61:12; Ex. 30 (QC3P_HWvSS422_0000009).  The '022 application—upon

---

[4] *See also Israel Bio-Eng'g Project*, 475 F.3d at 1263 ("each co-owner 'presumptively owns a pro rata undivided interest in the entire patent, **no matter what their respective contributions**'"); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998) ("All that is required of a joint inventor is that he or she (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) **make a contribution to the claimed invention that is not insignificant in quality**, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art."); 35 U.S.C.A. § 116 ("Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent.").

which Headwater ███████████████████████—was filed on May 25, 2010.  Ex. 29 ('022 application); Ex. 28 at 36-37 (Fourth [and final] Supplemental Response to Interrogatory No. 2  (3/15/2024)) ████████████████████████████

████████████████████████████████████████

████████; Ex. 28 at 24-25 (Third Supplemental Response to Interrogatory No. 2 (8/9/2023))

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Because the '022 filing was within ██████ of Dr. Raissinia's departure from Qualcomm, it establishes the presumption that Qualcomm owns the patents-in-suit.  *See* Ex. 14 ¶ 1.4.  Again, Headwater has not produced any evidence or expert opinion sufficient to satisfy its burden of rebutting this presumption.

In addition, Qualcomm filed a related patent application naming Dr. Raissinia as the inventor in 2008.  *See* Ex. 31 (Raissinia Dep. Ex. 2).  In response to this exhibit, Dr. Raissinia admitted ████████████████████████████████████████

████████████████████████████ Ex. 11 (Raissinia Dep. Tr.) at 34:10-14.  He also agreed ████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ This demonstrates Qualcomm was in the business of the asserted patents.

PUBLIC VERSION

Thus, independent of all the evidence concerning Dr. Raleigh, Dr. Raissinia's Agreement with Qualcomm alone is sufficient to establish Qualcomm's co-ownership of the patents-in-suit.

### B.     The Court Should Dismiss for Lack of Standing

"Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing."  *Israel Bio-Eng'g*, 475 F.3d at 1264. Because Headwater has failed to join co-owner Qualcomm, it lacks standing.  The Court should dismiss this case.

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss this case for lack of standing because Qualcomm is a co-owner of the asserted patents and has not been joined.[5]

---

[5] While we believe the issue of standing is ripe and should be decided in Samsung's favor now, to the extent the Court believes there are factual issues that first require resolution, then it would be appropriate for the Court to conduct a bench trial to resolve standing (for efficiency, preferably before any jury trial in light of the dispositive nature of the issue).

PUBLIC VERSION

Dated: May 10, 2024                    Respectfully submitted,

                                       By:   */s/ Thad C. Kodish*
                                             Ruffin B. Cordell
                                             TX Bar No. 04820550
                                             Michael J. McKeon
                                             DC Bar No. 459780
                                             mckeon@fr.com
                                             Jared Hartzman (*pro hac vice*)
                                             DC Bar No. 1034255
                                             hartzman@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             1000 Maine Avenue, SW, Ste 1000
                                             Washington, D.C. 20024
                                             Telephone: (202) 783-5070
                                             Facsimile: (202) 783-2331

                                             Thad C. Kodish
                                             GA Bar No. 427603
                                             tkodish@fr.com
                                             Benjamin K. Thompson
                                             GA Bar No. 633211
                                             bthompson@fr.com
                                             Nicholas A. Gallo (*pro hac vice*)
                                             GA Bar No. 546590
                                             gallo@fr.com
                                             Steffen Lake (*pro hac vice*)
                                             GA Bar No. 512272
                                             lake@fr.com
                                             Sara Fish
                                             sfish@fr.com
                                             GA Bar No. 873853
                                             Noah C. Graubart
                                             GA Bar No. 141862
                                             graubart@fr.com
                                             Katherine H. Reardon
                                             NY Bar No. 5196910
                                             reardon@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             1180 Peachtree St. NE, Fl. 21
                                             Atlanta, GA 30309
                                             Telephone: (404) 892-5005
                                             Facsimile: (404) 892-5002

                                             Leonard E. Davis
                                             TX Bar No. 05521600

**PUBLIC VERSION**

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt

**PUBLIC VERSION**

Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 10, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*_____
Thad C. Kodish
