## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>                    Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT**

**TABLE OF CONTENTS**

I. NO MATERIALITY .................................................................................................................. 1

    A. Android OS 1.0/1.6 are cumulative to other prior art references. ............................... 2

    B. Samsung's arguments about Android OS disclosures in the specification are unsupported and contradicted by its own admissions.................................................... 3

II. NO INTENT TO DECEIVE.................................................................................................... 4

    A. Samsung's arguments on deceptive intent are not credible......................................... 4

    B. Samsung's brief confirms it has no evidence of deceptive intent. ............................... 5

## TABLE OF AUTHORITIES

**Cases**

*CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*,
  No. 19-CV-00802-LHK, 2021 WL 5449073 (N.D. Cal. Nov. 22, 2021) ................................... 3

*Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*,
  540 F. Supp. 2d 724 (E.D. Tex. 2008) ..................................................................................... 2

*In re Katz Interactive Call Processing Pat. Litig.*,
  821 F. Supp. 2d 1135 (C.D. Cal. 2011) .................................................................................... 2

*In re Katz Interactive Call Processing Pat. Litig.*,
  No. 07–ML–01816–RGK, 2009 WL 8667265 (C.D. Cal. Aug. 14, 2009) ............................... 2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) ................................................................................................ 5

**Rules**

37 C.F.R. § 1.56 .......................................................................................................................... 4, 5

## TABLE OF EXHIBITS & ABBREVIATIONS

All exhibits below are attached to Declaration of Marc Fenster in Support of Headwater's Motions for Summary Judgment (Dkts. 238, 239, 244) or cited by docket number.

| Ex. | Document Description | Abbreviation |
|---|---|---|
| 1 | Opening report of Samsung's technical expert, Dr. Dan Schonfeld | Schonfeld Op. Rpt. |
| 3 | Transcript from deposition of Dr. Dan Schonfeld, dated May 7, 2024 | 5/7/24 Schonfeld Tr. |
| 27 | Samsung's objections and responses to Headwater's First Set of Interrogatories, dated March 15, 2024 | Resp. to Rog 1 |
| 28 | Transcript from deposition of Dr. Gregory Raleigh, dated November 15, 2023 | 11/15/23 Raleigh Tr. |
| 29 | Transcript from deposition of Dr. Alireza Raissinia, dated December 15, 2023 | Raissinia Tr. |
| 32 | Transcript from deposition of James Harris, dated November 27, 2023 | Harris Tr. |
| 33 | Validity report of Headwater's validity expert, Mr. Erik de la Iglesia | DLI Rpt. |
|  | Samsung's Amended Answer and Defenses to Headwater's Second Amended Complaint for Patent Infringement (Dkt. 78) | Am. Answer |
|  | U.S. Patent No. 9,137,701 (Dkt. 1-1) | '701 patent |
|  | Transcript from the deposition of Dr. Heidi Jacobsen, dated May 21, 2024 (Dkt. 270, Ex. B) | Jacobsen Tr. |

The only issue the Court needs to address is whether Headwater's extensive disclosures of Android OS in the specification (as opposed to listing "Android OS" in an IDS) constitutes inequitable conduct. Mot. at 3–4. When Headwater challenged Samsung to articulate a specific theory, it could not. Instead, it purports to "incorporate by reference" hundreds of pages of "Dr. Schonfeld's myriad invalidity opinions." Opp'n at 5. This only proves Headwater's point. For inequitable conduct, the allegedly material "information" must be pled with particularity. It cannot be any combination or permutation of information found somewhere in Dr. Schonfeld's report.[1]

As Headwater set forth in opening, undisputed material facts support summary judgment here. They include the specification (Mot. at 4–5, citing '701 patent); prosecution records (*id.* at 8, 10–11, citing DLI Rpt.); dates/availability of Android OS 1.0/1.6 (Mot. at 5); and the deposition admissions of Dr. Schonfeld (*id.* at 7, citing Schonfeld Tr.). Samsung does not dispute these facts. Although it lists several statements (Opp'n at 2–3), none of them are material. For example, that the inventors/prosecutor had some general knowledge of Android OS 1.0/1.6 (Stmt. #4–6) doesn't remotely suggest they knew it taught the claimed inventions. As to the specification's extensive Android OS disclosures (Stmt. #8–9), there is no dispute that a POSITA would understand they refer to existing versions of Android OS, including versions 1.0 and 1.6.

## I. NO MATERIALITY

It is undisputed that Samsung bears the burden to prove that Android OS 1.0/1.6 are non-cumulative and but-for material. Mot. at 6–7. It asks the Court to defer because the jury may decide invalidity. Opp'n at 5–6. But whether Samsung's inequitable conduct theory fails for an *additional* reason (apart from the "two dispositive reasons" set forth in Headwater's motion) is not a basis to

---

[1] Indeed, where Samsung's brief attempts to identify four relevant functionalities of Android OS (Opp'n at 3, 7), it is inconsistent with the answer. There, Samsung identified ten different functionalities (Am. Answer at 40–41). Only one of the ten—ConnectivityManager—is in Samsung's brief. This shifting-sands approach to alleging inequitable conduct must be rejected.

deny summary judgment. Samsung's request is also contrary to law. Headwater cited five cases that granted summary judgment based on the materiality prong. Mot. at 6–8 (citing *Grantley*, *Katz I*, *Katz II*, etc.). Samsung fails to distinguish them, and the same outcome applies here.

### A. Android OS 1.0/1.6 are cumulative to other prior art references.

Samsung relies on three pieces of "evidence" to show that Android OS 1.0/1.6 are non-cumulative to other prior art. Opp'n at 6–7. All fail and cannot create a genuine dispute. *First,* Samsung points to its rog response (which is not evidence) and Dr. Schonfeld's report quoting Mr. Harris's testimony. *Id.* at 6. But no cumulativeness opinion is given—at most, Dr. Schonfeld speculates about Mr. Harris's state of mind. Nor does the testimony support Samsung's argument. Mr. Harris said that during prosecution of the non-asserted '773 patent, he submitted "Android Cupcake Excerpts" (Android OS 1.5) in an excess of caution and because it may not have been "completely duplicative" of the already-cited art. Harris Tr. 168:2–16. This wasn't remotely an admission about "non-cumulativeness" under applicable law, especially as to Asserted Patents and Android OS 1.0/1.6. As to that question, Dr. Schonfeld was required to analyze it but did not.

*Second*, Samsung relies on Dr. Schonfeld's mention of "7 Google patents." Opp'n at 7. But looking at 7 of 1,000+ cited references is not evidence of anything. Nor does Dr. Schonfeld purport to offer an opinion on non-cumulativeness because of the 7 Google patents.

*Third*, Samsung points to Mr. DLI's opinions that Android OS 1.0/1.6 *are cumulative*. *Id.* This is overwhelming evidence *against* Samsung's position (and the only competent evidence in the record that addresses the cumulativeness issue before the Court). Samsung's attorney arguments are wrong cannot make up for its lack of evidence. Its allegation that Mr. DLI "cherry-picked" prior art is meritless. As Mr. DLI explained, he analyzed the prior art *the Examiner deemed most pertinent* for each patent as set forth in *the Examiner's* "reasons for allowance." DLI Rpt. ¶¶ 1409–10. Samsung doesn't challenge the merits of these opinions—because it cannot.

2

### B. Samsung's arguments about Android OS disclosures in the specification are unsupported and contradicted by its own admissions.

Dr. Schonfeld never addresses the extensive disclosures of Android OS in the specification. Thus, Mr. DLI's opinions that POSITA would understand these disclosures to include Android OS 1.0/1.6 are *unrebutted*. Samsung's attorney arguments are not evidence. They cannot create a genuine dispute of material fact about what a POSITA would understand.

Samsung argues the Android OS disclosures are insufficient because it doesn't recite "ConnectivityManager, SyncManager, getBackgroundDataSetting, SyncSettings." Opp'n at 7. This fails. The specification discloses Android OS 1.0/1.6 and its application/network control functionality. Mot. at 4–5. Whether Samsung can point to some alleged delta between the disclosures and Dr. Schonfeld's report is not the test for non-cumulativeness. Rather, since the overall Android OS 1.0/1.6 systems were disclosed, "any contentions regarding [the system] necessarily would have been cumulative of [the system] itself." *CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, No. 19-CV-00802-LHK, 2021 WL 5449073, at *9–*11 (N.D. Cal. Nov. 22, 2021).

Samsung's argument is also contradicted by its own admissions. Its answer and rog responses assert that "*had the Examiner been made aware of*" Android OS 1.0/1.6, "the Examiner ***would have recognized*** that Android OS [1.0/1.6] included files such as ConnectivityManager, NetworkInfo, NetworkStateTracker, ThrottleManager, TrafficStats, ConnectivityManagerMobileTest, Socket, SocketTest, Power, PowerManager, PowerManagerTest, BatteryManager, and BatteryStats." Am. Answer at 40–41; Resp. to Rog 1 at 39. Samsung also asserts "the Android.net library is the specific source code library that includes ConnectivityManager, which includes the getBackgroundDataSetting() function." Schonfeld Rpt. ¶ 1233; Resp. to Rog 1 at 52.

Here, the specification repeatedly discusses Android OS and names the Android.net source code library. Mot. at 5 (citing '701 pat. at 69:26-52). Thus, based on Samsung's own admissions,

3

these disclosures are sufficient and fully informed the Examiner.

Samsung next misreads 37 C.F.R. § 1.56. Subsection (b) provides: "*Under this section* [i.e., § 1.56], information is to material patentability when it is not cumulative to information already of record." § 1.56(b). This applies to subsection (a), which provides that the duty to disclose material information (i.e., non-cumulative information) "is deemed to be satisfied" if submitted in an IDS. § 1.56(a). It doesn't say that *cumulative* information needs to be submitted in an IDS. Nor does it say that submitting an IDS is the only way to meet the duty of disclosure.

Headwater's prosecution counsel, Ms. Jacobsen, further contradicted Samsung's argument. As she testified: "Rule 1.56 requires disclosure of information that might be of interest to the examiner . . . *whatever the specification talks about, has, by definition, by brought to the examiner's attention. So the specification is a disclosure.*" Jacobsen Tr. at 52:1–8.

## II.  NO INTENT TO DECEIVE

### A.  Samsung's arguments on deceptive intent are not credible.

Although not required to, Headwater provided overwhelming objective evidence that demonstrate a *lack* of deceptive intent. Mot. at 9–10. In response, Samsung launches a series of attorney arguments that are each unsupported by (and don't cite to) any evidence. They fail.

The specification's extensive disclosure of Android OS alone negates any finding of deceptive intent here. *Id.* Headwater cited four cases finding this to be dispositive, which Samsung cannot distinguish. It merely implies (without any evidence) that Headwater's disclosure of Android OS was "intentionally selective." Opp'n at 9. But there is no evidence that Headwater had a secret mass of Android OS information (beyond the specification's nine references / multiple columns) that was unavailable to the Examiner. Samsung's own admissions quoted above contradict this argument. According to Samsung, had the Examiner simply "been made aware of" Android OS, he would have readily and easily obtained all the files Samsung now relies on.

4

Samsung's remaining arguments (Opp'n at 9–10) can be dispelled quickly. They are pure attorney argument that seek to twist good faith acts of disclosure into admissions of wrongdoing. That Samsung needs to rely on such "inferences" underscores the lack of evidence here.

### B. Samsung's brief confirms it has no evidence of deceptive intent.

Fact discovery is long closed, and Headwater challenged Samsung to marshal its best evidence of deceptive intent. The most it comes up with is the four bullet points on pages 10–11 of Samsung's brief (and any attempt to add evidence in sur-reply is waived). But even a cursory review of those bullets confirms that no evidence of deceptive intent exists.

Samsung is required to prove that *an individual* committed inequitable conduct. And even if one took all the "evidence" in the four bullets and attributed them to a single person, it would still not be enough. At most, it would show the person had some general knowledge or understanding of Android OS 1.0/1.6 (at the same level as the Examiner). It would ***not*** show the person (1) *knew* that Android OS 1.0/1.6 were non-cumulative and but-for material,[2] and (2) then made a *deliberate decision* to withhold it to deceive the PTO. A far more plausible inference—among many— is that the claimed inventions were compatible with Android OS but directed to improvements/functionalities beyond what the OS offered. *See* '701 patent at 70:30–55 (describing limitations in "current mobile OS implementations" that the inventors sought to address).

As to the "evidence" for each individual—which is what Samsung must prove—it is even more deficient. The one sentence given for each of Dr. Raleigh, Mr. Lavine, Dr. Raissinia, and Mr. Harris, respectively, is not substantial evidence of anything. Samsung's threadbare charges of inequitable conduct against respected inventors and prosecutors must be rejected.

---

[2] Notably, any alleged knowledge that Android was broadly "relevant" or "material" within the meaning of § 1.56 is insufficient. *Therasense* declined to adopt the definition of materiality in § 1.56 and held that inequitable conduct requires knowledge of *but-for materiality* (at 1292–93).

| | |
|---|---|
| Dated: June 7, 2024 | Respectfully submitted,<br><br>/s/ Marc Fenster<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Amy Hayden<br>CA State Bar No. 287026<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com<br><br>Robert Christopher Bunt<br>Parker, Bunt & Ainsworth, P.C.<br>Texas State Bar No. 00787165<br>100 E. Ferguson Suite 418<br>Tyler, Texas 75702<br>Tel.: (903) 531-3535<br>rcbunt@pbatyler.com<br><br>*Attorneys for Plaintiff*<br>*Headwater Research LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster