PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

HEADWATER RESEARCH LLC

       *Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

       *Defendants*.

Case No. 2:22-CV-00422-JRG-RSP

## SAMSUNG'S OPPOSITION TO HEADWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT SAMSUNG'S STANDING DEFENSE (DKT. 241)

**PUBLIC VERSION**

████████████████████████████

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................ 1

II.     RESPONSE TO STATEMENT ISSUES ...................................................... 1

III.    RESPONSE TO STATEMENT OF FACTS .................................................. 2

IV.     ARGUMENT .................................................................................................. 4

        A.      Headwater Lacks Standing to Challenge the Validity of the Qualcomm
                Employment Agreements ...................................................................... 4

        B.      Regardless, the Qualcomm Employment Agreements Are Not Void Under
                California Law ....................................................................................... 7

        C.      By the terms of the Qualcomm Employment Agreements, Qualcomm Is a Co-
                Owner of the Asserted Patents .......................................................... 10

                1.      Drs. Raleigh and/or Raissinia Conceived Before They Left Qualcomm .. 10

                2.      Headwater Has Not Rebutted the Presumption in the Qualcomm
                        Agreements ............................................................................. 11

                3.      ████████████████████████████ . 12

                4.      ████████████████████████████████

                        ██████████ ..................................................... 15

        D.      This Case Should Be Dismissed for Lack of Standing ......................... 15

V.      CONCLUSION ............................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                               **Page(s)**

*Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*,
    630 F. Supp. 2d 1084 (N.D. Cal. 2009) ...........................................................5, 9, 13

*Armorlite Lens Co. v. Campbell*,
    340 F. Supp. 273 (S.D. Cal. 1972) ......................................................................5, 9

*Ash Grove Texas, L.P. v. City of Dallas*,
    2009 WL 3270821 (N.D. Tex. Oct. 9, 2009) ......................................................1, 5

*Balsam Coffee Sols. Inc. v. Folgers Coffee Co.*,
    No. 6:09-CV-89, 2009 WL 3297292 (E.D. Tex. Oct. 14, 2009) .............................6

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
    583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) ...................................10

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
    996 F.3d 1302 (Fed. Cir. 2021).......................................................................5, 8, 9

*Broussard v. Columbia Gulf Transmission Co.*,
    398 F.2d 885 (5th Cir. 1968) .................................................................................5

*Conversion Logic, Inc. v. Measured, Inc.*,
    No. 2:19-cv-05546, 2019 WL 6828223 (C.D. Cal. 2019) ...................................5, 9

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
    517 F.3d 1284 (Fed. Cir. 2008)..........................................................................7, 16

*Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
    No. 22-CV-07148-AMO, 2024 WL 1199018 (N.D. Cal. Mar. 20, 2024) .............5, 9

*FilmTec Corp. v Hydranautics*,
    982 F.2d 1546 (Fed. Cir. 1992)...............................................................................9

*iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*,
    No. CV 4:19-03386, 2020 WL 10897508 (S.D. Tex. Dec. 1, 2020) ...............6, 7, 8

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
    475 F.3d 1256 (Fed. Cir. 2007).............................................................................16

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*,
    109 F.3d 1567 (Fed. Cir. 1997)...............................................................................4

*Keegan v. Humble Oil & Refining Co.*,
    155 F.2d 971 (5th Cir. 1946) ..................................................................................6

███████████████████

*Larson v. Correct Craft, Inc.*,
    569 F.3d 1319 (Fed. Cir. 2009)...................................................................................1, 4, 7

*Machal, Inc. v. Jena Band of Choctaw Indians*,
    387 F. Supp. 2d 659 (W.D. La. 2005)....................................................................................6

*MHL Tek, LLC v. Nissan Motor Co.*,
    655 F.3d 1266 (Fed. Cir. 2011)..........................................................................................15

*Nolen v. Lufkin Indus., Inc.*,
    466 F. App'x 895 (Fed. Cir. 2012) .......................................................................................4

*Tucker v. Nat'l Linen Serv. Corp.*,
    200 F.2d 858 (5th Cir. 1953) ...............................................................................................5

*Whitewater W. Indus., Ltd. v. Alleshouse*,
    981 F.3d 1045 (Fed. Cir. 2020)........................................................................................5, 8

**Statutes**

California Business and Professions Code § 16600 ................................................................7, 8

California Code of Civil Procedure § 339(1).............................................................................15

California Labor Code § 2870(a) ...............................................................................................14

**PUBLIC VERSION**

███████████████████████

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---|---|
| 1 | Excerpts from Headwater Seventh Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-12), dated March 15, 2024 |

\*        Emphasis added unless otherwise noted.

\*\*       Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*      "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

\*\*\*\*     "UMF" refers to Undisputed Material Fact.

## I.     INTRODUCTION

Headwater premises its standing argument on its contention that the employment agreements between the Headwater inventors and Qualcomm are "void." Dkt. 241 at 1. However, far from establishing standing, this argument actually confirms *lack of standing* because the Court may not decide the validity of the Qualcomm/Inventor agreements without joining both Qualcomm and its ex-employees as parties. *E.g.*, *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (finding no standing where plaintiff's claim required "first voiding his patent assignments"); *Ash Grove Texas, L.P. v. City of Dallas*, 2009 WL 3270821, *15 (N.D. Tex. Oct. 9, 2009) (federal courts "consistently hold that a party to an agreement in dispute is an indispensable party").

In addition to that dispositive jurisdictional issue, Headwater is also wrong the Qualcomm agreements are void under California law. To the contrary, the agreements' language tracks the statute that Headwater quotes, and this case does not involve a restriction on future employment because Dr. Raleigh admits he conceived the Headwater invention at Qualcomm. Headwater simply ignores that dispositive evidence regarding the timing of Dr. Raleigh's conception, along with all the other evidence cited in Samsung's pending motion to dismiss for lack of standing. *See* Dkt. 236. As detailed in Samsung's motion and summarized herein, Qualcomm is the co-owner of the patents-in-suit based on its agreements with inventors Dr. Raleigh and Dr. Raissinia.

Finally, since standing is for the Court, the Court may resolve evidentiary disputes. It should deny Headwater's motion for summary judgment and instead grant Samsung's motion to dismiss for lack of standing.

## II.    RESPONSE TO STATEMENT ISSUES

1.     Headwater is wrong that the Court must decide whether "the asserted patents are

1

**PUBLIC VERSION**
███████████████████████████

subject to a *post-employment invention assignment provision*" because Dr. Raleigh and Dr. Raissinia assigned the asserted patents to Qualcomm while they were employees, and they conceived the invention while at Qualcomm.

2.     Headwater is wrong that this Court has jurisdiction to decide whether "the post-employment assignment provision is *void under California law*."  Qualcomm, Dr. Raleigh, and Dr. Raissinia are necessary and indispensable parties for this issue, and they have not been joined.

The actual question presented is whether Headwater has established standing to assert the patents-in-suit when Qualcomm is a co-owner and has not been joined.

## III.    RESPONSE TO STATEMENT OF FACTS

**Response to HW UMF No. 1:**  Denied.  While Drs. Raleigh and Raissinia purported to assign the patents-in-suit to plaintiff, they had already assigned them to Qualcomm in their employment agreements.  Dkt. 239-14 ████ ██████████████████████; Dkt. 239-15 █████ (Raissinia; same).  Qualcomm thus owns the asserted patents.  Headwater is also a co-owner through the third inventor, James Lavine.

**Response to HW UMF No. 2:**  Denied.  While Samsung's prior art expert accepted the May 25, 2010 priority date for purposes of selecting prior art for the asserted claims, Headwater asserted that at least some claims and/or claim elements of the asserted patents have a priority date of January 28, 2009, when Headwater filed the '354 provisional.  *E.g.*, Dkt. 236-28 at 11-24; *see also* Dkt. 236-26 ('354 provisional).  In addition, conception is more important to the present motion than priority, and Headwater never retracted its position that the '354 provisional establishes conception on or before January 28, 2009.  Dkt. 236-28 at 8-9.

**Response to HW UMF No. 3**:  Undisputed.

**Response to HW UMF No. 4:**  Headwater accurately quotes Dr. Raleigh and Dr. Raissinia's employment agreement with Qualcomm, but omits material portions, including the

2



. Dkt. 239-14 ▅▅ (Raleigh); Dkt. 239-15 ▅▅ (Raissinia).  Drs. Raleigh and Raissinia disclosed no such inventions to Qualcomm.  In addition, Headwater misreads Section 1.4 in asserting that it contains ▅▅▅▅▅▅▅▅ Section 1.4 merely contains ▅▅▅▅▅▅▅▅▅

Dkt. 239-14 ▅▅ (Raleigh); Dkt. 239-15 ▅▅ (Raissinia).

**Response to HW UMF No. 5:**  The dates Drs. Raleigh and Raissinia left Qualcomm are undisputed, but Samsung incorporates its Response to HW UMF No. 2 regarding priority date.

**Response to HW UMF No. 6:**  Undisputed but incomplete.  For example, ▅▅▅▅▅▅▅▅▅▅ *E.g.*, Dkt. 236-23 at HW_00056020; Dkt. 236-25 at HW_00013720.  Qualcomm also supported Samsung's motion to dismiss by submitting a declaration to authenticate the agreements at issue.  Dkt. 236-15.

**Additional Material Facts:**  Samsung will not repeat its entire motion to dismiss here, but examples of additional key facts include the following:  Dr. Raleigh admitted he conceived of the Headwater invention while employed at Qualcomm.  *See* Dkt. 236-1 (https://vimeo.com/539945302, dated April 21, 2021) at 46:00-46:51.  When asked how he came up with the Headwater concepts, Dr. Raleigh also admitted ▅▅▅▅▅▅▅▅▅▅ Dkt. 236-10 at 42:19-23.  He also testified ▅▅▅▅

**PUBLIC VERSION**

████████ *id.* at 44:4-20, and he described Qualcomm as having ████████ to Headwater. Dkt. 236-20 at 88:12-20.  When Dr. Raissinia was shown a related patent application he filed while at Qualcomm, he admitted "in [his] work for Qualcomm, [he] did work on power saving mechanisms in the field of the wireless communications."  Dkt. 236-11 at 34:10-14.  He agreed claim 1 of his Qualcomm application covers one method "that facilitates power save features in a wireless communication system" and that it involved negotiating a scheduled window to wake up and communicate.  *Id.* at 35:20-23, 35:24-38:5; *see also id.* at 28:9-31:7, 51:16-53:11; Dkt. 236-31 (Qualcomm patent application filed in 2008 in Dr. Raissinia's name).

## IV.   ARGUMENT

### A.   Headwater Lacks Standing to Challenge the Validity of the Qualcomm Employment Agreements

The law is clear that Qualcomm, Dr. Raleigh, and Dr. Raissinia are all indispensable parties for this Court to address whether Dr. Raleigh's and Dr. Raissinia's employment agreements with Qualcomm are void.  For example, in *Larson* the Federal Circuit found no standing where establishing the plaintiff's standing would require "first voiding his patent assignments."  569 F.3d at 1327 (holding that inventor who had assigned his patent rights had no standing to seek correction of inventorship where court would first have to void assignment before reaching correction issue).  That decision is consistent with other Federal Circuit precedent.  *See Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 899 (Fed. Cir. 2012) ("a claim for patent infringement does not arise under the patent laws when it requires judicial action to vest title in the party alleging infringement"; granting motion to dismiss appeal and transferring to Fifth Circuit where infringement claims were conditioned on first rescinding previous assignment of patent ownership rights); *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) (if plaintiff does not own patent absent judicial intervention voiding patent assignment, "federal court is not the place to seek that

initial judicial intervention"; infringement suit could not proceed in federal court where it depended on first rescinding prior assignment, an issue for Texas state court).

None of the employment agreement cases cited by Headwater are to the contrary because they all included the disputed assignee as a party to the litigation. *E.g.*, *Whitewater W. Indus., Ltd. v. Alleshouse*, 981 F.3d 1045, 1046 (Fed. Cir. 2020) (former employer sued ex-employees and their new company); *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 996 F.3d 1302, 1315 (Fed. Cir. 2021) (accused infringer asserted ownership of asserted patents).[1]  Crucially, Headwater does not cite a single case in which a federal court bases standing on the alleged invalidity of a patent assignment where the parties to that assignment were not also parties to the litigation.

To the contrary, federal courts "consistently hold that a party to an agreement in dispute is an indispensable party." *Ash Grove Texas*, 2009 WL 3270821, at *15.  Courts so holding include the Fifth Circuit.  *See Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 887-88 (5th Cir. 1968) (affirming ruling that part owner of real property was indispensable party in suit to invalidate easement across that property); *Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 863 (5th Cir. 1953) (affirming dismissal of derivative suit by stockholder for failure to join indispensable parties where stockholder sought cancellation of stock certificates in names of persons not made parties to action); *Keegan v. Humble Oil & Refining Co.*, 155 F.2d 971, 973 (5th

---

[1] The district court cases discussed in *Whitewater*, 981 F.3d at 1055, and cited by Headwater likewise all involved litigation between former employers/employees.  *See Armorlite Lens Co. v. Campbell*, 340 F. Supp. 273, 274 (S.D. Cal. 1972) (former employer sued ex-employees); *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*, 630 F. Supp. 2d 1084, 1088 (N.D. Cal. 2009) (defendant asserted invalidity of agreement between plaintiff and its ex-employees who now worked at defendant); *Conversion Logic, Inc. v. Measured, Inc.*, No. 2:19-cv-05546, 2019 WL 6828283, at *3 (C.D. Cal. 2019) (ex-employees and their new employer asserted invalidity of plaintiff's employment agreement).  The same is true of *Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 22-CV-07148-AMO, 2024 WL 1199018, at *1 (N.D. Cal. Mar. 20, 2024) (employer sued former employees, who asserted invalidity of assignment agreement).

Cir. 1946) ("We are of opinion that parties are indispensable when their interests in the subject matter of the suit and in the relief sought are so bound up with that of the other parties that their interest would be directly affected by the decree.").

Courts in this district and elsewhere have held the same. *E.g.*, *Balsam Coffee Sols. Inc. v. Folgers Coffee Co.*, No. 6:09-CV-89, 2009 WL 3297292, at *4 (E.D. Tex. Oct. 14, 2009) (rejecting validity of assignment as relevant to standing; "Neither party to the contract has attempted to void or otherwise set aside the 2006 agreement. Defendants were not a party to the contract and may not void the agreement at their option."); *see also iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV 4:19-03386, 2020 WL 10897508, at *7-8 and n.4 (S.D. Tex. Dec. 1, 2020) (finding party to agreement necessary and indispensable; gathering cases); *Machal, Inc. v. Jena Band of Choctaw Indians*, 387 F. Supp. 2d 659, 664 (W.D. La. 2005) ("Plaintiff is not a party to the Development Agreements that it seeks to have declared void, and therefore, it does not have standing to contest the validity of those agreements.")

Here, none of Qualcomm, Dr. Raleigh, or Dr. Raissinia are parties, and cannot be. The deadline for joining parties expired over a year ago. Dkt. 75 at 6 (deadline to join additional parties was March 21, 2023). Moreover, Headwater's principal Dr. Raleigh waived his opportunity to be a plaintiff by not choosing to become a named plaintiff in a timely fashion, and both Qualcomm and Dr. Raissinia are residents of California. It is unlikely Headwater could obtain personal jurisdiction over them in this district or establish proper venue for a contract dispute between California residents governed by California law.

Thus, by placing into issue the validity of the Qualcomm agreements, Headwater confirms the necessity of dismissing this case for lack of standing since indispensable parties are not present. Again, where standing depends upon first voiding an assignment, the Federal Circuit has expressly

**PUBLIC VERSION**

held that there is no standing.  *Larson*, 569 F.3d at 1321.

**B.  Regardless, the Qualcomm Employment Agreements Are Not Void Under California Law**

Even putting aside the fatal jurisdictional flaw in Headwater's argument, Headwater has failed to establish that the agreements between Qualcomm and Drs. Raleigh and Raissinia are void under California law.  First, the Qualcomm agreements have language that tracks the more specific California statute that Headwater quotes.  *Compare* Dkt. 241 at 3 (quoting California Labor Code § 2870(a)) with *id.* at 2 (quoting ████ of the Qualcomm agreements).  Like the California statute, the Qualcomm agreements ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ .  *Id.*  Indeed, Headwater does not explain how the language of the Qualcomm agreements is materially different from the statute, and it is not.

Second, the Qualcomm agreements are also valid under the more general California statute prohibiting restraints on lawful employment.  *See* California Business and Professions Code § 16600.  Contrary to Headwater's assertion (Dkt. 241 at 1), this litigation does not involve a "post-employment assignment provision."  Rather, it involves the present assignment of future rights that occurred when Drs. Raleigh and Raissinia entered their agreements with Qualcomm in 2006. *See* Dkt. 239-14 ████ (████████████████████ Dkt. 239-15 ████ (Raissinia; same); *see also DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (the Federal Circuit will find a present assignment of expectant interests when "the contract expressly grants rights in future inventions").  Moreover, Dr. Raleigh admitted that he conceived of the Headwater invention while employed at Qualcomm.  Dkt. 236-1 at 46:00-46:51.  Samsung has also submitted substantial additional evidence, including Dr. Raleigh's and Dr. Raissinia's

deposition testimony. *E.g.,* Dkt. 236-10 (11-15-23 Raleigh Dep. Tr.) at 30:20-23, 42:19-23, 44:4-20; Dkt. 236-20 (3-7-24 Raleigh Dep. Tr.) at 88:12-20; Dkt. 236-11 (Raissinia Dep. Tr.) at 34:10-14, 35:20-23, 35:24-38:5; *id.* at 28:9-31:7, 51:16-53:11; Dkt. 236-31 (Raissinia Dep. Ex. 2).

These circumstances distinguish the cases Headwater cites. For example, in *Whitewater*, it was undisputed that conception occurred after termination of the previous employment. 981 F.3d at 1046 (plaintiff employed co-inventor Mr. Alleshouse "until just before he went into business with Mr. Yeh and the patented inventions were conceived"); *see also id.* at 1050 ("The parties now accept two important factual premises: first, the inventions at issue were not conceived until after Mr. Alleshouse left his job at Wave Loch; second, Mr. Alleshouse did not use any trade-secret or other confidential information belonging to Wave Loch (now Whitewater) in arriving at the patented inventions."). Moreover, the dispositive issue addressed by the Federal Circuit was "how broadly, if at all, employment contract provisions may require assignment of inventions conceived post-employment and without use of the former employer's confidential information." *Id.* at 1050. And the Federal Circuit found the agreement void under California law because "[a] wide range of ***inventions made after leaving*** the employer, ***for all time***, would have to be assigned to that (now former) employer." *Id.* at 1052. In addition, "Whitewater did not timely make any argument in this court that the provision could be upheld if we concluded that § 16600 might permit a narrower provision that covered Mr. Alleshouse's particular circumstance." *Id.* at 1051.

The other cases cited by Headwater also involve post-employment conception. *E.g.*, *Bio-Rad Labs.*, 996 F.3d at 1316 ("We accept the finding that the asserted claims in this matter had a conception date no earlier than January 2013, after Drs. Hindson and Saxonov left their

employment at Bio-Rad")[2]; *Armorlite*, 340 F. Supp. at 274 (voiding agreement to assign inventions

made "within one (1) year after the termination" of employment); *Conversion Logic,* 2019 WL

6828283, at *6 (same); *Fibrogen*, 2024 WL 1199018, at *7-8 (no temporal limitation).  The closest

case Headwater cites is *Applied Materials*, which involved a one-year presumption that Headwater

suggests is ██████████████████.  *See* 630 F. Supp. 2d at 1086.  However, and

crucially, the court in *Applied Materials* voided the agreement expressly because the presumption

was not *rebuttable*.  *Id.* at 1089 ("the Court does not find that any rebuttable presumption is created

. . . the Assignment Clause contains mandatory language requiring former employees to assign any

invention disclosed within one year of leaving Plaintiff's employ").  By contrast, ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ Dkt.

239-14███ (Raleigh); Dkt. 239-15 ███ (Raissinia).

Thus, even if this Court were to address the validity of the Qualcomm agreements under California

law without the addition of Qualcomm and Drs. Raleigh and Raissinia as indispensable parties, it

should find them valid, just as the Federal Circuit did in *Bd. of Trustees of Leland Stanford Junior*

*Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832 (Fed. Cir. 2009) ("*Roche I*"), *aff'd*, 563 U.S.

---

[2] Plaintiff also "lost the opportunity [for procedural reasons] to argue conception of certain claim elements [during employment] in a ruling that Bio-Rad has not appealed."  *Id.*  The Federal Circuit noted it had previously reached a different conclusion where post-employment limitations were added to the claims, but they did not add "anything of inventive significance" but were mere "refinements" to the invention already conceived during the term of the agreement.  *Id.* at 1318 (discussing *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1548 (Fed. Cir. 1992)).

776 (2011) ("*Roche II*").  There, the Federal Circuit rejected Stanford's challenge to an assignment clause under California law.  583 F.3d at 845-46.  Should this Court conclude it has jurisdiction, it should hold the same.

### C.   By the terms of the Qualcomm Employment Agreements, Qualcomm Is a Co-Owner of the Asserted Patents

In its motion to dismiss for lack of standing, Samsung has already demonstrated Qualcomm is a co-owner of the asserted patents, for three independent reasons: (1) Dr. Raleigh conceived the claimed ideas while employed by Qualcomm, and they also relate to Qualcomm's business and result from his work there; (2) Dr. Raleigh filed the '354 provisional within one year of leaving Qualcomm, ███████████████████████████████████ and (3) Dr. Raissinia filed the '022 provisional within one year of his leaving Qualcomm, ████████ ███████████████████████████████ *See* Dkt. 236 at 11-19.

For efficiency, Samsung will not repeat all of that evidence and argument here but will instead rebut new arguments Headwater has made in its motion—none of which Headwater included in its Complaint or discovery responses as a basis for standing.  *See* Dkt. 42 ¶¶ 41-49 (asserting ownership of asserted patents without mentioning Qualcomm); Ex. 1 (HW responses to Samsung's 8th interrogatory) (asserting ownership without raising *any* of the arguments Headwater raises in its present motion).  The Court would be justified in striking Headwater's present motion on this basis alone.  Headwater is also wrong that Samsung failed to cite evidence in its own interrogatory responses.  To the contrary, Samsung cited substantial evidence, including Dr. Raleigh's video.  *See* Dkt. 239-18 at 40-43, 65 (citing bates number of the video, Dkt. 236-1, SAM-HW00679481, among other evidence, under Rule 33(d)).

### 1.   Drs. Raleigh and/or Raissinia Conceived Before They Left Qualcomm

Headwater argues the claimed inventions were conceived after Drs. Raleigh and Raissinia left

███████████████████████████████

Qualcomm.  Dkt. 241 at 4.  This ignores Dr. Raleigh's express admission otherwise, as well as other evidence cited in Samsung's motion to dismiss.  *See* Dkt. 236 at 1-9.  Dr. Raleigh admitted in a public video that he conceived of the Headwater invention at Qualcomm.  Dkt. 236-1 at 46:00-46:51; *see also id.* at 30:00, 41:00 (introduction of panel and Dr. Raleigh).  Dr. Raleigh made this admission while speaking on a panel, arguing that established companies often reject disruptive technologies.  *Id.* at 47:19-29 ("It's not in their economic interest to disrupt their own markets or to distract from the core products that they're already making lots of money on.").  Dr. Raleigh's pre-litigation admission is more credible than his litigation-inspired denials.

### 2. Headwater Has Not Rebutted the Presumption in the Qualcomm Agreements

Headwater next argues it has rebutted ████████████████ of the Qualcomm agreements.  Dkt. 241 at 4.  Not so.  Headwater again disregards the evidence to the contrary cited in Samsung's motion to dismiss.  *See* Dkt. 236 at 16-19.  For example, Samsung already demonstrated—via undisputed expert opinion—that the asserted patents relate to Qualcomm's business and also to the work of both Dr. Raleigh and Dr. Raissinia at Qualcomm.  *See* Dkt. 236 at 16-19.  Again, when asked how he came up with the Headwater concepts, Dr. Raleigh admitted

████████████████████████████████████

████████████████████████████████ Dkt. 236-10 at 42:19-23.  He also testified

███████████████████████████ *id.* at 44:4-20, and he described Qualcomm as having

█████████████████ to Headwater.  Dkt. 236-20 at 88:12-20.  And when Dr. Raissinia was shown a related patent application he filed while at Qualcomm, he admitted "in [his] work for Qualcomm, [he] did work on power saving mechanisms in the field of the wireless communications."  Dkt. 236-11 at 34:10-14.  He agreed claim 1 of his Qualcomm application covers one method "that facilitates power save features in a wireless communication system" and

that it involved negotiating a scheduled window to wake up and communicate. *Id.* at 35:20-23, 35:24-38:5; *see also id.* at 28:9-31:7, 51:16-53:11; Dkt. 236-31 (Qualcomm patent application filed in 2008 in Dr. Raissinia's name).

Headwater also attempts to leverage Dr. Schonfeld's acceptance of May 25, 2010 as the relevant *priority* date for prior art. *Id.* at 1-2, 5 n.2. However, this confuses priority and conception. In addition to Dr. Raleigh's video admission, Headwater itself admitted in this litigation that



Dkt. 236-28 at 8-9. Critically, Headwater never retracted this response regarding conception, even when it changed its position on priority. Headwater also provided a long and detailed chart mapping claims and claim elements to the '354 provisional application, which is itself over 200 pages long. *See id.* at 11-24; Dkt. 236-26 ('354 provisional).

Headwater has thus failed to ████████████████████ of the Qualcomm agreements.

### 3.   ████████████ Qualcomm Agreements Does Not Change the Result

Headwater argues that ████████ Qualcomm agreements narrows ██████. Dkt. 241 at 6; *see* Dkt. 239-14 ████ Raleigh); Dkt. 239-15 ████ (Raissinia). However, ████████ does not detract from Qualcomm's ownership of the Headwater patents because Headwater cannot establish at least the following elements:

- Headwater cannot establish that Dr. Raleigh and Dr. Raissinia made the invention entirely on their ***own time*** or without Qualcomm ***equipment***, etc., especially since Dr. Raleigh

admitted he came up with the Headwater invention ████████████████ Dkt. 236-10 at 42:19-23.   Dr. Raliegh also admitted in the video that he conceived the Headwater invention while at Qualcomm and took it to Qualcomm's CEO.  Dkt. 236-1 at 46:00-46:51.  In addition, Dr. Raissinia admitted he filed a related patent application while at Qualcomm based on his work there.  Dkt. 236-11 at 34:10-14, 35:20-23, 35:24-38:5; *see also id.* at 28:9-31:7, 51:16-53:11; Dkt. 236-31.

- Headwater cannot establish that the asserted patents do not ***relate to*** Qualcomm's business.  Dr. Raliegh testified ██████████████████████ Dkt. 236-10 at 44:4-20, and described Qualcomm as having ███████████ to Headwater.  Dkt. 236-20 at 88:12-20.  Dr. Raissinia's related Qualcomm patent application is also again relevant.  Dkt. 236-11 at 34:10-14, 35:20-23, 35:24-38:5; Dkt. 236-31.  Samsung's expert, Dr. Schonfeld, opined that this patent application and other Qualcomm patents prove Qualcomm's business was related.  Dkt. 236-22 (Schonfeld Rpt.) ¶ 138.  No Headwater expert has rebutted this opinion.  *See id.* at ¶¶ 141, 156 and n.27; Dkt. 236-33 (SAM-HW00683117-3415) (additional Qualcomm patents and applications); *compare* Dkt. 42 at ¶¶ 1, 19 (Headwater statements about the asserted patents); Dkt. 82 at 1 (same).   The fact



.   Dkt. 236-23 at HW_00056020.  ████████████████████████████████ .  Dkt. 236-25 at HW_00013720.

- Headwater cannot establish that the asserted patents did not ***result from*** Dr. Raleigh's and

███████████████████████████████████████████████████

Dr. Raissinia's work at Qualcomm.  All of the evidence cited in the previous bullets is circumstantial evidence to the contrary.  In addition, Dr. Raleigh admitted he conceived the Headwater ideas ██████████████████████████  Dkt. 236-10 at 42:19-23.

Headwater also misreads the syntax of █████████████  It argues the ██████████████████ ████  narrows the scope of the assignment.  Dkt. 241 at 7.  However, like the California statute, the Qualcomm agreements do not require assignment of inventions █████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████  *Compare* California Labor Code § 2870(a) ("Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer ***shall not apply*** to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information ***except*** for those inventions that ***either***: (1) ***Relate*** at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; ***or*** (2) ***Result*** from any work performed by the employee for the employer.").  Thus, the

███ ████████████████████████████████████████████████████

████████████████████████████████████████████████

Finally, Headwater ignores █████████████████████████████████ ████████████████████████████████████████████.  Dkt. 239-14 ¶ 1.5 (Raleigh; ████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████  Dkt. 239-

14

**PUBLIC VERSION**

████████████████████████████████

15 ¶ 1.5 (Raissinia; same).  There is no evidence that Dr. Raleigh or Dr. Raissinia ever disclosed

to Qualcomm, while they were employed there, that they considered the Headwater invention

excluded from the assignment.

   Headwater has failed to rebut Samsung's showing that Qualcomm is a co-owner of the

asserted patents by the plain terms of its employment agreements with Drs. Raleigh and Raissinia.

   **4.**   ███████████████████████████████████

   ████████████████████████

Finally, Headwater argues ███████████████████████████████████████

██████████████████   Dkt. 241 at 7.  This is both wrong and irrelevant.  In fact, ████████████

██████████████████████████████████████████████████████████████

██████████████████████████   *E.g.*, Dkt. 236-23 at HW_00056020; Dkt. 236-25 at

HW_00013720.  In addition, ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████.  But by then, the California statute of limitations for breach of contract

may have run.  *See* California Code of Civil Procedure § 339(1) (2-year statute for breach of

contract).  In addition, ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████.  *MHL Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011).

Qualcomm was not required to expend resources in litigation with an ex-employee or to intervene

in a patent case pending in a distant court.  Even so, Qualcomm has supported Samsung's motion

to dismiss by submitting a declaration to authenticate the agreements at issue.  Dkt. 236-15.

   **D.    This Case Should Be Dismissed for Lack of Standing**

   Standing is an issue for the Court to decide and is not tried to a jury.  *DDB Technologies,*

**PUBLIC VERSION**

*L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291-92 (Fed. Cir. 2008).  Headwater agrees standing is a question of law.  Dkt. 241 at 3.

"Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing."  *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007).  Here, because Headwater has failed to join co-owner Qualcomm and Drs. Raleigh and Raissinia, the Court should dismiss this case for lack of standing.

## V.     CONCLUSION

The Court should deny Headwater's requested summary judgment and instead dismiss this case for lack of standing because Qualcomm is a co-owner of the asserted patents and has not been joined.  *See* Dkt. 236.

**PUBLIC VERSION**

Dated: May 31, 2024                 Respectfully submitted,

                                            By:   */s/ Thad C. Kodish*_____

                                                    Ruffin B. Cordell
                                                    TX Bar No. 04820550
                                                    Michael J. McKeon
                                                    DC Bar No. 459780
                                                    mckeon@fr.com
                                                    Jared Hartzman (*pro hac vice*)
                                                    DC Bar No. 1034255
                                                    hartzman@fr.com
                                                    **FISH & RICHARDSON P.C.**
                                                    1000 Maine Avenue, SW, Ste 1000
                                                    Washington, D.C. 20024
                                                    Telephone: (202) 783-5070
                                                    Facsimile: (202) 783-2331

                                                    Thad C. Kodish
                                                    GA Bar No. 427603
                                                    tkodish@fr.com
                                                    Benjamin K. Thompson
                                                    GA Bar No. 633211
                                                    bthompson@fr.com
                                                    Nicholas A. Gallo (*pro hac vice*)
                                                    GA Bar No. 546590
                                                    gallo@fr.com
                                                    Steffen C. Lake (*pro hac vice*)
                                                    GA Bar No. 512272
                                                    lake@fr.com
                                                    Sara C. Fish
                                                    sfish@fr.com
                                                    GA Bar No. 873853
                                                    Noah C. Graubart
                                                    GA Bar No. 141862
                                                    graubart@fr.com
                                                    Katherine H. Reardon
                                                    NY Bar No. 5196910
                                                    reardon@fr.com
                                                    **FISH & RICHARDSON P.C.**
                                                    1180 Peachtree St. NE, Fl. 21
                                                    Atlanta, GA 30309
                                                    Telephone: (404) 892-5005
                                                    Facsimile: (404) 892-5002

17

**PUBLIC VERSION**

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

18

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

**PUBLIC VERSION**

██████████████████████████

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 31, 2024 and was served on all counsel of record via electronic mail.

*/s/ Thad C. Kodish*
Thad C. Kodish

██████████████████████████

████████████████████████████████

██████████████████

████████████ ████████

████████