# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

### SAMSUNG'S OPPOSITION TO HEADWATER'S MOTION
### FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT (DKT. 243)

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. COUNTER-STATEMENT OF THE ISSUES TO BE DECIDED....................................1

III. RESPONSE TO HEADWATER'S STATEMENT OF MATERIAL FACTS ..................2

IV. LEGAL STANDARDS .........................................................................................................3

    A. Summary Judgment................................................................................................3

    B. Inequitable Conduct ...............................................................................................4

V. ARGUMENT ..........................................................................................................................4

    A. Samsung's Specific Inequitable Conduct Assertion ..............................................5

    B. Materiality ..............................................................................................................5

        1. Materiality Will Necessarily Be Decided by the Jury in this Case .............5

        2. Android OS 1.0 and 1.6 are Not Cumulative to Other Prior Art ................6

        3. HW's Vague References to Android OS in the Specification Do Not Constitute Adequate Disclosure to the PTO ...............................................7

    C. Intent ......................................................................................................................8

        1. HW Fails to Negate a Finding of Deceptive Intent .....................................8

        2. The Court Can Find Deceptive Intent .......................................................10

VI. CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*American Calcar, Inc., v. American Honda Motor co., Inc.*,
  768 F.3d 1185 (Fed. Cir. 2014) ................................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................ 3, 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................ 3

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*,
  162 F.3d 1113 (Fed. Cir. 1998) ............................................................................................. 10

*GTX Corp. v. Kofax Image Prod. Inc.*,
  571 F. Supp. 2d 742 (E.D. Tex. 2008) .................................................................................... 4

*Kingsdown Medical Consultants Ltd. v. Hollister, Inc.*,
  863 F.2d 867 (Fed. Cir. 1988) ................................................................................................ 4

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
  475 U.S. 574 (1986) ................................................................................................................ 4

*Nobelbiz, Inc. v. Glob. Connect, L.L.C.*,
  No. 6:12-CV-244, 2015 WL 11089488 (E.D. Tex. July 16, 2015) ...................................... 11

*Oasis Research, LLC v. Carbonite, Inc.*,
  No. 4:10-CV-435, 2013 WL 12146744 (E.D. Tex. Feb. 20, 2013) ........................................ 3

*Ohio Willow Wood Co. v. Alps S., LLC*,
  735 F.3d 1333 (Fed. Cir. 2013) ............................................................................................... 4

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
  984 F.2d 1182 (Fed. Cir. 1993) ............................................................................................... 9

*Pioneer Corp. v. Samsung SDI Co., Ltd.*,
  No. 2:06-CV-384 (DF), 2008 WL 11347403 (E.D. Tex. Sept. 22, 2008) ......................... 5, 11

*Reeves v. Sanderson Plumbing Prods., Inc.*,
  530 U.S. 133 (2000) ................................................................................................................ 1

*In re Rosuvastatin Calcium Patent Lit.*,
  703 F.3d 511 (Fed. Cir. 2012) ................................................................................................ 4

*SynQor, Inc. v. Cisco Sys., Inc.*,
  2012 WL 12892779 (E.D. Tex. Aug. 7, 2012) ................................................................ 10, 11

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ................................................................................... 4, 6

**Other Authorities**

37 C.F.R. § 1.56 ............................................................................................................................. 8

Fed. R. Civ. P. 56(c) ...................................................................................................................... 3

Local Rule CV-56(a) ..................................................................................................................... 2

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---------|-------------|
| 1 | Excerpts from the Deposition of Krista Jacobsen, taken May 21, 2024 |
| 2 | Email, HW_00046215 |
| 3 | Excerpts from the Deposition of James Lavine, taken January 31, 2024 |
| 4 | Defendants' Supplemental Objections and Responses to Headwater Research LLC's First Set of Interrogatories (Nos. 1, 4, 5 and 8), dated December 22, 2024 |

\*       Emphasis added unless otherwise noted.

\*\*      Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*     "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

\*\*\*\*    "UMF" refers to Undisputed Material Fact.

\*\*\*\*\*   "MSJ" refers to motion for summary judgment.

## I. INTRODUCTION

Both Android OS 1.0 and Android OS 1.6 were publicly released and widely disseminated before the May 25, 2010 filing date of U.S. Patent Application No. 61/348,022 ("the '022 Application), from which all eight Asserted Patents claim priority.[1] Each named inventor—for all eight patents—as well as HW's former General Counsel (who also served as lead patent prosecutor on seven of the eight Asserted Patents) had specific knowledge of the Android OS and its technical overlap with HW's own inventions. Dkt. 239-22 (Harris Tr.) at 146:16-147:9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, both HW's prosecuting attorney and lead inventor testified that prior art Android literature was relevant, material, and non-cumulative. *Id*. at 167:9-168:16; *see also* Dkt. 239-19 (11/15/23 Raleigh Tr.) at 250:15-251:4.

Despite their awareness of Android prior art that was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.*, HW failed to cite ***any*** Android literature as prior art for seven of the eight Asserted Patents. There is thus sufficient evidence to find that HW intended to deceive the PTO. With respect to HW's arguments concerning materiality and intent, genuine disputes of material fact remain. For example, the jury will necessarily determine whether Android OS 1.0 and/or 1.6 constituted material prior art, by nature of their evaluation of Samsung's invalidity defense based on the same and with a specific jury question on the materiality issue. In addition, issues regarding intent, including credibility, preclude summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). HW's Motion should be denied.

## II. COUNTER-STATEMENT OF THE ISSUES TO BE DECIDED

---

[1] Android OS 1.0 was released on September 23, 2008 and Android OS 1.6 was released on September 15, 2009. Dkt. 239-1 (Schonfeld Rpt.) at ¶ 1218.

Whether genuine disputes of material fact preclude a grant of summary judgment of no inequitable conduct, where several individuals owing a duty of candor to the USPTO failed to disclose known Android prior art that was "relevant," "potentially material," and "not duplicative of the already-cited art" during prosecution of the Asserted Patents?

## III. RESPONSE TO HEADWATER'S STATEMENT OF MATERIAL FACTS

HW's Motion violates Local Rule CV-56(a) by failing to include a "Statement of Undisputed Material Facts." Rather, HW's Motion simply states that "no genuine disputes of material fact preclude summary judgment" without listing any such undisputed facts or identifying any evidence supporting the same. Dkt. 243 at 1-2. In any event, the below facts are undisputed:

1. Samsung's expert, Dr. Schonfeld, opined that a device running Android OS 1.0 or 1.6 anticipates and/or renders obvious all asserted claims. *See* Dkt. 239-1 (Schonfeld Rpt.).

2. Krista Jacobsen, HW's former Head Counsel prior to James Harris, testified that patent prosecutors alert the USPTO to relevant prior art by preparing and filing information disclosure statements. Ex. 1 (Jacobsen Tr.) at 37:11-15.

3. Asserted U.S. Patent Nos. 9,137,701, 9,143,976, 9,271,184, 9,277,433, 9,277,445, 9,521,578, and 9,609,544 fail to cite any Android OS prior art, including prior art for Android 1.0 and/or 1.6, in their lists of "References Cited." Dkt. 239-22 (Harris Tr.) at 168:17-174:11.

4. All three named inventors, and the attorney prosecuting seven of the eight Asserted Patents, knew about prior art Android OS versions (e.g., versions 1.0/1.6) during prosecution. Dkt. 239-19 (11/15/23 Raleigh Tr.) at 29:8-30:3, 113:18-114:9, 119:18-24, 120:6-122:9, 257:10-13, 257:20-258:2; Dkt. 239-20 (Raissinia Tr.) at 134:19-136:2; Ex. 2 (HW_00046215); Ex. 3 (Lavine Tr.) at 59:5-10, 65:6-11, 124:14-21; Dkt. 239-22 (Harris Tr.) at 146:16-21, 150:7-11, 19:5-17.

5. Lead inventor, Greg Raleigh, testified that certain prior art Android non-patent literature was "relevant" to patentability. Dkt. 239-19 (11/15/23 Raleigh Tr.) at 250:15-258:4.

6.	Lead patent prosecutor, James Harris, testified that certain Android non-patent literature was relevant, potentially material, and non-duplicative (i.e., non-cumulative) of previously cited prior art. Dkt. 239-22 (Harris Tr.) at 167:2-168:16.

7.	Dr. Schonfeld notes that of the 1,000+ patents cited in the Asserted Patents, only seven belong to Google, and, of those, none relate to Android. Dkt. 239-1 (Schonfeld Rpt.) ¶ 1235.

8.	None of the nine mentions of Android in the specification of the Asserted Patents states which version of the Android OS the specification is referring to. *E.g.*, Dkt. 42-1, 66:4-12, 66:37-46, 69:26-52, 70:30-42, 70:42-55, 70:55-59, 88:23-31; Ex. 1 (Jacobsen Tr.) at 46:16-48:8.

9.	None of the nine mentions of Android in the specification of the Asserted Patents identifies relevant functionalities including, but not limited to, ConnectivityManager, SyncManager, SyncSettings, getBackgroundDataSetting. *See, e.g.*, Dkt. 42-1 at 66:4-12, 66:37-46, 69:26-52, 70:30-42, 70:42-55, 70:55-59, 88:23-31; Ex. 1 (Jacobsen Tr.) at 46:16-48:8.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is properly granted where there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses" *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2013 WL 12146744, at *1 (E.D. Tex. Feb. 20, 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). A genuine dispute about a material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party." *GTX Corp. v. Kofax Image Prod. Inc.*, 571 F. Supp. 2d 742, 745 (E.D. Tex. 2008) (citing *Anderson*, 477 U.S. at 248;

3

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

### B. Inequitable Conduct

"To prove inequitable conduct, the challenger must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *In re Rosuvastatin Calcium Patent Lit.*, 703 F.3d 511, 419 (Fed. Cir. 2012) (citing *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011)). "Typically, an allegation of inequitable conduct before the PTO requires proof that the patentee withheld or misrepresented information that, in the absence of the withholding or misrepresentation, would have prevented a patent claim from issuing." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1345 (Fed. Cir. 2013) (citing *Therasense*, 649 F.3d at 1291). "Because the analysis of this *but-for* materiality requirement is from the perspective of the PTO, we apply the preponderance of the evidence standard in assessing whether the withheld or misrepresented information would have blocked patentability." *Ohio Willow*, 735 F.3d at 1345 (citing *Therasense*, 649 F.3d at 1291-92). "The involved conduct, viewed in light of all the evidence . . . must indicate sufficient culpability to require a finding of intent to deceive." *Kingsdown Medical Consultants Ltd. v. Hollister, Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988) (en banc resolution of conflicting precedent). The specific intent to commit inequitable conduct may be inferred "from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290.

Thus, to prevail in a motion for summary judgment on the grounds of no inequitable conduct, the movant must show that no individual owing a duty of candor and good faith to the PTO either withheld material information or submitted materially false information with an intent to deceive or mislead. *Pioneer Corp. v. Samsung SDI Co., Ltd.*, No. 2:06-CV-384 (DF), 2008 WL 11347403, at *2 (E.D. Tex. Sept. 22, 2008).

### V. ARGUMENT

4

### A. Samsung's Specific Inequitable Conduct Assertion

Making plain the weakness of its position, HW's lead argument is simply one of feigned ignorance. *See* Dkt. 243 at 3-4. Indeed, HW's Motion erroneously states that Samsung "never specifies *what* devices, *what* documentation, or *what* portions of such documentation give rise to inequitable conduct," and that "the only 'information' Samsung identified with any particularity are the overall systems of Android OS 1.0 and 1.6 themselves." *Id.* Of course, this assertion blatantly ignores Dr. Schonfeld's myriad invalidity opinions based on devices running Android 1.0 and/or 1.6, the analyses of which he incorporated by reference into his discussion of inequitable conduct. Dkt. 239-1 (Schonfeld Rpt.) at Section XXV (incorporating Sections XV-XXIII). Those sections cite specific portions of specific documentation to show how a specific device running Android 1.0 and/or 1.6 invalidates the claims of each Asserted Patent. *See id.* at Section XV.A (establishing prior art status, and providing overview of Android OS), Sections XVI.D-XXIII.D (comparing T-Mobile G1 Running Android OS 1.0 and 1.6 to the claims of each Asserted Patent).

### B. Materiality

#### 1. Materiality Will Necessarily Be Decided by the Jury in this Case

As a preliminary matter, it is premature to decide the materiality of Android OS versions 1.0 and 1.6, particularly in light of the fact that Samsung relies on both Android 1.0 and 1.6 as prior art in its invalidity analysis. Indeed, regardless of Samsung's inequitable conduct claims, the jury will be required to make the factual determination as to whether the claims of the Asserted Patents are invalid in view of devices running Android 1.0 and/or Android 1.6. If the jury finds that one or more of the asserted claims are invalid, then the but-for materiality prong would necessarily be met. *Therasense*, 649 F.3d at 1292 ("[I]f a claim is properly invalidated in district

5

court based on the deliberately withheld reference, then that reference is necessarily material.").[2]

Where, as here, there is a genuine dispute as to whether the withheld prior art is material, and that factual inquiry will necessarily be decided by the jury, summary judgment is improper.

### 2. Android OS 1.0 and 1.6 are Not Cumulative to Other Prior Art

HW's statements that Samsung offers "no evidence" that Android OS 1.0 and 1.6 are "non-cumulative" and that "Dr. Schonfeld fails to address cumulativeness" are incontrovertibly false.

First, both Samsung's response to HW's interrogatory number 1 and Dr. Schonfeld's report address cumulativeness, noting how Mr. Harris, himself, recognized that Android OS was both material and non-cumulative prior art. Dkt. 239-1 (Schonfeld Rpt.) ¶¶ 1228-31; Ex. 4 at 33-38. Indeed, when discussing U.S. Patent No. 10,237,773,[3] Mr. Harris—HW's prosecution counsel for seven of the eight asserted patents—admitted that Android OS was material and non-cumulative:



Dkt. 239-22 (Harris Tr.) at 167:2-168:16.

Second, contrary to HW's assertion that Dr. Schonfeld failed to address cumulativeness,

---

[2] "[E]ven if a district court does not invalidate a claim based on a deliberately withheld reference, the reference may be material if it would have blocked patent issuance under the PTO's different evidentiary standards." *Id.*

[3] The '773 Patent, which is related to and shares a specification with the Asserted Patents, was previously asserted against Samsung in this case. When Mr. Harris was prosecuting the '773 Patent, which was filed after the seven Asserted Patents he prosecuted had issued, he cited to "Android Cupcake excerpts, The Android Open Source Project, Feb. 10, 2009." Dkt. 42-9 at 13.

6

Dr. Schonfeld specifically opined that HW failed to bring any relevant "Android OS functionality . . . to the attention of the PTO during prosecution of the Asserted Patents," because, "while the Asserted Patents cite approximately 7 Google patents within their references cited (despite seemingly citing over 1000 prior art patents each), none of the Google patents cited on the face of the Asserted Patents mentions the Android OS or any of the relevant Android technology." Dkt. 239-1 (Schonfeld Rpt.) ¶ 1235. In other words, Dr. Schonfeld reviewed every reference pertaining to Google and confirmed that those references did not relate to any pertinent Android prior art.

Finally, Mr. DLI's opinion that the Android prior art is "less relevant" than the cherry-picked pieces of prior art he chose to review, Dkt. 243 at 8, is unconvincing. It contradicts HW's own actions (*i.e.*, later decision to cite Android prior art for largely overlapping inventions) and words (*i.e.*, Dr. Raleigh's testimony that HW submitted to the PTO only references it ███████ ███████████████████████). Dkt. 239-1 ¶ 155; *id.* at ¶ 1222. Mr. DLI's position as to the irrelevance of *Android* prior art is made even more absurd considering that HW now accuses Samsung's *Android* devices of infringement based on their inclusion of similar functionality.

### 3.  HW's Vague References to Android OS in the Specification Do Not Constitute Adequate Disclosure to the PTO

The Court should reject HW's argument that it disclosed Android 1.0 and Android 1.6 to the PTO via several stray mentions of Android OS in the specification of the Asserted Patents.

First, HW misleadingly suggests that "specific aspects of Android OS relevant to the Asserted Patents" were disclosed in the specification. Dkt. 243 at 5. However, none of those mentions of Android identifies which Android version it is referring to. *See* Section III.8, *supra*. And none of those mentions of Android identifies the key networking functionality Dr. Schonfeld relies on for purposes of invalidity (e.g., ConnectivityManager, SyncManager, getBackgroundDataSetting, SyncSettings, etc.). Section III.9, *supra*; Dkt. 239-1 (Schonfeld Rpt.),

7

Sections XV-XXIII. There is thus no evidence that the Android functionalities identified by Dr. Schonfeld as material were cumulative of the nondescript Android references in the specification.

Second, "[t]he duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent *was cited by the Office* or *submitted to the Office in the manner prescribed by §§ 1.97(b)–(d) and 1.98*." 37 C.F.R. § 1.56. Here, there is no dispute that relevant functionality from Android 1.0 and 1.6 was not cited by the PTO. Dkt. 239-22 (Harris Tr.) at 168:17-174:11. Nor is there any dispute that such functionality was not submitted to the PTO in the manner prescribed by §§ 1.97(b)–(d) and 1.98, which expressly relate to "information disclosure statement[s]." As there is no evidence that the Android 1.0/1.6 functionalities identified by Dr. Schonfeld were cumulative of the vague mentions of Android in the specification, such disclosure was required.

Third, another of HW's former prosecution counsel, Krista Jacobsen, testified that the mentions of Android in the specification were not made to alert the Examiner to Android prior art, but rather to instruct a POSITA how to implement the technology. Ex. 1 (Jacobsen Tr.) at 51:4-18, 37:11-15 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Finally, HW's prosecution counsel for the first seven of the eight Asserted Patents testified that he specifically identified an Android reference to the PTO for the '773 Patent, because of the fact that it was deemed material and noncumulative. *Contra* Dkt. 243 at 10. The decision to include a reference to Android as prior art in a later-filed related patent contradicts HW's assertion that vague mentions of Android in the specification constitute adequate notice to the PTO.

### C. Intent

#### 1. HW Fails to Negate a Finding of Deceptive Intent

Attempting to establish a lack of deceptive attempt, HW argues that: (1) vague references

8

to Android in the specification constitute disclosure of material prior art; (2) a belated identification of Android during prosecution of later-filed patents reflects a lack of deceptive intent for earlier-filed patents; and (3) it disclosed thousands of prior art references during the prosecution of the Asserted Patents but received few prior art rejections. None of these arguments could preclude a genuine dispute regarding intent to deceive. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) ("[A] disputed finding of intent to mislead or to deceive is one for the judge to resolve . . . not on summary judgment if there is a genuine dispute.")

First, HW's vague mention of Android in the specification does not constitute adequate disclosure to the PTO. Section V.B, *supra*. In any event, such limited disclosure—which indisputably failed to include functionality material to patentability—is inconsequential to an inquiry regarding intent to deceive. Section III.8-9, *supra*. Indeed, the Federal Circuit has recognized that "[p]artial disclosure of material information about the prior art to the PTO cannot absolve a patentee of intent if the disclosure is intentionally selective." *American Calcar, Inc., v. American Honda Motor co., Inc.*, 768 F.3d 1185, 1190 (Fed. Cir. 2014).

Second, HW's belated identification of Android for the withdrawn '773 patent and the asserted '224 patent[4] does not show a lack of intent to deceive regarding HW's earlier-filed patents. Conversely, it strengthens the inference that HW deliberately withheld Android from its previous applications given the significant overlap between the inventions across all Asserted Patents.

Finally, HW's admission that it dumped thousands of prior art references onto the Examiners of the Asserted Patents, Dkt. 243 at 10, is consistent with an intent to deceive the PTO.

---

[4] HW's former prosecutor, Mr. Harris, did not prosecute the '224 patent, so it is unclear how that patent's citation to one piece of Android non-patent literature in the 2020-2022 timeframe absolves him of intent when he chose not to disclose *any* Android art for *any* Asserted Patent he prosecuted.

9

Indeed, this district has recognized that, "[a] voluminous list of references contained in an IDS can, in some circumstances, lead to a finding of inequitable conduct if a material reference was 'buried' in the IDS with the intent to deceive the PTO by 'burying' the reference." *SynQor, Inc. v. Cisco Sys., Inc.*, 2012 WL 12892779 at *6 (E.D. Tex. Aug. 7, 2012) (citing *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*, 162 F.3d 1113, 1122, (Fed. Cir. 1998)). Here, HW did not even attempt to bury the Android 1.0 and 1.6 prior art within the thousands of other references it cited to the Examiner, but instead chose to omit the proverbial needle from the enormous haystack altogether. HW's citation to thousands of references—**but no Android art**—strengthens Samsung's argument that the single most reasonable inference is that HW thought disclosing Android 1.0/1.6 would prevent issuance of the claims and thus deceptively withheld it.

### 2. The Court Can Find Deceptive Intent

HW ignores the testimony of its inventors and prosecution counsel, from which the Court can undoubtedly find an intent to deceive the PTO. *See* Section III.3-6, *supra*. The fact that HW's witnesses may have also testified as to their purported good faith approach to prosecution cannot, by itself, overcome the overwhelming evidence that each person involved in the prosecution of the Asserted Patents knew about Android OS 1.0/1.6 and its related documentation, but failed to disclose this material prior art to the PTO. Given HW's extensive knowledge of Android and its relevancy to the asserted claims' patentability, the most plausible inference is that HW deliberately withheld Android 1.0/1.6 from the PTO with an intent to deceive:

- Named inventor, Gregory Raleigh, testified that he had a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 239-19 (11/15/23 Raleigh Tr.) at 257:10-13. He also testified that he was aware that Android literature constituted ▮▮▮▮▮▮ that would ▮▮▮▮▮▮▮▮▮▮▮▮ and thus was material. *Id.* at 250:15-258:4.

- Named inventor, James Lavine, testified to his knowledge of Android OS, Ex. 3 (Lavine Tr.) at 59:5-10, and that he knew Android code predates HW's patents, *id.* at 65:6-11.

- Named inventor, Alireza Raissinia, testified that he was involved in the patent prosecution process, Dkt. 239-20 (Raissinia Tr.) at 68:25-69:10, and that he was aware of ItsOn hiring Android engineers to implement ItsOn functionality in the Android OS, *id.* at 134:19-136:2.

- HW's prosecution counsel for the first seven Asserted Patents, James Harris, testified that he was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 239-22 (Harris Tr.) at 146:16-21, that Android OS-related literature was material and noncumulative prior art, *id.* at 167:2-168:16, and yet the word "Android" was never included in the references cited section of any of the first seven Asserted Patents on which he was the prosecuting attorney of record, *id.* at 168:17-174:11.

This testimony from each person owing a duty of candor to the PTO, combined with their collective decision to not disclose any relevant functionality from Android OS 1.0/1.6 as prior art, presents a genuine dispute of material fact as to whether HW intended to deceive the PTO. *Nobelbiz, Inc. v. Glob. Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11089488, at *5 (E.D. Tex. July 16, 2015) (denying MSJ of no inequitable conduct because "[f]actual questions remain[ed] involving" "the materiality of the non-disclosed documents and the credibility of [plaintiff's] witnesses regarding the intent element"); *Pioneer Corp.*, 2008 WL 11347403, at *2.

## VI. CONCLUSION

For the reasons set forth above, triable issues of fact remain as to each element of HW's inequitable conduct, and therefore the Court should deny summary judgment.

Dated: May 31, 2024

Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)

11

DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000

12

Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**

13

7859 Walnut Hill Lane, Suite 335<br>
Dallas, Texas 75230<br>
Telephone: 469-751-2819<br>
<br>
*Attorneys for Defendants*<br>
*Samsung Electronics Co., LTD and*<br>
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 31, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman