IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT REPORTS OF ERIK DE LA IGLESIA AS TO SECONDARY CONSIDERATIONS BASED UPON THE ITSON SOLUTION**

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 11 | Excerpts from the Deposition of Erik de la Iglesia, taken May 2, 2024 |
| 12 | Excerpt of email chain between counsel re Ms. Jacobsen, April 2024 |
| 13 | Excerpts from the Deposition of Gregory Raleigh, taken March 7, 2024 |

\*       Emphasis added unless otherwise noted.

\*\*      In this brief, "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

\*\*\*     "Mr. de la Iglesia" is abbreviated as "DLI" unless otherwise noted.

\*\*\*\*    The "ItsOn Solution" and "ItsOn software" are abbreviated "ITOS."

██████████████████████████████

Absent a nexus presumption, which absence HW concedes, HW must show that "evidence" of DLI's ITOS-based secondary consideration opinions (commercial success, long-felt need, praise, copying) is attributable to an asserted claim. It cannot. *First,* HW tries to recast DLI's marking basis as "evidence," which fails factually and legally. *Second*, HW tries to tie DLI's opinions on the ITOS's "roaming reduction functionality" to asserted claim language; notably, DLI did not do so in his report or deposition. HW's *ex post facto* attorney attempts to do so underscore *Daubert's* applicability. Because DLI has not articulated a possible nexus between the asserted claims and his ITOS-based secondary consideration opinions, they must be stricken.[1]

## I. HW CONCEDES THAT THERE IS NO PRESUMPTION OF NEXUS

There is no presumption of nexus between the ITOS and the 8 asserted patents (MTS at 11-12); HW concedes this fact. Opp. at 1 ("Mr. de la Iglesia **did not allege a presumption of nexus**."). As this concession is an admission that the ITOS is not "coextensive" with any asserted claims (MTS at 11), HW/DLI have the "burden of proving the degree to which evidence of secondary considerations tied to a product is attributable to a particular claimed invention." *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1377 (Fed. Cir. 2019). They make no such showing.

## II. NO "EVIDENCE" OF REQUISITE NEXUS

HW claims that DLI tied the ITOS's alleged practice of the asserted claims to each alleged secondary consideration by relying on: (1) marking, and (2) the ITOS's "roaming reduction functionality." Opp. at II.A-B. Neither satisfies the legal burden.

### A. Here, Marking cannot be "Evidence" of Nexus

ItsOn's marking cannot be "evidence" of nexus. *First*, that a product (allegedly) practices a patent with which it is marked cannot be evidence sufficient to create the requisite nexus where

---

[1] As most of DLI's secondary consideration opinions are based on accused Samsung products, and not the ITOS (MTS at 6), HW will still have secondary consideration arguments for trial.

███████████████████████████████████████████████

the product (the ITOS) had many versions over many years and was marked with over 80 patents. MTS at 11-12. If there is no tie (nexus) between an asserted claim and the secondary consideration, then whether the ITOS practiced that asserted claim is irrelevant. MTS at 10. That is the point of this inquiry. Unless DLI can show that the secondary considerations on which he opines were due to the asserted claims, and not other features or inventions in the other 80 patents, then it does not matter that (some) asserted patents appeared on the marking website. That is why rote marking of various product versions over years with scores of patents means nothing for nexus. MTS at 10-11. HW misunderstands, and does not dispute (or address), this reality in its Opposition. Opp. at II.A (ignoring various versions, timespan, liberal marking and practical/legal impact on nexus).

*Second,* HW's decision "not to present" any ITOS-based secondary considerations for 4 of the 8 asserted patents confirms this fundamental flaw. HW asserts 27 claims of 8 patents. In his report, DLI opines that all "asserted claims" have a nexus as to the ITOS-based secondary considerations. Dkt. 233-1, *e.g.,* ¶ 1336. At deposition, DLI testified that he understood that the ITOS practiced all asserted claims because he "compared" the asserted patent numbers with the numbers on the marking website. Ex. 11 at, *e.g.,* 111:12-18; 123:13-124:21. This is incorrect, as 4 asserted patents never even appeared on the marking website. Rather, DLI lumped together all 27 asserted claims of the 8 asserted patents, which relate to different inventions (MTS at 3), and opined that "marking = nexus." *Id.* at 123:25-124:21, 127:2-8 ████████████████████████████ ████████████████████████████████ 128:1-5. Now, faced with Samsung's MTS, HW says it will "moot" the issue by not "present[ing] evidence" that the ITOS provided evidence of secondary considerations for the 4 asserted, but unmarked, patents. Opp. n.1. Yet despite serving an (improper) supplemental report the same day as HW's Opposition (*see* §III, *infra*), DLI has not changed his opinion that nexus exists as to **all** asserted claims of **all** asserted

2

patents for his ITOS based secondary considerations; HW is simply trying to cure DLI's error. This tactic underscores the unreliability of DLI's at-issue opinions and, thus, *Daubert's* need here.

*Third,* HW claims that Samsung cannot dispute that marking satisfies nexus because Samsung has "alleged that phones incorporating the [ITOS] practiced" the asserted patents, and thus "judicial estoppel" applies. Opp. at 2-3. Not so. Where there is no presumption of nexus, as here, ***HW bears the burden of proving that the "evidence" of commercial success, long-felt need, praise, and copying tied to the ITOS is attributable to a particular asserted claim***. *Fox Factory*, 944 F.3d at 1378. HW specifically reserved this issue for its expert (*see* MTS at 3) and cannot now satisfy this burden by pointing to Samsung's unrelated § 287 briefing and support therefore (in which Samsung holds HW to its positions and pleadings before this Court). Whether the ITOS practiced one or more claims is distinct from whether, absent presumption, DLI has shown nexus for his secondary consideration opinions to the actual asserted claims per Federal Circuit law.

**B.   Attorney Argument Trying to Tie the Asserted Claims to the ITOS's "Roaming Reduction Functionality" is not Evidence of Requisite Nexus**

Apart from marking, HW states that DLI "provided extensive evidence as to why the ItsOn evidence regarding secondary considerations had a specific nexus" because he tied the ITOS's "roaming reduction functionality" to asserted claims. Opp. at II.B. DLI did no such thing.

Conceding no presumption, HW needed to find a way argue that DLI had shown that his ITOS-based secondary consideration opinions were "a direct result of the unique characteristics of the claimed invention [i.e., the asserted claims]," as required. MTS at 10. *First,* HW points to a single statement in DLI's report as allegedly identifying this "unique characteristic" in the ***ITOS***:

Opp. at 4 (quoting Dkt. 233-1, ¶ 1334). *Then*, HW tries to tie this allegedly "unique characteristic" to the asserted claims

3

███████████████████████████████████████

by (i) stating "this concept is very closely tied to the *independent* claims of" 4 asserted patents and then (ii) quoting from these claims. Opp. at 4-5. That is it.

Importantly, DLI—*the expert*—does not tie the alleged ITOS "roaming reduction" feature to any actual claimed inventions; that is the point of Samsung's MTS. HW does not cite DLI's report or deposition for HW's position that the "concept" in DLI's report is "very closely tied" to the at-issue claim language. *See* Opp. at 4-7. The merits (if any) of HW attorneys' *ex post facto* (and perfunctory) attempt are irrelevant; HW's time to provide discovery on this issue has long passed. Indeed, as the Court knows, Samsung *repeatedly* sought HW's bases for claiming the ITOS practiced the asserted patents. *See, e.g.,* Dkt. 172, §I.E.2. In response, neither the named inventors nor engineers could say which asserted claims the ITOS allegedly practiced. *Id.* at 7. And HW refused to provide this discovery, reserving this issue for its expert (MTS at 3) who, in turn, did not provide any basis for ITOS practicing the asserted claims other than marking (which was wrong). Now, HW's *attorneys* offer a belated "analysis" tying the ITOS's "roaming reduction functionality," as a whole, to the claims. This is exactly what *Daubert* is designed to prevent.

Further, HW's attorney argument ignores that, in addition to "roaming reduction," DLI opines that the ITOS-based secondary considerations result from another alleged ITOS feature: battery saving. Dkt. 233-1, ¶¶ 1334, 1362, 1372 ████████████████████████ ████████████████████████), *id.* (citing "HW-SAM_TMO_1009 ████████ ███████████████████████████████████████ ███████████████████████████ HW-SAM_TMO_1024 (*same*); HW-SAM_TMO_1047 (*same*)"); ¶ 1368 (incorporating "[§]19.1 regarding nexus"). Nowhere does HW or DLI attempt to tie the *asserted claims* to battery saving functionality allegedly practiced by the ITOS. This failure alone negates nexus. *Cf. SynQor, Inc. v. Vicor Corp.*, 2023 WL 234186,

4

at *3 (Fed. Cir. Jan. 18, 2023) (affirming Board's finding that "secondary consideration[s] evidence [was] not tied to the claimed combination of features" where patentee's expert opined "that certain indicia of secondary considerations" were due to other aspects); *see also* Dkt. 233-2 at 143:5-23 (Raleigh testifying the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### III. SHOULD STRIKE SUPPLEMENTAL REPORT; ANALYSIS UNCHANGED

As part of its new, incorrect marking-based arguments (§II.A, *supra*), HW claims that Ms. Jacobsen's May 21, 2024 testimony supports DLI's opinions. Opp. at 3. DLI served an untimely supplemental report on May 24, 2024 adding testimony that Ms. Jacobsen looked to ■■■■■ to ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Dkt. 270-1.

*First*, this supplemental report should be stricken because HW: (1) did not seek leave to serve it; and (2) took the position that **Samsung did not** have the "right to supplement its invalidity report" based on Ms. Jacobsen's testimony, but would "confer with" Samsung if necessary. Ex. 12. HW never conferred, but served its own supplemental validity report nonetheless.

*Second*, regardless, DLI's supplemental report does not change the nexus analysis. This report cites to Ms. Jacobsen's testimony that some analysis was done prior to a patent number going on the marking website. *See* Dkt. 270-1, ¶¶ 1436-1437. This is not surprising or disputed. If anything, it shows that some analysis was done for more than 80 patents, all of which someone thought were likely practiced by some ITOS version at some point, underscoring the need for nexus evidence between the alleged ITOS-based secondary considerations and the *actual* asserted claims, which DLI has not provided. *See* §§II.A-B, *supra*.[2]

---

[2] Indeed, Ms. Jacobsen testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Dkt. 270-2 at 41:18-42:5), who, as Raleigh testified, w■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 13 at 170:6-172:20. Ms. Jacobsen, HW's in-house and patent counsel, testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Dkt. 270-2 at 62:3-21.

5

████████████████████████████████████

Dated: May 31, 2024   Respectfully submitted,

By: /s/ *Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792

6

██████████████████████████████

crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong

7

████████████████████████████████████████

tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on May 31, 2024.

/s/ *Jared Hartzman*
Jared Hartzman

9