# Exhibit F

Case 1:96-cv-05658-CPS Document 293 Filed 03/09/07 Page 1 of 12 PageID #: 3416

**JOHN A. ARTZ (P 24679)**
**JOHN S. ARTZ (P 48578)**
**ROBERT P. RENKE (P 59030)**
Artz & Artz P.C.
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

**THOMAS M. FURTH (TF 0785)**
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010

**Attorneys for Defendant**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

ROSCO, INC., a New York Corporation,

Plaintiff,

v.

MIRROR LITE COMPANY, a Michigan Corporation,

Defendant.

-----------------------------------------------------------------x

Civil Action No: 96-CV-5658

Hon. Charles P. Sifton

**NOTICE OF MOTION TO STRIKE ROSCO'S NEWLY OFFERED CMM TESTS AND ACCOMPANYING SUPPORTING DECLARATION OF PROFESSOR FOLAN**

LAW OFFICES
**ARTZ & ARTZ PC**
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034

(248) 223-9500
FAX (248) 223-9522

Defendant Mirror Lite Company hereby moves this Court for an Order Precluding Rosco's Newly Offered CMM Tests and Accompanying Supporting Declaration of Prof. Folan. Submitted herewith is a Memorandum of Law.

Respectfully submitted,

s/John A. Artz
JOHN A. ARTZ (P24679)
JOHN S. ARTZ (P48578)
ROBERT P. RENKE (P59030)
Attorneys for Defendant
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

s/Thomas M. Furth
THOMAS M. FURTH (TF 0785)
KUDMAN TRACHTEN ALOE LLP
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010

Attorneys for Defendant

Dated: March 9, 2007

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034

(248) 223-9500
FAX (248) 223-9522

Case 1:96-cv-05658-JG-SMG Document 293 Filed 06/22/04 Page 3 of 12 PageID #: 4

**JOHN A. ARTZ (P 24679)**
**JOHN S. ARTZ (P 48578)**
**ROBERT P. RENKE (P 59030)**
Artz & Artz P.C.
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

**THOMAS M. FURTH (TF 0785)**
Kudman Trachten Aloe LLP
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212) 868-1010

**Attorneys for Defendant**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

ROSCO, INC., a New York Corporation,

Plaintiff,

v.

MIRROR LITE COMPANY, a Michigan Corporation,

Defendant.

-----------------------------------------------------------------x

Civil Action No: 96-CV-5658

Hon. Charles P. Sifton

# MIRROR LITE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE ROSCO'S NEWLY OFFERED CMM TESTS AND ACCOMPANYING SUPPORTING DECLARATION OF PROFESSOR FOLAN

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034

(248) 223-9500
FAX (248) 223-9522

## ARGUMENT

### I. ROSCO OFFERS NEW EVIDENCE AFTER ABANDONING PRIOR ATTEMPTS TO OBTAIN FAVORABLE RESULTS

At trial in March 2002, Rosco themselves presented evidence proving its Hawk Eye and Mini Hawke Eye mirrors infringed Mirror Lite's '984 patent and thus conceded infringement. In 2005, this Court found such infringement relying on both Rosco's own admissions of infringement and by construction of the '984 claims as applied to Rosco's mirrors. All that remains is a determination of damages. Rather than comply with a proper investigation of damages, Rosco abuses these proceedings by attempting to mislead this Court into revisiting the infringement issues and revisiting the claim construction of the '984 patent. Rosco improperly ignores the evidence on record that was utilized by this Court to establish infringement. Instead, Rosco believes that by concocting and introducing new and unsubstantiated testing methods and results they will be allowed to virtually relitigate the present case from the beginning. This flies in the face of manifest justice, law of the case, collateral estoppel and/or res judicata.

Rosco's attempts to introduce newly manufactured and unsubstantiated test results in contradiction to the evidence of record must fail on several accounts. First, the evidence proposed for entry by Rosco is not new and different material evidence unavailable during trial. The newly devised testing methods proposed by Rosco could have been introduced at trial. Rosco chose not to. In a desperate attempt to avoid the evidence of record that resulted in an infringement opinion, Rosco attempts to undermine the evidence of record in this case and this Court's own holdings with regard to evidence of infringement. This should not be tolerated. Secondly, the contrived methodologies and results proposed by Rosco for admission fail to meet the reliable standard set forth in Federal Rules of Evidence 702 and affirmed by the Supreme

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2790 (1993). Finally, the exceedingly untimely nature of Rosco's disclosure of details regarding these tests forms an additional basis for denial of entry. For these reasons, Rosco's attempt to enter new test data should be stricken.

## II. TRIAL RECORD

The doctrine of law of the case "generally bars retrial of issues that were previously resolved." *AFG Industries Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1372 (Fed. Cir. 2004). Rosco, at the trial of this action, offered evidence based upon a spherometer curvature gauge testing in an effort to prove that its mirrors did not have a constant radius of curvature. The presentation by Rosco to the Court indicated that this method was the best and most accurate way to make the radius of curvature determination.

Now, as the Court considers the issue of damages for post-trial sales of infringing mirrors, Rosco has tried several tactics to muddy the waters. Rosco now contends that spherometer curvature gauge testing is unreliable, in contradiction from its earlier representations before this Court and the Court of Appeals. It does so because Mirror Lite's spherometer curvature gauge testing confirms that the post-trial Rosco mirrors also do not have a constant radius of curvature and thus are infringing products. Rosco proposes to offer a methodology which it claims is superior to all of the others. This methodology is based on use of a machine known as a CMM (co-ordinate measuring machine). Such machines are not new, and Rosco could have advanced its new theory, and its new evidence, much earlier. It does so now in a last-ditch effort to avoid the facts established by spherometer curvature gauge testing conducted by Mirror Lite and its expert. Moreover, the CMM evidence that Rosco now offers by way of a

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034

(248) 223-9500
FAX (248) 223-9522

new Declaration of Lorcan Folan, dated February 14, 2007, was not conducted by him or under his supervision. He merely reviewed the data supplied to him and states that it "confirms" the results of his own testing. Supplemented Folan Decl, ¶20.

This is highly disingenuous. There is no "new evidence' proposed. There is simply contrived evidence submitted in an attempt to undermine the evidence of record and the prior holdings of this Court. Given unlimited time and opportunity to invent alternate methodologies to test mirrors, it is clear that Rosco will continue to produce studies that appear to support any position they chose to adopt. However, this flies in the face of proper judicial economy and practice. Judicial estoppel or law of the case doctrine is "based on the salutary public policy that litigations should come to an end." *White v. Martha*, 377 F.2d 428, 431 (5th Cir. 1967) (quoted and followed by this Court in the August 26, 2005, Memorandum Opinion and Order). This Court must put a stop to these misdirections and hold Rosco to the evidence of record. This Court adopted the spherometer curvature gauge testing method and utilized the results from this method in reaching its decision regarding infringement. Reopening trial litigation to establish new methods for arguing non-infringement is inappropriate in light of this Court's prior decisions.

## III. THE CMM TEST WAS IMPROPERLY SUBSTANTIATED

Rosco's CMM test is simply a smokescreen for their attempt to reopen the decided issues of infringement. Federal Rules of Evidence 702 in addition to the Supreme Court in *Daubert* have made it clear that the admissibility of scientific evidence relies on the Court's finding of both a reliable foundation as well as a relevance to the task at hand. *Id.* Rule 702 establishes a

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

standard of evidentiary reliability requiring "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1175 (1999).

The proposed testimony and evidence surrounding the CMM testing and the supporting declaration by Prof. Folan is rife with unreliability. It fails both Federal Rule 702 in addition to the Supreme Court holdings. Prof. Folan did not request the CMM tests, did not observe them, did not specify how the tests were conducted, and did not participate in any way relative to them. Therefore, the test data alone stands completely unsubstantiated and unreliable. Prof. Folan's deposition testimony speaks for itself in support of the unreliability of Rosco's evidence:

A. Let's just be clear. On a professional basis, this is the first time I have had occasion to examine CMM data results.

Q. Have you ever commissioned or saw a CMM testing for any product yourself?

A. Personally, no.

(Dep. P. 29 – Exhibit A) So Rosco attempts to introduce test results based on the declaration of a purported expert without any prior experience in CMM testing.

[In regard to Rosco's CMM testing]

Q. Did you commission this testing or did you have anything to do with setting up this testing?

A. No.

* * *

Q. Did you go out there when this testing was done?

A. I did not.

* * *

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

Q. The first time that you've heard anything about this testing and gotten involved with it is when you actually saw the test results which are Exhibit 52, is that correct?

A. That's right. I was given a copy and it was explained to me what they were.

* * *

Q. Did you have anything to do with selecting the mirror lenses that were actually tested?

A. No. I didn't select the mirrors.

* * *

Q. So you don't know whether the mirrors that were tested were randomly selected or were specifically selected for their characteristics?

A. I don't know the selection procedure.

* * *

Q. Are you familiar with the Brown & Sharpe CMM measuring machine?

A. That's a model I am not familiar with.

(Dep. P. 45-47 – Exhibit B.) Rosco's only supporting purported expert was not in control, was not informed, and was not even aware of the testing procedures for which Rosco submits him as an expert.

Q. So you can't attest to the accuracy of the measurements; is that correct?

A. That's correct, yes, but they are very precise.

Rosco's only supporting purported expert cannot attest to the accuracy of the very tests Rosco attempts to submit as new evidence.

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

Rosco's supporting declaration is a declaration of a purported expert that did not request the CMM tests, did not observe them, did not specify how the tests were conducted, and did not participate in any way relative to them. Professor Folan was not involved in the mirror selection, had never personally seen a CMM machine, was not involved nor present for any of the testing procedures, and could not testify to the accuracy of the results. To allow the admission of this test data and the declaration of Professor Folan would not only comprise a blatant violation of the reliability standards of Rule 702 and *Daubert*, it would constitute a miscarriage of justice. The data and supporting declaration are entirely unreliable and unsubstantiated.

## IV. ROSCO FAILED TO RESPOND TO DISCOVERY REQUESTS FOR TESTING INFORMATION, AND SHOULD NOW BE PRECLUDED FROM OFFERING ITS NEW EVIDENCE

It is highly improper for Rosco to offer this new evidence at such a late date. Indeed, Rosco was served on December 28, 2006, with Mirror Lite's Requests for Production of Documents and Things Concerning Post-trial Proceedings. These requests specifically sought documents concerning testing performed by Rosco on its mirrors. In particular, Mirror Lite sought documents concerning testing and expert consultations obtained by Rosco on the mirrors it sold post-trial. Rosco has yet to respond to these Requests. The fact that it failed to timely disclose the CMM testing in response to Mirror Lite's Requests should, by itself, be sufficient cause to preclude the introduction of the evidence now.

Significantly, Rosco provides no details concerning the method employed to select mirrors for testing, i.e., was it a random sampling. It also fails to explain why such a small

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

number of mirrors was tested, considering the hundreds of thousands of mirrors sold in the seven years since trial.

Rosco's tactics with regard to the motions presently before the Court are abundantly clear. It has tried one method after another, now dismissing its chosen method at trial, the spherometer curvature gauge (which is mandated by Federal standards for motor vehicle mirrors). When one expert (Sinclair) is shown to be unqualified, it brings in another (Folan). When Rosco's home-grown test is shown to be flawed ("bisecting" method), it looks for another. Somewhere this must end. The court should end it now by precluding Rosco's offer of evidence related to CMM testing.

The preclusion of evidence for discovery violations has been permitted in many cases. *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961-64 (2d Cir. 1997); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 292-99 (2d Cir. 2006).

**CONCLUSION**

For the reasons set forth above, Mirror Lite respectfully requests that the motion to strike Rosco's newly offered CMM tests and accompanying supporting declaration of Professor Folan be granted.

Respectfully submitted,

s/John A. Artz
JOHN A. ARTZ (P24679)
JOHN S. ARTZ (P48578)
ROBERT P. RENKE (P59030)
Attorneys for Defendant
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522

s/Thomas M. Furth
THOMAS M. FURTH (TF 0785)
KUDMAN TRACHTEN ALOE LLP
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010

Attorneys for Defendant

Dated: March 9, 2007

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034

(248) 223-9500
FAX (248) 223-9522

CERTIFICATE OF SERVICE

I certify that on this 9th day of March, 2007, I served a copy of the foregoing

**NOTICE OF MOTION TO STRIKE ROSCO'S NEWLY OFFERED CMM TESTS AND ACCOMPANYING SUPPORTING DECLARATION OF PROFESSOR FOLAN**

**and**

**MEMORANDUM OF LAW**

upon counsel via the ECF filing system which automatically provides a copy to:

Max Moskowitz, Esq.
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, NY 10036

Shannon Jennings

LAW OFFICES
ARTZ & ARTZ PC
28333 TELEGRAPH ROAD
SUITE 250
SOUTHFIELD, MI 48034
(248) 223-9500
FAX (248) 223-9522