**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF STANDING (DKT. 236)**

████████████████████████████████████████████

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 1

   A.   By the terms of the ██████████████████████████████
        Is a Co-Owner of the Asserted Patents ................................................................. 1

        1.   Dr. Raleigh conceived the claimed ideas while employed by Qualcomm,
             and they relate to Qualcomm's business and result from his work there ... 2

        2.   Dr. Raleigh filed the '354 provisional within one year of leaving
             Qualcomm, triggering ████████████████████████████
             ███████████, which Headwater fails to rebut ......................................... 5

        3.   Dr. Raissinia filed the '022 provisional within one year of his leaving
             Qualcomm, again ██████████████████████████████
             ████████████████, which Headwater fails to rebut ........................... 6

   B.   Headwater's Other Arguments Do Not Change the Result .................................... 7

        1.   The ██████████████████ Does Not Apply ........................................... 7

        2.   Headwater Is Wrong Qualcomm Has Not Asserted Ownership,
             but This Is Also Irrelevant ............................................................................ 9

        3.   Headwater Lacks Standing to Challenge the Validity of the
             ██████████████████████████ ......................................................... 9

        4.   Regardless, the ████████████████████████ Are Not
             Void Under California Law ........................................................................ 10

   C.   The Court Should Dismiss for Lack of Standing ................................................. 10

III. CONCLUSION ............................................................................................................ 10

Case 2:22-cv-00422-JRG-RSP   Document 352   Filed 07/09/24   Page 3 of 17 PageID #:  38020
**PUBLIC VERSION**

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                      **Page(s)**

*Ash Grove Texas, L.P. v. City of Dallas*,
    2009 WL 3270821 (N.D. Tex. Oct. 9, 2009) ............................................................................ 9

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
    996 F.3d 1302 (Fed. Cir. 2021) ........................................................................................... 2, 3

*Core Optical Techs., LLC v. Nokia Corp.*,
    --- F.4th ---, 2024 WL 2280517 (Fed. Cir. May 21, 2024) ....................................... 1, 2, 8, 10

*Dawson v. Dawson*,
    710 F.3d 1347 (Fed. Cir. 2013) .............................................................................................. 1, 2

*FilmTec Corp. v Hydranautics*,
    982 F.2d 1546 (Fed. Cir. 1992) ................................................................................................. 3

*Larson v. Correct Craft, Inc.*,
    569 F.3d 1319 (Fed. Cir. 2009) ................................................................................................. 9

*Morales v. Dep't of the Army*,
    947 F.2d 766 (5th Cir. 1991) ..................................................................................................... 5

*Smith v. BH Management Services, LLC*,
    2017 WL 5127238 ..................................................................................................................... 5

*Storer v. Clark*,
    860 F.3d 1340 (Fed. Cir. 2017) ................................................................................................. 6

**Other Authorities**

    Local Rule CV-7 ........................................................................................................................ 7

I.  **INTRODUCTION**

Plaintiff Headwater forgets that it has the burden of establishing standing and also relies on attorney argument, rather than evidence, to support its contentions. For example, it posits that Dr. Raleigh's admission that ▮▮▮▮▮ does not encompass certain claim elements. However, it does not even identify what these claim elements might be, much less submit testimony from Dr. Raleigh or corroborating evidence establishing that he conceived these particular elements at a later time. Notably, the *Dawson* case Headwater repeatedly cites involved an interference, not standing, and the decision turned on the burden of proof. *See Dawson v. Dawson*, 710 F.3d 1347, 1352 n.1 (Fed. Cir. 2013) ("[W]e 'conclude' only that substantial evidence supports the Board's relevant factual findings and that the Board did not err in holding that UCSF failed to meet its burden of proof as to the legal issue of conception."). Here, the burden rests on Headwater, and its lack of evidence is fatal to standing.

The other main case cited by Headwater, the Federal Circuit's just-announced decision in *Core Optical*, also supports Samsung. The law stated by the Federal Circuit is entirely consistent with Samsung's motion. The Federal Circuit merely vacated *summary judgment* of no standing because it found a factual issue, and it remanded for fact finding by the district court. *Core Optical Techs., LLC v. Nokia Corp.*, --- F.4th ---, 2024 WL 2280517 (Fed. Cir. May 21, 2024). By contrast, Samsung has filed a motion to dismiss, not a motion for summary judgment, and it has asked the Court to make all necessary findings of fact since standing is for the Court. The Court should do so, and then dismiss the case because plaintiff has failed to establish standing.

II.  **ARGUMENT**

  A.  **Qualcomm Is a Co-Owner of the Asserted Patents**

As explained in Samsung's opening brief, Qualcomm is a co-owner of the asserted patents for three independent reasons. Each is addressed below.

### 1. Dr. Raleigh Conceived the Claimed Ideas While Employed by Qualcomm, and They Relate to Qualcomm's Business and Result from his Work There

In the video Samsung submitted, Dr. Raleigh made the remarkable admission that he conceived the Headwater invention while serving as a vice president of Qualcomm. Dkt. 236-1 at 46:00-46:51. Perhaps Dr. Raleigh thought it was too late for Qualcomm to do anything about it. Either way, he boldly proclaimed "I had this idea" at Qualcomm and he "left Qualcomm to start Headwater," where "we distributed it to carriers, pitched it to OEMs, and it's now in every smartphone on the planet." *Id.*

Headwater suggests Dr. Raleigh may not have conceived certain claim elements at Qualcomm, but it does not identify which elements those might be, much less submit proof, including evidence corroborating the vague denials from Dr. Raleigh's deposition. As Headwater states, the "standard for proving conception is exacting" (Opp. at 2), but it fails to appreciate that this standard applies *to Headwater* as the party having the burden of proof. *See Dawson*, 710 F.3d at 1351-52 and n.1 (ruling against party with burden of proof on conception). Regardless, Samsung is entitled to rely upon party admissions to dispute conception. The Federal Circuit notes the significance of such admissions in both of the cases Headwater emphasizes. *See Core Optical*, 2024 WL 2280517, at *9; *Dawson*, 710 F.3d at 1355 ("[a]n admission should not be confused with hearsay").

In addition, Headwater fails to overcome the broad language of the ▮▮▮▮▮▮ ▮▮▮▮, which is not limited to ▮▮▮▮▮▮ of a patent claim. It also covers ▮▮▮▮▮▮ ▮▮▮▮▮▮ Dkt. 236-13 ¶ 1.1. This means that if Dr. Raleigh had *at least* the essential idea for the Headwater patents while at Qualcomm—which is the only reasonable interpretation of his video statement—then Qualcomm owns that idea and also has an ownership interest in any patent claims that build upon it. Indeed, in the *Bio-Rad* case that Headwater cites, the Federal Circuit acknowledged that ownership can turn on "conception of certain claim *elements*" during

2

previous employment. *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 996 F.3d 1302, 1316 (Fed. Cir. 2021). The Federal Circuit explained it had found an ownership interest for the prior employer when post-employment limitations were added to claims, where such additions did not add "anything of inventive significance" but were mere "refinements" to the invention already conceived during prior employment. *Id.* at 1318 (discussing *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1548 (Fed. Cir. 1992)). Here, Headwater has identified nothing added to the claims after Dr. Raleigh's departure from Qualcomm, much less established that such additions have "inventive significance."

Headwater also fails to explain away the other substantial evidence Samsung cites to connect Dr. Raleigh's video admission to the asserted patents. For example, his video remarks track not only his deposition testimony about the asserted patents but also statements in Headwater's Complaint and interrogatory responses. *See* Dkt. 236-32 at 385:16-23, 386:18-25 (admitting asserted patents relate to managing "connections between applications and networks," similar to his video statement); Dkt. 42 ¶ 27 (stating "millions of Sprint devices" practiced Headwater patents, again similar to his video statement); *see also id.* ¶¶ 16-39; Dkt. 236-28 at 82.

In addition, Headwater fails to rebut the evidence that the Headwater invention relates to the business of Qualcomm and results from Dr. Raleigh's work there. When asked how he came up with the Headwater concepts, Dr. Raleigh admitted "I was generally aware of the market need for related inventions, just through my general industry participation and *through my work* at Qualcomm . . . ." Dkt. 236-10 at 42:19-23. He also testified "Qualcomm had been working in that area," *id.* at 44:4-20, and he described Qualcomm as having "similar technologies" to Headwater. Dkt. 236-20 at 88:12-20. This testimony satisfies the ▮

██████████████████████████████████████████████████████████

██████████████████████████████████████ Dkt. 236-13 ¶ 1.1. In addition, Dr. Raleigh's testimony satisfies an alternate basis to establish Qualcomm ownership under ████████████, where an idea ████████████████████████████████████████████ since Dr. Raleigh admits he became aware of the need for the invention "through my work at Qualcomm." Dkt. 236-10 at 42:19-23.

Dr. Raleigh's admissions are buttressed by contemporaneous Qualcomm patent applications relating to what Headwater has told this Court its patents cover, namely saving power during wireless communications by selectively disabling functionality. Qualcomm filed a related patent application naming Dr. Raissinia as the inventor in 2008. *See* Dkt. 236-31. In response to this exhibit, Dr. Raissinia admitted "in [his] work for Qualcomm, [he] did work on power saving mechanisms in the field of the wireless communications." Dkt. 236-11 at 34:10-14. He also agreed claim 1 of his Qualcomm application covers one method "that facilitates power save features in a wireless communication system" and that it involved negotiating a scheduled window to wake up and communicate. *Id.* at 35:20-23, 35:24-38:5.

Samsung's technical expert, Dr. Schonfeld, has opined this proves Qualcomm's business was related: "Thus, in my opinion, Qualcomm—as evidenced by Mr. Raissinia's own patent—was working on power save methods in wireless communication systems, whereby a mobile device could enter a power save mode—i.e., a 'doze mode,' Raissinia at [0009]—and then wake up during a deferred time slot to transfer data over a network at the time of the alleged invention." Dkt. 236-22 ¶ 138. **No Headwater expert has rebutted this opinion**. *See also id.* at ¶¶ 141, 156 and n.27; Dkt. 236-33 (SAM-HW00683117-3415) (additional Qualcomm patents and applications); *compare* Dkt. 42 (amended complaint) at ¶¶ 1, 19 (Headwater stating the asserted patents "relate to wireless communications technology," including "roaming controls, background controls, data

offloading, family device management, as well as on-demand data purchasing functionalities"); Dkt. 82 (Headwater opening claim construction brief) at 1 (Headwater stating "[t]he claimed inventions enable more efficient use of limited resources by selectively blocking certain device applications from accessing certain network resources (e.g., a cellular data connection)"). Headwater does not deny that it is bound by admissions in its pleadings. *See Smith v. BH Management Services, LLC*, 2017 WL 5127238, at fn. 7 (E.D. Tex. Sep. 26, 2017); *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991).

Headwater also attacks a strawman when it asserts that Samsung argues the Headwater invention "resulted from Dr. Raleigh's work at Qualcomm merely because they relate to *a broad field like wireless networking*." Opp. at 10. As demonstrated in the previous paragraph, Samsung's actual argument is based on the Headwater patents *saving power during wireless communications by selectively disabling functionality*.

Finally, the fact that Qualcomm contemporaneously asserted ownership of Headwater's intellectual property in 2009 (even before Dr. Raleigh's video admission) also strongly suggests Qualcomm believed Headwater's technology overlapped with Qualcomm's business, even if Qualcomm did not choose to expend resources on litigation. Indeed, Headwater took Qualcomm's assertion of ownership sufficiently seriously that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 236-23 at HW_00056020; Dkt. 236-25 at HW_00013720. Dr. Raleigh's bare denials are not sufficient to rebut the substantial evidence that he conceived the Headwater invention at Qualcomm and that Qualcomm is a co-owner of the asserted patents.

### 2. Dr. Raleigh Filed the '354 Provisional Within One Year of Leaving Qualcomm, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮, Which Headwater Fails to Rebut

Headwater does not deny that Dr. Raleigh's ▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████. *See* Dkt. 236-13 ¶ 1.4.  Thus, if the '354 provisional evidences conception of any claims of the asserted patents (or even allegedly inventive claim elements), Qualcomm is a co-owner of those patents.  The Court should so find.  In addition to Dr. Raleigh's video admission and the other evidence cited in the previous section, Headwater also fails to avoid its admission that the '354 provisional shows conception of the asserted patents.  Dkt. 236-28 at 8-9; *see also id.* at 11-24 (claim chart).  Headwater says it changed its position on *priority* and that Samsung's expert accepted its new priority date for purposes of prior art, but this ignores that priority requires more than conception.  *See Storer v. Clark*, 860 F.3d 1340, 1342-43 (Fed. Cir. 2017) (provisional did not establish priority because it was not *enabling*).

Finally, Headwater otherwise fails to rebut the presumption that Qualcomm owns the asserted patents.  The evidence cited in the previous section—including Dr. Raleigh's admissions, the related Qualcomm patent applications, and the unrebutted testimony of Samsung's expert—is far more credible than Dr. Raleigh's self-serving denial.

### 3. Dr. Raissinia Filed the '022 Provisional Within One Year of his Leaving Qualcomm, Again ███████████████, Which Headwater Fails to Rebut

Again, Headwater does not deny that Dr. Raissinia's ████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Dkt. 236-14 ¶ 1.4.  In addition, even Headwater admits that the '022 provisional fully supports all asserted patents.  Opp. at 8 n.3.

Thus, the question presented is whether Headwater has rebutted the presumption.  It has not.  Again, Dr. Raissinia's bare denial is insufficient to rebut the detailed evidence.  Indeed, despite Dr. Raissinia giving the deposition testimony that Headwater cites, he told a different story when he was shown the related patent application he filed while at Qualcomm.  Dkt. 236-11 at 28:9-31:7, 51:16-53:11; Dkt. 236-31 (Qualcomm patent application filed in 2008 in Dr. Raissinia's

6

name). Dr. Raissinia admitted "in [his] work for Qualcomm, [he] did work on power saving mechanisms in the field of the wireless communications." Dkt. 236-11 at 34:10-14. He also agreed claim 1 of his Qualcomm application covers one method "that facilitates power save features in a wireless communication system" and that it involved negotiating a scheduled window to wake up and communicate. *Id.* at 35:20-23, 35:24-38:5. Samsung's technical expert, Dr. Schonfeld, has also opined that Dr. Raissinia's Qualcomm patent application proves Qualcomm's business was related. Dkt. 236-22. Again, no Headwater expert has rebutted this opinion.

Headwater has thus failed to rebut the presumption that Qualcomm is at least a co-owner of the asserted patents through Dr. Raissinia.

    **B.**    **Headwater's Other Arguments Do Not Change the Result**

Samsung has already addressed Headwater's other arguments in opposition to Headwater's own motion for summary judgment on standing. *See* Dkt. 289 (Samsung opposition). However, in recognition of the Court's Local Rule 7(c) that "any briefing shall be contained in one document," Samsung summarizes its responses herein.

    **1.**    **The [redacted] Does Not Apply**

The [redacted] does not detract from Qualcomm's ownership of the Headwater patents because Headwater cannot establish any of the elements. *See* Dkt. 236-13 ¶ 1.5. For example, Headwater cannot establish that Dr. Raleigh and Dr. Raissinia made the invention [redacted], etc., especially since Dr. Raleigh admitted he came up with the Headwater invention "through my work at Qualcomm." Dkt. 236-10 at 42:19-23. Dr. Raleigh also admitted in the video that he conceived the Headwater invention while at Qualcomm and took it to Qualcomm's CEO. Dkt. 236-1 at 46:00-46:51. In addition, Dr. Raissinia admitted he filed a related patent application while at Qualcomm based on his work there. Dkt. 236-11 at 34:10-14, 35:20-23, 35:24-38:5; *see also id.*

7

**PUBLIC VERSION**
**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

at 28:9-31:7, 51:16-53:11; Dkt. 236-31. *Core Optical*, the new Federal Circuit case Headwater cites, also does not help Headwater. It finds a close question of fact about whether a graduate student's Ph.D. work occurred on the employee's "own time"; it nowhere suggests that a vice president like Dr. Raleigh could possibly make inventions related to his job on his "own time." *See Core Optical*, 2024 WL 2280517, at *4.

Headwater also cannot establish that the asserted patents do not ▮▮▮ ▮ Dr. Raleigh testified that "Qualcomm had been working in that area," Dkt. 236-10 at 44:4-20, and described Qualcomm as having "similar technologies" to Headwater. Dkt. 236-20 at 88:12-20. Dr. Raissinia's related Qualcomm patent application is also again relevant. Dkt. 236-11 at 34:10-14, 35:20-23, 35:24-38:5; Dkt. 236-31. And further, Samsung's expert offered the unrebutted opinion that this patent application and other Qualcomm patents prove Qualcomm's business was related. Dkt. 236-22 ¶ 138.

In addition, Headwater cannot establish that the asserted patents did not ▮▮▮ ▮▮▮. All of the evidence cited above is circumstantial evidence to the contrary. In addition, Dr. Raleigh admitted he conceived the Headwater ideas "through my work at Qualcomm." Dkt. 236-10 at 42:19-23.

Headwater also misreads the syntax of ▮▮▮. The ▮ narrows the scope of the ▮▮▮ ▮▮▮.

Finally, Headwater ignores ▮▮▮ ▮▮▮. There is no evidence that Dr. Raleigh or Dr. Raissinia ever disclosed to Qualcomm, while they were employed there, that they considered the Headwater invention ▮▮▮.

8

Headwater thus fails to rebut Samsung's showing that Qualcomm is a co-owner of the asserted patents by the plain terms of its ▇▇▇ with Drs. Raleigh and Raissinia.

### 2. Headwater Is Wrong That Qualcomm Has Not Asserted Ownership, but This Is Also Irrelevant

Headwater argues that Qualcomm has not intervened or otherwise asserted that it owns the Headwater patents. Dkt. 241 at 7. This is both wrong and irrelevant. In fact, Qualcomm *did* assert ownership in 2009, causing Headwater to ▇▇▇. *E.g.*, Dkt. 236-23 at HW_00056020; Dkt. 236-25 at HW_00013720. Qualcomm does not have to intervene and incur those expenses for there to be a lack of standing, but Qualcomm's support of Samsung's motion to dismiss is evident from its submission of its declaration authenticating the ▇▇▇ that form the basis of this motion. Dkt. 236-15. And to Headwater's argument that ▇▇▇, Qualcomm did not have the benefit of Dr. Raleigh's 2021 admission that he conceived the Headwater invention at Qualcomm. Regardless, it is Headwater's burden to establish standing—not Qualcomm's job to disprove it.

### 3. Headwater Lacks Standing to Challenge the Validity of the ▇▇▇

The law is clear that Qualcomm, Dr. Raleigh, and Dr. Raissinia are all indispensable parties for this Court to address whether Dr. Raleigh's and Dr. Raissinia's ▇▇▇ with Qualcomm are void. For example, in *Larson* the Federal Circuit found no standing where establishing the plaintiff's standing would require "first voiding his patent assignments." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (holding that inventor who had assigned his patent rights had no standing to seek correction of inventorship where court would first have to void assignment before reaching correction issue). Indeed, federal courts "consistently hold that a party to an agreement in dispute is an indispensable party." *Ash Grove Texas, L.P. v. City of Dallas*, 2009 WL 3270821, at *15 (N.D. Tex. Oct. 9, 2009). By placing into issue the validity

9

of the ▓▓▓▓▓▓▓▓▓▓▓▓, Headwater confirms the necessity of dismissing this case for lack of standing since indispensable parties are not present.

### 4. Regardless, the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Are Not Void Under California Law

Even putting aside the fatal jurisdictional flaw in Headwater's argument, Headwater has failed to establish that the ▓▓▓▓▓▓▓ between Qualcomm and Drs. Raleigh and Raissinia are void under California law. First, the ▓▓▓▓▓▓▓▓▓▓▓▓ have language that tracks the more specific California statute that Headwater has cited. *Compare* Dkt. 241 at 3 with *id.* at 2. Second, no case has held that a *rebuttable* presumption conflicts with California Business and Professions Code § 16600. And third, the Federal Circuit directly rejected Headwater's argument in *Core Optical*, explaining that "to adopt this position, we would have to overrule *Filmtec*, 939 F.2d 1568. It suffices here to say, without suggesting doubt about *Filmtec*, that '[a]s a panel, we are bound by *Filmtec*; we cannot overrule that holding without en banc action." 2024 WL 2280517, at *4 n.2.

### C. The Court Should Dismiss for Lack of Standing

Headwater does not dispute that it has the burden of establishing standing; that the Court must dismiss if Qualcomm is a co-owner; and that standing is for the Court to decide. The Court should find that Headwater has failed its burden of establishing standing and dismiss the case.

## III. CONCLUSION

The Court should dismiss this case for lack of standing because Qualcomm is a co-owner of the asserted patents and has not been joined.

Dated: June 7, 2024                              Respectfully submitted,

                    By:   */s/ Thad C. Kodish*
                          Ruffin B. Cordell
                          TX Bar No. 04820550
                          Michael J. McKeon
                          DC Bar No. 459780
                          mckeon@fr.com
                          Jared Hartzman (*pro hac vice*)
                          DC Bar No. 1034255
                          hartzman@fr.com
                          **FISH & RICHARDSON P.C.**
                          1000 Maine Avenue, SW, Ste 1000
                          Washington, D.C. 20024
                          Telephone: (202) 783-5070
                          Facsimile: (202) 783-2331

                          Thad C. Kodish
                          GA Bar No. 427603
                          tkodish@fr.com
                          Benjamin K. Thompson
                          GA Bar No. 633211
                          bthompson@fr.com
                          Nicholas A. Gallo (*pro hac vice*)
                          GA Bar No. 546590
                          gallo@fr.com
                          Steffen C. Lake (*pro hac vice*)
                          GA Bar No. 512272
                          lake@fr.com
                          Sara C. Fish
                          sfish@fr.com
                          GA Bar No. 873853
                          Noah C. Graubart
                          GA Bar No. 141862
                          graubart@fr.com
                          Katherine H. Reardon
                          NY Bar No. 5196910
                          reardon@fr.com
                          **FISH & RICHARDSON P.C.**
                          1180 Peachtree St. NE, Fl. 21
                          Atlanta, GA 30309
                          Telephone: (404) 892-5005
                          Facsimile: (404) 892-5002

                          Leonard E. Davis
                          TX Bar No. 05521600

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

12

Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 7, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish