**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
RE NOTICE, MARKING, AND PRE-SUIT DAMAGES (DKT. 232)**

**PUBLIC VERSION**

## **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 3

II. Response to UMFs ............................................................................................................. 3

III. Response to Additional Facts ............................................................................................. 4

IV. Argument ........................................................................................................................... 6

    A. Headwater Did Not Provide Actual Pre-Suit Notice ............................................... 6

    B. Headwater Fails to Prove It Gave Constructive Notice ........................................... 6

        1. Headwater's ▮▮▮▮▮ Sold Unmarked Phones ............................... 6

        2. The ItsOn Marking Website Was Defective ............................................. 7

        3. Headwater Delayed Adding Patents to the ItsOn Website (or Did Not Add Them at All) ............................................................................................... 8

    C. Headwater Is Wrong Samsung Was Not Specific Enough, So the Burden of Proof Remains on Headwater ....................................................................................... 8

V. Conclusion ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**            Page(s)

*American Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)......................................................................................3, 8, 10

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*,
   No. 2-21-cv-00034-JRG-RSP, 2021 WL 8441751 (E.D. Tex. Dec. 10, 2021) .........................9

*Hansen Cold Storage Constr. v. Cold Sys., Inc.*,
   No. 2:19-CV-07617-SB-MAA, 2021 WL 6536672 (C.D. Cal. Dec. 19, 2021) ........................8

*My Health, Inc. v. Gen. Elec. Co.*,
   No. 15-CV-80-JDP, 2015 WL 9474293 (W.D. Wis. Dec. 28, 2015) ........................................8

*Salazar v. AT&T Mobility LLC et al*,
   2:20-cv-0004-JRG, Dkt. 222 (E.D. Tex, May 25, 2021) ..............................................................9

*Solas Oled Ltd. v. Samsung Elecs. Co. Ltd.*,
   No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022)............................9

*Specht v. Google Inc.*,
   747 F.3d 929 (7th Cir. 2014) ....................................................................................................8

*Team Worldwide Corp. v. Acad., Ltd*,
   No. 219-CV-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021).........................6

*Team Worldwide Corporation v. Academy, Ltd.*,
   2021 WL 1985688 (E.D. Tex. May 18, 2021) .........................................................................6

**Statutes**

35 U.S.C. § 287...............................................................................................................5, 7, 10

## I. INTRODUCTION

The Court should grant summary judgment on notice and marking. Headwater does not dispute it failed to give actual notice, and it fails to meet its burden of proving constructive notice.

## II. RESPONSE TO UMFS

Headwater admits almost all of Samsung's 61 UMFs. This gives the Court more than enough undisputed evidence to decide this motion in Samsung's favor. In addition, Headwater's denials are not responsive and do not create genuine disputes of material fact.

In response to UMF #3, nothing Headwater says contradicts the fact Headwater did not give Samsung pre-suit notice that any particular Samsung product allegedly infringes any particular patent, as the law requires.

In response to UMF #32, nothing Headwater says contradicts the fact ▮ refused to mark ▮

In response to UMF #41, even if the exhibit reflects royalties paid to Headwater, it is evidence that ▮ sold the indicated number of units containing ItsOn software. Also, Headwater cites no evidence.

Regarding UMFs #44-45, the language on the ItsOn patent website is undisputed. The Court can decide for itself whether it associates particular products with particular patents. It does not. In addition, Headwater's cited evidence regarding links is limited to ▮.

Regarding UMFs #46, 48, 51, 52, 53, 54, 58, 59, Samsung has submitted the only record evidence of when the ItsOn patent website was updated. Headwater cannot meet its burden of proof with speculation.

Regarding UMF #60, Samsung's *Arctic Cat* letter was not deficient, as discussed below.

Regarding UMF #61, Samsung's Amended Answer identifies products Headwater failed to mark, again shifting the burden to Headwater.

### III.   RESPONSE TO ADDITIONAL FACTS

Headwater's additional facts are either immaterial or unsupported. For example, as previously briefed, the ▮▮▮▮ merely required ▮▮▮▮; it did not require Sprint to mark. Dkt. 285-2 at HW_00009254. Headwater even admits "[a] second project under the ▮▮▮▮ was for ▮▮▮▮ ▮▮▮▮" Opp. at 6, citing Dkt. 285-7 (HW_00015550). These ▮▮▮▮ had no marking for ▮▮▮ to remove.

Headwater's citations do not support its argument that "[t]he virtual marking page was diligently updated based on regular meetings between attorneys and engineers to determine the applicability of newly issued claims to ItsOn's products." Opp. at ¶ 24; *see* Headwater Alleged Fact #6, 24. In the cited testimony, Dr. Raleigh admitted "▮▮▮▮ ▮▮▮▮ ▮▮▮▮" Dkt. 285-17 at 158:11-14. Mr. Lavine and Mr. Harris say nothing about updating the website. Exs. M and N. And Ms. Jacobsen left Headwater in 2014, before the relevant updates. Dkt. 285-16 at 30:16-17. In addition, in response to the question "▮▮▮▮ ▮▮▮▮ ▮▮▮▮" she responded "▮▮▮▮ ▮▮▮▮" *Id.* at 44:20-45:3. While she did mention ▮▮▮▮ ▮▮▮▮, this is not proof that "[t]he virtual marking page was diligently updated based on regular meetings," as Headwater asserts, particularly since Ms. Jacobsen switched to an outside counsel role in 2014, well before the relevant time period.

Headwater's assertion that the '976, '701, and '184 patents appeared on its website by July, 2016 (Fact #7, 22) depends on the WayBack pages that Samsung produced but Headwater disputed. The earliest authenticated web pages are dated June 2017. Dkt. 232-21. The same is true



of the '544 patent (Fact #23).  The earliest authenticated date for the '544 patent is again June 2017.  Dkt. 232-21.

Headwater makes assertions about when phones were *manufactured* (Fact #9), but this is irrelevant.  Section 287 focuses on when products are sold.

Headwater cites no proof ▇▇ "ceased the manufacture" of ▇▇▇ by January 2016 or that the ItsOn software was "not included" or "deactivated" (Fact #13).  This is just attorney argument.  Even assuming ▇▇ complied with the ▇▇, it had ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *See* Dkt. 285-2 at § 7.9; Dkt. 285-8.

Samsung Ex. 20 does not show ▇▇▇▇▇▇▇▇▇▇▇▇▇.  Dkt. 232-20.  ▇▇▇▇▇▇.  In addition, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *See* Dkt. 232-20; Dkt. 285-2 at § 7.8.  Ex. 20 also shows ▇▇▇▇▇▇▇▇▇.

Headwater fails to prove it required Sprint to mark (Fact #26).  The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Dkt. 285-2 at HW_00009254.

Headwater is also wrong that Samsung did not identify unmarked products with sufficient specificity.  Samsung's June 2023 letter specifically identified the "ItsOn software," "ItsOn solution/s," and/or "ItsOn application" and "products, purportedly including Samsung devices, implementing the 'ItsOn software,' 'ItsOn solution/s,' and/or 'ItsOn application'" sold and/or offered for sale at least between 2013 and 2017 by ▇▇.  Dkt. 232-33 at 1-2.  Samsung's Amended Answer dated December 1, 2023 also specifically identifies phones by model name.  Dkt. 78 at 25-27.  And Samsung's motion specifically identifies both ▇▇▇▇▇▇▇▇ ▇▇ phones incorporating this ItsOn software.  Dkt. 232 at 6.

5

Finally, Headwater asserts in its argument (but not statement of facts) that "ItsOn began marking with the other Asserted Patents beginning in July 2016, but chose not to mark with these patent numbers, based on its evaluation of the applicability of each issued claim to the then-existing products." Opp. at 29. However, Headwater cites no evidence to support this assertion, so it cannot create a dispute of material fact.

## IV.   ARGUMENT

### A.   Headwater Did Not Provide Actual Pre-Suit Notice

Headwater does not deny it failed to give actual notice; the Court should so hold.

### B.   Headwater Fails to Prove It Gave Constructive Notice

#### 1.   Headwater's ▅▅▅▅ Sold Unmarked Phones

Headwater does not deny ▅▅ sold "▅▅▅▅▅ phones with no link to the ItsOn patent website. It argues instead that its patents issued too late for this to matter. Not so. There is no dispute that the '701 and '976 patents issued months before ▅▅ stopped selling ▅▅ phones, whether that was January 2016 or May 2016. Under the law, the impact of this non-marking is clear: damages cannot commence before Headwater gave actual notice or began marking. Contrary to Headwater's assertion, neither this Court nor the Federal Circuit has recognized that *discontinuing a product* cures failure to mark. *See See American Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) ("Congress structured the statute so as to tie failure to mark with disability to collect damages . . ."); *Team Worldwide Corp. v. Acad., Ltd*, No. 219-CV-00092-JRG-RSP, 2021 WL 1854302, at *2 ("the Federal Circuit strictly interpreted § 287 to make clear that once a patentee (or its licensee) is non-compliant with § 287, recovery of damages is limited to either the period after *marking resumes or* after the alleged infringer has been given *actual notice*") (E.D. Tex. May 10, 2021), *adopted by district court*, *Team Worldwide Corporation v. Academy, Ltd.*, 2021 WL 1985688 (E.D. Tex. May 18, 2021).

In addition, Headwater has not met its burden of showing there were no retail sales of unmarked ▮ phones after issuance of the '184, '433, '445, '578, or '544 patents even though Samsung specifically identified this issue in its opening brief. *See* Dkt. 232 at 19-21.

Headwater has also not demonstrated "diligence." The ▮ did not require marking (it only required ▮), and Headwater's cited testimony does not support its attorney argument that it diligently added patents to the ItsOn patent website. *See* Dkt. 285-2 at HW_00009254; Dkt. 285-17 at 158:11-14; Dkt. 285-14; Dkt. 285-15; Dkt. 285-16 at 30:16-17, 44:20-45:3.

Finally, there is also no dispute that ▮. Dkt. 232-20. While these phones may have had a link to the ItsOn patent website, that is irrelevant if the website was defective or if a patent was not timely added to the website (or added at all). These issues are discussed in the following sections.

### 2. The ItsOn Marking Website Was Defective

The language Headwater cites does not associate specific products with specific patents. It is therefore ineffective under the language of Section 287. 35 U.S.C. § 287(a) (sellers of patented products must "***fix[] thereon*** the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet," and ***that posting*** must "***associate[]*** the patented article with the number of the patent").

This defect means that Headwater failed to mark both of the ▮ phones, and the latter continued to be sold until after all patents but the '224 patent issued. *See* Dkt. 232-20.

7

### 3. Headwater Delayed Adding Patents to the ItsOn Website (or Did Not Add Them at All)

▬never added the '433, '445, or '578 patents to the ItsOn patent website. Thus, it failed to mark even the ▬▬▬ phones, which were sold through July 2017. Dkt. 232-20. Damages cannot commence for these patents until the relevant complaints.

Headwater also failed to authenticate the Wayback websites that Samsung produced. These are thus inadmissible. *See, e.g.*, *Hansen Cold Storage Constr. v. Cold Sys., Inc.*, No. 2:19-CV-07617-SB-MAA, 2021 WL 6536672, at *3 (C.D. Cal. Dec. 19, 2021) ("Plaintiff must properly authenticate the evidence obtained from the Wayback Machine for its admission at trial."); *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) ("[T]he district court reasonably required . . . authentication by someone with personal knowledge of reliability of the archive service from which the screenshots were retrieved."); *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *4 (W.D. Wis. Dec. 28, 2015) (evidence from the Wayback Machine "is not so reliable and self-explanatory" and may not be used as evidence for a motion for summary judgment unless "properly authenticated and supported with affidavits").

Relying on the versions of the ItsOn patent website that Headwater authenticated, damages for the '701, '976, '184, and '544 patents may not commence before June 7, 2017, should pre-suit damages be permitted at all for these patents. Dkt. 232-21. No pre-suit damages should be permitted if the Court agrees with Samsung regarding subsections 1 or 2 above (re failure to mark post-paid phones and/or defective language on website).

### C. Headwater Is Wrong Samsung Was Not Specific Enough, So the Burden of Proof Remains on Headwater

Headwater is wrong, both factually and legally, that Samsung did not identify unmarked products with sufficient specificity. As detailed above, Samsung's *Arctic Cat* letter, Amended

8

Answer, and Motion for Summary Judgment all specifically identify unmarked products. *See* Dkt. 236-33 at 1-2; Dkt. 78 at 25-27; Dkt. 236 at 6.

In addition, none of the cases Headwater cites hold that such identifications are defective. *Salazar v. AT&T Mobility LLC et al*, 2:20-cv-0004-JRG, Dkt. 222 (E.D. Tex, May 25, 2021) granted summary judgment because the accused infringers "never identified any alleged unmarked products." *Id.* at 3. It says nothing about whether products descriptions are sufficiently specific. *Solas Oled Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022) recommended denial of summary judgment and elimination of marking from trial because the accused infringer "waited until the close of discovery to make disclosure that our rules and orders require be made early in the case." *Id.* at *2. Again, it says nothing about the purported issue Headwater raises.

Furthermore, *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2-21-cv-00034-JRG-RSP, 2021 WL 8441751 (E.D. Tex. Dec. 10, 2021) does not preclude summary judgment simply because Samsung denies infringement. Headwater does not accuse any Samsung phones of infringement due to incorporation of ItsOn software. Likewise, Samsung has merely put Headwater to its burden of proof regarding commercial success. Samsung has not offered any expert opinion or other evidence that the ItsOn software does *not* practice the Headwater patents. In addition, "nexus" (as used in the commercial success context) encompasses much more than whether the ItsOn software merely practices the patents. *See* Dkt. 233 (motion to strike de la Iglesia).

Finally, as noted above, Headwater's argument (at 29) that it affirmatively chose not to include certain patents in its marking lacks any evidentiary citation. Such speculation cannot create a genuine dispute of material fact.

9

Thus, since Samsung easily satisfied the "low bar" of *Arctic Cat*, Headwater has the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366, 1368 (Fed. Cir. 2017). It has failed this burden.

## V.   CONCLUSION

Samsung requests that the Court grant summary judgment that Headwater failed to comply with 35 U.S.C. § 287(a) and that its pre-suit damages are thus limited as detailed above.

Dated: June 7, 2024                                    Respectfully submitted,

> By:   */s/ Thad C. Kodish*
> Ruffin B. Cordell
> TX Bar No. 04820550
> Michael J. McKeon
> DC Bar No. 459780
> mckeon@fr.com
> Jared Hartzman (*pro hac vice*)
> DC Bar No. 1034255
> hartzman@fr.com
> **FISH & RICHARDSON P.C.**
> 1000 Maine Avenue, SW, Ste 1000
> Washington, D.C. 20024
> Telephone: (202) 783-5070
> Facsimile: (202) 783-2331
>
> Thad C. Kodish
> GA Bar No. 427603
> tkodish@fr.com
> Benjamin K. Thompson
> GA Bar No. 633211
> bthompson@fr.com
> Nicholas A. Gallo (*pro hac vice*)
> GA Bar No. 546590
> gallo@fr.com
> Steffen C. Lake (*pro hac vice*)
> GA Bar No. 512272
> lake@fr.com
> Sara C. Fish
> sfish@fr.com
> GA Bar No. 873853
> Noah C. Graubart

10

GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670

11

Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC**

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 7, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish