**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION AND
MOTION TO STRIKE EXPERT TESTIMONY OF MR. DAVID KENNEDY
(DKT. 252)**

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---|---|
| F | Excerpts from the Deposition Transcript of Mr. David Kennedy, May 14, 2024 |
| G | Excerpts from the Deposition Transcript of Dr. Andreas Groehn, May 13, 2024 |

\*        Emphasis added unless otherwise noted.

\*\*       Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*      In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

Headwater's Response presents no legally sufficient argument against the Court excluding Mr. Kennedy's opinions. Specifically, Headwater is unable to support Mr. Kennedy's ultimate opinions, and instead relies on pure attorney argument. Headwater concedes—and Mr. Kennedy himself admits—that his royalty opinions are based entirely on Dr. Wesel's inherently unreliable battery testing and Dr. Groehn's flawed conjoint survey and analysis, which Samsung has separately and timely moved to exclude. Indeed, Mr. Kennedy admits he relied on Dr. Groehn to supply the "fully apportioned" numbers that reflect the technical footprint of the patents. Yet Headwater separately represents—and Dr. Groehn admits—that Dr. Groehn did no such thing, meaning neither of Headwater's damages experts offer **"apportioned"** damages numbers required by law. As such, Headwater is left trying to offer legally-improper opinions to the jury, which should be excluded under *Daubert*.

I.  **Mr. Kennedy Admits His Opinions Are Wholly Dependent on Fundamentally Flawed Opinions of Dr. Wesel and Dr. Groehn, Who Samsung Has Also Moved to Exclude**

Mr. Kennedy admitted his reasonable royalty opinions are entirely based on Dr. Wesel's unreliable battery testing and Dr. Groehn's unreliable conjoint survey and analysis, each of which should be properly excluded. Ex. F at 108:5-109:2; 164:17-23. First, the Court specifically granted leave to consider the propriety of Dr. Wesel's testing opinions given "the unusual facts of this case," rendering Headwater's arguments regarding Samsung's failure to move to strike Dr. Wesel's opinions moot. Dkt. 292. As to Dr. Wesel's opinions, he was not qualified to offer the battery testing opinions in his report, and even if he were, the demonstrable lack of rigor of his testing renders the entirety of his testing—and Mr. Kennedy's use thereof—unreliable. Should Dr. Wesel's battery testing be excluded, Mr. Kennedy's damages opinions must also be excluded.

Second, with respect to Dr. Groehn, Headwater does not dispute that Mr. Kennedy has no damages opinions without Dr. Groehn's challenged conjoint analysis and resulting values. Mr.

Kennedy expressly assumed that "The above [Groehn] survey analysis reflects the loss to Samsung should it seek to avoid a license to the Patents in Suit and lose the advantages delivered by their teachings… **because Dr. Groehn's survey analysis isolates the technical footprint of the Asserted Claims** separately from any standardization or other technology present in the smartphone, **the survey analysis results reflect the fully apportioned value** and additional apportionment is not necessary." Dkt. 252-1 at ¶¶ 164, 404; *see also* Ex. F at 164:4-7.  In fact, Mr. Kennedy expressly said that Dr. Groehn measured the value of the Doze feature alone.  Dkt. 252-1 at ¶ 403. But Dr. Groehn's conjoint analysis was completely divorced from the asserted patents and accused features as Headwater separately represented to the Court (and which Dr. Groehn admits).[1]  Even if Groehn's analysis withstands the *Daubert* challenge, Mr. Kennedy's failure to properly apportion Dr. Groehn's values as required by law cannot be cured by cross examination. *See Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326–27 (Fed. Cir. 2014) ("this court has consistently held that 'a reasonable royalty analysis requires a court to ... carefully tie proof of damages to the claimed invention's footprint in the market place'").

## II. Headwater's Explanation of Mr. Kennedy's "Apportionment" Demonstrates the Analysis Is Untethered to the Facts of the Case

Headwater dismisses Samsung's many alternatives to save battery life in its phones, and instead contends that "Headwater could therefore reasonably demand as a royalty the entirety of the benefit to Samsung of infringement." Dkt. 281 at 6-7.  Further, Headwater concedes that Mr. Kennedy conducts no apportionment to determine his reasonable royalty in this case.  These statements alone prove that Mr. Kennedy's conclusion that Headwater would deserve 100% of the value of the patented invention is without justification and is fundamentally incompatible with the

---

[1] Headwater elsewhere claims Dr. Groehn did **not** "intend[] to analyze the incremental profit from allegedly using the patented inventions in its accused products." Dkt. 279 at 12, n.5.  And Dr. Groehn admitted he worked on his conjoint analysis in a vacuum.  Ex. G at 109:4-20.

hypothetical negotiation framework, which "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Indeed, a 100% share is "frankly, out of line with economic reality." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 30-34 (Fed. Cir. 2012). Headwater cites no authority supporting its radical view.

### III. Headwater Cannot Rely on the Illusory "Market" Rates of the ▬▬▬, Which the Court Has Already Determined Was Not Negotiated At Arms' Length

Although a license to the asserted patents is generally relevant to the hypothetical negotiation (Dkt. 281 at 9), Mr. Kennedy relies on "market" rates in the ▬▬▬ that were contrived between two entities that were not negotiating at arms-length. Mr. Kennedy cannot simply "account for non-comparable aspects of the ▬▬▬," as Headwater contends (Dkt. 281 at 10), because the original agreement and all subsequent amendments are not "comparable agreements" by definition. Indeed, this Court has already determined the ▬▬▬ were not negotiated by parties at arm's length. Dkt. 198 at 4 ("Headwater and ItsOn are not arms-length entities, rather they are the opposite.") Mr. Kennedy did not take this finding into account.

Mr. Kennedy ultimately opines that "the ▬▬▬ . . . demonstrates the reasonableness of [his royalty] [*sic*] rate here." Dkt. 252-1 at ¶ 427. But the "market rates" Mr. Kennedy relies on were inserted into the ▬▬▬ on ▬▬▬ while ▬▬▬. Ex. F at 71:2-7. It is inconceivable that "the interests and management of ItsOn and Headwater" diverged such that these "market rates"—which ItsOn was **never** subject to—could be any reliable indicator of reasonableness. While evidence of what a party agreed to accept for in exchange for its patents—like the ▬▬▬ and Dr. Ugone relied on—is reliable evidence, there is **no** evidence that any entity paid, or would pay, the self-serving "market rates" ▬▬▬. *Id.* at 84:25-85:2 ("Q:



"). Given that no one actually paid these illusory rates other than two ▮▮▮▮▮▮▮▮▮▮▮▮, Mr. Kennedy should not be able to rely on the non-comparable ▮▮▮▮▮ for any purpose. Dkt. 251 at 11.

### III. Headwater Admits Mr. Kennedy Intends to Parrot Samsung Documents

Headwater concedes that Mr. Kennedy intends to recite to the jury his high-level gloss on Samsung's marketing documents so that the jury will see Samsung as blessing Mr. Kennedy's flawed opinions equating battery life to the accused features. Dkt. 281 at 12-13. But Mr. Kennedy admits that he was not aware of, nor did he cite, any Samsung marketing documents that reference the accused features. Ex. F at 114:24-115:4. Allowing Mr. Kennedy to parrot hearsay, particularly where it does not impact his royalty opinions, is improper and violates Fed R. Evid. 703.

Additionally, the exceptions to hearsay raised by Headwater do not apply. Headwater does not adequately argue Samsung's marketing presentations meet the stringent requirements of the business records exception under Fed. R. Evid. 803(6), nor can all of Samsung's marketing presentations be deemed party-opponent admissions under Fed. R. Evid. 801(d)(2), against Samsung's interest. Dkt. 281 at 12. If the Court were to allow Mr. Kennedy to parrot Samsung's marketing documents to the jury under one of these exceptions, it would open the flood-gates to experts being able to simply read into evidence any document produced by an opposing party.

### IV. Mr. Kennedy's Future Damages Opinions Are Statutorily Barred

Headwater fails to provide any response to Samsung's argument that future damages opinions are fundamentally barred by statute. 35 U.S.C. § 284. The lone authority Headwater cites, *Prism Techs. LLC v. Sprint Spectrum L.P.*, actually supports Samsung's position that future damages as part of a running royalty are legally improper. The Federal Circuit concluded "damages" **do not** include ongoing royalties, but **do** include "fully paid licenses, which cut off the

4

patentee's claims of entitlement to future compensation." 849 F.3d 1360, 1378 (Fed. Cir. 2017) (emphasis added). Dr. Ugone properly calculates a fully paid, lump sum license, consistent with the evidence that Samsung would only agree to lump sums at the hypothetical negotiation. Dkt. 281-6 at ¶¶ 192-94. Headwater is mistaken that in doing so, Samsung is advocating for a reasonable royalty that covers future sales. Dkt. 281 at 14. Consistent with *Sprint*, Samsung is instead advocating a fully paid-up license, in which there could be no claim for future sales at all.

Mr. Kennedy's future damages opinion cannot also simply be "rebuttal" to Dr. Ugone's opinion. *Id.* Mr. Kennedy calculates a separate, additional $330 million as ongoing royalties for infringement **that has not yet occurred**. *In re Apotex, Inc.*, 49 F. App'x 902, 903 (Fed. Cir. 2002). Although Headwater claims *Omnitracs, LLC v. Platform Sci., Inc.,* does not provide details for the "basis of its ruling," the court's order could not be clearer: any "calculations based on the present value of assumed future infringement" are "speculative and prejudicial" and should be excluded. This is the exact analysis Mr. Kennedy admits he conducted. 2024 WL 2214523, at *2. *See* Ex. F at 166:9-11 ("Q: Your projections assume that Samsung will continue using infringing technology, correct? A: Well, that's correct"), and at 167:15-18 ("Q: [F]or future products, there has been no infringement yet, right? A: Correct.") Undercutting Headwater's claim that Samsung cannot change these products, Mr. Kennedy admitted he has no idea whether Samsung would continue to use the accused features. *Id.* at 167:19-23. Moreover, Headwater's only support for contending Samsung ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is a Samsung witness saying ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, which is reasonable given Samsung's position that it does not infringe. Dkt. 240 at 17. There is no evidence that Samsung could not do so if needed; thus, Mr. Kennedy's future damages opinions are wholly speculative and should be struck.

Dated: June 6, 2024                                                      Respectfully submitted,

By:   */s/ Thomas H. Reger II*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis

6

TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702

7

Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 6, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thomas H. Reger II*
Thomas H. Reger II

## CERTIFICATE OF AUTHORIZATION TO SEAL

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this document contains confidential information.  Accordingly, this document is to be filed under seal.

*/s/ Thomas H. Reger II*
Thomas H. Reger II