**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:2-00422-JRG-RSP<br><br>**FILED UNDER SEAL** |

**SAMSUNG'S SUR-REPLY TO HEADWATER'S MOTION TO STRIKE CERTAIN PORTIONS OF THE EXPERT OPINIONS OF DR. SCHONFELD (DKT. 240)**

**TABLE OF CONTENTS**

I.  Samsung's Non-Infringement Opinion Should Not Be Excluded ...................................... 2

    A.  Samsung's non-infringement position has consistently relied on the plain language ................................................................................................................. 2

    B.  Headwater's estoppel and waiver arguments still rely on a baseless premise and do not satisfy legal requirements .......................................................... 6

    C.  Headwater ignores that Dr. Schonfeld's non-infringement opinion applies across multiple asserted patents, not just the '976 Patent ....................................... 6

II.  Dr. Schonfeld's Opinions On Non-Infringing Alternatives Are Valid ............................... 7

III. Dr. Schonfeld's Opinions On Google Closed-Source Software are Reliable .................... 7

## I. Samsung's Non-Infringement Opinion Should Not Be Excluded

Headwater demands that Samsung's non-infringement argument, which is based solely on the plain language of the claims, and which the parties agree was disclosed to Headwater many months ago in discovery, should be excluded in its entirely merely because Samsung's expert pointed out that his reading of the plain claim language is supported by Headwater's statements to the PTAB about what the plain claim language requires. Headwater's request lacks merit.

### A. Samsung's non-infringement position has consistently relied on the plain language

Headwater does not contest that Samsung properly disclosed the relevant non-infringement opinion many months ago in its non-infringement contentions (and again in its amended non-infringement contentions). Dkt. 269 at 3-4 (citing Samsung's contentions, which disclosed Samsung's and Dr. Schonfeld's argument that the accused product features do not operate "based on network type."). In the many months following Samsung's disclosure of its non-infringement defenses Headwater never once complained to the Court, or to Samsung, that the specific argument currently at issue was based on claim construction. Because it is not. Headwater only now objects to Samsung's expert's non-infringement opinion because Headwater fears being confronted with its statements to the PTAB, which align with Samsung's expert's opinion.

That Headwater's PTAB representations confirm Dr. Schonfeld's reading of the plain language, and directly contradict Headwater's position in this litigation, does not change the fact that Dr. Schonfeld's opinion stems solely from the plain language itself. Again, '976 patent claim 1 recites "for a time period when data for Internet service activities is communicated through a WWAN modem connection … apply a first differential traffic control policy." Dkt. 42-6 ('976 patent) at claim 1. Dr. Schonfeld's opinion is that a POSITA would read this plain language to state that when the recited connection is via the WWAN network, the control policy is applied, or in other words, application of the claimed policy is "based on the network type." Dkt. 269 at 4-5.

2

Headwater contends that Samsung "attempts to obfuscate" or "mischaracterize[] Dr. Schonfeld's opinions." Dkt. 286 at 1-2. To the contrary, both parties agree on the precise non-infringement argument Dr. Schonfeld and Samsung are making: for the '976 patent (and additional asserted patents with similar language) the asserted claims require "that traffic control policies must be applied 'based on network type'." Dkt. 286 at 1.

Like in its original motion, Headwater continues to try to add words to Dr. Schonfeld's non-infringement opinion—perhaps to give the appearance of claim construction. For example, Headwater doubles down on its misstatement that Dr. Schonfeld's opinion embeds an "**only and exclusively**" requirement into the claim. Dkt. 286 at 1-2. Headwater tries to support this narrative by pointing to an excerpt from Dr. Schonfeld's report where he agreed with a statement Headwater made to the Patent Office about the plain meaning of the '976 patent language:

> Indeed according to Headwater, a POSITA would understand that the above Asserted Claims require "[1] determin[ing] when the device is connected to a WWAN and then [2] apply[ing] traffic control policies only during that time." IPR2023-01253 ('976 patent), POPR at 32-33 n.5 (italics in original). I agree, as the claim language of, for example, the '976 patent makes clear that the "differential traffic control policy" is applied to "Internet service activity on behalf of the first end-user application" "when data for Internet service activities is communicated through a WWAN modem connection to the at least one WWAN." '976 patent, claim 1. *If the claimed differential traffic control policy applied <u>regardless of network type</u> (e.g., regardless of whether data for Internet service activities is communicated through a WWAN modem connection to the at least one WWAN), then such WWAN limitations would be rendered effectively meaningless*, and the alleged benefits of the Asserted Patents (as discussed above with respect to the '433 patent) will not be achieved.

Dkt. 286 at 1, citing Dkt. 239-2 (Reb. Rpt.) ¶ 336. But this paragraph of Dr. Schonfeld's report (which Headwater reproduced only in part) is perfectly consistent with his non-infringement argument, i.e. the plain language requires the differential traffic control policy to be applied based on, not regardless of, network type. The purpose of Dr. Schonfeld acknowledging Headwater's PTAB representations, in the above cited excerpt and otherwise, was merely to support his understanding of the plain language. Noticeably, nowhere in this passage does Dr. Schonfeld use

3

the word "exclusively," nor does he advocate any exclusivity requirement for any asserted claim—contrary to Headwater's misstatement. As such, Headwater continues to rely on Headwater's own statements to the Patent Office, where ***Headwater used the term "exclusively,"*** as the sole basis to erroneously ascribe this opinion to Dr. Schonfeld. Dkt. 286 at 1; Dkt. 269 at 8-9.

Headwater also contends that Dr. Schonfeld cannot opine that the plain claim language requires a policy to be applied "based on network type" because those exact words "are not part of the claim." Dkt. 286 at 2. Such a position ignores Headwater's own arguments to the PTAB and Headwater's previous arguments to this Court. Again, Headwater told the PTAB that the ***plain meaning*** of the limitation-at-issue requires "condition[ing] the application policies based on whether the device is connected to a WWAN." Dkt. 269 at 7 (quoting Headwater's statements to the Patent Office). Clearly Headwater understands there is nothing afoul about explaining the plain meaning of patent terms using words that are not expressly in the claim. Indeed, during claim construction in this case, Headwater argued that the plain meaning of the '976 patent claim language "'perceiving a benefit' in the context of the intrinsic record, refers to an application benefit that is perceptible to human end-users." Dkt. 82 at 7. In other words, Headwater itself explained its understanding of the plain meaning of the claim language using different language than what the claim recites. That is the nature of the English language—words are used to define or explain other words.

Headwater also contends that Samsung's disclosure during discovery of its intent to rely on Headwater's submissions to the PTAB was insufficient despite Headwater's concession that Samsung's non-infringement contentions plainly stated Samsung's intended reliance on "Headwater's and the Patent Office's positions in pending *Inter Partes* Review proceedings at the PTAB." Dkt. 286 at 5. Headwater gripes that Samsung's non-infringement contentions cited

4

many additional sources. *Id*. But, Headwater cannot claim to be prejudiced by or unaware of its own statements about the plain meaning of the patent claims. Also, Headwater concedes that its expert addressed the relevant non-infringement opinion and Headwater's PTAB statements in his expert reports. Dkt. 286 at 2. Headwater then repeatedly contends that it should be able to respond by pointing to alleged contradictory statements that Samsung's PTAB expert presented; however, Headwater fails to cite any. Dkt. 286 at 2, 5.

Headwater further contends that its PTAB statements were not directed to the limitation at issue. Dkt. 286 at 4. The record shows otherwise. Headwater plainly told the PTAB that claim [1.7] (which aligns with the limitation 1[f] at issue) requires that the claimed device "conditions the application policies based on whether the device is connected to a WWAN." Dkt. 269 at 7 (quoting Headwater's statement to the PTAB). Headwater's reply fails to address this statement at all, much less explain how it could relate to anything other than the limitation at issue and Dr. Schonfeld's associated plain-meaning non-infringement argument.

Headwater's true concern remains being confronted with its contradictory PTAB statements about the plain meaning of the claims. Headwater hoped to be able to tell the PTAB that the plain meaning of the relevant '976 patent claim requires that a device "conditions the application policies based on whether the device is connected to a WWAN [network]" (Dkt. 269 at 7), while telling the jury in this case that the plain meaning of the claims does not require applying a policy "based on a network." Samsung should not be precluded from exposing Headwater's inconsistent representations about the plain meaning of the claims. But, at a bare minimum, Samsung should not have an entire non-infringement argument excluded merely because its expert pointed out that Headwater agreed with his plain meaning interpretation during PTAB proceedings.

### B. Headwater's estoppel and waiver arguments still rely on a baseless premise and do not satisfy legal requirements

Headwater's estoppel and waiver arguments continue to wrongly assert that Dr. Schonfeld is embedding an "only and exclusively" requirement into the claims. Dkt. 286 at 3. As repeatedly described herein, and in Samsung's Opposition (Dkt. 269 at 8-9), he is not. Headwater also repeats its mistaken assertion that estoppel applies because the PTAB "applied [a] construction in its institution decision." Dkt. 286 at 3. Headwater provided no cite for this statement, because none exists. The PTAB applied the plain meaning of the claims, the same meaning Headwater was using when it told the PTAB that the '976 patent "conditions the application policies based on whether the device is connected to a WWAN [network]." Dkt. 269 at 7. Headwater also continues to fail to establish waiver using the false premise that Dr. Schonfeld's opinion requires claim construction. Dkt. 286 at 3. Again, Headwater never before considered Samsung's "based on network type" non-infringement position to be claim construction when Samsung disclosed it months ago—before Headwater was confronted with its conflicting PTAB representations. Neither estoppel nor waiver applies here.

### C. Headwater ignores that Dr. Schonfeld's non-infringement opinion applies across multiple asserted patents, not just the '976 Patent

Headwater also ignores a critical issue that precludes the broad relief it seeks: Headwater's motion purports to request the Court "strike Dr. Schonfeld's '976 non-infringement argument" (Dkt. 286 at 1), but the sections of Dr. Schonfeld's report that Headwater seeks to eliminate cover non-infringement arguments for six of the eight asserted patents. Dkt. 269 at 2. Headwater provides no basis to justify the broad relief it seeks and Headwater's motion does not even address any other asserted patent besides the '976 Patent. Most, if not all, of the arguments Headwater uses to support its request, do not even apply to the other asserted patents.

6

## II. Dr. Schonfeld's Opinions On Non-Infringing Alternatives Are Valid

Headwater re-emphasizes three arguments Samsung already rebutted to contend that Dr. Schonfeld cannot offer a non-infringing alternatives analysis. One, Headwater contends that it is impossible for Samsung to have the accused features removed, thus there can be no non-infringing alternatives. Dkt. 286 at 6. This is, at a minimum, factually inaccurate and Headwater's only support for this proposition is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 269 at 17. Two, Headwater argues that one particular non-infringing alternative ▓▓▓▓▓▓▓▓ was not commercially available until shortly after the currently-applicable hypothetical negotiation. *Id.* This argument conflicts with legal precedent (Dkt. 269 at 18-19), and ignores Headwater's damages expert's testimony that the parties ***would have*** considered the alternative at issue during the negotiation. *Id.* at 21. Three, Headwater repeats that Samsung's expert did not precisely "quantify" the impact that each non-infringing alternative would have on damages, but cites no caselaw enforcing such a strict requirement. *Id.* None exists.

## III. Dr. Schonfeld's Opinions On Google Closed-Source Software are Reliable

Headwater repeats its request to preclude Dr. Schonfeld from offering opinions on the operation of certain prior art Google native applications only because he did not have source code for those applications. Dkt. 286 at 7. Headwater continues to downplay the fact that Dr. Schonfeld's opinions are based on: (1) the unrebutted testimony of Google's corporate representative on the operation of Google products, and (2) a technical presentation detailing the operation of the Google code that would be relied upon by the Google products in question. Dkt. 269 at 24-25. Headwater calls the Google witness testimony "uncorroborated hearsay," despite the fact that Headwater's validity expert relies on and cites the same Google witness over 1,000 times in his expert report. *See generally*, Dkt. 233-01 (de la Iglesia Rebuttal Rpt.). There is nothing unreliable about Dr. Schonfeld's opinions and Headwater provides no basis to strike them.

Dated: June 7, 2024               Respectfully submitted,

                                  By:    */s/ Benjamin K. Thompson*
                                         Ruffin B. Cordell
                                         TX Bar No. 04820550
                                         Michael J. McKeon
                                         DC Bar No. 459780
                                         mckeon@fr.com
                                         Jared Hartzman (*pro hac vice*)
                                         DC Bar No. 1034255
                                         hartzman@fr.com
                                         **FISH & RICHARDSON P.C.**
                                         1000 Maine Avenue, SW, Ste 1000
                                         Washington, D.C. 20024
                                         Telephone: (202) 783-5070
                                         Facsimile: (202) 783-2331

                                         Thad C. Kodish
                                         GA Bar No. 427603
                                         tkodish@fr.com
                                         Benjamin K. Thompson
                                         GA Bar No. 633211
                                         bthompson@fr.com
                                         Nicholas A. Gallo (*pro hac vice*)
                                         GA Bar No. 546590
                                         gallo@fr.com
                                         Steffen C. Lake (*pro hac vice*)
                                         GA Bar No. 512272
                                         lake@fr.com
                                         Sara C. Fish
                                         sfish@fr.com
                                         GA Bar No. 873853
                                         Noah C. Graubart
                                         GA Bar No. 141862
                                         graubart@fr.com
                                         Katherine H. Reardon
                                         NY Bar No. 5196910
                                         reardon@fr.com
                                         **FISH & RICHARDSON P.C.**
                                         1180 Peachtree St. NE, Fl. 21
                                         Atlanta, GA 30309
                                         Telephone: (404) 892-5005
                                         Facsimile: (404) 892-5002

                                         Leonard E. Davis
                                         TX Bar No. 05521600

8

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

        Facsimile: (903) 934-9257

        Grant Schmidt
        Texas Bar No. 24084579
        gschmidt@hilgersgraben.com
        Jon Hyland
        jhyland@hilgersgraben.com
        Texas Bar No. 24046131
        Theodore Kwong
        tkwong@hilgersgraben.com
        Texas Bar No. 4087871
        **HILGERS GRABEN PLLC**
        7859 Walnut Hill Lane, Suite 335
        Dallas, Texas 75230
        Telephone: 469-751-2819

        **ATTORNEYS FOR DEFENDANTS**
        **SAMSUNG ELECTRONICS CO., LTD. AND**
        **SAMSUNG ELECTRONICS AMERICA, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 7, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson