PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT RELATING TO SAMSUNG'S SLEEPING AND DEEP SLEEPING FEATURES (DKT. 235)**

PUBLIC VERSION

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. THERE IS NO DISPUTE THAT SAMSUNG'S SLEEPING AND DEEP SLEEPING FEATURES DO NOT INFRINGE THE ASSERTED CLAIMS ........................................ 1

III. SAMSUNG'S MOTION FOR SUMMARY JUDGMENT IS NOT MOOT ...................... 2

    A. Samsung Expressly Identified the Sleeping and Deep Sleeping Features as Non-Infringing Alternatives During Fact Discovery .......................................... 2

    B. Dr. Schonfeld Identified the Sleeping and Deep Sleeping Features as Non-Infringing Alternatives in His Rebuttal Report Specifically Because Headwater Said It Was Accusing Them of Infringement ....................................... 4

    C. Headwater Waived Its Argument That Dr. Schonfeld Cannot Offer His Opinion that Sleeping and Deep Sleeping Constitute Non-Infringing Alternatives Because He Offered it in His Rebuttal Report .................................. 4

IV. CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Lectec Corp. v. Chattem, Inc.*,
    No. 5:08-CV-130, 2011 WL 13085199 (E.D. Tex. Feb. 1, 2011) ............................................. 5

*Netlist, Inc. v. Micron Tech., Inc.*,
    No. 2:22-CV-203-JRG-RSP, 2024 WL 326563 (E.D. Tex. Jan. 27, 2024) ............................... 5

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---|---|
| E | E-mail Exchange Between Counsel |
| F | Excerpts from Defendants' Supplemental Objections and Responses to Headwater Research LLC's First Set of Interrogatories (Nos. 1, 2, 5, 7, 16, 17, dated March 15, 2024 |
| G | 2024-01-17 Ltr. to Kodish fr. Wietholter |
| H | Excerpts from the Opening Report of Dr. Dan Schonfeld, dated March 29, 2024 |
| I | Supplemental Expert Report of Dr. Richard D. Wesel, dated April 25, 2024 |

\*   Emphasis added unless otherwise noted.

\*\*   Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*   In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

\*\*\*\*   In this brief, "UMF" refers to Undisputed Material Fact.

**PUBLIC VERSION**

## I.     INTRODUCTION

Samsung's Motion (Dkt. 235) noted that Headwater's infringement expert, Dr. Wesel, failed to allege that Samsung's Sleeping and Deep Sleeping Features satisfy any limitation of any asserted claim, and that Samsung's expert, Dr. Schonfeld, offered undisputed opinions detailing many reasons why those features do not infringe.  *See generally id.*  In support of its Motion, Samsung cited Dr. Schonfeld's opinions that the Sleeping and Deep Sleeping Features do not infringe, *id.* at 8 (citing Dkt. 235-3 at ¶¶ 313-17, 367-70, 382-83, 421, 428, 431, 437, 439-40, 476, 477-78, 507, 509-10, 516-22, 525, 528, 530-31, 549-50, 582-88), and that they can thus serve as non-infringing alternatives, *id.* (citing Dkt. 235-3 at ¶¶ 664-67, 691).

Having failed to allege infringement in Dr. Wesel's infringement report, and faced with having to respond to Samsung's Motion, Headwater attempts to "moot" the issue by "drop[ping] the sleeping and deep sleeping features from its infringement case." Dkt. 283 at 1.  However, because Samsung still contends that these features can serve as non-infringing alternatives, Headwater's decision not to accuse them in its "infringement case" does not alone moot the issue.

As there is no dispute that Samsung's Sleeping and Deep Sleeping Features do not infringe any of the asserted claims, the Court should grant Samsung's Motion for Summary Judgment.

## II.    THERE IS NO DISPUTE THAT SAMSUNG'S SLEEPING AND DEEP SLEEPING FEATURES DO NOT INFRINGE THE ASSERTED CLAIMS

In response to Samsung's Motion (Dkt. 235), Headwater does not dispute:

- Any of Samsung's UMFs;

- That its infringement expert, Dr. Wesel, failed to allege that Samsung's Sleeping and Deep Sleeping Features satisfy any limitation of any asserted independent claim;

- That Dr. Wesel failed to demonstrate that Samsung's Sleeping and Deep Sleeping Features satisfy any asserted dependent claims; or

- That Samsung's technical expert, Dr. Schonfeld, offered undisputed opinions detailing

1

various reasons why Samsung's Sleeping and Deep Sleeping Features do not infringe any asserted claim, and that they constitute non-infringing alternatives.

*See generally* Dkt. 283.  Accordingly, Samsung requests that the Court grant summary judgment of no infringement with respect to Samsung's Sleeping and Deep Sleeping features.

### III.  SAMSUNG'S MOTION FOR SUMMARY JUDGMENT IS NOT MOOT

To determine whether Samsung's Motion was truly "moot," Samsung sought clarification on June 3, 2024 as to whether Headwater would still contend "that the Sleeping and Deep Sleeping features infringe any asserted claim in response to Samsung's reliance on those features as non-infringing alternatives." Ex. E (E-mail Exchange Between Counsel) at 3.  Headwater did not respond.  And so, Samsung emailed Headwater again on June 5, 2024, seeking the same clarification. *Id.* at 2.  Rather than provide such assurance, Headwater responded that Samsung "waived its ability to rely on Sleeping / Deep Sleeping as an NIA" because Dr. Schonfeld only addressed those features as non-infringing alternatives in his rebuttal report. *Id.* at 1.  If Headwater raises this untimely argument for the first time in its sur-reply,[1] it should be rejected because:

- First, Samsung expressly told Headwater during fact discovery that the Sleeping and Deep Sleeping features could serve as non-infringing alternatives.

- Second, the only reason that Dr. Schonfeld addressed the Sleeping and Deep Sleeping Features in his rebuttal report, rather than his opening report, is because Headwater told Samsung that it would be accusing those features as part of its "infringement case," which Dr. Schonfeld would necessarily have to address in rebuttal.

- Third, Headwater waived any objection to Dr. Schonfeld's opinions on the basis that they were raised in his rebuttal report by admittedly not moving to strike his non-infringing alternative opinions for that reason.

#### A.  Samsung Expressly Identified the Sleeping and Deep Sleeping Features as Non-Infringing Alternatives During Fact Discovery

Headwater Interrogatory No. 17 asked Samsung to "[d]escribe and identify any planned,

---

[1] Raising such an argument for the first time in its sur-reply, rather than in its opposition, is improper and should also be rejected for that additional reason.

2

potential, alleged, or implemented design-around or non-infringing alternative of any claim of the Asserted Patents…" Ex. F (2024-03-15 Samsung Resp. to HW 1st Set of ROGs) at 134.

**On February 2, 2024**, Samsung responded, stating:



*Id.* at 137. In other words, Samsung told Headwater that any feature described in response to Interrogatory No. 5 that Headwater failed to accuse (i.e., that are "unaccused features") could serve as a non-infringing alternative. *Id.* Samsung's February 2, 2024 response to Interrogatory No. 5 included a detailed discussion of the Sleeping and Deep Sleeping Features. *See id.* at 88-89.

**On February 21, 2024**, Samsung supplemented its response to ROG. 17 to state: "Samsung incorporates by reference . . . Confidential Exhibit B." *Id.* at 138. Confidential Exhibit B was Samsung's non-infringement contentions, which detailed why features, such as Sleeping and Deep Sleeping, do not infringe. Thus, Samsung's February 21, 2024 response to Headwater's interrogatory on non-infringing alternatives incorporated Samsung's non-infringement positions with respect to Sleeping and Deep Sleeping.

**On March 15, 2024**, Samsung further supplemented its response to ROG. 17 to state:



*Id.* at 145. In other words, Samsung stated that ▮▮▮▮, including sleeping/deep sleeping, present ▮▮▮▮ *Id.*

3

### B. Dr. Schonfeld Identified the Sleeping and Deep Sleeping Features as Non-Infringing Alternatives in His Rebuttal Report Specifically Because Headwater Said It Was Accusing Them of Infringement

On January 17, 2024, Headwater notified Samsung that "Headwater's Infringement Contentions clearly identify 'Sleeping apps,' 'Deep sleeping apps,' and 'Never sleeping apps.'" Ex. G (2024-01-17 Ltr. To Kodish fr. Wietholter) at 3. Given Headwater's contentions—and despite having informed Headwater that Sleeping and Deep Sleeping are non-infringing alternatives if not accused, Ex. F (2024-03-15 Samsung Resp. to HW 1st Set of ROGs) at 134-38—Samsung was forced to treat them as accused and address them in Dr. Schonfeld's rebuttal report.

Moreover, in the non-infringing alternative section of his opening report, Dr. Schonfeld expressly reserved the right to address the "currently accused features"—which Headwater led Samsung to believe included Sleeping and Deep Sleeping—"in my rebuttal report." Ex. H (Schonfeld Rpt.) at ¶ 1237. That is precisely what he did. Indeed, in Dr. Schonfeld's rebuttal report, he noted that: "Dr. Wesel *never even attempts* to show that Samsung's Sleeping or Deep Sleeping features satisfy: (1) any limitation of (2) any claim of (3) any Asserted Patent"; and that "[i]f Samsung's Sleeping and Deep Sleeping features do not infringe the Asserted Patents—and again, Dr. Wesel has not even attempted to show that they infringe—then these features may serve as alternatives to the allegedly accused features." Dkt. 235-3 at ¶¶ 664-65.

### C. Headwater Waived Its Argument That Dr. Schonfeld Cannot Offer His Opinion that Sleeping and Deep Sleeping Constitute Non-Infringing Alternatives Because He Offered it in His Rebuttal Report

Finally, if Headwater objected to Dr. Schonfeld's opinion that Sleeping and Deep Sleeping can serve as non-infringing alternatives merely because he offered that opinion in his rebuttal report (again, only because Headwater falsely suggested it would be accusing them in Dr. Wesel's

4

opening report),[2] Headwater should have moved to strike on that basis. It did not. In fact, during a meet in confer on June 7, 2024 relating to the filing of the parties' forthcoming motions *in limine*, counsel for Headwater expressly conceded that they had not moved to strike Dr. Schonfeld's opinion that Sleeping / Deep Sleeping are non-infringing alternatives on the basis that he discussed this opinion in his rebuttal report. Thus, Headwater's objection to his opinion on that basis, at this late stage of the case, has itself been waived.[3] *See, e.g.*, *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 326563, at *3 (E.D. Tex. Jan. 27, 2024) (rejecting argument where party's prior motion to strike "did not assert this basis" in the motion); *Lectec Corp. v. Chattem, Inc.*, No. 5:08-CV-130, 2011 WL 13085199, at *2 (E.D. Tex. Feb. 1, 2011) (rejecting argument where "Plaintiff did not move to strike [expert's] report…"). To hold otherwise here would be to reward Headwater for falsely claiming it would be accusing Sleeping and Deep Sleeping of infringement in Dr. Wesel's infringement report.[4]

Nor can Headwater claim it was prejudiced by the fact that Dr. Schonfeld discussed Sleeping and Deep Sleeping as non-infringing alternatives in his rebuttal report. For example, in response to certain arguments laid out in Dr. Schonfeld's rebuttal report, dated April 19, 2024, Headwater served a "supplemental report" from Dr. Wesel on April 25, 2024. *See generally* Ex. I (Wesel Suppl. Rpt.). However, despite having the opportunity to respond to Dr. Schonfeld's rebuttal opinions, Dr. Wesel's untimely "supplemental report" again failed to offer *any* rebuttal to

---

[2] It was not clear until after the parties exchanged opening reports that Headwater's infringement expert chose not to analyze whether Sleeping and Deep Sleeping infringe any asserted claims.

[3] While Headwater did move to strike Dr. Schonfeld's non-infringing alternative opinions, including those relating to Sleeping/Deep Sleeping, *it did not do so on the basis that Dr. Schonfeld only offered these opinions in his rebuttal report*. *See* Dkt. 240 at 14-18.

[4] The Court should not permit Headwater to accuse features/products of infringement—that Headwater had no intention of addressing at trial—merely as a means to prevent Samsung's expert from addressing those features/products as a non-infringing alternatives in his opening report.

5

Dr. Schonfeld's opinion that Sleeping and Deep Sleeping constitute non-infringing alternatives.

## IV. CONCLUSION

Samsung requests that the Court grant summary judgment of no infringement with respect to Samsung's Sleeping and Deep Sleeping features.

Dated: June 7, 2024  Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart

GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670

7

Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 7, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jared Hartzman*
Jared Hartzman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Jared Hartzman*
Jared Hartzman