IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |

REPORT AND RECOMENDATION

Before the Court is Headwater's Motion for Partial Summary Judgment of No Invalidity Based on the T-Mobile G1 Systema and No Anticipation Based on Android 1.6 Plus Juice Defender. (**Dkt. No. 242**.) For the reasons provided below, the Court finds the motion should be **DENIED**.

## I. BACKGROUND

Broadly, Samsung alleges the claims of the '976 Patent are anticipated by Android 1.0 and 1.6 on a T-Mobile G1. Samsung points to two setting options available at least for first-party Android native applications such as Gmail. The "background data" setting allegedly disables such applications from "background data usage" and the "Auto-sync" setting disables such applications from automatically syncing, thus only syncing when directed by a user.

Headwater challenges Samsung's description and factual showing under these theories.

## II. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

1

Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"A patent is invalid if the claimed invention was "known or used by others in this country ... before the invention thereof by the applicant for patent," 35 U.S.C. § 102(a), or was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States," 35 U.S.C. § 102(b). Invalidity based on lack of novelty (often called "anticipation") requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee. *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995). Corroborating evidence is needed to supplement testimony "concerning the use of the invention in public before invention by the patentee (§ 102(a)), use of the invention in public one year before the patentee filed his patent (§ 102(b)), or invention before the patentee (§ 102(g))." *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999). "Reliable evidence of corroboration preferably comes in the form of physical records that were made contemporaneously with the alleged prior invention." *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 743 (Fed. Cir. 2002). However, Whether or not corroboration exists is a question of fact. *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171 (Fed. Cir. 2006).

### III.   ANALYSIS

Headwater challenges three of Samsung's invalidity arguments. First, Headwater challenges

Samsung's argument that T-Mobile G1 running Android OS 1.6 anticipates claim 1 of the '976 Patent arguing Samsung has not shown limitations 1[e], 1[f], or 1[g]. Second, Headwater challenges Samsung's argument that Android OS 1.0 anticipates on similar grounds. Last, Headwater argues Samsung has not shown JuiceDefender was in actual use such that it could anticipate.

Headwater contends that Samsung's "Background Data" theory as to Android OS 1.6 and Samsung's "Auto-sync" theory as to Android OS 1.6 and 1.0 both fail.

### A.  ANDROID

'976 Patent, claim 1 requires:

1[e] classify… whether or not the first end-user application, when running, is interacting in the device display foreground with the user,

1[f] … apply a first differential traffic control policy to Internet service activity on behalf of the first end-user application, such that Internet service activity on behalf of the first end-user application is disallowed when the one or more processors classify the first end-user application as not interacting in the device display foreground with the user,

1[g] indicate to the first end-user application, via an application program interface (API), one or more network access conditions based on the applied first differential traffic control policy,

Headwater contends Samsung has made an insufficient showing that these three limitations are met by an end-user application on T-Mobile G1.

Headwater first focuses on Samsung's evidentiary support that "native Android applications (e.g., Gmail, Calendar, and Contacts) would apply a differential traffic control policy to Internet service activity on behalf of the first end-user application, such that Internet service activity on behalf of the first end-user application is disallowed when the one or more processors classify the first end-user application not being in the foreground." Headwater contends that Samsung's expert, Dr. Schonfeld, never analyzed the source code for these applications or the relevant documentation but instead relies on uncorroborated testimony. In particular, Headwater contends Samsung's Background Data theory requires Gmail, Calendar, or Contacts to be specifically programmed to respect a certain

API flag but Dr. Schonfeld has no corroborating evidence to support such. Headwater makes a similar argument as to the Auto-Sync theory.

Headwater also argues "Dr. Schonfeld's theory requires showing that an application applies a policy based on a classification that the first end-user application is not interacting in the device display foreground" but Dr. Schonfeld never shows how the classification of 1[e] "gets used in connection with element 1[f], where internet service activity is disallowed." Headwater contends Dr. Schonfeld's Background Setting theory points to Activity Manager classifications of application importance but does not address Activity Manager or importance regarding limitation 1[f]. Instead, Headwater contends differential traffic control is controlled by a true or false flag based on a user selection, not Activity Manager or importance. As to the Auto-Sync theory, Headwater argues similarly that the Sync Setting cited for 1[f] does not apply policies based on the classification recited in 1[e]. Headwater contends the Auto-Sync setting disables automatic syncing regardless of whether the application is in the foreground or the background, and instead entirely disables automatic syncing.

Last, Headwater contends Samsung has not shown the "indication" cited by Dr. Schonfeld is "based on the applied first differential traffic control policy" as required by limitation 1[g]. Instead, Headwater contends the cited indication only provides a signal upon which an application applies a policy, in other words reversing the dependency. Headwater contends the true/false flag cited by Dr. Schonfeld as the indicator triggers the end-user application to apply traffic policies but never argues the flag is based on the applied traffic control policy.

Samsung responds to Headwater's first point by arguing that Dr. Schonfeld relies on much more than deposition testimony. While Samsung concedes Dr. Schonfeld did not review the application code for Gmail or others but did review the source code for Android OS including for many of the elements Dr. Schonfeld relies upon as well as a contemporaneous presentation. As to its Background Data policy setting theory, Samsung contends in addition to deposition testimony that best practices was to "listen to the get background data setting," which was expressly taught by a 2009 Google presentation. Samsung further points to user manuals evidencing that the first party apps adhere to this same practice. Under Samsung's Auto-Sync policy Setting theory, Samsung points to the physical T-Mobile G1, the user manual, and Sync Settings and Sync Manager files that would dictate when the first party applications could access internet services.

As to Headwater's second argument, Samsung contends the Background Data and Auto-Sync policies are predicated on the device's processor first classifying whether an end-user application is in the foreground or the background. Samsung contends Dr. Schonfeld's report ties the classification he discusses with the differential traffic control policies he discusses. Samsung points to Dr. Schonfeld's discussion of the ActivityManager's foreground/background classification to the "Background Data" policy setting. As to the Auto-Sync theory, Samsung contends automatic syncing occurs whenever the application is classified as being in the background, based on the classification that the application is permitted to access internet traffic to sync.

On the last point, Samsung responds that Headwater misunderstands Dr. Schonfeld's opinions. Under its Background Data Policy Setting theory, Samsung contends Dr. Schonfeld identified a "Background Data" policy that can enable a user to restrict an application's use of the network when operating in the background. Dr. Schonfeld argues that under this theory the true/false flag is reflected in the Connectivity Manager class and if it is set to false, this indicates the "Background Data" setting box is unchecked and the application should stop using background data. In this way, Samsung contends the Background Data policy is indicated by the true/false flag not vice versa. Under its "Auto-sync policy setting" theory, Samsung contends a SyncManager class manages syncs as described in the Sync Setting file. Samsung contends SyncManager APIs indicate information to applications.

The Court finds that Headwater has not established that Samsung cannot show Android 1.6 anticipates the asserted claims of the '976 patent. First, the Court finds that there is a genuine question of material fact on corroboration. Citation to source code, while generally preferable, is not the only means of showing the operation of a particular software. In evidence parlance, source code is direct evidence of the operation of software. Here, Samsung and Dr. Schonfeld rely on circumstantial evidence. One piece of circumstantial evidence relied upon by Dr. Schonfeld uses the deposition testimony of a representative of third-party Google. The Federal Circuit mandates corroboration of such evidence when used under §102(a) or (b). Here, Samsung points to a presentation and user manual as corroborating the Google witness on the operation of first-party applications. While these pieces of evidence do not directly address the function of these applications at the code level, when viewed in the light most favorable to Samsung they do corroborate the Google witness and support Dr. Schonfeld's understanding. It will be up to Samsung to effectively present corroboration at trial, but for purposes of summary judgment, Samsung's

showing is sufficient.

Second, Samsung has presented evidence that the ActivityManager classification based on importance is used to implement a traffic policy. Headwater's argument here is similar to that addressed above, that as Samsung has not demonstrated through source code that the ActivityManager classification is used with the background setting, Samsung cannot carry its burden. But the fact inquiry is not so rigid. Dr. Schonfeld draws a connection between the ActivityManager definition of foreground and background, and those used in the background setting, with testimonial support from Google's witness. Again, while this is not direct evidence, when viewed in the light most favorable to Samsung, it is enough to establish a genuine question of material fact.

As to auto-sync, Samsung has made a sufficient showing that the classification of 1[e] is used to apply a policy in 1[f]. While that policy is to allow data traffic in the background state rather than disallow it in some contradiction to the power and bandwidth saving teaching of the patent, it is sufficient to overcome Headwater's specific complaint.

Last, the Court is satisfied that the true/false flag identified by Samsung may indicate to the application an access condition based on the traffic control policy. Samsung has put forth a reasonable argument that the true/false flag is an indication of the Background Data setting policy selected by the user, not the policy itself.

### B. JUICEDEFENDER

Headwater contests whether Android 1.6 plus JuiceDefender running on a T-Mobile G1 can qualify as a single prior art system reference under §102. Headwater contends the particular version of JuiceDefender cited by Samsung was never installed on the T-Mobile G1 prior to the priority date. Headwater contends that JuiceDefender is not part of the Android operating system and that Dr. Schonfeld himself had to separately download it on the T-Mobile G1 he relied on. Headwater further argues that there is no evidence that JuiceDefender was ever publicly accessible.

Samsung responds that there is no requirement that JuiceDefender be a part of the Android operating system. Samsung further contends that given the T-Mobile G1 was one of the only Android phones available in January 2010 and that the relevant version of JuiceDefender was released and available

on the Google Play store January 2010, it is appropriate to conclude a T-Mobile G1 operated JuiceDefender by the relevant date.

Again, while Samsung has not pointed to direct evidence that a T-Mobile G1 device operated JuiceDefender by the relevant date, it has nonetheless sufficiently demonstrated a jury could conclude such. Here, Samsung has provided circumstantial evidence that such a device was known or in use, which when viewed in the light most favorable to Samsung would permit a jury to conclude such a device existed.

## IV.   CONCLUSION

For the reasons provided above, the Court recommends that the motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*. Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 28th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE