IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD. § <br> and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:22-cv-0422-JRG-RSP |

## REPORT AND RECOMENDATION

Before the Court is Samsung's Motion for Summary Judgment of Non-infringement relating to Samsung's Sleeping and Deep Sleeping Features (Dkt. No. 235).

In its Motion, Samsung notes that Headwater's expert never alleges the Sleeping and Deep Sleeping features meet any limitation of the asserted claims but in a rebuttal report Samsung's expert offers opinions that they do not. Samsung contends there is no evidence that the features infringe and undisputed evidence that they do not.

Headwater responds that it has dropped allegations that the Sleeping and Deep Sleeping Features infringe and thus the motion should be denied as moot. Samsung replies that it has set forth Sleeping and Deep Sleeping Features as non-infringing alternatives and thus its motion is not moot. Headwater sur-replies that Samsung should have raised its non-infringing alternative technical analysis in an opening report, not a rebuttal report and thus these features cannot be put forward as non-infringing alternatives.

While Headwater has dropped the allegations of infringement regarding these features, Samsung has put forth competent evidence that demonstrates the Sleeping and Deep Sleeping features are non-infringing. Headwater has presented no counter argument to this on the merits.

Accordingly, for whatever relevance such a finding may have going forward—including as one element in a non-infringing alternative analysis--Samsung is entitled to summary judgment that the Sleeping and Deep Sleeping features of the accused products do not infringe any of the asserted claims.  Whether there are other obstacles to treating these features as non-infringing alternatives is not properly before the Court on this motion, as it was only raised in the sur-reply.

Accordingly, IT IS RECOMMENDED that the motion for summary judgment (Dkt. No. 235) be GRANTED to the extent provided herein.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE