IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |

REPORT AND RECOMENDATION

Before the Court is Headwater's Motion for Partial Summary Judgment of No Invalidity Based on Written Description. (**Dkt. No. 230**.) For the reasons provided below, the Court finds the motion should be **DENIED**.

I.  APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving

1

party." *Id.*

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112(a). The Federal Circuit has consistently held that this statute sets forth two separate and distinct requirements, known as "enablement" and "written description." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). Although distinct, the doctrines of written description and enablement are related and "often rise and fall together." *Id.* at 1352. Both issues are routinely tried to a jury. *See, e.g.*, *Enzo Biochem, Inc. v. Applera Corp.*, 780 F.3d 1149, 1153 (Fed. Cir. 2015) ("The case then proceeded to a jury trial, where the jury found that the … patent was not invalid for lack of written description and enablement.")

"The test for the sufficiency of the written description 'is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (quoting *Ariad*, 598 F.3d at 1351). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Ariad*, 598 F.3d at 1351. Whether a patent complies with the written description requirement is a question of fact. *Id.* "A party must prove invalidity for lack of written description by clear and convincing evidence." *Vasudevan Software*, 782 F.3d at 682.

II.    ANALYSIS

Samsung's expert opines that the '976, '184, '445, and '578 patents "lack[] adequate written description support for the term 'classify, for a first end-user application … whether or not the first end-user application, when running, is interacting in the device display foreground with the user' / 'first end

2

user application is classified as interacting in the device display foreground with the user,' at least to the extent Headwater contends this limitation is met merely because an application is determined to be in the foreground i.e. with no assessment of user interaction." Schonfeld Opening Report at ¶555[1]. Samsung's expert summarizes "[t]o the extent Headwater attempts to equate determining or classifying a user interacting with a foreground application with an application merely being a foreground application, there is no written description support…." *Id*. at ¶557.[2]

Headwater argues there is no material dispute as to "determining or classifying a user [as] interacting with a foreground application" or "determine[ing] [an application] to be in the foreground." Headwater points to the specification providing "[i]n some embodiments, the network service usage control policy is dynamic based on one or more of the following: … monitoring of user interactions with the service activity, monitoring of user interaction with the device" and classification based on "whether the particular service usage activity is in foreground of user interaction or in the background of user interaction."

Samsung responds that Headwater misconstrues its argument under §112. Samsung contends that its §112 invalidity argument is based on Headwater's "equating (1) assessing whether an application is interacting with a user, and (2) determining whether an application is in the foreground" rather than whether either of those individual concepts were disclosed.

The Court finds that Headwater has not demonstrated the absence of a question of fact as to whether the specification "lacks adequate written description support for the term 'classify, for a first end-user application … whether or not the first end-user application, when running, is interacting in the device display foreground with the user' / 'first end user application is classified as interacting in the device

---

[1] The parties both refer to the '976 patent as representative of the other patents for this matter. The Court will do so for this motion as well.
[2] Neither party has raised the propriety of such a reading of the claims or of basing a §112 argument on such a reading. As such the Court addresses neither.

3

display foreground with the user,' at least to the extent Headwater contends this limitation is met merely because an application is determined to be in the foreground i.e. with no assessment of user interaction." Indeed, Headwater has barely addressed this issue. While the specification certainly addresses a determination whether the application is in the foreground and whether the user is interacting with the application, Headwater has identified no express discussion that determining that an application is in the foreground means the user is interacting with the application. As such, it is an open question of fact whether there is sufficient disclosure of "equating (1) assessing whether an application is interacting with a user, and (2) determining whether an application is in the foreground."

### III. CONCLUSION

For the reasons provided above, the Court recommends that the motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 30th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE