IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is Samsung's Motion to Strike Certain Opinions Offered by Mr. Erik de la Iglesia. (Dkt. No. 233.) For the reasons provided below, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I. APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

II.     ANALYSIS

Samsung contends that Headwater's validity expert has failed to address nexus in support of his secondary consideration opinions based on the ItsOn Solution. Samsung complains that

while it sought discovery on nexus early in this case, Headwater pushed off Samsung's request until expert discovery and then provided nothing.

Samsung argues that Mr. de la Iglesia's report opines that nexus is based on the marking of the ItsOn Solution, but since the marking website lists scores of patents, it is ineffective for nexus. Samsung contends this position was maintained through deposition with no other basis. Because the marking website lists far more patents than were asserted, and is missing several of the asserted patents[1], Samsung argues that *Fox Factory, Inc. v. SRAM, LLC*, 944 F3d 1366, 1377 (Fed. Cir. 2019) precludes nexus based only on marking.

Headwater responds that it does not rely on a presumption of nexus and instead Mr. de la Iglesia provided actual opinions supporting nexus.[2] First, Headwater contends Mr. de la Iglesia supplemented his report based on fact testimony as to ItsOn's marking practices. Headwater argues this supports the conclusion that ItsOn Solution practices the marked patents. Second, Headwater contends Mr. de la Iglesia also provides "ItsOn software, would, for example, disallow Internet service activity on behalf of end-user applications not interacting in the device display foreground with the user." Headwater contends this concept is closely tied to the independent claims of the marked patents.

In reply, Samsung marking here is not evidence of nexus because it does not tie the claims to the asserted secondary considerations. Samsung argues it is only attorney argument that ties the asserted claims to ItsOn's functionality. Samsung argues it is only Headwater's statement, not Mr. de la Iglesia's, that the concept Mr. de la Iglesia points to from the ItsOn Solution is tied to the claims.

---

[1] Headwater states that it stipulates that it will not present evidence or argument regarding the ItsOn Solution as providing evidence of secondary considerations for those unmarked patents. (Opp. at 1 N1.)
[2] Despite contending Mr. de la Iglesia never relies on a presumption of nexus, it argues that because Samsung contends the ItsOn Solution practices the patents for purposes of marking, it cannot take a counter position here.

In its reply, Samsung further moves to strike Mr. de la Iglesia's supplemental report. Samsung contends it is untimely and served well after the deadline and indeed after the filing of Samsung's motion.

Headwater responds that the supplemental report should not be stricken as it introduces no new opinions and was served only 3 days after the fact deposition that Headwater contends Samsung could have but chose not to take earlier. Headwater contends the supplementation is in accord with its Rule 26 obligations.

First, the Court strikes the supplemental report. It was served well out of time and with no real excuse. While Headwater points to a late fact deposition that it contends Samsung could have taken earlier, so too could have Headwater if it intended Mr. de la Iglesia to opine on it. The fact that this expert report was prepared after Samsung's motion to strike was filed is also troubling. The timing and substance of the motion strongly suggests to the Court that rather than simply meeting its obligations to supplement, Headwater is instead seeking to correct material errors. If Headwater had sought to correct those material errors based on diligent discovery practice rather than a delayed supplemental report served without leave and justified by pointing to a deposition it apparently did not seek, there may have been grounds to allow such a supplement, but it did not.

"For secondary considerations to have probative value, the decision maker must determine whether there is a nexus between the merits of the claimed invention and the secondary considerations." *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 306 n.42, 227 U.S.P.Q. 657 (Fed. Cir. 1985). To show nexus without a presumption of nexus as Headwater provides it does not argue, there must be "proof that the [secondary considerations] were a direct result of the unique characteristics of the claimed invention." *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996). Here Headwater argues, Mr. de la Iglesia opines that, because the ItsOn solution was marked, it practices the claimed invention. Therefore the ItsOn solution's roaming reduction feature is related to the claimed technology of the marked patents, and there is the necessary nexus.

The Court finds Mr. de la Iglesia has sufficiently testified to nexus to permit his opinions regarding secondary considerations. Mr. de la Iglesia testifies in his report that "[t]he ItsOn software offered benefits of battery saving and reduced network congestion similar to those offered by the accused features (because they practice the asserted claims)." (Dkt. No. 233-1 at ¶1334.) Mr. de la Iglesia then goes on to describe the ItsOn solution. (*See id.*). Without a presumption of nexus, Headwater is obligated to tie the practice of the claims to the secondary consideration. *See Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373–74 (Fed. Cir. 2019) ("A finding that a presumption of nexus is inappropriate does not end the inquiry into secondary considerations. *See In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996)"). Mr. de la Iglesia does so as cited above. While the quoted portion is very limited, that goes to weight and is for the jury, not the Court on a *Daubert* motion.[3]

### III.  CONCLUSION

For the reasons provided above, the motion is **GRANTED** to the extent of striking the May 24, 2024 Supplemental Report (Dkt. No. 270-1) and otherwise **DENIED**.

**SIGNED this 30th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] If Samsung felt there was insufficient evidence to find nexus, that would be raised by a motion for summary judgment, not a motion to strike.