IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0422-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMENDATION**

Before the Court is Headwater's Motion for Summary Judgment of No Inequitable Conduct (Dkt. No.243). For the reasons provided below, the Court recommends that the motion be **DENIED**.

## I.   APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence

1

is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. ANALYSIS

Headwater complains that Samsung cannot show inequitable conduct based on an alleged failure to disclose Android 1.0 and 1.6 to the PTO during prosecution of the asserted patents. Headwater largely contends that Samsung's showing strays from Android 1.0 and 1.6 and that when properly focused, Samsung cannot meet its burden.

First, Headwater argues Samsung cannot show materiality as Android 1.0 and 1.6 were disclosed to the Examiner. Headwater points to references in the specifications to Android OS as prior art. Headwater contends a POSITA would understand that this reference would refer to the limited number of Android OS releases at the time, namely 1.0 and 1.6. Headwater further contends Samsung cannot show that Android 1.0 and 1.6 are not cumulative of the disclosed references. Headwater points to testimony from Samsung's invalidity expert that he did not review the majority of the references cited by the examiner during prosecution and did not compare them to the Android references.

Further, Headwater contends Samsung cannot show deceptive intent. Headwater contends "[t]he objective facts and circumstances of this case undermine any notion that the inventors and prosecutors knew or believed that: (a) the Examiner was unaware of Android OS, including versions 1.0 and 1.6; and (b) the examiner would not have allowed the claims of the Asserted Patents had it been made aware of Android OS 1.0 and 1.6." Headwater contends that with the patents themselves referencing Android, and Headwater having submitted an IDS with several Android OS references as Headwater became aware of them, though as to later patents, there can be no finding that Headwater had any deceptive intent.

Samsung responds that materiality will be decided by the jury in this case. Samsung contends its inequitable conduct claim is based on the same art it points to for invalidity and if the

jury finds that one or more of the asserted claims are invalid, that is sufficient to establish materiality. Samsung further responds that the prosecuting attorney himself testified the referenced prior art is not cumulative of the art disclosed in prosecution. Samsung argues this is further supported by testimony by Dr. Schonfeld.

For deceptive intent, Samsung argues that the specification does not constitute adequate disclosure. Samsung largely argues that the specific, material portions of Android 1.0 and 1.6 were never disclosed even if Android as a whole was referenced. Samsung further argues that a citation in the specification is not the proper format and was never properly called out to the examiner. Samsung argues deceptive intent can be found from the named inventors' understanding of Android together with their choice not to disclose it specifically during prosecution.

The Court finds that Samsung has created a genuine question of material fact. First, the Court is not swayed by Headwater's contention that Samsung should be strictly cabined to Android 1.0 and 1.6 without reference to specific portions therein. Second, Headwater's showings, while strong material evidence in its favor, do not foreclose Samsung's counter showing. While the patents reference Android generally, it remains a fact question whether this adequately brought to the Patent Office the relevant portions of a large corpus of reference material so as to defeat deceptive intent or materiality. Android is dramatically broader than the patented invention, so the Court does not find its disclosure necessarily disclosed the relevant portions thereof that Headwater may have known of. The Court finds that materiality and whether the undisclosed art is cumulative, is an genuine fact issue. Likewise, the Court is unconvinced that Samsung has no evidence in support of deceptive intent. It is sufficient to point to relevant knowledge and understanding by the inventors and a conscious failure to disclose that knowledge.

### III.   CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the motion for summary judgment (Dkt. No.

243) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than August 14, 2024** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE