UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S NOTICE OF SUPPLEMENTAL FACTS REGARDING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT OPINIONS OF DR. DAN SCHONFELD (DKT. 240)**

Plaintiff Headwater Research LLC ("Headwater") respectfully submits this notice of supplemental facts regarding Headwater's motion to strike portions of the expert opinions of Dr. Dan Schonfeld (Dkt. 240, "Motion").

Section I of Headwater's Motion seeks to strike Samsung expert Dr. Schonfeld's non-infringement argument regarding differential traffic controls "based on network type." *See* Dkt. 240 at 1-14; Dkt. 286 at 1-5. Dr. Schonfeld asserted in his report that claim limitation 1[f] of U.S. Patent No. 9,143,976 ("'976 patent") requires "determin[ing] when the device is connected to a WWAN" and then "apply[ing] traffic control policies ***only*** during that time." Dkt. 239-2 ¶ 337 (emphasis added). Dr. Schonfeld further asserted in his report that claim 1[f] requires "apply[ing] policies '*exclusively*' in WWAN mode" and that "if a policy applies when the device is connected to a WWAN ***or*** a WLAN (*i.e.*, regardless of network type), that device does not satisfy the Asserted Claims." *Id.* ¶¶ 376, 338 (first emphasis added).

1

As the Motion explains, Dr. Schonfeld's non-infringement argument depends on an erroneous claim construction that Samsung itself admits is incorrect. Over a year ago, Samsung submitted an IPR petition explaining that "the plain meaning" of '976 claim 1[f] does not require any distinction between WWAN and WLAN, and is instead met by **any** mobile device that supports both WWAN and WLAN communication and is configured to apply the claimed policy to WWAN communication. *E.g.*, Dkt. 240 at 3-4.[1] Both Headwater and the PTAB agreed with this interpretation of claim 1[f], which is consistent with the claim language itself.

Now, less than a week ago (and approximately a week before trial was scheduled to begin), Samsung filed a request for *ex parte* reexamination ("EPR") of the '976 patent. *See* Ex. 1 (8/7/2024 EPR Request). In this request, Samsung again confirmed the proper interpretation of '976 claim 1[f] and (like Samsung's earlier IPR petition) contradicted Dr. Schonfeld's interpretation of claim 1[f]. With respect to '976 claim 1[f] (limitation 1.7 in Samsung's EPR), Samsung's request states:

> Moreover, *the plain meaning of this limitation* ['976 claim 1[f]] *does not require any mobile device configuration in which policy application exclusively occurs* when Internet service activities of a mobile device is communicated *through a WWAN mode*. Appx. C, ¶244. *Rather, as explained above,* **the limitation is met by <u>any</u> mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN.**

Ex. 1 at 159 (emphasis added).

Samsung is bound by these representations, which it has repeatedly made to the Patent

---

[1] In opposing Headwater's Motion, Samsung attempted to rewrite Dr. Schonfeld's stated position, arguing that '976 claim 1[f] "at least require[s] that the recited condition (i.e. WWAN connectivity) be evaluated and a control policy applied as a result, i.e., based on network type." Dkt. 269 at 11-12. But no such "cause-and-effect" requirement is stated in the claim, as explained in Headwater's reply brief (*see, e.g.*, Dkt. 286 at 1-3). Samsung's new *ex parte* reexamination statements likewise contradict any such requirement. Specifically, Samsung states that claim 1[f] is met by *any* mobile device configuration in which policy application *occurs on* a mobile device configured to communicate over either a WWAN or WLAN. This acknowledges that the same control policy could be applied when the device communicates with either a WWAN or WLAN. All that matters is that *when* ("for a time period when . . .") the WWAN is used, policy application "*occurs.*"

Office before and after briefing on this Motion—both in its 8/11/2023 IPR petition and in its 8/7/2024 EPR request. Dr. Schonfeld should not be allowed to assert non-infringement in this case based on a claim requirement that does not exist (and which Samsung has twice admitted does not exist). *See* Ex. 1 at 159 (discussing "the plain meaning" of '976 claim 1[f] and explaining that "the limitation is met by ***any*** mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN" (emphasis added)).

This only further shows that the Court should grant Section I of Headwater's motion to strike (Dkt. 240). In the alternative, the Court should: (1) resolve the parties' *O2 Micro* dispute by adopting Samsung's EPR statements about the scope of '976 claim 1[f]; and (2) preclude Samsung from offering argument or evidence in this case that is inconsistent with its EPR statements.

Dated:  August 13, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Adam Hoffman
CA State Bar No. 218740
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden

3

CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of August 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Reza Mirzaie*
Reza Mirzaie