IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL FACTS REGARDING PLAINTFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT OPINIONS OF DR. DAN SCHONFELD (DKT. 409)

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") file this Response to Plaintiff's Notice of Supplemental Facts Regarding Plaintiff's Motion to Strike Portions of the Expert Opinions of Dr. Dan Schonfeld (Dkt. 409). Headwater's purported "Notice of Supplemental Facts" ("Notice") offers no new information pertinent to the outstanding dispute, but instead repeats arguments and misstatements from its previous briefing on this issue. As such, Headwater's Notice is, in reality, an unsanctioned sur-sur-reply. The Court should deny the relief requested in Headwater's original motion (Dkt. 240, "Motion to Strike") and the improper, untimely, newly-requested relief in Headwater's "Notice."

Headwater contends its Notice offers "supplemental facts" in support of its Motion to Strike. However, the sole alleged "supplemental fact" is merely that Samsung repeated, in a recently-filed request for ex parte reexamination ("EPR") of the '976 patent, a statement identical to one it made in a previously-filed IPR petition—a statement Headwater already identified for this Court in its Motion to Strike. Indeed, in Headwater's Motion to Strike, it wrongly argued that

one sentence in Samsung's IPR petition contradicted Samsung's technical expert's non-infringement opinion in this litigation. Dkt. 240 at 3. Headwater's Notice merely points out that Samsung's EPR contains the exact same sentence:

| Headwater's Motion to Strike (Dkt. 240) | Headwater's Notice of Supplemental Facts (Dkt. 409) |
|---|---|
| "Dr. Schonfeld's argument contradicts Samsung's IPR petition stating…*the limitation is met by any mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN*." | "With respect to '976 claim 1[f] (limitation 1.7 in Samsung's EPR), Samsung's request states…*the limitation is met by any mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN*. |
| Dkt. 240 at 3. | Notice at 2. |

As such, there are no actual new facts for the Court to consider.

With respect to the substance of the Samsung statement-at-issue, Samsung's response to Headwater's Motion to Strike already explained how Headwater's motion repeatedly mischaracterized Samsung's IPR filings and Samsung's relevant non-infringement position in order to manufacture an alleged contradiction where none exists. *See* Dkt. 269 at 2-14. Thus, Samsung's response and sur-reply to Headwater's Motion to Strike apply equally to the arguments in Headwater's Notice.

Beyond identifying that Samsung's EPR has a statement consistent with its IPR, Headwater's Notice goes on to repeat mischaracterizations from its Motion to Strike. For instance, Headwater again misstates that Samsung's technical expert opined that the relevant '976 patent claim limitation requires a policy that applies *"only"* and *"exclusively"* in WWAN mode. Notice at 1; *see also* Dkt. 269 (Opp. to Motion to Strike) at 9. Samsung's expert never offered that opinion, which is easily shown by the fact that his pertinent expert report used the word "exclusively" only once and only to *quote Headwater*. Dkt. 269 (Opp. to Motion to Strike) at

2

9. Headwater's willingness to repeatedly mischaracterize Samsung's non-infringement positions is further shown by the fact that Headwater's characterization of Samsung's (and its expert's) non-infringement positions changes depending on Headwater's audience and objective at any given time. For example, Headwater's Motion to Strike and its Notice contend that Samsung's and its technical expert's, "Dr. Schonfeld's interpretation of the '976 patent [] would require applying policies 'only' and 'exclusively' when the device is connected to a WWAN network." Motion to Strike at 14; *see also* Notice at 1 (stating that Samsung's non-infringement defense is based on "apply[ing] policies ***exclusively*** in WWAN mode."). Conversely, at the parties' pre-trial conference, Headwater advanced an entirely different characterization of the same Samsung non-infringement argument—without reference to any purported "only" and "exclusively" requirement. Headwater instead represented that "Samsung's [non-infringement] position is that the policy must be applied based on network type. And in other words, Samsung believes the policy needs to be applied differently to WWAN networks, which would be like a cellular network, versus WLAN networks, like a wi-fi network." Ex. A (Pretrial Conf. Trans.) at 43-44. In this instance, Headwater uses its ever-changing alleged understanding of Samsung's non-infringement argument to manufacture a false contradiction with Samsung's EPR, where no such inconsistency exists.

    Headwater's Notice also repeats its misstatement that Samsung's technical expert's non-infringement opinion requires a claim construction. Notice at 2. No matter how many times Headwater states this position, it remains false for all the reasons set forth in Samsung's briefing on Headwater's Motion to Strike. Dkt. 269 at 4-6. Samsung's technical expert's non-infringement opinion on the pertinent limitation stems from the plain claim language itself, nothing more. Dkt. 269 at 2-6. And Samsung's and its technical expert's non-infringement position has remained

consistent throughout this case, consistent with Samsung's IPR and EPR filings, and consistent with the plain language of the claim.

Finally, Headwater improperly uses its purported "Notice" to lodge a new request for additional sweeping and unjustified relief under its pending Motion to Strike. First, Headwater wrongly suggests there is an "*O2 Micro* dispute" and the Court should "adopt[] Samsung's EPR statements about the scope of '976 claim 1[f]." Notice at 3. There is no such dispute requiring construction because Samsung, and its expert, are relying solely on the plain language of the claim to explain why the accused products do not satisfy the pertinent limitation. *Innovation Scis., LLC v. Amazon.com, Inc.*, Civil Action No. 4:18-CV-000474, 2020 U.S. Dist. LEXIS 150773, at *6-7 (E.D. Tex. Aug. 20, 2020) (stating "an opinion that a person of ordinary skill in the art ('POSITA') would find the accused product does not meet a claim limitation constitutes a non-infringement opinion, does not amount to claim construction, and is properly presentable to the jury" and "[f]or terms given their plain and ordinary meaning, the jury is free to apply an expert's description of the claims if it is consistent with the jury's understanding.") (internal citations and quotations omitted)). Headwater provides no valid legal or factual basis for its demand that the Court construe the claims—much less in a manner consistent with Headwater's mischaracterization of one cherry-picked sentence from Samsung's EPR filing. Samsung disclosed the relevant non-infringement defense many, many months ago, and at no point in time did Headwater contend Samsung's argument was based on, or required, any claim construction. Dkt. 269 at 3-4. Samsung's EPR filing does nothing to change that.

Second, Headwater requests, with no legal support, that the Court "preclude Samsung from offering argument or evidence in this case that is inconsistent with its EPR statements." Notice at 3. This request is as meritless as it is vague. Headwater does not contend that Samsung did not

properly disclose its intent to make the non-infringement argument at issue. Thus, there is no basis to strike any Samsung argument or evidence related to this non-infringement argument based on timeliness of disclosure. Headwater's argument that Samsung's position is "inconsistent with its EPR statements" is just as flawed as it was when Headwater presented the exact same argument with respect to Samsung's identical IPR statements. *Supra* at 1-2; Dkt. 269 at 2-16. To make its argument, Headwater must repeatedly mischaracterize both Samsung's non-infringement argument in this litigation and Samsung's statements in its IPR and EPR. *Id.* Also, it would be unjust for the Court to preclude Samsung from making arguments based on Headwater's mischaracterization of Samsung's purportedly contradictory statements made during IPR or EPR proceedings given that Samsung has already been precluded from confronting Headwater at trial with Headwater's statements to the PTAB, which directly contradict Headwater's litigation positions on this same limitation. Dkt. 269 at 6-8; Ex. A (Pretrial Conf. Trans.) at 65 (granting-in-part Headwater's Motion in Limine No. 2 to preclude Samsung's expert from relying on statements Headwater made to the PTAB that directly contradict Headwater's litigation positions); *see also* Dkt. 350 at 2 (granting-in-part MIL No. 2).

For the above reasons, and reasons set forth in Samsung's briefing on Headwater's Motion to Strike, Headwater's motion should be denied.

Dated: August 14, 2024

Respectfully submitted,

By:   /s/ Benjamin K. Thompson
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

6

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt

Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 14, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                        */s/ Benjamin K. Thompson*
                                         Benjamin K. Thompson