# EXHIBIT A

```
                    THE UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
                         MARSHALL DIVISION

                            *  *  *  *  *

HEADWATER RESEARCH, LLC      *    NO. 2:22-CV-422-JRG-RSP
                             *    Marshall, Texas
VS.                          *    9:00 a.m. - 12:15 p.m.
                             *    1:17 p.m. - 4:50 p.m.
SAMSUNG ELECTRONICS, et al   *    July 2, 2024

                            *  *  *  *  *
```

**PRE-TRIAL PROCEEDINGS**

BEFORE JUDGE ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

\* \* \* \* \*

Proceedings recorded by computer stenography
Produced by computer-aided transcription

*EDWARD L. REED*
EdReedCR@aol.com
409-330-1605

1  I'll see what I can do.
2              THE COURT:  All right.
3              MR. DAVIS:  So, with respect to Motion in
4  Limine No. 2, Samsung intends to argue at trial that
5  the plain meaning of a particular claim limitation,
6  such as '976 patent, Claim 1(f), has a requirement
7  that's not written in the claim.  This is a belated
8  claim construction argument, it's barred by judicial
9  estoppel and waiver.
10             And this is what prompted Headwater's
11 MIL No. 2 because Samsung seeks to support this
12 argument with improper evidence.  That's why
13 Headwater's Note 2 seeks to preclude the parties from
14 introducing or referring to IPR statements, testimony
15 of experts not testifying at trial, or related inventor
16 testimony for purposes of arguing the plain meaning of
17 a claim term.
18             Just as background, Your Honor, the
19 limitation at issue, Claim 1(f) of the '976 patent
20 requires "for a time period when data for Internet
21 service activities is communicated through a WWAN modem
22 connection to the at least one WWAN, apply a first
23 differential traffic control policy."
24             Now, in short, Samsung's position is that
25 the policy must be applied based on network type.  And

1   in other words, Samsung believes the policy needs to be
2   applied differently to WWAN networks, which would be
3   like a cellular network, versus WLAN networks, like a
4   wi-fi network.  That's wrong for various reasons, but
5   focusing on the evidentiary problems is what we do with
6   respect to MIL No. 2.
7                    So, if we could go to slide 29, what you
8   see listed here, Samsung seeks to introduce, as
9   supposed evidence of plain meaning, Headwater's POPR
10  from the '976 patent IPR proceeding.  That's DX 389, as
11  well as deposition testimony from Headwater's claim
12  construction expert, Dr. Chrissan.  That expert is not
13  coming to trial.  And then relatedly, deposition
14  testimony from an inventor, James Lavine, who refers
15  explicitly to Dr. Chrissan's claim construction
16  testimony.
17                   So, going on to the next slide, I'll
18  explain why all of this is improper.  For starters,
19  introducing Headwater's POPR would plainly violate
20  Court MIL No. 6.
21            THE COURT:  Let me interrupt you, Mr. Davis.
22  What do you rely upon to argue that Samsung's witness
23  is going to rely on the three items you have listed on
24  slide 29 to support what he contends is the plain
25  meaning of the claim?

```
 1              THE COURT:  I recall that argument.
 2              MR. DAVIS:  I'm sorry?
 3              THE COURT:  I recall that argument from
 4   before the break.  You don't need to repeat it now.
 5              MR. DAVIS:  I'm sorry, Your Honor.
 6              And so I think it's clear that claim
 7   construction is what Dr. Schonfeld is doing because
 8   he's trying to add a limitation that we don't see in
 9   the claim.  Now, this is just sort of under the guise
10   of plain meaning.  So, with that, I'm happy to answer
11   any questions you have, Your Honor.
12              THE COURT:  All right, thank you, Mr. Davis.
13              I'm going to grant the Plaintiff's MIL
14   No. 2 to the extent of a reference by the witness to
15   the POPR and proceedings before the IPR.  I'm going to
16   deny it as to the reliance upon Dr. Chrissan and
17   Mr. Lavine.  And I'll consider those arguments further
18   to the extent they relate to the pending Daubert
19   motion.  But if the MIL is granted just to the extent
20   of the IPR proceedings.
21              Which takes us to No. 3.
22              MR. PICKENS:  Good morning, Your Honor.  My
23   name is James Pickens here for Plaintiff Headwater to
24   address Headwater's Motion in Limine No. 3.
25              THE COURT:  All right.
```