**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OBJECTIONS TO REPORT AND RECOMMENDATION RE STANDING
MOTIONS AND RELATED SANCTIONS MOTION (DKT. 399)**

**ABBREVIATIONS INDEX**

| In Full | Abbreviation |
|---|---|
| Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s | Samsung |
| Plaintiff Headwater Research LLC and all its purported predecessors | HW or Headwater |
| Russ, August, & Kabat | RAK |
| Case No. 2:22-CV-00422-JRG-RSP | -422 case or the present case |
| Case No. 2:23-CV-00103-JRG-RSP | -103 case or follow-on case |
| Samsung's Motion to Dismiss for Lack of Standing (Dkt. 236); Headwater's Motion for Partial Summary Judgment as to Samsung's Standing Defense (Dkt. 241) | Standing Motions |
| Hearing on the Standing Motions, held June 27, 2024 | 1st Standing Hearing |
| Evidentiary Hearing on the Standing Motions, held July 25, 2024 | 2nd Standing Hearing |

Emphasis added unless otherwise noted.

On August 2, 2024, the Court issued an R&R (Dkt. 399) recommending (1) denying Samsung's Motion to Dismiss for Lack of Standing (Dkt. 236), (2) denying Samsung's Second Motion for Sanctions (Dkt. 366), and (3) granting Headwater's Motion for Partial Summary Judgment on Standing (Dkt. 241). Per 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule CV-72, Samsung respectfully objects and seeks *de novo* review. Headwater lacks standing because Qualcomm is a co-owner of the asserted patent through employment contracts. The Court should vacate the R&R because (a) Headwater withheld critical evidence, (b) the R&R relies upon alleged facts previously hidden from Samsung and first disclosed at an evidentiary hearing, and (c) the R&R misconstrues the burden of proof.

## I. BACKGROUND

### A. The Headwater Inventors Assigned the Asserted Patent to Qualcomm

As detailed in Samsung's motion to dismiss (Dkt. 236), Headwater principal Dr. Greg Raleigh assigned to Qualcomm all inventions and ideas he conceived while employed at Qualcomm. Dkt. 236-13 ¶ 1.2. Raleigh formed HW affiliate ItsOn ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ Dkt. 386 at 88:13-18. He also publicly admitted he had the idea for HW's technology while at Qualcomm. Dkt. 236-1 at 46:00-46:51 (Raleigh stating he had an idea at Qualcomm which he took to HW and which is "now in every smartphone on the planet"); Dkt. 236 at 3. At the evidentiary hearing, Raleigh could identify no ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 386 at 116:21-117:21 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"). However, rather than finding Raleigh not credible, the R&R discards his admission as "bluster." R&R at 13.

In addition, Raleigh's contract with Qualcomm creates the presumption that any patent application filed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 236-13 ¶ 1.4. Raleigh filed the '354 provisional patent application on January 28, 2009 (Dkt. 236-26), within one year

1

of leaving Qualcomm on September 19, 2008 (Dkt. 236-16). HW admits the '354 provisional evidences ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 236-28 at 8-9. Because HW fails to rebut the presumption, Qualcomm is thus a co-owner through Raleigh. It is also a co-owner through another employee, Dr. Ali Raissinia. Raissinia is a named inventor on the '022 patent application that the parties agree provides priority to the asserted '976 patent. Dkts. 236-29, 236-28 at 36-37. He signed the same contract as Raleigh. Dkt. 236-14. And he filed the '022 application on May 25, 2010, within one year of leaving Qualcomm on November 30, 2009. Dkt. 236-30.

The Court heard the parties' standing motions on June 27 (Dkt. 343) and conducted an evidentiary hearing on July 25 (Dkt. 382). The R&R correctly describes Raleigh and Raissinia's contractual obligations and holds the contracts valid, ruling in favor of Samsung on most issues. However, it relies on undisclosed evidence, uncorroborated inventor testimony, and an incorrect burden of proof to find standing based on Raleigh's previously concealed "ah-ha" moment.

B. **HW/Raleigh Withheld Documents and Testimony**

As detailed in Samsung's second motion for sanctions (Dkt. 366), HW and Raleigh stonewalled Samsung's standing discovery, including forcing motion practice before consenting to Qualcomm producing Raleigh's employment records (*id.* at § I.B) and refusing to answer (or saying he did not understand) basic conception-related questions at Raleigh's deposition. *See* Dkt. 396-4 at 355:5-364:22; *id.* at 363:24-364:5 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓").

Then, on June 14, 2024, one month after discovery closed, Samsung learned that HW had not produced material standing-related emails. Samsung immediately requested them, and RAK supposedly started looking for them. Dkt. 378-1 ("Tsuei Decl.") ¶¶ 12-13. **While actively looking**, HW told the Court: (1) (as part of the JPTO filing) that "[f]ull and complete disclosure has been

2

made in accordance with" the FRCP and Court's orders (Dkt. 340 at 39); and (2) that there was "no other evidence" or other "information to be had." Dkt. 366 at §I.D (outlining RAK's June 27 hearing statements). Then between July 1-15, HW produced four new standing documents. HW said three of these documents were inadvertently tagged as privileged and logged (yet their descriptions did not include the Qualcomm senders/recipients or mention Qualcomm). Dkt. 378-1 at 2. HW said it had marked the fourth document nonresponsive because it did not search for the word "Qualcomm." *See* Dkt. 378 at §III.C. The withheld documents relate to HW's interactions with Qualcomm, which are an important part of the R&R. *E.g.*, R&R at 9-11.

Ten days later, at the July 25 evidentiary hearing, Raleigh disclosed his conception "recollection" for the first time, testifying that he had an alleged "ah-ha moment" ███████████ ███████████. Dkt. 396 at 2-3; Dkt. 386 at 22:11-12. HW did not disclose this "ah-ha" moment in its interrogatory responses. Raleigh did not disclose this moment at his depositions. And Raleigh's opportunistic "recollection" at the evidentiary hearing was not aided by any documents. Dkt. 396 at 3. Nonetheless, the R&R bases its standing conclusion on this new testimony. R&R at 7, 14. HW's conduct resembles its other misconduct that the Court recently sanctioned. Dkt. 401.[1] However, the R&R denies Samsung's second sanctions motion in a footnote. R&R at n.1.

## II. ARGUMENT

### A. The Court Should Grant Sanctions

The R&R gives three reasons/findings for denying sanctions. R&R, n.1. Respectfully, each is incorrect, as detailed below.

<u>Finding 1</u>: "The Court finds Headwater's explanation for having not timely found emails

---

[1] On August 2, the Court sanctioned Raleigh and HW for withholding other discovery from Samsung and lying about it. *See* Dkt. 401.

3

more than a decade ago convincing." R&R n.1.

*First*, it is incorrect that HW "did not timely find" the four late documents. It found three during fact discovery; admitted to improperly logging them; and failed to cure that error despite rounds of privilege disputes and months of "relevance review." HW said it did not find one of the four late documents because it admitted it never searched for "Qualcomm," which speaks for itself. *Second*, Finding 1 focuses exclusively on the late documents. It ignores Raleigh's late "ah-ha" moment, which HW (1) withheld from its interrogatory responses; (2) withheld from its/Raleigh's deposition testimony, and (3) shamelessly, in monologues, first disclosed at the 2nd Standing Hearing. There is **no basis** for this sudden, self-serving recollection, unaided by any documents, on which the Court bases its Standing finding.

> Finding 2: "[N]either the subject matter of the material Headwater produced late, nor the documents themselves materially alter the analysis on standing." R&R n.1.

*First*, it is not what the late documents state, but what they show. As explained in briefing, they reveal former Qualcomm employees whom HW admits it should have disclosed on its initial disclosures. Dkt. 378 at 14. And Qualcomm could have used these former employees' names to search its records. Further, the late documents reveal that HW ████████████████████████████████████████████████████████████████. Dkt. 383-9 at HW 00104078; Dkt. 383-8. This was a huge admission from Raleigh who obviously understood his company faced an existential problem. *Second*, Finding 2 (again) focuses exclusively on the late documents, ignoring the "ah-ha" moment disclosed for the first time at the hearing. That the Court based its standing ruling on this withheld discovery (the "ah-ha" moment) cements its materiality.

> Finding 3: "As such the Court finds that there is insufficient grounds to grant Samsung's requested terminating sanctions." R&R n.1.

Samsung contends terminating sanctions (via an established fact of conception) are

4

warranted because the dishonest conduct extends to the client. However, Samsung also requested lesser sanctions not addressed by the R&R, such as (1) an adverse inference that HW knowingly concealed discovery materially harmful to its position on ownership and standing; (2) an order precluding HW from relying on any Qualcomm evidence it contends is favorable, and (3) an order precluding HW from relying on Raleigh's testimony about standing issues. Dkt. 396 at 5. Samsung respectfully submits that *some* sanction is necessary to dissuade HW/Raleigh's serial abuse of the discovery process. Raleigh withheld his self-serving conception story until the determinative evidentiary hearing on this issue. HW certified to the Court (via the JPTO filing) and told the Court (at the 1st Standing Hearing) that it had produced and disclosed all relevant discovery and there was nothing else out there. HW did so while actively looking for missing documents—several of which had been improperly included on a privilege log—and while withholding Raleigh's "ah-ha" moment. This dishonesty and manipulation of the judicial process should be sanctioned, even if it is not via an established fact of conception.

### B. The Court Should Dismiss for Lack of Standing

#### 1. The R&R Relies on Improperly Withheld Evidence

The R&R turns on Raleigh's previously undisclosed testimony. *E.g.*, R&R at 14 ("the Court falls back to the most credible and only testimony on the issue, that of Dr. Raleigh"). It also cites "Samsung's lack of evidence from Qualcomm" (R&R at 11), which was caused by HW's misconduct. The Court should vacate the R&R's finding of standing on this basis alone.

#### 2. HW Bears the Burden of Proof

HW bears the burden of proof, both on standing (under Federal Circuit law) and on the date of conception (under the Qualcomm contracts). "When, as here, multiple inventors are listed on the face of the patent, each co-owner 'presumptively owns a pro rata undivided interest in the entire patent . . . .'" *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1263 (Fed. Cir. 2007).

5

Each inventor can separately assign their interest in the whole patent. Moreover, "[w]here one co-owner possesses an undivided part of the entire patent, that joint owner ***must join all the other co-owners to establish standing***." *Id.* at 1264 (emphasis added). Headwater, as "[t]he party bringing the action," bears "the burden of establishing that it has standing to sue for infringement." *MHL Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011).

### 3. The R&R Applies the Wrong Burden of Proof

Because conception is a "mental act," subject to self-serving recollection of events long past, inventor testimony must be corroborated. *Dawson v. Dawson*, 710 F.3d 1347, 1352 and n.1 (Fed. Cir. 2013) (ruling against party with burden on conception, like so many conception cases). HW itself admitted the burden of proving conception is "exacting." Dkt. 287 at 2. The R&R declines to require such an "exacting conception showing with corroboration." R&R at 11-12. It does so because Raleigh was required to show conception "after" employment rather than "prior to" it. *Id.* at 12. However, this is a distinction without a difference, and the Federal Circuit has never drawn such a distinction. *See Preston v. Marathon Oil Co.*, 684 F.3d 1276, 1288 (Fed. Cir. 2012) (requiring corrobation to establish conception under employment contract); *see also Swinford v. Coil Tubing Tech., Inc.,* 2022 WL 5430089, at *1 (S.D. Tex. 2022) (placing burden on employee to prove conception ***after*** employment, with corroboration). The R&R attempts to strike a middle ground by requiring *partial* corroboration, but cites no authority for this approach. R&R at 12 ("the Court does not expect this corroboration to demonstrate his exact moment of conception or a lack of prior conception"). This is contrary to law.

The R&R also cites customer presentations as partial corroboration even though HW did not link them to the claims ("device side solution" is not claimed). *See id.* at 12-13. This is another error. *iRobot Corp. v. Sharkninja Operating LLC*, 2024 WL 3687981, *3-4 (Fed. Cir. Aug. 7, 2024) (rejecting corroboration not linked to claim elements). Contrary to the R&R, Samsung did

6

not concede "device side solution" approximates the claims, and it was HW's burden to establish otherwise. HW never offered any testimony from Raleigh or an expert on this topic. Samsung also demonstrated that Raleigh himself was unable to say what the essence of the '976 patent invention even is. *See* Dkt. 386 at 80:24-81:82:5.

In the end, the R&R "falls back" to the testimony of Raleigh (R&R 14) and cites nothing to corroborate Raissinia's testimony (*id.* at 11). This is again wrong as a matter of law. *Shu-Hui Chen v. Bouchard*, 347 F.3d 1299, 1309-10 (Fed. Cir. 2003) ("'rule of reason' analysis does not alter the requirement of corroboration of an inventor's testimony"). HW was unable even to identify what Raissinia contributed to the claimed invention. Dkt. 236-10 at 46:23-49:21, 51:5-52:4; Dkt. 236-11 at 111:18-114:5.[2] And the Court agreed HW's applications are not themselves corroboration, so the R&R does not rely upon HW's applications. Dkt. 386 at 173:24-174:20.

Finally, HW **withheld Raleigh's inventor notes as privileged**, causing the Court concern at the hearing. Dkt. 386 at 136:3-137:15 ("if you choose to withhold evidence of conception, you'll just have to deal with the consequences of that"). However, the R&R does not mention privilege. Failure to consider Raleigh's notes (he has none after leaving Qualcomm) is inconsistent with the Court's duty to consider "the totality of the evidence." *Intell. Ventures II LLC v. Motorola*, 692 F. App'x 626, 627 (Fed. Cir. 2017). The consequence of Raleigh's assertion of privilege is he has no evidence of when he *first* conceived the claimed invention—and he should be required to live with the consequence. Moreover, since HW admits ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] 35 U.S.C. § 116 provides that inventors may jointly file "even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent." Joint inventorship merely requires "some element of joint behavior, such as . . . one inventor seeing a relevant report and building upon it or hearing another's suggestion at a meeting." *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 916-17 (Fed. Cir. 1992).

7

███████████████████████████████████ Dkt. 236-28 at 9, and Raleigh was at Qualcomm until September 19, Headwater has the burden of proving conception after that. Without inventor notes, it cannot do so.

The bottom line is the R&R does not hold HW to the established burden of proving the date of first conception (specific idea linked to the claims, with corroboration), and HW simply has no such evidence in the record. Since HW cannot meet its burden under the law to establish standing or its burden under the Qualcomm contracts to prove the date of first conception, the Court should grant Samsung's motion.

### 4. The R&R Does Not Address Qualcomm's Ownership of "Ideas"

Samsung argued that Qualcomm is a co-owner of the asserted patents even if HW refined the invention after Raleigh and/or Raissinia left. The Federal Circuit has held an employer to be the owner under such circumstances. *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1553 (Fed. Cir. 1992) ("Cadotte may well have refined the invention when he went to FilmTec . . . The record is clear, however, that his work in February 1978 was on the same invention that he conceived in November 1977. Were we to find that inclusion of narrow performance limitations in the claims could serve to expel the claimed invention from operation of the Contract under which the invention was made, we would be defeating the intentions of the parties to the Contract . . . ."). The Qualcomm contracts entered by Raleigh and Raissinia are the same; they extend to ███████ ███████. Dkt. 236-13 ¶ 1.1; Dkt. 236-14 ¶ 1.1. This makes Qualcomm at least a co-owner. The R&R does not address this point.

### C. The Court Should At Least Conduct a Further Evidentiary Hearing

There are significant evidentiary and legal flaws in the R&R. Samsung respectfully requests *do novo* review, including a further evidentiary hearing.

8

Dated: August 16, 2024            Respectfully submitted,

By:    */s/ John W. Thornburgh*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

9

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

10

Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 16, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

>*/s/ John W. Thornburgh*
>John W. Thornburgh

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

>*/s/ John W. Thornburgh*
>John W. Thornburgh