# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO
REPORT AND RECOMMENDATION [Dkt. 387] REGARDING ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT [Dkt. 242] OF (1) NO INVALIDITY
BASED ON THE T-MOBILE G1 SYSTEM AND (2) NO ANTICIPATION BASED
ON ANDROID 1.6 PLUS JUICE DEFENDER [Dkt. 408]**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") file this Response to Plaintiff's Objections to the Report and Recommendation regarding Plaintiff's Motion for Partial Summary Judgment of (1) No Invalidity Based on the T-Mobile G1 System and (2) No Anticipation Based on Android 1.6 Plus Juice Defender.

## I. ARGUMENT

### A. Headwater's Arguments Regarding the Purported Strength of Dr. Schonfeld's Corroborating Evidence Fail to Rebut That a Genuine Dispute of Fact Exists

Headwater argues that the Court erred in its conclusion that the corroboration of the deposition testimony of Google's 30(b)(6) witness, Mr. Sharkey, is a question of fact and therefore precludes summary judgment. As an initial matter, Headwater's argument fails because as both this Court and the Federal Circuit have made abundantly clear, "[w]hether or not corroboration exists is a question of fact." Dkt. 387 at 2 (citing *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171 (Fed. Cir. 2006)); *see also Fleming v. Escort Inc.*, 774 F.3d 1371, 1377 (Fed. Cir. 2014) (citing *Medichem*) ("We have treated the sufficiency of corroboration as a question of fact."); *NFC Tech., LLC v. Matal*, 871 F.3d 1367, 1371 (Fed. Cir. 2017) (quoting *Fleming*); *Nobel Biocare Services AG v. Instradent USA, Inc.*, 903 F.3d 1365, 1378 (Fed Cir. 2018) (citing *Fleming*).

Even setting aside Headwater's faulty legal footing, Headwater's objections also fail to establish that Samsung lacks sufficient corroborating evidence. For example, in its Report and Recommendation ("R&R"), the Court noted that, "[c]itation to source code, while generally preferable, is not the only means of showing the operation of a particular software," and correctly found that, "[w]hile these pieces of [corroborating] evidence do not directly address the function of these applications at the code level, when viewed in the light most favorable to Samsung they do corroborate the Google witness and support Dr. Schonfeld's understanding." Dkt. 387 at 5-6. Among the pieces of corroborating evidence being referred to in the R&R are the 2024 deposition testimony of Mr. Sharkey, a 2009 presentation by Mr. Sharkey (both slides and a video), a user manual, and Android OS source code. *Id.* Each is addressed in turn below.

1

**2024 Deposition Testimony.** With respect to Mr. Sharkey's 2024 deposition testimony, Headwater agrees with the R&R's finding that "[t]he Federal Circuit mandates corroboration of such evidence when used under §102(a) or (b)." *Id.* at 5; Dkt. 408 at 2. However, Headwater disagrees with its finding that Samsung's corroborating evidence, which includes "a presentation," a "user manual," and Android OS source code, ***is sufficient***. *See* Dkt. 408 at 3 ("the R&R should have concluded they are insufficient to corroborate Samsung's invalidity theory"). But therein lies the problem for Headwater—whether Samsung's corroborating evidence is "sufficient" is a fact question that must be left to the jury to consider. *Fleming*, 774 F.3d at 1377. And because facts must be interpreted in a light most favorable to Samsung as the nonmoving party on summary judgment, the R&R correctly found that "when viewed in the light most favorable to Samsung," the evidence "corroborate[s] the Google witness and support[s] Dr. Schonfeld's understanding." Dkt. 387 at 5. This alone is sufficient basis to affirm the R&R's denial of Headwater's motion.

**2009 Presentation and User Manual.** Next, Headwater mischaracterizes the 2009 presentation and user manual as "say[ing] nothing about how Gmail, Calendar, or Contacts were 'specifically programmed'" solely because they do not address functionality at the code level. Dkt. 408 at 3. In so doing, Headwater again identifies no law mandating reliance on "source code" where, as here, Dr. Schonfeld performed a limitation-by-limitation mapping of the asserted claims to the prior art T-Mobile G1. As various courts have held, when performing a limitation-by-limitation analysis, "citation of source code is not necessary when equivalent information is available from other sources." *Network Prot. Scis., LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 5402089, at *4 (N.D. Cal. Sept. 26, 2013) (denying motion for summary judgment); *see also Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 (Fed. Cir. 2016) ("source code is not necessary in every case"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 848 (Fed. Cir. 2010) (noting fact that invalidity expert did not rely on source code was something the jury could consider), *aff'd*, 564 U.S. 91 (2011). Regardless, as Samsung made clear in its briefing on this issue, both Mr. Sharkey's 2009 presentation and the G1 User Manual indisputably discuss the programming of Google's first-party apps. *See, e.g.* Dkt. 288 at 11 (quoting 2009 presentation

2

stating that Google's own applications looked at the "background data" "check box" to "figure out what the user wants to do as far as data happening in the background of the device"); *id.* at 11-12 (explaining that the T-Mobile G1 User Manual evidences the Google applications' adherence to the phones "Data Synchronization" settings (including the Background Data policy setting)).

Headwater also incorrectly contends that Mr. Sharkey's deposition testimony is contradicted—rather than corroborated—by the 2009 presentation and user manual. *See* Dkt. 408 at 3-4. First, Headwater asserts that the R&R found a fact dispute as to corroboration for a statement from Mr. Sharkey's 2024 deposition about "defer[ring]" activity that ***was not even mentioned in the R&R***. *Compare id.*, *with* Dkt. 387. In any event, Headwater argues that this 2024 statement lacks corroboration because neither Mr. Sharkey's 2009 presentation nor the G1 user manual use the word "defer." *Id.* This is once again nothing more than a dispute about the strength of Samsung's corroborating evidence—i.e., a factual inquiry that the Court properly left for the jury to decide. *See Fleming*, 774 F.3d at 1377.

Even setting that aside, Headwater misleadingly frames the evidence in an attempt to manufacture a contradiction. The full 2024 statement that Headwater references reads: "In the case of Calendar and Gmail, I believe it would defer the request until the user went and manually requested a refresh in launching – in launching the application." Dkt. 288 at 10-11 (citing Dkt. 238-6 (Sharkey Tr. at 238:8-239:3)). This statement is corroborated by the 2009 presentation's explanation that, "if the user un-checks that box, the Google services will actually turn off, and they will only synchronize if the user goes into the app and forces it." *Id.* at 11 (citing Dkt. 239-1 at ¶ 400 (quoting 2009 Presentation at 20:03-20:43)). Headwater's argument that "defer[ring] the request until the user went and manually requested a refresh in launching . . . the application" contradicts the presentation's statement that "the Google services will actually turn off, and they will only synchronize if the user goes into the app" is misleading at best and should be rejected.

Second, Headwater argues that the T-Mobile G1 user manual does not corroborate testimony about the Background Data Setting API flag. Dkt. 408 at 4. However, Headwater's argument entirely ignores Samsung's briefing on this issue, which the R&R correctly relied on in

3

denying Headwater's motion for summary judgment.  Specifically, Samsung's opposition brief to Headwater's Motion noted that the G1 User Manual explains how Google applications, such as Gmail, Calendar, and Contacts adhere to the T-Mobile G1's Data Synchronization settings.  Dkt. 326 at 4 (citing Dkt. 288 at 11).  For the G1 running Android 1.6, those settings include the Background Data policy setting.  Dkt. 326 at 4 (citing Dkt. 288 at 9 (showing T-Mobile G1 image from Dkt. 288-3 at SAMSUNG_PRIORART0005208)).

Therefore, even though the existence of corroborating evidence is a factual question, Headwater fails to credibly establish a lack thereof.

### B. Headwater Mischaracterizes Both Samsung's Invalidity Theory Regarding Auto-Sync Policy Setting and the Court's Analysis Regarding Same

Headwater contends that the Court erred in finding that the auto-sync policy to "allow data traffic in the background state" meets '976 claim 1[f].  As Headwater acknowledges, the Court found that "Samsung has made a sufficient showing that the classification of 1[e] is used to apply a policy in 1[f]," and that "[w]hile that policy is to allow data traffic in the background state rather than disallow it in some contradiction to the power and bandwidth saving teaching of the patent, it is sufficient to overcome Headwater's specific complaint." Dkt. 387 at 6.  However, Headwater proceeds to mischaracterize both the Court's conclusion and Samsung's briefing on this issue.  As the Court properly understood, *see* Dkt. 387 at 6, Samsung showed that the Android applications' adherence to the Auto-Sync policy (or Background Data policy setting), as cited in support of element 1[f], is predicated on the device's processor first classifying whether an end-user application is in the foreground or the background (i.e. the classification from 1[e]).  *See, e.g.*, Dkt. 288 at 12-14; Dkt. 326 at 5 (citing Dkt. 239-4 at 336:20-337:2, 344:4-17, 347:5-348:12).  Then, as explained by Dr. Schonfeld, "if a user unchecked the 'Auto-sync' box, they would be disallowing applications, such as Gmail, Calendar, and Contacts, that are capable of running in a background state or as a foreground application from automatically syncing data while operating in the background." *See*, *e.g.*, Dkt. 288 at 25-26 (citing Dkt. 239-1 at ¶ 393).  To know whether an application or process is in the "background" with respect to the data synchronization functions

4

discussed for 1[f], the application could have queried ActivityManager using its API for limitation 1[e]. *Id.* (citing 239-4).

### C. Headwater Fails to Demonstrate Any Error In Finding a Genuine Dispute of Material Fact as to Public Use of Android OS + JuiceDefender

Headwater's objection regarding the Court's R&R finding a genuine dispute of material fact as to the public use of Android OS + JuiceDefender relies solely on the purported lack of "direct evidence" that a T-Mobile G1 device operated JuiceDefender beta version 0.5 in the U.S. before May 2010. Samsung established in its Opposition and Surreply that there is at least circumstantial evidence supporting the fact that individuals in the United States would have been aware of devices, e.g., the T-Mobile G1, with the JuiceDefender application installed. *See* Dkt. 326 at 8 (citing Dkt. 288 at 19). Moreover, Headwater and its validity expert do not dispute, in its Objections or elsewhere, that it would have been obvious to have the JuiceDefender application installed on a T-Mobile G1 running android 1.6. *Id.* (citing Dkt. 326 Ex. 7 (de la Iglesia Rpt.) at ¶ 195). Accordingly, the R&R—which must interpret such facts in a light most favorable to Samsung as the nonmoving party at summary judgment—correctly determined that Samsung demonstrated that a jury could reasonably conclude as much. Dkt. 387 at 6-7. Headwater's Objections do not question the date, availability, or ability of a G1 user to download JuiceDefender prior to May 2010, and fail to demonstrate any error in the Court's finding that, at the very least, the availability of Android OS + JuiceDefender is a dispute of material fact.

## II. CONCLUSION

For at least the foregoing reasons, Samsung respectfully requests that the Court affirm the R&R's denial of Plaintiff's Motion for Partial Summary Judgment of (1) No Invalidity Based on the T-Mobile G1 System and (2) No Anticipation Based on Android 1.6 Plus Juice Defender.

Dated: August 26, 2024   Respectfully submitted,

By: */s/ Jared Hartzman*
    Ruffin B. Cordell
    TX Bar No. 04820550

5

Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II

Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com

Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 26, 2024.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Jared Hartzman*
Jared Hartzman