**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Headwater's Motion to Strike Certain Rebuttal Expert Opinions of Sarah Butler (Dkt. No. 257). For the reasons provided below, the Motion is **DENIED**.

## I.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified

1

various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.  ANALYSIS

### A.  "PREFERENCE SHARE" OPINION

Headwater argues that the method Ms. Butler employed to compare a survey Samsung performed before the present litigation to the one Headwater commissioned as part of its damages

analysis is unreliable. Headwater contends Ms. Butler's method for converting the data into a comparable, apples to apples, format is unreliable as shown by Ms. Butler's own inability to explain it at her deposition. First, Headwater contends Ms. Butler's data includes an additional "competitor" beyond the Samsung, Motorola, and Apple devices considered by Headwater's survey, which Ms. Butler could not explain at her deposition. Second, Headwater also objects to any comparison back to Samsung's pre-litigation survey. Headwater contends that Ms. Butler has no information about this survey, how it was collected, what the full scope of the results were, or any of the underlying data.[1]

Samsung responds that Ms. Butler merely opines that Headwater's litigation survey is unreliable. Ms. Butler contends it vastly overstates the importance of battery life as shown by comparison to Samsung's internal research. Samsung further contends Ms. Butler's opinions rebut Headwater's contention that the pre-litigation survey is not comparable to Headwater's survey. As such, Ms. Butler converted Headwater's survey results to the format used by Samsung but does not offer any affirmative calculations on the importance of battery life or that the internal survey is correct. Samsung contends Ms. Butler is fully qualified to opine on these issues based on her experience in surveys and market research including the methodologies used and consumer behavior in the context of these surveys.

Samsung further defends Ms. Butler's methodology for comparing the two survey results. First, Samsung argues Ms. Butler does not need the underlying data because she "is not using these data as a point estimate So [she is] not saying that this is what the number ought to be." Dkt. No.

---

[1] In reply, Headwater also contends Ms. Butler's opinions violate the parties' stipulation that "In exchange for Headwater mooting its motion to compel, Samsung agrees not to provide testimony about the underlying data or any details regarding the surveys or studies where documents evidencing those details have not been produced by Samsung." The Court finds that Headwater has not shown Ms. Butler's opinions amount to testimony about the underlying data and thus need not be excluded under this stipulation.

276 at 9. Samsung argues Ms. Butler inputted the data into Sawtooth software, the same as used by Dr. Groehn, to provide a "share of preference" output which she compared to Samsung's results. Based on this, Samsung argues there is no need to exclude the entirety of Ms. Butler's analysis because she "needed more time to explain the meaning of one row in an excel spreadsheet relating to a "Competitor 3" during her deposition."

The Court declines to strike Ms. Butler's opinions. First, the Court is satisfied that the Samsung pre-litigation survey has independent relevance beyond the unavailable, underlying survey data. It appears that Samsung prepared this survey for its own use and thus the survey results reflect Samsung state of mind as to the perceived importance of battery life. As such, the results themselves have relevance and a comparison to them, rather than the underlying data, is also relevant. Further, the Court is satisfied that Ms. Butler has sufficient expertise to perform the comparison. While Ms. Butler testified that she could not explain every piece of data in her calculations, the Court is satisfied that the overall methodology is sufficiently reliable. It will be for vigorous cross-examination to test Ms. Butler's performance and understanding of the methodology she used.

### B.  SURVEY RESPONDENT SPECULATION

Next, Headwater argues that Ms. Butler offers speculative opinions concerning the minds of survey respondents. Headwater contends that opinions that "respondents would have assumed that an improvement in battery life also meant a bigger or better battery capacity" is inappropriate and based no evidence. Headwater similarly complains of Ms. Butler's opinions that "respondents may have assumed that an improvement in battery life meant the battery would last a longer time over the life of the smartphone," that "the value attributable to a small increase in battery life may decline if the time it requires to charge the device is short," and that the survey respondents could have "assumed that they would experience the battery savings when [actively] using the

smartphone as well as when the smart phone was not in use … [and] likely would have decreased the value attributed to the feature."

Samsung responds that it is entirely appropriate for a survey expert to opine that a survey term is vague and Ms. Butler's opinions are not correctly categorized as speculation about the respondent's state of mind. Rather, Samsung contends Ms. Butler's opinions are based on years of experience in consumer perception and market research and are supported by evidence of consumer behavior and preferences regarding smartphone battery life. Samsung contends Ms. Butler corroborates her opinion that respondents likely misperceive battery life with public documents relating to the smartphone market.

The Court is satisfied that Ms. Butler's opinions are within her expertise and sufficiently supported by the evidence. It is undisputed that Ms. Butler is an expert in this kinds of survey and consumer data. While Headwater contends Ms. Butler is not an expert in smartphones, Ms. Butler's expertise in how to formulate surveys and survey questions is what she uses here. Ms. Butler appropriately supplements her expertise with technical evidence about smartphones specifically in a way that seems entirely expected for a survey expert. Further, the Court does not find that Ms. Butler opines on the state of mind of respondents. Rather, Ms. Butler's opinions are better understood to be on the survey itself and its imprecise nature instead of an opinion on what any respondent concluded.

## III.    CONCLUSION

For the reasons provided above, the Court **DENIES** the Motion.

**SIGNED this 7th day of November, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE