IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Headwater's Motion to exclude or Strike Certain Rebuttal Expert Opinions of Philip W. Kline (Dkt. No. 253). For the reasons provided below, the Motion is **DENIED**.

**I.     APPLICABLE LAW**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may

consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS
### A. MR. KLINE'S EXPERTISE

First, Headwater complains that Mr. Kline opines on the design of Dr. Groehn's pilot and conjoint surveys without having ever designed such surveys himself. Rather, Headwater contends he has only advised those that actually have designed such surveys, and then has used resulting survey data. Headwater contends without any actual expertise on the design of such surveys, Mr. Kline should not be permitted to

testify as an expert on their design.

The Court does not find Headwater's attack under FRE 702(a) is sufficient grounds to exclude Mr. Kline's opinions. Mr. Kline has sufficient "scientific, technical, or other specialized knowledge [to] help the trier of fact to understand the evidence or to determine a fact in issue." While Mr. Kline's personal experience in performing design work is limited to advising this does not show his expertise will not help the trier of fact. Rather, Headwater's attack goes to the weight of his opinion, and the jury will be well positioned after vigorous cross-examination to weigh that testimony.

### B.  DUPLICATIVE OPINIONS

Headwater also contends that Mr. Kline's opinions on the design of Dr. Groehn's survey are largely duplicative and cumulative of Ms. Butler whom Headwater concedes is an expert on the subject. Headwater contends both experts criticize Dr. Groehn's target population, decoy attributes, "battery life" definition, survey presentation, and model names used in the survey. Headwater contends that with both experts opining on the same matter, the probative value of Mr. Kline's opinions is low.

Samsung responds that Ms. Butler and Mr. Kline each respond to aspects of Dr. Groehn's conjoint report based on their areas of expertise. Samsung explains Mr. Kline needs to detail how the flawed survey relates to the regression analysis he opines on.

The Court is satisfied that Mr. Kline's and Ms Buttler's opinions are not so duplicative as to warrant exclusion of either. The Court is satisfied that while the two experts comment on related facts, their opinions are focused on separate issues.

### C.  "INTENT" OF DR. GROEHN

Last, Headwater argues that Mr. Kline's opinions on Dr. Groehn's errata statement should be stricken. Headwater contends Mr. Kline should not be permitted to challenge Dr. Groehn's explanation of the origin and nature of Dr. Groehn's error. Headwater contends that Mr. Kline's opinion that Dr. Groehn's error was in the correction and "Dr. Groehn truly intended to test the prices that appeared in [the original]

3

report and code," is not based in any facts or data. Headwater attacks one source of proof Mr. Kline cites as being inconsistent with price point data found on a Samsung website. Last, Headwater argues that Mr. Kline should be not be permitted to opine on Dr. Groehn's intent as such is inherently speculative.

Samsung responds that Mr. Kline will not offer opinions in paragraphs 20-23 of his supplemental report regarding Dr. Groehn's intentions. However, Samsung defends Mr. Kline's critique of Dr. Groehn's price point data. Samsung contends Headwater merely disagrees with Mr. Kline's opinion about what is an economically appropriate choice of prices and such a disagreement is best left for cross-examination.[1]

The Court finds that Headwater's complaint as to Mr. Kline opining on Dr. Groehn's "intent" is moot given Samsung's representation that such opinions are withdrawn. As to Mr. Kline's price point criticism, the Court finds that while Headwater has support for the specific price point, this does not render Mr. Kline's opinions unreliable. Mr. Kline merely relies on different evidence than Headwater and weighs it differently. This is grounds for cross-examination and a credibility determination by the jury.

### III.   CONCLUSION

For the reasons provided above, the motion is **DENIED**.

**SIGNED this 7th day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Samsung further disputes Dr. Groehn's and Headwater's source of proof for the price point, at least to the extent it was included in Dr. Groehn's report.