# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

## SAMSUNG'S RENEWED MOTION TO STAY PENDING *EX PARTE* REEXAMINATION

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1
II.  FACTUAL BACKGROUND..........................................................................................2
III. ARGUMENT...................................................................................................................3
     A.   A Stay Will Not Unduly Prejudice Headwater......................................................... 4
     B.   A Stay Will Conserve Significant Judicial and Party Resources Despite the
          Advanced Stage of the Case ..................................................................................... 6
     C.   A Stay Will Significantly Simplify or Eliminate Issues in this Litigation ............. 7
IV.  CONCLUSION..............................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                            **Page(s)**

*AGIS Software Dev. LLC v. Google LLC*,
    No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ........................5, 6, 7, 8

*Bloom Engineering Co., Inc. v. N. Am. Mfg. Co.*,
    129 F.3d 1247 (Fed. Cir. 1997)..................................................................................................9

*Comm. Techs., Inc. v. Samsung Elecs. Co., Ltd*,
    Case No. 2:21-CV-00444-JRG, Dkt. 134 (E.D. Tex. Feb. 2, 2023)..........................................8

*Customedia Techs., LLC, v. DISH Network Corp.*,
    No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ...................................3, 4

*CVI/Beta Ventures, Inc. v. Tura LP*,
    112 F.3d 1146 (Fed. Cir. 1997)..................................................................................................8

*CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*,
    No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976
    (E.D. Tex. Feb. 14, 2019) ..........................................................................................................5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd*.,
    No. 2:15-CV-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)................................7

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
    No. 2:16-CV-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017).....................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
    No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..............................4, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    Case No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ......................................6

*Orinda Intell. Properties USA Holding Group, Inc. v. Sony Elecs. Corp.*,
    No. C-09-04920 EDL, 2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) ...................................10

*Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 2:22-CV-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024)..................................5

*SEVEN Networks, LLC v. Apple Inc.*,
    Civ. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020).......................................7

*Stingray Music USA, Inc. v. Music Choice*,
    No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ............................6

*Stragent LLC v. BMW of N. Am., LLC*,
    No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ............................................4

*Veraseal LLC v. CostCo Wholesale Corp.*,
    No. 217CV00713RWSRSP, 2018 WL 4524122 (E.D. Tex. May 18, 2018)............................9

*Veraseal LLC v. Wal-Mart Sores, Inc. et al.*,
    No. 2:17-cv-00527 (E.D. Tex. May 10, 2018).............................................................8

*Village Green Techs., LLC v. Samsung Elecs. Co., Ltd.*,
    No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ..................................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014).................................................................................4

## EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| 1 | Email between Counsel |
| 2 | Order Granting Request for *Ex Parte* Reexamination from App. No. 90/019,610 |
| 3 | Excerpts from the Deposition of Gregory Raleigh, taken Nov. 15, 2023 |
| 4 | Joint Stipulation and Motion to Stay Pending Institution Decisions on Inter Partes Review of The Patents-In-Suit, from *Case No. 4:23-cv-04496-JST* |

## I.     INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") respectfully move the Court to stay this case until resolution of *ex parte* reexamination ("EPR") proceedings by the United States Patent and Trademark Office ("PTO") against the sole remaining patent in this case. ***The PTO has already begun EPR proceedings on all asserted claims of the sole Asserted Patent based on each of Samsung's prior art grounds.***[1]  ***A stay of this case will cause no prejudice to Headwater, save resources, and simplify the case***.

*First*, Headwater will suffer no undue prejudice or tactical disadvantage from a stay. Headwater is a licensing entity with zero products—not a competitor to Samsung. Headwater also waited years to bring this case. Because Headwater faces no prospect of irreparable harm, any alleged liability can be fully remedied through monetary relief. Headwater also cannot credibly claim prejudice from a stay as it has agreed to a stay in another case involving related patents.

*Second*, while the case is not in the early stages, significant work lies ahead with jury selection, trial, and post-trial briefing. Because the parties do not currently have a set trial date, a stay would (1) allow this period to be efficiently used by the PTO to reexamine the asserted claims; and (2) shield the parties from the serious risk of wasted resources given the likelihood that some (if not all) asserted claims are invalidated, modified, or cancelled during the EPR.

*Third*, a stay will save resources by eliminating many issues in this litigation. Headwater alleges infringement of broad product classes across numerous Samsung product lines, encompassing multiple iterations of Android OS and a variety of accused features. To date,

---

[1] A party seeking EPR must demonstrate to the PTO a substantial new question of patentability exists (https://www.uspto.gov/web/offices/pac/mpep/s2209.html). Once an EPR is granted, the patent undergoes a reexamination process that is very similar to regular examination procedures for patent applications (*Id.*).

1

Headwater refuses to identify with specificity which features it intends to accuse at trial. Ex. 1. The EPR that Samsung filed will likely result in invalidity findings for, or modifications of, all asserted claims in the case. The EPR could potentially dispose of this entire case. And even if the EPR does not invalidate all asserted claims, the EPR will likely narrow the scope of the asserted claims. This is because, unlike with IPRs, an EPR allows a patent owner to narrow, cancel, or submit new claims, making it unlikely that the reexamined claims will stay as they were when this case was originally filed.

## II.     FACTUAL BACKGROUND

Headwater filed its Second Amended Complaint against Samsung on March 13, 2023 alleging Samsung's "mobile electronic devices, including mobile phones and tablets" infringe nine different asserted patents. Dkt. 42.[2] Today, only one patent remains, U.S. Patent No. 9,143,976 ("'976 patent" or the "Asserted Patent").

On August 5, 2024, Samsung filed an EPR request with the PTO requesting it reopen prosecution of the '976 patent in light of seven substantial new questions of patentability. Ex. 2 at 2.

---

[2] Headwater filed its Complaint on October 26, 2022 (Dkt. 1), alleging infringement of three patents, and then filed its First Amended Complaint on November 30, 2022 (Dkt. 9), alleging infringement of two additional patents. Headwater then moved for leave to file a Second Amended Complaint to add infringement claims for four more patents. *See* Dkt. 43.

2

| SNQ Ground | Claims | Basis | References |
|---|---|---|---|
| #1 | 1, 8-10, 13, 14, 16, 19, 20, 25, 27, and 28 | 35 USC 103(a) | Shell and Cole |
| #2 | 2-4 | 35 USC 103(a) | Shell, Cole and Freund |
| #3 | 5-7, 11, 17, 18, 23, 24, 26, and 29 | 35 USC 103(a) | Shell, Cole and Montemurro |
| #4 | 12, 13, 15, 19, 21, and 22 | 35 USC 103(a) | Shell, Cole and Araujo |
| #5 | 1-4, 8-10, 13, 14, 16, 18-20, 25, 27, and 28 | 35 USC 103(a) | Rao, Oestvall and Shell |
| #6 | 5-7, 11, 17, 18, 23, 24, 26, and 29 | 35 USC 103(a) | Rao, Oestvall, Shell, and Montemurro |
| #7 | 12, 15, 21 and 22 | 35 USC 103(a) | Rao, Oestvall, Shell and Araujo |

*Id.* at 31 (noting that none of the advanced grounds were based on the prior art or arguments presented to the PTAB in Samsung's prior IPR petition). On October 23, 2024, the PTO granted Samsung's request, finding that each of Samsung's grounds raised substantial new questions of patentability ("SNQ"). *Id.* at 28, 33. The EPR covers all claims (and thus all asserted claims) of the '976 patent. *Id.* at 33.

In ordering EPR of the '976 patent, the PTO observed that the teachings in Samsung's prior art grounds "are significant because they include the limitations in independent claim 1 found lacking in the prior art in both the original prosecution of the '976 Patent and in the Decision Denying Institution of the IPR proceeding." *Id.* at 16. The PTO further noted that "there is a substantial likelihood that a reasonable Examiner would consider these teachings important in deciding the patentability of the '976 Patent." *Id.*

### III. ARGUMENT

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706

3

(1997)). In doing so, the court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts in this District typically consider the following factors when deciding whether to stay a case pending PTO proceedings: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* In this case, each factor favors granting a stay.

### A.     A Stay Will Not Unduly Prejudice Headwater

"[W]hether the patentee will be ***unduly prejudiced*** by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis original). The temporary deferral of litigation alone does ***not*** create undue prejudice, because a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.*; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) (same); *NFC Tech.*, 2015 WL 1069111, at *2 (same).

As described in Samsung's initial motion to stay (Dkt. 67), Headwater is a pure licensing entity with zero product partners and zero commercial products. Headwater is not a competitor to Samsung, and its commercialization partner, ItsOn, shut down seven years ago. Dkt. 67 at 3-4. To date, Headwater has identified no licensees to the lone Asserted Patent. Thus, Headwater can only point to a potential delay in enforcement of patent rights—a "factor [] present in every case in which a patentee resists a stay" and "[in]sufficient, standing alone, to defeat a stay motion."

4

*Village Green Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *2 (E.D. Tex. Jan. 25, 2023); *see also Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023, at *4 (E.D. Tex. Mar. 8, 2024) ("RevelHMI has not identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages. Such, on its own, is not enough to show undue prejudice."). Moreover, any alleged prejudice to Headwater is outweighed by the benefit of the PTO's parallel review. *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) ("Since all the asserted claims of all Asserted Patents, pending before this Court, are now subject to granted EPRs the prejudice to [the plaintiff] is outweighed by the benefit of such parallel review.").

Further, Headwater cannot credibly claim prejudice stemming from delayed resolution of its claims as it waited six years to bring this suit. *See CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) ("Further undermining [plaintiff's] suggestion as to the urgency of obtaining judicial relief is the fact that [it] delayed for more than three years after the issuance of the [asserted] patents before bringing suit against Samsung."). Headwater accuses of infringement certain functionality in Samsung products that existed for at least six years before Headwater filed this suit. *See, e.g.*, Dkt. 67-1 ("Data Saver mode" added in "Android 7.0") and Dkt. 67-2 ("Android 7.0 Nougat" released on "August 22, 2016"). Despite the '976 Patent issuing in 2015, Headwater waited until 2023 to file the present suit. Dkt. 42, ¶¶ 41-49. Indeed, Dr. Raleigh, founder and CEO of Headwater, testified that ████████████████████████████████████. Ex. 3 (Raleigh 11/15/23 Dep. Tr.) at 198:1-9. These intervening years—between 2016 and 2023—reveal a self-imposed delay that should not now be disregarded to resist the appropriateness of a stay.

5

Finally, Headwater cannot credibly claim that a stay would cause undue prejudice because it recently agreed to stay another litigation involving related patents.  *See* Ex. 4.

Thus, this factor weighs in favor of a stay.

### B. A Stay Will Conserve Significant Judicial and Party Resources Despite the Advanced Stage of the Case

While the case is not in the early stages, substantial work remains for the parties and the Court, which favors granting Samsung's request for a stay.  *See, e.g.*, *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, Case No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." (internal citations omitted)).  For example, jury selection, trial, and post-trial briefing remain ahead, which will be particularly burdensome for the Parties and the Court given the likelihood that reexamination proceedings will invalidate or otherwise modify the sole Asserted Patent.  In addition, there is no set trial date.  Thus, a stay would efficiently use this period to allow the PTO to simplify the case, while simultaneously reducing the burden of trial preparation and trial on the Parties and the Court.

Courts in this district have stayed cases in a similar procedural posture.  For example, in *Stingray Music*, the Court acknowledged that the case was "past its early stages," but noted that a stay would still "obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court."  *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167, *2 (E.D. Tex. Dec. 12, 2017); *see also AGIS*, 2021 WL 465424, at *3 (granting stay pending EPR proceedings with "jury selection pending" due to the "increased probability that the asserted claims will change in scope, or be dropped, or be canceled altogether" and "significant resources yet to be expended by the parties").

Other courts in this district have also stayed cases pending PTO proceedings weeks before scheduled jury selections. *See, e.g.*, *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-CV-505-JRG, 2017 WL 7051628, *1-2 (E.D. Tex. Oct. 25, 2017) (granting stay pending IPRs after the pre-trial conference and two weeks before jury selection, *see* 2:16-cv-505-JRG, Dkt. 269); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd*., No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *4 (E.D. Tex. Mar. 23, 2016) (granting stay pending IPRs less than three weeks before jury selection, *see* 2:15-CV-00011-RSP, Dkt. 60); *SEVEN Networks, LLC v. Apple Inc.*, Civ. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) (granting a stay as to instituted claims for nine asserted patents pending resolution of *inter partes* review proceedings, where "the pretrial conference [was] less than a month away and jury selection is less than six weeks away").

A stay would not only avoid the risk of redundancy, but the EPR will likely dispose of the entire case. *See* Ex. 2 at 16. Further still, a stay would shield the parties from the "serious risk of wasted resources" that exists given that any asserted claim surviving the EPR proceeding will likely be substantially modified. *AGIS*, 2021 WL 465424, at *3.

Thus, this factor weighs in favor of a stay.

### C. A Stay Will Significantly Simplify or Eliminate Issues in this Litigation

The EPR will likely eliminate most if not all issues in this litigation as the PTO has indicated it is likely to invalidate all asserted claims. *See* Ex. 2 at 16. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the [PTO] proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (internal quotations omitted). In the context of an EPR, a stay is appropriate when there is a "significant likelihood that the outcome of the reexamination proceeding will streamline the scope of this case

7

to an appreciable extent[,] if not dispose of it entirely." *Veraseal LLC v. Wal-Mart Sores, Inc. et al.*, No. 2:17-cv-00527 (E.D. Tex. May 10, 2018).  Here, this factor strongly favors a stay.

As this Court has previously explained:

> ***[W]here . . . the PTO has granted EPR's as to all claims of all asserted patents, this Court has [] routinely stayed cases*** because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial. In the context where all claims have been instituted upon, the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings.

*AGIS*, 2021 WL 465424, at *2 (emphasis added).  Such is the case here, as ***all asserted claims are subject to EPR***.

If the Court stays this case and the asserted claims are invalidated, modified, or cancelled in the EPR proceeding, the Court and the Parties will save significant costs, time, and resources that they would otherwise expend on litigation.  Because the EPR covers ***all asserted claims***, the likelihood of simplification of issues is material—particularly given the serious risk of wasted resources between the Parties and the Court.  *See id.* at *3 (explaining that a "serious risk of wasted resources" exists because "[w]hen claims are rejected in an *ex parte* reexamination proceeding, the patent owner can narrow, cancel, or submit new claims[,]" making "[i]t is unlikely that [the reexamined claims] will stay as they were when suit was originally filed"); *Comm. Techs., Inc. v. Samsung Elecs. Co., Ltd*, Case No. 2:21-CV-00444-JRG, Dkt. 134 at *9 (E.D. Tex. Feb. 2, 2023) ("The Court finds, given that *inter partes* review has been instituted on all claims of the '444 Patent and on multiple grounds, the likelihood of simplification of issues is material.").  For example, even if the asserted claims are not invalidated or amended, their scope may be narrowed or clarified, which would naturally simplify these proceedings. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) (holding "statements made during prosecution or reexamination" as "binding in litigation"). And if the claims are so-amended, allegedly infringing

8

acts prior to the issuance of the reexamination are irrelevant. *Bloom Engineering Co., Inc. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249–50 (Fed. Cir. 1997).

Further, any concerns regarding a lack of estoppel associated with reexamination proceedings are moot. While Samsung stands ready to show the unpatentability of the remaining asserted claims before this Court, to moot any concerns regarding a lack of estoppel associated with reexamination proceedings, Samsung hereby represents that it will not pursue any invalidity theories at trial based on the prior art presented to the PTO in Samsung's EPR petition.[3] *Veraseal LLC v. CostCo Wholesale Corp.*, No. 217CV00713RWSRSP, 2018 WL 4524122, at *2 (E.D. Tex. May 18, 2018) (finding the simplification factor weighed in favor of a stay where all asserted claims were subject to EPR and estoppel concerns mooted given that "CSI and the defendants . . . agreed that 'they will not rely at trial on the prior art references that the Patent Office deemed to raise a substantial new question of patentability,' thus bringing the consequences of unsuccessful reexamination closer in line with those following an unsuccessful inter partes review").

Finally, that no office actions have issued to-date is immaterial under the present circumstances. Here, the PTO's description of Samsung's presented prior art as "significant" strongly indicates a forthcoming office action finding all asserted claims unpatentable. Ex. 2 at 16. This is particularly true given the PTO's opinion that the prior art specifically includes limitations in independent claim 1 "found lacking in the prior art in both the original prosecution of the ''976 patent and in the Decision Denying Institution of the IPR proceeding." *Id.* Nonetheless, "[w]hile . . . no initial office action has issued, it is also true that the PTO's analysis and [the patentee]'s representations in that forum would be useful in guiding the Court's decision

---

[3] For any avoidance of doubt, Samsung reserves the right to assert at trial prior art that is not eligible for PTO consideration in an EPR, e.g., the system art invalidity theories disclosed in Samsung's invalidity contentions and expert reports.

9

and could greatly simplify the case. *Orinda Intell. Properties USA Holding Group, Inc. v. Sony Elecs. Corp.*, No. C-09-04920 EDL, 2010 WL 3184375, at *4 (N.D. Cal. Aug. 11, 2010).

Thus, this factor weighs in favor of a stay.

## IV.   CONCLUSION

For the reasons set forth herein, Samsung respectfully requests that the Court stay the case pending resolution of EPR proceedings against the sole remaining asserted patent.

Dated: November 1, 2024                    Respectfully submitted,

By: */s/ Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart

GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670

11

Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600


**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on November 1, 2024.

>  /s/ Thad C. Kodish
>  Thad C. Kodish

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

>  /s/ Thad C. Kodish
>  Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO SEAL

The undersigned hereby certifies that pursuant to the protective order in the above-captioned case, this document contains confidential information.  Accordingly, this document is to be filed under seal.

>  /s/ Thad C. Kodish
>  Thad C. Kodish