# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *EX PARTE* REEXAMINATION (DKT. 424)**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.   LEGAL STANDARDS ................................................................................................... 1

III.  ALL FACTORS WEIGH AGAINST A STAY PENDING REEXAM .............................. 2

    A.   The "Prejudice and Tactical Disadvantage" Factor Weighs Against a Stay ............... 3

    B.   The "Stage of the Case" Factor Weighs Heavily Against a Stay ................................ 5

    C.   The "Simplification of the Issues" Factor Weighs Heavily Against a Stay ................ 7

IV.  CONCLUSION ................................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
  No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ..................................... 6

*Ambato Media, LLC v. Clarion Co.*,
  No. 2:09-CV-242-JRG, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012) ....................................... 3

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
  No. 2:21-CV-00033-JRG, Dkt. 64 (E.D. Tex. Feb. 22, 2023) ..................................................... 1

*Garrity Power Services LLC v. Samsung Elecs. Co.*,
  No. 2:20-CV-00269-JRG, Dkt. No. 227 (E.D. Tex. Dec. 10, 2021) .................................. 1, 3, 7

*Gesture Tech. Partners, LLC v. Huawei Device Co.*,
  No. 2:21-CV-00040-JRG, 2022 WL 22883301 (E.D. Tex. Jan. 19, 2022) ........................ 5, 7, 8

*Intell. Ventures I LLC v. T Mobile USA, Inc.*,
  No. 2:17-CV-00577-JRG, 2018 WL 11363370 (E.D. Tex. Dec. 13, 2018) .............................. 3

*Kaifi LLC v. T-Mobile US, Inc.*,
  No. 2:20-CV-00281-JRG, Dkt. No. 274 (E.D. Tex. Sept. 24, 2021) .......................................... 7

*KIPB LLC v. Samsung Elecs. Co.*,
  No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) .................. 2, 8, 9

*Longhorn HD LLC v. Netscout Sys., Inc.*,
  No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Nov. 5, 2020) .......................... 3, 6, 8, 9

*Luminati Networks Ltd. v. NetNut Ltd.*,
  No. 2:20-CV-00188-JRG-RSP, 2021 WL 3128654 (E.D. Tex. July 23, 2021) ...................... 2, 8

*Maxell Ltd. v. Apple Inc.*,
  No. 5:19-CV-00036-RWS, Dkt. 662 (E.D. Tex. Mar. 15, 2021) .......................................... 1, 7

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
  No. 2:19-CV-00225, Dkt. 205 (E.D. Tex. Nov. 23, 2020) ............................................... 2, 6, 8

*SEVEN Networks, LLC v. Apple Inc.*,
  No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) ................................................ 6

*Solas OLED Ltd.* v. *Samsung Display Co.*,
  No. 2:21-CV-00104-JRG, Dkt. No. 75 (E.D. Tex. Feb. 22, 2022) ............................. 1, 3, 4, 6, 7

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................. 1, 2

*Stingray Music USA, Inc. v. Music Choice*,
  No. 2:16-CV-586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Jun. 16, 2020) ............................ 6

**Statutes**

35 U.S.C. § 304 .................................................................................................................... 4

37 C.F.R. § 1.181 ................................................................................................................. 4

\*  All emphasis in quoted material has been added unless otherwise noted.

I.  **INTRODUCTION**

All factors weigh against the requested stay pending *ex parte* reexamination ("EPR"). Clear precedent from this Court—including numerous cases in which Samsung itself requested the same relief it seeks here—demonstrates that Samsung's Motion should be denied for multiple reasons.

As just one example, no Office Action has issued in the EPR. This Court's routine practice is to deny motions to stay as premature where an EPR has been initiated but where no Office Action has issued. *See, e.g.*, *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00033-JRG, Dkt. 64 (E.D. Tex. Feb. 22, 2023); *Solas OLED Ltd.* v. *Samsung Display Co.*, No. 2:21-CV-00104-JRG, Dkt. No. 75 (E.D. Tex. Feb. 22, 2022); *Garrity Power Services LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, Dkt. No. 227 (E.D. Tex. Dec. 10, 2021). The Court should deny Samsung's Motion for this reason alone. In addition, the extremely late stage of this case and the EPR's reliance upon nearly the exact same prior art used by Samsung in its failed IPR provide additional reasons, among others, that the Motion should be denied. Samsung has identified no case with remotely similar facts as those here in which a stay pending EPR was granted. There is none, and for good reason.

With trial now only three weeks away, Samsung's Motion—its latest in a series of tactics to delay Headwater's day in court—should be denied.

II. **LEGAL STANDARDS**

This Court has repeatedly rejected a "*per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, Dkt. 662 at 6 (E.D. Tex. Mar. 15, 2021) (motions to stay are considered on a case-by-case basis, and "there exists no policy in this Court to routinely grant such motions"); *Luminati Networks Ltd. v. NetNut Ltd.*, No. 2:20-CV-00188-JRG-RSP, 2021 WL 3128654, at *2

(E.D. Tex. July 23, 2021). Indeed, such a rule "would not promote the efficient and timely resolution of patent cases but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain*, 356 F. Supp. 2d at 662-63.

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

In considering a motion such as Samsung's here, the Court considers the practical realities and unique facts and circumstances of the case but will not stay the case "based solely on speculation of what might possibly happen during reexamination," because such a stay "would be inefficient and inappropriate." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225, Dkt. 205 at 4 (E.D. Tex. Nov. 23, 2020); *see also Soverain*, 356 F. Supp. 2d at 662. Especially before an Office Action has issued in an EPR proceeding, "the *potential* to simplify the issues in question and the trial … is [] more speculative than factual." *Ramot*, No. 2:19-CV-00225, Dkt. 205 at 4 (emphasis in original).

### III.   ALL FACTORS WEIGH AGAINST A STAY PENDING REEXAM

While Samsung asserts that each factor favors or strongly favors a stay, this Court has held the opposite under similar facts—including in multiple cases where Samsung has requested the same relief it seeks here. As detailed below, each factor weighs against a stay pending EPR.

Notably, many of the cases cited by Samsung involved motions to stay pending **IPR**, which is a very different post-grant proceeding from an **EPR**. Among other differences, EPRs have no estoppel effect and have no statutory end date, frequently taking several years to conclude. *See, e.g., KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019) ("lack of any estoppel effect for *ex parte* reexamination proceedings"

2

weighs against stay); *Longhorn HD LLC v. Netscout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *2 (E.D. Tex. Nov. 5, 2020) ("Notably, unlike an IPR, there is no timeline for the duration of an EPR."); *Ambato Media, LLC v. Clarion Co.*, No. 2:09-CV-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012) (finding plaintiff would be "unduly prejudiced" by the requested stay because a "fully contested *ex parte* reexamination proceeding could [] take several years to reach resolution"). Also, the fact that an EPR has been initiated here is effectively meaningless, as the grant rate for EPR requests in recent years is on the order of 98%. *See, e.g.*, Ex. A (PTO reexamination statistics through June 30, 2024).[1]

### A.   The "Prejudice and Tactical Disadvantage" Factor Weighs Against a Stay

Samsung first argues that because "Headwater is not a competitor to Samsung," a stay would not unduly prejudice Headwater. Dkt. 424 at 4. This Court has frequently rejected such arguments. *See, e.g.*, *Solas*, No. 2:21-CV-00104, Dkt. No. 75 at 4-5 ("Nor does Samsung's argument that a stay will not prejudice Solas because it does not compete with Samsung pass muster."). As this Court has recognized, "[w]hile a delay in recovering money damages may not rise to the same level of prejudice as delaying entry of warranted injunctive relief, such is far from non-prejudicial." *Garrity Power*, No. 2:20-CV-00269-JRG, Dkt. No. 227 at 4 n.1 (E.D. Tex. Dec. 10, 2021); *Longhorn*, 2022 WL 71652, at 2 n.3 ("delaying a patentee's lawsuit where the patentee is not a direct competitor is 'far from non-prejudicial'" (quoting *Garrity Power*)); *see also Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights

---

[1] Relatedly, Samsung confusingly characterizes its Motion as a "Renewed Motion." To be clear, this Court previously denied a motion to stay filed by Samsung, but that was a motion to stay pending IPR, not EPR. *See* Dkt. 67; Dkt. 272. Notably, the Court denied Samsung's previous motion, in part, because the PTAB denied institution on the merits as to Headwater's '976 Patent, which is the asserted patent challenged in Samsung's EPR.

is entitled to some weight, even if that factor is not dispositive.").

Samsung's requested stay would further delay Headwater's day in court, potentially for several years. This case was originally scheduled to begin trial on August 5, 2024. On July 16, 2024, trial was reset for August 16, 2024, and Samsung moved to continue this August 16 trial date. *See* Dkt. 372 and 385. Trial is now set to begin on December 6, 2024, only three weeks from now. Unlike an IPR, an EPR has no statutory end date, enabling it to stretch on for years. USPTO data show that the average pendency of an EPR is 25.2 months, but this notably includes reexaminations requested by patent owners, as opposed to third parties like Samsung.[2] *See* Ex. B at 2. But even if Samsung's EPR only lasted 25.2 months, it would not conclude until September 2026—more than two years after this case was originally set for trial.

Samsung also ignores its own delay in requesting EPR. The complaint was filed in October 2022 (Dkt. 1), and yet Samsung waited ***nearly two years***—until August 2024—to even file its EPR request. Dkt. 424-2 at 2. This Court has properly found undue prejudice where an EPR request was filed much earlier. *See, e.g.*, *Solas*, No. 2:21-CV-00104, Dkt. No. 75 at 5 ("The average EPR timeline—coupled with Samsung's decision to wait for five months after Solas brought this action to file its EPRs—would cause undue prejudice to Solas in the event of a stay. Accordingly, this factor weighs against a stay."). And while Samsung filed its IPR petition eight months after the

---

[2] An EPR initiated by the patent owner may conclude more quickly than one initiated by a third party for a variety of reasons. As one example, when the USPTO grants a third party's EPR request, the patent owner may submit a Patent Owner Statement addressing the decision granting reexamination, and the third-party requester may then respond to that statement. *See, e.g.*, 35 U.S.C. § 304. As another example, a patent owner may petition the USPTO Director to argue that the EPR request should not have been granted. *See, e.g.*, 37 C.F.R. § 1.181. A patent owner who itself requested the EPR is obviously far less likely to avail itself of such opportunities to argue that the EPR request should not have been granted. As a result, the USPTO's stated average EPR pendency of 25.2 months is, if anything, lower than the average pendency for EPRs initiated by third parties, like Samsung's EPR at issue here.

4

complaint, the PTO denied institution on the merits in March 2024. *See* Dkt. 269-3. Inexplicably, Samsung waited another five months after that to file its EPR request, even though six of the seven references raised in the EPR were the exact same references Samsung presented in its failed IPR petition. *See infra* Section III.C (describing overlap). And while Samsung criticizes Headwater for not bringing this case sooner, this Court has found such arguments unpersuasive in other cases. *See, e.g.*, *Gesture Tech. Partners, LLC v. Huawei Device Co.*, No. 2:21-CV-00040-JRG, 2022 WL 22883301, at *3 (E.D. Tex. Jan. 19, 2022) (finding no factors favored a stay despite Samsung's argument that plaintiff "allegedly waited seven years to file the present action").

Finally, Samsung argues "Headwater cannot credibly claim that a stay would cause undue prejudice because it recently agreed to stay another litigation involving related patents." Dkt. 424 at 6. Samsung notably fails to mention that all Headwater agreed to in that case was to "stay the case ***pending institution decisions*** of [Motorola's] ***IPR*** petitions," particularly in light of the Northern District of California's practice of "grant[ing] stays pending IPR before institution." Dkt. 424-4 at 1. That is obviously completely different from the circumstances here, where Samsung (a different defendant) is asking a different court with different practices to enter a multi-year stay pending conclusion of an EPR (not a few-month stay pending an IPR institution decision). And of course, Samsung is seeking its multi-year stay pending EPR only a few weeks before trial, whereas the brief stay pending IPR institution decisions in the Motorola case was entered three months before the *Markman* hearing and before claim construction briefing even began. Samsung's suggestion that these circumstances are comparable to those here is absurd.

### B. The "Stage of the Case" Factor Weighs Heavily Against a Stay

Samsung's Motion comes at an extremely late stage in this case. Trial was originally scheduled for August 5, 2024 and is now scheduled for December 6, 2024, only three weeks away. The Court already held a day-long Pretrial Conference on July 2, 2024 (*see* Dkt. 348) and has

5

already ruled on all of the parties' dispositive motions, all *Daubert* motions, and nearly all motions *in limine*, with a follow-up Pretrial Conference scheduled for November 18, 2024. Dkt. 430. The Court has also already resolved Samsung's standing defense, including by holding a full evidentiary hearing on July 25, 2024, complete with several hours of live witness testimony. *See* Dkt. 382. The stage of this case could hardly be more advanced, with tremendous time and resources having already been invested by the Court.

Tellingly, Samsung identifies no case in which this Court has granted a stay pending EPR at this late stage, or even close to it. Samsung almost exclusively points to non-analogous **IPR** cases, including multiple that were substantially less advanced than this case. *See, e.g.*, *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-CV-586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Jun. 16, 2020) (stayed pending IPR before briefing on dispositive motions and *Daubert* motions); *SEVEN Networks, LLC v. Apple Inc.*, No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) (severed claims stayed pending IPR three weeks before pretrial conference). The only EPR case Samsung cites is *AGIS*, but the *AGIS* case was less advanced than this one. Pretrial briefing had only been *submitted* (but not ruled upon, like here) and the pretrial conference was *approaching* (but not already completed—over four months ago—like here). *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021). Moreover, this Court has repeatedly clarified that *AGIS* was "decided during the early stages of an unprecedented global pandemic when the Court had suspended all jury trials and other in-person proceedings," resulting in "near certainty of a postponed trial." *Solas*, No. 2:21-CV-00104, Dkt. No. 75 at 5-6; *see also Longhorn*, 2022 WL 71652, at *3 ("[n]otwithstanding its prior decisions, including *Ramot* and *AGIS*, the Court has not adopted a bright-line rule that a stay will be granted because a single examiner at the PTO has initially rejected the claims at issue in an EPR").

6

Consistent with other decisions of this Court on motions to stay pending EPR, the extremely advanced stage of the case here clearly weighs against a stay. *See, e.g.*, *Garrity Power*, No. 2:20-CV-00269-JRG, Dkt. No. 227 at 5 ("Trial is less than four weeks away, including the holidays. The parties, and the Court, have expended significant resources on this case in preparation for trial. The Court declines to disrupt those efforts given the infancy of the EPR proceeding.").

### C. The "Simplification of the Issues" Factor Weighs Heavily Against a Stay

Samsung concludes by arguing that "[t]he EPR will likely eliminate most if not all issues in this litigation." Dkt. 424 at 7. Samsung's argument disregards this Court's precedent and instead relies upon unfounded speculation, especially given the tremendous overlap between Samsung's EPR request and its failed IPR petition.

Critically, the PTO has not even issued any Office Action, which weighs heavily against a stay. *See, e.g.*, *Garrity Power*, No. 2:20-CV-00269, Dkt. No. 227 at 4 (finding simplification-of-the-issues factor "weighs heavily in favor of denying the motion" because "a motion to stay is premature when an EPR proceeding has merely begun and no Office Action has even been issued by the PTO"); *Gesture Tech.*, 2022 WL 22883301, at *3 ("It is particularly true that, prior to an Office Action issuing which rejects some or all of the asserted claims, any potential simplification of the issues is far too speculative to favor granting a stay."); *Solas*, No. 2:21-CV-00104, Dkt. No. 75 at 5 (finding simplification-of-the-issues factor weighs against a stay in part because "[a]s of the filing of the Motion to Stay, the PTO had yet to issue any Office Actions"); *Kaifi LLC v. T-Mobile US, Inc.*, No. 2:20-CV-00281-JRG, Dkt. No. 274 at 5 (E.D. Tex. Sept. 24, 2021) (finding simplification-of-the-issues factor weighs against a stay; "As this Court has stated in the past, a motion to stay is premature when an EPR proceeding has merely begun and no Office Action has even been issued by the PTO."); *Maxell*, No. 5:19-CV-00036-RWS, Dkt. 662 at 7-8 (finding any

7

alleged simplification of the issues to be speculative and denying stay where the "PTO has yet to issue *any* preliminary Office Actions, let alone reject any of the asserted claims at issue" (emphasis in original)); *Ramot*, No. 2:19-CV-00225, Dkt. 205 at 4 (before an Office Action has issued in an EPR proceeding, "the *potential* to simplify the issues in question and the trial … is [] more speculative than factual" (emphasis in original)).

Moreover, even if the PTO ultimately issues an Office Action rejecting some or all of the asserted claims, this is far from a guarantee of simplification. As this Court has explained, it is "not uncommon for claims to be initially rejected in the re-examination process." *KIPB*, 2019 WL 6173365, at *2 (finding simplification speculative and denying stay where the PTO had issued a final Office Action rejecting all asserted claims in the case and appeal was pending); *see also Luminati Networks Ltd. v. NetNut Ltd.*, No. 2:20-cv-00188-JRG-RSP, 2021 WL 3128654, at *1, 4 (E.D. Tex. July 23, 2021) (finding "low probability" of issue simplification despite non-final Office Actions rejecting all asserted claims); *Gesture Tech.*, 2022 WL 22883301, at *3 n.1 ("The Court further notes that a stay is not guaranteed even in the event that an Office Action does issue, particularly in a case as advanced as this."). As this Court has explained:

> [Movant's] arguments with regard to the likelihood of outcomes in the EPR process are further undermined by PTO statistics. Such statistics show that 92.2% of EPR applications are granted. (Dkt. No. 68-2 at 2). However, after an EPR application is granted, the fate of the claims is far from predetermined. Specifically, 20.9% of granted EPRs ultimately result in all claims being confirmed and 13.1% result in all claims being canceled. (*Id.* at 3). Although 66% of all granted EPRs result in some changes to the claims, there is no way to know how or if such changes are significant or minor. (*Id.*). The average pendency of an EPR is 25.7 months. (*Id.*). **These statistics cast serious doubt on the conclusion that an EPR—even where the claims have initially been rejected—will result in a simplification of the issues**.

*Longhorn*, 2022 WL 71652, at *3 n.6; *see also KIPB*, 2019 WL 6173365, at *2 (noting it is "more than twice as likely that all claims will be confirmed").

Here, it is especially speculative for Samsung to argue that its EPR will simplify the issues.

8

This is because Samsung's EPR is based on seven references (Shell, Cole, Montemurro, Araujo, Rao, Oestvall, and Freund), while its IPR—which was denied institution on the merits—relied upon six of these very same references (all but Shell).[3] Dkt. 269-3 (denying institution). Samsung offers no precedent with facts like those here that finds this factor favors a stay. Rather, this Court has recognized such facts weigh against a stay. *See, e.g.*, *Longhorn*, 2022 WL 71652, at *3 ("Absent a substantive showing, the Court is not persuaded that an attempt to re-urge old prior art that the PTO has already considered with a new examiner will simplify the issues in the case.").

As noted above, EPR proceedings also have no estoppel effect, which only further weighs against a stay. *See, e.g.*, *Longhorn*, 2022 WL 71652, at *3 n.5; *KIPB*, 2019 WL 6173365, at *2. While Samsung dismisses this estoppel point as "moot," the fact remains that Samsung's EPR could only even possibly lead to one-way issue simplification if all claims are canceled (which again is highly speculative). Samsung's remaining invalidity theories here are based on system prior art (Android OS 1.6) not at issue in the EPR. Thus, if Headwater prevails in the EPR on any asserted claims, that EPR will provide no guidance on Samsung's invalidity theories here, which Samsung will be able to present regardless of what happens in the EPR. This remains true no matter what "estoppel" Samsung suggests it would adhere to; Samsung's "estoppel" point is illusory here because Samsung has no remaining theories in this case that would be subject to such estoppel.

## IV. CONCLUSION

For the foregoing reasons and consistent with this Court's precedent, Samsung's Motion should be denied.

---

[3] *Compare* Dkt. 424-2 at 3-4, *with* Dkt. 238-1 (IPR Petition) at ii, 1-2 (listing all six references as exhibits and using Montemurro, Araujo, Rao, and Oestvall in proposed grounds); Dkt. 238-3 (IPR Expert Decl.) at 51, 69-70, 72-76, 108, 110-111, 126 (Samsung's expert applying Cole and Freund in his invalidity analysis—and applying the other four references throughout his declaration).

| | |
|---|---|
| Dated: November 15, 2024 | Respectfully submitted,<br><br>*/s/ Marc Fenster*<br>Marc Fenster<br>CA State Bar No. 181067<br>mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>bwang@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>kdavis@raklaw.com<br>James S. Tsuei<br>CA State Bar No. 285530<br>jtsuei@raklaw.com<br>Adam Hoffman<br>CA State Bar No. 218740<br>ahoffman@raklaw.com<br>James A. Milkey<br>CA State Bar No. 281283<br>jmilkey@raklaw.com<br>James N. Pickens<br>CA State Bar No. 307474<br>jpickens@raklaw.com<br>Philip Wang<br>CA State Bar No. 262239<br>pwang@raklaw.com<br>Amy Hayden<br>CA State Bar No. 287026<br>ahayden@raklaw.com<br>Jason M. Wietholter |

        CA State Bar No. 337139
jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**Attorneys for Plaintiff,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being served on November 15, 2024, with a copy of this document via the Court's CM/ECF system.

*/s/ Marc Fenster*
Marc Fenster
