IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § Case No. 2:22-cv-00422-JRG-RSP <br> SAMSUNG ELECTRONICS CO. LTD § <br> and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> *Defendant*. § | |

### ORDER

Before the Court is Defendant SAMSUNG ELECTRONICS CO. LTD and SAMSUNG ELECTRONICS AMERICA, INC.'s Motion to Stay Pending *Ex Parte* Reexamination. **Dkt. No. 424**. Defendants' motion notifies the Court that the United States Patent and Trademark Office has issued orders granting the request for *ex parte* reexamination of all asserted claims of U.S. Patent No. 9,143,976, the patent asserted against Defendants in the above-captioned matter. Dkt. No. 424 at 2. Accordingly, Defendant's motion asks the Court to stay this litigation pending the resolution of Defendant's EPR of the asserted patent. *Id.* at 10.

After consideration, the Court **DENIES** the Motion to Stay.[1]

### I.     BACKGROUND

On October 26, 2022, Plaintiff Headwater Research LLC, filed a complaint against Samsung for patent infringement. Dkt. No. 1. Headwater filed its Second Amended Complaint on March 13, 2023, in which it asserted infringement of U.S. Patent No. 9,143,976. Dkt. No. 42. Samsung filed a request for EPR of the '976 Patent on August 5, 2024. Dkt. No. 424-2 at 1. The

---

[1] Accordingly, Samsung's Motion to Expedite Briefing on the instant Motion (Dkt. No. 425) is **DENIED AS MOOT**.

1

PTO issued orders granting the requests for the EPR on October 23, 2024. *Id.* at cover sheet. Samsung asks the Court to stay this litigation pending the resolution of the EPR. Dkt. No. 424 at 10.

## II.    LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citation omitted). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *AGIS Software Dev. LLC v. Google LLC*, Case No. 2:19-cv-00361-JRG, Dkt. No. 219, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." *Veraseal LLC v. Costco Wholesale Corp.*, Case No. 2:17-cv-00713-JRG-RSP, Dkt. No. 41, 2018 WL 4524122, at *1 (E.D. Tex. May 18, 2018) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Realtime Data LLC v. Actian Corp.*, Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 426, 2016 U.S. Dist. LEXIS 187446, at *6 (E.D. Tex. Nov. 29, 2016), citing *Landis*, 299 U.S. at 255. "A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court." *Id.*, at *6-7 (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006)).

### III. ANALYSIS

#### A. Prejudice

Samsung argues that Headwater will not suffer any undue prejudice if the Court grants a stay pending EPR because Headwater seeks only monetary relief and a mere delay in the litigation for pursuing those damages does not diminish them. Dkt. No. 424 at 4-5 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Samsung further argues that Headwater has already delayed many years in filing the present lawsuit (*Id.* at 5); and they had already stipulated to a stay in a separate case against Motorola in the Northern District of California. Dkt. No. 424-4.

Headwater counters by arguing that Samsung's requested stay would "further delay Headwater's day in court, potentially for several years." Dkt. No. 439 at 4. Headwater goes on to argue that Samsung was itself dilatory in filing the EPR almost two years after the institution of the instant suit (*Id.*), and that EPRs have no statutory end date with an average pendency of over 25 months (*Id.*). Finally, Headwater argues that its decision to agree to a stay in another case is not relevant here, due to the different facts and circumstances there. *See id.*

As to the first argument: Headwater has not here shown more at stake here than monetary damages. *See* Dkt. No. 1 (in which there is no prayer for a preliminary injunction). Where, as here, a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Uniloc USA, Inc.* v. *Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) (quoting SSL Servs., LLC v. Cisco Sys., Inc., No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)) (citing VirtualAgility Inc. v. Salesforce.com, 759 F.3d 1307, 1318 (Fed. Cir. 2014)).

As to the second argument: the Court finds that Headwater's prejudice is reduced due to their delay in filing the instant action. Plaintiff had sufficient resources to pursue this matter in a more timely manner. However, offsetting this is the fact that Samsung waited almost two years after receiving the complaint to file the EPR request. *See* Dkt. No. 1; *compare* Dkt. No. 424-2 at 1. Further, they did this more than five months after their previously filed IPR was denied. *See* Dkt. No. 424-2 at 1; *compare* IPR 2023-01253. As this was well after the suit had been initiated, and because of the long and open-ended nature of EPR proceedings, this creates a significant prejudice against Headwater, tipping this factor against a stay.

As to the third argument: it is inapposite. The assessment of whether to grant or deny a stay is a factually sensitive and situationally specific undertaking. Thus, Headwater's stipulation to a stay in another case, in another district, under different circumstances, is not relevant here.

On balance, this factor weighs heavily against a stay.

### B. Issue Simplification

Samsung argues that because an EPR has been granted for all asserted claims, most of them are likely to be invalidated. Dkt. No. 424 at 7-8. It further asserts that even if the EPR does not result in all claims being invalidated, amendments by the Plaintiff, along with the scope of the claims being narrowed or clarified by the PTO, would still simplify matters. *See* Dkt. No. 424 at 8. Finally, to assuage concerns regarding a lack of estoppel, Samsung represents that "it will not pursue any invalidity theories at trial based on prior art presented to the PTO in [their] EPR petition." Dkt. No. 424 at 9.

Unless every claim ends up canceled with no amendments granted, the patent issues will remain in the case. Further, since Samsung did not assert in the EPR request *all* of the prior art claimed in this matter, an invalidity defense will remain. *See* Dkt. No. 424 at 9, foot note 3.

Although some simplification of the case may be achieved by a stay, this simplification is minimal and there is a low probability that even that simplification is created: only about 13% of EPR cases result in cancellation of all challenged claims. U.S. PAT. & TRADEMARK OFF., *EX PARTE REEXAMINATION FILING DATA – SEPTEMBER 30, 2023*, p. 2 (2023). Granting a stay would create a long delay of this case for little simplification wherein a trial would still be needed to resolve other claims. Accordingly, the Court finds that this factor weighs against a stay.

### C. Stage of the Case

Samsung argues a stay is warranted because "substantial work" remains, such as jury selection, trial, and post-trial briefing. Dkt. No. 424 at 6.

Samsung's argument is unconvincing. By their own admission, the case "is not in the early stages." *Id.* In point of fact, the case is very far along with discovery completed and a trial date set for December 6, 2024 – just a month away, as of the date Samsung filed the instant Motion. Dkt. No. 291. Accordingly, this factor weighs strongly against a stay.

### IV.   CONCLUSION

The Court finds that, overall, the situation here does not merit a stay. Accordingly, for the reasons stated above, the Court **DENIES** Samsung's Motion.

**SIGNED this 21st day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE