# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OBJECTIONS TO MEMORANDUM ORDER
RE SAMSUNG'S MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY DR.
RICHARD D. WESEL (DKT. 431)**

## ABBREVIATIONS INDEX

| In Full | Abbreviation |
|---|---|
| Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s | Samsung |
| Plaintiff Headwater Research LLC and all its purported predecessors | HW or Headwater |
| Russ, August, & Kabat | RAK |
| ▮ | ▮ |
| Data Saver | DS |
| Power Saving Mode | PSM |
| Motion to Strike | MTS |

Emphasis added unless otherwise noted.

Magistrate Judge Payne's memorandum order (D.I. 431, hereinafter "Order") denied Samsung's Motion to Strike Certain Opinions Offered by Dr. Richard Wesel ("MTS") (D.I. 165). Per 28 U.S.C. § 636, Fed. R. Civ. P. 72, and L.R. CV-72, Samsung respectfully objects and seeks *de novo* review with respect to the Court's opinion declining to strike Dr. Wesel's opinions on the accused ▓▓▓▓▓▓▓▓ and Google Power Saving Mode ("PSM") features.

HW failed to comply with P.R. 3-1 with respect to both ▓ and PSM, a violation that should have prevented Dr. Wesel from introducing infringement opinions on those features. <u>For</u> ▓, the Court's Order relied on HW's factual mischaracterizations, which deliberately conflated the ▓▓▓▓▓ (not referenced in HW's contentions) with a separately accused Data Saver ("DS") feature (identified in HW's contentions)—features that were independently developed by separate companies. *E.g.*, Order at 5. For example, despite expressly finding that "***Headwater's contentions do not list*** ▓▓▓▓▓▓▓ *id.*, the Order held that because HW's infringement argument with respect to ▓ "is cabined to the Data Saver code," HW "made sufficient allegations against the ▓▓▓▓▓▓▓ to preserve its argument." *Id.* But HW is ***refusing*** to stipulate that its infringement argument with respect to ▓ will be cabined to DS code, D.I. 438, 9-11, and Magistrate Judge Payne acknowledged at the November 18, 2024 pretrial conference that "[t]he Court may have mischaracterized the arguments being offered by the parties"—arguments that the Court specifically relied on in denying Samsung's motion to strike, *see* Ex. 1 at 23:10-11. Thus, the Order's basis for finding that HW's contentions against DS put Samsung on notice of HW's allegations against ▓ is unsupported. <u>For PSM</u>, HW's infringement contentions never even mentioned that publicly-marketed feature. As such, neither disclosure satisfies P.R. 3-1's requirements, and those features should have been stricken from HW's expert's report.

### A.     ▓▓▓▓▓ and Google's DS are Indisputably Separate Features

In opposition to Samsung's MTS, HW misstated to the Court that: (1) "▓ uses the same

1

code as Data Saver," and (2) ▮ is simply [DS] for roaming networks." D.I. 178 at 2. Relying on these misstatements, the Court found: (1) "Headwater's infringement position [is] that the ▮ ▮ infringes as part of the operation of the [DS] functionality," and (2) "Headwater's infringement argument ▮ is cabined to the [DS] code." D.I. 431 at 5. Respectfully, neither of HW's statements, nor the Court's understanding of HW's theories, is correct. *See* Ex. 1 at 23:10-11.

*First*, ▮ and Google's DS do not "use[] the same code"; they are different features, developed by different companies, at different times. ▮ ▮ and DS was later developed and implemented by Google. *See* D.I. 188-4 at 121:14-122:2 ▮ 225:17-20 ("Q. Who developed Data Saver? A. It was developed by Google."), 225:21-23 (Samsung not involved in developing DS). Also, ▮ ▮ D.I. 165-10 ¶¶ 91-92. To the contrary, Data Saver is ***still implemented***. *Id.*; D.I. 438 at 11 ("***Headwater stipulates*** that ▮ ▮. Contrary to HW's misrepresentations, on which the Court relied, ▮ and DS use different code and allegations against one are not allegations against the other.

*Second*, ▮ is not "simply Data Saver for roaming networks." Outside of being developed by different companies, evidence shows ▮ and Google's DS were added to—and in the case of ▮ Samsung devices at different times.[1] Thus, depending on the model and Android OS version, a device may have only ▮, both ▮ and DS, or only DS. Unsurprisingly, the features also operated differently. For example, ▮

---

[1] ▮

2

██████████, whereas Google's DS is not enabled by default. Ex. 2 at 128:11-16, 225:24-226:2; Ex. 3 at 28:6-10. Further still, the features had separate user interfaces. *Compare* D.I. 165-10 ¶ 82 *with id.* ¶ 65. And even when simultaneously present on the device, turning on Google's DS would not trigger ██████. *See* Ex. 3 at 61:2-4.

*Third*, HW's infringement position is not "that the ██████ infringes as part of the operation of the Data Saver functionality." HW, and its expert, have consistently treated ██████ and Google's DS as separate features. For example, HW's 30(b)(6) notice to Samsung separately defined ██ and DS. Ex. 4 at 11, 13. HW also served interrogatories on Samsung asking specifically about ██. D.I. 165-15 at 15. Consistent with HW's discovery approach, Dr. Wesel's infringement report separately accused ██████ and Google's DS of infringement. *Compare* D.I. 165-10 § II.A (identifying Google's DS as accused feature) *with id.* § II.B (identifying ██████ as accused feature); *see also id.* § IV.A (offering discrete infringement opinions for each of Data Saver and ██████ for claim 1 of the '976 patent). Simply put, HW and its expert have consistently distinguished ██████ and Google's DS, and neither has argued that ██████ infringes merely "as part of the operation" of Google's DS.

*Fourth*, HW's infringement theories against ██████ could not be "cabined to the Data Saver code" because ██████ and Google's DS do not use the same code (see above). Dr. Wesel's ██ opinions also rely on sources other than code, including ██████ ██ Samsung witness depositions and technical documents (many of which HW possessed well before the close of fact discovery but indisputably failed to include in its contentions). *See* D.I. 165-10, §§ II.B, IV.A. Notably, Dr. Wesel applies certain evidence, such as ██████ to analyze ██████, but not Google's DS—further indicating they are not the same features. *Compare* D.I. 165-10 § II.B (describing ██████) *with id.* § II.A (describing Google's DS).

**B.    Headwater's Contentions Failed to Accuse ██████████████**

3

Respectfully, and likely as a result of the misstatements HW made conflating the separate ▮ and DS features, the Court's Order wrongly "f[ound] that Headwater accused the ▮ ▮ of infringing in its contentions." D.I. 431 at 5. There is no dispute that HW's "contentions do not list ▮," *id.*, and HW has not argued otherwise. D.I. 165 at 8 (cataloging HW's contentions, each having no mention of ▮); D.I. 188 at 1. And HW itself understands that accusing DS in its contentions is insufficient to disclose allegations against ▮. Indeed, in a separate HW case against Samsung before this Court, and in sharp contrast to the present case, HW *identifies by name* both ▮ and Google's DS as separate accused features in its contentions. *Headwater Research LLC v. Samsung Elecs. Co., LTD.*, C.V. No. 2:23-cv-00641-JRG-RSP, D.I. 50-9 at *1 (E.D. Tex. Nov. 1, 2024) ("[T]he accused Samsung devices include the same features (e.g., . . . 'Data Saver,' . . ., ▮, etc.)"). In the same case, HW also represented to this Court that ▮ is "confidential functionality" that its contentions "identify . . . by name, map [] to the claim language, and provide citations in support"—none of which was done in this case. *Id.*, D.I. 50 at *8.

The Court's order also relied on the fact the word "roaming" appeared in HW's contentions in the context of an entirely separate feature, Google's DS, to find sufficient disclosure of HW's theories against ▮. Again, ▮ and DS are separate features developed by separate companies; that DS may apply in certain roaming contexts does not mean the features are coextensive. Under the local rules, infringement contentions must "spell[] out" the "theory of infringement," "and the theory must *identify the part of the accused product that satisfies each claim element*." *Optis Wireless Technology, LLC et al v. Huawei Device (Shenzhen) Co., Ltd,* Case No. 2:17-cv-00123-JRG, D.I. 214 at *4 (E.D. Tex. July 11, 2018). Here, HW failed to identify ▮ for any aspect of the '976 patent. That the word "roaming" appeared in HW's contentions in relation to a feature developed by a different company does not satisfy the P.R. 3-1 notice requirements.

4

### C. Headwater's Contentions Fail to Accuse Power Saving Mode

Relying on the fact that PSM "appeared in the contentions, highlighted in a screen shot," the Court found that "[i]t should have been clear to Samsung that Headwater intended to accuse the Power Saving feature in the same way as the other features" for the '976 patent. D.I. 431 at 5. Respectfully, Samsung disagrees. First, the words "Power Saving Mode" appear *zero times* in the text of HW's ***86-page*** chart for the '976 patent. D.I. 165-03. Second, the screen shot the Court relies on was included to support HW's allegations against the Background Usage Limits feature—not PSM. *Id.* at 26. The inclusion of PSM in the picture was mere coincidence. And, as explained in Samsung's Reply, for the other previously Asserted Patents in which HW sought to accuse PSM of infringement, the contentions clearly stated as much. D.I. 188 at 2. Respectfully, Samsung should not be forced to guess at which features are accused based on an ambiguous picture in HW's charts.

### D. Samsung is Prejudiced by Headwater's Tardy Infringement Allegations

Samsung is severely prejudiced by HW's untimely infringement allegations against ▇ and PSM, at least because "[a]mendments to infringement contentions at the close of discovery are inherently prejudicial." D.I. 199 at 5. Indeed, Samsung prepared its case with the understanding that neither ▇ nor PSM were accused for the sole remaining patent. Allowing HW to belatedly accuse both ▇ and PSM is entirely "disruptive to Samsung's case" and "fundamentally alter[s] Samsung's position[s]." *Id.* When compared to HW's prior attempt at adding an undisclosed accused feature at the close of fact discovery—which the Court denied (*see id.*)—HW's attempt to add ▇ and PSM is indisputably worse because HW (1) never sought leave from the Court; and (2) waited until expert reports to first levy such theories. Conversely, HW would experience no prejudice if Dr. Wesel's opinions on ▇ or PSM are stricken. For example, HW does not rely on or have evidence of which accused products supported ▇▇▇, and its damages case does not take ▇ into account whatsoever. Thus, its removal will not impact HW's potential recovery.

5

Dated: November 21, 2024

Respectfully submitted,

By: */s/ Benjamin K Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600

ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

7

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 21, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson