**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:22-CV-00422-JRG-RSP |

**SAMSUNG'S OBJECTIONS TO MEMORANDUM ORDER
RE HEADWATER'S MOTION TO STRIKE PORTIONS OF THE EXPERT
<u>OPINIONS OF DR. DAN SCHONFELD (DKT. 436)</u>**

## ABBREVIATIONS INDEX

| In Full | Abbreviation |
|---|---|
| Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s | Samsung |
| Plaintiff Headwater Research LLC and all its purported predecessors | HW or Headwater |
| Russ, August, & Kabat | RAK |
| Mr. de la Iglesia | Mr. DLI |

Emphasis added unless otherwise noted.

## I. INTRODUCTION

Magistrate Judge Payne's memorandum order (Dkt. 436, hereinafter "Order") granted in part HW's Motion to Strike Portions of the Expert Opinions of Dr. Dan Schonfeld (Dkt. 240). Per 28 U.S.C. § 636, Fed. R. Civ. P. 72, and L.R. CV-72, Samsung respectfully objects and seeks review with respect to the Court's opinion striking Dr. Schonfeld's network-type non-infringement argument. *E.g.*, Order § II.A.

Claim 1 of the '976 patent requires "for a time period when data for Internet service activities is communicated through a WWAN . . . apply a first differential traffic control policy" ("limitation 1[f]"). Dkt. 42-6 ('976 Patent). Samsung's expert, Dr. Schonfeld, applied the plain and ordinary meaning of this limitation to his non-infringement opinions—as is allowed under this Court's precedent. However, the Court, relying on HW's mischaracterizations of Dr. Schonfeld's opinion, treated the matter as a claim construction dispute, issued an unnecessary construction, and struck Dr. Schonfeld's related non-infringement opinion. Respectfully, the Court's Order created a claim construction dispute where none existed, adopted a claim construction which is inconsistent with the limitation's plain meaning (as indicated by the record and ***understood by experts for both parties***), and improperly excluded Dr. Schonfeld's non-infringement opinion.

## II. ARGUMENT

### A. Dr. Schonfeld opined on the plain and ordinary meaning of the relevant phrase

The Court is mistaken that "the parties' dispute is . . . a claim construction dispute." Order at 3. As explained by this Court, an expert opining on the plain and ordinary meaning of the claim language does not amount to claim construction. *Intellectual Ventures II LLC v. Fedex Corp.*, No. 2:16-CV-00980-JRG, 2018 U.S. Dist. LEXIS 235925, at *9 (E.D. Tex. Apr. 26, 2018) ("The Parties have the right to tell the jury what they believe is the plain and ordinary meaning of unconstrued terms"); *Innovation Scis., LLC v. Amazon.com, Inc.*, Civil Action No. 4:18-CV-000474,

1

2020 U.S. Dist. LEXIS 150773, at *6-7 (E.D. Tex. Aug. 20, 2020) ("[A]n opinion that a [POSITA] would find the accused product does not meet a claim limitation constitutes a non-infringement opinion, does not amount to claim construction, and is properly presentable to the jury.") (internal citations and quotations omitted)).  Here, Dr. Schonfeld consistently explained that his opinions applied the plain language of limitation 1[f].  *See, e.g.*, Dkt. 239-3 at 93:3-12 ("I have not applied any other -- anything other than the plain and ordinary meaning."), 100:22-101:2 (testifying to the same), 114:10-12 (same), 105:4-14 (applying plain and ordinary meaning); Dkt. 239-2 ¶¶ 336-37.

That HW disagrees with Dr. Schonfeld's understanding of the plain language does not transform his opinion into claim construction, and regardless, HW was free to cross examine him on his understanding of the plain language.  *Innovation Scis.*, 2020 U.S. Dist. LEXIS 150773, at *6-7 ("Parties may cross-examine experts if they disagree with the experts' opinion of a phrase's plain meaning.").  Accordingly, Dr. Schonfeld's opinions should not have been excluded.

### B. The Court's construction is incorrect.

Relying on HW's misstatements (as cataloged and corrected in Samsung's Opp. (Dkt. 269) and Sur-Reply (Dkt. 300)), the Court found limitation 1[f] to not require an express determination as to network type and further found that the "differential traffic control policy" is not exclusive to a particular network type.[1]  Order at 6-7.  Even assuming a construction is necessary—it is not— the Court's construction is flawed because it (1) contradicts the plain claim language as a POSITA would understand it, and (2) is inconsistent with HW's representations to the PTAB.

#### 1. The plain language of 1[f] does not support the Court's construction.

The Court's construction contradicts the plain language of 1[f], which requires a

---

[1] Contrary to HW's arguments, neither Dr. Schonfeld nor Samsung argues '976 claim 1 requires that the claimed policy must apply "only" and "exclusively" in WWAN mode.  Dkt. 269 at 8-10.

determination of whether the device is connected to a WWAN before applying the policy:

> And so the condition is, [As read] [f]or a time period when data for internet service activities is communicated through a WWAN modem connection to the at least one WWAN. ***And so there is a condition. So there needs to be a determination whether that condition is satisfied or not***. If it's determined that that condition is satisfied, then you apply a first differential traffic control policy to internet service activity on behalf of the first end-user application.

Dkt. 239-3 at 105:4-14. If the claimed policy applied "regardless of network type," *i.e.*, in a network-agnostic manner as the Court's construction suggests, limitation 1[f] would be meaningless as it would allow the claims to purportedly be satisfied by mere coincidence. Without a WWAN determination, the language "for a time period when data for internet service activities is communicated through a WWAN modem connection to the at least one WWAN" is meaningless and would only exclude a device that never applies a policy to a WWAN:

> [T]he claim language . . . makes clear that the "differential traffic control policy" is applied . . . "***when*** data for Internet service activities is communicated through a ***WWAN modem connection*** to the at least one ***WWAN***." '976 patent, claim 1. If the claimed differential traffic control policy applied regardless of network type (*e.g.*, regardless of whether data for Internet service activities is communicated through a WWAN modem connection to the at least one WWAN), then such WWAN limitations would be rendered effectively meaningless.

Dkt. 239-2 (Schonfeld Rebuttal Rpt.) ¶ 337; *see also Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim."). Relatedly, the Court's construction, which requires no determination as to network type, is at odds with the '976 patent's goal of preserving ***cellular*** network bandwidth. Dkt. 42-6 ('976 Patent) at 3:28-43 (discussing "network capacity crunch" on "mobile networks"). As such, the Court's construction conflicts with how a POSITA would read the limitation. *See Intellectual Ventures II LLC v. FedEx Corp.*, 2017 U.S. Dist. LEXIS 196453, *85-86 (rejecting Defendant's construction where "[a] person of ordinary skill reading the patent would understand that Defendants' construction is inconsistent with the purpose of the invention.").

3

Dr. Schonfeld's understanding of the plain claim language—unlike the Court's construction—is also consistent with the testimony of two other POSITAs:  HW's claim construction expert, Dr. Chrissan, and its validity expert, Mr. DLI.  Dr. Chrissan testified that the claims "in the disputed patents" "selectively block and allow traffic," i.e., apply a policy, "***based on a WWAN versus WLAN distinction***."[2]  Dkt. 238-4 at 109:6-13.  Mr. DLI similarly testified that the application of the claimed policy is "under a circumstance," i.e. "the application [of the claimed policy] has to be during a time period when data for Internet service activities is communicated through a WWAN modem connection."  Ex. 1 at 276:21-24.  Mr. DLI further distinguished Samsung's prior art from the asserted claims based on his opinion that the prior art system's alleged policy was "agnostic to network type" and thus could not satisfy limitation 1[f].  *Id.* at 270:8-24 ("[Q.] why is being agnostic to network type an issue with Android version 1.6 that you felt the need to point out?  [A.] . . . I'll draw your attention to sort of the first element of 1F . . . This--this allowed--based on the classification, is for a time period when data for Internet service activities is communicated through a WWAN modem connection to the -- at least WWAN."), 275:22-276:2 ("***the system cannot be agnostic to network type***").  Three experts in this case (experts for both parties), all POSITAs, share the same understanding of the plain meaning of limitation 1[f], and their shared interpretation conflicts with the Court's construction.  *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004) ("A court construing a patent claim seeks to accord a claim the meaning it would have to a [POSITA].").

### 2. The Court's construction is inconsistent with HW's PTAB arguments.

The Court's construction is also inconsistent with the intrinsic record.  During IPR

---

[2] The Court mistakenly disregarded Dr. Chrissan's testimony because "it [was] unclear what claim or patent[] his testimony referred to," (Order at n.2), but his testimony was about all "disputed patents," i.e., inclusive of the '976 patent. Dkt. 238-4 (Chrissan Dep. Tr.) at 109:6-13.

4

proceedings, HW told the PTAB that claim [1.7] (which aligns with limitation 1[f] at issue) requires that the claimed device "condition[] the application policies *based on whether the device is connected to a WWAN*." Dkt. 269 at 7 (quoting HW's statement to the PTAB).

> As an initial matter, there is no evidence (and the Petition does not assert) that the Rao-Oestvall system conditions the application policies based on whether the device is connected to a WWAN. This is apparent from the Petition's discussion of claim [1.7]. That limitation describes applying a first differential traffic control policy "for a time period when data for Internet service activities is communicated through a WWAN modem connection to the at least one WWAN."
>
> The Petition's theory for claim [1.7] is that *knowing* the device is in WWAN mode does not matter. *See* Pet. at 22-23. It contends that Rao-Oestvall applies

Dkt. 238-2 (2023-01253, POPR) at 32. Relying on HW's mistaken summary of the PTAB filings, the Court found that HW's PTAB arguments were "criticizing Samsung's prior art combination's failure to demonstrate the 'indicating' limitations rather than 1[f]." Order at 5. Not so. As shown above, HW's statements expressly concerned the limitation at issue and Dr. Schonfeld's interpretation of the plain language. Dkt. 238-2 (2023-01253, POPR) at 32. The Court's construction improperly fails to hold HW to its PTAB representations. *Ramot at Tel Aviv U. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225-JRG, 2020 WL 2517581, at *16 (E.D. Tex. May 15, 2020) ("Plaintiff made clear . . . representations of claim scope to the PTAB. . . . The Court here must hold Plaintiff to this representation."); *Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-CV-211-JRG, 2021 WL 1784378, at *19 (E.D. Tex. May 4, 2021) (construing term, in part, based on arguments made in IPR proceedings to distinguish from prior art). HW should not be permitted to "argue[] one way in order to maintain their patentability and in a different way against accused infringers." *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359–61 (Fed. Cir. 2017).

*\*\*\**

Thus, the Court should not adopt the Magistrate Judge's Order or its construction.

Dated: November 21, 2024        Respectfully submitted,

      By:   */s/ Benjamin K. Thompson*
          Ruffin B. Cordell
          TX Bar No. 04820550
          Michael J. McKeon
          DC Bar No. 459780
          mckeon@fr.com
          Jared Hartzman
          DC Bar No. 1034255
          hartzman@fr.com
          **FISH & RICHARDSON P.C.**
          1000 Maine Avenue, SW, Ste 1000
          Washington, D.C. 20024
          Telephone: (202) 783-5070
          Facsimile: (202) 783-2331

          Thad C. Kodish
          GA Bar No. 427603
          tkodish@fr.com
          Benjamin K. Thompson
          GA Bar No. 633211
          bthompson@fr.com
          Nicholas A. Gallo (*pro hac vice*)
          GA Bar No. 546590
          gallo@fr.com
          Steffen C. Lake (*pro hac vice*)
          GA Bar No. 512272
          lake@fr.com
          Sara C. Fish
          sfish@fr.com
          GA Bar No. 873853
          Noah C. Graubart
          GA Bar No. 141862
          graubart@fr.com
          Katherine H. Reardon
          NY Bar No. 5196910
          reardon@fr.com
          **FISH & RICHARDSON P.C.**
          1180 Peachtree St. NE, Fl. 21
          Atlanta, GA 30309
          Telephone: (404) 892-5005
          Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**

7

102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 21, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson