IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**HEADWATER'S OPPOSITION TO SAMSUNG'S OBJECTIONS TO MEMORANDUM
ORDER RE HEADWATER'S MOTION TO STRIKE PORTIONS OF THE EXPERT
<u>OPINIONS OF DR. DAN SCHONFELD (DKT. 436)</u>**

Samsung contends that Dr. Schonfeld's claim construction opinion that policy application must be "based on network type"[1] should not be excluded because, purportedly, "Dr. Schonfeld[] applied the plain and ordinary meaning of this limitation to his non-infringement positions." Dkt. 444 at 1. This is not credible because Samsung has previously and repeatedly ***admitted*** that the plain meaning of this limitation "is met by any mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN." Dkt. 238-1 (Samsung's IPR Petition) at 23; Dkt. 238-3 at 55-57 & ¶80 (Samsung's expert providing same opinion); Dkt. 409 (Notice re Samsung's 8/7/24 Reexam Request yet again proposing the same interpretation).

I. **Judge Payne correctly identified an *O2 Micro* dispute—and Samsung's say-so cannot retroactively change that.**

Samsung also contends that the "Court's Order created a claim construction dispute where none existed," but this is *also* contradicted by Samsung's own representations to this Court in which Samsung ***explicitly*** confirms the existence of a claim construction dispute. *See* Dkt. 269 at 5 ("it is Headwater who is trying to rewrite the claim"); *id.* at 6 ("If anyone is deviating from the plain claim language, it is Headwater."); Dkt. 444 at 2 ("The Court's construction is incorrect."); *id.* (alleging "the Court's construction is flawed"). Thus, the Court is obligated to resolve that dispute and *cannot* allow Samsung to present that dispute to the jury. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."); *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) ("By determining only that the terms should be given their plain and ordinary meaning, the court

---

[1] *See* Dkt. 436 at 4 ("The parties' dispute is [in part] whether 1[f] involves a 'based on network type' determination to apply the 'first differential traffic control policy….'").

left this question of claim scope unanswered, leaving it for the jury to decide. This was legal error."). The Court correctly identified an *O2 Micro* dispute, and Samsung's say-so cannot wash that away. Under Samsung's argument, a party could *always* avoid an *O2 Micro* dispute by claiming that its expert was applying P&O meaning. That cannot be right. Further, the Court has already construed limitation 1[f]. And there's no dispute that many opinions in Dr. Schonfeld non-infringement report are now excluded for being inconsistent with the new construction. This proves that the parties had a real dispute over claim scope, and the Court has now resolved it.

**II.    The claim construction adopted by Judge Payne's Order is correct.**

For the reasons expressed in Magistrate Judge Payne's Order (Dkt. 436 at 2-7), and in Headwater's Motion (Dkt. 240 at 1-2, 8-14) and Reply (Dkt. 286 at 1-5), the plain meaning of limitation 1[f] does not require policy application to be based on network type.

Samsung's allegation that Dr. Schonfeld *correctly* applied the plain meaning of limitation 1[f] is simply not credible in light of the fact that Samsung previously explicitly disavowed an interpretation of limitation 1[f] that would require policy application to be "based on network type." Dkt. 238-1 (Samsung's IPR Petition) at 23 ("[T]he plain meaning of this limitation… is met by any mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN."). Samsung does not even *attempt* to justify its hypocritical position that it was error for the Magistrate Judge's Order to adopt the *exact same claim construction* that Samsung previously presented to the PTAB and Patent Office.

Samsung's primary evidence that Dr. Schonfeld applied the plain meaning of the limitation is simply Dr. Schonfeld's self-serving testimony that "his opinions applied the plain language of limitation 1[f]." Dkt. 444 at 2 (citing Dr. Schonfeld's testimony). But of course, an expert's allegation that his opinions are an application of the plain meaning of claim language does not make it a reality, and the Federal Circuit has made abundantly clear that where, as here, the parties

2

disagree as to claim scope, it is improper to allow parties to present that to the jury under the guise of "plain and ordinary meaning." *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) ("By determining only that the terms should be given their plain and ordinary meaning, the court left this question of claim scope unanswered, leaving it for the jury to decide. This was legal error.").

Samsung's other purported reliance on evidence is similarly unavailing. Fundamentally, the Court construed limitation 1[f] based on intrinsic evidence, focusing on the claim term, surrounding claim language, and specification. In contract, Samsung's objections rely on mischaracterizations of extrinsic evidence. This does not and cannot disturb Judge Payne's well-reasoned findings. For example, Dr. Chrissan's testimony was generalized and not in the context of limitation 1[f] of the '976 Patent, and it is clear from the questioning and testimony that he had not explicitly considered what limitation 1[f] required. For example, Samsung's question was ambiguous, as the question did not make clear that it was asking about every claim of every of the seven patents at issue. *See* Dkt. 238-4 at 109:6-13. Furthermore, Dr. Chrissan equivocated in his answer, perhaps recognizing that to the extent the question ***was*** about numerous asserted claims of seven different patents, he could not commit to a "yes" answer beyond that this was "generally" true. *See id.* at 109:13 ("***Generally***, yes.") (emphasis added). Dr. Chrissan was not even ***shown*** the language of claim 1 of the '976 Patent until ***after*** the question which Samsung alleges was about the scope of claim 1 of the '976 Patent. *Id.* at 110:4-15 (first introduction and first ***mention*** of the '976 Patent).

Regarding Mr. DLI's testimony, Mr. DLI simply stated that the system recited by the asserted claims cannot be "agnostic to network type." *See* Dkt. 444 at 4 (citing Dkt. 238-4 at 270:8-24). But the infringing system (as opposed to a specific application of network policy) being

3

"agnostic to network type" is not the same as Dr. Schonfeld's claim construction, so Mr. DLI's testimony cannot support Dr. Schonfeld's opinion in that regard. *See* Dkt. 444-1 at 271:13-18 ("if you are agnostic to network type, then you… cannot be the indicator" in limitation 1[i]). Furthermore, claim 1 requiring that the system not be "agnostic to network type" is not supportive of Dr. Schonfeld's non-infringement opinion that was struck, because Dr. Schonfeld has not (and could not have) alleged that Samsung's accused devices are agnostic to network type; of course the accused Android devices know whether or not they are connected to a WWAN network. Accordingly, Mr. DLI's deposition testimony is simply irrelevant to Samsung's claim construction and non-infringement arguments.

Furthermore, even if the deposition testimony that Samsung relied upon has the relevance that Samsung contends it does, it cannot be dispositive because ***Samsung's*** expert (who actually offered a written declaration opining on the meaning of this exact limitation of the '976 Patent) offered a directly contrary opinion. *See* Dkt. 238-3 at ¶80 ("[T]he plain meaning of this limitation… is met by ***any*** mobile device configuration in which policy application occurs on a mobile device configured to communicate over either a WWAN or WLAN.") (emphasis added). Thus, even if Samsung's mischaracterizations of Dr. Chrissan's and Mr. DLI's testimony were accepted, Samsung's assertion that "all POSITAs share the same understanding of the plain meaning of limitation 1[f]" (Dkt. 444 at 4) is incorrect, because Samsung's own expert who explicitly opined on the "plain meaning" of the term ***agrees*** with the interpretation applied by Judge Payne.

Finally, Samsung's argument that the "Court's construction is also inconsistent with the intrinsic record" (Dkt. 444 at 4) is also incorrect. Samsung's argument is based on the false allegation that "HW told the PTAB that claim [1.7] (which aligns with limitation 1[f] at issue)

4

requires that the claimed device 'condition[] the application policies based on whether the device is connected to a WWAN.'" Dkt. 444 at 5. Samsung's assertion in this regard is contradicted by the fact that even though Headwater's POPR made explicitly clear that Samsung's IPR Petition combination of prior art references did ***not*** "condition[] the application policies based on whether the device is connected to a WWAN") (Dkt. 238-2 at 32), Headwater's POPR never alleged that Samsung's Petition failed to satisfy limitation 1[f]/claim [1.7]. *See generally id.* at i–ii and 11–21 (only presenting arguments regarding limitations [1.7] and [1.8], corresponding to limitations 1[f] and 1[g]–1[i]); *id.* at 5–7 (showing claim limitation correspondence). Judge Payne already addressed this precise issue, and correctly held that "Headwater was criticizing Samsung's prior art combination's failure to demonstrate the 'indicating' limitations rather than 1[f]." Dkt. 436 at 5-6 ("[T]he statements highlighted by Samsung merely describe the combination system Samsung's petition puts forward rather than what the claims demand….").

Accordingly, Judge Payne's Order finding that the plain meaning of limitation 1[f] does not require policy application to be based on network type was well-supported and correct.

**III.   Conclusion**

In sum, Samsung's objections to Judge Payne's Order are based on multiple false premises (based on Samsung's own representations to this Court and the PTAB). Samsung's objections should be overruled, and Judge's Payne's Order should be adopted in its entirety.

| | |
|---|---|
| Dated: December 5, 2024 | Respectfully submitted,<br><br>*/s/ Marc Fenster*<br>Marc Fenster<br>CA State Bar No. 181067<br>mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>bwang@raklaw.com<br>Adam Hoffman<br>CA State Bar No. 218740<br>Email: ahoffman@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>kdavis@raklaw.com<br>James S. Tsuei<br>CA State Bar No. 285530<br>jtsuei@raklaw.com<br>Philip Wang<br>CA State Bar No. 262239<br>pwang@raklaw.com<br>Amy Hayden<br>CA State Bar No. 287026<br>ahayden@raklaw.com<br>James Milkey<br>CA State Bar No. 281283<br>Email: jmilkey@raklaw.com<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>jwietholter@raklaw.com |

James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
Headwater Research LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being served on December 5, 2024, with a copy of this document via the Court's CM/ECF system.

/s/ *Marc Fenster*
Marc Fenster