**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. and | § | Case No. 2:22-cv-00422-JRG-RSP |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

The Court held a Pretrial Conference in the above-captioned case on November 18, 2024, regarding the remaining motions *in limine* filed by Plaintiff Headwater Research LLC, (Dkt. No. 310) and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (Dkt. No. 312), as well as other items identified by the parties in the Joint Notice Regarding Remaining Pretrial Issues (Dkt. No. 438). After consideration of both parties' arguments in their briefs and at the hearing, the Court hereby **ORDERS** the following:

## I.    MOTIONS *IN LIMINE*

This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

A.    <u>Samsung's MIL No. 3</u>:

Motion to "[e]xclude evidence, reference to expert opinions by other experts that served an expert report if testimony not yet presented/in evidence at trial."

This motion *in limine* is **DENIED**.  While experts may not offer opinions beyond the scope of their reports, they can be asked to assume testimony that will be offered by another expert who will testify later (assuming they relied upon such opinions in their report).

B.    Samsung's MIL No. 4:

Motion to "[e]xclude evidence, argument, reference to copying the ItsOn Solution, including reliance on Samsung's Roaming Reduction functionality."

This motion *in limine* is **DENIED** to the extent that it goes beyond the sanction order prohibiting Plaintiff from alleging that Defendants copied the ItsOn Solution.  Thus, Plaintiff is not prohibited from referring to Defendants' "Roaming Reduction" functionality.

## II.    EXHIBIT OBJECTIONS

The following is **ORDERED** regarding the below Trial Exhibits:

A.    PTX-114:

The Motion to Exclude Plaintiff's Trial Exhibit 114 is **DENIED**  with the understanding that the first three pages of the Exhibit (Bates Nos. 5740-5742) are redacted, except for the email beginning at the bottom of the third page, dated October 28, 2015 at 6:28 a.m.  In other words, the exhibit shall consist of Bates Nos. 5742 (bottom of page) through the end of the exhibit on Bates No. 5751.

B.    PTX-112:

The Motion to Exclude Plaintiff's Trial Exhibit 112 is **DENIED**.

C.    PTX-79:

The Motion to Exclude Plaintiff's Trial Exhibit 79 is **DENIED**.

### III.    DR. RALEIGH'S DEPOSITION DESIGNATIONS

It is hereby **ORDERED** that, in accordance with Fed. R. Civ. P. 32(a)(3), Samsung may offer deposition testimony of Dr. Raleigh at trial to the extent that it is narrowed to not be unnecessarily repetitious of his live testimony at trial.

### IV.    SAMSUNG'S WITNESS LIST

It is hereby **ORDERED** that Samsung must identify which of its witnesses will/may be called live versus by deposition at least seven days before jury selection.

### V.    PRE-TRIAL IDENTIFICATIONS OF INVALIDITY THEORIES

Defendant was **ORDERED** to disclose its final invalidity theories to Headwater by November 26, 2024.  No deadline is set for narrowing of non-infringing alternatives.

### VI.    STIPULATIONS REGARDING ROAMING REDUCTION

Defendants contend that statements made by the Court in denying a motion to strike (Dkt. No. 431) constitute findings as to the technology at issue, whereas the Court was merely attempting to characterize arguments being asserted.   The following is **ORDERED** regarding the five proposed stipulations concerning Roaming Reduction:

1. The proposed stipulation "Headwater stipulates that it is not contending that Samsung's Roaming Reduction feature is part of the Google Data Saver feature" is **DENIED**.

2. The proposed stipulation "Headwater stipulates that its infringement argument with respect to Samsung's Roaming Reduction feature will be cabined to the Google Data Saver code" is **DENIED**.

3. The proposed stipulation "Headwater stipulates that Samsung's Roaming Reduction was developed by Samsung and is a different feature than Data Saver, which was developed by Google" is **DENIED**.

4. The proposed stipulation "Headwater stipulates that Samsung's Roaming Reduction feature was deprecated in 2020 in favor of Google's Data Saver feature and thus Roaming Reduction is no longer implemented" has been **AGREED** to by the parties.

5. The proposed stipulation "Headwater stipulates that it will not infer or imply that Samsung's Roaming Reduction feature was copied from any Headwater or ItsOn technology," as to ItsOn, is considered to be already in place as a part of the Sanctions Order issued on August 2, 2024. (Dkt. No. 401). The proposed stipulation is otherwise **DENIED**.

## VII.    MOTION TO COMPEL COMPLIANCE WITH SANCTIONS

### A.    <u>Mobile World Conference Meeting</u>:

The Motion to Strike the alleged discussions between Dr. Raleigh and Dr. Park (of Samsung) at the Mobile World Conference in 2016 is **GRANTED**. The Court notes that this is considered to be part of the Sanctions Order issued on August 2, 2024. (Dkt. No. 401).  See Dkt. No. 445 at pp. 70 – 72.

### B.    <u>ItsOn APK</u>:

The Motion to Strike all discussion of the ItsOn APK is **DENIED**. Defendant may object at trial if they can show that Plaintiff has referred to the ItsOn APK in a way that will cause the jury to infer copying by Samsung, which violates the Sanctions Order (Dkt. No. 401).

## VIII.   OBJECTIONS TO REPORT OF ERIK DE LA IGLESIA

With respect to the objections asserted in the Motion to Compel Compliance (Dkt. No. 419) addressing the proposed redactions in Exhibit A (Dkt. No. 419-2):

Paragraphs 1333 to 1335 are approved without redactions;

Paragraph 1336 is approved with the third and fourth sentences redacted;

Paragraph 1352 is approved as redacted by plaintiff;

Paragraph 1363 is approved as redacted by plaintiff;

Paragraph 1364 is excluded;

Paragraph 1365 is approved as redacted by plaintiff;

**SIGNED this 2nd day of January, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE