# EXHIBIT G

| 1/1/2024 | Costs | Costs | Mediation payment to mediator Judge Folsom | 3727047 | $ 15,000.00 | $ | 15,000.00 |
|---|---|---|---|---|---|---|---|

|  |  |  |  |  | Total: | $ | 15,000.00 |

**FOLSOM ADR PLLC**
6002-B Summerfield Drive
Texarkana, TX  75503

David Folsom
(903) 277-7303 [mobile]
david@folsomadr.com

January 1, 2024

*Sent via email:ahoffman@raklaw.com*
*Adam S. Hoffman*
*Russ August & Kabat-LA*
*12424 Wilshire Blvd, 12 Floor*
*Los Angeles, CA. 90025*
*310 826-7474*

*Sent via email:mckeon@fr.com*
*Michael J McKeon*
*Fish & Richardson PC-Washington DC*
*1000 Maine Ave., SW, Suite 1000*
*Washington, DC 20024*
*202 783-5070*

*rmirzaie@raklaw.com*
*Reza Mirzaie*
*Russ August & Kabat-LA*
*12424 Wilshire Blvd. 12 Floor*
*Los Angeles, CA  90025*
*310 826-7474*

*melissa@gillamsmithlaw.com*
*Melissa Richards Smith*
*Gillam & Smith, LLP*
*303 South Washington Avenue*
*Marshall, Texas 75670*
*903 934-8450*

**Attorneys for Plaintiff(s),**

**Attorneys for Defendant(s),**

Re: EDTX 2:23:00103-JRG-RSP

EDTX 2:22:00422-JRG-RSP

Dear Counsel:

I am pleased to serve as the mediator in the above-referenced matter.  I look forward to assisting each of you during the mediation process and I sincerely hope that together we can bring this dispute to a mutually-agreeable conclusion.  The purpose of this letter is to outline my role as a mediator and to advise you of my expectations as to the mediation process.  By participating in mediation, you expressly agree to the terms and conditions set forth in this letter. Any modifications to the terms of this agreement must be approved by me in writing.

Headwater and Samsung (collectively, the "Parties") understand that mediation is an agreement-reaching process in which the mediator assists the Parties in reaching agreement through a collaborative, consensual, and informed process.  It is understood that the mediator has no authority or power to decide disputed issues for the Parties.  The Parties understand that mediation is not a substitute for independent legal advice.  The Parties are encouraged to secure

January 1, 2024
Page 2

such advice throughout the mediation process. The Parties understand that a mediator's objective is to assist them in reaching an acceptable agreement. Therefore, it is further understood that a mediator has an obligation to work to resolve the dispute on behalf of all parties and that the mediator cannot render any legal advice to any party and will not arbitrate within the mediation. The Parties further agree that they have had the opportunity to consult independent legal counsel concerning any settlement that is reached as a result of mediation.

The Parties agree that the mediation will be conducted on **Wednesday, January 24, 2024, destination to be determined, beginning at 9:00 a.m. (CT).** The mediation session will proceed for up to a minimum of ten (10) hours. The Parties agree to participate in the mediation process in good faith. The Parties also understand that I may suspend or terminate the mediation if I determine that an impasse has been reached, a Party has failed to participate in the mediation process in good faith, or that I can no longer able to effectively perform a facilitative role. If required by a court or otherwise requested by the Parties, I will prepare a mediator's statement disclosing whether or not resolution was accomplished or generally describing the circumstances surrounding a premature termination of the mediation session.

My fee for conducting this mediation will be $30,000.00, payable by Plaintiff and Defendant in equal shares, unless otherwise agreed by the Parties. This fee includes my time in preparing for the mediation, pre-mediation conferences, travel time and expenses (if applicable), and conducting the mediation (minimum 10 hour session). This fee does not include post-mediation work. All time in excess of this fee and post-mediation work will be billed at the current hourly rate of $1,050.00.

**Please submit payment of $30,000.00 (in equal shares) by 5:00 p.m. (CT) on Friday, January 12, 2024,** by check made payable to Folsom ADR PLLC.
Total due for matter 22394.0146LL1: $15,000.00.
**A mediation session cancelled within fourteen (14) days of a reserved session will be subject to cancellation fees in the amount of $15,000.00.**

The Parties are expected, and agree, to appear at the mediation session with counsel of record and a client or representative with full authority to negotiate a settlement and execute an agreement resolving all of the issues in this matter.

Additionally, to assist me in better understanding the disputed issues, each Party should submit to me by email a Confidential Mediation Statement by **5:00 p.m. (CT) on Friday, January 12, 2024**. **The Confidential Mediation Statement is for my eyes only**. It should be no more than **10 pages** (double-spaced) and should include:

  i)     name(s) and title(s) of party representative(s) and counsel who will be
         present at the mediation;
  ii)    a brief summary of key facts;
  iii)   the procedural stage of litigation;

---

**FOLSOM ADR PLLC,** 6002-B Summerfield Drive, Texarkana, TX 75503                    (903) 277-7303 [mobile]

January 1, 2024
Page 3

---

    iv)      a statement of primary theories of liability or defenses;
    v)       an honest assessment of the strengths of the party's case;
    vi)     an honest assessment of the weaknesses of the party's case;
    vii)    a history of settlement negotiations between the Parties including all offers and counters.

**Note:** If exhibits/attachments are in excess of 100+ pages, it is suggested that a three-ring binder containing double-side printed copies be mailed my office.

While it is my obligation to identify potential weaknesses and strengths in the Parties' respective positions as part of the mediation process, I will remain impartial throughout the mediation process. Therefore, I will not champion the interests of any party over another during mediation or in any court proceeding. I have no present knowledge that I currently represent or have recently represented any party to this dispute. However, in an abundance of caution, I am disclosing the following:

1. I became a partner at Jackson Walker LLP on June 18, 2012 and ended my career with Jackson Walker LLP by retirement on December 31, 2022.
2. I have not performed any legal work for any of the parties, nor do I anticipate performing any work for the parties.
3. I do not believe these disclosures represent conflicts that would disqualify me from serving as the neutral mediator in the above referenced matter, however, I feel they warrant disclosure to the parties.
4. I have conducted numerous mediations for counsel for Headwater and Samsung as well as mediations for Samsung.

Should I become aware of any relationship with the parties that will affect my neutrality in this matter, I will disclose the relationship to all Parties immediately. The Parties agree to immediately disclose to me any relationship that they believe may preclude my service as a mediator in this matter. By participating in mediation, the Parties agree that they have conducted a reasonable investigation into potential conflicts of interest and have not identified any conflicts, or potential conflicts, that might affect my service as a mediator, and have waived any such alleged conflicts.

The Parties recognize that I am an attorney, but as a mediator in this case will not serve as legal counsel to any Party. Thus, the Parties understand and agree that they and I do not share an attorney-client relationship in any capacity whatsoever with any of the Parties arising out of this mediation. The Parties further consent and agree to waive all conflicts of interest, if any, arising out of my engagement as mediator. Nevertheless, nothing in this agreement should be construed to affect, diminish, or otherwise waive my obligations of confidentiality and impartiality as a mediator in this case.

---

January 1, 2024
Page 4

_____

During the mediation process, it may be necessary for the Parties to disclose confidential information. Except as required by law or otherwise directed by the Party providing the information, as with any information disclosed during the mediation process, I will keep the information strictly confidential. It may also become necessary for the Parties to disclose confidential documents or documents produced under a protective order. Upon written request following a mediation session, I will return or destroy all such documents identified as confidential. Documents prepared specifically for mediation, such as mediation statements or draft resolutions, will be kept confidentially in my files throughout the duration of a case, unless otherwise agreed.

In order to encourage communication designed to facilitate settlement of disputed claims, the Parties agree that any statements made during mediation are confidential statements made for the purposes of compromise negotiations, are subject to any federal and state rules excluding such statements, e.g. Federal Rule of Evidence 408, and are further irrelevant and inadmissible for any purposes, in any civil proceeding, related to the underlying dispute. Of course, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its disclosure during mediation proceedings. The Parties further agree that they will not attempt, or cause any subpoenas, summons, complaints, citations, writs or other process to be served upon any person at or near the site of any mediation session. These agreements are in addition to all express protection for communications in mediation provided under state or federal law.

The Parties agree that I shall not be subject to subpoena or otherwise compelled to testify in any civil proceeding as to any fact or issue related to the mediation proceedings in this case or the underlying dispute in this case. Any Party violating this agreement shall pay all fees and expenses associated with the violation, including reasonable attorneys' fees incurred as a result of opposing the violation. The Parties agree that any ambiguities in this agreement will be interpreted in favor of the mediator. These agreements are in addition to all immunities and liability limitations expressly provided to mediators under state or federal law.

Please sign and return this Mediation Agreement to my attention at 6002 Summerfield Drive, Suite B, Texarkana, Texas 75503, or via email (david@folsomadr.com) by **5:00 p.m. (CT) on Friday, January 12, 2024.** I sincerely look forward to assisting you in your negotiations. If you have any questions concerning the mediation process or the terms of this agreement, please do not hesitate to contact my office.

Very truly yours,

/s/ David Folsom

David Folsom

_____

**FOLSOM ADR PLLC,** 6002-B Summerfield Drive, Texarkana, TX 75503          (903) 277-7303 [mobile]

January 1, 2024
Page 5

HEADWATER RESEARCH LLC          SAMSUNG ELECTRONICS AMERICA

By: _____          By: _____
    Client Representative                        Client Representative

_____          _____
Adam S. Hoffman                         Michael J. McKeon
Russ August & Kabat                   Fish Richardson PC

**Information:**

| | | | |
|---|---|---|---|
| **Name:** | David Folsom | **SSN/TIN:** | 92-1495664 |
| **Email address To notify of transfer:** | david@folsomadr.com | | |
| **Address:** | 6002-B Summerfield Drive | | |
| **City, State, ZIP:** | Texarkana, Texas. 75503 | **Phone:** | (903) 277 7303 |

**Bank Information:**

| | |
|---|---|
| **Bank Name:** | Farmers Bank & Trust |
| **Name on Account:** | Folsom ADR PLLC |
| **Account #:** | 67002907 |
| **Routing #:** | 082901635 |
| **Account Type:** | ☒ Checking ☐ Savings |