IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>   Defendants. | Case No. 2:22-cv-00422-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**HEADWATER'S OBJECTION TO SAMSUNG'S BILL OF COSTS SUBMITTED
IN VIOLATION OF THE COURT'S STANDING ORDER**

Plaintiff Headwater Research LLC ("Headwater") respectfully submits this objection to the proposed bill of costs filed by Defendant Samsung Electronics Co., Ltd. ("Samsung") on April 7, 2025. *See* Dkt. 513. Samsung has improperly suggested to the Court that this is an agreed bill of costs when it is not. In fact, Samsung never even contacted Headwater about its proposed bill of costs totaling over $630,000 before filing it with the Court, in direct violation of this Court's Standing Order Regarding Bills of Costs ("Standing Order"). Besides this failure to meet and confer, Samsung also violates the Standing Order in numerous other ways by seeking costs that are plainly not taxable. Accordingly, Headwater respectfully requests that Samsung's proposed bill of costs be denied in its entirety and that any motion by Samsung for leave to submit an untimely revised bill of costs likewise be denied. Should the Court decline to do so, Headwater respectfully requests that Samsung be ordered to (i) send Headwater a revised bill of costs that complies with this Court's Standing Order and precedent, and (ii) meet and confer with Headwater regarding areas of disagreement before seeking leave to file an untimely revised bill of costs.

The Court's Standing Order states that "before any party files a Motion for Bill of Costs, they should submit their proposed bill of costs to opposing counsel for their review in light of the applicable law." Samsung did not do so. Samsung neither provided a proposed bill of costs to Headwater nor ever even contacted Headwater about this subject. Instead, Samsung flouted the Court's Standing Order and filed a bill of costs that misleadingly suggests the parties conferred and agreed on a bill of costs. To avoid the Court being left with this false impression, Headwater was forced to immediately prepare this objection. The Court should deny Samsung's bill of costs in its entirety for this reason alone, and the Court should deny any motion for leave by Samsung to file a revised bill of costs at a later date, given that the deadline for doing so under Fed. R. Civ. P. 54(d) expired on April 7, 2025 (i.e., 14 days after the Court's entry of Final Judgment on March

24, 2025 at Dkt. 511). Because the jury issued its verdict on January 17, 2025 (Dkt. 492)—nearly three months ago—there was ample time for Samsung to comply with the Standing Order by preparing a proposed bill of costs for Headwater's review and allowing time for the parties to meet and confer regarding areas of disagreement. There is no excuse for Samsung's failure to do so.

Samsung's disregard for the Court's Standing Order also goes well beyond the meet-and-confer requirement. Samsung seeks taxation of numerous costs that are expressly not taxable under the Standing Order and this Court's practice. As one example, the Standing Order states that "the Fifth Circuit has expressly held that **mediation fees** are not recoverable." Standing Order at 5. Samsung seeks mediation fees here. Dkt. 513-1 ¶ 10; Dkt. 513-8. As another example, the Standing Order states that "**[p]rivate process server fees** are not recoverable fees of the clear and marshal under § 1920." Standing Order at 2. Samsung seeks such private process server fees here. Dkt. 513-3. As yet another example, the Standing Order states that "incidental costs associated with depositions, such as the cost of **expedited delivery charges** … are generally not recoverable." Standing Order at 3. Samsung seeks expedited delivery charges and other incidental, unrecoverable costs for dozens of depositions. *E.g.*, Dkt. 513-4 at PDF pages 6, 7, 10-12, 19-21, 24, 26, 30, 32, 35, 37, 38, 41-44, 47, 49-51, 54, 57. As still another example, the Standing Order states that "[e]lectronic discovery costs are generally not allowed, including costs for document collection, **document processing**, and **document hosting**." Standing Order at 4. For just one of its vendors, Samsung seeks tens of thousands of dollars in document hosting and unspecified processing fees, in addition to tens of thousands of dollars in "attorney reviewer" fees that are also plainly not taxable. Dkt. 513-7 at PDF pages 47-59. Most of these same invoices also suggest that they include charges for multiple unspecified matters. *Id.* at PDF pages 50, 51, 53-59. This is even more concerning because Samsung also explicitly seeks costs associated with a different litigation

between the parties, Case No. 2:23-00103-JRG-RSP ("the 103 Action"). *See, e.g.*, Dkt. 513-7 at PDF pages 2, 11-12 (seeking $5,198.04 in costs associated with developing "slides for Perryman direct" and "slides for Foster direct," where Dr. Foster and Dr. Perryman are experts in the 103 Action and were not involved in the present litigation where Samsung is seeking costs).

      To be clear, this is not a complete list of Headwater's objections. The above are only a few exemplary problems with Samsung's proposed bill of costs, all of which and more Headwater could have pointed out to Samsung during the meet-and-confer process if Samsung had followed the Court's Standing Order in the three months since trial. Neither the Court nor Headwater should be burdened now by Samsung's failure to do so. Accordingly, Headwater respectfully requests that Samsung's proposed bill of costs be denied in its entirety and that any motion by Samsung for leave to submit an untimely revised bill of costs likewise be denied.

Dated: April 10, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
Headwater Research LLC

5

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being served on April 10, 2025, with a copy of this document via the Court's CM/ECF system.

/s/ *Marc Fenster*
Marc Fenster